Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Proposed Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: January 24, 2023<br>Hearing Time: 9:30 AM PST |

**APPLICATION FOR THE ENTRY OF AN ORDER
UNDER 11 U.S.C. §§ 327(a), 328, 329, AND 331 AND FED R. BANKR. P.
2014 AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF
SCHWARTZ LAW, PLLC AS ATTORNEYS FOR THE DEBTOR-IN-POSSESSION**

MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "**Debtor**"), hereby applies to this Court (the "**Application**") for the entry of an order pursuant to 11 U.S.C. §§ 327(a), 328, 329, and 331, and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure[1] authorizing the employment and retention of Schwartz Law, PLLC ("**SL**"), as Debtor's general bankruptcy counsel.  In support of this Application, Debtor relies on the Declaration of Samuel A. Schwartz, Esq. (the "**Schwartz Declaration**"), concurrently filed herewith.  In further support of this Application, Debtor respectfully represents as follows:

**JURISDICTION**

1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§

---

[1] Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall be to the referenced Chapter or Section of the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-9037. "**Local Rule**" or "**LR**" references are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada.

157 and 1334(a), 1334(b), and 1334(e)(2).

2. Venue of Debtor's captioned case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Application presents a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (b)(2)(O).

4. The statutory predicates for the relief requested herein are sections 327(a), 328, 329, and 331 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

## BACKGROUND

5. On December 15, 2022 (the "**Petition Date**"), Debtor filed a voluntary petition under Section 301 for relief under Chapter 11 of the Bankruptcy Code.

6. Debtor continues to operate as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7. To date, the Office of the United States Trustee for Region 17 (the "**UST**"), which includes the District of Nevada, has not appointed a committee of unsecured creditors in the Debtor's chapter 11 case (the "**Chapter 11 Case**"). (*See* Docket).

8. No case trustee or examiner has been appointed by the UST in the Chapter 11 Case.

## RELIEF REQUESTED

9. By this Application, Debtor seeks entry of an order, under Sections 327(a), 328, 329, and 331 of the Bankruptcy Code, and Bankruptcy Rules 2014 and 2016, authorizing SL's employment and retention as Debtor's general bankruptcy counsel to prosecute the Chapter 11 Case according to the terms and conditions of the executed letter agreement dated December 15, 2022, a copy of which is attached hereto as **Exhibit 1** (the "**Engagement Agreement**").

## BASIS FOR RELIEF

10. Debtor selected SL as its attorneys because of SL's experience and knowledge in the fields of debtors' and creditors' rights and business reorganizations under Chapter 11 of the Bankruptcy Code. Indeed, Debtor submits that SL's retention and employment here are critical to the success of the Debtor's reorganization efforts because, without counsel, the Debtor's Chapter 11 Case will surely fail. Debtor seeks to employ SL under a general retainer because of the

2

extensive legal services that will be required in connection with the Chapter 11 Case.

## SERVICES TO BE RENDERED

11. The services of attorneys under a general retainer are necessary to enable Debtor to faithfully execute its duties as a debtor-in-possession under the Bankruptcy Code. Subject to further Court order, SL will render various services to Debtor including, *inter alia*, the following:

   a. advise Debtor with respect to its powers and duties as a debtor and debtor-in-possession in the continued management and operation of its business and property;

   b. attend meetings and negotiate with representatives of creditors and other parties in interest and advise and consult on the conduct of the Chapter 11 Case, including all of the legal and administrative requirements of operating under Chapter 11;

   c. take all necessary action to protect and preserve the Debtor's bankruptcy estate (the "**Estate**"), including the prosecution of actions on behalf of the Estate and/or Debtor, the defense of any actions commenced against the Estate, negotiations concerning all Debtor-related litigation, and filing objections to claims filed against the Estate;

   d. prepare on behalf of Debtor all motions, applications, answers, orders, reports, documents, and papers necessary to the administration of the Estate;

   e. negotiate and prepare on Debtor's behalf plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents and take any necessary action on behalf of Debtor to obtain confirmation of such plan(s);

   f. advise Debtor in connection with any asset sale(s);

   g. appear before this Court, any appellate courts, the U.S. Trustee, and any other appropriate court or tribunal, and protect the interests of the Estate before such courts, tribunals, and the U.S. Trustee; and

   h. perform all other necessary legal services and provide all other necessary legal advice to Debtor in connection with this Chapter 11 Case.

