Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: January 24, 2023<br>Hearing Time: 9:30 AM PST |

**DECLARATION OF SAMUEL A. SCHWARTZ, ESQ.
IN SUPPORT OF APPLICATION FOR THE ENTRY OF AN ORDER
UNDER 11 U.S.C. §§ 327(a), 328, 329, AND 331 AND FED R. BANKR. P.
2014 AND 2016 AUTHORIZING THE EMPLOYMENT AND RETENTION OF
SCHWARTZ LAW, PLLC AS ATTORNEYS FOR THE DEBTOR-IN-POSSESSION**

I, SAMUEL A. SCHWARTZ, declare as follows:

1. I am the principal of Schwartz Law, PLLC ("**SL**" or the "**Firm**"), 601 East Bridger Avenue, Las Vegas, Nevada 89101. I am admitted to practice in the Supreme Court of Nevada, and the United States District Court for the District of Nevada, the Supreme Court of Illinois, the United States District Court for the Northern District of Illinois, the Supreme Court of Florida, the United States District Court for the Southern District of Florida, the Supreme Court of Arizona, the United States District Court for the District of Arizona, the Bankruptcy Appellate Panel for the Ninth Circuit Court of Appeals, the Ninth Circuit Court of Appeals, and the United States Supreme Court. I am authorized to make this declaration on SL's behalf. This declaration (the "**Declaration**") is submitted pursuant to Fed. R. Bankr. P. 2014(a) in support of the application of MusclePharm Corporation (the "**Debtor**") in the above-referenced Chapter 11 case (the "**Chapter**

1

**11 Case**") under Title 11 of Bankruptcy Code authorizing the employment and retention of SL as attorneys and general bankruptcy counsel for Debtor (the "**Application**").[1]

### DISINTERESTEDNESS OF PROFESSIONALS

2. Based on the conflicts search conducted to date, and except as otherwise described herein, to the best of my knowledge, neither I, the Firm, nor any partners, counsel, or associates thereof, insofar as I have been able to ascertain, has any connection with the above-captioned Debtor, its creditors, or any other parties-in-interest, or their respective attorneys and accountants, or any person employed by the U.S. Trustee, except as disclosed or as otherwise described herein.

3. SL is a "disinterested person" as that term is defined in Section 101(14), as modified by Section 1107(b), in that the Firm, its partners, counsel, and associates:

    a. are not creditors, equity security holders, or insiders of Debtor; and

    b. are not, and were not, within two years before the date of filing of the Chapter 11 Case, a director, officer, or employee of Debtor.

4. I am not related, and to the best of my knowledge, no attorney at the Firm is related, to any United States Bankruptcy Judge in this District or to the U.S. Trustee or any employee thereof. Athanasios E. Agelakopoulos, Esq., however, an attorney employed by, and of Counsel to, the Firm was previously employed as a trial attorney by the U.S. Trustee from November 9, 2009 through February 3, 2017.

5. On December 15, 2022, SL was retained by Debtor as part of Debtor's restructuring efforts and to prosecute Debtor's Chapter 11 Case. SL, thus, has become familiar with Debtor's business and many of the potential legal issues that may arise in the Chapter 11 Case.

6. The Firm and certain of its partners, counsel, and associates may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest of Debtor in connection with matters unrelated to Debtor and the Chapter 11 Case (except as described below). SL has searched its database for any connection it may have to the entities connected to Debtor. SL will update this Declaration when necessary and when SL becomes aware of material

---

[1] Capitalized terms used herein, but not otherwise defined, shall have the meaning(s) ascribed to them in the Application.

information. The following is a list of the categories of entities that SL has searched:

    a. Debtor's significant current vendors;

    b. Debtor's lenders and creditors; and

    c. parties to real estate contracts and leases to which Debtor is also a party.

7. SL's conflicts search of the parties listed above disclosed no conflicting representation.

8. Debtor may retain various other professionals under Section 327 during the pendency of Chapter 11 Case.

9. None of the representations described above are materially adverse to the interests of the Estate, or to any class of creditors or equity security holders.

10. SL will periodically review its files during the pendency of the Chapter 11 Case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, SL will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration under Bankruptcy Rule 2014(a).

**SERVICES RENDERED**

11. The professional services that SL will render to Debtor and/or the Estate may include, but shall not be limited to, the following:

    a. advising Debtor with respect to its powers and duties as a debtor and debtor-in-possession in the continued management and operation of its business and property;

    b. attending meetings and negotiating with creditor representatives, and other parties in interest, and advising and consulting on the conduct of the Chapter 11 Case, including legal and administrative requirements of operating in Chapter 11;

    c. taking all necessary action(s) to protect and preserve the Debtor's Estate, including the prosecution of actions on Debtor's behalf, the defense of any actions commenced against the Estate, negotiations concerning all Debtor-related litigation, and objections to claims filed against the Estate;

    d. preparing on Debtor's behalf all motions, applications, answers, orders, reports, documents, and papers necessary to the administration of the Estate;

    e.   negotiating and preparing on Debtor's behalf plan(s) of reorganization, disclosure statement(s), and all related agreements and/or documents and take any necessary action on Debtor's behalf to obtain confirmation of such plan(s);

    f.   advising Debtor in connection with any asset sale(s);

    g.   appearing before this Court, any appellate courts, the U.S. Trustee, and any other non-bankruptcy court(s) and/or tribunal(s) and protecting the interests of the Estate before such courts, tribunals, and/or the U.S. Trustee; and

    h.   performing all other necessary legal services and providing all other necessary legal advice to Debtor in connection with the Chapter 11 Case.

## **PROFESSIONAL COMPENSATION**

12. Prior to the Petition Date, SL received $35,000.00 for its services to be rendered in this Chapter 11 Case. Pursuant to the terms of the advanced payment retainer, such payment is deemed to be the property of SL upon receipt. SL has accrued $3,470.00 in legal fees and $1,738.00 in expenses arising out of filing the Chapter 11 Case. Currently, $29,792.00 of the $35,000.00 remains in SL's trust account.

13. The Firm intends to apply for awards and allowance of compensation for professional and paraprofessional services rendered in connection with the Chapter 11 Case in compliance with applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges that the Firm incurs, subject to Court approval. SL will charge hourly rates to Debtor that are consistent with the rates charged by SL in bankruptcy and non-bankruptcy matters of this type. These hourly rates are subject to periodic adjustments, without further notice to the Court or any other entity, to reflect economic and other conditions.

14. The Firm's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience, continued professional development and training, and seniority of the individuals assigned and may be adjusted by the Firm from time to time. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in

connection with a client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recordation fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "business or working meals," and telecopier charges. The Firm will charge Debtor and/or the Estate (as applicable) for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes it is fairer to charge these expenses to a particular client, rather than to increase hourly rates for, and spread the expenses indiscriminately to, all clients.

15. No promises have been received by the Firm nor by any partner, counsel, or associate thereof as to compensation in connection with the Chapter 11 Case other than in accordance with the provisions of the Bankruptcy Code. The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with the Chapter 11 Case.

16. SL further states pursuant to Bankruptcy Rule 2016(b) that it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, counsel, and associates of SL, or (b) any compensation another person or party has received or may receive.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED: December 22, 2022.

                                                      */s/ Samuel A. Schwartz*
                                                    Samuel A. Schwartz