Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Proposed Attorneys for the Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: *OST REQUESTED* <br> Hearing Time: *OST REQUESTED* |

## MOTION FOR AN ORDER AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS, MERCHANT PROCESSING ACCOUNTS, AND RELATED RELIEF

MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced proposed Chapter 11 case ("**Debtor**"), by and through its proposed counsel of record, Schwartz Law, PLLC, hereby moves this Court (the "**Motion**") for the entry of an order authorizing the maintenance of existing bank accounts.

This Motion is made and based upon the following memorandum of points and authorities, the *Omnibus Declaration of Ryan Drexler, in Support of Debtor's Emergency Petition, First Day Motions and Related Relief* (the "**First Day Declaration**"), the papers and pleadings on file with the Court herein, and any oral arguments the Court may allow at the hearing on this Motion.

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1).[1] This matter is a core proceeding within the meaning of 28 U.S.C.

---

[1]      Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall

1

§ 157(b)(2). Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9014.2, to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      The statutory predicates for the relief requested herein are Sections 105, 345, 363, 1107, and 1108 of the Bankruptcy Code.

## BACKGROUND

4.      On December 15, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court.

5.      The Debtor continues to operate as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6.      To date, the Office of the United States Trustee for Region 17 (the "**UST**"), which includes the District of Nevada, has not appointed a committee of unsecured creditors in Debtor's Chapter 11 Case.

7.      No case trustee or examiner has been appointed by the UST in this Chapter 11 Case.

8.      Additional background regarding the Debtor's business, events leading up to the Petition Date, and other matters are set forth in the First Day Declaration.

## RELIEF REQUESTED

9.      The Debtor requests that the Bank Accounts (defined below) be designated debtor-in-possession accounts and that the Debtor be authorized to continue using the Bank Accounts as debtor-in-possession accounts.  Closing its existing accounts and opening new debtor-in-possession accounts would cause a significant interruption to the Debtor's business and financing obligations.

---

be to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-9037. "**Local Rule**" or "**LR**" references are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada.

10.     The Debtor further requests that the Banks (defined below) be authorized and directed to: (1) continue servicing and administering the Bank Accounts as accounts of the Debtor, as debtor-in-possession, without interruption and in the usual and ordinary course, and accepting and processing deposits into the Bank Accounts, in whatever form received: and (2) accept and honor all representations from the Debtor as to which checks, drafts, automated clearing house transfers, or other electronic funds transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, automated clearing house transfers, or other electronic funds transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Banks believe the payment is or is not authorized by any order(s) of the Court.

11.     Further, the Debtor requests that the Banks be prohibited from offsetting, freezing, or otherwise impeding the use or transfer of, or access to, any funds deposited by the Debtor in the Banks Accounts before or after the Petition Date on account of or by reason of any claim (as defined in Section 101(5) of the Bankruptcy Code) of the Banks against the Debtor that arose before the Petition Date, and any checks, drafts, automated clearing house transfers, and other electronic funds transfers drawn or ordered by the Debtor on the Bank Accounts subsequent to the Petition Date should be timely honored by the Banks notwithstanding any claim the Banks may hold against the Debtor.

**BASIS FOR RELIEF**

12.     The UST established certain operating guidelines for a debtor-in-possession in order to supervise the administration of Chapter 11 cases.  The guidelines require a Chapter 11 debtor to, among other things: (a) close all existing bank accounts and open new debtor-in-possession bank accounts; (b) establish one debtor-in-possession account for all estate monies required for the payment of taxes; (c) maintain a separate debtor-in-possession account for cash collateral; and (d) obtain checks for all debtor-in-possession accounts which bear the designation "*Debtor-in-Possession*", the bankruptcy case number, and the type of accounts.

13.     Courts have recognized that the strict enforcement of bank account closing requirements does not serve the rehabilitative purposes of Chapter 11.  Accordingly, courts have waived such requirements and replaced them with alternative procedures that provide the same

protections. *See In re Washington Group Int'l, Inc.*, Case No. 01-31627 (Bankr. D. Nev. May 15, 2001); *In re Nat'l Airlines, Inc.*, Case No. 00-19258-LBR (Bankr. D. Nev. Dec. 7, 2000); *In re Einstein/Noah Bagel Corp.*, Case Nos. 00-0447-ECF-CGC and 00-0448-ECF-CGC (Bankr. D. Ariz. Apr. 28, 2000); *In re Pegasus Gold Corp.*, Case No. 98-30088-GWZ (Bankr. D. Nev. Jan. 16, 1998); *In re Taro Properties Arizona I, LLC, et al.*, Case No. 08-10427, ECF No. 33 (Bankr. D. Ariz. Aug. 20, 2008); *In re Worldcom, Inc.*, Case No. 02-13533 (Bankr. S.D.N.Y. July 23, 2002); *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. Dec. 3, 2001).

