Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Proposed Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: *OST REQUESTED*<br>Hearing Time: *OST REQUESTED* |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING, BUT NOT DIRECTING, DEBTOR TO PAY, *INTER ALIA*,
PREPETITION EMPLOYEE WAGES AND (II) GRANTING RELATED RELIEF**

MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "**Debtor**"), by and through its proposed counsel of record, Schwartz Law, PLLC ("**SL**"), hereby moves this Court (the "**Motion**") for the entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), (i) authorizing Debtor to pay Employee Wage Obligations, Employee-Related Taxes, Workers' Compensation Obligations and Employee Benefits Obligations (each as defined below) and (ii) authorizing and directing all banks to honor prepetition checks and automatic transfers for payment of the aforementioned employee obligations, pursuant to Sections 105, 363(b), 507(a), 541, and 1184 of the Bankruptcy Code.[1]

This Motion is made and based upon the following memorandum of points and authorities,

---

[1] Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). All references to a "**Section**" shall refer to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-9037. "**Civil Rule**" references are to the Federal Rules of Civil Procedure 1-86. "**Local Rule**" or "**L.R.**" references are to the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada.

the *Omnibus Declaration of Ryan Drexler, in Support of Debtor's Emergency Petition, First Day Motions and Related Relief* (the "**First Day Declaration**"), the papers and pleadings on file with the Court herein, and any oral arguments the Court may allow at the hearing on this Motion.

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      Debtor confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9014.2, to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.      The statutory predicates for the relief sought herein are Sections 105, 363(b), 507(a), 541, and 1184 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

5.      On December 15, 2022 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6.      Debtor continues to operate as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7.      To date, the Office of the United States Trustee for Region 17 (the "**UST**"), which includes the District of Nevada, has not appointed a committee of unsecured creditors in the Debtor's chapter 11 case (the "**Chapter 11 Case**"). (*See* Docket).

8.      No case trustee or examiner has been appointed by the UST in the Chapter 11 Case.

9.      Additional background regarding the Debtor's business, events leading up to the Petition Date, and other matters are set forth in the First Day Declaration.  Additional facts in support of the specific relief sought are set forth herein.

**RELIEF REQUESTED**

10.     By this Motion, Debtor seeks entry of an Order, in a form substantially similar to that attached hereto as **Exhibit 1**:

      a.  authorizing, but not directing, Debtor to continue to honor and pay all Employee obligations and prepetition federal and state withholding obligations, including Wage Obligations, Employee-Related Taxes, Workers' Compensation Obligations, and Employee Benefit Obligations, each as defined and described more fully herein to Employees (collectively, the "**Employee Obligations**");

      b.  authorizing Debtor's banks (the "Banks") to receive, process, honor and pay all of the Debtor's prepetition checks and fund transfers on account of any of the Employee Obligations, prohibiting the Banks from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for the Employee Obligations; and authorizing Debtor to issue new postpetition checks or effect new postpetition fund transfers on account of the Employee Obligations to replace any prepetition checks of fund transfer requests that may be dishonored or rejected; and

      c.  providing any additional relief in order to effectuate the foregoing, pending entry of a final order granting the relief sought herein.

**BASIS FOR RELIEF**

**A.  The Debtor's Employee Obligations**

11.     As of the Petition Date, the Debtor employed approximately 12 employees in the ordinary course of its business (the "**Employees**"). Continued service by the Employees is vital to the continued operation of the Debtor's business and the preservation of the value of the Debtor's business and assets.

