Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: January 24, 2023<br>Hearing Time: 9:30 AM PST |

**DEBTOR'S MOTION FOR ADMINISTRATIVE ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 330, 331, 1107, AND 1108, AND BANKRUPTCY RULE 2016(a), ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "**Debtor**"), by and through its proposed counsel of record, Schwartz Law, PLLC ("**SL**"), hereby files this motion (the "**Motion**") for entry of an order establishing procedures for interim compensation and reimbursement of expenses of estate Professionals (as defined herein) on a monthly basis.

This Motion is made and based on the (i) *Omnibus Declaration of Ryan Drexler, in Support of Debtor's Emergency Petition, First Day Motions, and Related Relief* (the "**First Day Declaration**") and (ii) *Declaration of Samuel A. Schwartz, Esq. in Support of Debtor's Motion for Administrative Order, Pursuant to 11 U.S.C. §§ 105(a), 330, 331, 1107, and 1108, and Bankruptcy Rule 2016(a), Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "**Schwartz Declaration**"), each filed in support hereof, the points and authorities set forth below, the pleadings and papers contained in this Court's file, judicial

notice of which is respectfully requested pursuant to Bankruptcy Rule[1] 9017 and Evidence Rule 201, and any evidence or oral argument presented at the time of the hearing on this Motion.

## JURISDICTION

1. This Court has subject matter jurisdiction to consider and adjudicate this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A), 157(b)(2)(O), 1334(b), and 1334(e)(2), and L.R. 1001(b)(1). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (b)(2)(O). Venue of the Debtor's Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Debtor confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9014.2, to entry of a final order by the Court on this Motion to the extent it is later determined the Court, absent consent of the parties, cannot enter final orders or judgments on the Motion consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief requested herein are Sections 105(a), 330, 331, 1107(a), and 1108 and Bankruptcy Rule 2016(a).

## BACKGROUND

4. On December 15, 2022, (the "**Petition Date**"), Debtor commenced the captioned case by filing a voluntary petition for relief under Section 301 seeking Chapter 11 relief from this Court (the "**Chapter 11 Case**").

5. Debtor operates and serves as debtor-in-possession under Sections 1107 and 1108.

6. To date, the Office of the United States Trustee for Region 17 (the "**UST**") has not appointed an official committee of unsecured creditors in the Chapter 11 Case. (*See* Docket).

7. The UST has not appointed a case trustee or examiner in the Chapter 11 Case. (*Id.*).

8. Additional background regarding the Debtor's business, events leading up to the Petition Date, and other related matters are set forth in the First Day Declaration.

///

---

[1] Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall be to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure 1001-9037. "**Local Rule**" or "**L.R.**" references are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada. "**Evidence Rule**" references are to the Federal Rules of Evidence 101-1103.

## RELIEF REQUESTED

9. Debtor has filed or will file application(s) to employ professionals on behalf of Debtor's bankruptcy estate (the "**Professionals**"), including, but not necessarily limited to, SL, its proposed general bankruptcy and reorganization counsel.

10. By this Motion, Debtor requests entry of an order authorizing and establishing procedures for interim compensation and reimbursement of expenses of the Professionals employed and retained under Sections 327 and/or 1103 of the Bankruptcy Code and who will be expected to file applications for awards of professional compensation and expense reimbursements under Sections 330 and 331. Debtor's proposed time interval for interim compensation applications in the Motion seeks to reduce the interim compensation period contemplated by Section 331 of 120 days to a *monthly* compensation interval comparable to procedures established in other Chapter 11 cases filed in this District and the Ninth Circuit. Such an order would enable parties in interest to monitor the Professional fees and expense reimbursements incurred in this Chapter 11 Case more effectively and are, likewise, expected to assist the Debtor in managing level cash flows and projecting the administrative costs in the Chapter 11 Case.

11. Debtor also requests the Court require all persons (other than the Professionals) seeking professional compensation from the estate under Section 503(b) (the "**503(b) Claimants**") to adhere to the procedures set forth herein as otherwise applicable, unless excused by the Court.

