Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
blindsey@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887
*Proposed Attorneys for the Debtor*

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| In re: | ) Case No.: BK-22-14422-NMC |
| | ) |
| MUSCLEPHARM CORPORATION, | ) Chapter 11 |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME
TO HEAR DEBTOR'S EMERGENCY MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS: (I) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION
FINANCING, (II) GRANTING PRIMING LIENS AND ADMINISTRATIVE EXPENSE
CLAIMS, (III) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL, (IV)
MODIFYING THE AUTOMATIC STAY, AND (V) GRANTING RELATED RELIEF**

MusclePharm Corporation, the debtor in the above-referenced Chapter 11 case ("**Debtor**"),

by and through its proposed counsel of record, Schwartz Law, PLLC, hereby file this ex parte

application (the "**Application**") for an order shortening time to hear, on an interim basis, the

Debtor's Emergency Motion for Entry of Interim and Final Orders: (I) Authorizing Debtor to

Obtain Post-Petition Financing, (II) Granting Priming Liens and Administrative Expense Claims,

(III) Authorizing the Debtor's Use of Cash Collateral, (IV) Modifying the Automatic Stay, and (V)

Granting Related Relief (the "**DIP Financing Motion**"):[1]

---

[1]    Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11
U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**").  All references to a "**Chapter**" or "**Section**" shall be to

1    This Application is made pursuant to Bankruptcy Rule 9006, Local Rule 9006, the

2    declaration of Samuel A. Schwartz, Esq. (the "**Schwartz Declaration**"), attached hereto as **Exhibit**

3    **1**, the points and authorities set forth below, and the pleadings and papers and other records

4    contained in this Court's file, judicial notice of which is respectfully requested.

5    **LEGAL ARGUMENT**

6    Section 105 of the Bankruptcy Code allows this court to issue such orders as are necessary

7    to carry out the provisions of this title.  Bankruptcy Rule 9006(c)(l) permits a bankruptcy court, for

8    cause shown and, in its discretion, to reduce the period during which any notice is given in

9    accordance with the bankruptcy rules.  Bankruptcy Rule 9006(c)(l) provides as follows:

> Except as provided in paragraph 2 of this subdivision, when an act is
> required or allowed to be done at or within a specified time by these
> rules or by a notice given thereunder or by order of the court, the court
> for cause shown may, in its discretion with or without motion or notice
> order the period reduced.

Fed. R. Bankr. P. 9006(c)(1).

The operative section of the Bankruptcy Code's rules of construction set forth in 11 U.S.C.

§ 102(1) define the phrase "after notice and a hearing," or similar phrases used throughout the

Bankruptcy Code and Bankruptcy Rules as follows:

> (A) … after such notice as is appropriate in the particular circumstances,
> and such opportunity for a hearing as is appropriate in the particular
> circumstances; but (B) authorizes an act without an actual hearing if
> such notice is given properly and if – (i) such a hearing is not requested
> timely by a party in interest; or (ii) there is insufficient time for a hearing
> to be commenced before such an act must be done, and the court
> authorizes such an act.

11 U.S.C. § 102(1); *see also* Fed. R. Bankr. P. 9001 (making the Bankruptcy Code's rules of

construction applicable to the Federal Rules of Bankruptcy Procedure).

Relief under Bankruptcy Rule 9006(c)(1) is committed to the Court's discretion.  *See, e.g.,*

*In re Phila. Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012). "In exercising that discretion, [the

Court] should consider the prejudice to parties entitled to notice and weigh this against the reasons

---

the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-
9037. "**Civil Rule**" references are to the Federal Rules of Civil Procedure 1-86.  "**Local Rule**" or "**LR**" references are
to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada.

1    for hearing the motion on an expedited basis." *Id.*

2        Local Rule 9006 provides further authority for shortening the time for a hearing. According

3    to Local Rule 9006(b), every application for an order shortening time must be accompanied by a

4    declaration stating the reasons for an expedited hearing.

5        As set forth in the Schwartz Declaration, there are compelling reasons for an expedited

6    hearing on the motions identified above. The Debtor is requesting that the <u>interim hearing</u> on the

7    DIP Financing Motion be heard on **January 5, 2023, at 9:30 a.m.**, the same date and time as other

8    first day motions are set to be heard in this case. Importantly, the Debtor needs financing to be

9    able to fund payroll on Thursday, January 5, 2023.

10        WHEREFORE, the Debtors respectfully submit that cause exists both under 11 U.S.C.

11    § 102(1) and under Bankruptcy Rule 9006(c)(1) to grant the relief requested herein, and

12    respectfully prays that the Court set an emergency hearing on the First Day Motions at the Court's

13    earliest convenience.

14        Dated: January 3, 2023.

SCHWARTZ LAW, PLLC

15

16    By: /s/ *Samuel A. Schwartz*

17    Samuel A. Schwartz, Esq.
      Bryan A. Lindsey, Esq.

18    601 East Bridger Avenue
      Las Vegas, NV  89101

19

20    *Proposed Attorneys for the Debtor*

21

22

23

24

25

26

27

28

3

# Exhibit 1

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
blindsey@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Proposed Attorneys for the Debtor*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

In re:

MUSCLEPHARM CORPORATION,

Debtor.

)
)
)
)
)
)
)

Case No.: BK-22-14422-NMC

Chapter 11

## DECLARATION OF SAMUEL A. SCHWARTZ, ESQ.

Samuel A. Schwartz, being duly sworn, deposes and says:

1.      I, Samuel A. Schwartz, am the principal of Schwartz Law, PLLC ("**SL**"), and I am duly licensed to practice law in the State of Nevada and this Court. I make this declaration based on my own personal knowledge except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

2.      SL is proposed counsel for MusclePharm Corporation, the debtor in the above-captioned Chapter 11 case (the "**Debtor**"). I submit this declaration (the "**Declaration**") in support of the Debtor's ex parte application for an order shortening time (the "**Application**"), to which this Declaration is attached as **Exhibit 1**.

3.      On January 3, 2023, the Debtor filed its Emergency Motion for Entry of Interim and Final Orders: (I) Authorizing Debtor to Obtain Post-Petition Financing, (II) Granting Priming Liens and Administrative Expense Claims, (III) Authorizing the Debtor's Use of Cash Collateral, (IV)

1

Modifying the Automatic Stay, and (V) Granting Related Relief (the "**DIP Financing Motion**").

*See* ECF No. 33.

4.     As more fully set forth in the Application and the DIP Financing Motion, the Debtor is requesting that <u>interim hearing</u> on the DIP Financing Motion be heard on shortened time as immediate relief is necessary to provide for the continued uninterrupted operation of the Debtor's business post-petition, to stabilize operations, to fund the administration of the Chapter 11 case, and ultimately, to allow for a successful reorganization.

5.     There are compelling reasons for an expedited hearing on the motion identified above.  The Debtor is requesting that the <u>interim hearing</u> on the DIP Financing Motion be heard on **January 5, 2023, at 9:30 a.m.**, the same date and time as other first day motions are set to be heard in this case.

6.     Importantly, the Debtor needs financing to be able to fund payroll on Thursday, January 5, 2023.  Without the DIP Financing (which DIP Financing Motion also requests authority to use cash collateral), the Debtor will not be able to fund its payroll obligations, which it must fund on Thursday, January 5, 2023, to make sure that payroll is paid on Monday, January 9, 2023.

Based upon the foregoing, it is respectfully submitted that good cause exists for granting an order shortening time for hearing the First Day Motions.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 3, 2023.

/s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.

2