GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6665
E-mail:  ggarman@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail:  wnoall@gtg.legal
MARK M. WEISENMILLER
Nevada Bar. No. 12128
Email: mweisenmiller@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Empery Tax Efficient, LP as Agent and Collateral Agent for certain Noteholders*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Date: January 5, 2023<br>Time: 9:30 a.m. |

### LIMITED OBJECTION TO DEBTOR'S EMPLOYEE BENEFITS MOTIONS

Empery Tax Efficient, LP, in its capacity as collateral agent (in such capacity, "Empery") of the Secured Noteholders with respect to the Notes (both defined in Silver Declaration), by and through its counsel, Garman Turner Gordon LLP, hereby files its limited objection (the "Limited Objection") to the *Debtor's Motion for Entry of an Order (I) Authorizing But Not Directing, Debtor to Pay, Inter Alia, Prepetition Employee Wages and (II) Granting Related Relief* [ECF No. 14] (the "Motion"), filed by MusclePharm Corporation (the "Debtor") on December 27, 2022.

This Limited Objection is made and based upon the following Memorandum of Points and Authorities, the omnibus declaration of Tim Silver ("Silver Decl.") to be filed,[1] the papers and pleadings on file, judicial notice of which is respectfully requested pursuant to Federal Rule of

---

[1] Empery incorporates by this reference the facts set forth in the omnibus Silver Declaration, which Empery expects to file on or before January 4, 2023.

Evidence 201, and such further evidence and argument that may be presented and considered by this Court at any hearing on the Motion.

## I.
## LIMITED OBJECTION

The Motion should be denied until Debtor provides sufficient detail and evidence to support the extraordinary relief requested in the Motion. The "general rule is that a distribution on prepetition debt in a Chapter 11 case should not take place except pursuant to a confirmed plan of reorganization, absent extraordinary circumstance." See In re Airbeds, Inc., 92 B.R. 419, 422 (B.A.P. 9th Cir. 1988). The immediate payment of prepetition employee benefit claims are sometimes necessary to retain a debtor's employees; therefore, such payments may be critical to maintaining a debtor's business operations, the value of its assets, and its liquidation efforts. As a result, courts have held that pursuant to Sections 105(a), 363(b), 507(a)(4), and 507(a)(5), pre-petition benefit claims may be payable outside of a plan of reorganization by virtue of their necessity, as well as their priority. See In re CEI Roofing, Inc., 315 B.R. 50, 61 (Bankr. N.D. Tex. 2004); In re The Colad Group, Inc., 324 B.R. 208, 214 (Bankr. W.D.N.Y. 2005). See also In re Adams Apple, Inc., 829 F.2d 1484, 1490 (9th Cir. 1987) (acknowledging the "doctrine of necessity," and noting that cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, including specifically within the context of pre-petition wages).

Here, however, Debtor seeks extraordinary relief in the Motion but provides no detail and little evidentiary support for the Motion. In the Motion, Debtor requests entry of an order:

    a.    authorizing, but not directing, Debtor to continue to honor and pay all Employee obligations and prepetition federal and state withholding obligations, including Wage Obligations, Employee-Related Taxes, Workers' Compensation Obligations, and Employee Benefit Obligations, each as defined and described more fully herein to Employees (collectively, the "Employee Obligations");

    b.    authorizing Debtor's banks (the "Banks") to receive, process, honor and pay all of the Debtor's prepetition checks and fund transfers on account of any of the Employee Obligations, prohibiting the Banks from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for the Employee Obligations; and authorizing Debtor to issue new postpetition checks or effect new postpetition fund transfers on account of the Employee Obligations to replace any prepetition checks of fund transfer requests that may be dishonored or rejected; and

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

  c. providing any additional relief in order to effectuate the foregoing, pending entry of a final order granting the relief sought herein.

Motion, p. 3.  Yet, the Motion and supporting *Omnibus Declaration of Gary Shirshac in Support of Debtor's Emergency Petition, First Day Motions and Related Relief* [ECF No. 34] ("First Day Declaration") fail to disclose who the employees are, their job titles and hire dates, summaries of their duties and responsibilities, the specific payment amount to each employee for which authorization is requested, and the employees' total annual compensation amounts.  Without these details, there is no way to determine if the Motion seeks authorization to make payments to employees outside the ordinary course of business, consistent with Debtor's past practices, that such payments do not represent any material increase in any categories, whether payments are to insiders, and if continued service by the employees is necessary to the value and preservation of Debtor's assets and reorganization.  Moreover, Debtor does not contend or provide evidence that any of its employees have threatened to resign if their prepetition benefit claims are not paid immediately.

 Until such information and evidence is submitted to the Court, the Court should deny the Motion.

## II.<br>CONCLUSION

 **WHEREFORE**, Empery requests that the Court deny the Motion until such information and evidence is submitted to the Court and grant such different and further relief as the Court deems just.

 DATED this 3rd day of January, 2023.

                GARMAN TURNER GORDON LLP

                */s/ Mark M. Weisenmiller*
                GREGORY E. GARMAN, ESQ.
                WILLIAM M. NOALL, ESQ.
                MARK M. WEISENMILLER, ESQ.
                *Attorneys for Empery Tax Efficient, LP as Agent and Collateral Agent for certain Noteholders*