GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6665
E-mail:  ggarman@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail:  wnoall@gtg.legal
MARK M. WEISENMILLER
Nevada Bar. No. 12128
Email: mweisenmiller@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Empery Tax Efficient, LP as
Agent and Collateral Agent for certain
Secured Noteholders*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Date:  January 5, 2023<br>Time:  9:30 a.m. |

**FIRST SUPPLEMENT TO OBJECTION TO EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS: (I) AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING, (II) GRANTING PRIMING LIENS AND ADMINISTRATIVE EXPENSE CLAIMS, (III) AUTHORIZING THE DEBTOR'S USE OF CASH COLLATERAL, (IV) MODIFYING THE AUTOMATIC STAY, AND (V) GRANTING RELATED RELIEF AND COUNTER MOTION TO STRIKE**

Empery Tax Efficient, LP, in its capacity as collateral agent (in such capacity, "Empery") of the Secured Noteholders with respect to the Notes (both defined below), by and through its counsel, Garman Turner Gordon LLP, hereby files its first supplement to its *Objection to Emergency Motion for Entry of Interim and Final Orders: (i) Authorizing Debtor to Obtain Post-Petition Financing, (ii) Granting Priming Lines and Administrative Expense Claims, (iii) Authorizing the Debtor's use of Cash Collateral, (iv) Modifying the Automatic Stay, and (v) Granted Related Relief* [ECF No. 51] ("Objection") and countermotion to strike ("Countermotion").

Yesterday morning, Debtor filed its *Emergency Motion for Entry of Interim and Final*

1  *Orders: (i) Authorizing Debtor to Obtain Post-Petition Financing, (ii) Granting Priming Lines*
2  *and Administrative Expense Claims, (iii) Authorizing the Debtor's use of Cash Collateral, (iv)*
3  *Modifying the Automatic Stay, and (v) Granted Related Relief* [ECF No. 33] (the "Motion"),
4  seeking extraordinary relief on less than two days' notice. Simultaneously with the filing of the
5  Motion, Debtor filed the *Omnibus Declaration of Gary Shirshac in Support of Debtor's*
6  *Emergency Petition, First Day Motions and Related Relief* [ECF No. 34] ("First Shirshac
7  Declaration"). The First Shirshac Declaration expressly states that it is in support of the Motion
8  at 2:7-11. Neither the Motion nor the First Shirshac Declaration contain any evidence with respect
9  to the value of Debtor's property or Empery's collateral.

10  Today, less than 24 hours prior to the scheduled hearing on the Motion, Debtor filed two
11  (2) additional declarations in support of the Motion: (i) the *Declaration of Gary Shirshac in*
12  *Support of Debtor's Emergency Motion for Entry of Interim and Final Orders: (i) Authorizing*
13  *Debtor to Obtain Post-Petition Financing, (ii) Granting Priming Lines and Administrative*
14  *Expense Claims, (iii) Authorizing the Debtor's use of Cash Collateral, (iv) Modifying the*
15  *Automatic Stay, and (v) Granted Related Relief* [ECF No. 44] (the "Second Shirshac Declaration");
16  and (ii) the *Declaration of Samuel A. Schwartz, Esq. in Support of Debtor's Emergency Motion*
17  *for Entry of Interim and Final Orders: (i) Authorizing Debtor to Obtain Post-Petition Financing,*
18  *(ii) Granting Priming Lines and Administrative Expense Claims, (iii) Authorizing the Debtor's use*
19  *of Cash Collateral, (iv) Modifying the Automatic Stay, and (v) Granted Related Relief* [ECF No.
20  45] (the "Schwartz Declaration"). In the Schwartz Declaration, at paragraph 13 [3:12-16], Mr.
21  Schwartz testifies, in pertinent part that "The Silver Affidavit confirms my understanding that
22  Empery believes the value of the Debtor's assets exceeds the value of the Debtor's secured debt.
23  Specifically, Mr. Silver indicated that he attended Empery's scheduled UCC Article 9 sale of the
24  Debtor's intellectual property on December 15, 2022, and stated the following regarding the
25  proposed bids for the Debtor's IP . . . ." (emphasis added.)
26  This testimony states two things. First, that Mr. Schwartz has an "understanding that
27  Empery believes the value of the Debtor's assets exceeds the value of the Debtor's secured debt."
28  Though nowhere in the Schwartz Declaration does Mr. Schwartz testify regarding the basis for his

supposed understanding of Empery's belief concerning the value of Debtor's assets and whether it exceeds the value of Debtor's secured debt. Second, however, Mr. Schwartz testifies that his belief is confirmed by a paragraph in an affidavit made by Tim Silver filed in New York (the "New York Affidavit"), which provides as follows:

