_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
January 09, 2023

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887
*Proposed Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-14422-nmc |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Interim Hearing Date: January 6, 2023 |
| | Interim Hearing Time: 9:30 a.m. (PT) |

**FIRST INTERIM ORDER PURSUANT TO EMERGENCY MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO 11 U.S.C. §§ 105, 361, 362, 363, AND 364 AND FED. R. BANKR. P. 4001(B) AND 4001(D): (I) AUTHORIZING THE DEBTOR TO OBTAIN POST-PETITION FINANCING, (II) GRANTING PRIMING LIENS AND ADMINISTRATIVE EXPENSE CLAIMS, (III) DETERMINING ADEQUATE PROTECTION, (IV) MODIFYING THE AUTOMATIC STAY, AND (V) GRANTING RELATED RELIEF**

Upon the motion ("**Motion**")[1] of MusclePharm Corporation, the chapter 11 debtor and debtor in possession herein ("**MusclePharm**" or the "**Debtor**"), for entry of an interim and final orders pursuant to Sections[2] 105, 361, 362, 363, and 364 of the Bankruptcy Code, Bankruptcy Rules

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

[2] Unless otherwise stated, all references to "**Section**" herein shall be to title 11 of the U.S. Code (the "**Bankruptcy Code**"); all references to a "**Bankruptcy Rule**" shall refer to the Federal Rules of Bankruptcy

1

2002, 4001, 6004, and 9014, and Local Rule 4001, requesting the Court, in pertinent part, to authorize the Debtor to obtain emergency credit and incur debt on an interim basis (the "**DIP Financing**"), and the Debtor having negotiated and filed a substitute term sheet (the "**Term Sheet**") with the Court on January 6, 2023 (ECF No. 65) between the Debtor, as borrower, and Empery Tax Efficient, L.P. ("**Empery**" or the "**Lender**"), as Lender, in lieu of White Winston as the originally proposed lender in the Motion; to provide the DIP Financing, on the terms set forth in the Term Sheet; and sufficient notice of the Motion and the First Interim Hearing having been provided under the circumstances by the Debtor; and the Court having continued the First Interim Hearing from January 5, 2023, to January 6, 2023, at 9:30 a.m.; and after considering the Motion and all pleadings and papers filed with this Court in connection with the Motion, including any objections to the Motion, and the argument of counsel at the First Interim Hearing; and upon the record made by the Debtor and others at the First Interim Hearing; and the Court having found and determined that, subject to the terms of this first interim order (the "**First Interim Order**"), the relief sought in the Motion, as amended by the substitution of the Term Sheet to the extent provided below, is in the best interests of the Debtor, its estate, creditors, and all parties in interest; and after due deliberation and consideration and good and sufficient cause appearing therefore:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**:

1. **Interim Approval**. The Motion is **GRANTED on an interim basis and** only to the extent provided by this First Interim Order through the date and time of the Second Interim Hearing (defined below). All provisions of the Term Sheet not authorized or allowed pursuant to the First Interim Order are not approved and are reserved for allowance or denial as the Court may determine hereafter. The lender protections for advances made by Empery on an interim basis pursuant to this First Interim Order shall be limited to the provisions set forth below.

2. **Approved Funding**. The Debtor is hereby authorized to borrow from Empery an aggregate amount up to $150,000 on an interim basis (the "**Approved Empery Funding**").

3. **Use of the Approved Funding**. The Approved Empery Funding shall be used by

---

Procedure; and all references to a "**Local Rule**" or "**LR**" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

2

the Debtor to pay for only those reasonable expenses associated with: (i) payroll; (ii) insurance; (iii) product labeling; and (iv) other reasonable and necessary operational expenses, up to the amount of the Approved Empery Funding.

4. **Priority and Security of the Approved Funding**.  All amounts of the Approved Empery Funding by Empery shall have: (i) a superpriority administrative expense claim in accordance with Section 364(c)(1) of the Bankruptcy Code; and (ii) without the necessity of the execution by the Debtor or the filing or recordation of liens, security agreements, lock box or control agreements, financing statements or any other instruments of otherwise), valid, binding and fully perfected security interests in an liens (the "**DIP Liens**") with co-priority with the Prepetition Secured Parties (as defined in the Term Sheet) upon all property of the Debtor and all other property of the estate within the meaning of Section 541 of the Bankruptcy Code, including, without limitation, the cash collateral and the prepetition collateral (collectively, the "**Collateral**"); however, which Collateral does not include (i) the Debtor's commercial tort claims, and (ii) bankruptcy claims and causes of action arising under Sections 502(d), 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code and any other avoidance actions under the Bankruptcy Code and state law equivalents and the proceeds thereof.  The liens granted post-petition by the Debtor to Empery pursuant to this First Interim Order shall not impair nor have any priority over, and are subject to, the pre-petition liens of Prestige Capital Finance, LLC ("**Prestige**") that are senior to those pre-petition liens of Empery pursuant to the parties' pre-petition intercreditor agreement.  To the extent this First Interim Order grants any other rights post-petition to Empery (including but not limited to the super-priority administrative expense status), those rights shall not impair nor have any priority over, and are subject to, the prepetition liens of Prestige.

