James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  jshea@shea.law
         blarsen@shea.law
         kwyant@shea.law

-and-

**JEFFREY D. STERNKLAR LLC**
Jeffrey D. Sternklar, Esq. (*Admitted Pro Hac Vice*)
Massachusetts Bar No. 549561
101 Federal Street, Suite 1900
Boston, Massachusetts 02110
Telephone:   (617) 207-7800
Email:  jeffrey@sternklarlaw.com

*Attorneys for Creditor White Winston Select Asset Funds, LLC*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>MUSCLEPHARM CORPORATION<br><br>Debtor. | Chapter 11<br><br>Case No.: 22-14422-nmc |

**INTERIM OBJECTION OF CREDITOR WHITE WINSTON SELECT ASSET FUNDS, LLC TO APPROVAL OF DEBTOR IN POSSESSION FINANCING BY EMPERY TAX EFFICIENT, L.P.**

Creditor White Winston Select Asset Funds, LLC ("WW"), by and through its undersigned counsel, and to comply with this Court's order establishing a deadline for filing objections to

further interim financing from Empery Tax Efficient, L.P. ("Empery"), hereby files this Interim Objection timely and respectfully submits the following:

1. As of the filing of this Interim Objection, WW and Empery have both submitted new and different proposals for debtor in possession financing to the Debtor. Upon information and belief, the Debtor is reviewing these proposals and continues negotiations with WW and Empery. Accordingly, events are fluid and changing rapidly as negotiations and litigation among the parties continues. While this Interim Objection is interposed to the only term sheet from Empery that has been made public [ECF No. 65], WW reserves the right to supplement, amend or modify this interim objection as events and changes to Empery's term sheet warrant.

2. WW remains of the same view it had at the January 6 hearing – any approval of the Empery financing should be interim and clean. WW will not object to substantially the same form of order entered by the Court after the January 6 hearing, that provides any Empery financing (i) is limited in dollar amount to the amount that is absolutely necessary prior to any further hearing to avoid irreparable and immediate harm to the Debtor, (ii) is secured by a co-priority lien in prepetition assets, and (iii) authorizes Empery to purchase postpetition accounts and make advances to factor them.

3. WW continues to object to further or final allowance of the term sheet's "poison pills" that effectively terminate any ability of the Debtor to reorganize and instead awards Empery its coveted sale of the Debtor's assets. Among other things, WW objects to the following:

   a. The Empery term sheet contemplates a partial roll-up of Empery's prepetition debt and payment of that rolled-up amount upon confirmation. There is no evidence anywhere suggesting, let along demonstrating, the need for or reasonableness of the roll-up. WW's alternative proposal, which the Debtor was for before it was against, does not contemplate any roll-up of prepetition debt. Accordingly, the uncontroverted evidence demonstrates that there is financing available on more favorable terms, thus precluding allowance of the roll-up under 11 U.S.C. §

364(d)(1)(a) and making the Empery term sheet improvident to the Debtor, its estate and its creditors.

b. The Empery term sheet requires any plan of reorganization be acceptable to it and contain terms regarding the treatment of Empery's debts and liens acceptable to it. The Empery term sheet [ECF No. 65] contains unrealistic requirements for payment of the Empery debt at confirmation that are not feasible and that mean any plan must fail. While, upon information and belief, Empery has eliminated this specific plan treatment from its subsequent proposals, those proposals, if accepted by the Debtor, continue to provide only Empery has rights to approve its treatment and the terms of a chapter 11 plan. It is not difficult to anticipate that the only plan treatment that would be acceptable to Empery would be the plan treatment appearing in its term sheet. Accordingly, these provisions are an abdication by the Debtor of its fiduciary duties that Empery transparently will take advantage of, and an indirect termination of exclusivity under 11 U.S.C. § 1121. Only the Debtor, and not Empery, should have any approval or similar rights with respect to a chapter 11 plan or the treatment of Empery's debts. Alternatively, exclusivity should be terminated immediately to allow other creditors, such as WW, to submit its own plan for consideration, vetting and voting by creditors.

c. The Empery term sheet mandates a sale of assets if the Debtor fails to file an "Acceptable Plan" timely. So, if another creditor such as WW obtains the right to file a competing chapter 11 plan, the term sheet nevertheless requires the Debtor to seek and consummate an asset sale regardless of the terms of a competing plan. This provision assures Empery of a sale (particularly with its right to deny approval of a plan) and dramatically impairs, if not moots entirely, a competing plan that does not require an asset sale. This provision also is a dramatic abdication by the Debtor to Empery of its fiduciary duty to decide if and when, if ever, to sell its assets. The Empery term sheet should *never* require a sale, and instead leave that

issue to the discretion of the Debtor.  WW's competing financing proposal does not require a sale at any point, and thus the uncontroverted evidence mandates denial of the term sheet under 11 U.S.C. §364, particularly section 364(d)(1).

d. The Empery term sheet sets a floor, not a ceiling, on Empery's prepetition claim, and is limited only to review by the Official Committee of Unsecured Creditors ("UCC").  All creditors, including WW, should be able to review Empery's alleged prepetition claim and liens and file and prosecute objections thereto.

WHEREFORE, WW prays the Court sustain this Objection, authorize at most a "clean" DIP financing proposal as set forth above on an interim basis only to the extent necessary to avoid immediate and irreparable harm to the Debtor, deny approval of the Term Sheet, and further grant WW such other and further relief to which it may be entitled.

DATED this 12th day of January, 2023.

**SHEA LARSEN**

*/s/ Bart K. Larsen, Esq.*
James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134

-and-

**JEFFREY D. STERNKLAR LLC**
Jeffrey D. Sternklar, Esq. (*Admitted Pro Hac Vice*)
Massachusetts Bar No. 549561
101 Federal Street, Suite 1900
Boston, Massachusetts 02110
Telephone:    (617) 207-7800
Email:  jeffrey@sternklarlaw.com

*Attorneys for Creditor White Winston Select Asset Funds, LLC*

**CERTIFICATE OF SERVICE**

1. On January 12, 2022, I served the following document(s): **INTERIM OBJECTION OF CREDITOR WHITE WINSTON SELECT ASSET FUNDS, LLC TO APPROVAL OF DEBTOR IN POSSESSION FINANCING BY EMPERY TAX EFFICIENT, L.P.**

2. I served the above document(s) by the following means to the persons as listed below:

   ☒ a. ECF System:

SAMUEL A. SCHWARTZ on behalf of Debtor MUSCLEPHARM CORPORATION
saschwartz@nvfirm.com, blindsey@nvfirm.com

WILLIAM NOALL on behalf of Creditor EMPERY ASSET MANAGEMENT, LP
wnoall@gtg.legal, mweisenmiller@gtg.legal

MATTHEW C. ZIRZOW on behalf of the COMMITTEE OF UNSECURED CREDITORS
mzirzow@lzlawnv.com

OGONNA M. BROWN on behalf of PRESTIGE CAPITAL CORPORATION and PRESTIGE CAPITAL FINANCE, LLC
obrown@lewisroca.com

TRACY M. O'STEEN on behalf of RYAN DREXLER
tosteen@carlyoncica.com

   ☐ b. United States mail, postage fully prepaid:

   ☐ c. Personal Service:

I personally delivered the document(s) to the persons at these addresses:

   ☐ For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

   ☐ For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

   ☐ d. By direct email (as opposed to through the ECF System):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

   ☐ e. By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax

numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐ f. By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 12, 2023.

By: /s/ *Bart K. Larsen, Esq,*