John D. Fiero (*admitted pro hac vice*)
Jason H. Rosell (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA  94104
Tel: (415) 263-7000
E-mail:  jfiero@pszjlaw.com
            jrosell@pszjlaw.com

-and

Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
LARSON & ZIRZOW LLC
850 W. Bonneville Ave.
Las Vegas, NV 89101
Tel:  (702) 382-1170
Email:  mzirzow@lzlawnv.com
            zlarson@lzlawnv.com

[Proposed] Counsel to the Official
Committee of Unsecured Creditors

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No. 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | **AMENDED[1] LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE INTERIM COMPENSATION MOTION** |
| | **Related Docket No. 23** |

The Official Committee of Unsecured Creditors of MusclePharm Corporation (the "Committee") hereby submits this limited objection (the "Limited Objection") to the *Motion for Administrative Order, Pursuant to 11 U.S.C. §§ 105(a), 330, 331, 1107, and 1108, and Bankruptcy Rule 2016(a), Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* [Docket No. 23] (the "Motion") filed by the above-captioned debtor (the "Debtor").  In support of this Limited Objection, the Committee respectfully states as follows:

---

[1] The Limited Objection [ECF No. 122] is being amended to attach the correct exhibits thereto.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**LIMITED OBJECTION**

The Committee does not object to the substantive relief requested in the Motion.  However, the Committee requests that, to the extent the Court approves the Motion over the objection of the United States Trustee [Docket No. 114], the form of order be revised to: (1) extend the deadline for the filing of monthly fee statements, (2) identify the correct Reviewing Parties (as defined in the Motion), (3) clarify that the failure to file a monthly fee statement is without prejudice to the rights of any professional to seek compensation at a later date, (4) explicitly permit Committee members to seek reimbursement of expenses (if any), and (5) limit the amount of compensation payable to professionals to the amount authorized in any order of the Court approving any postpetition financing.

A revised form of order approving the Motion is attached hereto as Exhibit A (the "Revised Order").  A comparison of the Debtor's form of order, attached as Exhibit 1 to the Motion, to the Revised Order is attached hereto as Exhibit B.

**CONCLUSION**

**WHEREFORE**, the Committee requests that the Court approve the Motion, as modified pursuant to the Revised Order, and grant such other relief as is proper under the circumstances.

*[Remainder of page is intentionally left blank]*

Pachulski Stang Ziehl & Jones LLP
Attorneys At Law
San Francisco, California

Dated:  January 17, 2023

LARSON & ZIRZOW, LLC

*/s/ Matthew C. Zirzow*

Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
850 W. Bonneville Ave.
Las Vegas, NV 89101
Tel:  (702) 382-1170
Email:  mzirzow@lzlawnv.com
          zlarson@lzlawnv.com

-and

PACHULSKI STANG ZIEHL & JONES LLP
John D. Fiero (*pro hac vice pending*)
Jason H. Rosell (*pro hac vice pending*)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA  94104
Tel: (415) 263-7000
E-mail:  jfiero@pszjlaw.com
          jrosell@pszjlaw.com

[Proposed] Counsel to the Official Committee
of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**Revised Order**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Proposed Attorneys for the Debtor*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No.: 22-14422-NMC |
| | ) | |
| MUSCLEPHARM CORPORATION, | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Hearing Date: January 24, 2023 |
| | ) | Hearing Time: 9:30 a.m. (PT) |
| | ) | |

## [*PROPOSED*] ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "**Motion**")[1] of MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "**Debtor**"), by and through its proposed counsel of record, Schwartz Law, PLLC, for entry of an Administrative Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals; and upon the record of the hearing held on the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of Debtor, its estate, creditors, and other parties-

---

[1]    Any capitalized term not defined herein shall have the meaning ascribed to that term in the Motion.

