John D. Fiero (*admitted pro hac vice*)
Jason H. Rosell (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Tel: (415) 263-7000
E-mail: jfiero@pszjlaw.com
  jrosell@pszjlaw.com

-and-

Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
LARSON & ZIRZOW LLC
850 E. Bonneville Ave.
Las Vegas, NV 89101
Tel: (702) 382-1170
Email: mzirzow@lzlawnv.com
  zlarson@lzlawnv.com

[Proposed] Counsel to the Official
Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: Case No. 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | **APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JANUARY 4, 2023** |
| | Hearing Date: February 21, 2023
Hearing Time: 9:30 a.m. (Pacific Time) |

Pachulski Stang Ziehl & Jones LLP, proposed counsel ("**Counsel**") to the Official Committee of Unsecured Creditors of MusclePharm Corporation (the "**Committee**"), submits this application (the "**Application**") for the entry of an order, pursuant to sections 327(a) and 328 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the retention and employment of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**" or the "**Firm**") as bankruptcy counsel to the Committee, on an hourly

DOCS_LA:346900.3

basis effective as of January 4, 2023.

The location and telephone number of the Firm is:

Pachulski Stang Ziehl & Jones LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Tel: (415) 263-7000

## I.

## JURISDICTION

The Court has jurisdiction over the Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory bases for the relief sought herein are sections 327(a) and 328 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

## II.

## BACKGROUND

On December 15, 2022 (the "**Petition Date**"), the above-captioned debtor (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its property and is operating and managing its business as a debtor in possession pursuant to the provisions of sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case.

On January 4, 2023, the United States Trustee (the "**U.S. Trustee**") appointed the Committee to represent the interests of all unsecured creditors in this case pursuant to section 1102 of the Bankruptcy Code. The members appointed to the Committee are: (i) MHF Opco, LLC (f/k/a Mill Haven Foods); (ii) Atlantic Grain & Trade; and (iii) JW Nutritional, LLC. On January 4, 2023, the Committee voted to retain PSZJ as its bankruptcy counsel.

The Committee has also elected to engage Larson & Zirzow LLC as Nevada counsel to the Committee. The Firm intends to coordinate its representation of the Committee with Larson & Zirzow LLC to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.

DOCS_LA:346900.3

## III.

## RELIEF REQUESTED

By this Application, the Committee seeks to employ and retain PSZJ as its bankruptcy counsel in this case, effective as of January 4, 2023.

## IV.

## THE COURT SHOULD AUTHORIZE THE COMMITTEE TO RETAIN PSZJ

The Committee seeks to retain PSZJ as its bankruptcy counsel because the Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases. Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and throughout the country, including NewCal-Neva Lodge, LLC, Turnberry/MGM Grand Towers, LLC, Martifer Solar USA, Inc., Rodeo Creek Gold Inc., Nevada Cancer Institute, and Desert Power LP, among others. More information about PSZJ and its expertise as counsel to creditors' committees is available on its website at www.pszjlaw.com. Based on these facts, the Committee believes that the Firm is well-qualified to render the services described below.

John D. Fiero and Jason H. Rosell will be the primary attorneys in charge of this representation for PSZJ. Other highly qualified attorneys in the Firm may also assist. More detailed statements of the professional experience of Mr. Fiero and Mr. Rosell are attached collectively as Exhibit A hereto. The Committee believes that PSZJ's retention is in the best interest of the estate.

## V.

## SERVICES TO BE RENDERED

Subject to order of this Court, PSZJ is expected to render, among other services, the following services to the Committee:

- Assisting, advising, and representing the Committee in its consultations with the Debtor regarding the administration of this case;

- Assisting, advising, and representing the Committee with respect to the Debtor's retention of professionals and advisors in this case;

- Assisting, advising, and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens, and

3

DOCS_LA:346900.3

- participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements, and cash collateral stipulations or proceedings;

- Assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

- Assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this case or to the formulation of a plan of reorganization or liquidation;

- Assisting, advising and representing the Committee in its analysis of, and any objection to, any disclosure statement;

- Assisting, advising, and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

- Assisting, advising, and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

- Assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

- Providing such other services to the Committee as may be necessary in this case.

## VI.

## NO ADVERSE INTEREST AND DISCLOSURE OF CONNECTIONS

PSZJ has undertaken a full and thorough review of its computer database which contains the names of clients and other parties interested in particular matters. PSZJ requires all of its professionals, before accepting the representation of a new client, or the representation of an existing client in a new matter, to perform a conflicts check through PSZJ's database and to enter into that database conflict information regarding new clients or new matters. Thus, a review of said computerized database should reveal any and all actual or potential conflicts of interest with respect to any given representation. The names of the parties entered into the Firm's database with respect to the Firm's conflicts check in this case are set forth on Schedule 1 to the declaration of Jason H. Rosell (the "**Rosell Declaration**"), filed concurrently herewith.

DOCS_LA:346900.3

To the best of the Committee's knowledge, and except as set forth in the Rosell Declaration (defined below), neither the Firm nor any of its attorneys represent or hold any interest adverse to that of the Committee, the Debtor, its creditors, the Debtor's estate, or any party in interest herein in the matters on which the Firm is to be retained.

