_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
January 30, 2023
_____

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: January 24, 2023 |
| | Hearing Time: 9:30 a.m. (PT) |

**ORDER AUTHORIZING DEBTOR TO EMPLOY AND RETAIN**
**STRETTO AS CLAIMS, NOTICING, AND SOLICITATION AGENT**

This matter having come before the Court upon the *Application for Entry of an Order Authorizing Debtor to Employ and Retain Stretto as Claims, Noticing, and Solicitation Agent* (the "**Application**")[1] filed by Debtor MusclePharm Corporation (the "**Debtor**"), seeking an order: (i) authorizing the Debtor to retain Stretto as Claims and Noticing Agent; (ii) approving the terms of the Services Agreement; and (iii) granting such other and further relief as is appropriate, all as more

---

[1] All capitalized terms used by not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

fully set forth in the Application; and upon the Betance Declaration submitted in support of the Application; and it appearing that the relief requested is in the best interests of the Debtor's estates, their creditors and other parties in interest, and it appearing that Stretto does not represent an interest adverse to the Debtor's estate with respect to the matter on which Stretto is to be employed; and it appearing that the terms and conditions of Stretto's employment as further described in the Application are reasonable; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b); and this Court having found that Debtor's notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and all papers and pleadings submitted in relation to the Application, including the U.S. Trustee's opposition (ECF No. 114); and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "**Hearing**") appearances having been noted on the record at the Hearing; the Court having stated its findings of fact and conclusions of law on the record at the Hearing on the Application, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rule 9014; and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED in full except as modified on the record at the Hearing and by this Order;

2. The Debtor is authorized to retain and appoint Stretto as Claims and Noticing Agent under the terms of the Services Agreement, attached to the Betance Declaration as Exhibit A, and as set forth in this Order and pursuant to the *Guidelines for a Claim Noticing Agent* (the "**Claims Agent Guidelines**"). Stretto is authorized and directed to perform noticing and balloting services

and to receive, maintain, record, and otherwise administer the proofs of claim filed in these Chapter 11 Cases, and other related tasks as described in the Application, the Services Agreement, and Claims Agent Guidelines and this Order. The Clerk shall provide Stretto with ECF credentials that allow Stretto to receive ECF notifications and file certificates of service;

    3.    Stretto as Claims and Noticing Agent relieves the Clerk's office of all noticing under applicable Bankruptcy Rules;

    4.    Stretto shall administer proofs of claim as set forth in Paragraph C of the Claims Agent Guidelines;

    5.    Stretto is authorized to take such other action to comply with all duties and services set forth in the Application;

    6.    Stretto shall prepare and serve required notices of judgments or orders pursuant to Local Rule 9022;

    7.    Notwithstanding Sections 330 and 331 and Bankruptcy Rule 2016, the Debtor is authorized to compensate Stretto in accordance with the terms of the Services Agreement upon the receipt of reasonably detailed invoices setting forth the services provided by Stretto and the rates charged for each, and to reimburse Stretto for all reasonable and necessary expenses it may incur, upon the presentation of appropriate documentation, subject only to a final application for allowance under Section 330 of the Bankruptcy Code, provided Stretto performs services outside of the Claims Agent Guidelines. If Stretto does provide any services outside of the Claims Agent Guidelines, it will provide a notice confirming the same on or before the deadline for filing administrative claims in this Chapter 11 Case. No approval of the Application and Services Agreement under 11 U.S.C. § 328 is intended with this Order with respect to services Stretto performs outside of the Claims Agent Guidelines;

    8.    Stretto shall maintain records of all services showing dates, categories of services, fees charged, and expenses incurred. With respect to services provided prior to entry of an order confirming a Chapter 11 plan in this Chapter 11 Case, Stretto shall serve monthly invoices on the Debtor, the Office of the United States Trustee, counsel for the Debtor, counsel for any official

committee monitoring the expenses of the Debtor, and any party in interest who specifically requests services of the monthly invoices;

9. The parties shall meet and confer in an attempt to resolve any dispute that may arise relating to the Services Agreement or monthly invoices; *provided* that the parties may seek resolution of the matter from the Court if resolution is not achieved;

10. Without further order of the Court, pursuant to Section 503(b)(1)(A), the fees and expenses of Stretto incurred in accordance with the Claims Agent Guidelines and as approved under this Order shall be an administrative expense of the Debtor's estate;

11. Stretto shall not be entitled to charge the estate late fees;

12. Stretto shall not be entitled to payment of attorneys' fees or expenses;

13. The Debtor shall indemnify Stretto under the terms of the Services Agreement, as modified pursuant to this Order;

14. Stretto shall not be entitled to indemnification for its own negligence;

15. Stretto shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Services Agreement for services other than the services provided under the Services Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

16. Notwithstanding anything to the contrary in the Services Agreement, the Debtor shall have no obligation to indemnify Stretto, or provide contribution or reimbursement to Stretto, for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen solely from Stretto's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of the fiduciary duty (if any) as provided in this Order; (b) for contractual dispute in which the Debtor alleges the breach of Stretto's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; (c) of any type for which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to applicable law; or (d) settled prior to a judicial determination under (a) or (b), but determined by this Court, after notice and a hearing, to

be a claim or expense for which Stretto should not receive indemnity contribution, or reimbursement under the terms of the Services Agreement as modified by this Order;

17. If, before the earlier of (a) the entry of an order confirming a Chapter 11 plan in this Chapter 11 Case (that order having become a final order no longer subject to appeal), or (b) the entry of an order closing this Chapter 11 Case, Stretto believes that it is entitled to the payment of any amounts by the Debtor on account of the Debtor's indemnification, contribution, and/or reimbursement obligations under the Services Agreement (as modified by this Order), including the advancement of defense costs, Stretto must file an application therefor in this Court, and the Debtor may not pay any such amounts to Stretto before the entry of an order by this Court approving the payment. All parties in interest shall retain the right to object to any demand by Stretto for indemnification, contribution, or reimbursement;

18. In the event Stretto is unable to provide the services set out in this Order, Stretto will immediately notify the Clerk and the Debtor's attorney and, upon approval of this Court, cause to have all original proofs of claim and computer information turned over to another claims and noticing agent with the advance and consent of the Clerk and the Debtor's attorney;

19. After entry of an order terminating Stretto's services, upon the closing of this Chapter 11 Case, or for any other reason, Stretto shall be responsible for archiving all proofs of claim with the Federal Archives Record Administration, if applicable, and shall be compensate by the Debtor in connection therewith;

20. Stretto shall not cease providing claims processing services during this Chapter 11 Case for any reason, including nonpayment, without an order of the Court;

21. In the event of any inconsistency between the Services Agreement, the Application, the Claims Agent Guidelines and this Order, this Order and the Claims Agent Guidelines shall govern;

22. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a);

23. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry;

24.    The Debtor and Stretto are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application;

25.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order;

**IT IS SO ORDERED.**

Respectfully Submitted,

SCHWARTZ LAW, PLLC

/s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV 89101

*Attorneys for the Debtor*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel and any unrepresented parties who appeared at the hearing, except those who waived review on the record at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    Jared A. Day, Esq.                                    **Approved**/~~Disapproved~~
    Counsel for the U.S. Trustee

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

###