James Patrick Shea, Esq.
Nevada Bar No. 405
Bart K. Larsen, Esq.
Nevada Bar No. 8538
Kyle M. Wyant, Esq.
Nevada Bar No. 14652
**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
Telephone: (702) 471-7432
Fax: (702) 926-9683
Email:  jshea@shea.law
        blarsen@shea.law
        kwyant@shea.law

-and-

**JEFFREY D. STERNKLAR LLC**
Jeffrey D. Sternklar, Esq. (*Admitted Pro Hac Vice*)
Massachusetts Bar No. 549561
101 Federal Street, Suite 1900
Boston, Massachusetts 02110
Telephone:  (617) 207-7800
Email:  jeffrey@sternklarlaw.com

-and-

**MURPHY & KING, P.C.**
Charles R. Bennett, Jr., Esq. (*Pro Hac Vice Pending*)
Massachusetts Bar No. 362610
28 State Street, Suite 3101
Boston, Massachusetts 02109
Telephone:  (617) 423-0400
Email:  cbennett@murphyking.com

*Attorneys for Creditor White Winston
Select Asset Funds, LLC*


*Attorneys for Creditor White Winston
Select Asset Funds, LLC*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE:<br><br>MUSCLEPHARM CORPORATION<br><br>Debtor. | Chapter 11<br><br>Case No.: 22-14422-nmc |

### DECLARATION OF TODD M. ENRIGHT IN SUPPORT OF OBJECTION OF CREDITOR WHITE WINSTON SELECT ASSET FUNDS, LLC TO APPROVAL OF PROPOSED FINAL DIP ORDER

1. My name is Todd M. Enright. I am a principal of White Winston Select Asset Funds, LLC ("**WW**"). I am over the age of eighteen (18) years and I am competent to testify to the matters asserted in this declaration. I have personal knowledge of all facts averred in this Declaration, and could competently testify to the same, except for those facts stated upon information and belief, and would competently testify to the same on information and belief.

2. I submit this Declaration for all permissible purposes under the Federal Rules of Civil Procedure and Rules of Evidence in support of the *Objection Of Creditor White Winston Select Asset Funds, LLC To Approval Of Proposed Final DIP Order* ("**Objection**") filed contemporaneously with this Declaration. Unless otherwise indicated, capitalized terms have the meanings ascribed to them in the Objection.

3. As relevant here, a core premise of the settlement and "a key part of the [Empery] financing" was that WW intends to assert an objection to Empery's prepetition claim (a "Challenge") "as averred in its prior opposition [ECF No. 186] (the "Opposition"). Neither Empery nor the Debtor challenged this representation.

4. Prior iterations of the Term Sheet purported to eliminate WW's statutory right to assert a claim objection. See generally, Opposition, ¶2 at 3. Later, Empery and the Debtor agreed to eliminate this limitation on WW's rights, and made clear that WW's right to file a claim objection to the Empery Securityholders' prepetition claims – a/k/a, a "Challenge" – was not limited. Indeed, the Committee also was granted the right to assert a Challenge, but unlike WW's right to do so, the Committee's right is not limited. This newly found distinction between WW's Challenge and the Committee's Challenge appears nowhere. The Debtor never drew any distinctions between the scope of a Challenge by the Committee and a Challenge by WW at the Hearing. At most and at the Hearing, Debtor's counsel speculated on whether WW would object to the entirety of the Empery Noteholders' prepetition claims or only to parts of it, but never expressed any limitation existed on WW's rights or that WW agreed to limit said rights.

5. WW objects to the parenthetical language in paragraph 4 of the Proposed Order (i.e., **other than challenges and objections based upon the Debtor's or the Estate's claims**), which should be deleted. WW never agreed to any limitation whatsoever on its right to assert a Challenge and has rejected every attempt by Empery and the Debtor to limit WW's right to a Challenge. I do not know what these colloquial, ambiguous and undefined terms ("the Debtor's or the Estate's claims") mean. I understand that the Debtor has refused WW's request to provide WW with authorities that define these terms. I understand that both the Debtor and Empery refuse to define what this limitation would prohibit WW from filing. To the extent the ambiguous terms are meant to limit WW to Challenges based solely on affirmative claims for relief that WW could assert directly against Empery, without obtaining derivative standing to do so, such a limitation is absurd. WW never had direct dealings with Empery prior to Empery's investment into the Debtor and never believed its Challenge would have anything to do with any such claims. Such a limitation, therefore, is wholly inconsistent with the basis of WW's Challenge previously disclosed in the Opposition. WW withdrew its Opposition solely based upon the agreement with the Debtor that it could bring a Challenge without limitation, with the consequences as read into the record at the Hearing. The Debtor and Empery waived their rights to limit WW's right to file a claim objection for any reason, even if their newly asserted argument that granting the Committee derivative standing matters.

