**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Telephone:    (702) 685-4444
Facsimile:    (725) 220-4360
Email: ccarlyon@carlyoncica.com
        dcica@carlyoncica.com
        tosteen@carlyoncica.com

**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:    (608) 630-8990
Facsimile:    (608) 630-8991
Email: mrichman@steinhilberswanson.com

*Counsel for Ryan Drexler*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MUSCLEPHARM CORPORATION,<br><br>Debtor. | Case No. BK-22-14422-NMC<br>Chapter 11<br><br>**NOTICE OF FILING [PROPOSED] AGREED ORDER MODIFYING THE AUTOMATIC STAY AND AUTHORIZING USE OF ESTATE PROPERTY, TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT, REIMBURSEMENT, AND ADVANCEMENT OF DEFENSE COSTS UNDER INSURANCE POLICIES** |

**TO ALL PARTIES OF INTEREST:**

**PLEASE TAKE NOTICE THAT** in connection with Ryan Drexler's ("Movant") *Motion for Entry of an Order Modifying the Automatic Stay and Authorizing Use of Estate Property, to the Extent Applicable, to Allow Payment, Reimbursement, and/or Advancement of*

*Defense Costs Under Insurance Policies* [Docket No. 258] (the "Motion"), the Debtor, Movant and the Official Committee of Unsecured Creditors have agreed on a form of proposed Order attached hereto as **Exhibit 1**[1].

Respectfully submitted this 13th day of March 2023.

**CARLYON CICA, CHTD.**

*/s/ Dawn M. Cica*
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Telephone:     (702) 685-4444
Facsimile:      (725) 220-4360
ccarlyon@carlyoncica.com
dcica@carlyoncica.com
tosteen@carlyoncica.com

**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:     (608) 630-8990
Facsimile:      (608) 630-8991
Email: mrichman@steinhilberswanson.com

*Counsel for Ryan Drexler*

---

[1] Movant notes that the objection deadline has not yet passed.

# CERTIFICATE OF SERVICE

I am an employee of Carlyon Cica Chtd. On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ ELECTRONIC SERVICE: Pursuant to LR 2002 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties and attorneys who are filing users through the Notice of Electronic Filing automatically generated by the Court.

☐ UNITED STATES MAIL: By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

☐ OVERNIGHT COURIER: By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally recognized courier, addressed to the parties listed below which was incorporated by reference and made final in the w at their last-known mailing address.

☐ FACSIMILE: By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Nancy Rodriguez
An employee of Carlyon Cica Chtd.

# EXHIBIT 1

| | |
|---|---|
| John D. Fiero (*admitted pro hac vice*) <br> Jason H. Rosell (*admitted pro hac vice*) <br> PACHULSKI STANG ZIEHL & JONES LLP <br> One Sansome Street, 34th Floor, Suite 3430 <br> San Francisco, CA  94104 <br> Tel: (415) 263-7000 <br> E-mail:  jfiero@pszjlaw.com <br> jrosell@pszjlaw.com <br><br> *Counsel to the Official* <br> *Committee of Unsecured Creditors* | Matthew C. Zirzow (NV Bar No. 7222) <br> Zachariah Larson (NV Bar No. 7787) <br> LARSON & ZIRZOW LLC <br> 850 E. Bonneville Ave. <br> Las Vegas, NV 89101 <br> Tel:  (702) 382-1170 <br> Email:  mzirzow@lzlawnv.com <br> zlarson@lzlawnv.com <br><br> *Counsel to the Official* <br> *Committee of Unsecured Creditors* |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: <br><br> MUSCLEPHARM CORPORATION, <br><br> Debtor. | Case No. 22-14422-NMC <br><br> Chapter 11 <br><br> **AGREED ORDER MODIFYING THE AUTOMATIC STAY AND AUTHORIZING USE OF ESTATE PROPERTY, TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT, REIMBURSEMENT, AND ADVANCEMENT OF DEFENSE COSTS UNDER INSURANCE POLICIES** <br><br> Hearing Date:  March 28, 2023 <br> Hearing Time:  9:30 a.m. (Pacific Time) |

Ryan Drexler ("Movant"), having filed his *Motion for Entry of an Order Modifying the Automatic Stay and Authorizing Use of Estate Property, to the Extent Applicable, to Allow Payment, Reimbursement, and/or Advancement of Defense Costs Under Insurance Policies* [Docket No. 258] (the "Motion") and the *Declaration of Ryan Drexler in Support of Motion for Entry of an Order Modifying the Automatic Stay and Authorizing Use of Estate Property, to the Extent Applicable, to*

DOCS_SF:108588.3

*Allow Payment, Reimbursement, and/or Advancement of Defense Costs Under Insurance Policies* [Docket No. 259] (the "Drexler Declaration"); counsel to the Movant, the above-captioned debtor and debtor in possession (the "Debtor"), and the Official Committee of Unsecured Creditors (the "Committee"), having met and conferred regarding the relief requested in the Motion and agreeing to the entry of this Order; the Court having reviewed and considered the Motion, the Drexler Declaration, and all matters submitted therewith; no objections to the Motion having been filed or made at the hearing; the Court having held a hearing on the Motion, with all appearances having been noted on the record; the Court having heard and considered the arguments of counsel; the Court having made its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein by reference pursuant to Fed. R. Civ. P. 52, made applicable pursuant to Fed. R. Bankr. P. 7052 and 9014; and good cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** solely to the extent set forth herein.

