John D. Fiero (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Tel: (415) 263-7000
E-mail: jfiero@pszjlaw.com
        jrosell@pszjlaw.com

-and-

Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
LARSON & ZIRZOW LLC
850 E. Bonneville Ave.
Las Vegas, NV 89101
Tel: (702) 382-1170
Email: mzirzow@lzlawnv.com
       zlarson@lzlawnv.com

*Counsel to the Official*
*Committee of Unsecured Creditors*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MUSCLEPHARM CORPORATION,<br><br>               Debtor. | Case No. 22-14422-NMC<br><br>Chapter 11 |

## NOTICE OF ISSUANCE OF SUBPOENA
## FOR (I) DOCUMENT PRODUCTION AND (II) 2004 EXAMINATION
## OF THE CORPORATE DESIGNEE OF MUSCLEPHARM CORPORATION

**PLEASE TAKE NOTICE** that the Official Committee of Unsecured Creditors of MusclePharm Corporation hereby provides notice of the issuance of a subpoena for (i) document production and (ii) a 2004 examination of the FRCP 30(b)(6) corporate designee of MusclePharm Corporation. A copy of the subpoena is attached hereto as **Exhibit 1**.

Dated:  April 6, 2023

LARSON & ZIRZOW LLC

*/s/ Matthew C. Zirzow*
Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
850 W. Bonneville Ave.
Las Vegas, NV 89101
Tel:  (702) 382-1170
Email:  mzirzow@lzlawnv.com
         zlarson@lzlawnv.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
John D. Fiero (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA  94104
Tel: (415) 263-7000
E-mail:  jfiero@pszjlaw.com
         jrosell@pszjlaw.com

*Counsel to the Official Committee*
*of Unsecured Creditors*

1

# **EXHIBIT 1**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_LA:348362.1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | **SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE FOR AN EXAMINATION AND THE PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004** |

**TO:    FRCP 30(b)(6) DESIGNEE OF MUSCLEPHARM CORPORATION**

☑    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in this bankruptcy case.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the matters set forth on **Exhibit B** hereto, subject to the Definitions and Instructions, on **Exhibit A** hereto:

| PLACE[1] | DATE AND TIME: |
|---|---|
| ***The Deponent's examination will be conducted through electronic means with the Deponent appearing by videoconference through the Zoom link noted below:***<br><br>*Zoom link to be provided.*<br><br>*Meeting ID and Passcode to be provided.* | May 4, 2023 at 9:00 a.m. (Pacific Time) |

☑    YOU ARE COMMANDED to produce and permit inspection and copying of the documents and communications requested on **Exhibit C** hereto, subject to the Definitions and Instructions on **Exhibits A and B** hereto.

| PLACE: | DATE AND TIME: |
|---|---|
| Larson & Zirzow LLC[2]<br>Attention: Matthew C. Zirzow<br>850 E. Bonneville Ave.<br>Las Vegas, NV 89101 | April 20, 2023 at 4:00 p.m. (Pacific Time) |

Any subpoenaed organization not a party to this proceeding shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Fed. R. Civ. P. 30(b)(6) made applicable to this proceeding by Fed R. Bankr. P. 7030.

---

[1]    The examination will be recorded via stenographic means and/or videotaped.

[2]    Responsive documents may also be provided in electronic format to jrosell@pszjlaw.com.

| ISSUING OFFICER SIGNATURE AND TITLE:<br><br>_/s/ Matthew C. Zirzow_<br><br>Counsel to the Official Committee of Unsecured Creditors | DATE:<br><br>April 6, 2023 |
| --- | --- |
| **ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER**<br><br>Matthew C. Zirzow<br>Larson & Zirzow LLC<br>850 E. Bonneville Ave.<br>Las Vegas, NV 89101<br>Telephone:  (702) 382-1170 | |

DOCS_SF:108720.1

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45)**

I received this subpoena (*name of individual and title, if any*) _____ on (*date*) _____.

☐  I served the subpoena by delivering a copy to the named person as follows: _____ on (*date*) _____; or

☐  I returned the subpoena executed because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2)For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reason-able attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B)Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

4

## EXHIBIT A

## DEFINITIONS

1.      "Affiliate" shall mean any individual, general partnership, limited partnership, trust, estate, corporation, limited liability company, or business trust that is owned by, directly or indirectly controlled by, or acts at the direction or for the benefit of the Person or Entity named, and includes an affiliate of an affiliate.

