_Natalie M. Cox_ (signature)

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
April 26, 2023

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Attorneys for the Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Date:  N/A<br>Time:  N/A |

### ORDER APPROVING STIPULATED PROTECTIVE ORDER
### AND CONFIDENTIALITY AGREEMENT

The Court, having considered the *Stipulated Protective Order and Confidentiality Agreement* [ECF No. 417] between the Debtor, Empery, Drexler, and the Committee (the "**Stipulation**"),[1] and good cause appearing therefor:

**IT IS HEREBY ORDERED** that the Stipulation, a copy of which is attached hereto as **Exhibit 1**, is approved; and

/ / /

---

[1]    Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the Stipulation.

1     **IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to hear and determine

2  any matters related to the entry of this Order.

3     **IT IS SO ORDERED.**

4

5  **PREPARED AND SUBMITTED BY:**

6  By: /s/ *Samuel A. Schwartz*
   Samuel A. Schwartz, Esq. (NV Bar No. 10985)
7  Gabrielle A. Hamm, Esq. (NV Bar No. 11588)
   **SCHWARTZ LAW, PLLC**
8  601 East Bridger Avenue
   Las Vegas, NV 89101
9

10 *Attorneys for Debtor MusclePharm Corporation*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Date:   N/A<br>Time:   N/A |

**STIPULATED PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT**

MusclePharm Corporation (the "**Debtor**"), Empery Tax Efficient, LP ("**Empery**"), Ryan Drexler ("**Drexler**"), and the Official Committee of Unsecured Creditors appointed in the above-captioned matter and each of its members (collectively, the "**Committee**" and, collectively with the Debtor, Empery, and Drexler, the "**Parties**"), as well as any other persons or entities who become bound by this Order by signifying their assent through execution of <u>Exhibit A</u> hereto (the "**Declaration**") and who obtain the necessary consents described herein in paragraphs 13 and 14, have stipulated and agreed, by and through their respective counsel, to entry of this Order pursuant to Rules 26, 26(b)(5)(B), and 26(c) of the Federal Rules of Civil Procedure (the "**Federal Rules**"),

Rules 2004, 7026, and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 502(d) of the Federal Rules of Evidence (the "**Evidence Rules**"), and sections 105(a), 107, and 704(a)(7) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "**Bankruptcy Code**").

### Recitals

WHEREAS, the Committee and other Parties have sought or may seek certain Discovery Material (as defined below) from the Debtor or one another relating to or in connection with the above-captioned Chapter 11 case (the "**Case**"), whether by way of adversary proceeding, contested matter, Rule 2004 examination, or otherwise, including through document requests, interrogatories, depositions, and other formal or informal requests for documents or information (the "**Discovery Requests**"); and

WHEREAS, the Debtor has provided and will continue to provide the Committee with diligence materials ("**Diligence Materials**") and other documents in connection with the Case; and

WHEREAS, the Parties producing documents in the above-captioned Case and related proceedings have asserted that they have certain confidentiality obligations and confidentiality and privacy concerns about the information that may be responsive to such Discovery Requests and Diligence Materials generally; and

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1.    The Parties shall submit this Order to the above-captioned Court (the "**Court**" or the "**Bankruptcy Court**") for approval and shall be bound by the terms hereof. The Parties shall abide by the terms of this Order even if this Order is not entered by the Court for any reason, unless the Court determines otherwise.

2.    Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Bankruptcy Rule 9006.

**Scope of Order**

3.      This Order governs the disclosure or exchange of all information and documents in connection with this Case by a Party (each a "**Producing Party**") to any other Party (each a "**Receiving Party**" with respect to particular Discovery Material (as defined below)), formally or informally, in response to or in connection with any Discovery Requests, providing any Diligence Materials, or otherwise pursuant to this Order, including without limitation documents, deposition testimony (whether based upon oral examination or written questions), deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, responses to requests for documents, and any other information or material produced, given, or exchanged as part of these discovery proceedings, including any information incorporating the foregoing material or contained therein or derived therefrom (collectively, "**Discovery Material**"). "Material," as that term is used herein, includes hard copy documents and electronically stored information contemplated by the Bankruptcy Rules, and the Federal Rules, including but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, data, or data compilations stored in any medium, testimony, exhibits, discovery responses, and all other mediums of expression.

4.      This Order also governs the production of Diligence Materials to the Committee. Where applicable, references to Discovery Material shall also include Diligence Materials.

5.      Upon signing and delivering to all Parties hereto a Declaration in the form provided as **Exhibit A** and agreeing to be bound by the terms of this Order, and, where applicable, upon receipt of the prior written consent of the Producing Party, this Order shall apply to non-parties that are served with subpoenas or subpoenas duces tecum or who otherwise produce documents or are noticed for depositions with respect to the Case, and all such non-parties are entitled to the protections afforded hereby and subject to the obligations herein.

