**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Telephone:     (702) 685-4444
Facsimile:      (725) 220-4360
Email: ccarlyon@carlyoncica.com
            dcica@carlyoncica.com
            tosteen@carlyoncica.com

**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:     (608) 630-8990
Facsimile:      (608) 630-8991
Email: mrichman@steinhilberswanson.com

*Counsel for Ryan Drexler*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MUSCLEPHARM CORPORATION,<br><br>Debtor. | Case No. BK-22-14422-NMC<br>Chapter 11<br><br>**NOTICE OF ISSUANCE OF SUBPOENA FOR DOCUMENT PRODUCTION OF THE CORPORATE DESIGNEE OF MHF OPCO, LLC** |

**PLEASE TAKE NOTICE** that Ryan Drexler, by and through his undersigned Nevada counsel, the law firm of Carlyon Cica Chtd., and co-counsel Steinhilber Swanson LLP, hereby provides notice of the issuance of a subpoena for document production on the Federal Rule of Civil Procedure 30(b)(6) corporate designee of MHF Opco, LLC. A copy of the subpoena is attached hereto as Exhibit 1.

. . .

. . .

Dated this 26th day of April 2023.

**CARLYON CICA, CHTD.**

/s/ Tracy M. O'Steen, Esq.
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Telephone:    (702) 685-4444
Facsimile:    (725) 220-4360
ccarlyon@carlyoncica.com
dcica@carlyoncica.com
tosteen@carlyoncica.com

**STEINHILBER SWANSON LLP**

/s/ Michael P. Richman, Esq.
MICHAEL P. RICHMAN
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:    (608) 630-8990
Facsimile:    (608) 630-8991
mrichman@steinhilberswanson.com

*Counsel for Ryan Drexler*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case as indicated on the service list on April 26, 2023.

/s/ Cristina Robertson
An employee of Carlyon Cica Chtd.

# EXHIBIT 1

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Nevada

In re MUSCLEPHARM CORPORATION
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 22-14422-NMC

Chapter 11

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: FRCP 30(B)(6) DESIGNEE OF MHF OPCO, LLC
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: requested on Exhibit B hereto, subject to the Definitions and Instructions, on Exhibit A hereto. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the matters set forth in the exhibits hereto.

| PLACE | DATE AND TIME |
|---|---|
| Carylon Cica, Chtd.<br>265 E. Warm Springs Road, Suite 107<br>Las Vegas, NV 89119 | May 12, 2023 at 4:00 p.m. (Pacific Time) |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 26, 2023

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

/s/ Tracy M. O'Steen, Esq.
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Ryan Drexler, who issues or requests this subpoena, are:
Tracy M. O'Steen, Esq., 265 E. Warm Springs Road, Suite 107, Las Vegas, NV 89119, tosteen@carlyoncica.com, 702-685-4444

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 22-14422-nmc    Doc 444    Entered 04/26/23 15:11:36    Page 6 of 13

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

   I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

Case 22-14422-nmc    Doc 444    Entered 04/26/23 15:11:36    Page 7 of 13

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## Definitions

1. "<u>Affiliate</u>" shall mean any individual, general partnership, limited partnership, trust, estate, corporation, limited liability company, or business trust that is owned by, directly or indirectly controlled by, or acts at the direction or for the benefit of the Person or Entity named and includes an affiliate of an affiliate.

2. "<u>Atlantic Grain</u>" shall mean Atlantic Grain & Trade and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

3. "<u>Communication(s)</u>" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to personal conversations, written correspondence, memoranda, letters, reports, publications, electronic communications, text messaging, instant messaging, messages via social media and electronic mail.

4. "<u>Date</u>" means the exact day, month, and year, if known, or if not known, your best approximation thereof. Exact dates shall be given in all answers except where it is explicitly indicated that an approximate date may be given.

