| | |
|---|---|
| John D. Fiero (admitted *pro hac vice*) | Matthew C. Zirzow (NV Bar No. 7222) |
| Jason H. Rosell (admitted *pro hac vice*) | Zachariah Larson (NV Bar No. 7787) |
| PACHULSKI STANG ZIEHL & JONES LLP | LARSON & ZIRZOW LLC |
| One Sansome Street, 34th Floor, Suite 3430 | 850 E. Bonneville Ave. |
| San Francisco, CA 94104 | Las Vegas, NV 89101 |
| Tel: (415) 263-7000 | Tel: (702) 382-1170 |
| E-mail: jfiero@pszjlaw.com | Email: mzirzow@lzlawnv.com |
| jrosell@pszjlaw.com | zlarson@lzlawnv.com |

*Counsel to the Official
Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: May 25, 2023 at 10:00 a.m. |

**COMMITTEE'S STATEMENT OF POSITION REGARDING PENDING TRUSTEE MOTION AND DISCOVERY RELATED THERETO**

The Official Committee of Unsecured Creditors of MusclePharm Corporation offers the following Statement of Position in response to the invitation contained in the *Court's Order Regarding (1) Ex Parte Application for Order Shortening Time to Hear Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code [ECF No. 509] and (II) Motion for the Appointment of a Chapter 11 Trustee [ECF No. 447] and Setting Hearings* [Docket No. 513]:

Based on what the Committee knows today (including the testimony gleaned from the Debtor's in-person deposition on Monday, May 22, 2023), the Committee does not believe the necessary factual predicate for the appointment of a chapter 11 trustee exists in this case. Most importantly, full prosecution and defense of the trustee motion (and especially the discovery attendant thereto) would be extremely expensive and wasteful.

The parties are already well into a plan process. That plan will only be approved by the Court if it (a) garners the necessary votes, (b) does not discriminate unfairly, and (c) is fair and equitable to all classes of creditors. For this reason, the plan proponents have every motivation to put forward a good and fair plan that would obviate the need for another professional fiduciary in this case.

DOCS_SF:108969.1 59184/001

Finally, the appointment of a chapter 11 trustee would be an event of default under the existing DIP facility and, therefore, would result in the almost immediate conversion of this case to one under chapter 7 of the Bankruptcy Code. At that moment, going concern value would be irretrievably lost.

For all the foregoing reasons, the Committee urges the Court to put the trustee motion on a timeline that causes it to trail the plan process, while at the same time avoiding the unnecessary expense of further discovery in pursuit of a remedy that is neither warranted nor beneficial.

Dated: May 23, 2023

LARSON & ZIRZOW LLC

*/s/ Matthew C. Zirzow*
Matthew C. Zirzow (NV Bar No. 7222)
Zachariah Larson (NV Bar No. 7787)
850 W. Bonneville Ave.
Las Vegas, NV 89101
Tel: (702) 382-1170
Email: mzirzow@lzlawnv.com
zlarson@lzlawnv.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
John D. Fiero (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104
Tel: (415) 263-7000
E-mail: jfiero@pszjlaw.com
jrosell@pszjlaw.com

*Counsel to the Official Committee*

DOCS_SF:108969.1 59184/001