Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Attorneys for the Debtor*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No.: 22-14422-nmc |
| | ) | |
| MUSCLEPHARM CORPORATION, | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor. | ) | Hearing Date: June 22, 2023 |
| | ) | Hearing Time: 9:30 a.m. |
| | ) | |

**DEBTOR'S MOTION FOR THE ENTRY OF AN ORDER: (i) APPROVING THE DISCLOSURE STATEMENT; (ii) APPROVING THE FORM OF BALLOTS AND PROPOSED SOLICITATION AND TABULATION PROCEDURES; (iii) FIXING THE VOTING DEADLINE WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN; (iv) PRESCRIBING THE FORM AND MANNER OF NOTICE THEREOF; (v) FIXING THE LAST DATE FOR FILING OBJECTIONS TO THE CHAPTER 11 PLAN; (vi) SCHEDULING A HEARING TO CONSIDER CONFIRMATION OF THE CHAPTER 11 PLAN; AND (vii) APPOINTING STRETTO AS SOLICITATION AND TABULATION AGENT**

MusclePharm Corporation, debtor and debtor-in-possession in the above-referenced Chapter[1] 11 case (the "**Debtor**"), by and through its counsel of record, Schwartz Law, PLLC ("**SL**"), hereby files its motion (the "**Motion**") for the entry of an order (the "**Disclosure Statement Order**"), substantially in the form attached hereto as **Exhibit 1**: (i) approving the disclosure statement (the "**Disclosure Statement**"); (ii) approving the form of ballots (the "**Ballots**") and proposed solicitation and tabulation procedures for the Debtor's plan of reorganization (the

---

[1]    Unless otherwise stated, all references to "**Chapter**" and "**Section**" herein shall be to Title 11 of the U.S. Code (the "**Bankruptcy Code**"); all references to a "**Bankruptcy Rule**" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to "**Local Rule**" or "**LR**" shall refer to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada.

"**Plan**"); (iii) fixing the voting deadline for the Plan; (iv) prescribing the form and manner of notice thereof; (v) fixing the last day for filing objections to the Plan; (vi) scheduling a hearing to consider the confirmation of the Plan pursuant to 11 U.S.C. § 1128(a); and (vii) approving Stretto, Inc. ("**Stretto**") as the Debtor's solicitation and tabulation agent (the "**Solicitation and Tabulation Agent**").

The Motion is made and based upon the following Memorandum of Points and Authorities, the pleadings, papers, and other records on file with the clerk of the above-captioned Court, judicial notice of which is hereby respectfully requested.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (e). Adjudication of this Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (M). Venue of the Debtor's Chapter 11 case (the "**Chapter 11 Case**") and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      Pursuant to Local Rule 9014.2, the Debtor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

## BACKGROUND

3.      Debtor's business is a performance lifestyle company that develops, manufactures, markets and distributes branded sports nutrition products developing a comprehensive product portfolio.

4.      Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on December 15, 2022 (the "**Petition Date**") [ECF No. 1].

5.      Since filing for Chapter 11 protection, the Debtor continues to operate its business and manage its property as a debtor and debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

6.      No case trustee or examiner has been appointed in the Chapter 11 Case.  (*See Docket*).   Creditor Ryan Drexler, however, filed a Motion for the Appointment of a Chapter 11

Trustee on April 28, 2023 (the "**Trustee Motion**"). [ECF No. 447]. A status hearing on the Trustee Motion is currently set for June 15, 2023, at 9:30 a.m.

7.       On January 4, 2023, the United States Trustee for Region 17 (the "**U.S. Trustee**") filed her notice of appointment regarding the formation of the Official Committee of Unsecured Creditors in the Chapter 11 Case (the "**Committee**"). [ECF No. 49, *see also* ECF No. 245].

## FILING OF THE PLAN AND DISCLOSURE STATEMENT

8.       On May 26, 2023, the Debtor filed the Disclosure Statement with the Plan attached as an exhibit thereto. [ECF No. 552].

9.       The Plan separates Claims and Interests into seven (7) classes. Allowed Administrative Claims and Allowed Priority Tax Claims, which are not designated as a Class under the Plan in accordance with Section 1123(a)(1), will be treated in accordance with Sections 1129(a)(9)(A) and 1129(a)(9)(C) of the Bankruptcy Code, respectively. Class 7 Claims (Equity Interests) – *i.e.*, holders of Debtor's equity interests, will not receive distributions of property or an estate dividend under the Plan and, therefore, are impaired, deemed to have rejected the Plan, and are not entitled to vote.

10.      The Class 3 Claim (Empery Prepetition Secured Claim), the Class 4 Claim (Prestige Prepetition Secured Claim), the Class 5 Claims (General Unsecured Claims) and the Class 6 Claim (White Winston Claim) (collectively the "**Voting Classes**") are impaired pursuant to the Plan and therefore holders of these Claims are entitled to vote on the Plan.

## RELIEF REQUESTED

11.      By way of this Motion and pursuant to Sections 105, 502, 1125, 1126 and 1128 of the Bankruptcy Code and Bankruptcy Rules 2002, 3003, 3017, 3018 and 3020, the Debtor seeks the entry of an order:

    a.       approving the form and content of the Disclosure Statement;

    b.       approving the proposed voting procedures, including: (i) establishing, for voting purposes only, a record holder date for the holders of claims and equity interests; (ii) approving the forms of the Ballots and the balloting instructions; (iii) establishing procedures for the solicitation of votes on the

3

Plan; (iv) establishing a voting deadline; and (v) establishing procedures for tabulating votes on the Plan;

    c.    scheduling the hearing to consider confirmation of the Plan and fixing the last date for filing objections to confirmation of the Plan; and

    d.    appointing Stretto as the Solicitation and Tabulation Agent.

