Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MUSCLEPHARM CORPORATION,<br><br>Debtor. | Case No.: 22-14422-NMC<br><br>Chapter 11<br><br>Hearing Date: **OST Requested**<br>Hearing Time: **OST Requested** |

**DECLARATION OF GABRIELLE A. HAMM**
**IN SUPPORT OF MOTION TO QUASH SUBPOENA TO VERIZON OR,**
**IN THE ALTERNATIVE, FOR ISSUANCE OF A PROTECTIVE ORDER**

I, Gabrielle A. Hamm, Esq., declare under penalty of perjury as follows:

1.     I am over the age of 18 and mentally competent.

2.     I am an attorney with Schwartz Law, PLLC, counsel for MusclePharm Corporation (the "**Debtor**"), debtor and debtor in possession in the above-captioned case (the "**Chapter 11 Case**"). I am duly licensed to practice law in the States of Nevada and Texas, the United States District Courts for the District of Nevada and the Northern, Eastern, and Southern Districts of Texas, the Bankruptcy Appellate Panel for the Ninth Circuit Court of Appeals, and the Fifth and Ninth Circuit Court of Appeals. I make this declaration based on my own personal knowledge except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

3.      I submit this declaration for all permissible purposes under the Federal Rules of Civil Procedure and Rules of Evidence in support of the Debtor's *Motion to Quash Subpoena to Verizon or, in the Alternative, for Issuance of a Protective Order* (the "**Motion to Quash**").[1]

4.      Attached hereto as **Exhibit 1** is a true and copy of the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)* dated May 25, 2023, attached to Drexler's *Notice of Issuance of Subpoena for Document Production of Verizon* [ECF No. 551].

5.      Attached hereto as **Exhibit 2** is a true and correct copy of the transcript of the hearing held on May 25, 2023.

6.      On Friday, June 2, 2023, consistent with the colloquy on the record of the May 25, 2023 hearing, counsel to Empery, Dylan Ciciliano, produced text messages between Mr. Silver or Mr. Lane, on the one hand, and Mr. Rubin, Eric Hillman, Will Hovi, or Jason Keenan, on the other, to counsel for Drexler, Michael Richman. A true and correct copy of Mr. Ciciliano's correspondence to Mr. Richman is attached hereto as **Exhibit 3**.

7.      On Monday, June 5, 2023, I asked Mr. Richman if he would withdraw the Subpoena in light of the fact that Empery produced the text messages between Mr. Rubin and Empery. Mr. Richman refused. A true and correct copy of my June 5, 2023 correspondence with Mr. Richman is attached hereto as **Exhibit 4**.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 6, 2023.

*/s/ Gabrielle A. Hamm*
Gabrielle A. Hamm

---

[1]      Capitalized terms not defined herein have the meanings set forth in the Motion to Quash.

# Exhibit 1

**CARLYON CICA CHTD.**
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
DAWN M. CICA, ESQ.
Nevada Bar No. 4565
TRACY M. O'STEEN, ESQ.
Nevada Bar No. 10949
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119
Telephone:     (702) 685-4444
Facsimile:     (725) 220-4360
Email: ccarlyon@carlyoncica.com
            dcica@carlyoncica.com
            tosteen@carlyoncica.com

**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:     (608) 630-8990
Facsimile:     (608) 630-8991
Email: mrichman@steinhilberswanson.com

*Counsel for Ryan Drexler*

CARLYON CICA CHTD.
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MUSCLEPHARM CORPORATION,<br><br>           Debtor. | Case No.  BK-22-14422-NMC<br>Chapter 11<br><br>**NOTICE OF ISSUANCE OF SUBPOENA FOR DOCUMENT PRODUCTION OF VERIZON** |

      **PLEASE TAKE NOTICE** that Ryan Drexler, by and through his undersigned Nevada

counsel, the law firm of Carlyon Cica Chtd., and co-counsel Steinhilber Swanson LLP, hereby

provides notice of the issuance of a subpoena for document production on Verizon. A copy of

1    the subpoena is attached hereto as Exhibit 1.

2         Dated this 25th day of May 2023.

3

4                                        **CARLYON CICA, CHTD.**

5                                        */s/ Tracy M. O'Steen, Esq.*
                                         CANDACE C. CARLYON, ESQ.
6                                        Nevada Bar No. 2666
                                         DAWN M. CICA, ESQ.
7                                        Nevada Bar No. 4565
                                         TRACY M. O'STEEN, ESQ.
8                                        Nevada Bar No. 10949
                                         265 E. Warm Springs Road, Suite 107
9                                        Las Vegas, NV 89119
                                         Telephone:    (702) 685-4444
10                                       Facsimile:     (725) 220-4360
                                         ccarlyon@carlyoncica.com
11                                       dcica@carlyoncica.com
                                         tosteen@carlyoncica.com
12
                                         **STEINHILBER SWANSON LLP**
13
                                         */s/ Michael P. Richman, Esq.*
14                                       MICHAEL P. RICHMAN
                                         *Admitted Pro Hac Vice*
15                                       122 W. Washington Ave., Suite 850
                                         Madison, WI 53703
16                                       Telephone:    (608) 630-8990
                                         Facsimile:     (608) 630-8991
17                                       mrichman@steinhilberswanson.com

18                                       *Counsel for Ryan Drexler*

19

20

21

22

23

24

25

26

27

28

**CARLYON CICA CHTD.**
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

CARLYON CICA CHTD.
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

## CERTIFICATE OF SERVICE

I am an employee of Carlyon Cica Chtd.  On the date of filing of the foregoing papers with the Clerk of Court I caused a true and correct copy to be served in the following manner:

☒ ELECTRONIC SERVICE:  Pursuant to LR 2002 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed and served on all parties and attorneys who are filing users through the Notice of Electronic Filing automatically generated by the Court.

