Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Attorneys for the Debtor*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing Date: June 15, 2023 |
| | Hearing Time: 10:30 a.m. |

### REPLY TO OBJECTION TO DEBTOR'S MOTION TO QUASH SUBPOENA TO VERIZON OR, IN THE ALTERNATIVE, FOR ISSUANCE OF A PROTECTIVE ORDER

MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "**Debtor**"), by and through its counsel of record, Schwartz Law, PLLC, hereby files its Reply (the "**Reply**") to Ryan Drexler's ("**Drexler**") objection (the "**Objection**") to the Debtor's motion (the "**Motion**") for entry of an order: (1) quashing the subpoena issued by Drexler to Verizon (the "**Subpoena**")[1] pursuant to FRCP[2] 45(d)(3), made applicable by Bankruptcy Rule

---

[1] *See Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding)*, dated May 25, 2023, attached to Drexler's *Notice of Issuance of Subpoena for Document Production of Verizon* [ECF No. 551]. A copy of the Subpoena is attached to the Hamm Declaration [ECF No. 576] as **Exhibit 1**.

[2] Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall be to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-9037. "**FRCP**" shall refer to the Federal Rules of Civil Procedure Rules 1-87. "**Local Rule**" or "**LR**" references are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the

9016, or, in the alternative, (2) issuing a protective order over the Subject Phone Numbers[3] pursuant to FRCP 26(c), made applicable by Bankruptcy Rule 7026. In support of this Reply, the Debtor relies upon the previously submitted Declarations of Gabrielle Hamm, Esq. [ECF No. 576] (the "**Hamm Declaration**") and Nicholas Rubin [ECF No. 577] (the "**Rubin Declaration**"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1. As the Court is aware, Drexler's *Motion for the Appointment of a Chapter 11 Trustee* [ECF No. 447] (the "**Trustee Motion**") and related discovery has been stayed pending resolution of Empery's *Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 506] (the "**Motion to Enforce**"). The text messages sought have nothing to do with the Motion to Enforce; the Subpoena should be quashed.

2. Drexler inexplicably argues that "with the exception of a production of emails pertaining to Mr. Rubin's service … Mr. Rubin's May 22 deposition, … and a handful of texts produced on June 2 by Empery, all discovery sought by Drexler has been heavily resisted…" Objection at ¶3. But, what has already been produced represents all of the relevant and responsive information concerning Mr. Rubin's service with any relationship to the Motion to Enforce, which is the purported justification for the Subpoena.

3. Drexler already received the relevant messages from Empery, yet he seeks every single text message sent by Mr. Rubin to anyone over nearly six months. All that remains are Mr. Rubin's messages with counsel, family, personal friends, or which regard other business interests, all of which are confidential, potentially privileged, and utterly unrelated to the Debtor. *See* Rubin Declaration, ¶ 8. Drexler seeks to have *all* of these messages delivered directly to him with no mechanism for the exclusion of private, personal, or privileged messages.

4. Drexler's Objection to the Motion fails to justify the duplicative, irrelevant, and breathtakingly overbroad discovery sought by the Subpoena. The Objection also fails to identify

---

District of Nevada.

[3] The "**Subject Phone Numbers**," as defined in the Subpoena [ECF No. 551], are Mr. Rubin's office and mobile phone numbers. Rubin Declaration, ¶ 7.

any document, communication, or deposition testimony in support of any of his conspiracy theories. Without much more, the Subpoena should be quashed.

## ARGUMENT

5. The legal basis for quashing the Subpoena is laid out in detail in the Motion and not meaningfully countered in the Objection. The Debtor will not rehash the previously addressed legal arguments but will instead briefly address a small number of factual issues raised by Drexler.

### A. The Subpoena Seeks Irrelevant, Privileged, and Confidential Communications.

6. Discovery on the Trustee Motion has been stayed. The Subpoena plainly seeks evidence to support that motion. The Objection, however, purports to claim that the text messages it seeks from Verizon are relevant to the Motion to Enforce because they will provide evidence that "Rubin is beholden to Empery…" Objection at ¶14. This allegation is bald speculation and unsupported by any record evidence.

