GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
Email: wnoall@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
DYLAN T. CICILIANO
Nevada Bar No. 12348
E-mail: dciciliano@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
*Attorneys for Empery Tax Efficient, LP*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re:<br><br>MUSCLEPHARM CORPORATION,<br><br>Debtor. | Case No. 22-14422-nmc<br><br>Chapter 11 __<br><br>Date:<br>Time: |
|---|---|

**DECLARATION OF DYLAN T. CICILIANO, ESQ. IN SUPPORT OF**
<u>**MOTION TO QUASH SUBPOENAS**</u>

I, Dylan T. Ciciliano, Esq., make this Declaration under 28 U.S.C. § 1746 and declare as follows:

1. I am over the age of eighteen (18) years and competent to testify to the matters asserted herein, of which I have personal knowledge, except as to those matters stated upon information and belief. As to those matters stated upon information and belief, I believe them to be true.

2. I am partner with the law firm of Garman Turner Gordon, counsel for Empery Tax Efficient, LP ("<u>Empery</u>") in this matter. I submit this Declaration for all permissible purposes under the Federal Rules of Civil Procedure and Rules of Evidence in support of the *Motion to*

*Quash Subpoenas* ("Motion"),[1] filed by Empery.

3. On June 2, 2023, William Noall and I called Michael Richman, counsel for Ryan Drexler, with respect to Drexler's request for text messages by and between Ryan Lane and Timothy Silver and any of Debtor's directors from December 15, 2022 through the date of production. Additionally, we discussed his request for Empery's communications more broadly.

4. Mr. Richman indicated that he wanted the text messages because they would show that Mr. Lane or Mr. Silver were violating the Subordination and Intercreditor Agreement when speaking with Mr. Rubin or one of Debtor's other directors. Relatedly, Mr. Richman indicated that all documents and communications related to Debtor and Drexler would be relevant to establishing an inference that Empery would violate the Subordination and Intercreditor Agreement.

5. On June 2, 2023, I produced copies of all of Ryan Lane and Timothy Silver's text messages with any of Debtor's directors from December 15, 2022 to June 2, 2023 to Mr. Richman.

6. Thereafter, Mr. Richman accused me of withholding or altering the text messages. I did not withhold or alter any text message and produce them in their entirety, ensuring that the messages were complete, in order, and with all attachments appended. A true and correct copy of our email exchange is attached hereto as **Exhibit "A."**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of June, 2023.

                                                  */s/ Dylan T. Ciciliano*
                                                DYLAN T. CICILIANO, ESQ.

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Motion.

# Exhibit A

**Tonya Binns**

| | |
|---|---|
| **From:** | Michael Richman <mrichman@Steinhilberswanson.com> |
| **Sent:** | Monday, June 5, 2023 8:37 AM |
| **To:** | Dylan Ciciliano; Michael Jurkash; Dawn Cica; Candace Carlyon |
| **Cc:** | Gregory Garman; William Noall; Teresa Pilatowicz; Caitlin Halm |
| **Subject:** | RE: In re MusclePharm Corporation, Bankruptcy Case No. 22-14422-NMC Empery Text Messages |

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dylan: Thank you for the partial production of texts late Friday.

When we first discussed discovery in relation to the pending motion to enforce the intercreditor agreement, last Tuesday, May 30, you said that Empery was willing to produce on an expedited basis only what was in the universe of a brief attorney colloquy with the Court at the May 25 hearings. We rejected that limitation, and shortly thereafter we served on you 12 document production requests under Rule 30(b)(6) ("May 30 RFP"). In addition, based on your quotations from the hearing record below, I discussed the importance of subpoenaing the phone service carriers for the texts, and concluded by saying:

```
     I think in the
18 circumstances, if we get what was sent to and received by the
19 independent director, that that should be sufficient for
20 present purposes
```

Whether you construe my comments as being applicable to production from Mr. Rubin or from Empery, it is clear that you did not produce everything that was sent to and received by Mr. Rubin. What you produced (with your email below attempting again to limit your discovery obligations) is insufficient under the May 30 RFP, as well as the Court colloquy were that even germane. It is clear from markings on the texts, and the tenor of discussions in the texts that you produced, that there were prior and subsequent text communications among the same parties that were not produced to us. We assume therefore that you withheld texts without informing us (or of the grounds for doing so), that your client destroyed texts, or that you have some other unarticulated theory for failing to produce them.

