**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:    (608) 630-8990
Facsimile:    (608) 630-8991
mrichman@steinhilberswanson.com

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:    (702) 386-8600
Facsimile:    (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>MUSCLEPHARM CORPORATION,<br><br>Debtor. | Case No.: 22-14422-NMC<br>Chapter 11<br><br>**JOINT STATUS REPORT ON COMPETING PROPOSALS FOR DISCOVERY AND HEARING SCHEDULE FOR MOTION TO APPOINT CHAPTER 11 TRUSTEE, AND STATUS OF OTHER PENDING MATTERS** |

This Joint Status Report is submitted by Steinhilber Swanson LLP on behalf of Ryan Drexler ("Drexler"), Schwartz Law, PLLC on behalf of Debtor MusclePharm Corporation ("Debtor"), Garman Turner Gordon LLP on behalf of Empery Tax Efficient, LP ("Empery"), and Pachulski Stang Ziehl & Jones LLP on behalf of the Official Committee of Unsecured Creditors (the "Committee" and collectively with Drexler, the Debtor, and Empery, the "Parties"), pursuant to the Court's June 23, 2023 Order to meet and confer about the prosecution of the *Motion for the Appointment of a Chapter 11 Trustee* [ECF No. 447] ("Trustee Motion"), as well as the scheduling of all other pending matters.

Following meet and confer emails and telephone calls on June 27–29, 2023, the Parties

agreed to ask the Court to pre-schedule weekly status conferences to resolve discovery disputes, and have agreed to some procedures to expedite service of discovery and limit the duration of some depositions, but have been unable to date to agree on other points. The principal areas of disagreement are the overall length of time from commencement of discovery to trial, the scope of discovery (including discovery of the Committee), the schedule for resolving discovery objections, the time between the production of documents and the commencement of depositions, and the procedures for pre-trial written pleadings for the Court (including the time for filing such pleadings).

The Parties also do not agree on the manner and timing for the adjudication of other pending matters. The principal disagreement concerns whether and to what extent the proposed sale process (based on to-be-revised bidding procedures and the engagement of Hilco as broker) should be adjudicated in order to commence during the time that the Trustee Motion is being litigated, as sought by the Debtor, Empery and the Committee, or deferred to conclusion of the Trustee Motion litigation, as sought by Drexler.

The Parties set forth in this Joint Status Report their competing discovery and hearing proposals, and have agreed to file today separate position statements to advocate for the Court's adoption of their respective proposals, including with respect to the manner and timing of other pending matters.

### **DREXLER'S PROPOSED DISCOVERY AND HEARING PLAN**

On June 27, Drexler proposed via email the following plan for discovery and hearings on the Trustee Motion:[1]

1. Drexler to serve discovery via email on Wednesday, July 5, 2023 on counsel to the following:

    a. The Debtor (Nicholas Rubin (but not duplicative of the limited discovery provided in connection with his May 22 deposition), Eric Hillman, Will

---

[1] This is modified slightly to reflect proposed limitations on the number of and length of certain depositions that Drexler's counsel agreed to add unconditionally to his discovery and hearing plan.

2

        Hovi, and Jason Keenan, with each of the Hillman, Hovi and Keenan depositions not to exceed four hours of testimony).

    b. Empery (Ryan Lane and Tim Silver; the Parties to meet and confer after document production and interrogatories are completed to discuss whether the duration of these depositions can be limited to four hours each).

    c. The Committee (document production and interrogatories only).

    d. JW Nutritional LLC (Peter Jungsberger).

    e. MHF Opco, LLC (Brian Slater).

(Note: the schedule that follows assumes the Parties will agree that service on counsel by email is sufficient for all the foregoing entities and persons. To the extent that subpoena service is required, the schedule may need to be adjusted.[2] The schedule below also assumes the Court's availability to resolve discovery disputes, if any, on specified dates. If the Court is not available on such dates, the schedule may also need to be adjusted and extended as appropriate to account for the extra time needed.)

2. The discovery will include document requests, interrogatories and deposition notices (with deposition dates to be further discussed and agreed to be held during the weeks of July 31 and August 7, as discussed further below). Discovery directed to any of the foregoing shall be served on all counsel to the foregoing entities and persons. We propose to serve one pleading on each entity and person which aggregates as to that entity or person the document requests, interrogatories and deposition notices, and will serve all discovery on all counsel.

