**GHANDI DEETER BLACKHAM**  *Electronically Filed July 1st, 2023*
NEDDA GHANDI, ESQ.
Nevada Bar No. 11137
Email: nedda@ghandilaw.com
SHARA LARSON. ESQ.
Nevada Bar No. 7786
Email: shara@ghandilaw.com
725 South 8th Street Ste. 100
Las Vegas, Nevada 89101
Telephone: (702) 878-1115
Attorneys for
*Counsel for Creditor*
*JW Nutritional, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>MUSCLEPHARM CORPORATION,<br><br>Debtor. | Case No.: 22-14422-NMC<br>Chapter 11<br><br>**JW NUTRITIONAL'S STATEMENT OF POSITION REGARDING JOINT STATUS REPORT ON COMPETING PROPOSALS FOR DISCOVERY AND HEARING SCHEDULE FOR MOTION TO APPOINT CHAPTER 11 TRUSTEE, AND STATUS OF OTHER PENDING MATTERS** |

This Statement of Position is submitted by, non-party, JW Nutritional, LLC ("JWN") by and through its counsel, Ghandi Deeter Blackham in response to the Joint Status Report [ECF No. 636] that was filed on June 30, 2023 by Steinhilber Swanson LLP on behalf of Ryan Drexler ("Drexler"), Schwartz Law, PLLC on behalf of Debtor MusclePharm Corporation ("Debtor"), Garman Turner Gordon LLP on behalf of Empery Tax Efficient, LP ("Empery"), and Pachulski Stang Ziehl & Jones LLP on behalf of the Official Committee of Unsecured Creditors (the "Committee" and collectively with, Drexler, the Debtor, and Empery, the "Parties"), pursuant to the Court's June 23, 2023 Order to meet and confer about the prosecution of the *Motion for the Appointment of a Chapter 11 Trustee* [ECF No. 447] ("Trustee Motion"), as well as the scheduling of all other pending matters.

JWN is informed that the Parties participated in multiple meet and confer emails and telephone calls occurred between June 27–29, 2023. Counsel for JWN did not participate in these calls but was copied on the emails.

JWN, who has not made an appearance in regard to the Trustee Motion, considered the competing positions of Drexler and the Debtor/Committee regarding the proposed discovery as to the Trustee Motion. While both proposals set forth terms as to discovery that may be sought against JWN, it should be noted that JWN has not consented to any of the Parties asserting a position on JWN's behalf regarding the proposed discovery that may be propounded against JWN. Therefore, JWN wishes to make its position clear to this Court.

### JWN'S STATEMENTS ON COMPETING PROPOSALS

1. JWN has not made an appearance as to the Trustee Motion and does not consider itself to be a "party" in the pending contested matter. To date, none of the Parties have disputed JWN's position as a non-party. JWN should not be treated as a "party" under the rules of discovery.

2. As such, JWN does not consent, and believes it would be procedurally improper, to be served with discovery forms that would be served upon a "Party" such as Interrogatories, Requests for Production of Documents or Requests for Admissions. As a non-party, discovery upon JWN should be limited to the types of discovery available upon non-party witnesses – i.e., in the form of a subpoena for document production and/or a subpoena for appearance for deposition testimony upon the 30(b)(6) witness of JWN.

3. While JWN has not made an appearance related to the contested matters in this case, JWN, a critical supplier and vendor to the Debtor, agrees with the Debtor and the Committee that the sale process and the trustee motion must be dual tracked. There is no stay of the case pending the trustee motion and no reason that the Debtor should not continue toward sale and confirmation.

4. JWN believes that the realities and needs of this case require the Parties and the Court to consider the proportionality of the proposed competing plans.

5. Any deposition subpoena upon the 30(b)(6) witness of JWN must "describe with reasonable particularity the matters for examination" as required by FRCP 30(b)(6).
6. JWN consents to service of the subpoena for document production upon JWN and/or subpoena for appearance for deposition testimony of the 30(b)(6) witness of JWN can be effectuated through counsel.
7. JWN requests a minimum of seven (7) days from the date of service of the subpoena to serve any objections to the JWN subpoena, any document requests therein, or any described 30(b)(6) topics for matters for examination.
8. JWN requests a minimum of ten (10) days from the date of service of the subpoena to serve its responses to any subpoena for document production with an agreement to work reasonably with rolling productions if necessary.
9. JWN consents the deposition of the 30(b)(6) witness of JWN during the week of July 24th or July 31st. JWN requests that the 30(b)(6) designee(s) be allowed to appear remotely and that any deposition of all 30(b)(6) designee(s) be limited to 4 hours total.
10. Regarding privilege logs, JWN requests that the Court finds that logs of all communications are unnecessary at this time (i.e. logs of privileged communications between JWN and its counsel or between JWN, the Committee members and counsel for the Committee need not be produced).
11. Regarding any proposed evidentiary hearing, JWN requests that if the 30(b)(6) witness of JWN is called as a witness at the proposed evidentiary hearing that the witness be permitted to appear and that reasonable notice of the intent to call the witness be given to counsel and that reasonable accommodations as to timing are made for the availability of the witness and counsel.
12. JWN is agreeable to the pre-set discovery status hearings on Tuesday, July 11th, July 18th and July 25th (the "Discovery Status Hearings") to resolve any discovery disputes that may arise involving JWN.

