**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:     (608) 630-8990
Facsimile:      (608) 630-8991
mrichman@steinhilberswanson.com

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:     (702) 386-8600
Facsimile:      (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>MUSCLEPHARM CORPORATION,<br><br>Debtor. | Case No.: 22-14422-NMC<br>Chapter 11<br><br>**NOTICE OF ISSUANCE OF SUBPOENA FOR DOCUMENT PRODUCTION AND 30(b)(6) DEPOSITION OF JW NUTRITIONAL LLC** |

PLEASE TAKE NOTICE that Ryan Drexler, by and through his undersigned counsel, hereby provides notice of the issuance of a subpoena for document production and 30(b)(6) deposition on JW Nutritional LLC. A copy of the subpoena is attached hereto as Exhibit 1.

Dated this 5th day of July, 2023.

**STEINHILBER SWANSON LLP**

By: */s/ Michael P. Richman*
MICHAEL P. RICHMAN, ESQ.
Admitted Pro Hac Vice
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:     (608) 630-8990
Facsimile:      (608) 630-8991

mrichman@steinhilberswanson.com

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
By: /s/ Brian D. Shapiro
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:   (702) 386-8600
Facsimile:   (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

# EXHIBIT 1

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT

District of NEVADA

In re MUSCLEPHARM CORPORATION
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 22-14422-NMC

Chapter 11

Adv. Proc. No. _____

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: FRCP 30(B)(6) DESIGNEE OF JW NUTRITIONAL LLC

*(Name of person to whom the subpoena is directed)*

☑ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: all matters at issue in Ryan Drexler's *Motion for the Appointment of a Chapter 11 Trustee.*

| PLACE | DATE AND TIME |
|---|---|
| The Deponent's examination will be conducted through electronic means with the Deponent appearing by videoconference within 100 miles of where Deponent resides, where they are employed, or where they regularly transact business in person through a Zoom link to be provided, or other means as ordered by the Court. | August 9, 2023 at 9:00 a.m. (Pacific Time) or such other time as agreed by the parties or as ordered by the Court. |

The deposition will be recorded by this method: via stenographic means and/or videotaped

☑ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: requested on Exhibit A hereto, subject to the definitions and instructions set forth therein, to be produced no later than Thursday July 20, or an earlier time ordered by the Court.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 5, 2023

CLERK OF COURT

OR

_____        /s/ Michael P. Richman
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Ryan Drexler, who issues or requests this subpoena, are:

Michael P. Richman, Esq., 122 W. Washington Ave., Suite 850, Madison, WI 53703, mrichman@steinhilberswanson.com, 608-630-8990

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**DEFINITIONS**

These definitions shall apply to all instructions and responses to the below Requests for Production.

1. "Affiliate" shall mean any individual, general partnership, limited partnership, trust, estate, corporation, limited liability company, or business trust that is owned by, directly or indirectly controlled by, or acts at the direction or for the benefit of the Person or Entity named and includes an affiliate of an affiliate.

2. "Communication(s)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to personal conversations, written correspondence, memoranda, letters, reports, publications, electronic communications, text messaging, instant messaging, messages via social media and electronic mail.

3. "Date" means the exact day, month, and year, if known, or if not known, your best approximation thereof. Exact dates shall be given in all answers except where it is explicitly indicated that an approximate date may be given.

4. "Debtor" shall mean MusclePharm Corporation, the debtor in the Chapter 11 case of *In re MusclePharm Corporation*, Case No. 22-14422-NMC ("Bankruptcy Case"), pending in the United States Bankruptcy Court District of Nevada (the "Bankruptcy Court"), and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants representatives, any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

5. "Document" is intended to be as broad as it is used in FRCP 26 and 34, and includes, without limitation:

    a. the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any kind of physical media

    b. any printed, typewritten, handwritten, electronic, or otherwise recorded matter of whatever character of communications, letters, correspondence, electronic mail, text messages, instant messages, memoranda, notes, Post-Its, media releases or articles, photographs, tape or sound recordings, contracts, agreements, telephone records, diaries, desk calendars, appointment calendar, group scheduler calendars, statements, reports, journal, minutes, working paper, financial report, accounting report, work papers, facsimile, facsimile transmission, drafts, logs,

1

chart, graph, index, directory, scheduling data, databases, spreadsheets, presentations, word processed documents, bulletins, design schedules, supplemental instructions, time cards, drawings, shop drawings, progress payments, progress schedules, estimates, equipment time cards, design calculations, design meeting minutes, coordination meeting minutes, and material similar to any of the foregoing, however denominated and to whomever addressed, computer directory, computer disk, computer tape, or any written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents

c. For the avoidance of doubt, electronically-stored information with all metadata intact shall be produced whenever available in the format described below.

