GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6665
E-mail: ggarman@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
TERESA M. PILATOWICZ
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
DYLAN T. CICILIANO
Nevada Bar No. 12348
E-mail: dciciliano@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Empery Tax Efficient, LP as Agent and Collateral Agent for certain Secured Noteholders*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MUSCLEPHARM CORPORATION,<br><br>        Debtor. | Case No.: 22-14422-NMC<br><br>Chapter 11 |

### SUPPLEMENTAL DISCOVERY POSITION STATEMENT OF EMPERY TAX EFFICIENT, LP

Empery Tax Efficient, LP ("Empery"), by its counsel of record, Garman Turner Gordon LLP, respectfully submits its Supplemental Discovery Position Statement as requested by the Court at the June 23, 2023 hearing, and respectfully submits the following:

On the Petition Date, the Debtor was a non-operational public company whose CEO Ryan Drexler ("Drexler") and his hand-chosen officers and employees were under investigation by the SEC for securities fraud and improper revenue recognition, among other crimes. With Drexler as CEO, the Debtor had ceased operations for months and had for years been systematically manipulating sales to artificially boost revenue for the purpose of defrauding investors and lenders. Over the past week, through Consent Judgments, Drexler's hand-chosen team, including his former

CFO, "does not deny" they engaged in securities fraud and other misconduct. On Tuesday, the SEC commenced an action against Drexler alleging that he, inter alia, "Aided and Abetted MusclePharm's Fraud" (Drexler Complaint, p. 17:17) and that he did so for his personal gain.

Notwithstanding the now proven and long since suspected fraud of Debtor under Drexler's control, it took a monumental effort by the Debtor, its new officers and directors, and its professionals to overcome the operational and financial "catastrophe" created by Drexler. This effort required a new CEO, a new board, and additional capital in the form of DIP financing from Empery. But equally important was regaining the trust of Debtor's vendors and manufacturing partners, who endured years of lies and contract breaches under the leadership of Drexler. Re-establishing the goodwill required for manufacturers to allocate capacity to the Debtor cannot be understated. The success of these stabilization efforts resulted in the profitable restart of the business and a Plan Support Agreement (including a sale process) supported by all constituents except Drexler—who has a vested interest in creating chaos and extorting settlements.

Drexler's *Motion for the Appointment of a Chapter 11 Trustee* (the "Trustee Motion"), which is supported by nothing more than Drexler's declaration, seeks to derail the progress made by Debtor. The thrust of the Trustee Motion is the claim that Debtor is suppressing revenue. As a practical matter, the Trustee Motion contains no competent evidence, only the declaration of Drexler, who claims that he knows and understands Debtor's business and believes upon information and belief that revenue is being manipulated. While the Trustee Motion is quick to criticize Empery and claim it is in cahoots with Debtor, it provides no evidence whatsoever to support the assertions. More importantly, despite the fact that Drexler had been manipulating Debtor's financials pre-petition, Drexler now asks the Court to rely on his judgment, ignoring the now established fact that Debtor was wrought with fraud, financial manipulation and other bad acts under his control.

Drexler seeks months of discovery on his Trustee Motion—in a bald attempt to uncover some non-existent wrongdoing that he claims he has evidence of. Drexler further advocates that the entire case must practically be stayed pending the resolution of the Trustee Motion. No one, including Drexler, contends that the estate can withstand months of administrative costs. In fact,

that is one of the bases of his Trustee Motion—mounting administrative expenses. In light of that fact, the Court should balance the need for discovery with the cost and delay caused by the proceedings.

To this end, Debtor, the Committee, and Empery's proposed discovery plan seeks to both accommodate reasonable discovery into the Trustee Motion while also ensuring that Debtor has a business to reorganize when the Court ultimately denies the Trustee Motion. Empery does not believe that it is necessary to wait until September 2023 to schedule an evidentiary hearing when an evidentiary hearing can occur during the first two weeks of August. The administrative burden of the Trustee Motion creates too much uncertainty to unnecessarily delay the progress being made in this case.

To that end, it was proposed that the parties respond to written discovery within 9 days, with depositions to occur shortly thereafter. In view of what is alleged in the Trustee Motion, Drexler's weak declaration, the only evidence supporting the Trustee Motion, and the limited budget in this case, there is simply no reason to wait until the first two weeks of August to begin depositions. The DIP budget in this case cannot support months of fishing by Drexler while he seeks to piece together evidence that does not exist.

