**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:     (608) 630-8990
Facsimile:      (608) 630-8991
mrichman@steinhilberswanson.com

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:     (702) 386-8600
Facsimile:      (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | |
| MUSCLEPHARM CORPORATION, | Case No.  BK-22-14422-NMC |
| Debtor. | Chapter 11 |
| | Hearing: July 31, 2023 at 10:00 a.m. |

**RYAN DREXLER'S (A) STATUS REPORT ON TRUSTEE MOTION DISCOVERY AND (B) MOTION TO COMPEL CERTAIN PRETRIAL DISCOVERY**

Creditor, equity holder, and interested party, Ryan Drexler ("Drexler"), hereby respectfully submits this status report on ongoing discovery in connection with his *Motion for the Appointment of a Chapter 11 Trustee* (the "Trustee Motion") [ECF No. 447], together with a Motion to Compel Certain Pretrial Discovery (the "Motion to Compel"). The Motion to Compel is made and based upon the following points and authorities, as well as Civil Rule[1] 37, made applicable to bankruptcy proceedings

---

[1] Unless otherwise indicated, all references to a "Section" or a "Chapter" are to Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"). "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-9037. "Local Rule" references are to the Local Rules of Bankruptcy Practice for the United States District Court for the District of Nevada. "Civil Rule" references are to the Federal Rules of Civil Procedure. All references to "ECF No." are to the number assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of court.

pursuant to Bankruptcy Rules 9014(c) and 7037, the accompanying Declaration of Michael P. Richman, the pleadings, papers, and records on file in this case, of which judicial notice is respectfully requested pursuant to Fed. R. Evid. 201, and any additional evidence and argument entertained by the Court at the time of the hearing on the Motion to Compel.

**TRUSTEE MOTION DISCOVERY STATUS REPORT**

The parties who are taking an active role in the litigation of the Trustee Motion are Drexler, MusclePharm Corporation (the "Debtor"), and Empery Tax Efficient, LP ("Empery"). On July 5, the Official Committee of Unsecured Creditors (the "Committee") served a notice of Drexler's deposition for Thursday, July 27, 2023, "relating to the *Motion for the Appointment of a Chapter 11 Trustee*," and is therefore also expected to participate in the deposition with other parties. ECF No. 645. Drexler presumes that the Committee will limit its examination to issues being adjudicated in the Trustee Motion, and not to other pending or threatened litigation, such as the Committee's threatened litigation of claims against former directors and officers (the "D&O Claims"), *see* ECF No. 641, or the civil action commenced by the United States Securities and Exchange Commission (the "SEC"). *See Secs. & Exchange Comm'n v. Drexler*, Case No. 2:23-cv-05102-MCS-RAO (C.D. Cal.) (the "SEC Civil Action").[2]

During the week of June 26, the parties conducted meet-and-confer discussions to determine a discovery plan for the Trustee Motion. On June 29, after the parties were unable to agree on a discovery plan, Drexler, Debtor, Empery, and the Committee agreed to submit on June 30 a joint report presenting competing plans for the Court's consideration. In addition, the parties agreed to submit on June 30 position statements advocating for their different plans.

That is not what happened, however. The joint report was filed on June 30 (approved by all parties, including the representation that the parties would file on June 30 their separate position statements). ECF No. 636 at 6–7. Drexler also filed his position statement on June 30. ECF No. 639. But instead of position statements, the Committee filed on June 30 an emergency motion for a status conference, ECF No. 637, essentially threatening to seek conversion of the case to chapter 7 if the Court did not intervene on the side of the Committee. The Debtor subsequently joined the

---

[2] Drexler has objected to several interrogatories and requests for production from the Debtor and Empery that seek information that could only be relevant to such D&O Claims and the SEC Civil Action, and not to the Trustee Motion. Those matters will be adjudicated in other proceedings, and efforts to burden the accelerated timeframe for the Trustee Motion by conducting mini trials on other asserted claims (that necessarily will lack full reciprocal discovery and appropriate procedural protections) should be rejected.