12. It is necessary and essential that Debtor, as debtor-in-possession, retain and employ attorneys under a general retainer to render the foregoing (illustrative) professional services. SL has indicated a willingness to act on behalf of, and render such services to, Debtor.

## DISINTERESTEDNESS OF PROFESSIONALS

13. To the best of the Debtor's knowledge and except as otherwise set forth below and in the Schwartz Declaration, the attorneys of SL: (a) do not have any connection with Debtor, its affiliates, creditors, or any person employed by the U.S. Trustee, or any other party in interest, or their respective attorneys and accountants, except as otherwise set forth herein and in the accompanying Schwartz Declaration; (b) are "disinterested persons," as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Estate.

14. Except as otherwise set forth above and in the Schwartz Declaration, if at all:

   a. Neither SL nor any SL attorney holds or represents an interest adverse to the Debtor's Estate;

   b. Neither SL nor any SL attorney is or was a creditor, an equity holder, or an insider of Debtor;

   c. Neither SL nor any SL attorney is or was, within two (2) years before the Petition Date, a director, officer, or employee of Debtor;

   d. SL does not have an interest materially adverse to the interest of the Estate or of any class of creditors or equity holders, by reason of any direct or indirect relationship to, connection with, or interest in Debtor; and

   e. No attorney at SL is related to any United States District Judge or United States Bankruptcy Judge for the District of Nevada or to the U.S. Trustee for such district or to any known employee in the office thereof.

15. In view of the foregoing, Debtor believes that SL is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code.

## PROFESSIONAL COMPENSATION

16. Pursuant to the Engagement Agreement, SL will provide Debtor with periodic statements for services rendered and charges and disbursements incurred. During the course of the reorganization, the issuance of periodic statements shall constitute a request for an interim payment against the reasonable fee to be determined at the conclusion of the representation.

17. For professional services, SL's fees are based in part on its guideline hourly rates, which are periodically adjusted. As of January 1, 2023,[2] and as set forth in the Engagement Agreement (as amended), the hourly rates under the bundled rate structure for the engagement range from $385.00 - $895.00 for attorneys and $145.00 - $280.00[3] for paraprofessionals. The aforementioned hourly rates are subject to periodic increases in the normal course of SL's business, often due to the increased experience of a particular professional and/or paraprofessional.

18. The hourly rates set forth above are SL's standard bundled hourly rates for work of this nature. These rates are set at a level designed to compensate SL fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses, including those items billed separately to other clients under SL's standard unbundled rate structure. Consistent with the firm's policy with respect to its other clients, SL will continue to charge Debtor and/or the Estate (as otherwise appropriate) for all other services. These charges and disbursements include, among other things, costs for telephone charges, photocopying (at a reduced rate of $0.20 cents per page for black and white copies and a higher commensurate charge for color copies), travel, business meals (but not overtime meals), computerized research, messengers, couriers, postage, witness fees, process servers, and other fees related to trials, hearings, depositions, and disbursements made or charges incurred in connection with transactional matters on which SL acts in connection with the Chapter 11 Case. Certain charges are not separately charged for under the bundled rate structure as described above.

19. SL has agreed to accept as compensation such sums as may be allowed by the Court on the basis of the professional and paraprofessional time spent, the rates charged for such services, the necessity of such services to the administration of the Estate, the reasonableness of the time

---

[2] SL's services for calendar year 2022 shall be billed at the applicable billing rates for calendar year 2022, as the quoted hourly rate ranges set forth herein do not commence until January 1, 2023. The calendar year 2022 rates will be reflected on SL's applicable monthly fee statement(s) (as otherwise authorized by separate order of the Court), as well as in any interim and/or final fee application(s) brought under Sections 330 and/or 331 of the Bankruptcy Code.

[3] SL intends that the main paraprofessional who will bill time for services rendered on behalf of Debtor is Michael L. Sturm. Mr. Sturm's hourly rate for the year 2023 is $280.00 an hour, which SL submits is well within the realm of reasonable hourly rates charged in cases of this size and complexity.