14.     In addition, Section 363(c)(1) of the Bankruptcy Code authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing." 11 U.S.C. § 363(c)(1). The purpose of this section is to provide a debtor with the flexibility to engage in ordinary transactions without unneeded oversight by its creditors or the court. *Meoli v. Am. Med. Serv. of San Diego*, 287 B.R. 808, 817 n.3 (S.D. Cal. 2003) (stating that 363(c)(1) is designed to provide "wide-ranging management authority over the debtor"); *see also In re First Protection, Inc.*, 440 B.R. 821, 833 (B.A.P. 9th Cir. 2010) (a debtor may "enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and to use property of the estate in the ordinary course of business without notice or a hearing" when the debtor's business is being operated under Sections 1107 and 1108 of the Bankruptcy Code); *In re Roth Am., Inc.*, 975 F.2d 949, 952 (3d Cir. 1992) ("Section 363 is designed to strike [a] balance, allowing a business to continue its daily operations without excessive court or creditor oversight and protecting secured creditors and others from dissipation of the estate's assets.").

15.     Included within the purview of Section 363(c) of the Bankruptcy Code is a debtor's ability to continue "routine transactions" necessitated by a debtor's ordinary cash management system. *In re OccMeds Billing Servs., Inc.*, Case No. 07-28444, 2008 WL 73690, at *3 (Bankr. E.D. Cal. Jan. 3, 2008) (noting that in most circumstances "the debtor does not need the permission of the court to use [bank accounts] in ordinary course of its business"); *In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 796 (Bankr. D. Del. 2007) (noting that courts have shown a reluctance to interfere in a debtor's making of routine, day-to-day business decisions).

/ / /

*Maintenance of Existing Bank Accounts*

16.    As of the Petition Date, Debtor maintained the bank accounts listed on **Exhibit 1**, attached hereto, through which it managed cash receipts and disbursements (the "**Bank Accounts**").

17.    Debtor routinely deposits, withdraws, and otherwise transfers funds to and from the Bank Accounts.  Debtor believes that the Bank Accounts are in financially stable banking institutions with The Federal Deposit Insurance Corporation ("**FDIC**"), The Federal Savings and Loan Insurance Corporation ("**FSLIC**") insurance or other appropriate government-guaranteed deposit protection insurance. Debtor believes that the depository banks are approved depositories in compliance with 11 U.S.C. § 345.

18.    Debtor therefore requests that the Bank Accounts be designated debtor-in-possession accounts, and that Debtor be authorized to continue maintaining them as debtor-in-possession accounts.  Importantly, closing its existing accounts and opening brand-new debtor-in-possession accounts would cause a significant interruption to Debtor.

19.    As part of this relief, Debtor requests that the banks at which the Bank Accounts are maintained (the "**Banks**") be authorized and directed to continue to service and administer the Bank Accounts as accounts of Debtor, as debtor-in-possession, without interruption and in the usual and ordinary course, and to accept and process deposits into the Bank Accounts, in whatever form received.

20.    Furthermore, the Banks also should be authorized and directed to accept and honor all representations from Debtor as to which checks, drafts, automated clearing house transfers, or other electronic funds transfers should be honored or dishonored consistent with any order(s) of this Court, whether the checks, drafts, automated clearing house transfers, or other electronic funds transfers are dated prior to, on, or subsequent to the Petition Date, and whether or not the Banks believes the payment is or is not authorized by any order(s) of the Court.

21.    Debtor also employs the use of merchant processing companies, including Amazon, Paypal, Cyber Source, and Shopify (collectively, the "**Merchant Processors**"). Other than Amazon, each of the Merchant Processors regularly deposit into Debtor's primary checking

account at JP Morgan Chase Bank.  Amazon also deposits to Debtor's primary checking account, however, Amazon deposits bi-weekly. Debtor submits its continued use of these Merchant Processors (or any similar services) is in the best interests of the estate, and Debtor's continued direct sales to consumers, and should be approved as part of the relief granted pursuant to this Motion.

22.    Finally, the Banks should be prohibited from offsetting, freezing, or otherwise impeding the use or transfer of, or access to, any funds deposited by Debtor in the Banks Accounts before or after the Petition Date on account of or by reason of any claim (as defined in Section 101(5) of the Bankruptcy Code) of the Banks against Debtor that arose before the Petition Date, and any checks, drafts, automated clearing house transfers, and other electronic funds transfers drawn or ordered by Debtor on the Bank Accounts subsequent to the Petition Date should be timely honored by the Banks notwithstanding any such claim the Banks may hold against Debtor.

## **CONCLUSION**

WHEREFORE, Debtor respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit 2**: (i) authorizing the maintenance of the Bank Accounts; (ii) making the order effective immediately in accordance with Rule 6004 of the Federal Rules of Bankruptcy Procedure; and (iii) granting such other and further relief as is just and proper.

Dated: December 27, 2022.