12.     As of the Petition Date, the Employees were owed or had accrued in their favor various sums from the Debtor for wages and salaries incurred in the ordinary course of the Debtor's business, including prepetition compensation (collectively, "**Wage Obligations**"). The total estimated amount of Wage Obligations that will have accrued, but remain unpaid, as of the Petition

Date is approximately $21,875.00.  The Debtor pays its Employees on a bi-monthly payroll cycle. The last payroll cycle ended on November 30, 2022, and payment was drawn from the Debtor's account on December 9, 2022. The next payroll is due to be drawn on or about December 23, 2022, for the payroll cycle beginning on December 1, 2022 and ending December 15, 2022, and will total approximately $53,372.61.[2]

13.    The Debtor is required by law to withhold from its Employees' wages and salaries amounts related to federal, state, and local income taxes, as well as social security and Medicare taxes and to remit the same to the appropriate taxing authorities (the "**Withholdings**"). In addition, the Debtor is required to make matching payments from its own funds on account of social security and Medicare taxes, and to pay, based on a percentage of gross payroll (and subject to state-imposed limits), additional amounts to the taxing authorities for, among other things, state and federal unemployment insurance and workers, and compensation obligations (the "**Employee-Related Taxes**"). The Debtor seeks authorization to pay to the appropriate governmental entities all Withholdings and Employee-Related Taxes that are due but have not yet been paid and to continue to deduct and remit Withholdings and pay them to such governmental entities in the ordinary course of business. The total estimated amount of Employee-Related Taxes that will have accrued, but remain unpaid, as of the Petition date is approximately $3,789.17.

14.    In addition, in the ordinary course of its business, the Debtor has accrued obligations under employee benefit programs, such as health and dental insurance, retirement programs, and paid vacation and personal leave (the "**Employee Benefit Plans**") pertaining to services rendered by the Employees prior to the Petition Date (the "**Employee Benefit Obligations**"). The Employee Benefit Plans are an integral part of the compensation to which the Employees are entitled, and the Debtor seeks authority to honor all Employee Benefit Obligations, including paying premiums and administrative or other employer paid costs incurred in the ordinary course of business and

---

[2]    As the Debtor was not able to finalize its debtor-in-possession financing terms and request approval for the same from the Court prior to December 21, 2022, Ryan Drexler of the Debtor advanced funds on December 21, 2022 to cover the payroll due on December 23, 2022, in the amount of $53,372.61.  The Debtor will request authority to repay this amount to Mr. Drexler out of any debtor-in-possession financing approved by this Court.

honoring all prepetition paid time off obligations. Employee Benefit Obligations for the Debtor's 401(k) plan have accrued that remain unpaid. However, the Debtor submits that the unpaid Employee Benefit Obligations for the 401(k) plan do not exceed $5,000.00. In addition, Employees have accrued vacation time with an approximate value of $69,693.07 and sick time with an approximate value of $11,372.66.

15.     The Debtor's Employee Obligations to be paid to or for the benefit of each of the Employees pursuant to this Motion will not exceed $15,150.00 per employee, consistent with the cap set forth in Section 507(a)(4).

**B. Payment of the Employee-Related Taxes Is Required Under Applicable Non Bankruptcy Law**

16.     Debtor also seeks authority to pay Employee-Related Taxes to the appropriate entity or taxing authority. These amounts represent Employee earnings that governments, or related administrative agencies, have designated for deduction from the Employees' paychecks. Importantly, the Employee-Related Taxes are not property of Debtor's bankruptcy estate because they have been withheld from Employees' paychecks on another party's behalf. See 11 U.S.C. § 541(b), (d). Further, federal and state laws require Debtor to make certain tax payments that have been withheld from its Employees' paychecks. See 26 U.S.C. § 6672 and 7501(a); *see also City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95-97 (3d Cir. 1994) (finding that state law requiring a corporate debtor to withhold city income tax from its employees' wages created a trust relationship between debtor and the city for payment of withheld income taxes); *DuCharmes & Co., Inc. v. State of Mich. (In re DuCharmes & Co.)*, 852 F.2d 194, 196 (6th Cir. 1988) (noting that individual officers of a company may be held personally liable for failure to pay trust fund taxes). Because the Employee-Related Taxes are not property of Debtor's estate, Debtor requests that this Court authorize it to transmit the Employee-Related Taxes to the proper recipients thereof in the ordinary course of business.