## PROPOSED PROCEDURES

12. Debtor proposes the following structure for the monthly payment of Professional compensation and reimbursement of expenses (the "**Compensation Procedures**"):

    a. On or before the 15th day of each month following the month for which the Professional and/or 503(b) Claimant seek(s) compensation, each Professional and/or 503(b) Claimant will submit, via e-mail, a monthly statement (the "**Statement**") to the following parties (each, a "**Reviewing Party**" and collectively, the "**Reviewing Parties**"):

        (i) Debtor, Attn: Ryan Drexler (ryandrexler@yahoo.com and rita.mikel@musclepharm.com);

3

(ii) Debtor's bankruptcy counsel, Schwartz Law, PLLC, Attn: Samuel A. Schwartz, Esq. (saschwartz@nvfirm.com, msturm@nvfirm.com, and bbraud@nvfirm.com);

(iii) Office of the United States Trustee for the District of Nevada, Attn: Justin C. Valencia (justin.c.valencia@usdoj.gov);

(iv) Counsel retained under Section 1103 of the Bankruptcy Code to any official committee(s) established pursuant to Section 1102 of the Bankruptcy Code; and

(v) Such other persons or entities as ordered by the Court.

b. To the extent applicable, each such statement shall contain a detailed itemization of the professional fees, expense reimbursements, and costs as required by the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Section 330 (the "**Guidelines**").

c. Each Reviewing Party will have fifteen (15) days after receipt of a Statement to review it and, if otherwise justified and advisable, object. At the expiration of this 15-day review period, Debtor will promptly pay eighty percent (80%) of the professional fees, expense reimbursements, disbursements and expense reimbursements requested in such Statement, except any fees, disbursements, and expense reimbursements as to which an Objection Notice has been served by a Reviewing Party as provided in subparagraph (d) below.

d. If a Reviewing Party objects to any of the compensation or reimbursement sought in a Statement, that Reviewing Party shall, within fifteen (15) days of the receipt of the Statement, serve via e-mail upon all other Reviewing Parties a written Notice of Objection to Fee Statement (the "**Objection Notice**") setting forth the precise nature of the objection and amount to which the Objection Notice is addressed. Thereafter, the objecting party and the Professional and/or 503(b) Claimant whose Statement is the subject of the Objection Notice shall attempt to reach a resolution. If the parties are unable to reach an agreement on the objection within ten (10) days after receipt of such Objection Notice, the Professional and/or 503(b) Claimant whose Statement is the subject of the Objection Notice

shall have the option of (i) filing the Objection Notice with the Court, together with a request for payment of the disputed amount, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the issue if payment of the disputed amount is requested. Debtor shall promptly pay any portion of professional fees and compensation, disbursements, and/or expense reimbursements requested that is not the subject of an Objection Notice.

        e.        If the Court approves the proposed Compensation Procedures, the Professionals shall submit their first Statement on or before February 15, 2023. Such Statement shall cover the period from the Petition Date through January 31, 2023.

        f.        After the first 120 days following the Petition Date, and at 120-day intervals thereafter—with an additional thirty- (30)- day grace period—each Professional shall file and serve an application pursuant to Section 331 for interim approval and allowance of their respective professional fees, compensation, disbursements, and expense reimbursements for the applicable interim compensation period. Any Professional that fails to file an application when due shall be ineligible to receive further monthly payments of fees and expenses pursuant to the Compensation Procedures until such time as the Professional submits an interim compensation application in compliance with the Compensation Procedures.

        g.        The pendency of an Objection Notice to payment of compensation or reimbursement of expenses requested in either a Statement or that is otherwise the subject of an application for interim compensation shall not disqualify a Professional from future payment of professional fees and compensation, disbursements, or reimbursement of expenses as set forth in the Compensation Procedures sought through other Statements and/or interim applications for compensation.

13.        Neither the payment of, nor the failure to pay, in whole or in part, monthly interim professional fees and compensation, disbursements, and expense reimbursements as provided in the Compensation Procedures shall bind any party in interest or the Court with respect to the final allowance and award of professional fees and compensation, disbursements, and expense reimbursements of Professionals pursuant to Section 330 of the Bankruptcy Code.

14. Neither the Compensation Procedures nor any payment made pursuant to the Compensation Procedures shall be construed as: (i) an admission as to the validity of any claim against the Debtor; or (ii) a waiver of the Debtor's or any party in interest's right to dispute any claim.

## LEGAL ARGUMENT

15. Section 331 provides:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, ***or more often if the court permits***, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331 (emphasis added). Thus, absent an order of this Court, Section 331 limits the Professionals rendering services in the Chapter 11 Case to allowance and payment of fees and expenses to the default 120-day time interval set forth in Section 331.