> I personally participated in the Article 9 Sale on December 15, 2022 until it was stopped by the MusclePharm bankruptcy filing. When the Article 9 Sale began on December 15, 2022, two bidders were present whom I knew to have been qualified by Sherwood Partners to bid $30 million or more for the collateral. Prior to qualifying to bid, those two bidders were aware that Empery had the ability to credit bid up to the full amount of the outstanding Notes, with interest and other amounts due and owing. The two bidders decided to qualify to participate in the auction well in excess of that amount. Indeed, one bidder initially qualified to bid only up to $17 million, but later increased its qualified amount to $34 million. As a result, it seemed inevitable that the assets sold at auction on December 15, 2022, would have been for an amount that paid Empery and the Secured Noteholders in full. Moreover, had the assets been sold at auction, MusclePharm's business could have been revived without significant financial damage to the brand.

See Exhibit 2 to the Schwartz Declaration, ¶ 27.

Though Mr. Silver testified in the New York Affidavit that two bidders were present at the Empery Article 9 sale who were qualified by the auctioneer to bid in the excess of $30 million, there is no statement by Mr. Silver and no evidence whatsoever that either of these bidders would have in fact bid any amount at the Article 9 Sale. Plainly put, this is not evidence of value or evidence of Empery's belief that the value of Debtor's assets exceeds the value of the Debtor's secured debt, certainly not now.

When the entirety of the New York Affidavit is read in context, it will be seen by the Court that paragraph 27 cited by Mr. Schwartz is taken out of context. As the Court will see in reviewing the New York Affidavit in full, the affidavit in material part testifies to the ongoing diminution in value of Empery's collateral.

Federal Rule of Evidence ("FRE") 104(b) provides that "Relevance That Depends on a Fact. When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist. The court may admit the proposed evidence on the condition that the proof be introduced later." FRE 602 provides that "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the

witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703." Mr. Schwartz is not an expert under FRE 703.

Paragraph 12 of the Schwartz Declaration must be stricken as there is no testimony supporting a foundation for Mr. Schwartz supposed understanding of Empery's belief concerning the value of Debtor's assets and whether they exceed the value of Debtor's secured debt as required by FRE 602 and 104(b). FRE 703 is not applicable. Further, the New York Affidavit that Mr. Schwartz states "confirms" his understanding, considering the quoted portion of the New York Affidavit as set forth in the Schwartz Declaration and the Affidavit in toto, is not evidence of Empery's belief or the value of the assets in question, and the New York Affidavit demonstrates diminution in value since the Article 9 sale was stayed by the automatic stay. Therefore, the Court should strike paragraph 12 of the Schwartz Declaration.

In the Schwartz Declaration, at paragraph 14 [3:27-28; 4: 1], Mr. Schwartz testifies "<u>Based on the foregoing, the value of the Debtor's assets, namely its IP, exceeds the value of any secured debt of the Debtor, and Empery and Prestige enjoy a significant equity cushion</u> in their collateral." (emphasis added). Other than the testimony in paragraph 12 of the Schwartz Declaration, there is no other testimony regarding valuation. Therefore, paragraph 13 must be based on the testimony in paragraph 12. If paragraph 12 of the Schwartz Declaration is stricken, paragraph 13 must be stricken as well.

DATED this <u>4th</u> day of January, 2023.

GARMAN TURNER GORDON LLP

 <u>/s/ Mark M. Weisenmiller</u>
WILLIAM M. NOALL, ESQ.
GREGORY E. GARMAN, ESQ.
MARK M. WEISENMILLER, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Empery Tax Efficient, LP as Agent and Collateral Agent for certain Secured Noteholders*