5. **Board of Directors**.  Effective immediately upon the entry of the First Interim Order, all members of the Debtor's board of directors (other than Paul Karr) shall be deemed removed and the Debtor's sole remaining director shall be Paul Karr.  Upon issuance of director and officer insurance, acceptable to each of the New Board Members (defined below), (i) Jeffrey Gasbarra of Portage Point Partners, LLC, and (ii) Eric Hillman (together, the "**New Board Members**"); shall be appointed to the Debtor's board of directors without further corporate action

or order of this Court.  Subsequent to the entry of this First Interim Order, none of the Debtor's board of directors may be replaced without prior written consent of the Official Committee of Unsecured Creditors and DIP Agent.

6. **No Obligation to Fund**.  This First Interim Order does not obligate Empery to make the Approved Empery Funding.

7. **First Interim Order Effective**.  This First Interim Order shall be treated as a "speaking order" and take effect immediately notwithstanding anything to the contrary prescribed by applicable law.

8. **Second Interim Hearing**.  The Bankruptcy Court shall hold a second interim hearing to consider the relief requested by the Debtor in the Motion as modified by the Term Sheet on a further interim basis on **January 13, 2023, at 9:30 a.m. prevailing Pacific Time** (the "**Third Interim Hearing**").  All pleadings and papers for this Court to consider at the Third Interim Hearing shall be filed with the Court no later than January 12, 2023, at 12:00 p.m. prevailing Pacific Time.

9. **Retention of Jurisdiction**.  The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this First Interim Order.

**IT IS SO ORDERED.**

Submitted by:

SCHWARTZ LAW, PLLC

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV 89101

*Proposed Attorneys for the Debtor*

| | |
|---|---|
| Approved: | Approved: |
| TRACY HOPE DAVIS<br>UNITED STATES TRUSTEE | CARLYON CICA CHTD. |
| By: /s/ *Jared A. Day*<br>Jared A. Day, Esq.<br>United States Department of Justice<br>*Attorney for the United States Trustee* | By: /s/ *Candace Carlyon*<br>Candace Carlyon, Esq.<br>*Attorneys for Ryan Drexler* |
| Approved: | Approved: |
| GARMAN TURNER GORDON | PACHULSKI STANG ZIEHL & JONES LLP |
| By: /s/ *Mark M. Weisenmiller*<br>Mark M. Weisenmiller, Esq.<br>*Attorneys for Empery Tax Efficient, L.P.* | By: /s/ *Jason Rosell*<br>Jason Rosell, Esq.<br>*Attorneys for the Official Committee of Unsecured Creditors* |
| Approved: | Approved: |
| JEFFREY D. STERNKLAR LLC | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| By: /s/ *Jeffrey D. Sternklar*<br>Jeffrey D. Sternklar, Esq.<br>*Attorneys for White Winston Select Asset Funds, LLC* | By: /s/ *Ogonna Brown*<br>Ogonna Brown, Esq.<br>*Attorneys for Prestige Capital Finance, LLC* |

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐     The court has waived the requirement set forth in LR 9021(b)(1).

☐     No party appeared at the hearing or filed an objection to the motion.

☒     I have delivered a copy of this proposed order to all counsel and any unrepresented parties who appeared at the hearing, except those as to whom review was waived on the record at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

| | |
|---|---|
| Jared A. Day, Esq.<br>*United States Department of Justice* | **Approved**/~~Disapproved~~ |
| Mark M. Weisenmiller, Esq.<br>*Attorneys for Empery Tax Efficient, L.P.* | **Approved**/~~Disapproved~~ |
| Candace Carlyon, Esq.<br>*Attorneys for Ryan Drexler* | **Approved**/~~Disapproved~~ |
| Jason Rosell, Esq.<br>*Attorneys for the Official Committee*<br>*of Unsecured Creditors* | **Approved**/~~Disapproved~~ |
| Ogonna Brown, Esq.<br>*Attorneys for Prestige Capital Finance, LLC* | **Approved**/~~Disapproved~~ |
| Jeffrey D. Sternklar, Esq.<br>*Attorneys for White Winston Select*<br>*Asset Funds, LLC* | **Approved**/~~Disapproved~~ |

☐     I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

###