1

in interest; and it appearing this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has jurisdiction over the subject matter of the Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Court may enter a final order granting the Motion consistent with Article III of the United States Constitution, and it appearing that proper and adequate notice of the Motion has been given under the particular circumstances and that no other or further notice is necessary; and after due deliberation thereon, and good and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED** that:

1.      The Motion is GRANTED.

2.      The procedure for interim monthly compensation and reimbursement of expenses of the Professionals (the "**Compensation Procedures**") shall be as follows, unless otherwise ordered by the Court:

a.      On or before the 21st day of each month following the month for which the Professional and/or 503(b) Claimant seek(s) compensation, each Professional and/or 503(b) Claimant will submit, *via* e-mail, a monthly statement (the "**Statement**") to the following parties (each, a "**Reviewing Party**" and collectively, the "**Reviewing Parties**"):

(i)      Debtor's (proposed) Chief Restructuring Officer, Jeff Gasbarra (jgasbarra@pppllc.com);

(ii)      Debtor's bankruptcy counsel, Schwartz Law, PLLC, Attn: Samuel A. Schwartz, Esq. (saschwartz@nvfirm.com, msturm@nvfirm.com and bbraud@nvfirm.com);

(iii)      Office of the United States Trustee for the District of Nevada, Attn: Justin C. Valencia (justin.c.valencia@usdoj.gov);

(iv)      Counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, Attn: John Fiero (jfiero@pszjlaw.com) and Jason Rosell (jrosell@pszjlaw.com); and

(v)      Such other persons or entities as ordered by the Court.

b.      To the extent applicable, each such statement shall contain a detailed itemization of the professional fees, expense reimbursements, and costs as required by the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Section 330 (the "**Guidelines**").

c.      Each Reviewing Party will have fourteen (14) calendar days after receipt of a Statement to review it and, if otherwise justified and advisable, object. At the expiration of this 14-day review period, Debtor will promptly pay 80% of the professional fees, expense reimbursements, disbursements and expense reimbursements requested in such Statement, except any fees, disbursements, and expense reimbursements as to which an Objection Notice has been served by a Reviewing Party as provided in subparagraph (d) below.

d.      If a Reviewing Party objects to any of the compensation or reimbursement sought in a Statement, that Reviewing Party shall, within fourteen (14) calendar days of the receipt of the Statement, serve *via* e-mail upon all other Reviewing Parties a written Notice of Objection to Fee Statement (the "**Objection Notice**") setting forth the precise nature of the objection and amount to which the Objection Notice is addressed. Thereafter, the objecting party and the Professional and/or 503(b) Claimant whose Statement is the subject of the Objection Notice shall attempt to reach a resolution. If the parties are unable to reach an agreement on the objection within fourteen (14) days after receipt of such Objection Notice, the Professional whose Statement is the subject of the Objection Notice shall have the option of (i) filing the Objection Notice with the Court, together with a request for payment of the disputed amount, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the issue if payment of the disputed amount is requested. Debtor shall promptly pay any portion of professional fees and compensation, disbursements,

DOCS_SF:108388.2 59184/001

and/or expense reimbursements requested that is not the subject of an Objection Notice.

e.      The Professionals shall submit their first Statement on or before February 15, 2023. Such Statement shall cover the period from the Petition Date through January 31, 2023.

f.      After the first 120 days following the Petition Date, and at 120-day intervals thereafter—with an additional thirty (30) day grace period—each Professional shall file and serve an application pursuant to Section 331 for interim approval and allowance of their respective professional fees, compensation, disbursements, and expense reimbursements for the applicable interim compensation period. Any Professional that fails to file an application when due shall be ineligible to receive further monthly payments of fees and expenses pursuant to the Compensation Procedures until such time as the Professional submits an interim compensation application in compliance with the Compensation Procedures.

g.      Any Professional who fails to submit a Statement for a particular month or months may subsequently submit a consolidated Statement for multiple months provided that separate fee and expense information for each applicable month is provided in the consolidated statement.

h.      There will be no penalties for failing to file a Statement or an interim fee application in a timely manner, other than as set forth in subparagraph (f), above.