To the best of the Committee's knowledge, and based upon the Rosell Declaration, neither PSZJ nor any of its attorneys has any connection with the U.S. Trustee, any of the Trial Attorneys in the Las Vegas office of the U.S. Trustee, or any of the judges for the United States Bankruptcy Court for the District of Nevada.

As set forth in the Rosell Declaration, PSZJ regularly appears in cases, proceedings, and transactions involving many attorneys, accountants, financial advisors, and investment bankers, some of which now or may in the future represent the Debtor, its creditors, the Committee, and other parties in interest in this case. Further, PSZJ may have represented, may currently represent, and in the future may represent professionals and advisors to members of the Committee in matters unrelated to the Debtor and this case. PSZJ does not and will not represent any such entity in this case.

As set forth in the Rosell Declaration, PSZJ has represented, current represents, and in the future will likely represent, many committees in matters unrelated to the Debtor and this case whose members may be creditors and/or committee members in this case. As set forth in the Rosell Declaration, the Firm is not representing any of those entities in this case and will not represent any members of those committees in any claims that they may have collectively or individually against the Debtor.

Further, PSZJ has represented, currently represents, and in the future will likely represent debtors, creditors' committees, trustees, or other parties against creditors of the Debtor, including members of the Committee, in cases or proceedings that are unrelated to this case.

As set forth in the Rosell Declaration, PSZJ and certain of its partners, of counsel, and associates represented, represent, and in the future will likely represent certain of the creditors of the Debtor in connection with matters unrelated to the Debtor and this case. Based upon the conflicts review performed, at this time, the Firm is not aware of any such current representations except as set forth in the Rosell Declaration. If the Firm identifies any further representations, the Firm shall make

DOCS_LA:346900.3

disclosures as may be appropriate at that time. The Firm, however, is not representing and will not represent any of those entities in this case.

Although section 1103(b) does not incorporate the "disinterestedness" standard of section 327(a) of the Bankruptcy Code, PSZJ is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that the Firm, its partners, of counsel, and associates:

- are not creditors, equity security holders, or insiders of the Debtor;
- are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor; and
- do not hold or represent an interest materially adverse to the interests of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

Therefore, to the best of the Committee's knowledge, PSZJ and its attorneys are disinterested persons within the meaning of section 101(14) of the Bankruptcy Code. The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee and the Debtor's estate.

## VII.

## PSZJ'S COMPENSATION

Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis, plus reimbursement of actual and necessary expenses and other charges incurred by PSZJ. Mr. Fiero's hourly rate is $1,275 and Mr. Rosell's hourly rate is $995. The standard hourly rate of PSZJ paralegals who may assist in this matter is $545.

PSZJ's rates are set at a level designed to fairly compensate PSZJ for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. No compensation will be paid to the Firm except as ordered by the Bankruptcy Court pursuant to any interim compensation procedures or upon application to, and approval by, the Bankruptcy Court after notice and a hearing. The Firm has not received a retainer in this case.

It is PSZJ's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, conference call charges, mail and related supply charges, special or hand delivery charges, electronic

discovery-related charges, photocopying charges, travel expenses, expenses for working meals, computerized research, transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to PSZJ's other clients, and all amendments and supplemental standing orders of the Court. PSZJ believes that it is more appropriate to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

## VIII.

## CONCLUSION

**WHEREFORE**, the Committee respectfully requests entry of an order authorizing the Committee to employ and retain PSZJ as its counsel, as of January 4, 2023, and granting such other and further relief as is just and proper.

Dated: January 23, 2023

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MUSCLEPHARM CORPORATION

MHF ORCO, LLC (CHAIR)

By: Brian Slater
Chief Executive Officer

Solely in its capacity as Chair of the Official Unsecured Creditors' Committee of MusclePharm Corporation, and not in any other capacity

7

DOCS_LA:346900.3

# **EXHIBIT A**

(Professional Biographies)





One Sansome Street
Suite 3430
San Francisco, CA 94104

# John D. Fiero

Tel: 415.263.7000    |    jfiero@pszjlaw.com

**EDUCATION**

University of Massachusetts (B.A. 1985)

Hastings College of the Law, University of California (J.D., *cum laude*, 1988)

**BAR AND COURT ADMISSIONS**

1988, California

Mr. Fiero serves as a co-chair of the firm's committee practice group and maintains a national practice representing debtors, committees, acquirers, and other significant parties in interest in complex reorganizations and financially distressed situations, both in and out of court.

 Mr. Fiero is a graduate of the University of Massachusetts at Amherst and received his J.D. from Hastings College of the Law, where he was associate note editor for the *Hastings Journal of Communications and Entertainment Law*. Beginning in January 2023, he will be an adjunct professor of law at his alma mater, and teach the bankruptcy course to second and third-year law students.