6. I note the existing arrangement limits the Committee to a $50,000 spending limit for any matters related to any Challenge. This funding restriction makes any rights granted to the Committee illusory, since I anticipate the costs associated with litigation with the Empery Securityholders will far exceed $50,000.

7. WW has commenced an investigation of Empery and the Committee has requested an opportunity to participate in any Rule 2004 examinations that WW conducts.

8. The Term Sheet requires the Final DIP Order to contain undisclosed stipulations regarding "the amount and priority of the secured indebtedness under the Prepetition Notes." Accordingly, the parties agreed at the Hearing that the "DIP documents . . . will be consistent"

3

with those representations [made at the Hearing] and that "these representations and agreements will be incorporated into the final order approving DIP financing. . . ." The Proposed Order does not provide that, as promised, the DIP documents are consistent with the representations read into the record at the Hearing.

9. Regarding paragraph 38 of the Proposed Order, WW acquiesced to the representations made at the Hearing, particularly with respect to the preservation of its right to assert a Challenge and the consequences that flow from the filing of a Challenge, and not to something else that may suddenly appear in the Loan Documents. WW bargained for the risk of inconsistency being assumed by the Debtor and Empery, and not by the estate and its creditors.

10. I believe Empery's entire DIP financing proposal is a pretext by which Empery seeks to legitimize the Empery Securityholders' illegitimate prepetition claims. At bottom, WW is the only party with the means and incentive to file a Challenge to that claim. Entering the Proposed Order, which effectively eliminates the Debtor (which has abjectly abdicated its rights to Empery) and the Committee (which is limited to $50,000 to fight Empery), means only WW is left to file a Challenge. It is a preposterous and absurd result to suggest that WW, too, should be denied or limited in (or ever agreed to be denied or limited in) the right to assert a Challenge, thereby leaving the Empery Securityholders' prepetition claims without any challenge at all. Whatever else was intended, it was not that.

11. I have become concerned that the Debtor's decision to waive substantially all rights and claims against the Empery Securityholders has endangered the Debtor's independence and fidelity to its fiduciary duties. Accordingly, WW reserves its rights, including to seek the appointment of a chapter 11 trustee pursuant to 11 U.S.C. § 1104 and to terminate the Debtor's exclusive periods under 11 U.S.C. § 1121.

*(Signature Page Appears on Following Page)*

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States that the foregoing is true and correct.

    Executed on March 1, 2023.

*/s/ Todd M. Enright*
TODD M. ENRIGHT

**CERTIFICATE OF SERVICE**

1. On March 1, 2023, I served the following document(s): **DECLARATION OF TODD M. ENRIGHT IN SUPPORT OF OBJECTION OF CREDITOR WHITE WINSTON SELECT ASSET FUNDS, LLC TO APPROVAL OF PROPOSED FINAL DIP ORDER**

2. I served the above document(s) by the following means to the persons as listed below:

    ☒   a.   ECF System:

SAMUEL A. SCHWARTZ and BRYAN A. LINDSEY on behalf of Debtor MUSCLEPHARM CORPORATION
saschwartz@nvfirm.com, blindsey@nvfirm.com

WILLIAM NOALL and MARK M. WISENMILLER on behalf of Creditor EMPERY ASSET MANAGEMENT, LP
wnoall@gtg.legal, mweisenmiller@gtg.legal

OGONNA M. BROWN on behalf of Creditor PRESTIGE CAPITAL CORPORATION
obrown@lewisroca.com

JOHN D. FIERO, JASON H. ROSELL, and MATTHEW C. ZIRZOW on behalf of the OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jfiero@pszjlaw.com, jrosell@pszjlaw.com, mzirzow@lzlawnv.com

TRACY M O'STEEN on behalf of interested party RYAN DREXLER
tosteen@carlyoncica.com

ROBERT T. STEWART on behalf of Creditor NUTRABLEND FOODS
rstewart@foley.com

    ☐   b.   United States mail, postage fully prepaid:

    ☐   c.   Personal Service:

I personally delivered the document(s) to the persons at these addresses:

    ☐   For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

    ☐   For a party, delivery was made by handling the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

    ☐   d.   By direct email (as opposed to through the ECF System): Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

9

☐     e.     By fax transmission:

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

☐     f.     By messenger:

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 1, 2023.

By: /s/ *Bart K. Larsen, Esq,*

**SHEA LARSEN**
1731 Village Center Circle, Suite 150
Las Vegas, Nevada 89134
(702) 471-7432