2. The automatic stay imposed by operation of section 362 of Title 11 of the United States Code (the "Bankruptcy Code"), to the extent it applies, is hereby lifted to allow payment, reimbursement, and advancement of Defenses Costs (as defined in the applicable insurance policies) under the following insurance policies (collectively, the "Insurance Policies"), subject to the terms and conditions of this Order:[1]

   a. Starstone Specialty Insurance Company, Policy No. 80624F221ASP

   b. XL Specialty Insurance Company, Policy No. ELU 185052-22

3. The Insurers shall not pay, reimburse, or advance Defense Costs in an aggregate amount in excess of $600,000 without a further order of this Court.

---

[1] The insurance companies identified below shall be referred to herein as the "Insurers."

DOCS_SF:108588.3

4.      Each law firm representing an Insured Person (as defined in the applicable Insurance Policies) shall provide counsel to the Debtor and Committee, on a monthly basis, a description ("__Description__") stating the total of all hours worked and the total dollar amount of all fees incurred in the previous calendar month, a one-paragraph brief narrative of the work performed by that firm in the previous month (which narrative need not include any information protected by the attorney-client privilege or the work product doctrine but must indicate the general subject matter of the work performed), along with the total amount of disbursements or other expenses paid in the previous month, broken down by category of expense, but not necessarily by individual expense. The initial Description shall also disclose the total amount previously paid under the applicable Insurance Policy.

5.      If the Debtor or the Committee objects to the payment of any of the Defense Costs set out in a Description, the objecting party may, within fourteen (14) calendar days after receiving the Description, file and serve on counsel to the Insured Person and applicable Insurer, a written objection, and shall set the objection for hearing that is at least fourteen (14) calendar days, but not more than twenty eight (28) calendar days, after the date of the objection. If no objection is timely filed, served, and set for hearing, the Defense Costs described in the Description may be paid, but no payment shall be made of an amount that is subject to a pending timely objection.

6.      Nothing in this Order, or by virtue of the compliance with the procedures set out in this Order, is intended to waive, or cause the waiver of, attorney-client privilege, attorney work product, or any other applicable confidentiality protections.

7.      Nothing in this Order waives any rights that the Debtor, the Committee, or the estate may have under the Insurance Policies.

8.      Nothing in this Order is intended to resolve any insurance-coverage issue or to waive any rights or obligations of any party regarding the Claims (as defined in the applicable Insurance

DOCS_SF:108588.3

Policies) or any other matter that may now or in the future be covered by the Insurance Policies, or any other insurance policy.

9. Nothing in this Order shall be deemed an acknowledgment that an Insured Person is entitled to payment of Defense Costs or any coverage under the Insurance Policies, and all rights, claims, and causes of actions that may be asserted against an Insured Person are expressly reserved.

10. Nothing in this Order adjudicates, resolves, or modifies the rights or obligations of any party with regard to the terms of the Insurance Policies. This Order is without prejudice to any further motion concerning either or both Insurance Policies.

11. This Order is without prejudice to the rights of the Debtor, Committee, or subsequent chapter 7 trustee, to seek the entry of an order (a) reinstating the automatic stay to the extent necessary to limit further payments or advancements of Defense Costs or Losses to any Insured Person or (b) requiring any Insured Person to return or disgorge to Insurer any amounts previously received by such Insured Person on the basis that such Insured Person was not entitled to receive the payments or advancements under the Insurance Policy. The Debtor, Committee, and Insured Persons reserve any and all rights, claims, defenses and causes of action.

12. The fourteen day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

13. This Court retains jurisdiction with respect to the implementation of this Order, including with respect to any objection to payment asserted in accordance with this Order.

DOCS_SF:108588.3

PREPARED AND SUBMITTED BY:

LARSON & ZIRZOW LLC

/s/ *DRAFT*
Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
850 E. Bonneville Ave.
Las Vegas, NV 89101
Tel: (702) 382-1170
Email: mzirzow@lzlawnv.com
          zlarson@lzlawnv.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
John D. Fiero (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Tel: (415) 263-7000
E-mail: jfiero@pszjlaw.com
           jrosell@pszjlaw.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

Approved by:

SCHWARTZ LAW, PLLC

SAMUEL A. SCHWARTZ, ESQ.
Nevada Bar No. 10985
601 East Bridger Avenue
Las Vegas, NV 89101

*Counsel for the Debtor*

CARLYON CICA CHTD.

DAWN M. CICA, ESQ.
Nevada Bar No. 4565
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

*Counsel for Ryan Drexler*

DOCS_SF:108588.3

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

DOCS_SF:108588.3