2.      "Article 9 Sale" means that certain proposed sale of the Debtor's assets by Empery pursuant to Article 9 of the Uniform Commercial Code originally scheduled to take place on December 15, 2022 at 1:00 p.m. (Pacific Time).

3.      "Blade Funding Loan Documents" means all Documents entered into by and between the Debtor and Blade Funding.

4.      "Board of Directors" means the Board of Directors of the Debtor and any committees or special committees thereof, including, but not limited to, the Audit Committee, Compensation Committee, and Nominating and Corporate Governance Committee.

5.      "Cloudfund Loan Documents" means all Documents entered into by and between the Debtor and Cloudfund LLC.

6.      "Communication(s)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to personal conversations, written correspondence, memoranda, letters, reports, publications, electronic communications, text messaging, instant messaging, messages via social media and electronic mail.

7.      "Date" means the exact day, month, and year, if known, or if not known, your best approximation thereof. Exact dates shall be given in all answers except where it is explicitly indicated that an approximate date may be given.

8.      "Debtor" shall mean MusclePharm Corporation, the debtor in the chapter 11 case of *In re MusclePharm Corporation*, Case No. 22-14422-NMC ("Bankruptcy Case"), pending in the United States Bankruptcy Court District of Nevada (the "Bankruptcy Court").

9.      "Document" is intended to be as broad as it is used in FRCP 26 and 34, and includes, without limitation:

(i)      the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of

every kind and description that are fixed in any kind of physical media;[1]

(ii)  any printed, typewritten, handwritten, electronic, or otherwise recorded matter of whatever character of communications, letters, correspondence, electronic mail, text messages, instant messages, memoranda, notes, Post-Its, media releases or articles, photographs, tape or sound recordings, contracts, agreements, telephone records, diaries, desk calendars, appointment calendar, group scheduler calendars, statements, reports, journal, minutes, working paper, financial report, accounting report, work papers, facsimile, facsimile transmission, drafts, logs, chart, graph, index, directory, scheduling data, databases, spreadsheets, presentations, word processed documents, bulletins, design schedules, supplemental instructions, time cards, drawings, shop drawings, progress payments, progress schedules, estimates, equipment time cards, design calculations, design meeting minutes, coordination meeting minutes, and material similar to any of the foregoing, however denominated and to whomever addressed, computer directory, computer disk, computer tape, or any written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents.

(iii)  For the avoidance of doubt, electronically-stored information with all metadata intact shall be produced whenever available in the format described below.

10.  "<u>Drexler Intercreditor Agreement</u>" means that certain *Intercreditor Agreement*, dated October 13, 2021 by and among Empery, on behalf of the October Noteholders, the Debtor, and Ryan Drexler, (including all amendments, supplements, exhibits, and schedules thereto).

11.  "<u>Empery</u>" means Empery Tax Efficient, LP, in its capacity as collateral agent of the Secured Noteholders (defined below) with respect to the Notes (as defined in the Silver Declaration [ECF No. 52])[2].

12.  "<u>Empery Loan Documents</u>" means all Documents entered into in connection with the October Notes and June Notes, including, but not limited to the SPA, Drexler Intercreditor Agreement, and/or Security Agreement.

---

[1]  Physical media includes, but is not limited to, paper media, photographic media (including pictures, films, slides and microfilm), phonographic media, magnetic media (including, but not limited to hard drives, floppy disks, compact disks, and magnetic tapes of any kind), computer memory, optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed.

[2]  The reference to "ECF" refers to the Bankruptcy Court's Electronic Filing System and the reference to ECF No. followed by one or more digits refers to a docket item on the Bankruptcy Court's Electronic Filing System with respect to the Bankruptcy Case.

2

13. "Entity" includes, without limiting the generality of its meaning, every corporation, partnership, association, limited liability company, joint venture and professional business entity or any iteration, subsidiary, or affiliate thereof.

14. "Insider" shall mean (i) Your directors; (ii) Your officers; (iii) person(s) in control of You; (iv) partnerships in which You are a general partner; (v) Your general partners; or (vi) relatives of a general partner, director, officer, or person in control of You.