6.      Any Party or its counsel serving a subpoena or subpoena duces tecum which requires the production of documents or testimony upon a non-party shall serve a copy of this Order along with such subpoena and instruct the non-party recipient of such subpoena that he, she or it may designate documents or testimony in the Case according to the provisions herein. In the

1    event a non-party has already been served with a subpoena or subpoena duces tecum or other

2    discovery request at the time this Order is entered by the Court, the serving party or its counsel

3    shall provide the service and notice of this Order required by the preceding sentence as soon as

4    reasonably practicable after entry of this Order.

5          7.    This Protective Order shall supersede and replace any existing confidentiality

6    agreements or protective orders applicable to the Parties. In the event of any inconsistency between

7    the terms of this Protective Order and the terms of an existing confidentiality agreement, the terms

8    of this Protective Order, as the same may be modified by the Court, shall govern as to the

9    applicable parties.

10                           **Designated Discovery Material**

11          8.    Any Producing Party may designate Discovery Material as "**Confidential**

12   **Material**" or "**Highly Confidential Material**" (any such designated Discovery Material,

13   "**Designated Material**") in accordance with the following provisions. For the avoidance of doubt,

14   the Producing Party will review and individually designate each document produced in accordance

15   with the terms of this Protective Order and shall not make any blanket designations of produced

16   documents or testimony as either "Confidential Material" or "Highly Confidential Material."

17          a.    **Confidential Material:** A Producing Party may designate Discovery
     Material as "Confidential" if such Producing Party reasonably believes that: (i) such
18   Discovery Material (A) constitutes or contains nonpublic proprietary or confidential
     technical, business, financial, personal, or other information of a nature that should be
19   protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by
     contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a
20   preexisting obligation to a third party to treat such Discovery Material as confidential or
     (B) has been reasonably requested by another Party or non-Party to so designate such
21   Discovery Material on the grounds that such other Party or non-Party considers such
     Discovery Material to contain information that is confidential or proprietary to such Party
22   or non-Party. For the avoidance of doubt, Discovery Material previously identified as
     "Confidential Material" by the Debtor or any other Party are deemed designated as
23   Confidential Material under this Order; provided, however, that the Confidential Material
     designation is subject to all available challenges to that designation available pursuant to
24   the terms of this Order.
25
26          b.    **Highly Confidential Material:** A Producing Party may designate
     Discovery Material as "Highly Confidential" if such Discovery Material is of a nature that
27   should be protected under the Bankruptcy Rules or the Federal Rules and the Producing
     Party reasonably believes (or with respect to documents received from another person, has
28

been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 14 of this Order, such as trade secrets, sensitive financial or business information, or material prepared by its industry advisors, financial advisors, accounting advisors, experts, or by its consultants (and their respective staff) that are retained by the signatories to this Order in connection with this Case if such materials contain trade secrets or sensitive financial or business information, and only to the extent that the Producing Party reasonably believes that such material is of such a nature that "Highly Confidential" treatment is warranted. For the avoidance of doubt, Discovery Material previously identified as "For Professional Eyes Only" by the Debtor or any other Party are deemed designated as Highly Confidential under this Order; provided, however, that the Highly Confidential designation is subject to all available challenges to that designation available pursuant to the terms of this Order.

     c.   **Undesignated Material:** Subject to the rights and obligations of the Parties under Paragraphs 12 and 26 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("**Undesignated Material**").

**Process of Designation**

9.    The manner of designation and de-designation shall proceed as follows:

     a.   Subject to subsection (b), where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking each such page "Confidential" or "Highly Confidential" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is "Confidential" or "Highly Confidential"; such as by including such designation in the filename and/or the produced document review platform load file or slipsheet, if applicable.

     b.   The Debtor will continue to provide the Committee with Diligence Materials as it had done prior to entry of this Order. Diligence Materials do not need to be specifically marked "Confidential" or "Highly Confidential" and can continue to be communicated through e-mail or other means. If a document is "Confidential" or "Highly Confidential" the Debtor will communicate that in any transmittal or mark the document with the appropriate designation, in which case such Diligence Materials shall be treated pursuant to the terms of this Order. Any documented communicated as "Professional Eyes Only" will only be treated as "Highly Confidential" (unless de-designated as such) pursuant to this Order.