5. "<u>Debtor</u>" shall mean MusclePharm Corporation, the debtor in the Chapter 11 case of *In re MusclePharm Corporation*, Case No. 22-14422-NMC ("<u>Bankruptcy Case</u>"), pending in the United States Bankruptcy Court District of Nevada (the "<u>Bankruptcy Court</u>"), and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants representatives, any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

6. "<u>Document</u>" is intended to be as broad as it is used in FRCP 26 and 34, and includes, without limitation:

   a. the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any kind of physical media[1]

   b. any printed, typewritten, handwritten, electronic, or otherwise recorded matter of whatever character of communications, letters, correspondence, electronic mail, text messages, instant messages, memoranda, notes, Post-Its,

---

[1] Physical media includes, but is not limited to, paper media, photographic media (including pictures, films, slides and microfilm), phonographic media, magnetic media (including, but not limited to hard drives, floppy disks, compact disks, and magnetic tapes of any kind), computer memory, optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed.

media releases or articles, photographs, tape or sound recordings, contracts, agreements, telephone records, diaries, desk calendars, appointment calendar, group scheduler calendars, statements, reports, journal, minutes, working paper, financial report, accounting report, work papers, facsimile, facsimile transmission, drafts, logs, chart, graph, index, directory, scheduling data, databases, spreadsheets, presentations, word processed documents, bulletins, design schedules, supplemental instructions, time cards, drawings, shop drawings, progress payments, progress schedules, estimates, equipment time cards, design calculations, design meeting minutes, coordination meeting minutes, and material similar to any of the foregoing, however denominated and to whomever addressed, computer directory, computer disk, computer tape, or any written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents

c. For the avoidance of doubt, electronically-stored information with all metadata intact shall be produced whenever available in the format described below.

7. "Empery" shall mean Empery Tax Efficient, LP, and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, including Ryan Lane and Timothy Silver, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

8. "Entity" includes, without limiting the generality of its meaning, every corporation, partnership, association, limited liability company, joint venture and professional business entity or any iteration, subsidiary, or affiliate thereof.

9. "Insider" shall mean (i) Your relatives; (ii) partnerships in which You are a general partner; or (iii) corporations, companies or partnerships in which you are a partner, director, officer, or person in control of You.

10. "JW Nutritional" shall mean JW Nutritional LLC, and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

11. "Mill Haven" shall mean MHF Opco, LLC (formerly known as Mill Haven Foods, LLC), and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

12. "Person" shall mean any natural person, trust, Entity, association of entities and/or natural persons, and/or governmental body.

13. "Petition Date" means December 15, 2022.

14. "Sherwood Partners" shall mean Sherwood Partners, Inc., and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, any

other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

15.  "S.K. Laboratories" shall mean S.K. Laboratories, Inc., and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

16.  "You" or "Your" means Mill Haven and any Affiliate or Insider thereof and Your agents, servants, employees, attorneys, accountants, representatives, any other Person or Entity over which You have control or have a superior right to compel to do an act or produce an item, and any Entity You were or are an agent, manager, officer, or director or otherwise maintained or maintain a supervisory, advisory, or consulting role.

### Instructions

1.  You shall produce all responsive Documents and Communications in electronic format to mjurkash@steinhilberswanson.com.

2.  You shall produce all Documents in the manner in which they are maintained in the usual course of business and/or shall organize and label Documents to correspond with the categories of this Request. A Request for Documents shall be deemed to include a Request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

3.  In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody, or control, regardless of whether such Documents or materials are possessed by You directly or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives, or investigators.

4.  If any of the information contained in the answers to these Requests is not within Your personal knowledge, so state. The answers to the Requests should identify every Person, Document, and Communication upon which You rely for the information contained in the answer not based solely on Your own personal knowledge.

5.  If You cannot answer any portion of the following Requests in full, after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

6.  You are requested to provide all responsive Documents within Your possession, custody, or control. In the event that You provide only a portion of the Documents called for by any particular Request, state the reason(s) for Your inability to provide the remainder of the Documents requested and the identity of the Document(s).

7.  In the event the Documents called for by any particular request are no longer in Your possession, custody or control, state the reason(s) why those Documents are no longer in

Your possession, custody, or control and the identity of the Document(s) and all Your knowledge regarding who currently has possession, custody or control of the Document(s).

8. In the event that Documents called for by any particular request have been lost or destroyed, please state: (i) the date on which the Document(s) were lost or destroyed; (ii) the manner in which the Document(s) were lost or destroyed; (iii) the identity of the Document(s); (iv) the information contained within such Document(s) and the nature of the Document(s); and (v) and the identity of any person(s) who has knowledge of the contents of the Document(s) or has received a copy of such Document(s).