## LEGAL ANALYSIS

**A.**    **The Proposed Disclosure Statement Contains Adequate Information and Should Be Approved.**

    12.    Section 1125(b) provides as follows:

> [a]n acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information. The court may approve a disclosure statement without a valuation of the debtor or an appraisal of the debtor's assets.

11 U.S.C. § 1125(b).

    13.    Section 1125(a)(1) provides as follows:

> 'adequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information. . . .

11 U.S.C. § 1125(a)(1).

14.    Section 1125(a)(2) then defines an "investor typical of holders of claims or interests of the relevant class" as an investor having the following:

a.    a claim or interest of the relevant class;

b.    such a relationship with the debtor as the holders of other claims or interests of such class generally have; and

c.    such ability to obtain such information from sources other than the disclosure required by this section as holders of claims or interests in such class generally have.

11 U.S.C. § 1125(a)(2).

15.    "The determination of what is adequate information is subjective and made on a case-by-case basis." *In re Brotby*, 303 B.R. 177, 193 (B.A.P. 9th Cir. 2003); *see also In re Arizona Fast Foods, LLC*, 299 B.R. 589, 593 (Bankr. D. Ariz. 2003). "This determination is largely within the discretion of the bankruptcy court." *In re Brotby*, 303 B.R. at 193.  To assist in determining what constitutes adequate information, case law has given rise to certain criteria to aid the courts in evaluating the sufficiency or the adequacy of disclosure statements.

(1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a nonbankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*In re Metrocraft Pub. Servs., Inc.*, 39 B.R. 567, 568 (Bankr. Ga. 1984); *In re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (using a similar list). In addition, "an informed judgment cannot be made without information about the plan and about how the provisions of the plan will be put into effect." *In re Michelson*, 141 B.R. 715, 718-19 (Bankr. E.D. Cal. 1992). Thus, every plan of reorganization must provide adequate means for the plan's implementation. *See id.*

16.     The Disclosure Statement contains the required adequate information and, therefore, should be approved. In addition, the Disclosure Statement presently contains certain information that may have to be updated, supplemented, or modified and accordingly, the Disclosure Statement will be supplemented as necessary prior to the effectiveness of an order approving this Motion.

**B.     Solicitation Packages and Distribution Procedures.**

17.     Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a Chapter 11 plan. This Bankruptcy Rule provides, in pertinent part, as follows:

> [u]pon approval of a disclosure statement,--except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders--the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a Chapter 11 reorganization case shall transmit to the United States trustee,
>
> > i.   the plan or a court-approved summary of the plan;
> >
> > ii.  the disclosure statement approved by the court;
> >
> > iii. notice of the time within which acceptances and rejections of such plan may be filed; and
> >
> > iv.  any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.
>
> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the

appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. P. 3017(d).

18. Following entry of an order approving the Disclosure Statement, the Debtor proposes to distribute, through Stretto, their proposed Solicitation and Tabulation Agent, solicitation packages (the "**Solicitation Packages**") containing copies of the following to the Holders of Claims in the Voting Classes:

    a. the order approving the Disclosure Statement and approving the confirmation procedures (the "**Disclosure Statement Order**") substantially in the form attached hereto as **Exhibit 1**;

    b. the confirmation hearing notice substantially in the form attached hereto as **Exhibit 2** (the "**Confirmation Hearing Notice**");

    c. the applicable Ballot (as defined herein) and voting instructions;

    d. a pre-addressed return envelope for each Ballot; and

    e. a copy of the Disclosure Statement (together with the Plan attached thereto).

19. The Debtor will be using Stretto for purposes of distributing Solicitation Packages and tabulating votes on the Plan. Stretto is the entity that will be responsible for the distribution of Solicitation Packages to, and tabulation of Ballots received from, all entities. In addition, Stretto will field all inquiries on the Plan, the Disclosure Statement, and the Voting Procedures.

20. As set forth in that certain Scheduling Order entered by the Court on May 24, 2023 [ECF No. 546], the Debtor proposes to mail the Solicitation Packages by no later than July 3, 2023 (the "**Solicitation Date**") to:

    a. each holder of a Claim in an Impaired class that is:

        i. listed in the Debtor's schedules (the "**Schedules**") as of the date of the hearing on this Motion as liquidated, undisputed and not contingent;

        ii. represented by a timely filed proof of claim against the Debtor and that is not the subject of an objection (which

must be filed and served by the Debtor at least ten (10) days prior to the Voting Deadline;

    iii.  listed in the Schedules or represented by a timely filed proof of claim as unliquidated, disputed and contingent and that is not the subject of an objection (which must be filed and served by the Debtor at least ten (10) days prior to the Voting Deadline); and

  b.  each party to the Debtor's executory contracts and unexpired leases, as listed on Schedule G of the Schedules.

**C.**    **Notice of Non-Voting Status.**

21.    Bankruptcy Rule 3017(d) further provides, in relevant part, as follows:

[i]f the court orders that the disclosure statement and the plan or a summary of the plan shall not be mailed to any unimpaired class, notice that the class is designated in the plan as unimpaired and notice of the name and address of the person from whom the plan or summary of the plan and disclosure statement may be obtained upon request and at the plan proponent's expense, shall be mailed to members of the unimpaired class together with the notice of the time fixed for filing objections to and the hearing on confirmation.

Fed. R. Bankr. P. 3017(d).  There are no unimpaired classes of claims, and no classes are presumed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code, therefore it will not be necessary for the Debtor to distribute the Disclosure Statement Order and the Confirmation Hearing Order to unimpaired classes.  Notice of non-voting status (the "**Notice of Non-Voting Status**"), attached hereto as **Exhibit 3**, shall be sent solely to Holders of Debtor's pre-confirmation Equity Interests as they are, as a Class, deemed to reject Debtor's Plan by operation of 1126(g) of the Bankruptcy Code.

**E.**    **Forms of Ballots.**

22.    Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot, substantially in the form of Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(c) provides that acceptance or rejection of a plan must be in writing, signed by the creditor or an authorized agent, and conform to the appropriate Official Form.  *See* Fed. R. Bankr. P. 3018(c).