☐ UNITED STATES MAIL:  By depositing a true and correct copy of the above-referenced document into the United States Mail with prepaid first-class postage, addressed to the parties at their last-known mailing address(es):

☐ OVERNIGHT COURIER:  By depositing a true and correct copy of the above-referenced document for overnight delivery via a nationally recognized courier, addressed to the parties listed below which was incorporated by reference and made final in the w at their last-known mailing address.

☐ FACSIMILE:  By sending the above-referenced document via facsimile to those persons listed on the attached service list at the facsimile numbers set forth thereon.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Cristina Robertson
An employee of Carlyon Cica Chtd.

# EXHIBIT 1

# EXHIBIT 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of **Nevada**

In re **MUSCLEPHARM CORPORATION**
_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. **22-14422-NMC**

Chapter **11**

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **VERIZON**
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **requested on Exhibit B hereto, subject to the Definitions and Instructions, on Exhibit A hereto**

| PLACE  Carylon Cica, Chtd.  265 E. Warm Springs Road, Suite 107  Las Vegas, NV 89119 | DATE AND TIME  June 9, 2023 at 9:00 a.m. (Pacific Time) |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **May 25,2023**

CLERK OF COURT

OR

_____        **/s/ Tracy M. O'Steen, Esq.**
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
**Ryan Drexler**_____ , who issues or requests this subpoena, are:

Tracy M. O'Steen, Esq., 265 E. Warm Springs Road, Suite 107, Las Vegas, NV 89119, tosteen@carlyoncica.com, 702-685-4444

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

### PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

1

## EXHIBIT A

2

### Definitions

3

1.     "<u>Applicable Period</u>" shall mean December 15, 2022 through the date the information requested in Exhibit B is produced.

4

5

2.     "<u>Subject Phone Numbers</u>" shall mean phone numbers 949-633-1628 and 949-357-2364.

6

7

3.     "<u>You</u>" or "<u>Your</u>" means Verizon and any Affiliate or Insider thereof and Your agents, servants, employees, attorneys, accountants, representatives, any other Person or Entity over which You have control or have a superior right to compel to do an act or produce an item, and any Entity You were or are an agent, manager, officer, or director or otherwise maintained or maintain a supervisory, advisory, or consulting role.

8

9

10

### Instructions

11

1.     You shall produce all responsive information in electronic format to mjurkash@steinhilberswanson.com or mail the same to the following address:

12

13

Steinhilber Swanson LLP
ATTN: Michael Jurkash
759 N. Milwaukee St., Ste. 305
Milwaukee, WI 53202

14

15

2.     You shall produce all information in the manner in which it is maintained in the usual course of business and/or shall organize and label the information to correspond with the categories of this Request. A Request for Production shall be deemed to include a Request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

16

17

18

19

3.     In producing information, You are requested to furnish all information in Your possession, custody, or control, regardless of whether such information is possessed by You directly or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives, or investigators.

20

21

22

4.     If any of the information contained in the answers to these Requests is not within Your personal knowledge, so state. The answers to the Requests should identify every Person, Document, and Communication upon which You rely for the information contained in the answer not based solely on Your own personal knowledge.

23

24

25

5.     If You cannot answer any portion of the following Requests in full, after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

26

27

28

**CARLYON CICA CHTD.**
265 E. Warm Springs Road, Suite 107
Las Vegas, NV 89119

6.      You are requested to provide all information within Your possession, custody, or control. In the event that You provide only a portion of the information called for by any particular Request, state the reason(s) for Your inability to provide the remainder of the information requested and the identity of the information.

7.      In the event the information called for by any particular request is no longer in Your possession, custody or control, state the reason(s) why that information is no longer in Your possession, custody, or control and the identity of the information and all Your knowledge regarding who currently has possession, custody or control of the information.

8.      In the event that information called for by any particular request have been lost or destroyed, please state: (i) the date on which the information was lost or destroyed; (ii) the manner in which the information was lost or destroyed; (iii) the identity of the information; (iv) the nature of the information; and (v) and the identity of any person(s) who has knowledge of the information or has received a copy of such information.

9.      If You withhold any Document pursuant to a claim of privilege, You shall expressly make the claim of privilege and produce a privilege log in compliance with Fed. R. Civ. P. 26(b)(5), incorporated by Fed. R. Bankr. P. 7026.

# EXHIBIT B

## Requests for Production

**REQUEST FOR PRODUCTION NO. 1:** Please produce all text messages sent from, and received by, the Subject Phone Numbers during the Applicable Period.

**REQUEST FOR PRODUCTION NO. 2:** Please produce a text message detail report of all text messages sent from, and received by, the Subject Phone Numbers during the Applicable Period.

**REQUEST FOR PRODUCTION NO. 3:** Please produce all text message transactions, including SMS and MMS communications, sent from, and received by, the Subject Phone Numbers during the Applicable Period.

**REQUEST FOR PRODUCTION NO. 4:** Please produce all stored SMS content and MMS content from the Subject Phone Numbers during the Applicable Period.