7. The Debtor already produced hundreds of Mr. Rubin's emails, Empery produced all text messages between Mr. Rubin and Empery executives, and Mr. Rubin sat for a deposition. Despite this, Drexler can provide no evidence to support its fanciful allegations of corruption and conspiracy. *See id.*

8. Drexler refuses to withdraw the Subpoena, however, and continues to seek all of Mr. Rubin's text messages from and after December 15, 2022. *See* Hamm Declaration, ¶ 7. In support of this demand, Drexler implies that the Court should not accept the unequivocal representations from Empery's counsel that it has "produced all of Mr. Lane and Mr. Silver's text messages with Mr. Rubin, as well as all of Debtor's other directors." Joinder to the Motion submitted by Empery [ECF No. 584] (the "**Joinder**"). Drexler states that "Empery again asks the Court to rely solely on counsel's representations that it produced all text messages." Objection, at n.3. Drexler, however, provides no basis on which the Court should decline to accept those representations. This is, again, an allegation of impropriety unsupported by any evidence.

9. The Subpoena should be quashed because the production of allegedly relevant text messages would be duplicative, and production of the rest would be annoying, embarrassing, oppressive, and burdensome to both the Debtor and Mr. Rubin.

3

### B. There was no Benefit to any Additional Meet and Confer

10. Drexler's desire to obtain Mr. Rubin's communications with Empery executives and the Subpoena were discussed on multiple occasions, including during a colloquy with the Court on May 25, 2023; and in email communications that followed among counsel for Empery, Drexler and the Debtor. *See* Hamm Declaration, Exhibit 2, p. 13-16; Exhibit 3. Counsel for the Debtor then reached out to Counsel for Drexler after Empery produced the relevant text messages that Drexler claimed to be seeking. Hamm Declaration, ¶7, and Exhibit 4. Counsel for Drexler made clear that despite the production of the text messages Drexler purported to seek, the Subpoena would not be withdrawn. *Id*.

11. Because the parties' disagreement was clear and had been addressed on multiple prior occasions, there was no benefit to be served by additional meet and confer communications on the topic.

### C. The Subpoena is Also Barred by the Stored Communications ACT.

12. As discussed in detail in the Joinder, the Subpoena is also barred by the provisions of the Stored Communications Act. The Debtor joins in this argument as presented by Empery. This argument was not meaningfully disputed by Drexler and provides another basis on which the Subpoena should be quashed.

### D. At a Minimum, a Protective Order Must Be Issued.

13. Should the Court decide not to quash the Subpoena, the Debtor requests that the Court issue a protective order requiring that any documents produced by Verizon be produced to the Debtor's counsel so that the Debtor may exclude third parties' communications and assert appropriate claims of privilege.

14. Drexler appears to concede that a protective order may be appropriate, but his suggestion that a third-party neutral be appointed to review the production is unnecessary and a waste of estate resources. *See* Objection at ¶17. There is no basis on which to credibly suggest that Debtor's counsel is not able to review the documents generated by Verizon and produce anything relevant and responsive.

**CONCLUSION**

WHEREFORE, the Debtor respectfully requests that the Court quash the Subpoena to Verizon or, alternatively, issue a protective order, and grant such other relief as may be appropriate.

Dated: June 14, 2023.

SCHWARTZ LAW, PLLC

By: /s/ *Gabrielle A. Hamm*
Samuel A. Schwartz, Esq.
Gabrielle A. Hamm, Esq.
601 East Bridger Avenue
Las Vegas, NV 89101

*Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of June, 2023, I caused service of a true and correct copy of the foregoing **REPLY TO OBJECTION TO DEBTOR'S MOTION TO QUASH SUBPOENA TO VERIZON OR, IN THE ALTERNATIVE, FOR ISSUANCE OF A PROTECTIVE ORDER** to be made electronically via the Court's CM/ECF system upon the following parties at the e-mail addresses listed below:

RYAN A. ANDERSEN on behalf of Interested Party ThermoLife International
ryan@aandblaw.com; tatiana@aandblaw.com; melissa@aandblaw.com; ecf-df8b00a4597e@ecf.pacerpro.com; valerie@aandblaw.com; andersen.ryana.b117998@notify.bestcase.com

OGONNA M. BROWN on behalf of Creditors Prestige Capital Corporation and Prestige Capital Finance, LLC
obrown@lewisroca.com; ogonna-brown-4984@ecf.pacerpro.com; dberhanu@lewisroca.com; ombcalendar@lewisroca.com; jhess@lewisroca.com; klopez@lewisroca.com; rcreswell@lewisroca.com