I also want to confirm that in our meet and confer on Friday, June 2, before you produced the texts, you argued (as you do below) that the discovery we are seeking is in your opinion not relevant (which is not a valid discovery objection), and you said that you will not produce any documents (other than Friday's handful of texts) or otherwise respond to the May 30 RFP prior to expiration of 30 days from service of the RFP, notwithstanding that we have requested the discovery for use at the contested hearing on your client's motion to enforce the intercreditor agreement, which is scheduled for June 15, 2023.

Michael

**Michael P. Richman**
**Steinhilber Swanson LLP**
122 W. Washington Avenue, Suite 850
Madison, WI  53703-2732
Direct: (608) 709-5998
Main: (608) 630-8990
mrichman@steinhilberswanson.com
www.steinhilberswanson.com

1



**From:** Dylan Ciciliano <dciciliano@Gtg.legal>
**Sent:** Friday, June 2, 2023 6:54 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; Michael Jurkash <mjurkash@steinhilberswanson.com>; Dawn Cica <Dcica@carlyoncica.com>; Candace Carlyon <ccarlyon@carlyoncica.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Jason Rosell <jrosell@pszjlaw.com>; 'jfiero@pszjlaw.com' <jfiero@pszjlaw.com>; Gregory Garman <Ggarman@Gtg.legal>; William Noall <wnoall@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; Caitlin Halm <CHalm@Gtg.legal>
**Subject:** In re MusclePharm Corporation, Bankruptcy Case No. 22-14422-NMC Empery Text Messages

Michael,

Thank you for the call today. Empery is agreeing to voluntarily produce to you the requested text messages between Mr. Silver or Mr. Lane and Mr. Rubin, Mr. Hillman, Mr. Hovi, and Mr. Keenan. The messages are bates stamped, with any downloadable attachments appended to the messages. As the identity of the "blue bubble" may not be clear, I've named the files to identify everyone on the messages.

This voluntary production is based largely on the below representation to the Court:

```
7  Second, and related to that, we do think it's vital
8  that we be able to subpoena the Verizon, the service carrier,
9  for the text messages that were deleted by Mr. Rubin. That
10 hasn't been discussed or denied by anyone, and it was admitted
11 on the record. And the reason for that is that we believe that
12 the text messages that were sent and received from Ryan Lane,
13 who was one of Empery's principles, will provide strong
14 evidentiary support for our argument that the intercreditor
15 agreement is not enforceable, and so it's directly relevant to
16 that. We may be able -- we also want to subpoena the text
17 messages directly from Mr. Lane. But I think in the
18 circumstances, if we get what was sent to and received by the
19 independent director, that that should be sufficient for
20 present purposes.
```

(May 25, 2023, Hearing at p. 13:11-20). The production of these messages is without prejudice to Empery's general objection that they are irrelevant, especially as it relates to the Motion to Enforce, and to our objections to the remainder of Ryan Drexler's Second Request for Production to FRCP 30(B)(6) Designee of Empery Tax Efficient, LP, which will be forthcoming. Empery reserves all rights and objections and expressly waives none.

By way of these email, I am likewise copying Debtor's counsel and the committee and supplying them with the same communications.

Have a nice weekend, and in good news…. I'll make my wine dinner.

Dylan T. Ciciliano, Esq.

2

Partner

Phone: 725 777 3000  |  Cellphone: 702 371 3256
GARMAN  |  TURNER  |  GORDON
7251 AMIGO STREET, SUITE 210
LAS VEGAS, NV 89119
 Visit us online at www.gtg.legal

3