3. Document production and interrogatory responses as to which there are no objections shall be provided to counsel to Drexler by Friday, July 14. Any objections to any discovery sought (including as to depositions) shall be provided preliminarily to counsel to

---

[2] Mr. Jungsberger is affiliated with JW Nutritional LLC ("JWN"), but may be an owner as distinct from an officer or employee. In an exchange of emails on June 29, counsel to JWN requested that subpoena process (and rules) be followed for JWN, but that JWN would agree to whatever expedited response times and discovery dispute procedures were adopted by the Parties or Court. However, counsel also stated that it was not authorized to accept service or otherwise represent Mr. Jungsberger in this matter. It therefore appears that subpoena service will be required in his case. It is not known if he will agree to expedited discovery in this matter.

3

Drexler by email on July 14. To the extent any documents are withheld from production on any basis, a detailed log of such documents shall also be provided to counsel to Drexler on July 14 (including specifically emails and other communications withheld from the Nicholas Rubin production that was made in connection with his May 22 deposition, except as counsel may otherwise agree as to documents unrelated to MusclePharm or were previously provided).

4. A meet and confer shall be conducted on Monday, July 17 with respect to any discovery as to which there is objection, and any objection to privilege log designations. A joint status report on any unresolved objections, including in relation to privilege designations, shall be filed with the Court on Wednesday, July 19. The Court shall hold a hearing to resolve all such objections on Thursday, July 20. Parties withholding documents as to which an objection to privilege designation is made shall submit them for in camera review. Any further discovery required to be made following the Court's rulings on July 20 shall be produced by Friday, July 28.

5. Depositions will be conducted in the weeks of July 31 and August 7. Depositions to be in person unless the Parties consent on a case-by-case basis to conduct them by Zoom.

6. A meet and confer shall be held no later than Tuesday, August 15, if requested by counsel for Drexler to discuss any additional discovery that may be sought by Drexler, for good cause. If there is no agreement, any dispute will be presented to the Court in a joint status report on Wednesday, August 16, and resolved at a hearing to be held on Thursday, August 17. If additional discovery is agreed or approved by the Court, the remainder of the schedule set forth below shall be reasonably extended and scheduled to accommodate the time required for such additional discovery.

7. Parties to serve and file simultaneous pretrial briefs and a joint pretrial order (which shall include each Party's designation of witnesses and exhibit lists) on Wednesday, August 30.

8. The Court to schedule 2-3 days of in person evidentiary hearings the week of September 4, or as soon thereafter as the Court can accommodate the hearings.

**DEBTOR/EMPERY/COMMITTEE PROPOSED DISCOVERY AND HEARING PLAN**

On June 28, the Debtor and Committee proposed the following counter-schedule for discovery and hearings:[3]

1. The Parties will serve discovery on or before July 5, 2023, on counsel to the following:

   a. The Debtor – a 30(b)(6) witness will be produced and one other witness, which Drexler may pick from the 4 Drexler requested;

   b. Empery – a 30(b)(6) witness;

   c. JWN – a 30(b)(6) witness;

   d. Up to 3 persons who agreed to consent settlements with the SEC in relation to the case *Securities and Exchange Commission v. Ryan C. Drexler*, Case No. 2:23-cv-05102-MCS-RAO (C.D. Cal. June 27, 2023);

   e. Drexler – individually; and

   f. The Parties reserve their rights with respect to Drexler's "reliable sources."[4]

2. The general discovery document production deadline of July 14, 2023 in Drexler's proposal is acceptable, however, the Parties will agree to work reasonably with rolling productions if necessary. Depositions will be conducted during the weeks of July 17 and 24, all of which can be remote or in person if the Parties can accommodate the schedule and travel, and discovery will be concluded by July 28, 2023.

3. Discovery objections shall be served by July 10, so they can be resolved as quickly as the Court's schedule allows.

4. Relevant privilege logs will be produced, but given the exigencies, logs of all communications are unnecessary at this time (i.e. logs of communications between Nicholas Rubin and counsel in cases unrelated to MusclePharm need not be produced). Privilege

---

[3] This is modified slightly to reflect the request for additional witnesses which was made by counsel to Empery during a meet and confer telephone conference held on June 29.