JWN reserves any and all rights associated with the matters before the Court.

Respectfully submitted this 1st day of July, 2023.

**GHANDI DEETER BLACKHAM**

By: /s/ Shara L. Larson              .
    Shara L. Larson, Esq.
    Nevada Bar No. 7786
    Attorneys for JW Nutritional, LLC

# CERTIFICATE OF SERVICE

On this 1st day of July 2023, I served the following document(s):

I served the above-named document(s) by the following means to the persons listed below *(check all that apply)*:

__X__     a.     **ECF System** *(You must attach the "Notice of Electronic Filing," or list all persons and addresses and attach additional paper if necessary.)*

- **RYAN A. ANDERSEN**   ryan@aandblaw.com, tatiana@aandblaw.com;melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com;valerie@aandblaw.com;andersen.ryana.b117998@notify.bestcase.com
- **OGONNA M. BROWN**   obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com
- **CANDACE C CARLYON**   ccarlyon@carlyoncica.com, CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com
- **CHAPTER 11 - LV**   USTPRegion17.lv.ecf@usdoj.gov
- **SHAWN CHRISTIANSON**   schristianson@buchalter.com, cmcintire@buchalter.com
- **DAWN M. CICA**   dcica@carlyoncica.com, nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyoncica.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com
- **JOHN D. FIERO**   jfiero@pszjlaw.com
- **GABRIELLE A. HAMM**   ghamm@nvfirm.com, ecf@nvfirm.com
- **ALLYSON JOHNSON**   allyson@sylvesterpolednak.com, kellye@sylvesterpolednak.com
- **BART K. LARSEN**   BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com
- **BRYAN A. LINDSEY**   blindsey@nvfirm.com
- **WILLIAM M. NOALL**   wnoall@gtg.legal, bknotices@gtg.legal
- **TRACY M. O'STEEN**   tosteen42@gmail.com, crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com
- **TERESA M. PILATOWICZ**   tpilatowicz@gtg.legal, bknotices@gtg.legal
- **JASON H. ROSELL**   jrosell@pszjlaw.com
- **SAMUEL A. SCHWARTZ**   saschwartz@nvfirm.com, ecf@nvfirm.com;schwartzsr45599@notify.bestcase.com;eanderson@nvfirm.com;samid@nvfirm.com
- **BRIAN D. SHAPIRO**   brian@brianshapirolaw.com, kshapiro@brianshapirolaw.com;6855036420@filings.docketbird.com
- **JAMES PATRICK SHEA**   jshea@shea.law, blarsen@shea.law;support@shea.law
- **ROBERT T. STEWART**   rtstewart@foley.com, rgledhill@foley.com;robert-stewart-3880@ecf.pacerpro.com;docketflow@foley.com
- **STRETTO**   ecf@cases-cr.stretto-services.com, aw01@ecfcbis.com, pacerpleadings@stretto.com
- **U.S. TRUSTEE - LV - 11**   USTPRegion17.lv.ecf@usdoj.gov
- **MARK M. WEISENMILLER**   mark@aandblaw.com, ecf-df8b00a4597e@ecf.pacerpro.com
- **JOSEPH G. WENT**   jgwent@hollandhart.com, blschroeder@hollandhart.com;IntakeTeam@hollandhart.com

- **MATTHEW C. ZIRZOW**    mzirzow@lzlawnv.com, carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;valentina@lzlawnv.com; zirzow.matthewc.r99681@notify.bestcase.com

_____        **b.**        **United States mail, postage fully prepaid** *(List all persons and addresses. Attach additional paper if necessary.)*

_____        **c.**        **Personal Service** *(List persons and addresses. Attach additional paper if necessary.)*

I personally delivered the document(s) to the persons at these addresses:

_____        For a party represented by an attorney, delivery was made by handing the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

_____        For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

_____        **d.**        **By direct email (as opposed to through the ECF System)** *(List persons and email addresses. Attach additional paper if necessary.)*

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

_____        **e.**        **By fax transmission** *(List persons and fax numbers. Attach additional paper if necessary.)*

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below.  No error was reported by the fax machine that I used.  A copy of the record of the fax transmission is attached.

_____        **f.**        **By messenger** *(List persons and addresses. Attach additional paper if necessary.)*

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service.)

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated this 1st day of July 2023.

                                                GHANDI DEETER BLACKHAM

                                                /s/ Laura Schnetzer
                                              Employee of Ghandi Deeter Blackham