6. "Empery" shall mean Empery Tax Efficient, LP, and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, including Ryan Lane and Timothy Silver, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

7. "Entity" includes, without limiting the generality of its meaning, every corporation, partnership, association, limited liability company, joint venture and professional business entity or any iteration, subsidiary, or affiliate thereof.

8. "Insider" shall mean (i) Your relatives; (ii) partnerships in which You are a general partner; or (iii) corporations, companies or partnerships in which you are a partner, director, officer, or person in control of You.

9. "JWN" shall mean JW Nutritional LLC, and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, including Jesse Windrix and Peter Jungsberger, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

10. "MHF" shall mean MHF Opco, LLC (formerly known as Mill Haven Foods, LLC), and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, including Brian Slater, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

11. "Person" shall mean any natural person, trust, Entity, association of entities and/or natural persons, and/or governmental body.

12. "Petition Date" means December 15, 2022.

13. "You" or "Your" means JWN and any Affiliate or Insider thereof and Your agents, servants, employees, attorneys, accountants, representatives, any other Person or Entity over which You have control or have a superior right to compel to do an act or produce an item, and any Entity You were or are an agent, manager, officer, or director or otherwise maintained or maintain a supervisory, advisory, or consulting role.

## INSTRUCTIONS

1. You shall produce all responsive Documents and Communications in electronic format to mjurkash@steinhilberswanson.com.

2. Except where otherwise indicated, these Requests for Production cover the period from **December 15, 2022 through the present date**, (the "**Applicable Period**") and request the production of all documents and communications prepared, sent or received, in whole or in part, during such period, and of all documents and communications, whenever prepared, which relate to any part of such period.

3. You shall produce all Documents in the manner in which they are maintained in the usual course of business and/or shall organize and label Documents to correspond with the categories of this Request. A Request for Documents shall be deemed to include a Request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

4. In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody, or control, regardless of whether such Documents or materials are possessed by You directly or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives, or investigators.

5. If any of the information contained in the answers to these Requests is not within Your personal knowledge, so state. The answers to the Requests should identify every Person, Document, and Communication upon which You rely for the information contained in the answer not based solely on Your own personal knowledge.

6. If You cannot answer any portion of the following Requests in full, after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

7. You are requested to provide all responsive Documents within Your possession, custody, or control. In the event that You provide only a portion of the Documents called for by any particular Request, state the reason(s) for Your inability to provide the remainder of the Documents requested and the identity of the Document(s).

8. In the event the Documents called for by any particular request are no longer in Your possession, custody or control, state the reason(s) why those Documents are no longer in Your possession, custody, or control and the identity of the Document(s) and all Your knowledge regarding who currently has possession, custody or control of the Document(s).

9. In the event that Documents called for by any particular request have been lost or destroyed, please state: (i) the date on which the Document(s) were lost or destroyed; (ii) the manner in which the Document(s) were lost or destroyed; (iii) the identity of the Document(s); (iv) the information contained within such Document(s) and the nature of the Document(s); and (v)

3

and the identity of any person(s) who has knowledge of the contents of the Document(s) or has received a copy of such Document(s).

10. If You withhold any Document pursuant to a claim of privilege, You shall expressly make the claim of privilege and produce a privilege log in compliance with Fed. R. Civ. P. 26(b)(5), incorporated by Fed. R. Bankr. P. 7026.

11. Documents attached to each other should not be separated.

12. Documents not otherwise responsive to this discovery request shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for in the discovery request.

13. The fact that a Document has been produced by another party does not relieve You of Your obligation to produce Your copy of the same Document, even if the two Documents are identical.