Drexler sought two depositions of Empery, Mr. Lane and Mr. Silver. With no actual evidence or concrete allegations against Empery, the depositions are a blind fishing expedition. Empery proposed that it provide a single deposition to Mr. Drexler, which could be a FRCP 30(b)(6) deposition to capture Empery's knowledge. Drexler incorrectly states that Empery agreed to depositions of both Mr. Lane and Mr. Silver but at no time did Empery agree to produce both Mr. Lane and Mr. Silver for deposition. Empery had noted that if the parties could agree to the remainder of the schedule and a limitation on the depositions, Empery may be prepared to produce multiple witnesses. At this point, there has been no agreement on the remainder of the schedule.

Drexler further requests that the parties log all documents that are withheld from production on any basis, no matter the objection. Empery believes this is overly burdensome, when coupled with the overly board nature of Drexler's discovery requests. For instance, if a party requests all communications between two individuals, without limitation as to time or substance, the counter

party would have to log each and every communication, potentially date back years. As an example, **Debtor's counsel**, who proposed Mr. Rubin as the Independent Director in this case, has worked with Mr. Rubin on other cases. Logging each and every communication would be overly burdensome, and those communications would undoubtedly not be relevant in the least.

Similarly, Empery opposed Drexler's request that he have the opportunity to rebrief the issues in the Trustee Motion before any scheduled evidentiary hearing. Drexler has already filed the Trustee Motion and the basis for any trustee appointment must be succinctly contained therein. It would be patently unfair for Drexler to change his theory of the case when the purported grounds for a trustee cannot be supported by any evidence.

Drexler contends there is no "evidence of any of any business or other legitimate reason for the accelerated and compressed schedule. . . ." Drexler Position Statement [ECF No. 639] 7:12-15. First, Debtor was not operating when the case was filed. This Court approved a limited amount of financing for Debtor through the Court approved DIP Financing. The budget for the financing was increased multiple times prior to approval to provide sufficient funding to get the Debtor back in business. The Debtor's cash generating operations have been re-commenced and the Debtor is cash-flow positive on a post-petition basis (to date), but Debtor is operating significantly in the red (negative) when reorganization fees, costs and expenses are taken into account. Second, this Court ordered that the hearing on the Trustee Motion would be expedited, not drawn out. Drexler has set forth his case. Re-review of the Trustee Motion shows it is not worthy of eight (8) depositions. Foremost, there is simply no funding for a long fishing expedition by Drexler followed by a long evidentiary hearing. This Court is faced with what is at best a threadbare motion to appoint a trustee supported only by a deficient declaration submitted by Drexler based upon his "expertise," hearsay and double hearsay from unnamed sources and information and belief. Accordingly, the declaration does not meet the standards for LR 9014(c). The credibility of Drexler is seriously undermined on many fronts by SEC-related filings (in particular the filings by the three (3) non-Drexler defendants), and also by other declarations in this case. Third, the Court's rulings in this case related to the Trustee Motion and associated delays of reorganization related filings (including the sale-related filings), despite a lack of evidence presented by Drexler, has materially increased

the economic risk of the case for Empery, vendors, and others. Administrative expenses will pile on the case at such a substantial rate that the Debtor will not be able to reorganize due to lack of cash anticipated to be available on the effective date. The incremental administrative costs to support the Debtor and the Committee professionals through a protracted Trustee Motion were not contemplated and cannot be supported by the DIP budget. While Empery as DIP lender agreed to finance the DIP budget, it did not agree to finance an unlimited amount through confirmation.

For the reasons stated above, Empery requests the Court enter an order approving Debtor/Empery/Committee's Proposed Discovery and Hearing Plan.

DATED this 5th day of July, 2023.

                                        GARMAN TURNER GORDON LLP

                                      */s/ William M. Noall*
                                      GREGORY E. GARMAN, ESQ.
                                      WILLIAM M. NOALL, ESQ.
                                      TERESA M. PILATOWICZ, ESQ.
                                      DYLAN T. CICILIANO, ESQ.
                                      7251 Amigo Street, Suite 210
                                      Las Vegas, Nevada 89119
                                      *Attorneys for Empery Tax Efficient, LP as Agent and Collateral Agent for certain Secured Noteholders*