Committee's emergency motion. ECF No. 638. At no time during the parties' meet-and-confer discussions did counsel for the Committee or the Debtor inform Drexler that they intended to seek such relief.

On July 3, 2023, the Court entered an order scheduling a status conference for July 10. ECF No. 643. The Court's order did not call for any other pleadings to be filed. Nevertheless, the Committee and Empery filed several supplemental pleadings advocating for their positions, with an apparent secondary purpose of ensuring that the Court was aware of the commencement of the SEC Civil Action. ECF No. 644 at 2; ECF No. 650 at 2; ECF No. 658. The innuendo underlying the supplemental filings was that Drexler's pursuit of the Trustee Motion should be viewed by the Court as the product of ulterior motives by a person who should be presumed to be unbelievable, because rather than settle with SEC, he chose to contest the SEC's allegations against him. Neither the Committee nor Empery disclosed to this Court that the SEC Civil Action is yet another vehicle for the ongoing acrimony between Ryan Lane, one of Empery's principals, and Drexler, because Empery provided information to the SEC which was later incorporated into the complaint.

On July 5 and July 6, Drexler, Empery, and the Debtor served requests for production and interrogatories. *See* Fed. R. Civ. P. 33 and 34 (made applicable to contested matters by Fed. R. Bankr. P. 7033, 7034, and 9014(c)). Richman Decl. Exs. A, B, C & D.

At the July 10 hearing, the Court announced that it had determined a discovery plan and did not wish to hear further argument from counsel. The Court announced the applicable deadlines and the limited number of pretrial depositions. There was little time for counsel to react to the Court's discovery schedule and plan. After that hearing, Drexler identified an important issue that no party addressed in the competing discovery plans, and that therefore the Court did not address. There is a basic and immutable principle that witnesses that parties intend to call at trial be produced for pretrial depositions if the opposing party wishes to take their deposition. The discovery rules are designed to promote a fair exchange of information and reduce surprises at trial. With that principle in mind, Drexler believed there was a shared and unspoken assumption the trial witnesses for the Trustee Motion would be co-extensive with the witness designations for Civil Rule 30(b)(6) depositions, and

otherwise by name. However, because there is no deadline in the schedule for the identification of trial witnesses, it is possible that parties could bring "surprise" witnesses to the trial on the Trustee Motion, an outcome that the Federal Rules discovery rules seek to avoid.

On July 14, the Court conducted another status conference. At that time, counsel for each of the Debtor and Empery stated that parties could not designate Civil Rule 30(b)(6) witnesses because Drexler had not adequately designated matters for deposition. The Court directed that Drexler provide such information by July 19. Drexler served designation of matters on all parties on July 18. At this writing, however, Empery has not designated its Rule 30(b)(6) witness, despite repeated requests.[3]

On July 24, 2023, the Court entered its *Scheduling Order for Hearings on Trustee Motion and Other Pending Matters* (the "Scheduling Order"). ECF No. 690.

Over this past weekend, counsel made progress in setting a consensual deposition schedule, with the exception of the following issues:

(1) Peter Jungsberger, a critical non-party witness who was served with a subpoena to appear at a deposition (August 9, 2023) and produce documents (on or before July 20, 2023) failed to produce responsive documents. *See* ECF No. 648. Drexler intends to seek relief in the District Court for the District of New Jersey. *See* Fed. R. Civ. P. 45 (made applicable to contested matters by Fed. R. Bankr. P. 9016) (generally requiring that efforts to compel compliance with a subpoena be filed in the district where compliance is required).