5

1  within which the services were performed assessed as of the time the professional and
2  paraprofessional services were rendered, the results achieved, and the complexity, importance, and
3  nature of the problems, issues, or tasks addressed by SL in the Chapter 11 Case.

4      20.    In accordance with the terms of the Engagement Agreement (as modified for
5  calendar year 2023 and set forth herein) and subject to Court approval, Debtor seeks approval of
6  the fee structure described herein pursuant to Section 328.  Section 328 provides, in relevant part,
7  that a debtor "with the court's approval, may employ or authorize the employment of a professional
8  person under Section 327. . . on any reasonable terms and conditions of employment, including on
9  a retainer, on an hourly basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

10      21.    Section 328(a), therefore, authorizes approval of the fee structure proposed in the
11  Engagement Agreement (as modified to reflect calendar year 2023 hourly rates) in connection with
12  SL's retention and employment, subject to SL's filing of fee applications under Sections 330 and
13  331.  This fee structure is reasonable based on the customary compensation charged by comparably
14  skilled practitioners in cases outside of Chapter 11, as well as cases under Chapter 11, and has been
15  approved and implemented in other Chapter 11 cases.  Importantly, and for clarity, SL is only
16  seeking approval at this time of its hourly rates, and not any fee structure or arrangement.

17      22.    SL reserves the right to seek Court approval of further compensation for services
18  provided to Debtor and costs incurred in connection with the Chapter 11 Case, after the Petition
19  Date, under Section 503(b).  Other than as set forth above, no arrangement is proposed between
20  Debtor and SL for compensation to be paid in the Chapter 11 Case.  SL has no agreement with any
21  other entity to share any compensation received, nor will any be made, except as permitted under
22  Section 504(b)(1).

**FEE APPLICATIONS**

24      23.    SL intends to apply to the Court for awards and allowance of compensation for
25  professional and paraprofessional services rendered and reimbursement of expenses incurred in the
26  Chapter 11 Case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy
27  Rules, the Local Rules, and orders of this Court.  Separately, SL will seek Court authorization to
28  request monthly compensation for professionals, attorneys, and paraprofessionals acting on behalf

of Debtor and/or the Estate in the Chapter 11 Case at the then-current standard bundled rate(s) charged for such services in similar bankruptcy and non-bankruptcy matters under Section 331.

24. SL also agrees that it will not charge, and Debtor will not incur, late fees of 1.5% for any unpaid fee applications. Similarly, SL agrees any disputes with respect to the fees and costs requested in accordance with the terms of this Application shall be subject to the oversight of, and determination by, this Court, and SL will not seek to arbitrate any disputes arising under the Engagement Agreement.

25. No previous request for the relief sought in this Application has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, Debtor prays that this Court enter an order as set forth in the proposed order attached hereto as **Exhibit 2**: (i) authorizing Debtor to employ and retain SL as its attorneys according to the terms and conditions set forth in this Application and the Engagement Agreement (again, as modified to reflect calendar year 2023 hourly rate ranges described and otherwise set forth herein); and (ii) granting such other and further relief as is just and proper.

Dated this 22nd day of December, 2022.

By: */s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101

*Proposed Attorneys for Debtor*

# EXHIBIT 1

# SCHWARTZ LAW

Samuel A. Schwartz
Attorney at Law
702.802.2207 tel
saschwartz@nvfirm.com

December 15, 2022

**VIA ELECTRONIC MAIL** – ryandrexler@yahoo.com

MusclePharm Corporation
Attn: Mr. Ryan Drexler, CEO
6728 W. Sunset Road
Suite 130
Las Vegas, NV  89118

RE:     Engagement Agreement for Legal Services

Dear Mr. Drexler:

Thank you for selecting Schwartz Law, PLLC (the "**Firm**") to serve as our legal counsel to MusclePharm Corporation (the "**Company**"), in connection with the preparation and filing of a case under Chapter 11 of the United States Bankruptcy Code and all matters related to the prosecution and confirmation of the bankruptcy case. We appreciate the opportunity to represent you. The purpose of this engagement letter (the "**Agreement**") and the attached Standard Terms and Conditions which are incorporated into this letter by this reference (the "**Terms**") is to outline the nature and scope of the engagement and our respective responsibilities and expectations.

The Client:  The Firm will represent the Company.