Respectfully Submitted,

SCHWARTZ LAW, PLLC

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV  89101

*Proposed Attorneys for the Debtor*

# EXHIBIT 1

## EXHIBIT 1[2]

| Account Holder: | Bank Name and Address: | Account No. | Type: |
|---|---|---|---|
| MusclePharm Corporation | JPMorgan Chase Bank, N.A. PO Box 182051 Columbus, OH 43218 - 2051 | *****1512 | Commercial Money Market |
| MusclePharm Corporation | Wells Fargo Bank, N.A. (182) PO Box 63020 San Francisco, CA 94163 | *****4320 | Operating |
| MusclePharm Corporation | Wells Fargo Bank, N.A. (182) PO Box 63020 San Francisco, CA 94163 | *****4338 | AP |
| MusclePharm Corporation | Wells Fargo Bank, N.A. (182) PO Box 63020 San Francisco, CA 94163 | *****4353 | Payroll |
| MusclePharm Corporation | Wells Fargo Bank, N.A. (182) PO Box 63020 San Francisco, CA 94163 | *****4361 | Factoring |

[2]    Only the last four digits of each account number are listed.

# EXHIBIT 2

1

2

3

4

5

6

7

8

9

10

11

12

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Proposed Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: *OST REQUESTED*<br>Hearing Time: *OST REQUESTED* |

### [*PROPOSED*] ORDER AUTHORIZING MAINTENANCE
### OF EXISTING BANK ACCOUNTS AND RELATED RELIEF

Upon the motion (the "**Motion**")[1] of MusclePharm Corporation, debtor and debtor-in-possession in the above-referenced Chapter 11 case ("**Debtor**"), by and through its proposed counsel of record, Schwartz Law, PLLC, for entry of an order authorizing maintenance of existing bank accounts; and upon the record of the hearing held on the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of Debtor, its estate, creditors, and other parties-in-interest; and it appearing this proceeding is a core proceeding

---

[1]    Any capitalized term not expressly defined herein shall have the meaning ascribed to that term in the Motion.

1

pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given under the particular circumstances and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that Debtor is authorized to maintain the existing bank accounts listed on **Schedule 1**, attached hereto (the "**Bank Accounts**"); and it is further

**ORDERED** that Debtor's existing Bank Accounts shall be designated as debtor-in-possession accounts; and it is further

**ORDERED** that any new bank account that Debtor opens shall be debtor-in-possession accounts opened at authorized depositories; and it is further

**ORDERED** that the banks at which the Bank Accounts are maintained (each a "**Bank**" and collectively, the "**Banks**") are authorized and directed to accept and process deposits into Debtor's accounts, in whatever form received, and to process, honor and pay any and all checks, drafts, automated clearing house transfers, and other electronic funds transfers (including the funding of direct deposits to employee accounts) drawn or ordered on the Bank Accounts after the Petition Date by Debtor; and it is further

**ORDERED** that, except for those checks, drafts, automated clearing house transfers, or other electronic funds transfers that must be honored and paid in order to comply with any order(s) of this Court authorizing payment of certain pre-petition claims, no checks, drafts, automated clearing house transfers, or other electronic funds transfers ordered on the Bank Account prior to the Petition Date but presented for payment after the Petition Date shall be honored or paid; and it is further

**ORDERED** that the Bank at which the Bank Accounts are maintained is prohibited from honoring automatic withdrawals from Debtor's secured and unsecured creditors; and it is further

**ORDERED** that Banks are prohibited from offsetting, freezing, or otherwise impeding the use or transfer of, or access to, any funds deposited by Debtor in the Banks Accounts before or after

the Petition Date on account of or by reason of any claim (as defined in Section 101(5) of the Bankruptcy Code) of the Bank against Debtor that arose before the Petition Date; and it is further

**ORDERED** that Debtor and the Banks and the Merchant Processors are hereby authorized to continue to perform pursuant to the terms of any pre-petition agreements that may exist between them, except and to the extent otherwise directed by the terms of this Order.  The parties to such agreements shall continue to enjoy the rights and remedies afforded them under such agreements, except to the extent modified by the terms of this Order or by operation of the Bankruptcy Code; and it is further

**ORDERED** that as provided by Fed. R. Bankr. P. 7062, this Order shall be effective and enforceable immediately upon entry.

**ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Submitted by:

SCHWARTZ LAW, PLLC

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV  89101

*Proposed Attorneys for Debtor*

1

## <u>SCHEDULE 1[2]</u>

2

3

| Account Holder: | Bank Name and Address: | Account No. | Type: |
|---|---|---|---|
| MusclePharm Corporation | JPMorgan Chase Bank, N.A. PO Box 182051 Columbus, OH 43218 - 2051 | *****1512 | Commercial Money Market |
| MusclePharm Corporation | Wells Fargo Bank, N.A. (182) PO Box 63020 San Francisco, CA 94163 | *****4320 | Operating |
| MusclePharm Corporation | Wells Fargo Bank, N.A. (182) PO Box 63020 San Francisco, CA 94163 | *****4338 | AP |
| MusclePharm Corporation | Wells Fargo Bank, N.A. (182) PO Box 63020 San Francisco, CA 94163 | *****4353 | Payroll |
| MusclePharm Corporation | Wells Fargo Bank, N.A. (182) PO Box 63020 San Francisco, CA 94163 | *****4361 | Factoring |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2]    Only the last four digits of each account number are listed.

1

## **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐    The court has waived the requirement set forth in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☐    I have delivered a copy of this proposed order to all counsel and any unrepresented parties who appeared at the hearing, except those as to whom review was waived on the record at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

*###*