**C. Payment of the Prepetition Employee Obligations Is Appropriate Under Sections 105(a), 363(b), 1107 and 1108 of the Bankruptcy Code**

17.     Section 363(c)(1) of the Bankruptcy Code expressly grants debtors the authority to

5

"enter into transactions . . . in the ordinary course of business and "use property of the estate in the ordinary course of business without notice or a hearing."  Therefore, Debtor believes it is permitted to pay all postpetition amounts due pursuant to the Prepetition Employee Obligations as such actions are in the ordinary course of the Debtor's business.  Out of an abundance of caution, however, Debtor seeks entry of an order granting the relief requested herein to avoid any disruptions to its business operations.

18.    The relief requested herein may be granted by the Court pursuant to Sections 363(b) and 105(a) of the Bankruptcy Code.  Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Consistent with a debtor's fiduciary duties, courts have also authorized payment of prepetition obligations under Section 363(b) of the Bankruptcy Code where a sound business purpose exists for doing so. See, e.g., *In re Ionosphere Clubs, Inc.*, 98 B.R. 175 (Bankr. S.D.N.Y. 1989) (discussing prior order authorizing payment of prepetition wage claims pursuant to Section 363(b) and noting that relief is appropriate where payment is needed to "preserve and protect its business and ultimately reorganize, retain its currently working employees and maintain positive employee morale."); *see also, In re Johns-Manville Corp.*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *In re Claar Cellars LLC*, Case No. 20-00044 (WLH) (Bankr. E.D. Wash. March 13, 2020).

19.    In addition, the Court may authorize payment of prepetition claims in appropriate circumstances under Section 105(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of a bankruptcy court, empowers bankruptcy courts to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  The Court may use its power under Section 105(a) of the Bankruptcy Code to authorize payment of the Employee Compensation and Benefits under the "necessity of payment" rule (also referred to as the "doctrine of necessity").

20.    The doctrine of necessity is designed to foster a debtor's rehabilitation, which courts have recognized is "the paramount policy and goal of Chapter 11."  *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989); see also *In re Pac. Gas & Elec. Co*, 283 B.R. 41, 59

(Bankr. N.D. Cal. 2002)(reversed on other grounds); *In re C.A.F. Bindery, Inc.*, 1999 B.R. 828, 835 (Bankr. S.D.N.Y. 1996); *In re Quality Interiors, Inc.*, 127 B.R. 391, 396 (Bankr. N.D. Ohio 1991) ("[P]ayment by a debtor-in-possession of pre-petition claims outside of a confirmed plan of reorganization is generally prohibited by the Bankruptcy Code," but "[a] general practice has developed . . . where bankruptcy courts permit the payment of certain pre-petition claims, pursuant to 11 U.S.C. § 105, where the debtor will be unable to reorganize without such payment."); *In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D. Ohio 1991) (approving payment of prepetition unsecured claims of toolmakers as "necessary to avert a serious threat to the Chapter 11 process"). Moreover, courts have recognized the applicability of the doctrine of necessity with respect to the payment of prepetition employee compensation and benefits. See e.g., *Mich. Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 80 B.R. 279, 285-89 (S.D.N.Y. 1987) (under "necessity of payment" doctrine, it is appropriate for bankruptcy court to defer to a debtor's business judgment in permitting payment of certain workers' compensation claims).

21.     The Debtor also serves as a fiduciary for its creditors in the operation its business as a debtor in possession under Sections 1107(a) and 1108 of the Bankruptcy Code. *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) (finding that debtors in possession operating under Sections 1107(a) and 1108 of the Bankruptcy Code are fiduciaries "holding the bankruptcy estate[s] and operating the business for the benefit of [their] creditors and (if the value justifies) equity owners."). Implicit in the duties of a Chapter 11 debtor in possession is the duty "to protect and preserve the estate, including an operating business's going-concern value." *Id.*