16. However, Section 331 by its terms expressly authorizes a bankruptcy court to permit compensation more frequently than every 120 days after entry of an order for relief, and in enacting Section 331, Congress explained:

> The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 300 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 4142 (1978). Further, Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

17. As such, courts regularly enter orders establishing professional compensation procedures that vary from those procedures set forth in Section 331, including interim monthly payments in cases that are large or particularly complex. *See In re Knudsen Corp.*, 84 B.R. 668

(B.A.P. 9th Cir. 1988); *Commercial Consortium of Cal.*, 135 B.R. 120 (Bankr. S.D. Cal. 1991).  In *Knudsen*, the Ninth Circuit Bankruptcy Appellate Panel held that the bankruptcy court may authorize professional compensation procedures similar to those submitted *supra* "where the court can make the following findings[:] (1) The case is an unusually large one in which an exceptionally large amount of fees accrue each month; (2) The court is convinced that waiting an extended period for payment would place an undue hardship on counsel or other estate professionals; (3) The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above; and (4) The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder."[2] *Knudsen*, 84 B.R. at 672–73.

18.  Moreover, the Bankruptcy Court for the District of Nevada routinely grants interim monthly compensation procedures consistent with those Debtor requests here in business restructuring cases of similar size and complexity to the Chapter 11 Case.  *See In re Riviera Holdings Corporation*, Case No. 10-22910-LBR, ECF No. 148 (Bankr. D. Nev. 2010); *In re Zante, Inc.*, Case No. 09-50746-GWZ, ECF No. 305 (Bankr. D. Nev. 2009); *In re Lake at Las Vegas Joint Venture, LLC*, Case No. BK-S-08-17814-LBR, ECF No. 490 (Bankr. D. Nev. 2008).

19.  Here, Debtor anticipates this Chapter 11 Case will generate and require a substantial volume of professional work, and thereby the accrual of fees by Professionals in amounts large enough to unduly burden the Professionals during the extended period before approval of interim fee applications.  *See* Schwartz Decl., ¶ 6.  Moreover, in light of the financial positions of the Professionals, to the extent necessary, fees would be recoverable.  (*Id.* at ¶ 7).

---

[2] Regarding the second factor, the *Knudsen* court stated that:

> The ability to recover fees may be assured by a variety of methods including, without limitation, the following: retainer payments are for only a percentage of the amount billed so that the likelihood or necessity of repayment is minimal; counsel can post a bond covering any possible reassessment; counsel's financial position makes it certain that any reassessment can be repaid; funds paid prior to allowance are held in a trust account until a final or interim fee allowance is made.

*Knudsen*, 84 B.R. at 672.

20. Finally, the requested procedures herein will assist the Debtor and all parties in interest in monitoring the costs of administration and enable the Debtor to maintain level cash flow, implement efficient cash management procedures, and prepare accurate forecasts.

## CONCLUSION

WHEREFORE, Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit 1**, establishing the requested Compensation Procedures for interim monthly compensation and reimbursement of expenses of Professionals and granting such other and further relief as is just and proper.

Dated: December 27, 2022.

SCHWARTZ LAW, PLLC

By: */s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
601 East Bridger Avenue
Las Vegas, NV 89101

*Proposed Attorneys for Debtor*

# EXHIBIT 1

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Proposed Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: January 24, 2023<br>Hearing Time: 9:30 AM PST |

[*PROPOSED*] **ADMINISTRATIVE ORDER ESTABLISHING**
**PROCEDURES FOR INTERIM MONTHLY COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "**Motion**")[1] of MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "**Debtor**"), by and through its proposed counsel of record, Schwartz Law, PLLC, for entry of an Administrative Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals; and upon the record of the hearing held on the Motion; and the Court having determined that the

---

[1] Any capitalized term not defined herein shall have the meaning ascribed to that term in the Motion.

1

relief requested in the Motion is in the best interests of Debtor, its estate, creditors, and other parties-in interest; and it appearing this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Court may enter a final order granting the Motion consistent with Article III of the United States Constitution, and it appearing that proper and adequate notice of the Motion has been given under the particular circumstances and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED.