i.      A member of the Committee is permitted to submit statements of expenses (excluding the fees and expenses of third-party counsel to the individual committee members) and supporting vouchers to the Committee's counsel, who shall collect and submit requests for reimbursement of such expenses in accordance with the Compensation Procedures as if such committee members were retained professionals; *provided*, *however*, that the approval of the Compensation Procedures does not authorize payment of such expenses to the extent that such authorization

4

does not exist under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or other applicable law.

   j. The pendency of an Objection Notice to payment of compensation or reimbursement of expenses requested in either a Statement or that is otherwise the subject of an application for interim compensation shall not disqualify a Professional from future payment of professional fees and compensation, disbursements, or reimbursement of expenses as set forth in the Compensation Procedures sought through other Statements and/or interim applications for compensation.

  3. Any Professionals approved by the Court and 503(b) Claimants shall adhere to the procedures set forth herein for compensation and approval of their fees (as otherwise applicable) except as otherwise ordered or excused by the Court.

  4. Neither the payment of, nor the failure to pay, in whole or in part, monthly interim professional fees and compensation, disbursements, and expense reimbursements as provided in the Compensation Procedures shall bind any party in interest or the Court with respect to final allowance and award of professional fees and compensation, disbursements, and expense reimbursements of Professionals pursuant to Section 330.

  5. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtors under any orders of this Court approving any debtor-in-possession financing for, or any use of cash collateral by, the Debtors and any budget in connection therewith.

  6. Neither the Compensation Procedures nor any payment made pursuant to the Compensation Procedures shall be construed as: (i) an admission as to the validity of any claim against the Debtor; or (ii) a waiver of the Debtor's or any party in interest's right to dispute any claim.

  7. The failure of a party in interest to object to fees on an interim basis as set forth herein does not constitute consent to any interim or final fee applications that might be made, it

being expressly understood that all objections to interim or final allowance of compensation and reimbursement are reserved until such interim or final fee applications, as applicable, are heard and decided by this Court.

8.    The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Prepared and submitted by:

SCHWARTZ LAW, PLLC

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV 89101

*Proposed Attorneys for the Debtor*

DOCS_SF:108388.2 59184/001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐    The court has waived the requirement set forth in LR 9021(b)(1).

☐    No party appeared at the hearing or filed an objection to the motion.

☐    I have delivered a copy of this proposed order to all counsel and any unrepresented parties who appeared at the hearing, except those as to whom review was waived on the record at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

###

7

## **EXHIBIT B**

**Comparison of Original Order to Revised Order**

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Proposed Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) Case No.: 22-14422-NMC |
| | ) |
| MUSCLEPHARM CORPORATION, | ) Chapter 11 |
| | ) |
| | ) |
| Debtor. | ) Hearing Date: January 24, 2023 |
| | ) Hearing Time: 9:30 a.m. (PT) |
| | ) |

**[*PROPOSED*] ADMINISTRATIVE ORDER ESTABLISHING**
**PROCEDURES FOR INTERIM MONTHLY COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "**Motion**")[1] of MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "**Debtor**"), by and through its proposed counsel of record, Schwartz Law, PLLC, for entry of an Administrative Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals; and upon the record of the hearing held on the Motion; and the Court having

---

[1] Any capitalized term not defined herein shall have the meaning ascribed to that term in the Motion.

1

1   determined that the relief requested in the Motion is in the best interests of Debtor, its estate,

2   creditors, and other parties-in interest; and it appearing this proceeding is a core proceeding

3   pursuant to 28 U.S.C. § 157(b); and it appearing that this Court has jurisdiction over the subject

4   matter of the Motion pursuant to 28 U.S.C. § 1334; and it appearing that venue is proper pursuant

5   to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Court may enter a final order granting

6   the Motion consistent with Article III of the United States Constitution, and it appearing that

7   proper and adequate notice of the Motion has been given under the particular circumstances and

8   that no other or further notice is necessary; and after due deliberation thereon, and good and

9   sufficient cause appearing therefore,

10      **IT IS HEREBY ORDERED** that:

11      1.      The Motion is GRANTED.