 Mr. Fiero was a co-chair of the 2018 California Bankruptcy Forum. Every year since 2004, he has been named a Super Lawyer by *San Francisco Magazine.* He is also credited for his "highly constructive approach" in *Chambers USA*'s list of leading bankruptcy and restructuring lawyers and has been named every year since 2013 for his work in bankruptcy and creditor-debtor rights law by *Best Lawyers in America*. Mr. Fiero is admitted to practice in California and is resident in our San Francisco office.

## Representations

Chapter 11 debtors: Tintri (Delaware); NewZoom Inc. (San Francisco); Arlie & Co. (Eugene, Oregon); ManagedStorage International (Delaware); Heller Ehrman LLP (San Francisco); Tri Valley Growers (Oakland); Webvan (Delaware)

Creditors' committees: Chinos Holdings (J.Crew) (Virginia); Munchery Inc. (San Francisco); Imperial Toy (San Jose); PopExpert (San Francisco); Yellow Cab Cooperative (San Francisco); Rdio, Inc. (San Francisco); Deerfield Ranch Winery (Santa Rosa); Event Rentals (Delaware); BR Festivals (Santa Rosa); IntraOp Medical Corporation (San Jose); Orchard Supply Hardware (Delaware); Trident Microsystems (Delaware); Carinalli (Santa Rosa);



### John D. Fiero (Cont.)

Humboldt Creamery LLC (Santa Rosa); Pacific Lumber Company (Corpus Christi); The Billing Resource (San Jose); Prediwave Corporation (Oakland); Crescent Jewelers (Oakland); Northpoint Communications (San Francisco); Adesta Communications (Omaha); Western Integrated Networks (WinFirst) (Denver); Metricom (San Jose)

Chapter 7 debtor in Beamreach Solar (San Jose)

Buyer in Achaogen chapter 11 case (Delaware)

## Professional Affiliations

Trustee, UC Hastings College of the Law Foundation

Adjunct professor of law, UC Hastings College of Law

Member, United States Bankruptcy Court for the Northern District of California Bench-Bar Liaison Committee (2006 - 2009)

Chair, American Bar Association Real Property Section Litigation and Dispute Resolution Committee (1998-2000)

Co-chair, California Bankruptcy Forum Insolvency Conference (2018)

## Programs and Lectures

Bar Association of San Francisco, California Bankruptcy Forum, International Women's Insolvency & Restructuring Confederation, American Bar Association, American Bankruptcy Institute

## Publications

Music Festival Insolvencies: What Happens When the Music Stops?
37 ABI Journal 48 (No. 4 April 2018), April 2018

Properly Structured Private Equity Fund Avoids Pension Withdrawal Liability
Pachulski Bulletin #11, December 2012

Creditor's Self-Interest Precludes Fee Reimbursement From the Estate
September 2012





One Sansome Street
Suite 3430
San Francisco, CA 94104

# Jason Rosell

Tel: 415.263.7000    |    jrosell@pszjlaw.com

**EDUCATION**

W.P. Carey School of Business, Arizona State University (B.S., s*umma cum laude,* 2003)

W.P. Carey School of Business, Arizona State University (M.B.A. 2005)

Sandra Day O'Connor College of Law, Arizona State University (J.D., *magna cum laude*, 2009)

**BAR AND COURT ADMISSIONS**

California, 2010

New York, 2011

**CLERKSHIPS**

Legal extern, Judge Redfield T. Baum (Bankr. D. Ariz. 2009)

Jason Rosell represents debtors and creditors in complex chapter 11 cases. Mr. Rosell is also a recognized thought leader on the intersection of cannabis and insolvency law and leads the firm's Cannabis Restructuring Group, which advises cannabis industry companies, lenders, and investors in out-of-court restructurings and related merger and acquisition transactions. Mr. Rosell regularly represents ad hoc groups in connection with cannabis-related restructurings.

Mr. Rosell received his B.S. in Computer Information Systems and M.B.A at Arizona State University's W.P. Carey School of Business; he received his J.D. at Sandra Day O'Connor College of Law, also part of Arizona State University. He served as a legal extern for the Honorable Redfield T. Baum, Bankruptcy Court for the District of Arizona, and is admitted to practice in California and New York. Mr. Rosell has been named a "Rising Star" in *Super Lawyers* every year since 2014. Mr. Rosell is resident in our San Francisco office.

## Representations

Chapter 11 debtors: MobiTV, Easterday Ranches, iPic, Tintri, BarFly, Brinkmann Corporation, NewZoom, Hipcricket, Digital Domain Media, Mesa Air Group, Solyndra

Creditors' committees: Weinstein Company, Munchery, Art Van Furniture, Cobalt International Energy, Rdio, SFX Entertainment, Haggen Holdings, Residential Capital, AMF Bowling Worldwide

Ad hoc committees (public): Loudpack (cannabis), Energy Future Holdings

Creditor representation in chapter 11 case of cryptocurrency brokerage Voyager Digital

Jason Rosell (Cont.)

## Professional Affiliations

President, Turnaround Management Association - Northern California Chapter

## Publications

Subchapter V of the Bankruptcy Code
A Future Restructuring Option for Cannabis Companies
Daily Journal, July 2022

Will U.S. Cannabis Companies Find Grass Is Greener in Canada for Restructuring?
Journal of Corporate Renewal, January 2019