15. "June Noteholders" means Empery Master Onshore, LLC, Empery Tax Efficient, LP, Empery Tax Efficient III, LP, Empery Debt Opportunity Fund, LP, Ionic Ventures, LLC, Anson Investments Master Fund LP, HB Fund LLC, Bigger Capital Fund, LP, District 2 Capital Fund LP, Altium Growth Fund, LP, Walleye Opportunities Master Fund Ltd., and Roth Capital Partners, LLC, and any successors in interest.

16. "Prestige Factoring Agreement" means the *Purchase and Sale Agreement* by and between Prestige Capital Corporation and the Debtor dated January 11, 2016 (including all amendments, supplements, exhibits, and schedules thereto).

17. "Prestige Factoring Agreement" means the *Purchase and Sale Agreement* dated January 11, 2016 by and between Prestige Capital Corporation and the Debtor (including all amendments, supplements, exhibits, and schedules thereto).

18. "Prestige Intercreditor Agreement" means the *Intercreditor Agreement* dated October 31, 2021 by and between Prestige Capital Finance, LLC, Empery Tax Efficient, LP, the Debtor, and Canada MusclePharm Enterprises Corp. (including all amendments, supplements, exhibits, and schedules thereto).

19. "Prestige Loan Documents" means all Documents entered into in connection with the Prestige Factoring Agreement, including, but not limited to the Prestige Factoring Agreement, Prestige Intercreditor Agreement, and any applicable guaranty agreement.

20. "October Notes" means each June Noteholder's *Original Issue Discount Senior Secured Note Due December 10, 2022* (including all amendments, supplements, exhibits, and schedules thereto).

21. "October Noteholders" means each purchaser identified on the signature page to the SPA, including, but not limited to Empery Master Onshore, LLC, Empery Tax Efficient, LP, Empery Tax Efficient III, LP, Empery Debt Opportunity Fund, LP, Ionic Ventures, LLC, Anson Investments Master Fund LP, CVI Investments, Inc., HB Fund LLC, Intracoastal Capital LLC, Bigger Capital Fund, LP, District 2 Capital Fund LP, L1 Capital Global Opportunities Master Fund, and Altium Growth Fund, LP, and any successors in interest.

22. "October Notes" means each October Noteholder's *Original Issue Discount Senior Secured Note Due April 13, 2022* (including all amendments, supplements, exhibits, and schedules thereto).

23. "MusclePharm Uplisting" means any plans or efforts by the Debtor to be listed on a Trading Market (as defined in the SPA) by and between January 1, 2019 to the Petition Date.

3

24.     "<u>Person</u>" shall mean any natural person, trust, Entity, association of entities and/or natural persons, and/or governmental body.

25.     "<u>Petition Date</u>" means December 15, 2022.

26.     "<u>Relate</u>" or "<u>relating to</u>" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, relating to, or referring to directly or indirectly.

27.     "<u>Relevant to</u>" has the same meaning that it has in FRCP 26(b)(1) incorporated by Bankruptcy Rule 7026.

28.     "<u>Roth Capital</u>" means ROTH Capital Partners, LLC and any successor in interest.

29.     "<u>Schedules</u>" means the *Schedules of Assets and Liabilities* and *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* [Docket No. 176].

30.     "<u>SEC Investigation</u>" means any pending investigation by the U.S. Securities and Exchange Commission relating to the Debtor.

31.     "<u>Secured Noteholders</u>" means collectively the October Noteholders and June Noteholders.

32.     "<u>Security Agreement</u>" means that certain *Pledge and Security Agreement*, dated October 13, 2021 (including all amendments, supplements, exhibits, and schedules thereto), by and among the October Noteholders and the Debtor.

33.     "<u>Settlement Agreement</u>" means the *Settlement Agreement and Release Between White Winston Select Asset Funds, LLC and White Winston Select Asset Fund Series Fund MP-18, LLC and MusclePharm Corporation and Ryan Drexler*, dated December 5, 2022.

34.     "<u>Sherwood</u>" means Sherwood Partners Inc. and its Affiliates.

35.     "<u>SPA</u>" means the *Securities Purchase Agreement*, dated October 13, 2021 (including all amendments, supplements, exhibits, and schedules thereto), by and between the Debtor and each purchased identified on the signature pages thereto.