10.   **Designation of Written Discovery Material:** Where Designated Material is produced in the form of a written response to a request for written discovery (including, without limitation, written responses to interrogatories), the Producing Party may designate such material

by imprinting "Confidential" or "Highly Confidential" as applicable before the written response. The designation of Discovery Material as "Confidential" or "Highly Confidential" shall constitute a representation by the Producing Party that there is a good-faith basis for that designation.

11.    **Late Designation of Discovery Material:** The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("**Misdesignated Material**"). If at any time any Producing Party determines or realizes that certain testimony or some portion of Discovery Materials that was previously produced should be designated as Confidential Material or Highly Confidential Material, that Producing Party may notify all Receiving Parties in writing, and such designated testimony or portion of Discovery Materials will thereafter be treated as Confidential Material or Highly Confidential Material under the terms of this Protective Order. The Party designating the Misdesignated Material as Confidential Material or Highly Confidential Material will, at its cost, provide the other Parties with substitute copies, bearing the appropriate legend, of any such Discovery Materials. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that no Party shall be bound by such later designation if the subject Discovery Material that was not designated has been, at the time of the later designation otherwise publicly disclosed. Any Party that believes it would be prejudiced by a later designation may seek relief from the Court from the treatment of the material in accordance with that later

1  designation, but unless and until such relief is granted such Party will treat the Misdesignated

2  Material as it has been newly designated.

3  **Use and Disclosure of Confidential or Highly Confidential Information**

4  12.  **General Limitations On Use And Disclosure Of All Discovery Material:**  All

5  Discovery Material, whether or not Designated Material, shall be used by the Receiving Parties

6  solely in connection with the Case and not for any other purpose, including that such Discovery

7  Material shall not be used for any business, competitive, governmental, commercial, or

8  administrative purpose or function, or in any other case, proceeding, matter, controversy, lawsuit

9  or other legal action, whether currently on-going or not yet commenced.  Nothing herein shall

10  prevent the U.S. Trustee from disclosing Designated Materials for civil or criminal law

11  enforcement purposes, whether informally or in compliance with a subpoena or court order. To

12  the extent that Designated Material is sought from the U.S. Trustee pursuant to any request under

13  the Freedom of Information Act, the Privacy Act, or other applicable law requiring disclosure, or

14  informal requests from other government agencies, designation of materials pursuant to ¶¶ 8–11

15  of this Order shall constitute good faith efforts to designate the Discovery Material as confidential

16  commercial information for purposes of 28 CFR § 16.7 and related regulations. Prior to the

17  disclosure of any Designated Material, the U.S. Trustee shall provide the Producing Party with

18  prompt written notice to give the Producing Party an opportunity to object to the disclosure of any

19  specific portion of the Designated Material. If the Producing Party does not object within seven

20  (7) business days of the date of the U.S. Trustee's written notice, then the U.S. Trustee may

21  disclose the Designated Material if otherwise permitted by applicable law. If the Producing Party

22  objects, then the U.S. Trustee will not disclose the Designated Material until either (a) a consensual

23  resolution is reached or (b) the Producing Party obtains relief from the Court; provided, however,

24  that the U.S. Trustee may disclose the Designated Material as otherwise permitted by law if a

25  resolution has not been reached and the Court has not entered an order restricting disclosure within

26  fourteen (14) business days of the U.S. Trustee's written notice.

27  13.  **Confidential Material:**  Confidential Material, and any and all information

28  contained therein, may be given, shown, made available or communicated only to the following:

      a.     the Debtor and any professionals retained by the Debtor, or other industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Debtor in connection with the Case;

      b.     with respect to information produced to a Receiving Party, counsel (and staff working under the express direction of counsel) to that Receiving Party;

      c.     counsel to the Committee;

      d.     any professionals retained by the Committee under 11 U.S.C. § 328, or other industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Committee in connection with the Case—in each case only after he/she or such entity has signed a Declaration in the form provided as **Exhibit A** hereto;

      e.     experts and other financial advisors to the Receiving Party—in each case, only as necessary to assist the Receiving Party with respect to the Case and only after he/she or such entity has signed a Declaration in the form provided as **Exhibit A** hereto;

      f.     the Committee, and members of the Committee (including the member's attorneys, financial consultants, outside auditors, investment committee members, other professionals, members, partners, directors, officers, employees or agents who need to know such information for purposes of the Debtor's Case or for the purpose of rendering advice and guidance to the member or as required in order to discharge the responsibilities of the member's institution as a member of the Committee (collectively, the "**Committee Parties**"));

      g.     the U.S. Trustee, after the U.S. Trustee has signed a Declaration in the form provided as **Exhibit A** hereto;

      h.     deposition, hearing or trial witnesses in connection with the Debtor's Case, provided that such witnesses have been provided with a copy of this Order and informed that the Confidential Information must be treated in accordance with its terms;