9. If You withhold any Document pursuant to a claim of privilege, You shall expressly make the claim of privilege and produce a privilege log in compliance with Fed. R. Civ. P. 26(b)(5), incorporated by Fed. R. Bankr. P. 7026.

10. Documents attached to each other should not be separated.

11. Documents not otherwise responsive to this discovery Request shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for in the discovery request.

12. The fact that a Document has been produced by another party does not relieve You of Your obligation to produce Your copy of the same Document, even if the two Documents are identical.

13. The terms "each" and "all" shall be construed as "all and each."

14. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery Request all responses that might otherwise be outside of the scope.

15. The use of the singular form of any word includes the plural and vice versa.

16. The use of the feminine form of any word includes the masculine and vice versa.

**EXHIBIT B**

**Requests for Production**

**REQUEST FOR PRODUCTION NO. 1:** Please produce all communications from January 1, 2022 to the present, including emails and text messages, in Your possession, custody or control that identify or refer in any way to Atlantic Grain.

**REQUEST FOR PRODUCTION NO. 2:** Please produce all communications, from January 1, 2022 to the present, including emails and text messages, in Your possession, custody or control that identify or refer in any way to Empery.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all communications, from January 1, 2022 to the present, including emails and text messages, in Your possession, custody or control that identify or refer in any way to Ryan Lane, to the extent not produced in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all communications, from January 1, 2022 to the present, including emails and text messages, in Your possession, custody or control that identify or refer in any way to Tim Silver, to the extent not produced in response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 5:** Please produce all communications, from January 1, 2022 to the present, including emails and text messages, in Your possession, custody or control that identify or refer in any way to JW Nutritional.

**REQUEST FOR PRODUCTION NO. 6:** Please produce all communications, from January 1, 2022 to the present, including emails and text messages, in Your possession, custody or control that identify or refer in any way to Peter Jungsberger, to the extent not produced in response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 7:** Please produce all communications, from January 1, 2022 to the present, including emails and text messages, in Your possession, custody or control that identify or refer in any way to Jesse Windrix, to the extent not produced in response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 8:** Please produce all communications, from January 1, 2022 to the present, including emails and text messages, in Your possession, custody or control, that identify or refer in any way to Sherwood Partners.

**REQUEST FOR PRODUCTION NO. 9:** Please produce all communications, from January 1, 2022 to the present, including emails and text messages, in Your possession, custody or control, that identify or refer in any way to the Debtor.

**REQUEST FOR PRODUCTION NO. 10:** Please produce all communications, from January 1, 2022 to the present, including emails and text messages, in Your possession, custody or control that identify or refer in any way to S.K. Laboratories.

**REQUEST FOR PRODUCTION NO. 11:** Please produce from January 1, 2022 to the present all documents and communications, including emails and text messages, evidencing, referring, or relating to the price of protein.

**REQUEST FOR PRODUCTION NO. 12:** Please produce from January 1, 2022 to the present all documents and communications, including emails and text messages, evidencing, referring, or relating to Mill Haven's sale or delivery of products or services to the Debtor.

**REQUEST FOR PRODUCTION NO. 13:** Please produce from January 1, 2022 through the present, summaries of Mill Haven's sales of its products to the Debtor, showing prices charged to, and paid by, the Debtor.

**REQUEST FOR PRODUCTION NO. 14:** Please produce from January 1, 2022 through the present, summaries of Mill Haven's sales of its products to JW Nutritional, showing prices charged to, and paid by, JW Nutritional.

**REQUEST FOR PRODUCTION NO. 15:** Please produce from January 1, 2022 through the present, summaries of Mill Haven's sales of its products to other customers that purchased products similar to those purchased by the Debtor, showing prices charged to, and paid by, other customers.

**REQUEST FOR PRODUCTION NO. 16:** To the extent not included in requests above, please produce from January 1, 2022 through the present all documents and communications, including emails and text messages, evidencing, referring, or relating to the sales contracts and purchase orders between Mill Haven and the Debtor.

**REQUEST FOR PRODUCTION NO. 17:** To the extent not included in requests above, please produce from January 1, 2022 through the present all documents and communications, including emails and text messages, evidencing, referring, or relating to the sales contracts and purchase orders between Mill Haven and other customers that purchased products similar to those purchased by the Debtor.