23.    The form of Ballot (as adjusted for each applicable Class) the Debtor proposes to distribute to Classes entitled to vote on the Plan is attached hereto as **Exhibit 4**.

24.    The Debtor submits that the Ballot substantially complies with Official Form No. 14 but has been modified in order to provide clear instructions to the Debtor's creditors who are otherwise eligible to vote on Debtor's Plan as to voting procedures, the vote tabulation process and the effects of casting a particular Ballot.  Highlighting this important information by placing it on the Ballots will facilitate the voting process for the Debtor's creditors who are otherwise eligible to vote on Debtor's Plan.  The Debtor submits that these slight modifications are required in order to ensure the accuracy, completeness and timeliness of voting on the Plan.

25.    The Debtor will file a certification of acceptance and rejection of the Chapter 11 Plan (the "**Ballot Summary**") on or before at least seven (7) days prior to the Confirmation Hearing, in conformance with LR 3018 (a)(1).

**F.    Record Date.**

26.    Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a Chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d).

27.    Sufficient time exists here for Stretto to mail the Solicitation Package to creditors and parties of interest.  The use of the record date set forth in Rule 3017(d) is for transmission purposes only and shall have no preclusive effect with regard to who is entitled to receive distributions under the Plan.  The Debtor requests that the Court confirm June 13, 2023 (the governmental bar date for filing claims), as the voting record date (the "**Record Date**").

**G.    Voting Deadline.**

28.    Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court shall fix a time within which the holders of claims or equity security interests may accept or reject a plan.  The Debtor proposes that, in order to be counted as a vote to accept or reject the Plan, each Ballot must be properly executed, completed, and delivered to Debtor's

proposed Solicitation and Tabulation Agent: Stretto, so as to be received on or before July 18, 2023

(the "**Voting Deadline**").

29.     All ballots should be delivered to the following by electronic submission or US Mail

to Stretto at:

By electronic submission:

The link to the e-filing portal for electronic submissions is as follows: https://balloting.stretto.com/.
(Eligible parties will be supplied with a password to use to access/ submit their ballot.)

By US Mail:

Stretto, Inc.
MusclePharm Ballot Processing
c/o Stretto
410 Exchange, Suite 100
Irvine, CA 92602
Email Address: Teammusclepharm@stretto.com
Telephone: 415.696.7551 (Toll-Free)
                888.498.5828 (International)

**H.     Holders of Claims Entitled to Vote.**

30.     The Debtor proposes the following Holders of Claims should be entitled to vote with

regard to such Claims:

a.      Holders of Claims who, on or before the Record Date, have timely filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Record Date; and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court at least seven days prior to the Voting Deadline; *provided* that a holder of a Claim that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection absent a further order of the Court;

b.      Holders of Claims that are listed in the Schedules; *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim) shall be allowed to vote only in the amounts set forth in the Schedules; and

c.      the assignee of any Claim that was transferred on or before the Record Date by any Entity described in subparagraphs (a) through, (b) above; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Record Date.

**I.      Establishing Claim Amounts for Voting Purposes.**

31.    The Debtor proposes the following procedures for establishing the claim amounts for voting purposes:

The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim.  Moreover, any amounts filled in on Ballots by the Debtor through the proposed Solicitation and Tabulation Agent, as applicable, are not binding for purposes of allowance and distribution.  In tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a.      the Claim amount (i) settled and/or agreed upon by the Debtor, as reflected in a document filed with the Court, (ii) set forth in an order of the Court, or (iii) set forth in a document executed by the Debtor pursuant to authority granted by the Court;

b.      the Claim amount contained in a Proof of Claim that has been timely filed by the applicable claims bar date (or deemed timely filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided* that any Ballot cast by a Holder of a Claim who timely files a Proof of Claim in respect of (i) a contingent Claim or a Claim in a wholly-unliquidated or unknown amount (based on a reasonable review by the Debtor and/or the proposed Solicitation and Tabulation Agent) that is not the subject of an objection will count toward satisfying the numerosity requirement of Section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of Section 1126(c) of the Bankruptcy Code, and (ii) a partially liquidated and partially unliquidated Claim, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided, further*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

c.    the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a timely filed Proof of Claim); *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; *provided, further*, that if the applicable bar date has not expired prior to the Voting Record Date, a Claim listed in the Schedules as contingent, disputed, or unliquidated shall vote at $1.00;

d.    for purposes of the numerosity requirement of Section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

e.    notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single Claim in such Class, regardless of whether the Debtor has objected to such duplicate Claims;

f.    Proofs of Claim filed for $0.00 are not entitled to vote; and

g.    in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes.

**J.    Voting and Tabulation Procedures.**

32.    The Debtor proposes the following voting procedures (the "**Voting Procedures**") and standard assumptions shall be used in tabulating Ballots, subject to Debtor's right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a.    Except as otherwise provided in the Confirmation Procedures Order, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtor), the Debtor may reject such Ballot as invalid and, therefore, shall not count in connection with confirmation of the Plan;

b.    The Debtor's proposed Solicitation and Tabulation Agent will date-stamp all Ballots when received and shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court;

c.      Prior to the Confirmation Hearing, the Debtor will file with the Court a voting report (the "**Voting Report**"). The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or any other electronic means other than by using the customized section on the Debtor's case administration website or by email, or damaged ("**Irregular Ballots**"). The Voting Report shall indicate the Debtor's intentions with regard to each Irregular Ballot;

d.      The method of delivery of Ballots to be sent to the proposed Solicitation and Tabulation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the proposed Solicitation and Tabulation Agent actually receives the executed Ballot;

e.      An executed Ballot is required to be submitted by the Entity submitting such Ballot. Delivery of a Ballot to the proposed Solicitation and Tabulation Agent by facsimile or any electronic means other than as expressly approved by the Confirmation Procedures Order will not be valid;