# Exhibit 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA (LAS VEGAS)

|  |  |
|---|---|
| IN RE: | Case No. 22-14422-nmc |
|  | Chapter 11 |
| MUSCLEPHARM CORPORATION, |  |
|  | 300 Las Vegas Blvd. South |
|  | Las Vegas, NV 89101 |
| Debtor. |  |
|  | Thursday, May 25, 2023 |
|  | 10:33 a.m. |

TRANSCRIPT OF STATUS HEARING RE: MOTION TO APPOINT TRUSTEE
MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE FILED BY
CANDACE C CARLYON ON BEHALF OF RYAN DREXLER [447];
STATUS HEARING RE: MOTION TO VACATE MOTION FOR ENTRY OF ORDER:
(1) VACATING ORDERS GRANTING EX PARTE APPLICATIONS FOR
EXAMINATION PURSUANT TO BANKRUPTCY RULE 2004, AND (II)
ESTABLISHING PROCEDURES FOR DISCOVERY FILED BY
GABRIELLE A. HAMM ON BEHALF OF MUSCLEPHARM CORPORATION [462];
MOTION FOR APPROVAL OF PROCEDURES - DEBTOR'S MOTION TO: (I)
APPROVE BIDDING PROCEDURES FOR THE SALE OF ASSETS PURSUANT TO
11 U.S.C. 105, 363, AND 365 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULES 2002, 6004 AND 6006 AND (II) FOR WAIVER OF THE
14-DAY STAY UNDER BANKRUPTCY RULE 6004 WITH PROPOSED
ORDER FILED BY SAMUEL A. SCHWARTZ ON BEHALF OF
MUSCLEPHARM CORPORATION [497];
OST RE: MOTION TO APPROVE COMPROMISE UNDER RULE 9019 DEBTOR'S
MOTION PURSUANT TO 11 U.S.C. 105 AND 363 OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 9019 TO APPROVE SETTLEMENT AND PLAN SUPPORT
AGREEMENT WITH: (I) THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS; (II) EMPERY TAX EFFICIENT, LP, IN ITS CAPACITY AS
COLLATERAL AGENT AND ADMINISTRATIVE AGENT FOR MP COLLATERAL,
LLC; AND (III) WHITE WINSTON SELECT ASSET FUNDS, LLC WITH
PROPOSED ORDER FILED BY SAMUEL A. SCHWARTZ ON BEHALF OF
MUSCLEPHARM CORPORATION [524]
BEFORE THE HONORABLE NATALIE M. COX
UNITED STATES BANKRUPTCY COURT JUDGE

| | |
|---|---|
| Audio Operator: | Maria Garrett, Remote ECR |
| | Benji Rawling, Remote ECR |
| Transcription Company: | Access Transcripts, LLC |
| | 10110 Youngwood Lane |
| | Fishers, IN 46048 |
| | (855) 873-2223 |
| | www.accesstranscripts.com |

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
TELEPHONIC APPEARANCES:


For the Debtor:              Schwartz Law, PLLC
                             By:  SAMUEL SCHWARTZ, ESQ.
                                  GABRIELLE HAMM, ESQ.
                             601 East Bridger Avenue
                             Las Vegas, NV 89101
                             (702) 802-2207


For the Official             Pachulski Stang Ziehl & Jones
Committee of Unsecured       By:  JOHN D. FIERO, ESQ.
Creditors:                        JASON ROSELL, ESQ.
                             One Sansome Street, Suite 3430
                             San Francisco, CA 94104
                             (415) 263-7000


For Empery Tax               Garman Turner Gordon
Efficient, LP:               By:  GREG GARMAN, ESQ.
                                  WILLIAM M. NOALL, ESQ.
                             7251 Amigo Street, Suite 210
                             Las Vegas, NV 89119
                             (725) 777-3000


For Ryan Drexler:            Steinhilber Swanson LLP
                             By:  MICHAEL RICHMAN, ESQ.
                             122 West Washington Ave., Suite 850
                             Madison, WI 53703-2732
                             (608) 405-6508


For White Winston           Jeffrey D. Sternklar, LLC
Select Asset Funds,          By:  JEFFREY STERNKLAR, ESQ.
LLC:                         101 Federal Street, Suite 1900
                             Boston, MA 02110
                             (617) 207-7800


For Ryan Drexler:            Steinhilber Swanson LLP
                             By:  MICHAEL RICHMAN, ESQ.
                             122 West Washington Ave., Suite 850
                             Madison, WI 53703-2732
                             (608) 405-6508


For the U.S. Trustee:        Office of the United States Trustee
                             By:  JARED DAY, ESQ.
                             300 Booth Street, Room 3009
                             Reno, NV 89509
                             (775) 784-5531