CANDACE C CARLYON on behalf of Attorney CARLYON CICA CHTD and Interested Party Ryan Drexler
ccarlyon@carlyoncica.com; CRobertson@carlyoncica.com; nrodriguez@carlyoncica.com; 9232006420@filings.docketbird.com; Dcica@carlyoncica.com

CHAPTER 11 - LV
USTPRegion17.lv.ecf@usdoj.gov

SHAWN CHRISTIANSON on behalf of Creditor ORACLE AMERICA, INC.
schristianson@buchalter.com; cmcintire@buchalter.com

DAWN M. CICA on behalf of Interested Party Ryan Drexler
dcica@carlyoncica.com; nrodriguez@carlyoncica.com; crobertson@carlyoncica.com; dmcica@gmail.com; dcica@carlyoncica.com; tosteen@carlyoncica.com; 3342887420@filings.docketbird.com

JOHN D. FIERO on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jfiero@pszjlaw.com

NEDDA GHANDI on behalf of Interested Party JW NUTRITIONAL LLC
nedda@ghandilaw.com; lks@ghandilaw.com; nedda@ecf.inforuptcy.com; r41525@notify.bestcase.com; shara@ghandilaw.com

ALLYSON JOHNSON on behalf of Creditor Excelsior Nutrition, Inc.
allyson@sylvesterpolednak.com; kellye@sylvesterpolednak.com

BART K. LARSEN on behalf of Creditor and Plaintiff White Winston Select Asset Funds, LLC
BLARSEN@SHEA.LAW; 3542839420@filings.docketbird.com

/ / /

WILLIAM M. NOALL on behalf of Creditor EMPERY ASSET MANAGEMENT, LP, Defendants ALTIUM GROWTH FUND, LP; BIGGER CAPITAL FUND, LP; CVI INVESTMENT, INC.; DISTRICT 2 CAPITAL FUND, LP; EMPERY DEBT OPPORTUNITY FUND, LP; EMPERY MASTER ONSHORE, LLC; EMPERY TAX EFFICIENT III; INTRACOASTAL CAPITAL LLC; IONIC VENTURES, LLC; L1 CAPITAL GLOBAL OPPORTUNITIES MAASTER FUND; ROTH CAPITAL PARTNERS, LLC; WALLEYE OPPORTUNITY MASTER FUND LTD., and Interested Party and Defendant EMPERY TAX EFFICIENT, LP
wnoall@gtg.legal; bknotices@gtg.legal

TRACY M. O'STEEN on behalf of Attorney CARLYON CICA CHTD and Interested Party Ryan Drexler
tosteen@carlyoncica.com; crobertson@carlyoncica.com; nrodriguez@carlyoncica.com; ccarlyon@carlyoncica.com

TERESA M. PILATOWICZ on behalf of Interested Party and Plaintiff EMPERY TAX EFFICIENT, LP
tpilatowicz@gtg.legal; bknotices@gtg.legal

JASON H. ROSELL on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jrosell@pszjlaw.com

JAMES PATRICK SHEA on behalf of Creditor White Winston Select Asset Funds, LLC
jshea@shea.law; blarsen@shea.law; support@shea.law

ROBERT T. STEWART on behalf of Creditor NutraBlend Foods
rtstewart@foley.com; rgledhill@foley.com; robert-stewart-3880@ecf.pacerpro.com; docketflow@foley.com

STRETTO
ecf@cases-cr.stretto-services.com; aw01@ecfcbis.com; pacerpleadings@stretto.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

MARK M. WEISENMILLER on behalf of Interested Party EMPERY TAX EFFICIENT, LP
mark@aandblaw.com; ecf-df8b00a4597e@ecf.pacerpro.com

JOSEPH G. WENT on behalf of Interested Parties MHF Opco, LLC and Brian Slater
jgwent@hollandhart.com; blschroeder@hollandhart.com; IntakeTeam@hollandhart.com

MATTHEW C. ZIRZOW on behalf of Attorneys JASON H. ROSELL and JOHN D. FIERO, and Creditor Committee and Intervenor OFFICIAL COMMITTEE OF UNSECURED CREDITORS
mzirzow@lzlawnv.com; carey@lzlawnv.com; trish@lzlawnv.com; jennifer@lzlawnv.com; valentina@lzlawnv.com; zirzow.matthewc.r99681@notify.bestcase.com

*/s/ Michael L. Sturm*
Michael L. Sturm, an employee of
SCHWARTZ LAW, PLLC