[4] During the June 29 telephonic meet and confer, counsel to Drexler represented that the "reliable sources" referred to in prior pleadings were Debtor's employees who are already named as witnesses.

5

disputes that require in-camera review can be submitted to the Court for review at any time up and until July 28.

5.  The Parties may file oppositions to the Trustee Motion on or before July 31, 2023, and the Court will hold a status hearing with respect to the readiness of the Parties to go forward with the evidentiary hearing on August 1, 2023. The Parties will request August 4 and August 7, 2023, for the evidentiary hearing, or such other days and times the Court has available on or around those dates.

6.  The Parties agree to meet and confer regularly with respect to open or unresolved discovery issues, and ask the Court for pre-set discovery status hearings on Tuesday, July 11, July 18 and July 25 (the "**Discovery Status Hearings**"). In the event discovery is going forward without the need for Court intervention, the Parties may file a status report prior to any of the Discovery Status Hearings in order to take that matter off calendar for that week.

7.  Drexler's response to any objections may be filed August 3, and the Parties agree witnesses can be live or remote, subject to the Court's discretion.

8.  The balance of the pending matters, including the disclosure statement, solicitation procedures, plan support agreement, sale hearing and confirmation, will be continued to the dates set for the hearing of the Trustee Motion, so those papers can be resolved in tandem with this litigation.

9.  The Parties agree the service of all discovery on all counsel is appropriate, and service can be effectuated through counsel.

**PARTIES TO FILE POSITION STATEMENTS ON COMPETING PROPOSALS**

The Parties exchanged correspondence stating their positions on many of the competing proposals. However, it was agreed during the June 29 meet and confer that in addition to this Joint Status Report, which presents the two sides' competing discovery and hearing plans, Drexler on the one hand and the Debtor, Committee, and Empery on the other hand, would also today file Status Reports/Position Statements about the competing proposals, and jointly

6

request that the Court resolve the differences.

    Respectfully submitted this 30th day of June, 2023.

*[Signatures on the following page.]*

| | |
|---|---|
| **STEINHILBER SWANSON LLP**<br><br>By: /s/ *Michael P. Richman*<br>MICHAEL P. RICHMAN, ESQ.<br>Admitted Pro Hac Vice<br>122 W. Washington Ave., Suite 850<br>Madison, WI 53703<br>Telephone:  (608) 630-8990<br>Facsimile:   (608) 630-8991<br>mrichman@steinhilberswanson.com<br><br>*Counsel for Ryan Drexler* | **SCHWARTZ LAW, PLLC**<br><br>By: /s/ Samuel A. Schwartz<br>SAMUEL A. SCHWARTZ, ESQ.<br>Nevada Bar No. 10985<br>601 E. Bridger Ave.<br>Las Vegas, NV 89101<br>Telephone:  (702) 385-5544<br>Facsimile:   (702) 442-9887<br>saschwartz@nvfirm.com<br><br>*Attorneys for the Debtor* |
| **PACHUSLKI STANG ZIEHL & JONES LLP**<br><br>By: /s/ Jason H. Rosell<br>JOHN D. FIERO, ESQ<br>Admitted Pro Hac Vice<br>JASON H. ROSELL<br>Admitted Pro Hac Vice<br>One Sansome Street, 34th Floor, Suite 3430<br>San Francisco, CA 94104<br>Telephone:  (415) 263-7000<br>jfiero@pszjlaw.com<br>jrosell@pszjlaw.com<br><br>*Counsel to the Official Committee Of Unsecured Creditors* | **GARMAN TURNER GORDON LLP**<br><br>By: /s/ William Noall, Esq<br>GREGORY E. GARMAN<br>Nevada Bar No. 6665<br>7251 Amigo Street, Suite 210<br>Las Vegas, Nevada 89119<br>Telephone:  (725) 777-3000<br>Facsimile:   (725) 777-3112<br>ggarman@gtg.legal<br><br>*Counsel for Empery Tax Efficient, LP as Agent and Collateral Agent for certain Secured Noteholders* |