14. The terms "each" and "all" shall be construed as "all and each."

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be outside of the scope.

16. The use of the singular form of any word includes the plural and vice versa.

17. The use of the feminine form of any word includes the masculine and vice versa.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** Produce all documents and communications that refer or relate to any sale, auction, appraisal, or valuation of any of the Debtor's assets, in whole or in part, either before or after the Petition Date.

**REQUEST FOR PRODUCTION NO. 2.** Produce all documents and communications that refer or relate to the desirability of continuing the Debtor's business as a going concern.

**REQUEST FOR PRODUCTION NO. 3.** Produce all documents and communications that refer or relate to the retention of Nicholas Rubin as the Debtor's independent director.

**REQUEST FOR PRODUCTION NO. 4.** Produce all documents and communications with Empery regarding Ryan Drexler.

**REQUEST FOR PRODUCTION NO. 5.** Produce all documents and communications that refer or relate to any new customers to which the Debtor has sold products since the Petition Date.

**REQUEST FOR PRODUCTION NO. 6.** Produce all documents and communications that refer or relate to interest expressed by any customers to which the Debtor had the opportunity to sell products, but did not sell products, since the Petition Date.

**REQUEST FOR PRODUCTION NO. 7.** Produce all documents and communications that refer or relate to marketing of the Debtor's products.

**REQUEST FOR PRODUCTION NO. 8.** Produce all documents and communications that refer or relate to any sellers to, or purchasers from, the Debtor that have ceased doing business with the Debtor.

**REQUEST FOR PRODUCTION NO. 9.** Produce all documents and communications that refer or relate to increases or decreases in product inventory held by the Debtor or by JWN on the Debtor's behalf.

**REQUEST FOR PRODUCTION NO. 10.** Produce all documents and communications that refer or relate to the Debtor's engagement or termination of product manufacturers or contract manufacturers.

**REQUEST FOR PRODUCTION NO. 11.** Produce all documents and communications that refer or relate to contracts or agreements between the Debtor and JWN

**REQUEST FOR PRODUCTION NO. 12.** Produce all documents and communications that refer or relate to sales of JWN's products or services to the Debtor.

**REQUEST FOR PRODUCTION NO. 13.** Produce all documents and communications that refer or relate to any increases or decreases in product inventory available to fulfill purchase orders received from the Debtor.

**REQUEST FOR PRODUCTION NO. 14.** Produce all documents and communications that refer or relate to the timing of the fulfillment of any orders received from, or related to, the Debtor.

**REQUEST FOR PRODUCTION NO. 15.** Provide an accounting of (a) all product manufacturing of Debtor's products as of December 31, 2022 and thereafter as of the end of each month and (b) the inventory of all such products held by You as of December 31, 2022 and thereafter as of the end of each month.

**REQUEST FOR PRODUCTION NO. 16.** Produce all documents and communications that refer or relate to contracts or agreements between JWN and MHF.

**REQUEST FOR PRODUCTION NO. 17.** Produce all documents and communications that refer or relate to sales of MHF's products or services to JWN.

**REQUEST FOR PRODUCTION NO. 18.** Produce all documents and communications that refer or relate to orders given by the Debtor to JWN to fulfill, the date so given, the products and services ordered therein, the prices, the date or dates the orders were fulfilled, the purchase price of any components purchased by JWN on the Debtor's behalf, and the price paid by the Debtor for such components.

**REQUEST FOR PRODUCTION NO. 19.** Produce all documents and communications that refer or relate to orders given by JWN to MHF to fulfill, the date so given, the products and services ordered therein, the prices, the date or dates the orders were fulfilled, the purchase price of any components purchased by MHF on the JWN's behalf, and the price paid by JWN for such components.

**REQUEST FOR PRODUCTION NO. 20.** To the extent text messages responsive to the above requests directed to You were deleted from Your mobile phone and are unrecoverable from cloud-based or hard drive backups, please immediately request from your service provider and produce a log of such text messages containing the date, time, to, from, direction, and message type (i.e., text, picture/video, etc.) for each message. Such logs may also be available to be generated directly by You through Your online account, without requesting them from Your provider.