(2) The Scheduling Order provides for the Debtor and/or Empery to take the deposition of a "source" of information relied upon by Drexler. ECF No. 690 at 5. Although Drexler has identified two such sources in answer to the Debtor's interrogatories, Richman Decl. Ex. F, Debtor and Empery contend that they cannot decide which person to depose without knowing more specifics about what each of them said to Drexler. Drexler subsequently

---

[3] At this writing, counsel to Empery and Drexler were discussing a deposition of Ryan Lane (including its time and place), in lieu of a Rule 30(b)(6) witness from Empery. The parties have not yet reached an agreement. Empery identified Lane as a trial witness, and it would be unconscionable for Empery to name someone else as a Rule 30(b)(6) witness, shield Mr. Lane from deposition, and still bring Mr. Lane to trial to "surprise" everyone with his testimony. This is especially so where, as here, as the Court is aware, Mr. Lane's conduct (including texts) was a major factor precipitating Drexler's prosecution of the Trustee Motion.

reviewed his interrogatory responses in this regard and has served a supplemental interrogatory with additional specific information about the "source" of his information and opinions. *Id.*

(3) The Scheduling Order also provides for a deposition of one of three individuals who signed a consent decree with SEC. ECF No. 690 at 5. At this writing, however, no such person has been identified (despite repeated requests), and therefore the parties have not yet been able to coordinate such a deposition.

All parties complied substantially with the Court's direction that parties use their best efforts to serve discovery objections by July 17 and respond to interrogatories and requests for production by July 19, with some documents still being produced on a rolling basis on July 21 and 22. Drexler is producing a supplemental set of documents of some documents that were inadvertently omitted from his July 21 production.

Because of the high volume of document production, and the range of objections made by all parties, there are at this time only a limited number of disputes that Drexler can present for judicial intervention. It is Drexler's hope that the parties continue to meet and confer to resolve other issues. If such discussions fail, Drexler may file a supplemental motion to address additional discovery disputes. For now, Drexler seeks the Court's direction on (a) the right to conduct pretrial depositions of witnesses identified by a date certain as trial witnesses (which are likely to be no more than one or two individuals), and (b) the assertion of certain "categorical" objections by parties that Drexler believes improperly exclude certain relevant material information and evidence.[4]

---

[4] Empery requested another change to the discovery schedule that was not presented in any party's discovery plan or addressed by the Court on July 10: A deadline to disclose expert witnesses and make expert witness disclosures. Richman Decl. Ex. G (email sent July 21 at 6:45 PM). Empery made this request in the same email in which Empery argued that the Court's July 10 discovery schedule was unalterable and therefore should not be changed to permit Ryan Lane's deposition or any other trial witness's deposition. *Id.* Drexler has represented that a deadline for expert witness disclosures is as appropriate as a deadline for the identification of trial witnesses and the conduct of pretrial depositions of any that were not already accounted for in the deposition schedule. *Id.*

# MOTION TO COMPEL

1. **The Court Should Compel Empery to Produce Ryan Lane for Deposition in Person in Las Vegas.**

Civil Rule 30(b)(6) provides for the deposition of an organization, and that in response to such a notice of such deposition (which must describe with reasonable particularity the matters for examination), the "named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf." The rule does not expressly state when the named organization must make such designation, but it is customary to provide such designation a reasonable time prior to the deposition to promote efficiency and facilitate the organized preparation of the party taking the deposition.

"[A] corporation has a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Elan Microelectronics Corp. v. Pixcir Microelectronics Co. Ltd.*, No. 2:10-cv-00014-GMN-PAL, at *7 (D. Nev. Aug. 7, 2013). Courts interpret Civil Rule 30(b)(6) to "mandate an organization served with a Rule 30(b)(6) Notice of Deposition to designate its representatives promptly upon selecting them and reasonably in advance of their testimony." *Martin v. State Farm Mut. Auto. Ins. Co.*, Case No.: 3:10-cv-0144, at *2 (S.D.W. Va. Feb. 22, 2011) (citing Moore's Federal Practice § 30.25[3] (designation must be made "upon receipt" of the notice of examination)). Because Civil Rule 37(a)(3)(B)(ii) "recognizes the failure of an organization to make a designation under Rule 30(b)(6) as a separate and individual ground upon which the organization may be compelled to comply with a disclosure or discovery request[,]" Civil Rule 37(a)(3)(B)(ii) would have no practical import if an organization could simply wait until commencement of the depositions before designating its representatives. *Id.* at *2–*3.