Scope of Engagement:  This Agreement and the Terms apply to the engagement described above as well as future engagements with respect to which you ask the Firm to represent you, unless we execute a separate agreement for one or more separate engagements.  Services rendered to you prior to your signing this Agreement are subject to the provisions of this Agreement and the Terms.

Staffing, Fees, Costs and Billing Arrangements:  In the course of our representation, it is anticipated that I will supervise and coordinate most of the work on this matter, with the assistance of any attorneys, land use planners, paralegals, law clerks, legal assistants, and other staff working with me.  To best serve your interests, we may assign other attorneys affiliated with the Firm to represent you if, in our judgment, that becomes necessary or desirable.  We also may assign attorneys who are independent contractors to the Firm and whose hourly billing rate will be passed on to you with a factor for the firm's overhead and profit.

Our fees are based primarily on the actual amount of time spent by our attorneys and other professionals performing services for you, including attending, conducting or making, as applicable, telephone calls, conferences, court appearances, research and investigations, traveling, and preparing letters, pleadings, briefs, agreements, and other documents.  We will bill for our services at our applicable hourly billing rates in effect at the time we render the services, which are available upon request.  In the course of providing services to you, it may be necessary for us to incur certain costs.  You agree to reimburse us in accordance with the Terms for all reasonable costs that we actually incur and for the Firm's administrative fee.  For more information on billing, including third party and other costs for which you will be billed, rate changes and other factors affecting fees and other charges, please refer to the Terms.

MusclePharm Corporation
December 15, 2022
Page 2

Billing Period and Payments: We will bill you on a monthly basis or such other periodic basis as we may determine. Except as otherwise set forth herein, you agree to make payment of all outstanding fees and costs within 30 days of your receipt of a billing statement and Bankruptcy Court approval. We reserve the right to charge interest on overdue amounts at the rate of 1.5% per month if unpaid after Bankruptcy Court approval, or the maximum interest rate permitted by law, whichever is less, from the date due until paid. You agree to pay such interest on the outstanding balance in addition to the balance of fees and expenses due, or as approved, if at all, by the Bankruptcy Court. In addition, to the extent the firm is required to defend its fees, you agree the firm shall be entitled to reimbursement of the fees and costs related to the defense of its fees, and if applicable, as approved by the Bankruptcy Court.

Retainer Deposit: At this time, you agree to pay us an initial retainer in the amount of $35,000.00, which shall be earned upon receipt, and which money will be used to prepare and a Chapter 11 case on the Company's behalf. Thereafter, the firm's fees shall be paid as agreed, and/or as approved by the Bankruptcy Court.

Conflicts of Interest: We have conducted a search in our conflicts database of your name and the names of your owners, principals and affiliates and all adverse parties and their owners, principals and affiliates that you provided to us, as applicable. Based on the information provided, we have discovered no conflicts. To help us continue to assess conflicts, however, we will depend on you to keep us advised of changes in Bakken's owners, principals, affiliates and potential adverse parties that might affect our analysis of actual or potential conflict of interests.

Complete Agreement: This Agreement and the Terms contain all the terms and provisions of and related to our engagement. This Agreement and the Terms may only be amended in a writing signed by a representative of the Firm and you.

If you agree with the terms and provisions of this Agreement and the Terms, please countersign this letter where indicated below and return it to us at your earliest opportunity. If you have any questions, please feel free to contact me or a member of our team.

Sincerely,

By:    /s/ Samuel A. Schwartz
       Samuel A. Schwartz


**Acceptance of Agreement and Standard Terms and Conditions:**

I have read and understand this Agreement and the attached Standard Terms and Conditions. I am authorized to, and do hereby, engage the Firm in accordance with the terms of this Agreement and the attached Standard Terms and Conditions, effective as of the date of this Agreement.

**MUSCLEPHARM CORPORATION**

_____
       (LER

ITS: Chief Executive Officer

<u>Duties of the Parties</u>: Schwartz Law, PLLC (the "Firm") agrees to represent you in accordance with the accompanying Engagement Agreement for Legal Services (the "Agreement") and these Standard Terms and Conditions (the "Terms"). You agree to fully cooperate with us, be open and truthful, provide us with complete information pertaining to the representation, keep us informed of developments, promptly respond to our inquiries and communications, and pay our bills in a timely manner.