22.     Courts have noted that there are instances in which a debtor in possession can fulfill its fiduciary duty "only . . . by the preplan satisfaction of a pre-petition claim." *Id.* The *CoServ* court specifically noted that preplan satisfaction of pre-petition claims would be a valid exercise of a debtor's fiduciary duty when the payment "is the only means to effect a substantial enhancement of the estate." *Id.* at 498. In *CoServ*, the court provided a three-pronged test for determining whether a preplan payment on account of a prepetition claim was a valid exercise of a debtor's fiduciary duty:

> First, it must be critical that the debtor deal with the claimant. Second, unless it deals with the claimant, the debtor risks the probability of harm, or, alternatively, loss of economic advantage to the estate or the debtor's going concern value, which is disproportionate to the amount of the claimant's prepetition claim. Third, there is no practical or legal alternative by which the debtor can deal with the claimant other than by payment of the claim. (emphasis added)

*Id*. at 498.

23.    This Court and other jurisdictions have routinely approved the payment of prepetition claims of employee wages, salaries, expenses and benefits in various Chapter 11 cases. See, e.g., *In re Boutique NV, LLC*, No. 21-13050-NMC (Bankr. D. Del. July 23, 2021); *In re Alpha Guardian*, No. BK-20-11016-MKN (Bankr. D. Nev. Mar. 3, 2020); *In re VTES, Inc., et al*., No. 20-12941 (JLG) (Bankr. S.D.N.Y. Jan. 31, 2021); *In re Furla (U.S.A), Inc*., No. 20-12604 (SCC) (Bankr. S.D.N.Y. November 12, 2020); *In re NTS W. USA Corp*., a Delaware Corporation, Case No. 20-35769 (Bankr. S.D.N.Y. July 28, 2020); *In re Centric Brands, Inc*., Case No. 20-22637 (SHL) (Bankr. S.D.N.Y. July 17, 2020); *In re BC Hospitality Group Inc*., No. 20-13103 (BLS) (Bankr. D. Del. Dec. 15, 2020).

24.    Payment of the Employee Obligations is warranted under Sections 105(a), 363(b), 1107 and 1108 of the Bankruptcy Code and is appropriate in light of the facts and circumstances of this Chapter 11 Case.  The Employees rely, almost exclusively, on their wages and salaries to satisfy their daily living expenses.  Consequently, the Employees will be exposed to significant financial hardship if Debtor is not permitted to honor the Prepetition Employee Obligations. Moreover, the Debtor's Employees provide the Debtor with the services necessary to conduct the Debtor's business. Debtor believes that absent payment of the Employee Obligations, it could experience turnover and instability at precisely the time the Employees' efforts should be focused on the Debtor's business.

25.    Additionally, a significant portion of the Debtor's business value is directly tied to the intellectual capital the Employees bring to work each day — an intangible asset that cannot be replaced merely by hiring new workers.  Because Debtor only employs twelve Employees, the loss of any small number of Employees, could be detrimental to the Debtor's business and its ability to successfully administer this Chapter 11 Case.  Moreover, the loss of Employees would only serve

to distract Debtor while its attention is needed to stabilize operations as it transitions into bankruptcy.

26.     Debtor submits that payment of Prepetition Employee Obligations is necessary and critical to retain its Employees.  Debtor believes such payment and corresponding retention will provide it with a greater likelihood of success in administering its Chapter 11 Case, consummating a restructuring of its business and confirming a chapter 11 plan that maximizes value for its estate, creditors, and all other parties in interest.

27.     Payment of the Employee Obligations also meets each element of the *CoServ* standard. The Debtor is highly mindful of its obligation to seek to preserve and maximize the value of its estate. Should the Debtor be unable to pay its personnel, or is required to reduce staff at this critical juncture in this Chapter 11 Case, the Debtor would be forced to cease operations, precipitating a drastic decline in value to the detriment of all stakeholders.

28.     Furthermore, as provided for herein, the Employees will have priority claims against the Debtor for Employee Obligations that must be paid in full to confirm any plan under Chapter 11 of the Bankruptcy Code. Short of payment of the Employee Obligations, the Debtor does not believe there is a practical or legal alternative to address such obligations. Therefore, the Debtor respectfully submits that it can best satisfy its fiduciary duties as a debtor in possession under the Bankruptcy Code by paying the Employee Obligations.