2. The procedure for interim monthly compensation and reimbursement of expenses of the Professionals (the "**Compensation Procedures**") shall be as follows, unless otherwise ordered by the Court:

    a. On or before the 15th day of each month following the month for which the Professional and/or 503(b) Claimant seek(s) compensation, each Professional and/or 503(b) Claimant will submit, via e-mail, a monthly statement (the "**Statement**") to the following parties (each, a "**Reviewing Party**" and collectively, the "**Reviewing Parties**"):

        (i) Debtor, Attn: Ryan Drexler (ryandrexler@yahoo.com and rita.mikel@musclepharm.com);

        (ii) Debtor's bankruptcy counsel, Schwartz Law, PLLC, Attn: Samuel A. Schwartz, Esq. (saschwartz@nvfirm.com, msturm@nvfirm.com, and bbraud@nvfirm.com);

        (iii) Office of the United States Trustee for the District of Nevada, Attn: Justin C. Valencia (justin.c.valencia@usdoj.gov);

        (iv) Counsel retained under Section 1103 of the Bankruptcy Code to any official committee(s) established pursuant to Section 1102 of the Bankruptcy Code; and

        (v) Such other persons or entities as ordered by the Court.

b.     To the extent applicable, each such statement shall contain a detailed itemization of the professional fees, expense reimbursements, and costs as required by the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Section 330 (the "**Guidelines**").

c.     Each Reviewing Party will have fifteen (15) days after receipt of a Statement to review it and, if otherwise justified and advisable, object. At the expiration of this 15-day review period, Debtor will promptly pay eighty percent (80%) of the professional fees, expense reimbursements, disbursements and expense reimbursements requested in such Statement, except any fees, disbursements, and expense reimbursements as to which an Objection Notice has been served by a Reviewing Party as provided in subparagraph (d) below.

d.     If a Reviewing Party objects to any of the compensation or reimbursement sought in a Statement, that Reviewing Party shall, within fifteen (15) days of the receipt of the Statement, serve via e-mail upon all other Reviewing Parties a written Notice of Objection to Fee Statement (the "**Objection Notice**") setting forth the precise nature of the objection and amount to which the Objection Notice is addressed. Thereafter, the objecting party and the Professional and/or 503(b) Claimant whose Statement is the subject of the Objection Notice shall attempt to reach a resolution. If the parties are unable to reach an agreement on the objection within ten (10) days after receipt of such Objection Notice, the Professional whose Statement is the subject of the Objection Notice shall have the option of (i) filing the Objection Notice with the Court, together with a request for payment of the disputed amount, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the issue if payment of the disputed amount is requested. Debtor shall promptly pay any portion of professional fees and compensation, disbursements,

and/or expense reimbursements requested that is not the subject of an Objection Notice.

  e. The Professionals shall submit their first Statement on or before February 15, 2023. Such Statement shall cover the period from the Petition Date through January 31, 2023.

  f. After the first 120 days following the Petition Date, and at 120-day intervals thereafter—with an additional thirty- (30)- day grace period—each Professional shall file and serve an application pursuant to Section 331 for interim approval and allowance of their respective professional fees, compensation, disbursements, and expense reimbursements for the applicable interim compensation period. Any Professional that fails to file an application when due shall be ineligible to receive further monthly payments of fees and expenses pursuant to the Compensation Procedures until such time as the Professional submits an interim compensation application in compliance with the Compensation Procedures.

  g. The pendency of an Objection Notice to payment of compensation or reimbursement of expenses requested in either a Statement or that is otherwise the subject of an application for interim compensation shall not disqualify a Professional from future payment of professional fees and compensation, disbursements, or reimbursement of expenses as set forth in the Compensation Procedures sought through other Statements and/or interim applications for compensation.

3. Any Professionals approved by the Court and 503(b) Claimants shall adhere to the procedures set forth herein for compensation and approval of their fees (as otherwise applicable) except as otherwise ordered or excused by the Court.

4. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim professional fees and compensation, disbursements, and expense reimbursements as provided in the Compensation Procedures shall bind any party in interest or the Court with respect to final

allowance and award of professional fees and compensation, disbursements, and expense reimbursements of Professionals pursuant to Section 330.

5. Neither the Compensation Procedures nor any payment made pursuant to the Compensation Procedures shall be construed as: (i) an admission as to the validity of any claim against the Debtor; or (ii) a waiver of the Debtor's or any party in interest's right to dispute any claim.

6. The failure of a party in interest to object to fees on an interim basis as set forth herein does not constitute consent to any interim or final fee applications that might be made, it being expressly understood that all objections to interim or final allowance of compensation and reimbursement are reserved until such interim or final fee applications, as applicable, are heard and decided by this Court.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Prepared and submitted by:

SCHWARTZ LAW, PLLC

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
601 East Bridger Avenue
Las Vegas, NV 89101

*Proposed Attorneys for Debtor*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel and any unrepresented parties who appeared at the hearing, except those as to whom review was waived on the record at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

###