12      2.      The procedure for interim monthly compensation and reimbursement of expenses

13   of the Professionals (the "**Compensation Procedures**") shall be as follows, unless otherwise

14   ordered by the Court:

15              a.      On or before the ~~15th~~21st day of each month following the month

16                      for which the Professional and/or 503(b) Claimant seek(s) compensation, each

17                      Professional and/or 503(b) Claimant will submit, *via* e-mail, a monthly statement

18                      (the "**Statement**") to the following parties (each, a "**Reviewing Party**" and

19                      collectively, the "**Reviewing Parties**"):

20                      (i)     Debtor~~, Attn: Ryan Drexler, ryandrexler@yahoo.com;~~
21                              ~~rita.mikel@musclepharm.com~~'s (proposed) Chief Restructuring
                                Officer, Jeff Gasbarra (jgasbarra@pppllc.com);

22                      (ii)    Debtor's bankruptcy counsel, Schwartz Law, PLLC, Attn: Samuel A.
23                              Schwartz,           Esq.           (saschwartz@nvfirm.com,
                                ~~msturm@nvfirm.com~~msturm@nvfirm.com           and
24                              ~~bbraud@nvfirm.com~~bbraud@nvfirm.com);

25                      (iii)   Office of the United States Trustee for the District of Nevada, Attn:
26                              Justin              C.              Valencia
                                (~~justin.c.valencia@usdoj.gov~~justin.c.valencia@usdoj.gov);

27                      (iv)    Counsel ~~retained under Section 1103 of the Bankruptcy Code to any~~
28                              ~~official committee(s) established pursuant to Section 1102 of the~~

2

~~Bankruptcy Code~~to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, Attn: John Fiero (jfiero@pszjlaw.com) and Jason Rosell (jrosell@pszjlaw.com); and

(v)     Such other persons or entities as ordered by the Court.

b.      To the extent applicable, each such statement shall contain a detailed itemization of the professional fees, expense reimbursements, and costs as required by the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under Section 330 (the "**Guidelines**").

c.      Each Reviewing Party will have ~~fifteen~~fourteen (~~15~~14) calendar days after receipt of a Statement to review it and, if otherwise justified and advisable, object. At the expiration of this ~~15~~14-day review period, Debtor will promptly pay 80% of the professional fees, expense reimbursements, disbursements and expense reimbursements requested in such Statement, except any fees, disbursements, and expense reimbursements as to which an Objection Notice has been served by a Reviewing Party as provided in subparagraph (d) below.

d.      If a Reviewing Party objects to any of the compensation or reimbursement sought in a Statement, that Reviewing Party shall, within ~~fifteen~~fourteen (~~15~~14) calendar days of the receipt of the Statement, serve *via* e-mail upon all other Reviewing Parties a written Notice of Objection to Fee Statement (the "**Objection Notice**") setting forth the precise nature of the objection and amount to which the Objection Notice is addressed. Thereafter, the objecting party and the Professional and/or 503(b) Claimant whose Statement is the subject of the Objection Notice shall attempt to reach a resolution. If the parties are unable to reach an agreement on the objection within ~~ten~~fourteen (~~10~~14) days after receipt of such Objection Notice, the Professional whose Statement is the subject of the Objection Notice shall have the option of (i) filing

3

the Objection Notice with the Court, together with a request for payment of the disputed amount, or (ii) foregoing payment of the disputed amount until the next interim fee application hearing, at which time the Court will consider and dispose of the issue if payment of the disputed amount is requested. Debtor shall promptly pay any portion of professional fees and compensation, disbursements, and/or expense reimbursements requested that is not the subject of an Objection Notice.

e.      The Professionals shall submit their first Statement on or before February 15, 2023. Such Statement shall cover the period from the Petition Date through January 31, 2023.

f.      After the first 120 days following the Petition Date, and at 120-day intervals thereafter—with an additional thirty (30) day grace period—each Professional shall file and serve an application pursuant to Section 331 for interim approval and allowance of their respective professional fees, compensation, disbursements, and expense reimbursements for the applicable interim compensation period. Any Professional that fails to file an application when due shall be ineligible to receive further monthly payments of fees and expenses pursuant to the Compensation Procedures until such time as the Professional submits an interim compensation application in compliance with the Compensation Procedures.