36.     "<u>You</u>" or "<u>Your</u>" means Empery Tax Efficient, LP and any Affiliate or Insider thereof and Your agents, servants, employees, attorneys, accountants, representatives, any other Person or Entity over which You have control or have a superior right to compel to do an act or produce an item, and any Entity You were or are an agent, manager, officer, or director or otherwise maintained or maintain a supervisory, advisory, or consulting role.

## <u>INSTRUCTIONS</u>

1.     Unless otherwise indicated, the Documents and Communications requested include all Documents and Communications that have come into existence or been utilized, read, transcribed, copied, placed in or retrieved from any file between January 1, 2021 and the present.

2.      You shall produce all Documents in the manner in which they are maintained in the usual course of business and/or shall organize and label Documents to correspond with the categories of this Request. A Request for Documents shall be deemed to include a Request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

3.      In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody, or control, regardless of whether such Documents or materials are possessed by You directly or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives, or investigators.

4.      If any of the information contained in the answers to these Requests is not within Your personal knowledge, so state. The answers to the Requests should identify every Person, Document, and Communication upon which You rely for the information contained in the answer not based solely on Your own personal knowledge.

5.      If You cannot answer any portion of the following Requests in full, after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

6.      You are requested to provide all responsive Documents within Your possession, custody, or control. In the event that You provide only a portion of the Documents called for by any particular Request, state the reason(s) for Your inability to provide the remainder of the Documents requested and the identity of the Document(s).

7.      In the event the Documents called for by any particular request are no longer in Your possession, custody or control, state the reason(s) why those Documents are no longer in Your possession, custody, or control and the identity of the Document(s) and all Your knowledge regarding who currently has possession, custody or control of the Document(s).

8.      In the event that Documents called for by any particular request have been lost or destroyed, please state: (i) the date on which the Document(s) were lost or destroyed; (ii) the manner in which the Document(s) were lost or destroyed; (iii) the identity of the Document(s); (iv) the information contained within such Document(s) and the nature of the Document(s); and (v) and the identity of any person(s) who has knowledge of the contents of the Document(s) or has received a copy of such Document(s).

9.      If You withhold any Document pursuant to a claim of privilege, You shall expressly make the claim of privilege and produce a privilege log in compliance with Fed. R. Civ. P. 26(b)(5), incorporated by Fed. R. Bankr. P. 7026.

10.     Documents attached to each other should not be separated.

11.     Documents not otherwise responsive to this discovery Request shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for in the discovery request.

12.     The fact that a Document has been produced by another party does not relieve You of Your obligation to produce Your copy of the same Document, even if the two Documents are identical.

13.     The terms "each" and "all" shall be construed as "all and each."

14.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be outside of the scope.

15.     The use of the singular form of any word includes the plural and vice versa.

16.     The use of the feminine form of any word includes the masculine and vice versa.

DOCS_SF:108688.2

## **EXHIBIT B**

## **EXAMINATION TOPICS**

**TOPIC NO. 1:**

The Empery Loan Documents, including the facts and circumstances giving rise to the execution of the Empery Loan Documents.

**TOPIC NO. 2:**

The Prestige Loan Documents, including the facts and circumstances giving rise to the execution of the Prestige Loan Documents.

**TOPIC NO. 3:**

The Blade Funding Loan Documents, including the facts and circumstances giving rise to the execution of the Blade Funding Loan Documents and any repayment of any obligations owed by the Debtor to Blade Funding.

**TOPIC NO. 4:**

The Cloudfund Loan Documents, including the facts and circumstances giving rise to the execution of the Cloudfund Loan Documents.

**TOPIC NO. 5:**

The Settlement Agreement, including the facts and circumstances giving rise to the execution of the Settlement Agreement.

**TOPIC NO. 6:**

The Debtor's business arrangements with Joseph Cannata and Jason May.

**TOPIC NO. 7:**

The MusclePharm Uplisting.

**TOPIC NO. 8:**

The Article 9 Sale.

**TOPIC NO. 9:**

The Debtor's decision to file (or not to file) bankruptcy on or before December 15, 2022.

DOCS_SF:108688.2

**TOPIC NO. 10:**

The corporate governance of the Debtor, including all meetings of the Board of Directors and any minutes, resolutions, or consents of the Board of Directors.

**TOPIC NO. 11:**

All transactions, agreements, and transfers between the Debtor and Ryan Drexler.