      i.     upon written notice to and with the prior, written consent of the Producing Party, any other persons or entities (whether or not otherwise Parties) who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto, in each case, only as necessary to assist with or make decisions with respect to the Case, and only after he/she or such entity has signed a Declaration in the form provided as **Exhibit A** hereto (for the avoidance of doubt, in the event the Producing Party does not provide such consent, such persons or entities may move the Court to order the Producing Party to provide them with access to the Confidential Material, and the Producing Party reserves all rights to oppose any such request);

      j.     non-professional support personnel providing general secretarial services (such as word processing and printing) to and working under the supervision and direction of any natural person bound by this Order—in each case, only as necessary to assist such natural person with respect to the Case;

k.    court reporters, stenographers, or videographers who record deposition or other testimony in this Case; and

l.    any other persons specified in Paragraph 14 below.

14.    **Highly Confidential Material:** Highly Confidential Material, and any and all information contained therein, may be given, shown, made available or communicated only to the following:

a.    outside counsel and staff working under the express direction of outside counsel for:

i.    the Debtor and any professionals retained by the Debtor, or other industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Debtor in connection with the Case;

ii.    the Committee;

iii.    upon written notice to and with the prior, written consent of the Producing Party, any Party to this Protective Order other than the Committee, to the extent the disclosure is necessary to assist with or make decisions with respect to the Case; and

iv.    upon written notice to and with the prior, written consent of the Producing Party, any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto and providing the executed version of **Exhibit A** to the Producing Party (for the avoidance of doubt, in the event the Producing Party does not provide such consent, such persons or entities may move the Court to order the Producing Party to provide their outside counsel with access to the Highly Confidential Material, and the Producing Party reserves all rights to oppose any such request);

b.    the U.S. Trustee, after the U.S. Trustee has signed a Declaration in the form provided as **Exhibit A** hereto;

c.    professionals retained by the Committee under 11 U.S.C. § 328, or other industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Committee in connection with the Case—in each case only after he/she or such entity has signed a Declaration in the form provided as **Exhibit A** hereto;

d.    professionals or other industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by any Party to this Protective Order with whom Highly Confidential Material, and any and all information contained therein, has been given, shown, made available or communicated

under 14(a)(ii) in connection with the Case—in each case, only as necessary to assist with respect to the Case and only after he/she or such entity has signed a Declaration in the form provided as **Exhibit A** hereto;

e.    any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

f.    deposition, hearing or trial witnesses in connection with the Debtor's Case, provided that such witnesses are indicated on the face of the document or in its metadata to be the author or a recipient;

g.    outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with the Case;

h.    court reporters, stenographers, or videographers who record testimony in connection with the Case;

i.    the Court, its officers and clerical staff in any judicial proceeding that may result from the Case;

j.    non-professional support personnel providing general secretarial services (such as word processing and printing) to and working under the supervision and direction of any natural person bound by and allowed to see Highly Confidential Material under this Order—in each case, only as necessary to assist such natural person with respect to the Case; and

k.    any other person or entity with respect to whom the Producing Party may provide prior consent in writing, which consent may be conditioned on the recipient executing the joinder provided as Exhibit A hereto or as otherwise reasonably necessary.

15.    **Prerequisite to Disclosure of Designated Material:** Before any person or entity or a representative thereof identified in Paragraphs 13(d) or (e) and 14(c) or (d) is given access to Designated Material, if permitted by this Order, such entity or person or a representative thereof shall be provided with a copy of this Order and shall execute a Declaration in the form provided as **Exhibit A** hereto. Each such Declaration shall be retained in the files of counsel for the Receiving Party who gave access to the Designated Material to the person who was provided such access. Declarations may be disclosed pursuant to the Federal Rules or the Bankruptcy Rules, in the Receiving Party's sole discretion unless a showing of good cause is made and the Court so orders. When consent of the Producing Party is required with respect to any sub-paragraph of Paragraphs 13 or 14 of this Order, the Producing Party shall respond to any such request for consent within 3 business days of the request and such consent shall not be unreasonably withheld.