f.      No Ballot should be sent to the Debtor, the Debtor's agents (other than the proposed Solicitation and Tabulation Agent), the Debtor's financial or other advisors, and if so sent, will not be counted;

g.      If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

h.      Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted;

i.      A person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

j.      If multiple Ballots are received from a holder of a Claim and someone purporting to be his, her or its attorney or agent, the Ballot received from the holder of the Claim will be the Ballot that is counted, and the vote of the purported attorney or agent will not be counted;

k.      The Debtor, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

l.      Neither the Debtor, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

m.      unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

n.      in the event a designation of lack of good faith is requested by a party in interest under Section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

o.      subject to any order of the Court, the Debtor reserves the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtor, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

p.      if a Claim has been estimated or otherwise Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

q.      if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

r.      the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or

contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in the voting class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date; (iv) any unsigned Ballot or Ballot lacking an original signature; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

s.       after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtor;

t.       the Debtor is authorized to enter into stipulations, with the Holder of any Claim agreeing to the amount of a Claim for voting purposes;

u.       any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding ballot so that such superseding ballot if actually received by the proposed Solicitation and Tabulation Agent on or before the Voting Deadline;

v.       that Creditors who timely file an objection prior to the Confirmation Objection Deadline, but fail to cast a ballot prior to the Voting Deadline, may cast a ballot through the time of the Confirmation Hearing in connection with the resolution of its objection;

w.       where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in Section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (i) a Ballot, (ii) a group of Ballots within the Voting Class received from a single creditor, or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted; and

x.       any Class that contains Claims entitled to vote but no votes are returned for such Class shall be deemed to have accepted the Plan.

15

**K.    Confirmation Hearing.**

33.    Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan." 11 U.S.C. § 1128(a).  Moreover, Bankruptcy Rule 3017(c) provides as follows: "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation."  Fed. R. Bankr. P. 3017(c).

34.    In accordance with Bankruptcy Rule 3017(c) and in view of Debtor's proposed solicitation schedule outlined herein, the Debtor requests that a hearing on confirmation of the Plan (the "**Confirmation Hearing**") be scheduled on August 9, 2023, commencing at 9:00 a.m. prevailing Pacific Time.  The Confirmation Hearing may be continued from time to time by the Bankruptcy Court or Debtor without further notice other than adjournments announced in open court at the Confirmation Hearing or any subsequent adjourned Confirmation Hearing and the Plan may be modified pursuant to Section 1127 and its terms, prior to, during or as a result of the Confirmation Hearing, in each case without further notice to parties-in-interest.  The proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and will enable Debtor to pursue confirmation of the Plan in a timely fashion.

**L.    Notice of the Confirmation Hearing.**

35.    Bankruptcy Rule 2002(b) and (d) require not less than twenty-eight (28) days' "notice by mail of the time fixed (1) for filing objections and the hearing to consider approval of a disclosure statement… (2) for filing objections and the hearing to consider confirmation of a Chapter 9 or 11 plan…"[.]  Fed. R. Bankr. P. 2002(b).

36.    In accordance with Bankruptcy Rules 2002 and 3017(d), the Debtor proposes to provide to all Creditors who are otherwise eligible to vote on Debtor's Plan as of the Record Date a copy of the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 2** setting forth: (i) the date of approval of the Disclosure Statement; (ii) approving the form of Ballots for accepting or rejecting the Plan; (iii) approving the Voting Procedures (as hereinafter defined), pursuant to Rule 3018(a); (iv) the Record Date; (v) the Voting Deadline; (vi) the time fixed for

filing objections to confirmation of the Plan and final approval of the Disclosure Statements; and (vii) the time, date, and place for the Confirmation Hearing including approving the notice of the Confirmation Hearing for impaired and unimpaired creditors in substantially the forms attached. Such notice will be sent contemporaneously with the Solicitation Packages. Debtor submits that the foregoing procedures will provide adequate notice of the Confirmation Hearing and, accordingly, request that the Bankruptcy Court approve such notice as adequate.

37.    The proposed schedule above will facilitate consummation of the transactions contemplated by the Plan and the Disclosure Statement. Setting a schedule as proposed will maximize recoveries for the benefit of all creditors by, among other things, reducing the administrative expenses of this Chapter 11 Case. Additionally, the proposed schedule affords parties in interest ample notice of the proceedings relating to confirmation of the Plan.

**M.    Objections to Plan of Reorganization.**

38.    Bankruptcy Rule 3020(b)(1) provides as follows:

> [a]n objection to confirmation of the plan shall be filed and served on the debtor, the trustee, the proponent of the plan, any committee appointed under the Code, and any other entity designated by the court, within a time fixed by the court. Unless the case is a chapter 9 municipality case, a copy of every objection to confirmation shall be transmitted by the objecting party to the United States trustee within the time fixed for filing objections. An objection to confirmation is governed by Rule 9014.

39.    Parties in interest who have timely filed objections to the Plan, or in resolution of any motions for relief from stay or motions to value collateral, may also vote through the date of confirmation.