Also Present:                NICOLAS RUBIN

                             ERIC HILLMAN
```

```
 1           (Proceedings commence at 10:32 a.m.)
 2           THE CLERK:  On the calendar are MusclePharm
 3  Corporation, Case Number 22-14422.  May I have appearances
 4  please?
 5           MR. SCHWARTZ:  Good morning, Your Honor.  Samuel
 6  Schwartz and Gabrielle Hamm on behalf of the debtor.  I believe
 7  also on the line are Mr. Nicholas Rubin and Mr. Hillman.
 8           MR. FIERO:  Good morning, Your Honor.  John Fiero of
 9  Pachulski Stang for the Creditors Committee.  With me today is
10  my partner, Jason Rosell.
11           MR. GARMAN:  Morning, Your Honor.
12           MR. ROSELL:  Good morning.
13           MR. GARMAN:  I'm Greg Garman and Bill Noall,
14  appearing on behalf of Empery.  And also on the phone are
15  Empery principals, Ryan Lane and Tim Silver.
16           MR. STERNKLAR:  Good morning, Your Honor.  Jeffery
17  Sternklar for White Winston Select Asset Funds LLC.
18           MR. RICHMAN:  Good morning, Your Honor.  Michael
19  Richman, Steinhilber Swanson, for Ryan Drexler.
20           MR. DAY:  Good morning, Your Honor.  Jared Day,
21  Department of Justice, for the U.S. Trustee.
22           THE COURT:  All right.  Good morning to everyone.
23           Mr. Schwartz, before we get started, is there
24  anything that you want to update the Court about?
25           MR. SCHWARTZ:  Sam Schwartz on behalf of the debtor,
```

1    Your Honor.  Nothing at the moment, Your Honor.  I thought,

2    given the last hearing's direction to run down the docket, I

3    thought made sense just to run down the Court's docket and

4    proceed -- if it pleases the Court and proceed in that fashion.

5    But I think it's the only -- I think that we can update the

6    Court with respect to each matter as we get to them.

7          THE COURT:  All right.  And is there anybody else

8    that would like to say something before we get started?

9          MR. RICHMAN:  Yes, Your Honor.  Michael Richman, if I

10   may.  Good morning.

11         THE COURT:  You may.

12         MR. RICHMAN:  I just -- before we begin I would like

13   to confirm the Court's intention with respect to the two

14   substantive motions that are on for today -- that is the motion

15   to approve bid procedures and the motion to approve the plan's

16   settlement motion -- as to whether those are intended to be

17   preliminary or pretrial hearings or final hearings.

18         THE COURT:  Right.  Actually, you're kind of jumping

19   the gun a little bit on me there, Mr. Richman.  I will get to

20   that.

21         Is there anybody else that has something that needs

22   to be gone over before I jump in?  All right.  I don't hear

23   any.  Well, the question that I have, that I'm going to address

24   to the parties and I'm going to address it first to Empery,

25   Mr. Garman.

1          Don't I have to determine the enforceability of the

2    intercreditor agreement at this point before I move on, on

3    anything substantive, especially anything that's already been

4    objected to by Mr. Drexler?

5          MR. GARMAN:  Your Honor, Greg Garman.  Your Honor, I

6    respectfully think that you don't.  I understand if the Court

7    would find that would make more sense.

8          We attached a copy of the inter-creditor agreement to

9    our notice of withdrawal.  I believe that, candidly, even on a

10   substantive basis, no real opposition has been set forth.  But

11   it is very much Empery's position that this is exactly what we

12   negotiated for and that Mr. Drexler is obligated to stand

13   silently on the sideline until such time as we get paid.  And

14   so I do believe that there is a threshold question of whether

15   or not Mr. Drexler can participate in those proceedings.

16         I don't think -- so we teed it up.  As we indicated

17   to you, we teed it up by way of our enforcement motion so that

18   the Court would have a procedural vehicle.  Having said that,

19   circumstances have continued to evolve, so we withdrew, which I

20   think is our right.  I think you have the ability to decide

21   today if our withdrawal of the opposition was appropriate.  But

22   to the extent that the Court were to want to proceed to the

23   motion to enforce, then I would (audio interference) object.

24         THE COURT:  I'm sorry.  You broke up at the end or I

25   just didn't hear you.  You would or would not object?

1          MR. GARMAN:  I said I would not -- I can't -- I would
2     not object.
3          THE COURT:  Okay.  Thank you.  All right.  And this
4     is more of a comment than a question, but the fact that the
5     withdrawal actually came with some discussion, some support
6     supporting the idea that it -- that the withdrawal was
7     appropriate, to me indicated that this really is something that
8     needs to be determined and having it come forward in the
9     posture that it is right now, I think is problematic.
10          But I will -- Mr. Richman, I want to hear from you.
11          MR. RICHMAN:  Yeah.  Excuse me.  Thank you, Your
12     Honor.  And I agree with Your Honor's comment.  This is -- this
13     needs to be briefed and it needs to be argued.  Even the
14     provisions that were quoted to the Court to support this
15     alleged power of attorney to withdraw pleadings that I filed as
16     counsel of record, is not at all clear.  The debtor quoted a
17     portion of the intercreditor agreement with brackets and
18     ellipses that conceal that that provision, the power of
19     attorney, applies, if it applies at all, only in claims.  And
20     we intend to show the Court when this matter is briefed and
21     when the Court is able to hear it on June 15, that the entirety
22     of the intercreditor agreement is unenforceable.  So yes, this
23     should be decided before anything else and not today.
24          THE COURT:  All right.  Thank you.  Mr. Schwartz?
25          MR. SCHWARTZ:  Thank you, Your Honor.  A couple of

1   points and I appreciate the Court's direction.

2              I think there are some things we can accomplish

3   today.  Number one, I don't believe anyone opposes the sale of

4   the company.  I think everyone thinks that's the right next

5   step.  And so from that perspective, I do think we can get to

6   bid procedures today, and I think we should.

7              Similarly, I think we can and should get to the plan

8   support agreement today because I think both of those can go

9   forward and allow this case to get on its track toward

10  confirmation, one, because the bid procedures, Your Honor, if

11  we get to those or there's nothing exotic or sexy in these bid

12  procedures, Your Honor.  This is a form of bid procedures

13  that's been approved in this Court over and over.  So I think

14  that's fairly straightforward, one.

15             Two, then with respect to the plan support agreement,

16  while it has -- it asked for authority for the debtor to enter

17  into it because it's outside of the ordinary course of

18  business, and there are some compromises.  Those compromises

19  aren't final.  The plan support agreement isn't final and

20  binding on the debtor in a -- in that way until we get through

21  the plan process.

22             So really when it comes to the plan support agreement

23  or PSA, as we call it, we're -- I think it's more akin to

24  interim approval of fees.  The debtor needed to be here to ask

25  for the authority that it's seeking in that motion to enter

1   into the PSA.  But again it's still subject to the confirmation

2   process and everyone's going to get another bite at the apple

3   and that apple will be in front of the Court after you would

4   hear the trustee-related papers on June 15th, and the auction

5   comes up after the Court would hear the trustee related papers

6   on June 15th.  So I think with respect to those two pleadings,

7   given their timing, given the routine nature of the first one

8   and the interim-like approval of the second, those two matters

9   can go forward today.

10          So Your Honor, I would urge the Court to keep this

11  case at least headed down the path it's on now, because I think

12  even Mr. Richman said at the last hearing, he doesn't disagree

13  that the company should be sold.  Really, you know, his

14  client's concerns are the assets being broken up a bit like the

15  way they are.  And we can sort that out through the auction as

16  well.

17          And one other point I'd like to highlight with

18  respect to the auction, Your Honor, there -- the debtor has to