At this writing, although Drexler's designations of the subjects for the Rule 30(b)(6) deposition of Empery relate substantially to Ryan Lane's conduct and communications, Empery has failed to designate him as a Rule 30(b)(6) witness. The strategic reason for Empery's position appears to be a desire to shield Mr. Lane from deposition. Drexler has repeatedly stated he wishes to conduct Mr. Lane's deposition. Richman Decl. Ex. G. Indeed, Drexler designated the issues for examination to

include Mr. Lane's conduct and communications, which as the Court is aware, was a precipitating factor in the filing of the Trustee Motion. Richman Decl. Ex. H. What is more, Mr. Lane has been identified in Empery's interrogatory responses as a trial witness. Richman Decl. Ex. I.

In an email sent by Empery's counsel, William Noall, on July 22, Empery said it would consider providing Lane for deposition if Drexler dropped his request for a 30(b)(6) witness. Richman Decl. Ex. G. Drexler agreed.

However, at this writing Empery now insists that Lane has availability only on one day, Friday, August 4, and only in New York. Drexler noticed the deposition for August 7 in Las Vegas, where other in person depositions are to be held of Nicholas Rubin and Eric Hillman on August 3 and 4, and of Ryan Drexler on August 8. Richman Decl. Ex. J. Because of his central role in the case and the allegations in the Trustee Motion, Drexler seeks to conduct Lane's deposition in person, but Empery's restriction of the deposition to a single day in New York adjacent to in person depositions in Las Vegas would make an in person deposition of Lane impossible to conduct.

In the background of emails with Empery's counsel, the parties have discussed substituting Mr. Lane in place of a witness designated by Empery under Civil Rule 30(b)(6). Richman Decl. Ex. G. Those emails appear to argue that Empery may conceal the identity of its Rule 30(b)(6) witness(es) until the deposition begins, and Empery insists that this is permitted by the rule. *Id.* Drexler is unaware of this kind of position taken in litigation and has not found any cases which support Empery's reading of the rule. In most cases, pretrial discovery includes, but is not limited to Rule 30(b)(6) witnesses, and so the issue never arises. A litigant must know who the organization will name before determining what other witnesses who may be affiliated with the organization should be noticed for deposition.

This dispute can easily be resolved by compelling Empery to produce Mr. Lane for deposition in Las Vegas on August 7 or another date agreed by the parties.

2. **The Court Should Set an August 10 Deadline for Parties to Name Trial Witnesses and Authorize the Parties to Seek Depositions of Those Individuals.**

As previewed in the status report above, the discovery schedule adopted by the Court did not provide for discovery of expert witnesses or the identification of trial witnesses, with related deadlines and pretrial discovery rights. No party presented a plan to accommodate such discovery, and so the

1  Court did not provide for it either. Drexler requested in his interrogatories to the Debtor and Empery
2  that they identify their trial witnesses. Richman Decl. Exs. C & D. Empery identified Mr. Lane, but
3  both Empery and the Debtor otherwise provided noncommittal answers reserving their right to identify
4  trial witnesses after the completion of the discovery schedule, without any committed deadline or
5  agreement that such persons may be deposed if they were not already in the deposition schedule.[5]
6  Richman Decl. Ex. I & K.

In numerous meet-and-confer emails, counsel to Debtor and Empery have objected to the identification of trial witnesses and to related discovery, claiming that until all other discovery is complete, they do not understand Drexler's case in support of a chapter 11 trustee and therefore cannot identify their trial witnesses. Richman Decl. Ex. G. Whether that is a reasonable position or not, the solution to remove unfair surprise from trial is to provide a deadline after the current discovery schedule (which is set to close on August 8, *see* ECF No. 690 at 4) for parties to identify trial witnesses, including experts, provide expert disclosures, and schedule depositions of any trial witnesses (likely none to few) who were not already deposed as set forth in the Court's Scheduling Order.

In an email on July 23, Drexler's counsel proposed a solution: Set a deadline of August 10 to identify trial witnesses (including experts), provide expert disclosures, and schedule any depositions of "new" persons identified as trial witnesses, while there are still eleven days remaining before the start of the trial on August 21.  Richman Decl. Ex. G.