<u>Fees</u>: We record time in 6-minute increments unless other arrangements are made, and our billing statements will be based on time recorded in those increments. You agree to pay our fees based on time expended on your behalf, computed on an hourly basis at our then applicable rates for this engagement for the applicable attorneys and staff assigned to the matter. Generally speaking, these hourly rates currently are, with limited exceptions, as follows:

| | |
|---|---|
| Partners: | From $845 per hour |
| Associates: | From $365 per hour |
| Paralegals: | From $235 per hour |
| Legal Assistants: | From $120 per hour |

We change our rates, as well as our other standard charges, from time to time (typically on January 1 of a calendar year), to reflect competitive or market conditions, inflation, changes in attorney seniority or status, changes to our rates generally, changes in the nature or scope of the services performed and other factors. Unless otherwise agreed to in writing, you agree that any new rates or charges apply prospectively to all matters then being handled by the Firm for you. You agree to pay all fees billed at the then-current rates. Individual rate changes will be reflected in the first billing statement that includes the new rates and will be evident from the information you receive with each bill.

<u>Outside Contract Attorneys and Legal Assistants</u>: You agree that we may utilize contract attorneys and legal assistants who are supervised by our attorneys but not employed by the Firm, and who may reside inside or outside of the United States. Contract attorneys typically will be billed at the rates of the attorneys at the firm who provide a comparable, applicable level of service, if not otherwise agreed to in writing.

<u>In-House Costs and External Expenses</u>: In addition to fees incurred for legal work, your statement will include other charges and costs, some of which are summarized below, that you agree to pay.

Charges for long distance telephone calls, in-office copying, ordinary postage, and deliveries made by in-house staff are covered by an administrative fee, currently calculated at 2.5% of fees incurred, and in the event of a Chapter 11 filing, as approved by the Bankruptcy Court. This administrative fee is charged in lieu of itemizing those costs.

Other costs which you agree to pay include, but are not limited to: computer-assisted legal research; third party vendor fees (including document copying, transcript production, depositions, e-discovery file processing, and trial preparation materials); messenger and other delivery fees; the cost of licensing and installing special computer applications used to manage your case; secretarial overtime (when required by the urgency of your matter); extraordinary administrative, technical or accounting support; professional mediator, arbitrator, and/or special master fees; other vendor costs; and reasonable expenses for travel, meals and hotel accommodations.

For Litigation matters that involve e-Discovery tasks of processing and reviewing electronic data requiring the Firm to host data in excess of 5 gigabytes ("GB"), we will bill you $10 per hosted GB per month, which may be more than the Firm's direct cost to account for overhead and related expenses. These hosting charges may continue to be billed for as long as we continue to host the data in an active server environment.

We may select experts, consultants and investigators who in our judgment are necessary to aid in the preparation of your matter. We will inform you of the persons selected and their charges. You authorize us to incur all reasonable costs and to hire such experts, consultants and investigators, and you agree to pay these expenses.

At our discretion, all costs may be included on your statement or billed directly to you. We may also require that you advance to us the estimated amount for such items prior to our incurring them on your behalf. You agree to pay such costs, and we assume no obligation to advance any costs on your behalf or to pay vendors, experts, consultants or other third parties we engage on your behalf.

<u>Estimates Not Binding</u>: It is often impractical to determine in advance the amount of time and effort that will be needed to complete all the necessary work on a matter or the total amount of fees, charges, and costs that may be incurred. Additionally, if any estimates or budgets are provided, they may need to be adjusted upward or downward in response to changing circumstances. Accordingly, unless otherwise expressly agreed in writing, our estimates and budgets are not intended to be binding, are subject to unforeseen or unanticipated circumstances, and do not limit or "cap" our fees and other charges or costs.

<u>No Guarantees</u>: Comments or expressions of opinion about the potential outcome of your matter or any phase thereof are expressions of opinion only. We cannot guarantee the outcome or make any promises in that regard. Unless otherwise specifically agreed in writing, our fees are not contingent upon the outcome or completion of a matter.