**D. The Banks Should Be Authorized to Honor and Pay Checks Issued and Make Other Transfers to Pay the Prepetition Employee Obligations**

29.     Debtor further requests that the Court authorize its Banks to receive, process, honor, and pay all prepetition and postpetition checks issued or to be issued, and electronic fund transfers requested or to be requested, by Debtor relating to the Prepetition Employee Obligations.  Debtor also seeks authority to issue new postpetition checks, or effect new electronic fund transfers, on account of the Prepetition Employee Obligations to replace any prepetition checks or electronic fund transfer requests that may be dishonored or rejected.

30.     As a result of the commencement of this Chapter 11 Case, and in the absence of an order of the Court providing otherwise, the Banks may reject or dishonor the Debtor's checks, wire

transfers, and direct deposit transfers with respect to the Prepetition Employee Obligations. Therefore, Debtor requests that the Court authorize the Banks to receive, process, honor, and pay all prepetition and postpetition checks issued by Debtor, and funds transfers requested by the Debtor, in each case, with respect to the Prepetition Employee Obligations.

## IMMEDIATE RELIEF IS NECESSARY TO AVOID IRREPARABLE HARM

31.     Rule 6003 of the Bankruptcy Rules provides that the relief requested in this Motion may be granted if the "relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003.  As set forth herein and in the First Day Declaration, failure to pay the Employee Obligations may result in the loss of the Debtor's employees who are necessary to ensure the continued operation of the Debtor's business during the Chapter 11 Case.  Such a result would severely hinder the Debtor's ability to conduct a successful reorganization and maximize value for its creditors, which is the exactly kind of "immediate and irreparable harm" contemplated by Rule 6003's exception for granting relief.

## WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(h)

32.     Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  As described above, the relief that Debtor seeks in this Motion is necessary for Debtor to operate its business without interruption and to preserve value for its estate, and a 14-day stay- especially on the eve of the Christmas holiday -.would severely undermine morale and likely result in the loss of critical Employees at a time when the Debtor seeks to stabilize operations as it transitions into bankruptcy.  Accordingly, Debtor respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent that it applies.

## RESERVATION OF RIGHTS

33.     Nothing contained in this Motion is intended or shall be construed as (i) an admission as to the validity of any claim against Debtor; (ii) a waiver of the Debtor's or any party in interest's rights to dispute any claim; or (iii) an approval or assumption of any agreement under

Section 365 of the Bankruptcy Code; (iv) a waiver or limitation of the Debtor's rights under the Bankruptcy Code or any other applicable law; (v) a concession by Debtor that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and Debtor expressly reserves its right to contest the extent, validity, or perfection or seek avoidance of all such liens.  Likewise, if this Court grants the relief sought in this Motion, any payment made pursuant to the Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtor's rights to dispute such claim at a later date.

### **NO PRIOR REQUEST**

34.     No previous request for the relief sought in this Motion has been made to this Court or any other court.

### **CONCLUSION**

WHEREFORE, Debtor prays that this Court: (a) enter an order substantially in the form attached hereto as **Exhibit 1**; and (b) grant such additional relief as the Court deems just and proper.

Dated: December 27, 2022.

Respectfully Submitted,

SCHWARTZ LAW, PLLC

/s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV 89101

*Proposed Attorneys for the Debtor*

# EXHIBIT 1

1

2

3

4

5

6

7   Samuel A. Schwartz, Esq.
    Nevada Bar No. 10985
8   saschwartz@nvfirm.com
    SCHWARTZ LAW, PLLC
9   601 East Bridger Avenue
    Las Vegas, NV 89101
10  Telephone: 702.385.5544
    Facsimile: 702.442.9887
11  *Proposed Attorneys for the Debtor*