g.      Any Professional who fails to submit a Statement for a particular month or months may subsequently submit a consolidated Statement for multiple months provided that separate fee and expense information for each applicable month is provided in the consolidated statement.

h.      There will be no penalties for failing to file a Statement or an interim fee application in a timely manner, other than as set forth in subparagraph (f), above.

i.      A member of the Committee is permitted to submit statements of expenses (excluding the fees and expenses of third-party counsel to the individual

4

committee members) and supporting vouchers to the Committee's counsel, who shall collect and submit requests for reimbursement of such expenses in accordance with the Compensation Procedures as if such committee members were retained professionals; *provided, however,* that the approval of the Compensation Procedures does not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or other applicable law.

j.    ~~g.~~ The pendency of an Objection Notice to payment of compensation or reimbursement of expenses requested in either a Statement or that is otherwise the subject of an application for interim compensation shall not disqualify a Professional from future payment of professional fees and compensation, disbursements, or reimbursement of expenses as set forth in the Compensation Procedures sought through other Statements and/or interim applications for compensation.

3.    Any Professionals approved by the Court and 503(b) Claimants shall adhere to the procedures set forth herein for compensation and approval of their fees (as otherwise applicable) except as otherwise ordered or excused by the Court.

4.    Neither the payment of, nor the failure to pay, in whole or in part, monthly interim professional fees and compensation, disbursements, and expense reimbursements as provided in the Compensation Procedures shall bind any party in interest or the Court with respect to final allowance and award of professional fees and compensation, disbursements, and expense reimbursements of Professionals pursuant to Section 330.

5.    Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtors under any orders of this Court approving any debtor-in-possession financing for, or any use of cash collateral by, the Debtors and any budget in connection therewith.

DOCS_SF:108388.2 59184/001

6.    5. Neither the Compensation Procedures nor any payment made pursuant to the Compensation Procedures shall be construed as: (i) an admission as to the validity of any claim against the Debtor; or (ii) a waiver of the Debtor's or any party in interest's right to dispute any claim.

7.    6. The failure of a party in interest to object to fees on an interim basis as set forth herein does not constitute consent to any interim or final fee applications that might be made, it being expressly understood that all objections to interim or final allowance of compensation and reimbursement are reserved until such interim or final fee applications, as applicable, are heard and decided by this Court.

8.    7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**IT IS SO ORDERED.**

Prepared and submitted by:

SCHWARTZ LAW, PLLC

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV 89101

*Proposed Attorneys for the Debtor*

6

1

2
## **LR 9021 CERTIFICATION**

3      In accordance with LR 9021, counsel submitting this document certifies that the order

4 accurately reflects the court's ruling and that (check one):

5      ☐      The court has waived the requirement set forth in LR 9021(b)(1).

6      ☐      No party appeared at the hearing or filed an objection to the motion.

7      ☐      I have delivered a copy of this proposed order to all counsel and any unrepresented
8 parties who appeared at the hearing, except those as to whom review was waived on the
  record at the hearing, and each has approved or disapproved the order, or failed to
9 respond, as indicated below:

10

11

12     ☐      I certify that this is a case under Chapter 7 or 13, that I have served a copy of this
  order with the motion pursuant to LR 9014(g), and that no party has objected to the form
13 or content of this order.

14                                                        ###

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCS_SF:108388.2 59184/001

Document comparison by Workshare Compare on Sunday, January 15, 2023
6:34:22 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_SF/108388/1 |
| Description | DOCS_SF-#108388-v1-MusclePharm_-_Interim_Compensation_Procedures_Order |
| Document 2 ID | PowerDocs://DOCS_SF/108388/2 |
| Description | DOCS_SF-#108388-v2-MusclePharm_-_Interim_Compensation_Procedures_Order |
| Rendering set | Standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 34 |
| Deletions | 19 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 53 |