**TOPIC NO. 12:**

The dismissal of SingerLewak LLP and the resignation of Moss Adams LLP.

**TOPIC NO. 13:**

The SEC Investigation and the facts and circumstances giving rise to the SEC Investigation.

**TOPIC NO. 14:**

The facts and circumstances surrounding the engagement of Roth Capital, including the consideration Roth Capital provided in exchange for its portion of the October Notes.

**TOPIC NO. 15:**

All real property leases of the Debtor that existed as of the Petition Date or were terminated on or after January 1, 2019.

**TOPIC NO. 16:**

The contents of the Schedules, including, but not limited to, what steps the Debtor took to prepare the Schedules.

**TOPIC NO. 17:**

The assets and liabilities of Canada MusclePharm Enterprises Corp.

DOCS_SF:108688.2

# EXHIBIT C

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Any and all Documents, including presentations, valuations, models, or reports prepared by advisors or other third parties, including Roth Capital, Empery, or White Winston, relating to the value of the Debtor (or any of its assets, including its intellectual property), and the projections underlying such presentations, valuations, models, or reports, including in connection with the MusclePharm Uplisting.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all Documents, including presentations, valuations, models, or reports prepared by the Debtor relating to the value of the Debtor (or any of its assets, including its intellectual property), and the projections underlying such presentations, valuations, models, or reports, including in connection with the MusclePharm Uplisting.

**REQUEST FOR PRODUCTION NO. 3:**

All valuations and appraisals of the Debtor's intellectual property from 2015 to the present.

**REQUEST FOR PRODUCTION NO. 4:**

All valuations and appraisals of the collateral upon which the Prepetition Collateral Agent asserts a lien or security interest.

**REQUEST FOR PRODUCTION NO. 5:**

All bank statements relating to the Debtor's bank accounts from 2019 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

All minutes, resolutions, and consents of the Board of Directors, including all presentations to the Board of Directors.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Communications between October 1, 2022 and December 15, 2022 relating to the decision of the Board of Directors to file (or not to file) bankruptcy.

**REQUEST FOR PRODUCTION NO. 8:**

All agreements by and between You, on the one hand, and Ryan Drexler or his Affiliates, on the other hand, including any loan agreements and employment agreements from 2015 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications by and between You, on the one hand, and Cloudfund LLC or its Affiliates, on the other hand, including any Documents evidencing the repayment of any obligations owed by the Debtor to Cloudfund LLC.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications by and between You on the one hand, and Blade Funding or its Affiliates, on the other hand, including any Documents evidencing the repayment of any obligations owed by the Debtor to Blade Funding.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications by and between You on the one hand, and Joseph Cannata or his Affiliates, on the other hand.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications by and between You on the one hand, and Jason May or his Affiliates, on the other hand.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents and Communications relating to the dismissal of SingerLewak LLP as Your certifying accountant.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents and Communications relating to the resignation of Moss Adams LLP as Your certifying accountant.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications between You and Roth Capital or its Affiliates.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications relating to the Settlement Agreement.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications between You and Marc Ross or his Affiliates, including all agreements by and between You, on the one hand, and HBM Management Associates, LLC or its Affiliates, on the other hand.

**REQUEST FOR PRODUCTION NO. 18:**

All Document and Communications relating to any insurance policy of the Debtor from 2015 to the present, including all applicable insurance policies and all coverage correspondence between You and any applicable insurance carrier.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents and Communications related to or referencing any causes of action or claims for relief that You or Your Affiliates or Insiders possess against Empery or its Affiliates.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications related to or referencing any causes of action or claims for relief that You or Your Affiliates or Insiders possess against White Winston or its Affiliates.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications related to or referencing any causes of action or claims for relief that You or Your Affiliates or Insiders possess against Prestige Capital or its Affiliates.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications related to or referencing any causes of action or claims for relief that You or Your Affiliates or Insiders possess against Ryan Drexler or his Affiliates.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications relating to the Article 9 Sale.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications relating to or referencing any payments or transfers of money or property from Debtor or its Affiliates or Insiders to Ryan Drexler or any of his Affiliates from six (6) years prior to the Petition Date to the present.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents relating to or referencing any leases of real property by the Debtor that existed as of the Petition Date or were terminated on or after January 1, 2019.

DOCS_SF:108688.2