16.     **Sealing of Designated Material Filed With Or Submitted To Court:** The Court's approval and entry of an Order approving this Stipulation shall constitute authority for the Parties to file Confidential Material or Highly Confidential Material under seal without the necessity of filing a separate motion under Local Rule 9018, including Local Rule 9018(b). Parties filing Confidential Material or Highly Confidential Material under seal pursuant to this Order shall reference this Order in the pleading accompanying such documents. Confidential Material and Highly Confidential Material may only be filed with this Court if such filing is made under seal. Before or contemporaneously with filing documents with the Court that contain Confidential or Highly Confidential Material, the filing party must notify the Producing Party of the filing. Where possible, however, only those portions of the filings with the Court that disclose Confidential Material or Highly Confidential Material shall be filed under seal. Parties filing documents under seal shall to the extent feasible also file redacted documents simultaneously. This Paragraph is without prejudice to the right of any Party to move upon notice to the applicable Party to unseal any papers filed under seal. Except as otherwise ordered by the Court or agreed to by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Designated Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules.

17.     **Use of Discovery Material in Open Court:** Counsel for any Party or non-party shall confer on such procedures as are necessary to protect the confidentiality of Confidential Material or Highly Confidential Material used in the course of any Court proceeding, and in the event counsel cannot agree on such procedures, the question shall be submitted to the Court.

## Depositions

18.     **Deposition—Manner of Designation:** In the case of depositions, if counsel for a Party or non-party believes that some or all the testimony should be Designated Material of such Party or non-party, such testimony may be designated as appropriate by:

a.     Stating so orally on the record and requesting that the relevant portion(s) or entire transcript of testimony is so designated; or

b.     Providing written notice within seven (7) calendar days of the Party's or non-party's receipt of the final transcript from the court reporter that the relevant portion(s)

or entirety of such transcript or video of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) calendar days, in which case the foregoing seven (7) calendar day period will be reduced to either three (3) calendar days or two (2) days prior to such hearing, whichever is longer. If a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a three-day period is not practical, notice shall be given at the deposition or as soon as practical thereafter; such written notice shall, in all circumstances, be provided at least one (1) calendar day before any such hearing on related issues. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of or the entire transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 22 below. Until expiration of the aforesaid time periods following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential unless otherwise agreed on the record at the deposition.

19.    **Designated Material Used as Exhibits during Depositions:** Nothing in Paragraph 18 shall apply to or affect the confidentiality designations of Discovery Material entered as exhibits at depositions.

20.    **Witness Review of Deposition Testimony:** Nothing in Paragraphs 18 or 19 shall preclude the witness from reviewing his or her deposition transcript.

21.    **Presence of Certain Persons during Designated Deposition Testimony:** Anyone who is not counsel to a Party and who wishes to attend a deposition must become a Party to this Order prior to such deposition. When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.

22.    **Responsibilities and Obligations of Court Reporters:** In the event that testimony is designated as Confidential or Highly Confidential, the court reporter shall be instructed to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith" and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

### General Provisions

23.     This Order is a procedural device intended to protect Discovery Materials designated as Confidential or Highly Confidential. Nothing in this Order shall affect any Party's or non-party's rights or obligations unrelated to this Order.

24.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-party of any objection, including but not limited to, any objection concerning the alleged confidentiality, the designation of Designated Material, or proprietary nature of any documents, information, or data requested by a Party or non-party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by motion on notice on any grounds. Nothing herein will be construed or presented as a judicial determination that any document or material designated Confidential Material or Highly Confidential Material by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, Rule 9018 of the Federal Rules of Bankruptcy Procedure, or otherwise until such time as the Court may rule on a specific document or issue.

25.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-party of any objection based on that Party's or non-party's obligations to comply with the rules, regulations and laws prevailing in the jurisdictions from which Discovery Material is obtained for purposes of producing documents and information in response to Discovery Requests.

26.     **Unauthorized Disclosure of Designated Material:** In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order, immediately make all reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made, and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed

Designated Material and ensure against further dissemination or use thereof. A Party may seek relief in this Court for any violation of this Order.

27.    **Manner of Objecting to Designation of Material:** Any Receiving Party may at any time object to the designation of any Discovery Material as Confidential Material or Highly Confidential Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), including without limitation on the ground that such Discovery Material does not meet the requirements of 11 U.S.C. § 107. The Receiving Party shall first raise the objection with the Producing Party in writing (the "**De-Designation Request**"), which may be by email, identifying with specificity (i.e., by document control numbers, deposition transcript page and line reference, or other means sufficient to locate such materials) each document bearing a disputed designation, and shall confer in good faith with the Producing Party as to whether such designation should be maintained.