40.    The Debtor also requests that the Court should require that any party-in-interest who fails to object to confirmation of the Plan or final approval of the Disclosure Statement in writing, stating the name and address of the objecting party and the nature of the claim or interest of such party with particularity the basis and nature of any objection or proposed modification, timely file such objection to the Plan in compliance with the Local Rules, and timely serve such objection as set forth below shall be deemed to have waived any objection to the confirmation of the Plan and

final approval of the Disclosure Statement, and requesting the Court set a deadline for filing and serving any such objections and any replies to any such objections. Objections must by timely served so as to be actually received no later than the Confirmation Objection Deadline on the following:

> Samuel A. Schwartz. Esq.
> SCHWARTZ LAW, PLLC
> 601 East Bridger Avenue
> Las Vegas, NV 89101
> Telephone: 702.385.5544
> Facsimile: 702.442.9887
> *Attorneys for the Debtor*

41.    The Debtor proposes that the deadline for filing objections to the Plan be July 18, 2023.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit 1**, thereby determining and ordering that the proposed Disclosure Statement contains adequate information and is approved, and:

    i.    Approving the Confirmation Hearing Notice attached hereto as **Exhibit 2**;

    ii.    That Debtor shall distribute by a fixed date to: Holders of Claims in the Voting Classes, which as the only Classes of Claims entitled to vote on the Plan, the Solicitation Package, and that such distribution shall constitute full compliance with Rule 3017(d);

    iii.    Approving the form of Ballot attached hereto as **Exhibit 4**, and, and establishing procedures for voting on the Plan, including a deadline for receipt of Ballots and the filing of a Ballot Summary;

    iv.    Scheduling a hearing date and establishing notice and objection procedures and deadlines with respect to confirmation of the Plan, including a date for filing all objections to confirmation, and replies thereto;

    v.    Setting a Record Date of the Confirmation, for voting purposes; and

    vi.    Granting such other and further relief as is just and proper.

Dated: May 26, 2023.

SCHWARTZ LAW, PLLC

By: */s/ Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV 89101
*Attorneys for the Debtor*

# EXHIBIT 1

# EXHIBIT 1

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) Case No.: 22-14422-nmc |
| | ) |
| MUSCLEPHARM CORPORATION, | ) Chapter 11 |
| | ) |
| | ) |
| Debtor. | ) Hearing Date: June 22, 2023 |
| | ) Hearing Time: 9:30 a.m. |
| | ) |

**[*PROPOSED*] ORDER: (i) APPROVING THE DISCLOSURE STATEMENT; (ii)**
**APPROVING THE FORM OF BALLOTS AND PROPOSED SOLICITATION**
**AND TABULATION PROCEDURES; (iii) FIXING THE VOTING DEADLINE**
**WITH RESPECT TO THE DEBTOR'S CHAPTER 11 PLAN; (iv) PRESCRIBING**
**THE FORM AND MANNER OF NOTICE THEREOF; (v) FIXING THE LAST**
**DATE FOR FILING OBJECTIONS TO THE CHAPTER 11 PLAN; (vi) SCHEDULING**
**A HEARING TO CONSIDER CONFIRMATION OF THE CHAPTER 11 PLAN;**
**AND (vii) APPOINTING STRETTO AS SOLICITATION AND TABULATION AGENT**

MusclePharm Corporation, the debtor and debtor-in-possession in the above-captioned

Chapter 11 case (the "**Debtor**"), by and through its counsel of record, having filed its *Motion for*

*Order: (i) Approving the Disclosure Statement; (ii) Approving the Form of Ballots and Proposed*

*Solicitation and Tabulation Procedures; (iii) Fixing the Voting Deadline with Respect to the*

*Debtor's Chapter 11 Plan; (iv) Prescribing the Form and Manner of Notice Thereof; (v) Fixing the*

*Last Date for Filing Objections to the Chapter 11 Plan; (vi) Scheduling a Hearing to Consider*

*Confirmation of the Chapter 11 Plan; and (vii) Appointing Stretto as Solicitation and Tabulation*

*Agent* (the "**Motion**")[1] on May 26, 2023.

---

[1]     Capitalized terms not defined in this Order shall have the meanings ascribed to them in the Motion.

1

The Court reviewed the Motion, and other related pleadings and papers on file in the above-captioned bankruptcy case.  The Court held that it has the requisite jurisdiction to consider the Motion, the relief requested in the Motion is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409.

The Court, having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, and creditors, and good cause appearing therefore:

**IT IS HEREBY FOUND THAT:**

A.     The proposed Disclosure Statement to Accompany Debtor's Plan of Reorganization (the "**Disclosure Statement**") contains "adequate information" within the meaning of Section 1125 of the Bankruptcy Code.

B.     The form of Ballots to be distributed to the Creditors in the Solicitation Classes substantially confirms to Official Form No. 14, modified as necessary to address the particular aspects of the Chapter 11 Case.

C.     In accordance with Section 1126, Ballots need to be provided to the holders of the Class 3 Claim (Empery Prepetition Secured Claim), the Class 4 Claim (Prestige Prepetition Secured Claim), the Class 5 Claims (General Unsecured Claims), and the Class 6 Claim (White Winston Claim) (collectively the "**Voting Classes**").

D.     The period set forth below, during which the Debtor may solicit acceptances or rejections of the Plan is a reasonable and adequate period of time for creditors to make an informed decision to accept or reject the Plan.

E.     The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as more fully set forth in the Motion and below) provided for a fair and equitable voting process and are consistent with Section 1126.

F.     The Confirmation Hearing Notice conforms to the requirements of the Bankruptcy Code and the Local Rules.

G.     Service of the Confirmation Hearing Notice pursuant to the procedures set forth below, providing notice to all creditors having filed a proof of claim or having been scheduled as holding a liquidated, noncontingent, undisputed claim and equity security holders of the time, date

2

and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and the contents of the Solicitation Packages (as defined below) comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

      H.      The Debtor has the right to seek modifications or extensions of the matters governed by this Order.

      **NOW, THEREFORE, IT IS HEREBY:**

      **ORDERED** that the Motion is granted in its entirety; and it is further

      **ORDERED** that each Exhibit to the Motion is approved in its entirety as to both its form and its content; and it is further

      **ORDERED** that pursuant to Section 1125 of the Bankruptcy Code and Rule 3017(b) of the Federal Rules of Bankruptcy Procedure, the Court approves the Debtor's Disclosure Statement; and it is further

      **ORDERED** that if the Plan is not confirmed or the Effective Date does not occur, the Disclosure Statement shall: (1) be null, void and of no further effect, (2) not constitute a waiver or release of any claims by or Claims against or Equity Interests in the Debtor; (3) not prejudice in any manner the rights of the Debtor, any Holders or any other Entity; or (4) not constitute admissions, acknowledgments, offers or undertakings by the Debtor, any Holders or any other Entity in any respect; and it is further