19  file a sale motion after the auction.  And that sale motion

20  then also has to dovetail with the plan and disclosure

21  statement.  So the two motions the debtor has up today,

22  naturally, by their own terms, procedurally and substantively,

23  allow the Court and the parties several more bites at them, if

24  you will, Your Honor, after all the trustee papers will be

25  heard.

1          So to hold those up now and potentially delay the

2     auction and extend the cost of this case, I think would be

3     inappropriate given the posture we're in.  So with that, Your

4     Honor --

5          THE COURT:  Mr. Schwartz, you say that, yet we have

6     an objection and a withdrawal of that objection pending.  So

7     I'm not sure it's as quite as straightforward as maybe you

8     hoped it would be or maybe ultimately it is, but I think I

9     don't agree necessarily with that, what you have just stated as

10    being the current situation that would allow things to go

11    forward.  But I interrupted you, so go ahead and proceed.

12         MR. SCHWARTZ:  Well, that's fair, Your Honor.  And

13    thank you for that.  And I guess maybe I was getting more into

14    the substance of those arguments, and I know there's -- I think

15    there's maybe two components of what the parties are arguing

16    today around the debtor.  One, you know, does Mr. Drexler even

17    have the ability to do what he's doing now?  And that's the

18    trustee motion and these other related papers and the notice of

19    withdrawal.

20         But I think from the debtor's perspective, you know,

21    we think we can move forward on the merits if that's where the

22    Court's -- would be inclined to go today because we don't think

23    there's anything controversial in what we're seeking to have

24    done.

25         So I probably should have said that at the outset,

1   Your Honor.  If the Court's not inclined, given the timing and

2   the procedural posture to consider the withdrawals, well, the

3   debtor doesn't think it needs them to be successful today.  And

4   I think that's the broader point.

5           THE COURT:  All right.  Thank you.  Let me see.

6   Go down my list here.  Did the Committee want to be heard?

7           MR. FIERO:  Sorry, Your Honor, I was unmuting myself.

8   This is John Fiero for the Committee.

9           Your Honor, I would echo Mr. Schwartz's comments and

10  basically dovetail directly behind them.  I suppose there is,

11  you know, one thing that could happen and to just sort of clear

12  this up in the interim, and that would be, to have the

13  withdrawals withdrawn.  But in the absence, and certainly my

14  client doesn't control that, but in the absence of that, we do

15  place great value on speed here.  We need it.  The case is

16  costing us a lot of money.

17          Any delay that Mr. Drexler can obtain is viewed as a

18  victory by him, and it does not help our process at all.  And

19  so for those reasons, we would ask the Court to do what it can

20  to keep this schedule in place and to grant the relief that

21  it's comfortable granting, based on the circumstances.

22          THE COURT:  All right.  Thank you.  Mr. Sternklar, I

23  don't know if you wanted to speak or not, but go ahead.

24          MR. STERNKLAR:  No, Your Honor.  We do not oppose the

25  motions.  Obviously there are facts averred in that, if the

1  case settles, we don't care.  But obviously if for some reason

2  the plan is not confirmed, then we may care.

3          So we would caution anyone, including we would ask

4  the Court not to draw any conclusions from those facts other

5  than as necessary to decide the motions.  And we would

6  obviously reserve as I assume every other party, all rights in

7  the event the plan isn't confirmed.  Other than that, thank

8  you.

9          THE COURT:  All right.  Thank you.

10          And then Mr. Day?

11          MR. DAY:  Thank you for the opportunity, Your Honor.

12  Jared Day for the U.S. Trustee.  We have nothing further to

13  add.

14          THE COURT:  All right.  Well, I do believe that this

15  is something that in the current posture cannot go forward.

16  The motions, the two substantive motions that were set for

17  today, June 15th still seems to be a good date on my calendar.

18          Ms. Garrett, you can double check that.  I think I

19  have a pretty lengthy 9:30 calendar.  But then after that I'm

20  free until I believe that duty judge calendar at 1:30.  So if

21  we set the hearing on the intercreditor agreement, I can't

22  recall if I had already set it at 9:30.  If it is, I'll go

23  ahead and move that to 10:30.  That way the parties won't have

24  to sit on the phone as long.

25          And I'm going to continue all of the other pending

1   matters to a status on that date.  I think, as I've mentioned,

2   the reason I'm continuing these is because I think that the

3   intercreditor agreement motion is a motion that needs to be

4   determined first, at the outset.  So June 15th will be that

5   time, 10:30, going forward on the motion regarding the ICA and

6   everything else as status.

7          I believe that discovery should remain stayed pending

8   the outcome of that decision unless there's discovery that

9   needs to be done on that motion.  That motion on the

10  intercreditor agreement of the discovery I was referring to

11  related to the status that we've been continuing related to

12  pending motions on discovery.  But I'm not at all precluding

13  there being any discovery that would be allowed by the rules to

14  go forward with respect to the motion on the intercreditor

15  agreement.

16         Let me think if I have anything else on my list.  I

17  guess, Ms. Garrett, will you just confirm that that 10:30 slot

18  on June 15th is still a good one?

19         THE CLERK:  Yes, Your Honor.  That's available.

20         THE COURT:  All right.  All right.  Before we go

21  ahead and conclude these hearings, then, is there any

22  questions?

23         MR. RICHMAN:  Yes, Your Honor.  Michael Richman.  May

24  I be heard?

25         THE COURT:  Yes, you may.

1           MR. RICHMAN:  There are three things related to that

2    schedule that I would like to discuss with the Court.  One is

3    we would ask that the June 15 hearing under Rule 9014, be a

4    live hearing, either in person or on Zoom, so that we can take

5    and cross-examine witnesses and otherwise be in a position to

6    have a -- an evidentiary hearing.

7           Second, and related to that, we do think it's vital

8    that we be able to subpoena the Verizon, the service carrier,

9    for the text messages that were deleted by Mr. Rubin.  That

10   hasn't been discussed or denied by anyone, and it was admitted

11   on the record.  And the reason for that is that we believe that

12   the text messages that were sent and received from Ryan Lane,

13   who was one of Empery's principles, will provide strong

14   evidentiary support for our argument that the intercreditor

15   agreement is not enforceable, and so it's directly relevant to

16   that.  We may be able -- we also want to subpoena the text

17   messages directly from Mr. Lane.  But I think in the

18   circumstances, if we get what was sent to and received by the

19   independent director, that that should be sufficient for

20   present purposes.

21          And lastly, we asked in our status report for a

22   relatively short extension of time to file our opposition to

23   the Empery motion to enforce, I think from June 1 to June 6th.

24   There are two reasons for that.  One is that the intercreditor

25   agreement is very dense and complicated and requires very clear

1    explanation to tie provisions together.  There are many

2    applicable legal principles that need to be fully briefed under

3    New York law, which the parties chose as the applicable law,

4    and is critically important to our argument that the

5    agreement's not enforceable.

6            And lastly, we have been working around the clock

7    with all of these emergency motions and Mr. Rubin's discovery.

8    I have two associates who've been working with me around the

9    clock on this, and I would really like to give them the holiday

10   weekend off.  So I ask if Your Honor would kindly give us until

11   June 6th for our opposition, and we would also consent to a

12   comparable extension of the time for Empery to file their reply

13   and that should still keep the June 15th calendar, the motion