---

[5] Drexler's Interrogatory Number 3 requested that the Debtor and Empery "[s]tate the name, occupation, address, and telephone number of each witness (fact or expert) that You expect to call or rely upon at a hearing on the Trustee Motion together with a summary of the matters to be testified about within the knowledge of each such witness." Richman Decl. Exs. C & D. The Debtor responded, in relevant part, that "the Debtor has not identified witnesses it expects to call at the hearing on the Trustee Motion as Drexler has not disclosed the factual basis of his allegations and discovery is incomplete. The Debtor will supplement its answer to this Interrogatory." Richman Decl. Ex. K. Empery responded, in relevant part, that "This interrogatory is vague and ambiguous as to 'call] or 'rely' upon. Moreover, the request is premature as discovery is underway and Drexler has yet to reveal the basis of his allegations. . . . Empery intends on calling movant Ryan Drexler . . . . Empery also intends on calling Mr. Lane to testify at the time of the hearing to describe the facts and circumstances behind "Text Messages" included in the Trustee Motion." Richman Decl. Ex. I.

The timely identification of, and submission to pretrial discovery by, trial witnesses is a fundamental and consistent pretrial practice essential to prevent "surprise" at trials. "The primary purpose of the pretrial witness disclosure rule [Civil Rule 26(a)(3)] is to give parties notice of who will be called to testify, thereby avoiding unfair surprise or prejudice at trial." *Morfeld v. Kehm*, 803 F.2d 1452, 1455 (8th Cir. 1986); *Berroyer v. Hertz*, 672 F.2d 334, 338 (3d Cir.1982). Pretrial disclosures, including witness disclosures "are intended to prevent prejudice at trial by [p]utting the parties on notice of what evidence the opposing party plans to offer and to enable the Court to conduct trial proceedings efficiently." *U.S. Equal Emp. Opportunity Comm'n v. Ohio State Univ.*, No. 2:20-CV-04624, 2023 WL 1070245, at *1 (S.D. Ohio Jan. 27, 2023); *see also Wirtz v. Hooper-Holmes Bureau, Inc.*, 327 F.2d 939, 941 (5th Cir. 1964) ("The essential purposes of these rules is to promote fairness by eliminating the 'sporting' disadvantage attendant upon the production of an unfamiliar witness."); *Paulsen v. Case Corp.*, 168 F.R.D. 285, 287 (C.D. Cal. 1996) ("[T]he purpose of discovery is to remove surprise from trial preparation."); *Bethel v. Smith*, 2:20-cv-5275, at *1 (S.D. Ohio Mar. 10, 2022) ("One of the fundamental uses of discovery is to obtain the sworn testimony of a party before trial.").[6]

### 3. The Court Should Compel the Production of Documents and Other Information Withheld Pursuant to Certain Categorical Objections.

#### a. The Debtor, MHF, and Empery Should be Compelled to Make Reasonable Requests for Logs of Responsive Text Messages that Were Deleted.

To the extent that responsive text messages were deleted by representatives of Empery, the Debtor, and MHF, and are unrecoverable, Drexler requested that those parties "request from your service provider and produce a log of such text messages containing the date, time, to, from, direction, and message type (i.e., text, picture/video, etc.) for each message. Such logs may also be available to be generated directly by You through Your online account, without requesting them from Your provider." Richman Decl. Exs. C & D; ECF No. 649 at 12. In response to that request, Empery

---

[6] The Trustee Motion is a contested matter governed by Bankruptcy Rule 9014(c), which provides that the pre-trial disclosure rules of Civil Rule 26(a)(3) "shall not apply in a contested matter unless the court directs otherwise." We respectfully submit that on a motion with the gravity of a request to appoint a chapter 11 trustee, and where, as here, the request can be accommodated without altering the trial schedule, the Court should follow the general principle and rule of Rule 26(a)(3).

responded that the "request seeks the creation or generation of documents by third-parties . . . has a condition precedent that has not occurred. . . . [and that] Empery has produced responsive and relevant documents and communications." Richman Decl. Ex. I. MHF responded that the request was "vague, overbroad, duplicative, . . . unduly burdensome . . . not reasonably calculated to lead to the discovery of admissible evidence[,]" seeks privileged communications, trade secrets, and seeks to expand the duties in responding to a subpoena. Richman Decl. Ex. L. The Debtor responded that the request was "overly broad, unduly burdensome, and oppressive, seeks information that is not relevant . . . or is not proportional to the needs of the case. . . . [and that the] Debtor will not produce documents in response to this Request." Richman Decl. Ex. K.