<u>Billing Disputes</u>: You agree to inform us of any dispute you may have with respect to a billing statement within ten (10) days of the statement date. Even if you dispute a portion of a billing statement, you agree to pay the undisputed portion within 30 days of your receipt of the statement. You will be responsible for any costs of collection incurred by the Firm, including reasonable attorneys' and paralegals' fees and costs.

<u>Retainer Deposits</u>: You agree to pay advance fee deposits in accordance with the provisions of the Agreement and the Terms. In addition, for matters involving litigation, arbitration, or adjudication of disputes in other tribunals, we reserve the right to request from you an additional deposit before trial or hearing in an amount reflective of the anticipated fees and costs of that proceeding. You agree to timely provide such a deposit. If you do not provide this deposit, we shall have the right to withdraw from this representation, consistent with our obligations under applicable law and the rules of professional conduct, and you agree not to oppose our withdrawal.

<u>Responses to Auditors' Inquiries</u>: We are frequently asked to provide information to third-party auditing firms regarding legal

Rev'd 02/14/18

matters of our clients. We respond to those inquiries with the same level of care that we use to handle our clients' other legal work, and we will charge for these services at the hourly rates applicable to your engagement. When an auditing firm requests information on your behalf, that request will be deemed to be your consent for us to disclose the requested information to that auditing firm and to bill for those services.

Permission to List the Company as a Client: Occasionally, we may provide lists of representative clients or matters to legal or other publications and may use our clients' names or a description of their matters in marketing materials. Unless you instruct otherwise, you agree that such use is acceptable.

Communications and Special Requirements: During the course of our engagement, we may exchange emails and electronic versions of documents with you using commercially available software. Such communications are occasionally victimized by the creation and dissemination of viruses and other destructive electronic programs and hackers who compromise the privacy of electronic communications. Our virus scanning software may also occasionally reject a communication that you send to us, or we may send you a message that is rejected by your system. Although infrequent, these occurrences are to be expected as part of the ordinary course of business. Accordingly, we cannot guarantee that our communications and documents will always be virus-free or immune from invasions of expected privacy. If for these or other reasons you would prefer or require that we not use electronic communications or that we follow special instructions or encrypt emails or other communications, you should promptly advise in writing those working on your matters of such preferences or requirements.

Ownership of Records and Files: You understand and agree that your client file consists of any correspondence, legal memoranda, pleadings, agreements, or other documents that the Firm retains in its electronic document management system, which is duplicated in hard copy. It is our policy to destroy all client files (including all documents and materials therein) no less than eight years following completion of each matter. This file destruction procedure is automatic, and you will not receive further notice prior to the destruction of these files. Accordingly, we advise you to maintain your own files relating to the matters which we are handling. Alternatively, you may request, prior to our scheduled destruction date, that we deliver all or certain portions of these client files to you rather than destroying them.

Termination: You may terminate our services at any time. If you choose to do so, you agree to give us prompt notice of the termination. Upon such termination, you will remain obligated to pay for all services rendered and costs paid or incurred on your behalf before the termination or which are reasonably necessary thereafter. If we are attorneys of record in any proceeding, you agree to promptly execute and return to us appropriate documents effecting our substitution or withdrawal. We will promptly return to you any remaining balance of your retainer as well as a copy of your client file, as described above.

Except to the extent limited by applicable law or rules of professional conduct, we may also withdraw from this representation at any time. We may withdraw, by way of example, if:

- You fail to fulfill an obligation to the Firm or to honor the terms of the Agreement or these Terms, such as by failing to pay our statements or to post deposits in a timely manner;
- You make it unreasonably difficult to represent you;
- Our continued representation of you will result in an unreasonable financial burden on the Firm; or
- Facts or circumstances arise that, in our view, render our continuing representation unlawful or unethical.

If we elect to withdraw, you agree to take all steps reasonably necessary to free us of any obligation to perform further services. Notwithstanding such withdrawal, you will remain obligated to pay us for all services provided and to reimburse us for all costs paid or incurred on your behalf before the termination or which are reasonably necessary thereafter.

Our representation of you will be considered terminated at the earliest of your termination of our representation, our withdrawal from our representation of you, or the substantial completion of our work for you (as may be evidenced by a final bill, by a substantial period of inactivity, or otherwise).