12              **UNITED STATES BANKRUPTCY COURT**
                    **DISTRICT OF NEVADA**
13

14  In re:                              )  Case No.: 22-14422-NMC
                                        )
15  MUSCLEPHARM CORPORATION,            )  Chapter 11
                                        )
16                                      )
                                        )
17                          Debtor.     )  Hearing Date: *OST REQUESTED*
                                        )  Hearing Time: *OST REQUESTED*
18  _____    )

19       **[*PROPOSED*] ORDER (I) AUTHORIZING THE DEBTOR TO PAY WAGES,
         SALARIES, BENEFITS, AND OTHER EMPLOYEE OBLIGATIONS, AND
20       (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR
         AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS**

21          Upon the motion (the "**Motion**")[1] of MusclePharm Corporation, the debtor and debtor-in-

22  possession in the above-referenced Chapter 11 case (the "**Debtor**"), by and through its proposed

23  counsel of record, Schwartz Law, PLLC ("**SL**"), for the entry of an order (i) authorizing the Debtor

24  to pay Employee Wage Obligations, Employee-Related Taxes and Employee Benefits Obligations

25  (collectively, the "**Employee Obligations**") and (ii) authorizing and directing all banks to honor

26  prepetition checks and automatic transfers for payment of the aforementioned employee

27  _____

28  [1]      Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them
    in the Motion.

1

obligations, pursuant to Sections 105, 363(b), 507(a), 541, 1107 and 1108 of the Bankruptcy Code; and it appearing this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has exclusive jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334(e)(2); and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the record of the hearing held on the Motion; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon, and all parties appearing having an opportunity to be heard; and good and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED** that:

1. The Motion is **GRANTED**.

2. The Debtor is authorized, but not directed, in its sole discretion, to pay, honor, or otherwise satisfy, all amounts and obligations on account of the Employee Obligations, as an when such obligations come due, *provided*, *however*, that the Debtor shall not make any payments in excess of the limits set forth in Sections 507(a)(4) and (a)(5) of the Bankruptcy Code.

3. Debtor's banks are authorized to receive, process, honor and pay all checks and fund transfers on account of the Employee Obligations that had not been honored and paid as of the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

4. The Debtor is authorized to issue new postpetition checks or effect new postpetition fund transfers on account of the Employee Obligations to replace any prepetition checks or fund transfer requests that may be dishonored or rejected.

5. The Debtor may pay any and all Employee-Related Taxes, whether or not these obligations arose prepetition or postpetition. Any party receiving payment from the Debtor is authorized and directed to rely upon the representations of the Debtor as to which payments are authorized by this Order.

6. Notwithstanding any provision of this Order to the contrary, no payments are permitted which may implicate Section 503(c) of the Bankruptcy Code and nothing in

this Order shall prejudice the Debtor's ability to seek approval of relief pursuant to Section 503(c) of the Bankruptcy Code at a later date.

7.  Bankruptcy Rule 6003(b) has been satisfied with respect to the payments authorized by this Order.

8.  The relief provided in this Order is necessary to avoid immediate and irreparable harm to the Debtor and its estate.

9.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry. To the extent that it may be applicable, the fourteen-day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

10. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Submitted by:

SCHWARTZ LAW, PLLC

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV 89101

*Proposed Attorneys for the Debtor*

1

## **LR 9021 CERTIFICATION**

2      In accordance with LR 9021, counsel submitting this document certifies that the order

3  accurately reflects the court's ruling and that (check one):

4      ☐      The court has waived the requirement set forth in LR 9021(b)(1).

5      ☐      No party appeared at the hearing or filed an objection to the motion.

6
       ☐      I have delivered a copy of this proposed order to all counsel and any unrepresented
7  parties who appeared at the hearing, except those as to whom review was waived on the
   record at the hearing, and each has approved or disapproved the order, or failed to respond,
8  as indicated below:

9

10

11

12      ☐      I certify that this is a case under Chapter 7 or 13, that I have served a copy of this
   order with the motion pursuant to LR 9014(g), and that no party has objected to the form
13  or content of this order.

14                                        ###

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4