a.    With respect to materials designated as Highly Confidential Material that the Receiving Party seeks to have designated as Confidential Material, in the absence of an agreement between or among the parties as to the maintenance of the designation, if the Producing Party does not respond within 2 calendar days of the De-Designation Request, the Receiving Party may, on notice to the Producing Party, move to obtain an order or determination of the Bankruptcy Court that there is no basis for the allegedly confidential information to be designated as Highly Confidential Material pursuant to 11 U.S.C. § 107 and/or § 704(a)(7). The Parties agree that any such hearing shall be heard on an emergency basis and that any response to any motion to de-designate shall be filed no later than 48 hours after the motion. The burden of persuasion as to the confidentiality of the Discovery Material in question shall rest with the Producing Party. Discovery material shall continue to be subject to the restriction of Highly Confidential Material under the terms of this Order until the Bankruptcy Court makes a contrary determination regarding the confidentiality of such challenged Designated Materials, or the Producing Party agrees in writing to modify or withdraw the designation.

b.    With respect to materials designated as Confidential Material that the Receiving Party seeks to have de-designated as not Confidential Material, in the absence of an agreement between or among the parties as to the maintenance of the designation or if the Producing Party does not respond within three (3) calendar days of the De-Designation Request, the Receiving Party may, on notice to the Producing Party, move to obtain an order or determination of the Bankruptcy Court that there is no basis for the allegedly confidential information to be designated as Confidential Material pursuant to 11 U.S.C. § 107 and/or § 704(a)(7). The Parties agree that any such hearing shall be heard on shortened notice. The burden of persuasion as to the confidentiality of the Discovery Material in question shall rest with the Producing Party. Discovery material shall continue to be subject to the restriction of Confidential Material under the terms of this Order until

the Bankruptcy Court makes a contrary determination regarding the confidentiality of such challenged Designated Materials, or the Producing Party agrees in writing to modify or withdraw the designation.

c.    Notwithstanding any other provision of this order, a Receiving Party may seek removal of a designation in connection with a hearing or a deposition (a) two days prior to and excluding the commencement of the hearing or deposition or (b) such lesser time as the Court may approve.

28.    **Timing of Objections to Designated Material:** A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. The failure of any Receiving Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Receiving Party's right to object to the designation at an evidentiary hearing or trial.

29.    **Production of Privileged Discovery Material:** Pursuant to Evidence Rule 502(d), and Federal Rule 26(b)(5)(B), made applicable hereto by Bankruptcy Rules 2004, 7026, and 9014, the production of privileged or work-product protected documents, electronically stored information ("**ESI**") or information, whether inadvertent or otherwise, shall not constitute a waiver of the attorney client privilege or work product protection in the Case or in any state or federal proceeding. This Order shall be interpreted to provide the maximum protection allowed under Evidence Rule 502(d) and any applicable state law equivalents. Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or other information (including metadata), for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Upon request from the Producing Party, the Receiving Party must promptly return, sequester or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; and must request the return of the information if the party disclosed it before being notified, regardless of whether the Receiving Party agrees with the assertion of privilege or protection. Nothing in this provision will limit the right of the Receiving Party to contest in good faith the Producing Party's claim of privilege or protection. If such a dispute arises, the Receiving Party shall first raise the objection with the Producing Party in writing, which may be by email, identifying with specificity (i.e., by document

control numbers, deposition transcript page and line reference, or other means sufficient to locate such materials) each document bearing a disputed claim of privilege. In the absence of an agreement between or among the parties as to the propriety of the claim of privilege and, after conferring with the Producing Party in good faith, the Receiving Party may move the Court for an order compelling production of Discovery Material that the Receiving Party believes is not protected from discovery by the attorney-client privilege or other privilege protection; however, while such motion is pending, the Discovery Material in question shall be treated as having been produced inadvertently, and such motion may not assert as a ground for compelling production the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Discovery Material that is the subject of such motion, unless the Court permits in camera review or otherwise requests review of the Discovery Material. The Producing Party shall be required to maintain the information in the form it was produced and, if ordered by the Court, to present the information to the Court under seal for a determination of the Producing Party's claim of privilege or protection.

30.    **Use of Non-Confidential Material:** To the extent that any Receiving Party has documents or information that (i) were already in its possession at the time the same document or information is received from a Producing Party and are not subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality obligation; (ii) are received or become available to a Receiving Party on a non-confidential basis not known by the Receiving Party to be in violation of an obligation of confidentiality to any other person; (iii) were independently developed by such Receiving Party without violating its obligations hereunder; (iv) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Receiving Party; (v) is expressly permitted in writing by the Producing Party to be disclosed to third parties on a non-confidential basis; or (vi) is provided to a Party in the ordinary course of business or pursuant to the terms of an indenture or other agreement entered into by and among the Producing Party and the Receiving Party (unless subject to confidentiality provisions of such indenture or agreement) (collectively "**Non-Confidential Material**"), nothing in this Order shall limit a Receiving Party's ability to use

or disclose Non-Confidential Material in a deposition, hearing, trial or otherwise in connection with the Case, or otherwise. Nothing in this Order shall affect the obligation of any Receiving Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to the Case.