      **ORDERED** that Stretto is hereby approved as the Debtor's Solicitation and Tabulation Agent; and it is further

      **ORDERED** that pursuant to Section 1128(a) of the Bankruptcy Code and Bankruptcy Rule 3017(c), the hearing to consider confirmation of the Debtor's Plan shall be held on **August 9, 2023, at 9:30 a.m.** (the "**Confirmation Hearing**"); and it is further

      **ORDERED** that pursuant to Bankruptcy Rule 3017(c), **July 18, 2023**, shall be the last date to vote to accept or reject the Plan (the "**Voting Deadline**"); and it is further

      **ORDERED** that pursuant to Bankruptcy Rules 3020(b) and 9006(c)(1), objections, if any, to confirmation of the Plan shall be in writing and shall (a) state the name and address of the objecting party and the nature and amount of the claim or interest of such party, (b) state with

particularity the basis and nature of each objection or proposed modification to the Plan, and (c) be filed, together with proofs of service, with the Court (with a copy delivered to chambers) and served so that such objections are actually received by the parties listed below, no later than **July 18, 2023** (the "**Confirmation Objection Deadline**"); and it is further

**ORDERED** that any party failing to file and serve an objection as of the Confirmation Objection Deadline, as set forth in the Order Approving the Disclosure Statement, shall be barred from raising any objections at the Confirmation Hearing; and it is further

**ORDERED** that pursuant to Bankruptcy Rules 3018(c) and 3017(a), the form of ballots, attached to the Motion as **Exhibit 4**, is approved; and it is further

**ORDERED** that the notices attached to the Motion as **Exhibits 2** and **3** are approved; and it is further

**ORDERED** that pursuant to Bankruptcy Rules 3017(c) and 3018(a), the holders of claims in **Classes 3**, **4**, **5**, and **6** may vote to accept or reject the Plan by indicating its acceptance or rejection of the Plan on the ballots provided therefore; and it is further

**ORDERED** that the provision of notice in accordance with the procedures set forth in this Order and the Voting Procedures shall be deemed good and sufficient notice of the Confirmation Hearing, the Voting Deadline and the Confirmation Objection Deadline; and it is further

**ORDERED** that, pursuant to Bankruptcy Rule 3017(c), but except as otherwise expressly provided in the Voting Procedures, in order to be considered as acceptances or rejections of the Plan, all ballots must be properly completed, executed, marked and actually received by the Solicitation and Tabulation Agent on or before the Voting Deadline; and it is further

**ORDERED** that the Court authorizes and directs the Solicitation and Tabulation Agent to take any action reasonably necessary to accomplish the solicitation and tabulation services contemplated by the Disclosure Statement, the Motion, and/or the Voting Procedures; and it is further

**ORDERED** that the Debtor is not required to mail a Solicitation Package, an Unimpaired Class Notice or an Equity Holder Notice (as the case may be) to any individual or entity at an address from which notice of the Disclosure Statement Hearing was returned by the United States

Postal Office as undeliverable, unless the Debtor or the Solicitation and Tabulation Agent are provided with a more accurate address prior to the Record Date.  The Solicitation and Tabulation Agent shall report any undeliverable solicitation packages in its ballot declaration; and it is further

**ORDERED** that any entity entitled to vote to accept or reject the Plan may change its vote before the Voting Deadline by casting a superseding ballot so that such superseding ballot is actually received by the Solicitation and Tabulation Agent on or before the Voting Deadline; and it is further

**ORDERED** that creditors who timely file an objection prior to the Confirmation Objection Deadline, but fail to cast a ballot prior to the Voting Deadline, may cast a ballot through the time of the Confirmation Hearing in connection with the resolution of its objection; and it is further

**ORDERED** that the Court authorizes and empowers the Debtor to take such other actions and execute such other documents as may be necessary or appropriate to implement the terms of this Order; and it is further

**ORDERED** that replies to any objections to confirmation of the Plan shall be due on **August 3, 2023**; and it is further

**ORDERED** that this Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or in relation to the implementation of this Order.

Prepared and Submitted By:

SCHWARTZ LAW, PLLC

/s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV  89101
*Attorneys for the Debtor*

5

# EXHIBIT 2

# EXHIBIT 2

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887
*Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | ) Case No.: 22-14422-nmc |
| | ) |
| MUSCLEPHARM CORPORATION, | ) Chapter 11 |
| | ) |
| | ) |
| Debtor. | ) Hearing Date: |
| | ) Hearing Time: |
| | ) |

**NOTICE OF: (a) SOLICITATION OF VOTES
TO ACCEPT OR REJECT THE DEBTOR'S CHAPTER
11 PLAN OF REORGANIZATION; (b) THE HEARING TO
CONSIDER CONFIRMATION OF THE DEBTOR'S CHAPTER 11
PLAN OF REORGANIZATION; AND (c) DEADLINE FOR FILING
<u>OBJECTIONS TO THE CHAPTER 11 PLAN OF REORGANIZATION</u>**

TO CREDITORS AND PARTIES OF INTEREST:

NOTICE IS HEREBY GIVEN that on **_ _, 2023**, the United States Bankruptcy Court for the District of Nevada (the "**Court**") approved (the "**Order**") the Disclosure Statement dated **_ _, 2023** (the "**Disclosure Statement**") [ECF No. ___] with respect to the Chapter 11 Plan of Reorganization, dated **_ _, 2023** (the "**Plan**") [ECF No. ___] for MusclePharm Corporation (the "**Debtor**"). Pursuant to the Order, copies of the Plan and Disclosure Statement have been mailed to all known holders of impaired claims against the Debtor entitled to vote on the Plan that have not been disallowed by an order of the Court as of **_ _, 2023**. Ballots for voting to accept or reject the Plan have been mailed to all such holders of impaired claims entitled to vote to accept or reject the Plan. If you are a creditor of the Debtor and have not received a copy of the Plan, the Disclosure Statement, or, if applicable, a ballot, you may obtain a copy of the same by request to the Debtor's solicitation and tabulation agent, Stretto, Inc. ("**Stretto**") at 415-696-7551 (toll-free).