14   on track for that calendar.  Thank you, Your Honor.

15           THE COURT:  All right.  Thank you.

16           MR. GARMAN:  Your Honor, this is --

17           THE COURT:  Well, let me  --

18           MR. GARMAN:  Your Honor, this is Greg Garman.  Might

19   I respond to that?

20           THE COURT:  You can.  Let me address two things that

21   I think are less problematic, but I'll let you address those in

22   full.  But as to the Zoom or live hearing, I think that is

23   appropriate.  We can -- I'll set it up as a Zoom at this point.

24           And as to the issue about the subpoena, I would just

25   suggest that you go ahead and proceed as you -- the rules

1   require.  And the process can be, if there is an opposition,

2   can be handled on shortened time.  But I'm not going to

3   prejudge those things or make some sort of ruling at this point

4   without there even being in existence, the subpoena.  I just

5   thank you for the heads up that that may be an issue I will be

6   seeing.

7           All right.  And as to the June 6th, I guess before I

8   even get into that, Mr. Garman, go ahead.

9           MR. GARMAN:  Your Honor, let me respond to a couple

10  of things.  First of all, this issue of Mr. Rubin's text

11  messages as somehow being related to the enforceability of a

12  intercreditor agreement to which Mr. Rubin wasn't -- didn't

13  negotiate and wasn't involved, is clearly what's already

14  happened in this case, which is Mr. Drexler and his counsel are

15  using this inter -- the intercreditor enforceability and other

16  motions for the purpose of engaging in discovery related to the

17  trustee motion.  We submitted transcripts of the deposition

18  purportedly taken in connection with the bid procedures to show

19  that literally 98 percent of the questions related to the

20  trustee motion.

21          We're not afraid of these facts, but let me short

22  circuit this.  Every single text message sent to or from

23  Mr. Lane is, by SEC rule, required to be archived.  I'll have a

24  conversation about turning those over with counsel.  But text

25  messages between a newly-appointed independent director and

1  Empery have absolutely nothing to do with the enforceability of

2  an intercreditor agreement negotiated years ago.

3         Secondly, this hearing wasn't set on shortened time.

4  The issue of the intercreditor has been before the parties and

5  before the Court since January.  And the request by counsel is

6  not only did not have it on shortened time, but it's to give

7  him excess time because the hearing is now longer than it would

8  have been had I set the motion in the ordinary course.

9         It's a simple, straightforward document that we've

10 been talking about.  And as evidenced by the arguments of

11 counsel, they know exactly what they're going to say.  We

12 shouldn't be jammed up against a hearing that is on shortened

13 time.  We should enforce the rules.  It's not that difficult.

14        The deadline is the 1st.  I would ask that it be

15 kept.  And I will say, Your Honor, I actually object to any

16 evidentiary hearing occurring in connection with the

17 intercreditor agreement because unless it is ambiguous on its

18 face, there's no need for parol evidence or an outside witness.

19 And I cannot imagine that we're going to hear about witnesses

20 other than the independent director and others, or we're going

21 to talk about relationships and friendships and hockey games,

22 none of which has anything to do with anything other than the

23 trustee motion that you have stayed.

24        So I would ask -- I would have asked that we move the

25 hearing up in light of what has occurred.  I'll ask that we

1  keep it and the briefing schedule the same.  I'd ask the Court,

2  if we're going to have an evidentiary hearing, that it be

3  limited to the actual contract and the interpretation and the

4  negotiation of that contract.  But I do believe that we need to

5  keep the briefing schedule, and we may or may not be coming

6  back before you in connection with a discovery dispute over

7  what I think is stayed discovery.

8          THE COURT:  Okay.  All right.  Well, and I agree on

9  the briefing schedule.  This is something that's been lingering

10  for a while, and I'm going to keep the deadlines set forth in

11  the rules.  Having not looked at it myself, I will take your

12  word for it that that's June 1st.  But whatever the rules

13  requires is what I'm going to impose.

14          I, and I don't disagree at all about the idea that

15  the -- it's a contractual issue and so the need for whether or

16  not there is a need for parol evidence is yet to be determined.

17  So it, you know, and the rules will allow, and I believe it's a

18  local rule to allow this to be treated as an initial hearing.

19  And then it can, of course, if there is argument that supports

20  that this needs to be done as an evidentiary, we can do that.

21          I still would like to do it as a Zoom, however, so

22  I'll keep the Zoom there.  I would expect the briefs address

23  the issue of the parol evidence and so on.  And --

24          MR. RICHMAN:  Your Honor?

25          THE COURT:  Yes.  Go ahead, Mr. Richman.

1          MR. RICHMAN:  Yeah, I just want to be clear about why

2     we think extrinsic evidence is important.  It's not to

3     interpretation of the intercreditor.  It's to evidence that

4     Empery has repeatedly breached the intercreditor agreement

5     under principles of New York law and under expressed provisions

6     of the agreement itself.  And if we're right and Empery has

7     breached the agreement, then it can't be enforced against us.

8     We believe that to be true, and we believe the evidence will

9     show that.

10          THE COURT:  All right.  Well, we will have a hearing

11    on the 15th.  It will be by Zoom.  I will expect that these

12    arguments are made in your papers, and we will proceed

13    accordingly.  If there needs to be an initial hearing, first,

14    there will be one and then it will proceed to an evidentiary

15    one if necessary.  Without having all of this stuff in front of

16    me, it's hard to make a definitive ruling.

17          I would say then let's expect there to be argument at

18    the first hearing and if that then requires there to be a

19    hearing shortly thereafter, we will set that for an evidentiary

20    hearing.  And everything, as I had said, is moved to that June

21    15th date.  Everything but the intercreditor agreement motion

22    is going to be a status.

23          All right.  Anything else?  All right.  Hearing none,

24    we'll go ahead and conclude these hearings.  Thank you.

25          MR. RICHMAN:  Thank you, Your Honor.

1          MR. GARMAN:  Thank you, Your Honor.

2          THE CLERK:  Thank you.  We're off record.

3       (Proceedings concluded at 10:57 a.m.)

4                        * * * * *

5

6

7

8

9

10

11

12

13

14

15

16              C E R T I F I C A T I O N

17

18          I, Teresa Saint-Amour, do hereby certify that the

19   foregoing is a correct transcript from the electronic sound

20   recording provided for transcription and prepared to the best

21   of my professional skills and ability.

22      _Theresa Saint-Amour_

23   _____

24   TERESA SAINT-AMOUR, AAERT NO. 2020   Dated:  May 27, 2023

25   ACCESS TRANSCRIPTS, LLC

# Exhibit 3

## Gabrielle Hamm

| | |
|---|---|
| **From:** | Dylan Ciciliano <dciciliano@Gtg.legal> |
| **Sent:** | Friday, June 2, 2023 4:54 PM |
| **To:** | Michael Richman; mjurkash@steinhilberswanson.com; Dawn Cica; Candace Carlyon |
| **Cc:** | Samuel A. Schwartz; Gabrielle Hamm; Jason Rosell; 'jfiero@pszjlaw.com'; Gregory Garman; William Noall; Teresa Pilatowicz; Caitlin Halm |
| **Subject:** | [EXTERNAL] In re MusclePharm Corporation, Bankruptcy Case No. 22-14422-NMC Empery Text Messages |
| **Attachments:** | Hillman Rubin Silver Text Messages.pdf; Hillman Silver Text Messages.pdf; Nick Rubin  Ryan Lane Text Messages.pdf; Nick Rubin Tim Silver Text Messages.pdf; Hillman Lane Silver Text Messages.pdf |

Michael,

Thank you for the call today. Empery is agreeing to voluntarily produce to you the requested text messages between Mr. Silver or Mr. Lane and Mr. Rubin, Mr. Hillman, Mr. Hovi, and Mr. Keenan.  The messages are bates stamped, with any downloadable attachments appended to the messages. As the identity of the "blue bubble" may not be clear, I've named the files to identify everyone on the messages.

This voluntary production is based largely on the below representation to the Court:

```
7  Second, and related to that, we do think it's vital
8  that we be able to subpoena the Verizon, the service carrier,
9  for the text messages that were deleted by Mr. Rubin. That
10 hasn't been discussed or denied by anyone, and it was admitted
11 on the record. And the reason for that is that we believe that
12 the text messages that were sent and received from Ryan Lane,
13 who was one of Empery's principles, will provide strong
14 evidentiary support for our argument that the intercreditor
15 agreement is not enforceable, and so it's directly relevant to
16 that. We may be able -- we also want to subpoena the text
17 messages directly from Mr. Lane. But I think in the
18 circumstances, if we get what was sent to and received by the
19 independent director, that that should be sufficient for
20 present purposes.
```

(May 25, 2023, Hearing at p. 13:11-20). The production of these messages is without prejudice to Empery's general objection that they are irrelevant, especially as it relates to the Motion to Enforce, and to our objections to the remainder of Ryan Drexler's Second Request for Production to FRCP 30(B)(6) Designee of Empery Tax Efficient, LP, which will be forthcoming. Empery reserves all rights and objections and expressly waives none.

By way of these email, I am likewise copying Debtor's counsel and the committee and supplying them with the same communications.

Have a nice weekend, and in good news…. I'll make my wine dinner.

**Dylan T. Ciciliano, Esq.**
Partner

Phone: 725 777 3000 | Cellphone: 702 371 3256

1

GARMAN | TURNER | GORDON
7251 AMIGO STREET, SUITE 210
LAS VEGAS, NV 89119
Visit us online at www.gtg.legal

# Exhibit 4

**Gabrielle Hamm**

| | |
|---|---|
| **From:** | Michael Richman <mrichman@Steinhilberswanson.com> |
| **Sent:** | Monday, June 5, 2023 2:34 PM |
| **To:** | Gabrielle Hamm |
| **Cc:** | Samuel A. Schwartz; Jason Rosell; 'jfiero@pszjlaw.com'; Gregory Garman; William Noall; Teresa Pilatowicz; Caitlin Halm; Michael Jurkash; Dylan Ciciliano; Candace Carlyon; Dawn Cica |
| **Subject:** | RE: [EXTERNAL] In re MusclePharm Corporation, Bankruptcy Case No. 22-14422-NMC Empery Text Messages |

Gabby: Empery did not produce the text messages we requested, nor did they comply with other discovery requests that were served in connection with the hearing on their motion to enforce the intercreditor agreement.

We will consent to the OST provided you consent to an OST for the motion to compel that we will file with our objection in response.  Thank you.  Michael

**Michael P. Richman**
**Steinhilber Swanson LLP**
122 W. Washington Avenue, Suite 850
Madison, WI  53703-2732
Direct: (608) 709-5998
Main: (608) 630-8990
mrichman@steinhilberswanson.com
www.steinhilberswanson.com



**From:** Gabrielle Hamm <GHamm@nvfirm.com>
**Sent:** Monday, June 5, 2023 4:26 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Jason Rosell <jrosell@pszjlaw.com>; 'jfiero@pszjlaw.com' <jfiero@pszjlaw.com>; Gregory Garman <Ggarman@Gtg.legal>; William Noall <wnoall@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; Caitlin Halm <CHalm@Gtg.legal>; Michael Jurkash <mjurkash@steinhilberswanson.com>; Dylan Ciciliano <dciciliano@Gtg.legal>; Candace Carlyon <ccarlyon@carlyoncica.com>; Dawn Cica <Dcica@carlyoncica.com>
**Subject:** RE: [EXTERNAL] In re MusclePharm Corporation, Bankruptcy Case No. 22-14422-NMC Empery Text Messages

Michael,
Will you be withdrawing the May 25, 2023 subpoena to Verizon in view of the fact that Empery has produced the Ryan Lane and Tim Silver text messages? If you do not intend to withdraw the subpoena, please indicate whether you consent to an OST on the Debtor's motion to quash.

Thank you,

**Gabrielle A Hamm, Esq.**
Of Counsel

Schwartz Law, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Direct: 702-754-1963
ghamm@nvfirm.com

 **Please consider the environment before printing this email**

**\*\*CONFIDENTIALITY NOTICE\*\***
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Dylan Ciciliano <dciciliano@Gtg.legal>
**Sent:** Friday, June 2, 2023 4:54 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; mjurkash@steinhilberswanson.com; Dawn Cica <Dcica@carlyoncica.com>; Candace Carlyon <ccarlyon@carlyoncica.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Jason Rosell <jrosell@pszjlaw.com>; 'jfiero@pszjlaw.com' <jfiero@pszjlaw.com>; Gregory Garman <Ggarman@Gtg.legal>; William Noall <wnoall@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; Caitlin Halm <CHalm@Gtg.legal>
**Subject:** [EXTERNAL] In re MusclePharm Corporation, Bankruptcy Case No. 22-14422-NMC Empery Text Messages

Michael,

Thank you for the call today. Empery is agreeing to voluntarily produce to you the requested text messages between Mr. Silver or Mr. Lane and Mr. Rubin, Mr. Hillman, Mr. Hovi, and Mr. Keenan.  The messages are bates stamped, with any downloadable attachments appended to the messages. As the identity of the "blue bubble" may not be clear, I've named the files to identify everyone on the messages.

This voluntary production is based largely on the below representation to the Court:

```
7  Second, and related to that, we do think it's vital
8  that we be able to subpoena the Verizon, the service carrier,
9  for the text messages that were deleted by Mr. Rubin. That
10 hasn't been discussed or denied by anyone, and it was admitted
11 on the record. And the reason for that is that we believe that
12 the text messages that were sent and received from Ryan Lane,
13 who was one of Empery's principles, will provide strong
14 evidentiary support for our argument that the intercreditor
15 agreement is not enforceable, and so it's directly relevant to
16 that. We may be able -- we also want to subpoena the text
17 messages directly from Mr. Lane. But I think in the
18 circumstances, if we get what was sent to and received by the
19 independent director, that that should be sufficient for
20 present purposes.
```

(May 25, 2023, Hearing at p. 13:11-20). The production of these messages is without prejudice to Empery's general objection that they are irrelevant, especially as it relates to the Motion to Enforce, and to our objections to the remainder of Ryan Drexler's Second Request for Production to FRCP 30(B)(6) Designee of Empery Tax Efficient, LP, which will be forthcoming. Empery reserves all rights and objections and expressly waives none.

By way of these email, I am likewise copying Debtor's counsel and the committee and supplying them with the same communications.

Have a nice weekend, and in good news…. I'll make my wine dinner.

**Dylan T. Ciciliano, Esq.**
Partner

Phone: 725 777 3000 | Cellphone: 702 371 3256
GARMAN | TURNER | GORDON
7251 AMIGO STREET, SUITE 210
LAS VEGAS, NV 89119
Visit us online at www.gtg.legal