Parties to litigation have a duty to preserve electronically stored information, including text messages. *Hohider v. United Parcel Serv., Inc.*, 257 F.R.D. 80, 82 (W.D. Pa. 2009) ("A duty to preserve is an affirmative obligation, which arises when the party in possession of the evidence knows that litigation . . . is pending . . . and the party in possession of the evidence can foresee the harm or prejudice that would be caused to the party seeking the evidence if the evidence were to be discarded."). Civil Rule 37(e) provides that: [i]f electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . . upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice."

Drexler's request to produce a log of text messages that may have been irretrievably deleted by the parties is a measure "no greater than necessary" that would allow Drexler to highlight for the Court the extent of such text messages deleted. The measure is necessary and tailored, especially considering Mr. Rubin's testimony that he has deleted all the text messages that he received in relation to his services as an independent director in this case. ECF No. 540 at 52:5–11. Furthermore, the Debtor's and MHF's objection that the request is unduly burdensome and oppressive and Empery's objection that the request seeks the creation or generation of documents by third-parties makes no sense considering that account holders may conveniently obtain this information from their online accounts.

*See, e.g., Check your Wireless Usage History,* AT&T, https://www.att.com/support/article/wireless/KM1048294/; *Downloading your mobile text and data usage FAQs*, Verizon, https://www.verizon.com/support/view-usage-on-your-bill/.

### b. The Debtor Should be Compelled to Produce Responsive Communications from Employees

Drexler requested that Eric Hillman produce all documents and communications evidencing his prior business relationships with Peter Jungsberger, who is an important affiliate of JWN. Richman Decl. Ex. C. The Debtor responded they would not produce documents responsive to those requests because the request sought personal financial information and private information from a non-party witness that was irrelevant, and subjected the non-party to annoyance, embarrassment, oppression, or undue burden and expense. Richman Decl. Ex. K.

This issue was discussed at a meet-and-confer conference held today, and Debtor's counsel agreed to reconsider the objection. Drexler submits that if the Debtor does not agree by July 31 to produce the requested information, then the Debtor should be compelled to produce evidence of its chief executive officer's prior business relationships with Mr. Jungsberger, a party who served a critical fulcrum role between JWN and the Debtor and is at the heart of Drexler's allegations of pricing improprieties.

"A party is obligated to seek information responsive to a discovery request 'reasonably available to it from its employees, agents, or others subject to its control.'" *Bartech Sys. Int'l, Inc. v. Mobile Simple Sols., Inc.*, No. 2:15-cv-02422-MMD-NJK, 2018 WL 834589, at *8 (D. Nev. Feb. 12, 2018); *see also A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (citing *Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992)). The information sought is directly relevant to proving the motivations behind the favorable pricing given to JW Nutritional and justifying the need for a chapter 11 Trustee.

### CONCLUSION

For the reasons stated, Drexler respectfully request that the Court (a) set a deadline for the identification of trial witnesses, (b) require that any such witnesses who are "new" and not otherwise part of the deposition schedule submit for deposition prior to trial, (c) order parties to obtain from their

service providers immediately logs of texts deleted from their mobile phones from and after the Petition Date, and (d) order Debtor to produce documents and information pertaining to Eric Hillman's pre- and post-petition business relationships with Peter Jungsberger, and grant such other and further relief as is just and appropriate.

Dated: July 24, 2023.

**STEINHILBER SWANSON LLP**

*/s/ Michael P. Richman, Esq.*
MICHAEL P. RICHMAN
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:   (608) 630-8990
Facsimile:   (608) 630-8991
mrichman@steinhilberswanson.com

*Counsel for Ryan Drexler*