Disputes: Except in the event of a Chapter 11 bankruptcy filing, all disputes arising out of or relating to the Agreement and these Terms shall be resolved in a binding arbitration administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures. The arbitration will take place in, and be administered in accordance with the laws of, the state in which the legal services provided by the Firm were primarily performed. The arbitrator shall award the substantially prevailing party its reasonable attorney fees and costs, and judgment on the award may be entered by a court of competent jurisdiction.

Interpretation and Effective Date: The Agreement and these Terms supersede all other prior and contemporaneous written and oral agreements and understanding between us, including any outside counsel guidelines or service level agreements, or the like, that you adopt, unless such outside counsel guidelines or service level agreements have been provided to us prior to the date of the Agreement or unless the Agreement and these Terms have been made expressly subject thereto. You acknowledge that no promises have been made to you by us other than those in the Agreement and these Terms. In the event that these Terms conflict with the Agreement, the Agreement will govern. If any provision of these Terms or the Agreement is found unenforceable, the remaining provisions will remain in effect. If the Agreement does not take effect for any reason, you will still be required to pay us the reasonable value of any services we performed for you and all costs actually and reasonably incurred on your behalf.

# EXHIBIT 2

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: January 24, 2023<br>Hearing Time: 9:30 AM PST |

**[*PROPOSED*] ORDER ON DEBTOR'S APPLICATION**
**UNDER 11 U.S.C. §§ 327(a), 328, 329, AND 331 AND FED. R. BANKR. P.**
**2014 AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**SCHWARTZ LAW, PLLC AS ATTORNEYS FOR THE DEBTOR-IN-POSSESSION**

Upon the application (the "**Application**")[1] of MusclePharm Corporation, debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "**Debtor**"), by and through its proposed counsel of record, Schwartz Law, PLLC ("**SL**"), for the entry of an order pursuant to 11 U.S.C. §§ 327(a), 328, 329, and 331, and Bankruptcy Rules 2014 and 2016 authorizing the employment and retention of SL as counsel for Debtor; and upon the Declaration of Samuel A. Schwartz, Esq., filed

---

[1] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Application.

1

in connection with the Application (the "**Schwartz Declaration**"), and the Court being satisfied with the representations made in the Application and the Schwartz Declaration that SL represents no interest adverse to the Debtor's Estate, that SL is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code; and that SL's retention is necessary and is in the best interests of the Debtor's Estate, its creditors and other parties-in-interest; and it appearing this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has exclusive jurisdiction over the subject matter of the Application pursuant to 28 U.S.C. § 1334(e)(2); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held on the Application; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and after due deliberation thereon, and all parties appearing having an opportunity to be heard; and good and sufficient cause appearing therefore, it is hereby:

**ORDERED** that the Application is **GRANTED**; and it is further

**ORDERED** that pursuant to 11 U.S.C. §§ 327(a), 328, 329, and 331 and Bankruptcy Rules 2014 and 2016, Debtor is authorized to employ and retain SL as its attorneys to perform the services set forth in the Application and Engagement Agreement (a copy of which is attached to the Application as **Exhibit 1**); and it is further

**ORDERED** that SL shall be compensated in accordance with the procedures set forth in Sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules and Local Rules as may then be applicable, from time to time, and such procedures as may be fixed by order of this Court; and it is further

**ORDERED** that Debtor is authorized to pay SL's fees and to reimburse SL for its costs and expenses as provided in the Engagement Agreement and Application; and it is further

**ORDERED** that SL's hourly rates, including periodic increases of the same as contemplated by the Application and Engagement Agreement are hereby approved under 11 U.S.C. § 328(a); and it is further

1     **ORDERED** that as provided by the Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry; and it is further

    **ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

                           Submitted by:

                           SCHWARTZ LAW, PLLC

                      By: */s/ Samuel A. Schwartz*
                           Samuel A. Schwartz, Esq.
                           Nevada Bar No. 10985
                           601 East Bridger Avenue
                           Las Vegas, Nevada 89101

                           *Proposed Attorneys for Debtor*

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that (check one):

_____    The court has waived the requirement set forth in LR 9021(b)(1).

_____    No party appeared at the hearing or filed an objection to the motion.

_____    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(h), and that no party has objected to the form or content of this order.

APPROVED:

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

/s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada  89101

*Proposed Attorneys for Debtor*

###