31.    **Obligations Following Conclusion of the Case:** Within 90 calendar days after receiving notice of an entry of an order, judgment, or decree finally disposing of the Case and any related litigation, including the exhaustion of all possible appeals and other review, unless otherwise agreed to by the Parties or ordered by a court, all Receiving Parties shall, upon the request of the Producing Party, take all reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Designated Material, and all copies thereof including, in good faith, to the extent that such Designated Material has been summarized or excerpted, in the possession of any person, except that:

a.    Counsel may retain for its records (i) a copy of the Designated Material produced by its own clients (but not copies of Designated Material produced by any other Party or non-party); (ii) its work product; (iii) a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits, expert reports; and (iv) exhibits introduced at any hearing or trial.

b.    The Parties and permitted recipients will be entitled to maintain Designated Material to the extent required by law or regulation (including regulations of a stock exchange or a self-regulatory body), or internal document retention policies; provided, however, that such information will remain subject to the terms of this Protective Order.

c.    A Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as consistent with the provisions in this Order.

If a Receiving Party chooses to take all reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

32.    **Continuing Applicability of Confidentiality Agreement and Stipulated Protective Order:** The provisions of this Order shall survive the final resolution of the Case for any retained Designated Material. The final termination of the Case shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain exclusive jurisdiction to enforce, modify, or vacate all or any portion of this Protective Order upon appropriate motion by a party in interest. Notwithstanding the foregoing, the obligations under this Protective Order shall terminate on the date that is two (2) years after the earlier of: (a) the effective date of a chapter 11 plan in the Case; (b) the dismissal of the Case, or the conversion of such Case to chapter 7; or (c) the dissolution of the Committee by the Bankruptcy Court (unless shortened pursuant to further Court order); provided, however, that the Discovery Material shall continue to be treated as Confidential and/or Highly Confidential as originally designated.

33.    **Amendment of Confidentiality Agreement and Stipulated Protective Order:** Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

34.    **Disclosure of Designated Material in Other Proceedings:** Any Receiving Party that may be subject to a motion or other form of legal or regulatory process or demand seeking the disclosure of a Producing Party's Designated Material (i) shall promptly notify the Producing Party (unless such notice is prohibited by applicable law, rule, or regulation), which notice must include a copy of the subpoena, process, or court order, and provide that Party with an opportunity to appear and be heard on whether that information should be disclosed; (ii) must inform the party who caused the subpoena, process, or order to issue in the other proceeding that some or all of the material covered by the subpoena, process, or order is subject to this Protective Order and provide such party with a copy of this Protective Order; (iii) in the event that the Producing Party or another Party determines to seek a protective order or other remedy, reasonably cooperate with the Party seeking the protective order or other remedy, as reasonably requested by such Party seeking the protective order, at such Party's sole expense and only to the extent the applicable Receiving Party

or their representatives will not incur any liability in connection therewith, provided that the terms of the relief sought by the applying Party will not narrow the scope of this Protective Order and (iv) in the absence of a court order preventing such disclosure required by law, rule or regulation, the Receiving Party shall be permitted to disclose only that portion of the information that it reasonably believes (with the advice of legal counsel) it is required by law, rule or regulation to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information. Nothing herein will be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order directing production of Designated Material covered by this Protective Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

35.    **Use of Designated Material by Producing Party:** Nothing in this Order affects the right of any Producing Party to use or disclose its own Designated Material in any way.

36.    **Obligations of Parties:**  Nothing herein shall relieve a Party of its obligations under the Federal Rules, the Bankruptcy Rules, the Evidence Rules, and the Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with the Case.

37.    **Advice Of Counsel:** Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Case and, in the course thereof, relying on examination of Designated Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

38.    **Material Non-Public Information:** Any Receiving Party acknowledges that by receiving Designated Materials it may be receiving material non-public information about companies that issue, or that have issued, securities and that the determination as to whether it has received material non-public information shall be the sole responsibility of such receiving entity. For the avoidance of doubt, the Producing Party is under no obligation to designate or mark, or

1   cause to be designated or marked, any Designated Material that may be determined to constitute

2   material non-public information.

3       39.   **No Releases:** Nothing in this Agreement shall release, or be deemed to release any

4   claims, defenses or causes of actions that any Party may have against another Party.