NOTICE IS FURTHER GIVEN that all ballots cast to accept or reject the Plan must be properly completed, executed and mailed or delivered to Stretto, Inc., MusclePharm Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or via the e-filing portal for electronic submissions at: https://balloting.stretto.com/, so that they are ACTUALLY RECEIVED by **_ _, 2023**. If your ballot is not properly completed or received within such time, it will not be counted

as a vote to accept or reject the Plan. Ballots transmitted by facsimile transmission will not be accepted and will not be counted as a vote to accept or reject the Plan.

NOTICE IS FURTHER GIVEN that the Court has fixed _ _, 2023, at _:_0_.m., **prevailing Pacific Time**, as the date and time for the evidentiary hearing to consider confirmation of the Plan and related matters (the "**Confirmation Hearing**"). The Confirmation Hearing will be held before the **Honorable Natalie M. Cox**, United States Bankruptcy Judge, in the United States Bankruptcy Court, Foley Federal Building, 300 Las Vegas Boulevard South, Courtroom 3, Las Vegas, Nevada 89101. The Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing.

NOTICE IS FURTHER GIVEN that objections, if any, to confirmation of the Plan must be in writing, and must (a) state the name and address of the objecting party and the nature and amount of the claim or interest of such party, (b) state with particularity the basis and nature of each objection or proposed modification to the Plan and (c) be filed, together with proof of service, with the Court (with a copy delivered to chambers) and served so that such objections are actually received by the Court and the parties listed below, no later than _ _, 2023 (the "**Confirmation Objection Deadline**"): (i) Schwartz Law, PLLC, 601 East Bridger Avenue, Las Vegas, Nevada 89101, Attn: MusclePharm Corporation; and (ii) The Office of the United States Trustee, 300 Las Vegas Boulevard South #4300, Las Vegas, Nevada 89101.

NOTICE IS FURTHER GIVEN that any replies to objections to confirmation of the Plan must be filed no later than _ _, **2023**.

If an objection is not timely filed and served, an order for confirming Debtor's Plan and otherwise granting Debtor's request(s) for relief may be granted. LR 9014(a)(1).

If you object to the relief requested, you must file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the undersigned attorneys who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response as set forth herein, then:

        1. The court may refuse to allow you to speak at the scheduled hearing; and
        2. The court may rule against you without formally calling the matter at the hearing.

DATED:

Respectfully Submitted by,

/s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
*Attorneys for the Debtor*

# EXHIBIT 3

# EXHIBIT 3

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | | |
|---|---|---|
| In re: | ) | Case No.: 22-14422-nmc |
| | ) | |
| MUSCLEPHARM CORPORATION, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Hearing Date: |
| | ) | Hearing Time: |
| _____ | ) | |

**NOTICE OF THE HEARING TO CONSIDER: (a) CONFIRMATION OF THE DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION; AND (b) DEADLINE FOR FILING OBJECTIONS TO THE CHAPTER 11 PLAN OF REORGANIZATION**

TO ALL CREDITORS NOT ENTITLED TO VOTE UNDER THE PLAN AND OTHER INTERESTED PARTIES:

NOTICE IS HEREBY GIVEN that on **_ _, 2023**, the United States Bankruptcy Court for the District of Nevada (the "**Court**") conditionally approved (the "**Order**") [ECF No. ___] the Disclosure Statement (as amended, the "**Disclosure Statement**") [ECF No. ___] with respect to the Plan of Reorganization, dated **_ _, 2023** (the "**Plan**") (attached to the Disclosure Statement as **Exhibit A**), for MusclePharm Corporation (the "**Debtor**"). Copies of the Plan and the Disclosure Statement are available upon request to counsel for the Debtor, Schwartz Law, PLLC, 601 East Bridger Avenue, Las Vegas, Nevada 89101, Attn: MusclePharm Corporation, Telephone No. (702) 385-5544.

NOTICE IS FURTHER GIVEN that under the terms of the Plan, your claim against the Debtor is not impaired pursuant to Section 1124 of the Bankruptcy Code and, therefore, pursuant to Section 1126(f) of the Bankruptcy Code, you are not entitled to vote on the Plan. If you have any general procedural questions regarding the Debtor's designated voting status of your claim, you should contact counsel for the Debtor, Schwartz Law, PLLC, 601 East Bridger Avenue, Las Vegas, Nevada 89101, Attn: MusclePharm Corporation, Telephone No. (702) 385-5544. Questions regarding your specific legal rights in this matter, however, should be directed to your own attorney.

NOTICE IS FURTHER GIVEN that the Court has fixed **_ _, 2023, at _:__, prevailing Pacific Time**, as the date and time for the hearing to consider confirmation of the Plan and related matters

1

(the "**Confirmation Hearing**"). The Confirmation Hearing will be held before the **Honorable Natalie M. Cox**, United States Bankruptcy Judge, in the United States Bankruptcy Court, Foley Federal Building, 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101. The Confirmation Hearing may be adjourned from time to time without further notice other than announcement made at the Confirmation Hearing or any adjourned hearing.  If you intend to participate at this hearing telephonically, please check the Court's website prior to the hearing for any updated instructions relating to the court participation number and access code. You may view the Court Calendar at: https://www.nvb.uscourts.gov/calendars/court-calendars/.