5       40.   **Enforcement:** Upon approval and entry by the Court, the provisions of this Order

6   constitute an Order of this Court and violations of the provisions of this Order are subject to

7   enforcement and the imposition of legal sanctions in the same manner as any other Order of the

8   Court.

9       41.   **Reservation of Rights.** Nothing in this Protective Order shall constitute: (a) an

10  agreement by the Parties to produce any documents or supply any information or testimony in

11  discovery not otherwise agreed upon or required by the Court; (b) a waiver by any person or Party

12  of any right to seek or object to a further protective order with respect to any discovery request in

13  this or any other action; or (c) a waiver of any claim of immunity or privilege with regard to any

14  testimony, documents or information. Evidence of the existence or non-existence of a designation

15  under this Protective Order shall not be admissible for any purpose.

16      42.   **Governing Law.** This Order shall be governed by and interpreted under and in

17  accordance with the laws of the State of Nevada

18      43.   **Notice.** When notice is permitted or required by the provisions hereof, such notice

19  shall be in writing and directed to the undersigned counsel of the Party to receive such notice, at

20  the corresponding addresses and email addresses indicated below, and to counsel of any non-Party

21  receiving such notice. Notice shall be delivered via email, and shall be effective upon receipt.

22      44.   **Additional Relief.** Nothing herein shall prevent any Party or non-Party from

23  seeking additional relief from the Bankruptcy Court not specified in this Order.

24      45.   **Several Liability.** The obligations of the Receiving Party described hereunder shall

25  be several and not joint.

26

27

28

**ACKNOWLEDGED AND AGREED:**

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq. (NV Bar No. 10985)
Gabrielle A. Hamm, Esq. (NV Bar No. 11588)
**SCHWARTZ LAW, PLLC**
601 East Bridger Avenue
Las Vegas, NV 89101

*Attorneys for Debtor MusclePharm Corporation*


By: /s/ *Jason H. Rosell*
John D. Fiero, Esq. (admitted *pro hac vice*)
Jason H. Rosell, Esq. (admitted *pro hac vice*)
**PACHULSKI STANG ZIEHL & JONES LLP**
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Tel: (415) 263-7000
E-mail: jfiero@pszjlaw.com
        jrosell@pszjlaw.com

and

Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
**LARSON & ZIRZOW LLC**
850 E. Bonneville Ave.
Las Vegas, NV 89101
Tel: (702) 382-1170
Email: mzirzow@lzlawnv.com
        zlarson@lzlawnv.com

*Counsel to the Official Committee of Unsecured Creditors*


By: /s/ *Dylan T. Ciciliano*
William M. Noall, Esq. (NV Bar No. 3549)
Gregory E. Garman, Esq. (NV Bar No. 6665)
Dylan T. Ciciliano (NV Bar No. 12348)
**GARMAN TURNER GORDON LLP**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (702) 777-3000
Email: wnoall@gtg.legal
        ggarman@gtg.legal
        dciciliano@gtg.legal

*Attorneys for Empery Tax Efficient, LP*

By: /s/ *Michael P. Richman*

Michael P. Richman, Esq. (admitted *pro hac vice*)
**STEINHILBER SWANSON LLP**
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone: (608) 630-8990
Facsimile: (608) 630-8991
Email: mrichman@steinhilberswanson.com

and

Candace C. Carlyon, Esq. (NV Bar No. 2666)
Dawn M. Cica, Esq. (NV Bar No. 4565)
Tracy M. O'Steen, Esq. (NV Bar No. 10949)
**CARLYON CICA CHTD.**
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Telephone: (702) 685-4444
Facsimile: (725) 220-4360
Email: ccarlyon@carlyoncica.com
        dcica@carlyoncica.com
        tosteen@carlyoncica.com

*Counsel for Ryan Drexler*

**Exhibit A**

**JOINDER TO STIPULATED PROTECTIVE ORDER AND
CONFIDENTIALITY AGREEMENT**

Reference is made to that certain Stipulated Protective Order and Confidentiality Agreement and (the "**Protective Order**"), dated as of [●], 2023, by and between MusclePharm Corporation, the Official Committee of Unsecured Creditors, Empery Tax Efficient, LP, Ryan Drexler, and any other persons or entities who become bound by the Order. All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Protective Order.

The undersigned, [●] (the "**Joinder Party**") hereby:

(a) acknowledges that it has received and reviewed a copy of the Protective Order, and agrees to be bound by the terms and conditions of the Protective Order, and

(b) certifies that it will not use the Designated Material for any purpose other than in connection with the Debtor's Case (as defined in the Protective Order) and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Protective Order to receive Designated Material.

The undersigned hereby submits to the jurisdiction of the Bankruptcy Court solely with respect to the provisions of the Protective Order. This Joinder and all obligations hereunder shall terminate in parallel with the Protective Order.

*[Signature page follows.]*

[JOINDER PARTY]

By: _____

Name:

Title:

Dated: _____, 2023