NOTICE IS FURTHER GIVEN that objections, if any, to confirmation of the Plan must be in writing, and must (a) state the name and address of the objecting party and the nature and amount of the claim or interest of such party, (b) state with particularity the basis and nature of each objection or proposed modification to the Plan and (c) be filed, together with proof of service, with the Court (with a copy delivered to chambers) and served so that such objections are actually received by the Court and the parties listed below, no later than _  _, **2023** (the "**Confirmation Objection Deadline**"), to: (i) Schwartz Law, PLLC, 601 East Bridger Avenue, Las Vegas, Nevada 89101, Attn: MusclePharm Corporation; and (ii) the Office of the United States Trustee, 300 Las Vegas Boulevard South #4300, Las Vegas, Nevada 89101.

NOTICE IS FURTHER GIVEN that any replies to objections to confirmation of the Plan must be filed no later than _  _, **2023**.

If an objection is not timely filed and served, an order for confirming Debtor's Plan and otherwise granting Debtor's request(s) for relief may be granted.  LR 9014(a)(1).

If you object to the relief requested, you must file a **WRITTEN** response to this pleading with the court. You *must* also serve your written response on the undersigned attorneys who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response as set forth herein, then:

DATED:

Respectfully Submitted,

SCHWARTZ LAW, PLLC

/s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
601 East Bridger Avenue
Las Vegas, NV  89101

*Attorneys for the Debtor*

# EXHIBIT 4

# EXHIBIT 4

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**
**BALLOT FOR ACCEPTING OR REJECTING THE PLAN OF REORGANIZATION**
**FOR MUSCLEPHARM CORPORATION DATED ___, 2023**

In re:                                                        )    Case No.: 22-14422-nmc
                                                              )
MUSCLEPHARM CORPORATION,                                      )    Chapter 11
                                                              )
                          Debtor.                             )    Hearing Date:
                                                              )    Hearing Time:
_____                      )

**CLASS ___: _____ CLAIM OF _____**

> **PLEASE READ BOTH SIDES OF THIS BALLOT BEFORE COMPLETING. PLEASE COMPLETE, DATE AND SIGN, AND RETURN THIS BALLOT TO STRETTO, INC. ON OR BEFORE _____, 2023 AT __:00 p.m. PACIFIC TIME**

   **Item 1: Voting Classification and Amount.** The undersigned is a holder of Class ___ (as defined in the Plan) against the Debtor as set forth below:

$_____. Amount of Claim in Class ___ for voting purposes.

   **Item 2: Vote.** The undersigned votes all of its Class ___ claims as set forth in Item 1 above to (Check one box):

> ☐ **Accept the Plan     or     ☐ Reject the Plan**

Name of Creditor:_____          Street Address:_____
               (Print or Type)
                                           _____
                                           (City, State and Zip Code)
By:_____
(Signature of Creditor or Authorized Agent)   Telephone Number: (__)_____

Print Name of Signatory:_____        _____
                                           (Social Security or Federal Tax I.D. No.)
Title:_____
        (If Appropriate)                      Date Completed:_____

1

**PLEASE READ THE FOLLOWING BEFORE COMPLETING YOUR BALLOT**

This Ballot is submitted to you to solicit your vote to accept the Plan of Reorganization (the "**Plan**") of MusclePharm Corporation (the "**Debtor**") which is described in the Disclosure Statement dated _ _ **2023** (the "**Disclosure Statement**"). A copy of the Plan and Disclosure Statement are attached as **Exhibit A**. The United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**"), on _ _ **2023**, approved the Disclosure Statement. The Disclosure Statement provides information to assist you in deciding whether to accept or reject the Plan. A copy of the Disclosure Statement is enclosed with this Ballot. If you do not have a copy of the Disclosure Statement, you may obtain a copy from the Debtor's Solicitation and Tabulation Agent, Stretto, Inc. ("**Stretto**") at 415-696-7551 (toll-free).

Please complete, sign and date this Ballot. Return this Ballot to Stretto, Inc., MusclePharm Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, or via the e-filing portal for electronic submissions at: https://balloting.stretto.com/ (eligible parties will be supplied with a password to access/submit their ballot via the e-filing portal). **If your Ballot is not ACTUALLY RECEIVED by __:00 p.m., Pacific Time, on _ _, 2023, it will not be counted. Stretto will not accept Ballots by facsimile transmission.**

On _ _ **2023**, the Bankruptcy Court also approved certain procedures for the solicitation and tabulation of votes to accept or reject the Plan.

**By signing this Ballot, you make the following certifications:**

- "I have been provided with a copy of the Disclosure Statement and the exhibits thereto."
- "I have the full power and authority to vote to accept or reject the Plan on behalf of the claimant listed on the reverse side."

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in each class voting on the Plan. In the event the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if the Bankruptcy Court finds that the Plan accords fair and equitable treatment to the class or classes rejecting it and otherwise satisfies the requirements of section 1129 of the Bankruptcy Code. **To have your vote count you must complete and return this Ballot by 5:00 p.m., Pacific Time, on _ _ 2023.**

This Ballot is for voting purposes only and does not constitute and shall not be deemed a proof of claim or interest or an admission by the Debtor of the validity of a claim or interest.

**PLEASE CALL STRETTO, INC. AT 415-696-7551 (toll-free) IF YOU HAVE RECEIVED A DAMAGED BALLOT OR LOST YOUR BALLOT. PLEASE CALL STRETTO, INC. AT 415-696-7551 (toll-free) IF YOU HAVE ANY QUESTIONS ABOUT EXECUTING THIS BALLOT, THE VOTING PROCEDURES, OR QUESTIONS OF A GENERAL NATURE REGARDING THE PLAN. QUESTIONS RELATING TO YOUR LEGAL RIGHTS IN CONNECTION WITH DEBTOR'S BANKRUPTCY CASE, THE PLAN, AND/OR WHETHER AND HOW TO EXECUTE THIS BALLOT SHOULD BE DIRECTED TO YOUR OWN ATTORNEY. IF YOU HAVE ANY SUCH QUESTIONS, YOU SHOULD SEEK AND OBTAIN THE ASSISTANCE OF YOUR OWN LAWYER.**

1