**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:     (608) 630-8990
Facsimile:     (608) 630-8991
mrichman@steinhilberswanson.com

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:     (702) 386-8600
Facsimile:     (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| In re | |
| MUSCLEPHARM CORPORATION, | Case No.  BK-22-14422-NMC |
| Debtor. | Chapter 11 |

**DECLARATION OF MICHAEL P. RICHMAN**

1.      I am a member of the law firm Steinhilber Swanson LLP. Our firm is co-counsel to Ryan Drexler in the above-captioned proceeding. I make this declaration in support of Ryan Drexler's *(A) Status Report on Trustee Motion Discovery and (B) Motion to Compel Certain Pretrial Discovery.*

2.      Attached hereto as Exhibit A is a true and correct copy of the Debtor's (1) *First Set of Interrogatories to Ryan Drexler* and (2) *First Set of Requests for Production of Documents to Ryan Drexler*, which were served on July 5, 2023.

3.      Attached hereto as Exhibit B is a true and correct copy of Empery's (1) *First Set of Interrogatories to Ryan Drexler* and (2) *First Set of Requests for Production of Documents to Ryan Drexler*, which were served on July 5, 2023.

4.      Attached hereto as Exhibit C is a true and correct copy of *Ryan Drexler's Omnibus*

1   *Interrogatories, Requests for Production of Documents, and Notices of Deposition to MusclePharm,*

2   *Eric Hillman, Jason Keenan, Will Hovi, and Nicholas Rubin*, which were served on July 5, 2023 (Pacific

3   Time).

4          5.      Attached hereto as Exhibit D is a true and correct copy of *Ryan Drexler's Omnibus*

5   *Interrogatories, Requests for Production of Documents, and Notices of Depositions to Empery Tax*

6   *Efficient LP, Ryan Lane, and Timothy Silver*, which were served on July 5, 2023 (Pacific Time).

7          6.      Attached hereto as Exhibit E is a true and correct copy of *Ryan Drexler's Responses to*

8   *MusclePharm Corporation's First Set of Interrogatories and Requests for Production*.

9          7.      Attached hereto as Exhibit F is a true and correct copy of *Ryan Drexler's Supplemental*

10  *Response to MusclePharm Corporation's Interrogatory No. 11*.

11         8.      Attached hereto as Exhibit G is a true and correct copy of an email chain of various meet-

12  and-confer discussions amongst counsel relating to the discovery in this case.

13         9.      Attached hereto as Exhibit H is a true and correct copy of an email I sent to counsel dated

14  July 18, 2023 in which I designated matters for examination as required by Civil Rule 30(b)(6).

15         10.     Attached hereto as Exhibit I is a true and correct copy of *Empery Tax Efficient LP's*

16  *Responses and Objections to Ryan Drexler's Omnibus Interrogatories, Requests for Production of*

17  *Documents, and Notices of Depositions to Empery Tax Efficient LP, Ryan Lane and Timothy Silver*.

18         11.     Attached hereto as Exhibit J is a true and correct copy of Drexler's *Notice of Deposition*

19  *of Ryan Lane*.

20         12.     Attached hereto as Exhibit K is a true and correct copy of the *Debtor's Objections and*

21  *Responses to Ryan Drexler's Omnibus Interrogatories, Requests for Production of Documents, and*

22  *Notices of Deposition to MusclePharm, Eric Hillman, Jason Keenan, Will Hovi, and Nicholas Rubin*.

23         13.     Attached hereto as Exhibit L is a true and correct copy of *Brian Slater's Responses and*

24  *Objections to Ryan Drexler's Subpoena for Document Production and Testimony*.

25         Dated: July 24, 2023.

26                                              */s/ Michael P. Richman*
                                                Michael P. Richman
27

28

# EXHIBIT A

# EXHIBIT A

1  Samuel A. Schwartz, Esq.
   Nevada Bar No. 10985
2  saschwartz@nvfirm.com
   Gabrielle A. Hamm, Esq.
3  Nevada Bar No. 11588
4  ghamm@nvfirm.com
   SCHWARTZ LAW, PLLC
5  601 East Bridger Avenue
   Las Vegas, NV 89101
6  Telephone: 702.385.5544
   Facsimile: 702.442.9887
7

8  *Attorneys for the Debtor*

9                    **UNITED STATES BANKRUPTCY COURT**
                     **FOR THE DISTRICT OF NEVADA**
10

11 In re:                              Case No.: 22-14422-nmc

12 MUSCLEPHARM CORPORATION,            Chapter 11

13
                Debtor.
14

15              **MUSCLEPHARM CORPORATION'S FIRST SET**
                **OF INTERROGATORIES TO RYAN DREXLER**
16

17         MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced

18 Chapter 11 case (the "**Debtor**"), by and through its counsel of record, Schwartz Law, PLLC, hereby

19 serves this first set of interrogatories (the "**Interrogatories**") to Ryan Drexler.

20                              **INSTRUCTIONS**

21         The following Instructions shall apply to each request:

22         1.      You are instructed to respond in writing and under oath and serve upon the

23 undersigned counsel Your responses to the Requests for Interrogatories set forth below on or

24 before July 14, 2023.

25         2.      The answer to each Interrogatory shall include all knowledge as is within your

26 possession, custody or control and/or in the possession, custody or control of your attorneys,

27 agents, employees, investigators, and others acting on your behalf or under your direction or

28 control and others associated with you.

                                       1

3.      You are required to disclose any matter or information, not privileged, which is relevant to the subject matters involved in this pending litigation, whether it relates to the claim or defenses of the parties seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, Documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.  The information sought need not be admissible at the trial to be required for disclosure.

4.      When You are asked to identify a person, you must state that person's full name, present or last known address, present or last known position in business, and affiliation or relationship of this person to you.  If this person is a corporation, you shall set forth the State in which it was incorporated.

5.      If You contend that any Document, Communication, or information which is requested is privileged or otherwise subject to protection, you shall make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to this litigation to assess the applicability of the privilege or protection.

6.      These Requests are intended as continuing discovery, requiring You to supplement Your answers, setting forth any information within the scope of the requests as may be required by You, Your agents, or Your attorneys.

## DEFINITIONS

1.      "Bankruptcy Case" means the Chapter 11 case of *In re MusclePharm Corporation*, Case No. 22-14422-NMC, pending in the United States Bankruptcy Court District of Nevada.

2.      "Concerning" shall mean relating to, referring to, regarding, describing, evidencing, arising from, or constituting.

3.      "Committee" means the Official Committee of Unsecured Creditors in the Bankruptcy Case.

4.      "Communication(s)" shall mean any contact, oral or written, formal or informal, at any time or any place under any circumstance whatsoever whereby any information of any nature

was transmitted or transferred, including but not limited to, personal conversation, conferences, telephone conversations, memoranda, letters, correspondence, reports, e-mail correspondence, text messaging, instant messaging, social media messages and posts, and publications. "Communications" shall include the oral and written transmittal of information and includes original and non-identical copies of all Documents, as defined herein, sent or received by any person, as well as any Documents reflecting or recording the content of any oral, written or other communications in any form (including, without limitation, text messages, interoffice and intraoffice memoranda, e-mail, facsimiles, and other communications).

5.    "Debtor" shall mean MusclePharm Corporation.

6.    "Document(s)" includes, without limiting the generality of the meaning, all written printed, recorded, electronic, digital, or graphic matter, photographic matter or sound reproductions, however produced, reproduced, or maintained (including on individual computers, servers, back-up disks, clouds, or other remote data-storage locations or methods), pertaining in any manner to the subject matter indicated. "Documents" include originals and copies, where originals are unavailable, and nonidentical copies (whether different from originals by reason of notation made on such copies or otherwise), and whether in paper, electronic, digital, audio, visual or other format; documents maintained in digital format shall be produced in native digital format with original metadata and header information. "Documents" specifically include but are not limited to financial statements and reports prepared on behalf of You for any third-party, correspondence, Communications, letters, notes, minutes of meetings, internal memoranda, memoranda, interoffice communications, data base files, facsimile transmissions, email messages and files including metadata, text messages, telephone messages, cellular phone logs, voice mail messages, sign-in or log sheets, studies, analyses, reports, summaries and results of investigations and tests, reviews, contracts, agreements, working papers, manuals, directives, bulletins, calendars and appointment books, diaries, maps, charts, photographs, plats, drawings or other graphic representations, logs investigators' reports or papers similar to any of the foregoing, however denominated.

7.    "Empery" means Empery Tax Efficient, LP, in its capacity as collateral agent of the Secured Noteholders with respect to the Notes (as defined in ECF No. 52).

3

8.    "Trustee Motion" shall mean Your *Motion for the Appointment of a Chapter 11 Trustee* [ECF No. 447], filed in the Bankruptcy Case on April 28, 2023.

9.    "You" and "Your" means Ryan Drexler, including his representatives, attorneys, accountants, and all other persons acting on his behalf or under his control.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

State each factual basis for Your allegation in the Trustee Motion that "at least one supplier of protein powder who is a member of the Committee has been charging the Debtor above-market prices, requiring the Debtor to raise prices to its customers in a manner that renders the Debtor's products uncompetitive with similar products." *See* Trustee Motion, pg. 4 of 34.

**INTERROGATORY NO. 2:**

State each factual basis for Your allegation in the Trustee Motion that "this kind of price gouging from a member of the Committee is an effort to recoup pre-petition claims and losses by charging higher post-petition prices [and] has Empery's support and encouragement . . . ." *See* Trustee Motion, pg. 5 of 34.

**INTERROGATORY NO. 3:**

State each factual basis for Your allegation in the Trustee Motion that "the Debtor has lost profitable accounts . . . ." *See* Trustee Motion, pg. 17 of 34.

**INTERROGATORY NO. 4:**

State each factual basis for Your allegation in the Trustee Motion that "the Debtor is missing out on valuable sales . . . ." *See* Trustee Motion, pg. 17 of 34.

**INTERROGATORY NO. 5:**

State each factual basis for Your allegation in the Trustee Motion that protein component market prices are "plummeting," including the date on which You have assessed protein component market prices and the sources on which you relied. *See* Trustee Motion, pg. 17 of 34.

**INTERROGATORY NO. 6:**

State each factual basis for Your allegation in the Trustee Motion that "[f]unds that were to be used to build inventory appear to have been diverted to professional fees[,]" including the identity

4

of the intended recipient of the funds, the amount of the funds You contend were diverted, and the date of the alleged diversion. *See* Trustee Motion, pg. 17 of 34.

**INTERROGATORY NO. 7:**

State each factual basis for Your allegation in the Trustee Motion that "Debtor has misled the Court and parties by failing to purchase materials or otherwise expand the business, and appear not to have spent any money building their inventory since the case began." *See* Trustee Motion, pg. 18 of 34.

**INTERROGATORY NO. 8**

State each factual basis for Your allegation in the Trustee Motion that there are "alternative sources of cheaper protein . . . ," including the name of each alternative source. *See* Trustee Motion, pg. 17 of 34.

**INTERROGATORY NO. 9:**

Identify the discovery obtained through Rule 2004 examinations sought by White Winston, Empery, and You that "has already started expensive litigation among the parties and will soon raise further disputes with the Debtor over the claims and causes of action to which, respectively, the Debtor should object or otherwise prosecute" as alleged in Your Trustee Motion. *See* Trustee Motion, pg. 16-17 of 34.

**INTERROGATORY NO. 10:**

Describe the processes, controls, and procedures, including internal control over financial reporting and disclosure controls and procedures, that the Debtor had in place from the first quarter of 2021 through the Petition Date to provide investors with assurance that the Debtor's accounting and public reports were accurate.

**INTERROGATORY NO. 11:**

Identify the "information received from other sources" that You refer to in Your *Objection to Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 506], including the name of the source and the nature and form of the information.

5

**INTERROGATORY NO. 12:**

Describe the information that You allege indicates that a regular course of communications between and among Empery, JW Nutritional LLC, the Debtor's chief executive officer, and the Debtor's Independent Director will show a deliberate restraint of sales of Debtor's products in order to artificially depress the value of the Debtor's business and reduce the proceeds that might be received in an auction sale, as alleged in Your *Objection to Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 506].

**INTERROGATORY NO. 13:**

Describe the factual circumstance Concerning the turnover of principal accounting officers of MusclePharm in the third quarter of 2017.

**INTERROGATORY NO. 14:**

Describe MusclePharm's process for recognizing revenue on inventory which has been temporarily stored off-site in trailers rather than being shipped to MusclePharm's customers prior to year-end.

**INTERROGATORY NO. 15:**

State each factual basis for the statement in MusclePharm's Form 10-Q filed on May 16, 2022, that:

> The Company has deficiencies in the design and operation of its internal controls in the financial processes related to the accounting for cash, accounts receivable, accounts payable, inventory, accrued liabilities, income taxes, debt, equity, revenue, costs of sales, stock-based compensation, and expenses classification. In addition, the Company has insufficient controls over the financial close and reporting process, including account reconciliations and preparation and review of financial statements and related disclosures.

**INTERROGATORY NO. 16:**

Identify each person or entity You believe has discoverable information Concerning Your allegations in the Trustee Motion.

/ / /

/ / /

6

Dated: July 5, 2023.

SCHWARTZ LAW, PLLC

By: /s/ *Gabrielle A. Hamm*
Samuel A. Schwartz, Esq.
Gabrielle A. Hamm, Esq.
601 East Bridger Avenue
Las Vegas, NV  89101

*Attorneys for the Debtor*

1

**CERTIFICATE OF SERVICE**

2      I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically

3    via email on July 5, 2023, to the following:

4
       Michael P. Richman, Esq., mrichman@steinhilberswanson.com
5      Brian D. Shapiro, Esq., brian@brianshapirolaw.com

6      Jason H. Rosell, Esq., jrosell@pszjlaw.com
       John D. Fiero, Esq., jrosell@pszjlaw.com
7      Matthew C. Zirzow, Esq., mzirzow@lzlawnv.com

8
       Gregory E. Garman, Esq., ggarman@gtg.legal
9      William M. Noall, Esq., wnoall@gtg.legal
       Teresa M. Pilatowicz, Esq., tpilatowicz@gtg.legal
10     Dylan T. Ciciliano, Esq., dciciliano@gtg.legal

11     Shara L. Larson, Esq., shara@ghandilaw.com

12

13                                          By: /s/ *Gabrielle A. Hamm*

14                                          Gabrielle A. Hamm
                                            SCHWARTZ LAW, PLLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Attorneys for the Debtor*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-nmc |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | |

## MUSCLEPHARM CORPORATION'S FIRST SET OF REQUESTS
## FOR PRODUCTION OF DOCUMENTS TO RYAN DREXLER

MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced

Chapter 11 case (the "**Debtor**"), by and through its counsel of record, Schwartz Law, PLLC, hereby

serves this first set of requests for the production of documents (the "**Requests**") to Ryan Drexler.

### INSTRUCTIONS

The following Instructions shall apply to each request:

1.      You shall produce all responsive Documents and Communications no later than July

14, 2023, in electronic format to ghamm@nvfirm.com with a copy to cgrill@nvfirm.com and

msturm@nvfirm.com.

2.      You are instructed to serve any written objections to the Requests on or before July

10, 2023.

3.      You are instructed to produce all Documents within Your possession, custody or

control. For purposes of this Request, a Document shall be deemed within Your possession, custody

1

or control if it is in Your physical possession or custody or You have the legal right to obtain it. Thus, this Request reaches not only all Documents within the possession or custody (and Your agents or employees) but also all Documents within the possession or custody of people or entities over whom You have control, such as secretaries, subordinates associated companies, and others acting on your behalf or under your direction or control and others associated with you.

4.      You are required to disclose any matter or information, not privileged, which is relevant to the subject matters involved in this pending litigation, whether it relates to the claim or defenses of the parties seeking discovery or the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial to be required for disclosure.

5.      All documents that respond, in whole or in part, to any part or clause of any paragraph of these document requests shall be produced in their entirety, including all attachments and enclosures. Only one copy need be produced of documents that are responsive to more than one paragraph or are identical except for the person to whom it is addressed if you indicate the persons or group of persons to whom such documents were distributed. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Please identify the documents called for by each paragraph and the paragraph to which such documents respond, and if any document is responsive to more than one request, indicate each request to which it responds.

6.      All electronic Documents should be produced in their native format, including any necessary passwords, except Documents that are not in a reasonably useable form in their native format shall be translated to a reasonably useable form.

7.      You are under a duty to seasonally to supplement any response to these Requests for which you learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to us during the discovery process or in writing.

8.      Unless otherwise stated in a Request, these Requests seek Documents created, edited, viewed, printed, transmitted, received, or relied upon from the period of January 1, 2022, through the present.

9.      For any document responsive to these document requests which is known to have been destroyed or lost, or is otherwise unavailable and not within Your possession, custody or control, You are instructed to provide the following information:

a.      Identify the author;

b.      Identify the addressee and/or recipients, including anyone believed to know the contents;

c.      State the Date the Documents was created;

d.      State the number of pages;

e.      Describe the subject matter in as much detail and with as much particularity as possible;

f.      Explain in detail the events leading to the destruction or loss, or the reasons for the unavailability of such document, including the location of such document when last in your possession, custody, or control, and the date and manner of its disposition;

g.      Identify the person or entity believed by You to have possession or custody of the Documents both at this time and during any prior period of time; and

h.      Identify each person or entity believed by You to have possession or custody of any copies of the Documents at this time; and

i.      Describe in detail and with particularity the efforts, if any, You have made to obtain possession or custody of the Documents.

10.     If You contend that Documents exist that would be responsive to these requests but for the fact that they are believed to be protected from disclosure and production due to the application of a privilege recognized under otherwise applicable or governing law, an appropriate, rule-compliant privilege log must be provided with the express understanding that any claim(s) of privilege, work-product immunity protection, or similar claim remains subject to challenge and ultimate determination by a court of competent jurisdiction.

11.    An appropriate, rule-compliant privilege log will identify each purportedly privileged Document by author, addressee, date, number of pages, and subject matter, specify the nature and basis of the claimed privilege and the paragraph of this request for documents to which the Document is responsive; and identify each person to whom the document or its contents, or an part thereof, has been disclosed.

12.    If You contend that only a portion of a Document described in the schedule is privileged or otherwise not subject to production, You are instructed to produce a copy of the entire Document redacting that portion deemed privileged or otherwise not subject to production. To the extent the redacted portion of the Document does not do so, You are instructed to provide an appropriate, rule-compliant privilege log that would be provided if the entire document were not produced.

## DEFINITIONS

1.    "Bankruptcy Case" means the Chapter 11 case of *In re MusclePharm Corporation*, Case No. 22-14422-NMC, pending in the United States Bankruptcy Court District of Nevada.

2.    "Concerning" shall mean relating to, referring to, regarding, describing, evidencing, arising from, or constituting.

3.    "Committee" means the Official Committee of Unsecured Creditors in the Bankruptcy Case.

4.    "Communication(s)" shall mean any contact, oral or written, formal or informal, at any time or any place under any circumstance whatsoever whereby any information of any nature was transmitted or transferred, including but not limited to, personal conversation, conferences, telephone conversations, memoranda, letters, correspondence, reports, e-mail correspondence, text messaging, instant messaging, social media messages and posts, and publications. "Communications" shall include the oral and written transmittal of information and includes original and non-identical copies of all Documents, as defined herein, sent or received by any person, as well as any Documents reflecting or recording the content of any oral, written or other communications in any form (including, without limitation, text messages, interoffice and intraoffice memoranda, e-mail, facsimiles, and other communications).

5.      "Debtor" shall mean MusclePharm Corporation.

6.      "Document(s)" includes, without limiting the generality of the meaning, all written printed, recorded, electronic, digital, or graphic matter, photographic matter or sound reproductions, however produced, reproduced, or maintained (including on individual computers, servers, back-up disks, clouds, or other remote data-storage locations or methods), pertaining in any manner to the subject matter indicated. "Documents" include originals and copies, where originals are unavailable, and nonidentical copies (whether different from originals by reason of notation made on such copies or otherwise), and whether in paper, electronic, digital, audio, visual or other format; documents maintained in digital format shall be produced in native digital format with original metadata and header information. "Documents" specifically include but are not limited to financial statements and reports prepared on behalf of You for any third-party, correspondence, Communications, letters, notes, minutes of meetings, internal memoranda, memoranda, interoffice communications, data base files, facsimile transmissions, email messages and files including metadata, text messages, telephone messages, cellular phone logs, voice mail messages, sign-in or log sheets, studies, analyses, reports, summaries and results of investigations and tests, reviews, contracts, agreements, working papers, manuals, directives, bulletins, calendars and appointment books, diaries, maps, charts, photographs, plats, drawings or other graphic representations, logs investigators' reports or papers similar to any of the foregoing, however denominated.

7.      "Empery" means Empery Tax Efficient, LP, in its capacity as collateral agent of the Secured Noteholders with respect to the Notes (as defined in ECF No. 52).

8.      "Trustee Motion" shall mean Your *Motion for the Appointment of a Chapter 11 Trustee* [ECF No. 447], filed in the Bankruptcy Case on April 28, 2023.

9.      "You" and "Your" means Ryan Drexler, including his representatives, attorneys, accountants, and all other persons acting on his behalf or under his control.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**

Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "at least one supplier of protein powder who is a member of the Committee has been

5

charging the Debtor above-market prices, requiring the Debtor to raise prices to its customers in a manner that renders the Debtor's products uncompetitive with similar products." *See* Trustee Motion, pg. 4 of 34.

**REQUEST NO. 2:**

Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "at least one member of the Committee [is complicit] in Empery's objectives, and . . . the member is serving those objectives by charging the Debtor above-market prices for its protein inputs . . . ." *See* Trustee Motion, pg. 16 of 34.

**REQUEST NO. 3:**

Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that the "Debtor's management has been allowing at least one Committee member to overcharge the Debtor for the component protein it needs to manufacture and sell its products . . . ." *See* Trustee Motion, pg. 17 of 34.

**REQUEST NO. 4:**

Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "the Debtor has allowed at least one Committee member, along with Empery, to depress the Debtor's value and create the environment for a low-value 363 sale of the Debtor's assets." *See* Trustee Motion, pg. 17 of 34.

**REQUEST NO. 5:**

Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "this kind of price gouging from a member of the Committee is an effort to recoup pre-petition claims and losses by charging higher post-petition prices [and] has Empery's support and encouragement . . . ." *See* Trustee Motion, pg. 5 of 34.

**REQUEST NO. 6:**

Produce all Documents and Communications Concerning Your allegation that "the Debtor has lost profitable accounts . . . ." *See* Trustee Motion, pg. 17 of 34.

**REQUEST NO. 7:**

Produce all Documents and Communications Concerning Your allegation that "the Debtor is missing out on valuable sales . . . ." *See* Trustee Motion, pg. 17 of 34.

**REQUEST NO. 8:**

Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that protein component market prices are "plummeting," including the sources on which you relied for protein component market prices. *See* Trustee Motion, pg. 17 of 34.

**REQUEST NO. 9:**

Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that the Debtor has not taken advantage of "alternative sources of cheaper protein to support more profitable sales" including Documents and Communications reflecting the identity of the supplier, pricing, and terms of sale for each alleged alternative source. *See* Trustee Motion, pg. 17 of 34.

**REQUEST NO. 10:**

Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "[f]unds that were to be used to build inventory appear to have been diverted to professional fees." *See* Trustee Motion, pg. 17 of 34.

**REQUEST NO. 11:**

Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "Debtor has misled the Court and parties by failing to purchase materials or otherwise expand the business, and appear not to have spent any money building their inventory since the case began." *See* Trustee Motion, pg. 18 of 34.

**REQUEST NO. 12:**

Produce the discovery obtained through Rule 2004 examinations sought by White Winston, Empery, and You that "has already started expensive litigation among the parties and will soon raise further disputes with the Debtor over the claims and causes of action to which, respectively, the Debtor should object or otherwise prosecute" as alleged in Your Trustee Motion. *See* Trustee Motion, pg. 16-17 of 34.

**REQUEST NO. 13:**

Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and Will Hovi.

**REQUEST NO. 14:**

Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and Jason Keenan.

**REQUEST NO. 15:**

Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and Eric Hillman.

**REQUEST NO. 16:**

Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and any officer, director, or employee of the Debtor that has not been produced in response to a preceding Request.

**REQUEST NO. 17:**

Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and JW Nutritional LLC or any owner, member, principal, officer, director, representative, or employee thereof, including Jesse Windrix and Peter Jungsberger.

**REQUEST NO. 18:**

Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and MHF Opco, LLC or any owner, member, principal, officer, director, representative, or employee thereof, including Brian Slater.

**REQUEST NO. 19:**

Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and Empery or any owner, member, principal, officer, director, representative, or employee thereof, including Tim Silver and Ryan Lane.

**REQUEST NO. 20:**

Produce all Communications from January 1, 2023 and the present between You or any person acting on Your behalf and any vendor or supplier to the Debtor or any owner, member, principal, officer, director, representative, or employee thereof.

**REQUEST NO. 21:**

Produce all Communications from January 1, 2023 and the present between You or any person acting on Your behalf and any competitor of the Debtor or any owner, member, principal, officer, director, representative, or employee thereof.

**REQUEST NO. 22:**

Produce all Documents and Communications sent by, or received from, the "other sources" You refer to in Your *Objection to Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 506].

**REQUEST NO. 23:**

Produce all Documents and Communications between and among Empery, JW Nutritional LLC, the Debtor's chief executive officer, and the Debtor's Independent Director that "will show a deliberate restraint of sales of Debtor's products in order to artificially depress the value of the Debtor's business and reduce the proceeds that might be received in an auction sale," as alleged in Your *Objection to Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 506].

**REQUEST NO. 24:**

Produce all Documents and Communications which contain, describe, or discuss any part of the processes, controls, and procedures, including internal control over financial reporting and disclosure controls and procedures, that the Debtor had in place from the first quarter of 2021 through the Petition Date to provide investors with assurance that the Debtor's accounting and public reports were accurate.

**REQUEST NO. 25:**

Produce all Documents and Communications Concerning the design of, implementation of, or compliance with the processes, controls, and procedures referenced in the preceding Request.

**REQUEST NO. 26:**

Produce all Documents and Communications discussed or relied upon in connection with the following statement in MusclePharm's Form 10-Q filed on May 16, 2022:

> The Company has deficiencies in the design and operation of its internal controls in the financial processes related to the accounting for cash, accounts receivable, accounts payable, inventory, accrued liabilities, income taxes, debt, equity, revenue, costs of sales, stock-based compensation, and expenses classification. In addition, the Company has insufficient controls over the financial close and reporting process, including account reconciliations and preparation and review of financial statements and related disclosures.

**REQUEST NO. 27:**

Produce all Documents and Communications Concerning the turnover of principal accounting officers of MusclePharm in the third quarter of 2017 and MusclePharm's disclosure thereof.

**REQUEST NO. 28:**

Produce all Documents and Communications Concerning MusclePharm's process for recognizing revenue on inventory which has been temporarily stored off-site in trailers rather than being shipped to MusclePharm's customers prior to year-end.

**REQUEST NO. 29:**

Produce all Documents and Communications You may use to support Your allegations in the Trustee Motion.

Dated: July 5, 2023.

SCHWARTZ LAW, PLLC

By: /s/ *Gabrielle A. Hamm*
Samuel A. Schwartz, Esq.
Gabrielle A. Hamm, Esq.
601 East Bridger Avenue
Las Vegas, NV  89101

*Attorneys for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via email on July 5, 2023, to the following:

Michael P. Richman, Esq., mrichman@steinhilberswanson.com
Brian D. Shapiro, Esq., brian@brianshapirolaw.com

Jason H. Rosell, Esq., jrosell@pszjlaw.com
John D. Fiero, Esq., jrosell@pszjlaw.com
Matthew C. Zirzow, Esq., mzirzow@lzlawnv.com

Gregory E. Garman, Esq., ggarman@gtg.legal
William M. Noall, Esq., wnoall@gtg.legal
Teresa M. Pilatowicz, Esq., tpilatowicz@gtg.legal
Dylan T. Ciciliano, Esq., dciciliano@gtg.legal

Shara L. Larson, Esq., shara@ghandilaw.com


By: /s/ *Gabrielle A. Hamm*
Gabrielle A. Hamm
SCHWARTZ LAW, PLLC

11

# EXHIBIT B

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6665
E-mail: ggarman@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
TERESA M. PILATOWICZ
Nevada Bar No 9605
E-mail: tpilatowicz@gtg.legal
DYLAN T. CICILIANO
Nevada Bar No. 12348
E-mail: dciciliano@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Empery Tax Efficient, LP as*
*Agent and Collateral Agent for certain*
*Secured Noteholders*

12

**UNITED STATES BANKRUPTCY COURT**

13

**DISTRICT OF NEVADA**

14
15
16

| In re: | Case No.: 22-14422-NMC |
|---|---|
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | |

17
18

**EMPERY TAX EFFICIENT, LP'S FIRST SET OF INTERROGATORIES TO RYAN DREXLER**

19

**PLEASE TAKE NOTICE** that the Empery Tax Efficient, LP ("Empery"), as agent and

20

collateral agent for certain secured noteholders, by and through its counsel, Garman Turner Gordon

21

LLP, pursuant to Rule 33 of the Federal Rules of Civil Procedure ("FRCP"), as made applicable

22

by Rules 7033 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), requests Ryan

23

Drexler answer, under oath, the following interrogatories on or before thirty (30) days after service

24

of these interrogatories (the "Interrogatories").

25

Your response should be verified pursuant to FRCP 33(b)(5) and delivered to Dylan T.

26

Ciciliano, Esq. at 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119 and by email to

27

dciciliano@gtg.legal.

28

Please note that these Interrogatories are continuing in nature and require supplemental

answers if additional information is obtained prior to the trial in this matter.

## **DEFINITIONS**

As used in these Interrogatories, the following words shall have the following meanings:

1.      "Affiliate" shall be ascribed the definition set forth in 11 U.S.C. § 101(2).

2.      "Communication(s)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to personal conversations, written correspondence, memoranda, letters, reports, publications, electronic communications, text messaging, instant messaging, messages via social media and electronic mail.

3.      "Date" means the exact day, month, and year, if known, or if not known, Your best approximation thereof.  Exact dates shall be given in all answers except where it is explicitly indicated than an approximate date may be given.

4.      "Document" is intended to be as broad as it is used in Federal Rules of Civil Procedure ("FRCP") 26 and 34, and includes, without limitation:

    a. the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any kind of physical media;[1]

    b. any printed, typewritten, handwritten, electronic, or otherwise recorded matter of whatever character of communications, letters, correspondence, electronic mail, text messages, memoranda, notes, Post-Its, media releases or articles, photographs, tape or sound recordings, contracts, agreements, telephone records, diaries, desk calendars, appointment calendar, group scheduler calendars, statements, reports, journal, minutes, working paper, financial report, accounting report, work papers, facsimile, facsimile transmission, drafts, logs, chart, graph, index, directory, scheduling data, databases, spreadsheets, presentations, word processed documents, bulletins, design schedules, supplemental instructions, time cards, drawings, shop drawings, progress payments, progress schedules,

---

[1] Physical media includes, but is not limited to, paper media, photographic media (including pictures, films, slides and microfilm), phonographic media, magnetic media (including, but not limited to hard drives, floppy disks, compact disks, and magnetic tapes of any kind), computer memory, optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed.

estimates, equipment time cards, design calculations, design meeting minutes, coordination meeting minutes, and material similar to any of the foregoing, however denominated and to whomever addressed, computer directory, computer disk, computer tape, or any written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents.

c. For the avoidance of doubt, electronically-stored information with all metadata intact shall be produced whenever available in the format described below.

5. "<u>Entity</u>" includes, without limiting the generality of its meaning, every corporation, partnership, association, limited liability company, joint venture and professional business entity or any iteration, subsidiary, or affiliate thereof.

6. "<u>Insider</u>" shall be ascribed the definition set forth in 11 U.S.C. § 101(31).

7. "<u>Person</u>" shall mean any natural person, trust, Entity, association of Entities and/or natural persons, and/or governmental body.

8. "<u>Relate</u>" or "<u>relating to</u>" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, or referring to directly or indirectly.

9. "<u>Relevant to</u>" has the same meaning that it has in FRCP 26(b)(1) incorporated by Bankruptcy Rule 7026.

10. "<u>You</u>" and "<u>Your</u>" shall mean Ryan Drexler, and Your agents, servants, employees, attorneys, representatives, predecessors, or any other person over which You have control or have a superior right to compel to do an act or produce an item or information and specifically including, but not limited to: (i) any Entity of which You are an officer, director, manager, member, shareholder or in which You have or had any ownership or equity interest (contingent or otherwise); and (ii) any trust or similar device in which You are a settlor, trustee, co-trustee, trust protector, or beneficiary or in which You have any interest (contingent or otherwise).

## **INSTRUCTIONS**

1. In answering these Interrogatories, You are requested to furnish all information available at the time the responses are made, including information in the possession of Your

attorneys or accountants, not merely information known to Your agents, representatives, and employees.

2.      These interrogatories are continuing to the full extent permitted under the Federal Rules of Civil Procedure. You have a continuing obligation to update the information in Your responses as You acquire additional information. If, after serving Your responses, You obtain or become aware of any further responsive information, You are requested to supplemental Your responses, providing such supplemental responses to the attorneys listed above.

3.      Where knowledge and information in the possession of a party is requested, such requests included knowledge or information in the possession of the party's agents, members, affiliates, employees, officers, representatives, consultants, predecessors and, unless privileged, the party's attorneys and accountants, and all other persons acting or purported to act on the party's behalf.

4.      If any of the information contained in the answers to these Interrogatories is not within Your personal knowledge, so state.  The answers to these Interrogatories should identify every Person, Document, and Communication upon which You rely for the information contained in the answer not based solely on Your own personal knowledge.

5.      If You cannot answer any portion of the following Interrogatories in full, after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

6.      In the event that any Document called for by these Interrogatories has been destroyed or discarded, please Identify the destroyed or discarded Document by:

(a)      The author(s), addressee(s), and indicated or blind copy(s);

(b)      The Document's date, number of pages, and attachments or appendices;

(c)      The Document's subject matter;

(d)      The date of destruction or discard;

(e)      The manner of destruction or discard;

(f)      The reason for destruction or discard;

(g)     The Persons who were authorized to carry out such destruction or discard; and

(h)     Whether any copies of the Document presently exist, and, if so, the name of the custodian of each copy.

7.      If You assert privilege as a ground for failing to answer any interrogatory, respond to that part of each such interrogatory that, in Your view, does not seek allegedly privileged information or communications.  For each interrogatory, or portion thereof, for which You claim a privilege, describe the factual basis for the claim of privilege in sufficient detail to permit adjudication of the validity of that claim and what specific material or information You are withholding on that basis.

8.      All responses which refer back to previously stated responses or answers ("supra") shall explicitly designate the number and, if applicable, the subsection of each and every previous response or answer relied upon.

9.      The present tense of a verb includes past tense and vice versa, use of the singular includes the plural and vice versa, and use of the masculine gender includes the feminine gender and vice versa.

10.     As used in these Interrogatories, the terms "any," "all," "each," "and," "or," and "and/or" shall be construed as appropriate to bring within the scope of these Interrogatories which might otherwise be interpreted beyond their scope.

11.     As used in these Interrogatories, the term "and" as well as "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these Interrogatories any information which might otherwise be construed to be outside their scope.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe each and every way you contend that Empery is "misusing its power," as alleged on p. 3:25 of ECF No. 447.

**INTERROGATORY NO. 2:**

Describe the facts and circumstances supporting or evidencing Your allegation that "at

least one supplier of protein powder who is a member of the Committee has been charging the Debtor above-market prices," including but not limited to:

1) The identity of "the member of the Committee";

2) The price being charged to Debtor;

3) The market price for protein powder; and

4) The basis or source of Your knowledge of the allegation.

**INTERROGATORY NO. 3:**

Identify the price of all competing products that you contend "renders the Debtor's products uncompetitive."

**INTERROGATORY NO. 4:**

Identify the accounts You contend Debtor has lost since December 14, 2022, and the circumstances that led to the loss of the account, including the basis of your knowledge.

**INTERROGATORY NO. 5:**

Describe the factual basis for your assertion that "this kind of price gouging from a member of the Committee is an effort to recoup pre-petition claims and losses."

**INTERROGATORY NO. 6:**

Identify and describe any complaints received from Costco related to Debtor's products before December 14, 2022, including but not limited to, the nature of the complaints and the resolution of the complaint.

**INTERROGATORY NO. 7:**

Identify when You or Your counsel became aware that Mr. Rubin of Force Ten Partners, LLC was being considered as an Independent Director.

**INTERROGATORY NO. 8:**

Identify when You or Your counsel became aware that Mr. Rubin had any previous relationship with Garman Turner Gordon, LLP or its attorneys, including who became aware and their understanding of the nature of any relationship.

**INTERROGATORY NO. 9:**

Identify when You or Your counsel became aware that Mr. Rubin had any previous

relationship with Schwartz Law PLLC or its attorneys, including who became aware and their understanding of the nature of any relationship.

**INTERROGATORY NO. 10:**

Describe any evidence or facts supporting Your allegation that Empery has acted to "depress the Debtor's value and create the environment for a low-value 363 sale of the Debtor's assets."

**INTERROGATORY NO. 11:**

Describe all "information and belief" as used by you in ¶5 of ECF No. 448, including but not limited to the specific information or facts underlying your belief and the source of information.

**INTERROGATORY NO. 12:**

Describe all communications You had with any party related to DIP financing for Debtor.

**INTERROGATORY NO. 13:**

As it pertains to the Debtor's bankruptcy case, identify the date of any settlement offers made by You to any other party to the bankruptcy proceedings and the terms of those settlement offers.

**INTERROGATORY NO. 14:**

Describe all "information and belief" as used by you in ¶6 of ECF No. 448, including but not limited to the specific information or facts underlying your belief and the source of information.

**INTERROGATORY NO. 15:**

Describe all "information and belief" as used by you in ¶7 of ECF No. 448, including but not limited to the specific information or facts underlying your belief and the source of information.

**INTERROGATORY NO. 16:**

Describe in detail all disputes that Debtor had with vendors when You were Debtor's CEO, including but not limited to the identity of the vendor, the nature of the dispute, and the resolution of the dispute.

**INTERROGATORY NO. 17:**

When did you become aware of the allegations against defendants Brian H. Casutto, Matthew J. Zucco, and Kevin R. Harris, as alleged in Case No. 23-cv-05104?

1

**INTERROGATORY NO. 18:**

2

Identify any communications sent by you or at your direction or knowledge to Amy Lane.

3

**INTERROGATORY NO. 19:**

4

Identify any communications sent by you or at your direction or knowledge to the Westport

5

School District.

6

**INTERROGATORY NO. 20:**

7

Describe any communications You, including but not limited to Your agents and counsel,

8

had with White Winston Select Asset Funds, LLC regarding the Complaint or the allegations

9

contained in the complaint in Case No. 22-14422-nmc, either before or after the filing of the

10

complaint.

11

**INTERROGATORY NO. 21:**

12

Describe and specifically identify any and all decisions or actions taken by Nick Rubin that

13

You contend were improperly influenced in any way by Empery or its counsel, including but not

14

limited to the specific decision or action, and how that decision or action was impacted by Empery

15

or its counsel.

16

DATED this 5th day of July, 2023.

17

GARMAN TURNER GORDON LLP

18

19

*/s/ Dylan T. Ciciliano*
GREGORY E. GARMAN

20

WILLIAM M. NOALL
TERESA M. PILATOWICZ

21

DYLAN T. CICILIANO
7251 Amigo Street, Suite 210

22

Las Vegas, Nevada 89119
*Attorneys for Empery Tax Efficient, LP as*

23

*Agent and Collateral Agent for certain*
*Secured Noteholders*

24

25

26

27

28

**Garman Turner Gordon**
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6665
E-mail: ggarman@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
TERESA M. PILATOWICZ
Nevada Bar No 9605
E-mail: tpilatowicz@gtg.legal
DYLAN T. CICILIANO
Nevada Bar No. 12348
E-mail: dciciliano@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Empery Tax Efficient, LP as
Agent and Collateral Agent for certain
Secured Noteholders*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | |

### EMPERY TAX EFFICIENT, LP'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO RYAN DREXLER

**PLEASE TAKE NOTICE** that the Empery Tax Efficient, LP ("Empery"), as agent and collateral agent for certain secured noteholders, by and through its counsel, Garman Turner Gordon LLP, pursuant to Rule 34 of the Federal Rules of Civil Procedure ("FRCP"), as made applicable by Rules 7034 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), propounds upon Ryan Drexler this first request for the production of documents ("Requests").

Responsive documents and any written responses or objections should be delivered to Dylan T. Ciciliano, Esq. of Garman Turner Gordon LLP at 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119, and by email to dciciliano@gtg.legal, pursuant to FRCP 34.

These Requests are continuing in nature and require supplemental answers if additional information is obtained prior to the trial in this matter.

## **DEFINITIONS**

As used in these Interrogatories, the following words shall have the following meanings:

1.  "Affiliate" shall be ascribed the definition set forth in 11 U.S.C. § 101(2).

2.  "Communication(s)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to personal conversations, written correspondence, memoranda, letters, reports, publications, electronic communications, text messaging, instant messaging, messages via social media and electronic mail.

3.  "Date" means the exact day, month, and year, if known, or if not known, Your best approximation thereof.  Exact dates shall be given in all answers except where it is explicitly indicated than an approximate date may be given.

4.  "Document" is intended to be as broad as it is used in Federal Rules of Civil Procedure ("FRCP") 26 and 34, and includes, without limitation:

    a.  the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any kind of physical media;[1]

    b.  any printed, typewritten, handwritten, electronic, or otherwise recorded matter of whatever character of communications, letters, correspondence, electronic mail, text messages, memoranda, notes, Post-Its, media releases or articles, photographs, tape or sound recordings, contracts, agreements, telephone records, diaries, desk calendars, appointment calendar, group scheduler calendars, statements, reports, journal, minutes, working paper, financial report, accounting report, work papers, facsimile, facsimile transmission, drafts, logs, chart, graph, index, directory, scheduling data, databases, spreadsheets, presentations, word processed documents, bulletins, design schedules, supplemental instructions, time cards, drawings, shop drawings, progress payments, progress schedules, estimates, equipment time cards, design calculations, design meeting

---

[1] Physical media includes, but is not limited to, paper media, photographic media (including pictures, films, slides and microfilm), phonographic media, magnetic media (including, but not limited to hard drives, floppy disks, compact disks, and magnetic tapes of any kind), computer memory, optical media, magneto-optical media, and other physical media on which notations or marking of any kind can be affixed.

minutes, coordination meeting minutes, and material similar to any of the foregoing, however denominated and to whomever addressed, computer directory, computer disk, computer tape, or any written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents.

c. For the avoidance of doubt, electronically-stored information with all metadata intact shall be produced whenever available in the format described below.

5. "Debtor" shall mean Musclepharm Corporation, and its agents, servants, employees, attorneys, representatives, predecessors, or any other person

6. "Entity" includes, without limiting the generality of its meaning, every corporation, partnership, association, limited liability company, joint venture and professional business entity or any iteration, subsidiary, or affiliate thereof.

7. "Insider" shall be ascribed the definition set forth in 11 U.S.C. § 101(31).

8. "Person" shall mean any natural person, trust, Entity, association of Entities and/or natural persons, and/or governmental body.

9. "Relate" or "relating to" means constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning, or referring to directly or indirectly.

10. "Relevant to" has the same meaning that it has in FRCP 26(b)(1) incorporated by Bankruptcy Rule 7026.

11. "You" and "Your" shall mean Ryan Drexler, and Your agents, servants, employees, attorneys, representatives, predecessors, or any other person over which You have control or have a superior right to compel to do an act or produce an item or information and specifically including, but not limited to: (i) any Entity of which You are an officer, director, manager, member, shareholder or in which You have or had any ownership or equity interest (contingent or otherwise); and (ii) any trust or similar device in which You are a settlor, trustee, co-trustee, trust protector, or beneficiary or in which You have any interest (contingent or otherwise).

## **INSTRUCTIONS**

1.  In producing Documents and other materials, You shall furnish all Documents or material in Your possession, custody, or control, regardless of whether such Documents or materials are possessed by You directly or Your representatives, agents, employees, Affiliates, or Insiders, or by Your attorneys or accountants or their agents, employees, representatives, or investigators.

2.  In the event that You provide only a portion of the Documents called for by any particular Request, please state the reason(s) for Your inability to provide the remainder of the Documents requested and the identity of the Document(s)

3.  If any Document requested to be produced was but is no longer in Your possession or control, or is no longer in existence, state whether it is (1) missing or lost, (2) destroyed, (3) transferred voluntarily or involuntarily to others and if so to whom, or (4) otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof and state the approximate date thereof.

4.  If any of the information contained in the answers to these Requests is not within Your personal knowledge, please so state.  The responses to the Requests should identify every Person, Document, and Communication upon which You rely for the information contained in the answer not based solely on Your own personal knowledge.

5.  If You cannot answer any portion of the following Requests in full, after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

6.  In answering these Requests, You are requested to furnish all information available at the time the responses are made, including information in the possession of Your attorneys, accountants, and their agents, not merely information known to You.

7.  You shall produce all Documents in the manner in which they are maintained in the usual course of business and/or shall organize and label Documents to correspond with the categories of these Requests.  A Request for Documents shall be deemed to include a Request for

any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Documents itself.

8.    Pursuant to FRCP 34(b)(1)(B), as adopted in Bankruptcy Rule 7034, any documents, electronically stored information ("ESI") or other tangible information shall be copied and produced to the undersigned counsel by web-based email, share file, or drop box.  Responsive information should be organized and labeled to correspond to the categories in the Request.  ESI should be produced in native format with all metadata attached, or if any native files cannot be rendered in readable format, native format linked to a single-page tagged image file format ("TIFF").  ESI in TIFF format should be identified by an Opticon cross-reference file, and all metadata that describes the electronic files associated with ESI (e.g., "date last modified") should be produced in text format linked to the associated files.

9.    Whenever appropriate, the singular form of a word shall be interpreted as plural and the masculine gender shall be deemed to include feminine.

10.    If any Document is held under claim of privilege, please identify the Document for which there is a claim of privilege by providing a full description thereof, including without limitation:

a)  The date it bears;

b)  The name of each Person who prepared it or who participated in any way in its preparation;

c)  The name of each Person who signed it;

d)  The name of each Person to whom it, or a copy of it was addressed;

e)  The name of each Person who, at any time, was provided a copy of or otherwise reviewed it;

f)  The name of each Person who presently has custody of it or a copy of it;

g)  The subject matter and its substance; and

h)  What factual basis there is for the claim of privilege.

11.    Documents attached to each other should not be separated.

12. Documents not otherwise responsive to a Request shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for in the Request.

13. The fact that a Documents has been produced by another does not relieve You of Your obligation to produce Your copy of the same Document even if the two Documents are identical.

14. The terms "each" and "all" shall be construed as "all and each."

15. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all responses that might otherwise be outside of the scope.

16. The use of the singular form of any word includes the plural and vice versa.

17. The use of the feminine form of any word includes the masculine and vice versa.

18. You shall authenticate the business records produced.

19. These Requests shall be deemed continuing and as additional information concerning the answers is secured, such additional information should be promptly supplemented.

## DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce all communications, including but not limited to emails and text-messages, between You and Debtor, including its employees, counsel, and agents, since December 14, 2022.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all communications, including but not limited to emails and text-messages, between You and Nicholas Rubin, since December 14, 2022.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all communications, including but not limited to emails and text-messages, between You and Eric Hillman, since December 14, 2022.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all communications, including but not limited to emails and text-messages, between You and Will Hovi, since December 14, 2022.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all communications, including but not limited to emails and text-messages, between You and Jason Keenan, since December 14, 2022.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all communications, including but not limited to emails and text-messages, between You and any of Debtor's customers since December 14, 2022.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all communications, including but not limited to e-mails and text-messages, between You and any of Debtor's suppliers, since December 14, 2022.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all communications related to any investigation by the United States Security Exchange Commission into You or Debtor since January 1, 2018.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all communications between You and White Winston Select Asset Funds, LLC, including its agents and counsel, since April 1, 2022.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all communications between You and the Unsecured Creditor's Committee, including each of its members and counsel, since January 1, 2022.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents and communications supporting your Motion for the Appointment of a Chapter 11 Trustee.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents and communications between You and any third-party regarding potential resolution of any claims held by You against Debtor, including but not limited to causes of action and proofs of claim, since December 14, 2022.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce and identify all documents and communications showing that Empery has in any way acted to "depress the Debtor's value and create the environment for a low-value 363 sale of the Debtor's assets."

**REQUEST FOR PRODUCTION NO. 14:**

Produce all documents and communications identifying "valuable sales" that Debtor missed out on, as alleged at p. 17 of ECF 447.

**REQUEST FOR PRODUCTION NO. 15:**

Produce all communications, including emails and text messages, with Brian Casutto since January 1, 2018.

**REQUEST FOR PRODUCTION NO. 16:**

Produce all documents and communications in Your custody and control related to Empery or its agents, including but not limited to Ryan Lane and Tim Silver.

**REQUEST FOR PRODUCTION NO. 17:**

Produce all communications, including emails and text messages, with Matthew Zucco since January 1, 2018.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all communications, including emails and text messages, with Kevin R. Harris since January 1, 2018.

**REQUEST FOR PRODUCTION NO. 19:**

Produce all emails sent from bloomwendy452@gmail.com that refer or relate to Empery, Ryan Lane, Tim Silver or otherwise.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce and identify all documents and communications showing that any person or party has in any way acted to "depress the Debtor's value and create the environment for a low-value 363 sale of the Debtor's assets."

**REQUEST FOR PRODUCTION NO. 21:**

Produce all posts or private messages from Facebook profile https://www.facebook.com/profile.php?id=100091749242631 that refer or relate to Empery, Ryan Lane, Tim Silver or otherwise.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 22:**

Produce all communications, including emails and text messages, with Rita Mikel since December 14, 2022.

DATED this 5th day of July, 2023.

GARMAN TURNER GORDON LLP


*/s/ Dylan T. Ciciliano*
GREGORY E. GARMAN
WILLIAM M. NOALL
TERESA M. PILATOWICZ
DYLAN T. CICILIANO
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Empery Tax Efficient, LP as*
*Agent and Collateral Agent for certain*
*Secured Noteholders*

# EXHIBIT C

# EXHIBIT C

**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:    (608) 630-8990
Facsimile:    (608) 630-8991
mrichman@steinhilberswanson.com

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:    (702) 386-8600
Facsimile:    (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MUSCLEPHARM CORPORATION,<br><br>Debtor. | Case No.: 22-14422-NMC<br>Chapter 11<br><br>**RYAN DREXLER'S OMNIBUS INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND NOTICES OF DEPOSITION TO MUSCLEPHARM, ERIC HILLMAN, JASON KEENAN, WILL HOVI, AND NICHOLAS RUBIN** |

Ryan Drexler, by and through his undersigned counsel, pursuant to Rules 30, 33, and 34 of the Federal Rules of Civil Procedure, made applicable through Rule 7030, 7033, and 7034 of the Federal Rules of Bankruptcy Procedure, hereby serves on MusclePharm Corporation, Eric Hillman, Jason Keenan, Will Hovi, and Nicholas Rubin the following interrogatories, requests for production, and notices of deposition. The interrogatories and requests for production must be responded to by 4:00 pm. (Pacific Time) on August 4, 2023, or such other shorter time as agreed by the parties or otherwise ordered by the Court. All such responses should also be continually updated as further information becomes available or is

otherwise obtained.

# DEFINITIONS

These definitions shall apply to all instructions and responses to the below Interrogatories and Requests for Production.

1.    "Affiliate" shall mean any individual, general partnership, limited partnership, trust, estate, corporation, limited liability company, or business trust that is owned by, directly or indirectly controlled by, or acts at the direction or for the benefit of the Person or Entity named and includes an affiliate of an affiliate.

2.    "Communication(s)" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to personal conversations, written correspondence, memoranda, letters, reports, publications, electronic communications, text messaging, instant messaging, messages via social media and electronic mail.

3.    "Date" means the exact day, month, and year, if known, or if not known, your best approximation thereof. Exact dates shall be given in all answers except where it is explicitly indicated that an approximate date may be given.

4.    "Debtor" shall mean MusclePharm Corporation, the debtor in the Chapter 11 case of *In re MusclePharm Corporation*, Case No. 22-14422-NMC ("Bankruptcy Case"), pending in the United States Bankruptcy Court District of Nevada (the "Bankruptcy Court"), and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants representatives, any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

5.    "Document" is intended to be as broad as it is used in FRCP 26 and 34, and includes, without limitation:

      a.    the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any kind of physical media

      b.    any printed, typewritten, handwritten, electronic, or otherwise recorded matter of whatever character of communications, letters, correspondence, electronic mail, text messages, instant messages, memoranda, notes, Post-Its, media releases or articles, photographs, tape or sound recordings, contracts, agreements, telephone records, diaries, desk calendars, appointment calendar, group scheduler calendars, statements, reports, journal, minutes, working paper, financial report, accounting report, work papers, facsimile, facsimile transmission, drafts, logs,

chart, graph, index, directory, scheduling data, databases, spreadsheets, presentations, word processed documents, bulletins, design schedules, supplemental instructions, time cards, drawings, shop drawings, progress payments, progress schedules, estimates, equipment time cards, design calculations, design meeting minutes, coordination meeting minutes, and material similar to any of the foregoing, however denominated and to whomever addressed, computer directory, computer disk, computer tape, or any written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents

c.    For the avoidance of doubt, electronically-stored information with all metadata intact shall be produced whenever available in the format described below.

6.    "<u>Empery</u>" shall mean Empery Tax Efficient, LP, and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, including Ryan Lane and Timothy Silver, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

7.    "<u>Entity</u>" includes, without limiting the generality of its meaning, every corporation, partnership, association, limited liability company, joint venture and professional business entity or any iteration, subsidiary, or affiliate thereof.

8.    "<u>Insider</u>" shall mean (i) Your relatives; (ii) partnerships in which You are a general partner; or (iii) corporations, companies or partnerships in which you are a partner, director, officer, or person in control of You.

9.    "<u>JWN</u>" shall mean JW Nutritional LLC, and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, including Jesse Windrix and Peter Jungsberger, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

10.    "<u>MHF</u>" shall mean MHF Opco, LLC (formerly known as Mill Haven Foods, LLC), and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, including Brian Slater, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

11.    "<u>Person</u>" shall mean any natural person, trust, Entity, association of entities and/or natural persons, and/or governmental body.

12.    "<u>Petition Date</u>" means December 15, 2022.

13.    "<u>You</u>" or "<u>Your</u>" means either MusclePharm Corporation, Eric Hillman, Jason Keenan, Will Hovi, or Nicholas Rubin as directed to answer the respective interrogatories and requests for production and any Affiliate or Insider thereof and Your agents, servants, employees, attorneys, accountants, representatives, any other Person or Entity over which You have control or have a superior right to compel to do an act or produce an item, and any Entity You were or are an

agent, manager, officer, or director or otherwise maintained or maintain a supervisory, advisory, or consulting role.

## INSTRUCTIONS TO INTERROGATORIES

1.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying requested documents, identify the Interrogatory to which the document is responsive and set forth all facts upon which such claim of privilege is based, and for each document as to which you claim any form of privilege, identify: (a) the date of the document; (b) the date upon which the document was prepared; (c) the title or caption of the document; (d) the form of the document (e.g., letter, memorandum, chart); (e) the subject matter of the document; (f) the author(s) and/or any and all other persons involved or participating in preparing or drafting the document; and (g) the recipient(s) of the document or any copy thereof, including all persons to whom the document has been provided or who have it within their possession, custody or control.

2.      Whenever an Interrogatory requests you to "state the facts" or "describe," you should provide all information relating or referring to the subject matter of such Interrogatory, including, but not limited to, a specification of dates of all events that relate to such subject matter, the identity of all oral communications and meetings relating to the subject matter, the identity of all persons with knowledge of the facts that relate to such subject matter, and the identity of all documents that relate to, refer to, or contain information concerning the subject matter of such Interrogatory. If there are any oral or written communications concerning the subject matter of the Interrogatory, include the identity of the participants to such communications, and set forth the substance of such communications.

3.      Whenever a date, amount or other computation or figure is requested, the exact date, amount or other computation or figure is to be given, unless it is unknown. If the exact date, amount or other computation or figure is unknown, the approximate date, amount or other computation or figure should be given (or the best estimate thereof), and the answer should state that the date, amount or other computation or figure provided is an estimate or approximation.

4.      Where facts are set forth in the answers or portions thereof and are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify each source of such information and belief. Should you be unable to answer any Interrogatory, or any portion thereof, by either actual knowledge or upon information or belief, you should so state.

5.      Except for reference to defined or designated terms, or unless otherwise expressly stated, each Interrogatory shall be construed independently and not by reference to any other Interrogatory herein for purposes of limitation.

6.      Except where otherwise indicated, these Interrogatories cover the period from **December 15, 2022 through the present date**, (the "**Applicable Period**") and request the identification of all documents prepared, sent or received, in whole or in part, during such period, and of all documents, whenever prepared, which relate to any part of such period.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa to bring within the scope of the Interrogatory any information which

otherwise might be construed to be outside the scope. All words and phrases shall be construed as masculine, feminine or gender neutral, according to context and to bring within the scope of the Interrogatory any information which otherwise might be construed to be outside the scope.

8.      These Interrogatories are continuing in nature and you are directed to seasonably supplement any prior response to the extent new or additional information subsequently becomes known to you. In such event, you are requested to include in any supplementary response the date and manner in which the new or additional information became known.

## INTERROGATORIES

**Interrogatory Nos. 1–3 are directed to MusclePharm Corporation, Eric Hillman, Jason Keenan, Will Hovi, and Nicholas Rubin.**

**INTERROGATORY NO 1.**  Identify each person providing information for the responses to these Interrogatories, the specific Interrogatory for which the person provided information, and the title and business address of each such person.

**INTERROGATORY NO 2.**  Identify all persons whom You know, or have reason to believe, have knowledge of any facts relevant to the issues described in the *Motion for the Appointment of a Chapter 11 Trustee* [ECF No. 447] ("Trustee Motion").

**INTERROGATORY NO 3.**  State the name, occupation, address, and telephone number of each witness (fact or expert) that You expect to call or rely upon at a hearing on the Trustee Motion together with a summary of the matters to be testified about within the knowledge of each such witness.

**Interrogatory Nos. 4–7 are directed to MusclePharm Corporation.**

**INTERROGATORY NO 4.**  Identify each purchase order for Debtor's products given to the Debtor, the date so given, the products ordered therein, the prices, and the date or dates the orders were fulfilled.

**INTERROGATORY NO 5.**  State the amount of product inventory on a product-by-product basis held by (a) the Debtor and (b) any contract manufacturer (such as JWN) on Debtor's behalf, as of the end of each month during the Applicable Period.

**INTERROGATORY NO 6.**  Identify each purchase order given by the Debtor to any other product or contract manufacturers who (a) expressed a willingness to manufacture MSLP products, or (b) did manufacture MSLP products. As to any manufacturers identified in (b), provide the date of orders so given, the products and services ordered therein, the prices, and the date or dates the orders were fulfilled.

**INTERROGATORY NO. 7.**  Identify each order given by the Debtor to JWN to fulfill, the date so given, the products and services ordered therein, the prices, and the date or dates the orders were fulfilled.

**Interrogatory No 8 is directed to Eric Hillman**

5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTERROGATORY NO. 8.** Identify all of Your prior and current business relationships with Peter Jungsberger, the dates such relationships began, the nature of such relationships, and any contracts, agreements, or other written instruments entered into between You and Peter Jungsberger evidencing such relationships.

**INSTRUCTIONS TO REQUESTS FOR PRODUCTION**

1.      You shall produce all responsive Documents and Communications in electronic format to mjurkash@steinhilberswanson.com.

2.      Except where otherwise indicated, these Requests for Production cover the period from **December 15, 2022 through the present date**, (the "**Applicable Period**") and request the production of all documents and communications prepared, sent or received, in whole or in part, during such period, and of all documents and communications, whenever prepared, which relate to any part of such period.

3.      You shall produce all Documents in the manner in which they are maintained in the usual course of business and/or shall organize and label Documents to correspond with the categories of this Request. A Request for Documents shall be deemed to include a Request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

4.      In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody, or control, regardless of whether such Documents or materials are possessed by You directly or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives, or investigators.

5.      If any of the information contained in the answers to these Requests is not within Your personal knowledge, so state. The answers to the Requests should identify every Person, Document, and Communication upon which You rely for the information contained in the answer not based solely on Your own personal knowledge.

6.      If You cannot answer any portion of the following Requests in full, after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

7.      You are requested to provide all responsive Documents within Your possession, custody, or control. In the event that You provide only a portion of the Documents called for by any particular Request, state the reason(s) for Your inability to provide the remainder of the Documents requested and the identity of the Document(s).

8.      In the event the Documents called for by any particular request are no longer in Your possession, custody or control, state the reason(s) why those Documents are no longer in Your possession, custody, or control and the identity of the Document(s) and all Your knowledge regarding who currently has possession, custody or control of the Document(s).

9.      In the event that Documents called for by any particular request have been lost or destroyed, please state: (i) the date on which the Document(s) were lost or destroyed; (ii) the manner in which the Document(s) were lost or destroyed; (iii) the identity of the Document(s); (iv) the information contained within such Document(s) and the nature of the Document(s); and (v)

and the identity of any person(s) who has knowledge of the contents of the Document(s) or has received a copy of such Document(s).

10.    If You withhold any Document pursuant to a claim of privilege, You shall expressly make the claim of privilege and produce a privilege log in compliance with Fed. R. Civ. P. 26(b)(5), incorporated by Fed. R. Bankr. P. 7026.

11.    Documents attached to each other should not be separated.

12.    Documents not otherwise responsive to this discovery request shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for in the discovery request.

13.    The fact that a Document has been produced by another party does not relieve You of Your obligation to produce Your copy of the same Document, even if the two Documents are identical.

14.    The terms "each" and "all" shall be construed as "all and each."

15.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be outside of the scope.

16.    The use of the singular form of any word includes the plural and vice versa.

17.    The use of the feminine form of any word includes the masculine and vice versa.

# REQUESTS FOR PRODUCTION

**Requests for Production Nos. 1–11 are directed to MusclePharm Corporation, Eric Hillman, Jason Keenan, Will Hovi, and Nicholas Rubin.**

**REQUEST FOR PRODUCTION NO. 1.**    Produce all documents and communications that You relied upon to respond to the above Interrogatories.

**REQUEST FOR PRODUCTION NO. 2.**    Produce all documents and communications that refer or relate to any sale, auction, appraisal, or valuation of any of the Debtor's assets, in whole or in part, either before or after the Petition Date.

**REQUEST FOR PRODUCTION NO. 3.**    Produce all documents and communications that refer or relate to the desirability of continuing the Debtor's business as a going concern.

**REQUEST FOR PRODUCTION NO. 4.**    Produce all documents and communications that refer or relate to the retention of Nicholas Rubin as the Debtor's independent director.

**REQUEST FOR PRODUCTION NO. 5.**    Produce all documents and communications with Empery regarding Ryan Drexler.

**REQUEST FOR PRODUCTION NO. 6.**    Produce all documents and communications that refer or relate to any new customers to which the Debtor has sold products since the Petition Date.

**REQUEST FOR PRODUCTION NO. 7.**    Produce all documents and communications that refer or relate to interest expressed by any customers to which the Debtor had the opportunity to sell products, but did not sell products, since the Petition Date.

**REQUEST FOR PRODUCTION NO. 8.**    Produce all documents and communications that refer or relate to marketing of the Debtor's products.

**REQUEST FOR PRODUCTION NO. 9.**    Produce all documents and communications that refer or relate to any sellers to, or purchasers from, the Debtor that have ceased doing business with the Debtor.

**REQUEST FOR PRODUCTION NO. 10.** Produce all documents and communications that refer or relate to increases or decreases in product inventory held by the Debtor or by JWN on the Debtor's behalf.

**REQUEST FOR PRODUCTION NO. 11.** Produce all documents and communications that refer or relate to the Debtor's engagement or termination of product manufacturers or contract manufacturers.

**Requests for Production Nos. 12–15 are directed to MusclePharm Corporation**

**REQUEST FOR PRODUCTION NO. 12.** Produce all variance reports submitted by the Debtor since May 19 pursuant to the terms of the Final DIP Order [ECF No. 296] and final debtor-in possession financing agreement between the Debtor and Empery.

**REQUEST FOR PRODUCTION NO. 13.** Produce all documents and communications that refer or relate to the Commentary section within the Cash Flow Variance Summary in the variance reports.

**REQUEST FOR PRODUCTION NO. 14.** Produce all documents and communications that refer or relate to contracts or agreements between the Debtor and JWN.

**REQUEST FOR PRODUCTION NO. 15.** Produce all documents and communications that refer or relate to sales of JWN's products or services to the Debtor.

**Requests for Production Nos. 16–17 are directed to Eric Hillman**

**REQUEST FOR PRODUCTION NO. 16.** Produce all documents and communications evidencing Your prior and current business relationships with Peter Jungsberger, including, but not limited to, those documents identified in Interrogatory No. 8.

**REQUEST FOR PRODUCTION NO. 17.** Produce all documents and communications that refer or relate to your investment in, or extension of credit to, any entity in which Peter Jungsberger is an officer, director, principal shareholder, or principal creditor.

**Requests for Production Nos. 18–19 are directed to Nicholas Rubin**

**REQUEST FOR PRODUCTION NO. 18.** Produce all documents and communications that refer or relate to your retention as the Debtor's independent director.

**REQUEST FOR PRODUCTION NO. 19.** Produce all documents and communications that refer or relate to your investment in Lawclerk.Legal or any other entity in which Gregory Garman is an officer, director or principal shareholder.

**Request for Production No. 20 is directed to MusclePharm Corporation, Eric Hillman, Jason Keenan, Will Hovi, and Nicholas Rubin**

**REQUEST FOR PRODUCTION NO. 20.** To the extent text messages responsive to the above requests directed to You were deleted from Your mobile phone and are unrecoverable from cloud-based or hard drive backups, please immediately request from your service provider and produce a log of such text messages containing the date, time, to, from, direction, and message type (i.e., text, picture/video, etc.) for each message. Such logs may also be available to be generated directly by You through Your online account, without requesting them from Your provider.

10

1

2

### NOTICE OF DEPOSITION OF FRCP 30(B)(6) DESIGNEE OF
### MUSCLEPHARM CORPORATION

3

4

5

TO: MusclePharm Corporation          Samuel A. Schwartz
7380 S. Eastern Ave.  #124-287      Schwartz Law, PLLC
Las Vegas, Nv 89123                 601 East Bridger Avenue
                                    Las Vegas, NV 89101

6

7

8

9

10

11

12

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Ryan

Drexler, by and through his undersigned counsel, will take the deposition upon oral examination

of the designated corporate officer, director or managing agent of MusclePharm Corporation

pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, at the date, time, and pursuant

to the means indicated below.

13

14

15

16

PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by audio,

audiovisual, or stenographic means before a court reporter duly authorized to administer oaths.

This deposition will continue from day to day and from time to time until necessary to complete.

17

18

**DATE:** At a date as may be agreed to by the parties or otherwise ordered by the Court.

**TIME:** At a time as may be agreed to by the parties or otherwise ordered by the Court.

19

20

21

**PLACE/MEANS:** At a location as may be agreed to by the parties or otherwise ordered

by the Court.

22

23

**TOPICS:** All matters at issue in Ryan Drexler's *Motion for the Appointment of a*

*Chapter 11 Trustee.*

24

25

26

27

28

11

### NOTICE OF DEPOSITION OF ERIC HILLMAN

TO: Eric Hillman

Samuel A. Schwartz
Schwartz Law, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Ryan Drexler, by and through his undersigned counsel, will take the deposition upon oral examination of Eric Hillman, at the date, time, and pursuant to the means indicated below.

PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by audio, audiovisual, or stenographic means before a court reporter duly authorized to administer oaths. This deposition will continue from day to day and from time to time until necessary to complete.

**DATE:** At a date as may be agreed to by the parties or otherwise ordered by the Court.

**TIME:** At a time as may be agreed to by the parties or otherwise ordered by the Court.

**PLACE/MEANS:** At a location as may be agreed to by the parties or otherwise ordered by the Court.

**TOPICS:** All matters at issue in Ryan Drexler's *Motion for the Appointment of a Chapter 11 Trustee.*

1

**NOTICE OF DEPOSITION OF JASON KEENAN**

2

3

TO: Jason Keenan                    Samuel A. Schwartz
                                    Schwartz Law, PLLC

4                                    601 East Bridger Avenue
                                    Las Vegas, NV 89101

5

6

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

7

Procedure, made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Ryan

8

Drexler, by and through his undersigned counsel, will take the deposition upon oral examination

9

of Jason Keenan, at the date, time, and pursuant to the means indicated below.

10

PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by audio,

11

12

audiovisual, or stenographic means before a court reporter duly authorized to administer oaths.

13

This deposition will continue from day to day and from time to time until necessary to complete.

14

**DATE:** At a date as may be agreed to by the parties or otherwise ordered by the Court.

15

**TIME:** At a time as may be agreed to by the parties or otherwise ordered by the Court.

16

**PLACE/MEANS:** At a location as may be agreed to by the parties or otherwise ordered

17

18

by the Court.

19

**TOPICS:** All matters at issue in Ryan Drexler's *Motion for the Appointment of a*

20

*Chapter 11 Trustee.*

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF DEPOSITION OF WILL HOVI**

TO: Will Hovi                                  Samuel A. Schwartz
                                               Schwartz Law, PLLC
                                               601 East Bridger Avenue
                                               Las Vegas, NV 89101

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

Procedure, made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Ryan

Drexler, by and through his undersigned counsel, will take the deposition upon oral examination

of Will Hovi, at the date, time, and pursuant to the means indicated below.

PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by audio,

audiovisual, or stenographic means before a court reporter duly authorized to administer oaths.

This deposition will continue from day to day and from time to time until necessary to complete.

**DATE:** At a date as may be agreed to by the parties or otherwise ordered by the Court.

**TIME:** At a time as may be agreed to by the parties or otherwise ordered by the Court.

**PLACE/MEANS:** At a location as may be agreed to by the parties or otherwise ordered

by the Court.

**TOPICS:** All matters at issue in Ryan Drexler's *Motion for the Appointment of a*

*Chapter 11 Trustee.*

14

1

2

**NOTICE OF DEPOSITION OF NICHOLAS RUBIN**

3

TO: Nicholas Rubin                                    Samuel A. Schwartz

4                                                                    Schwartz Law, PLLC
                                                                     601 East Bridger Avenue
5                                                                    Las Vegas, NV 89101

6            PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

7    Procedure, made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Ryan

8    Drexler, by and through his undersigned counsel, will take the deposition upon oral examination

9    of Nicholas Rubin, at the date, time, and pursuant to the means indicated below.

10           PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by audio,

11   audiovisual, or stenographic means before a court reporter duly authorized to administer oaths.

12

13   This deposition will continue from day to day and from time to time until necessary to complete.

14           **DATE:** At a date as may be agreed to by the parties or otherwise ordered by the Court.

15           **TIME:** At a time as may be agreed to by the parties or otherwise ordered by the Court.

16           **PLACE/MEANS:** At a location as may be agreed to by the parties or otherwise ordered

17

18   by the Court.

19           **TOPICS:** All matters at issue in Ryan Drexler's *Motion for the Appointment of a*

20   *Chapter 11 Trustee.*

21

22

23

24

25

26

27

28

15

# EXHIBIT D

# EXHIBIT D

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:     (608) 630-8990
Facsimile:     (608) 630-8991
mrichman@steinhilberswanson.com

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:     (702) 386-8600
Facsimile:     (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No.: 22-14422-NMC<br>Chapter 11 |
| MUSCLEPHARM CORPORATION, | |
| Debtor. | **RYAN DREXLER'S OMNIBUS INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND NOTICES OF DEPOSITION TO EMPERY TAX EFFICIENT, LP, RYAN LANE, AND TIMOTHY SILVER** |

        Ryan Drexler, by and through his undersigned counsel, pursuant to Rules 30, 33, and

34 of the Federal Rules of Civil Procedure, made applicable through Rule 7030, 7033, and

7034 of the Federal Rules of Bankruptcy Procedure, hereby serves on Empery Tax Efficient,

LP, Ryan Lane, and Timothy Silver, the following interrogatories, requests for production,

and notices of deposition. The interrogatories and requests for production must be responded

to by 4:00 pm. (Pacific Time) on August 4, 2023, or such other shorter time as agreed by the

parties or otherwise ordered by the Court. All such responses should also be continually

updated as further information becomes available or is otherwise obtained.

1

# DEFINITIONS

These definitions shall apply to all instructions and responses to the below Interrogatories and Requests for Production.

1. "<u>Affiliate</u>" shall mean any individual, general partnership, limited partnership, trust, estate, corporation, limited liability company, or business trust that is owned by, directly or indirectly controlled by, or acts at the direction or for the benefit of the Person or Entity named and includes an affiliate of an affiliate.

2. "<u>Communication(s)</u>" shall mean, without limitation, any transmittal, conveyance or exchange of a word, statement, fact, thing, idea, Document, instruction, information, demand, question or other information by any medium, whether by written, oral or other means, including but not limited to personal conversations, written correspondence, memoranda, letters, reports, publications, electronic communications, text messaging, instant messaging, messages via social media and electronic mail.

3. "<u>Date</u>" means the exact day, month, and year, if known, or if not known, your best approximation thereof. Exact dates shall be given in all answers except where it is explicitly indicated that an approximate date may be given.

4. "<u>Debtor</u>" shall mean MusclePharm Corporation, the debtor in the Chapter 11 case of *In re MusclePharm Corporation*, Case No. 22-14422-NMC ("<u>Bankruptcy Case</u>"), pending in the United States Bankruptcy Court District of Nevada (the "<u>Bankruptcy Court</u>"), and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants representatives, any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

5. "<u>Document</u>" is intended to be as broad as it is used in FRCP 26 and 34, and includes, without limitation:

   a. the original (or an identical duplicate if the original is not available) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any kind of physical media

   b. any printed, typewritten, handwritten, electronic, or otherwise recorded matter of whatever character of communications, letters, correspondence, electronic mail, text messages, instant messages, memoranda, notes, Post-Its, media releases or articles, photographs, tape or sound recordings, contracts, agreements, telephone records, diaries, desk calendars, appointment calendar, group scheduler calendars, statements, reports, journal, minutes, working paper, financial report, accounting report, work papers, facsimile, facsimile transmission, drafts, logs, chart, graph, index, directory, scheduling data, databases, spreadsheets, presentations, word processed documents, bulletins, design schedules, supplemental instructions, time cards, drawings, shop drawings, progress payments, progress schedules, estimates, equipment time cards, design

2

calculations, design meeting minutes, coordination meeting minutes, and material similar to any of the foregoing, however denominated and to whomever addressed, computer directory, computer disk, computer tape, or any written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents

c.      For the avoidance of doubt, electronically-stored information with all metadata intact shall be produced whenever available in the format described below.

6.      "Empery" shall mean Empery Tax Efficient, LP, and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, including Ryan Lane and Timothy Silver, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

7.      "Entity" includes, without limiting the generality of its meaning, every corporation, partnership, association, limited liability company, joint venture and professional business entity or any iteration, subsidiary, or affiliate thereof.

8.      "Insider" shall mean (i) Your relatives; (ii) partnerships in which You are a general partner; or (iii) corporations, companies or partnerships in which you are a partner, director, officer, or person in control of You.

9.      "JWN" shall mean JW Nutritional LLC, and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, including Jesse Windrix and Peter Jungsberger, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

10.     "MHF" shall mean MHF Opco, LLC (formerly known as Mill Haven Foods, LLC), and any Affiliate or Insider thereof and its agents, servants, employees, attorneys, accountants, representatives, including Brian Slater, and any other Person or Entity over which it has control or has a superior right to compel to do an act or produce an item.

11.     "Person" shall mean any natural person, trust, Entity, association of entities and/or natural persons, and/or governmental body.

12.     "Petition Date" means December 15, 2022.

13.     "You" or "Your" means either Empery, Ryan Lane, or Timothy Silver as directed to answer the respective interrogatories and requests for production and any Affiliate or Insider thereof and Your agents, servants, employees, attorneys, accountants, representatives, any other Person or Entity over which You have control or have a superior right to compel to do an act or produce an item, and any Entity You were or are an agent, manager, officer, or director or otherwise maintained or maintain a supervisory, advisory, or consulting role.

3

## INSTRUCTIONS TO INTERROGATORIES

1.      If you claim any form of privilege, whether based upon statute or otherwise, as a ground for not identifying requested documents, identify the Interrogatory to which the document is responsive and set forth all facts upon which such claim of privilege is based, and for each document as to which you claim any form of privilege, identify: (a) the date of the document; (b) the date upon which the document was prepared; (c) the title or caption of the document; (d) the form of the document (e.g., letter, memorandum, chart); (e) the subject matter of the document; (f) the author(s) and/or any and all other persons involved or participating in preparing or drafting the document; and (g) the recipient(s) of the document or any copy thereof, including all persons to whom the document has been provided or who have it within their possession, custody or control.

2.      Whenever an Interrogatory requests you to "state the facts" or "describe," you should provide all information relating or referring to the subject matter of such Interrogatory, including, but not limited to, a specification of dates of all events that relate to such subject matter, the identity of all oral communications and meetings relating to the subject matter, the identity of all persons with knowledge of the facts that relate to such subject matter, and the identity of all documents that relate to, refer to, or contain information concerning the subject matter of such Interrogatory. If there are any oral or written communications concerning the subject matter of the Interrogatory, include the identity of the participants to such communications, and set forth the substance of such communications.

3.      Whenever a date, amount or other computation or figure is requested, the exact date, amount or other computation or figure is to be given, unless it is unknown. If the exact date, amount or other computation or figure is unknown, the approximate date, amount or other computation or figure should be given (or the best estimate thereof), and the answer should state that the date, amount or other computation or figure provided is an estimate or approximation.

4.      Where facts are set forth in the answers or portions thereof and are supplied upon information and belief, rather than your direct personal knowledge, you should so state, and specifically identify each source of such information and belief. Should you be unable to answer any Interrogatory, or any portion thereof, by either actual knowledge or upon information or belief, you should so state.

5.      Except for reference to defined or designated terms, or unless otherwise expressly stated, each Interrogatory shall be construed independently and not by reference to any other Interrogatory herein for purposes of limitation.

6.      Except where otherwise indicated, these Interrogatories cover the period from **January 1, 2022 through the present date**, (the "**Applicable Period**") and request the identification of all documents prepared, sent or received, in whole or in part, during such period, and of all documents, whenever prepared, which relate to any part of such period.

7.      Whenever appropriate, the singular form of a word should be interpreted in the plural and vice versa to bring within the scope of the Interrogatory any information which otherwise might be construed to be outside the scope. All words and phrases shall be construed as masculine, feminine or gender neutral, according to context and to bring within the scope of the Interrogatory any information which otherwise might be construed to be outside the scope.

8.    These Interrogatories are continuing in nature and you are directed to seasonably supplement any prior response to the extent new or additional information subsequently becomes known to you. In such event, you are requested to include in any supplementary response the date and manner in which the new or additional information became known.

## INTERROGATORIES

**Interrogatory Nos. 1–5 are directed to Empery, Ryan Lane, and Timothy Silver**

**INTERROGATORY NO 1.**  Identify each person providing information for the responses to these Interrogatories, the specific Interrogatory for which the person provided information, and the title and business address of each such person.

**INTERROGATORY NO 2.**  Identify all persons whom You know, or have reason to believe, have knowledge of any facts relevant to the issues described in the *Motion for the Appointment of a Chapter 11 Trustee* [ECF No. 447] ("Trustee Motion").

**INTERROGATORY NO 3.**  State the name, occupation, address, and telephone number of each witness (fact or expert) that You expect to call or rely upon at a hearing on the Trustee Motion together with a summary of the matters to be testified about within the knowledge of each such witness.

**INTERROGATORY NO. 4.**  Provide an accounting of funds provided by the Lender (as described in the Final DIP Order) to the Debtor and all prepetition indebtedness "rolled-up" into the DIP Notes (as described in the Final DIP Order) pursuant to any debtor-in-possession financing agreements between You and the Debtor, including Exhibits A and B to the *Final Order Regarding Emergency Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 and Fed. R. Bankr. P. 4001(b) and 4001(d): (I) Authorizing the Debtor to Obtain Postpetition Financing, (II) Granting Senior Secured Liens and Administrative Expense Claims, (III) Determining Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [ECF No. 296] ("Final DIP Order").

**INTERROGATORY NO. 5.**  Provide an accounting of all payments made to Prestige Capital Finance, LLC's Claim No. 14, including payments made to You in respect to Claim No. 14 as held by MP Collateral LLC as evidenced by the *Transfer of Claim Other than for Security* [ECF No. 360].

## INSTRUCTIONS TO REQUESTS FOR PRODUCTION

1.      You shall produce all responsive Documents and Communications in electronic format to mjurkash@steinhilberswanson.com.

2.      Except where otherwise indicated, these Requests for Production cover the period from **January 1, 2022 through the present date**, (the "**Applicable Period**") and request the production of all documents and communications prepared, sent or received, in whole or in part, during such period, and of all documents and communications, whenever prepared, which relate to any part of such period.

3.      You shall produce all Documents in the manner in which they are maintained in the usual course of business and/or shall organize and label Documents to correspond with the categories of this Request. A Request for Documents shall be deemed to include a Request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

4.      In producing Documents and other materials, You are requested to furnish all Documents or things in Your possession, custody, or control, regardless of whether such Documents or materials are possessed by You directly or Your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by Your attorneys or their agents, employees, representatives, or investigators.

5.      If any of the information contained in the answers to these Requests is not within Your personal knowledge, so state. The answers to the Requests should identify every Person, Document, and Communication upon which You rely for the information contained in the answer not based solely on Your own personal knowledge.

6.      If You cannot answer any portion of the following Requests in full, after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portion.

7.      You are requested to provide all responsive Documents within Your possession, custody, or control. In the event that You provide only a portion of the Documents called for by any particular Request, state the reason(s) for Your inability to provide the remainder of the Documents requested and the identity of the Document(s).

8.      In the event the Documents called for by any particular request are no longer in Your possession, custody or control, state the reason(s) why those Documents are no longer in Your possession, custody, or control and the identity of the Document(s) and all Your knowledge regarding who currently has possession, custody or control of the Document(s).

9.      In the event that Documents called for by any particular request have been lost or destroyed, please state: (i) the date on which the Document(s) were lost or destroyed; (ii) the manner in which the Document(s) were lost or destroyed; (iii) the identity of the Document(s); (iv) the information contained within such Document(s) and the nature of the Document(s); and (v)

and the identity of any person(s) who has knowledge of the contents of the Document(s) or has received a copy of such Document(s).

10.     If You withhold any Document pursuant to a claim of privilege, You shall expressly make the claim of privilege and produce a privilege log in compliance with Fed. R. Civ. P. 26(b)(5), incorporated by Fed. R. Bankr. P. 7026.

11.     Documents attached to each other should not be separated.

12.     Documents not otherwise responsive to this discovery request shall be produced if such Documents mention, discuss, refer to, or explain the Documents that are called for in the discovery request.

13.     The fact that a Document has been produced by another party does not relieve You of Your obligation to produce Your copy of the same Document, even if the two Documents are identical.

14.     The terms "each" and "all" shall be construed as "all and each."

15.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be outside of the scope.

16.     The use of the singular form of any word includes the plural and vice versa.

17.     The use of the feminine form of any word includes the masculine and vice versa.

# REQUESTS FOR PRODUCTION

**Requests for Production Nos. 1–11 are directed to Empery, Ryan Lane, and Timothy Silver.**

**REQUEST FOR PRODUCTION NO. 1.**    Produce all documents and communications that You relied upon to respond to the above Interrogatories.

**REQUEST FOR PRODUCTION NO. 2.**    Produce all documents and communications that refer or relate to any sale, auction, appraisal, or valuation of any of the Debtor's assets, in whole or in part, either before or after the Petition Date.

**REQUEST FOR PRODUCTION NO. 3.**    Produce all documents and communications that refer or relate to the desirability of continuing the Debtor's business as a going concern.

**REQUEST FOR PRODUCTION NO. 4.**    Produce all documents and communications that refer or relate to the retention of Nicholas Rubin as the Debtor's independent director.

**REQUEST FOR PRODUCTION NO. 5.**    Produce all documents and communications with Empery regarding Ryan Drexler.

**REQUEST FOR PRODUCTION NO. 6.**    Produce all documents and communications that refer or relate to any new customers to which the Debtor has sold products since the Petition Date.

**REQUEST FOR PRODUCTION NO. 7.**    Produce all documents and communications that refer or relate to interest expressed by any customers to which the Debtor had the opportunity to sell products, but did not sell products, since the Petition Date.

**REQUEST FOR PRODUCTION NO. 8.**    Produce all documents and communications that refer or relate to marketing of the Debtor's products.

**REQUEST FOR PRODUCTION NO. 9.**    Produce all documents and communications that refer or relate to any sellers to, or purchasers from, the Debtor that have ceased doing business with the Debtor.

**REQUEST FOR PRODUCTION NO. 10.**  Produce all documents and communications that refer or relate to increases or decreases in product inventory held by the Debtor or by JWN on the Debtor's behalf.

**REQUEST FOR PRODUCTION NO. 11.**  Produce all documents and communications that refer or relate to the Debtor's engagement or termination of product manufacturers or contract manufacturers.

**Requests for Production Nos. 12–16 are directed to Ryan Lane.**

**REQUEST FOR PRODUCTION NO. 12.**  Produce all documents and communications supporting your sworn statement that "On February 8, 2023, I am informed and believe that an unknown individual contacted the Westport Board of Education, where I reside, and asked numerous school board members about my wife. This individual called the members' mobile

8

numbers from a blocked number and purported to be a New York Times Reporter. Given other events that occurred at the same time, I believe that Drexler was involved in the placing of these calls." found at paragraph 5 of the *Declaration of Ryan Lane* [ECF No. 15-1], filed in *Drexler v. Silver*, Case No. 23-cv-00128 (D. Nev. March 24, 2023).

**REQUEST FOR PRODUCTION NO. 13.** Produce all documents and communications supporting your sworn statement that "On February 17, 2023, my wife received an anonymous letter addressed to her that alleged I had been unfaithful. I believe the letter was contrived or caused to be sent by Drexler." found at paragraph 6 of the *Declaration of Ryan Lane* [ECF No. 15-1], filed in *Drexler v. Silver*, Case No. 23-cv-00128 (D. Nev. March 24, 2023).

**REQUEST FOR PRODUCTION NO. 14.** Produce all documents and communications supporting your sworn statement that "On April 1, 2023, I am informed and believe that my neighbors received anonymous letters alleging that I had engaged in criminal behavior. Given the contentious nature of the various litigation with Drexler, as well as other facts, I believe that Drexler sent the letter to my neighbors." found at paragraph 7 of the *Declaration of Ryan Lane* [ECF No. 15-1], filed in *Drexler v. Silver*, Case No. 23-cv-00128 (D. Nev. March 24, 2023).

**REQUEST FOR PRODUCTION NO. 15.** Produce all documents and communications supporting your sworn statement that "On April 5, 2023, a Facebook account using the name and picture of a 30-year Chicago Kirkland & Ellis LLP ("K&E") law partner Wendy Bloom began posting about me in Westport community message boards. The fake Facebook Profile posts suggested that I was a danger to children in the community. After contacting Facebook, they confirmed that the account was created from a Northern Nevada Internet Protocol ("IP") address, but would not provide me the exact IP address. I have since received confirmation that K&E partner Wendy Bloom did not create the Facebooker. Wendy Bloom confirmed she still resides in the Chicago area. Likewise, I have not seen or heard of any individual named Wendy Bloom in my neighborhood, nor has anyone moved to my small neighborhood recently, as alleged in the posts. On April 14, 2023, I am informed and believed that the email address bloomwendy452@gmail.com emailed the Westport School District school board members. The email suggests that I am violent criminal and may be a danger to children and wanted to inform the school board 'in the event that something happens involving Mr. Lane in the future . . . in case Mr Lane acts violent or erratic in the future.' . . . Given the timing of the allegations, as well as other actions and information I have seen, I believe them to have been orchestrated by Drexler. . . .'" found at paragraphs 9 through 15 of the *Declaration of Ryan Lane* [ECF No. 15-1], filed in *Drexler v. Silver*, Case No. 23-cv-00128 (D. Nev. March 24, 2023).

**REQUEST FOR PRODUCTION NO. 16.** Produce all documents and communications supporting your sworn statement that "Drexler launched a clandestine campaign to intimidate me through anonymous communications to my spouse, my children's school board, my neighbors, and members of the town in which I reside through posts on social media groups." found at paragraph 14 of the *Declaration of Ryan Lane in Support of Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 508], filed in the Bankruptcy Case.

**Request for Production No. 17 is directed to Empery, Ryan Lane, and Timothy Silver**

**REQUEST FOR PRODUCTION NO. 17.** To the extent text messages responsive to the above requests directed to You were deleted from Your mobile phone and are unrecoverable from cloud-based or hard drive backups, please immediately request from your service provider and produce a log of such text messages containing the date, time, to, from, direction, and message type (i.e., text, picture/video, etc.) for each message. Such logs may also be available to be generated directly by You through Your online account, without requesting them from Your provider.

1

2

## NOTICE OF DEPOSITION OF FRCP 30(B)(6) DESIGNEE OF
## EMPERY TAX EFFICIENT, LP

3

TO: Empery Tax Efficient, LP        Gregory E. Garman, Esq.

4

William M. Noall, Esq.

Mark M. Weisenmiller, Esq.

5

Garman Turner Gordon LLP

7251 Amigo Street, Suite 210

6

Las Vegas, Nevada 89119

7

8

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

9

Procedure, made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Ryan

10

Drexler, by and through his undersigned counsel, will take the deposition upon oral examination

11

of the designated corporate officer, director or managing agent of Empery Tax Efficient, LP

12

pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, at the date, time, and pursuant

13

to the means indicated below.

14

15

PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by audio,

16

audiovisual, or stenographic means before a court reporter duly authorized to administer oaths.

17

This deposition will continue from day to day and from time to time until necessary to complete.

18

**DATE:** At a date as may be agreed to by the parties or otherwise ordered by the Court.

19

20

**TIME:** At a time as may be agreed to by the parties or otherwise ordered by the Court.

21

**PLACE/MEANS:** At a location as may be agreed to by the parties or otherwise ordered

22

by the Court.

23

**TOPICS:** All matters at issue in Ryan Drexler's *Motion for the Appointment of a*

24

*Chapter 11 Trustee.*

25

26

27

28

11

### NOTICE OF DEPOSITION OF RYAN LANE

TO: Ryan Lane

Gregory E. Garman, Esq.
William M. Noall, Esq.
Mark M. Weisenmiller, Esq.
Garman Turner Gordon LLP
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Ryan Drexler, by and through his undersigned counsel, will take the deposition upon oral examination of Ryan Lane, at the date, time, and pursuant to the means indicated below.

PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by audio, audiovisual, or stenographic means before a court reporter duly authorized to administer oaths. This deposition will continue from day to day and from time to time until necessary to complete.

**DATE:** At a date as may be agreed to by the parties or otherwise ordered by the Court.

**TIME:** At a time as may be agreed to by the parties or otherwise ordered by the Court.

**PLACE/MEANS:** At a location as may be agreed to by the parties or otherwise ordered by the Court.

**TOPICS:** All matters at issue in Ryan Drexler's *Motion for the Appointment of a Chapter 11 Trustee.*

1

**NOTICE OF DEPOSITION OF TIMOTHY SILVER**

2

3    TO: Timothy Silver                    Gregory E. Garman, Esq.
                                           William M. Noall, Esq.
4                                          Mark M. Weisenmiller, Esq.
                                           Garman Turner Gordon LLP
5                                          7251 Amigo Street, Suite 210
                                           Las Vegas, Nevada 89119
6

7         PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil

8    Procedure, made applicable by Rule 7030 of the Federal Rules of Bankruptcy Procedure, Ryan

9    Drexler, by and through his undersigned counsel, will take the deposition upon oral examination

10   of Timothy Silver, at the date, time, and pursuant to the means indicated below.

11

12        PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by audio,

13   audiovisual, or stenographic means before a court reporter duly authorized to administer oaths.

14   This deposition will continue from day to day and from time to time until necessary to complete.

15        **DATE:** At a date as may be agreed to by the parties or otherwise ordered by the Court.

16        **TIME:** At a time as may be agreed to by the parties or otherwise ordered by the Court.

17

18        **PLACE/MEANS:** At a location as may be agreed to by the parties or otherwise ordered

19   by the Court.

20        **TOPICS:** All matters at issue in Ryan Drexler's *Motion for the Appointment of a*

21   *Chapter 11 Trustee.*

22

23

24

25

26

27

28

13

# EXHIBIT E

# EXHIBIT E

**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:    (608) 630-8990
Facsimile:    (608) 630-8991
mrichman@steinhilberswanson.com

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:    (702) 386-8600
Facsimile:    (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | |
| MUSCLEPHARM CORPORATION, | Case No.  BK-22-14422-NMC |
| Debtor. | Chapter 11 |

**RYAN DREXLER'S RESPONSES TO MUSCLEPHARM CORPORATON'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION**

Ryan Drexler ("<u>Drexler</u>"), by and through his undersigned counsel, hereby responds to MusclePharm Corporation's (the "<u>Debtor</u>") (1) First Set of Interrogatories to Ryan Drexler (the "<u>Interrogatories</u>") and (2) First Set of Requests for Production of Documents to Ryan Drexler (the "<u>Requests for Production</u>, and collectively with the Interrogatories, the "<u>Discovery Requests</u>"). Drexler's responses to the Discovery Requests are subject to *Ryan Drexler's Objections to MusclePharm Corporation's First Set of Interrogatories and Requests for Production* (the "<u>Objections</u>").

**<u>Responses to Interrogatories</u>**

**INTERROGATORY NO. 1:** State each factual basis for Your allegation in the Trustee Motion that "at least one supplier of protein powder who is a member of the Committee has been charging the

Debtor above-market prices, requiring the Debtor to raise prices to its customers in a manner that renders the Debtor's products uncompetitive with similar products." *See* Trustee Motion, pg. 4 of 34.

**Response:** Subject to the Objections, and to the production of documents and information, and other evidence to be presented at the evidentiary hearing of the Trustee Motion, Drexler believes that JW Nutritional, LLC ("JWN") has been charging the Debtor above-market prices. Drexler's allegations are based upon his review of prices being charged in the market by Muscle & Strength, one of the Debtor's customers. Drexler also reviewed the Debtor's monthly operating reports, which demonstrated that the Debtor was only earning approximately 30% gross margin on its products, when Drexler believes the Debtor should have been earning at least 40% gross margin. Drexler prepared a cost model to make this determination. Drexler further observed that the Debtor had increased prices of its products for sale, which made them more expensive than competitor prices for similar products. Drexler has requested documents from the Debtor and JWN to obtain more specific information relating to JWN's pricing to the Debtor, and the impact of that pricing on the Debtor's resulting sales.

**INTERROGATORY NO. 2:** State each factual basis for Your allegation in the Trustee Motion that "this kind of price gouging from a member of the Committee is an effort to recoup pre-petition claims and losses by charging higher post-petition prices [and] has Empery's support and encouragement . . . ." *See* Trustee Motion, pg. 5 of 34.

Subject to the Objections, and to the production of documents and information, and other evidence to be presented at the evidentiary hearing of the Trustee Motion, JWN filed a proof of claim in the amount of $842,799.19 based on various unpaid invoices between JWN and the Debtor. As discussed above, Drexler believes that JWN is purchasing protein powder at the same cost at which the Debtor could buy it directly, and then marking it up as part of the price it charges the Debtor for manufacturing the Debtor's products. In contrast, prior to the bankruptcy, JWN passed on to the Debtor the costs of protein without marking it up. In effect, this means that the Debtor is making post-petition payments to a "middleman" unsecured creditor that are completely unnecessary, and would not likely be tolerated by the Debtor in a non-bankruptcy environment. The argument that this conduct constitutes price-gouging and is in substance a recouping by JWN of its unpaid prepetition unsecured claim is legal argument,

based on evidence and inferences, which will necessarily follow complete production of documents and information, and a trial on the Trustee Motion.

**INTERROGATORY NO. 3:** State each factual basis for Your allegation in the Trustee Motion that "the Debtor has lost profitable accounts . . . ." *See* Trustee Motion, pg. 17 of 34.

> **Response:** Subject to the Objections, and to the production of documents and information, and other evidence to be presented at the evidentiary hearing of the Trustee Motion, Drexler contends that Avador Business Group, CA – Eat Routes, Inc., Comercializadora, DNA Sports Nutrition, MDM Global, iHerb, Muscle Foods, and Shri Balaji Overseas have stopped purchasing the Debtor's products. Drexler obtained this information from Jason Keenan or Will Hovi.

**INTERROGATORY NO. 4:** State each factual basis for Your allegation in the Trustee Motion that "the Debtor is missing out on valuable sales . . . ." *See* Trustee Motion, pg. 17 of 34.

> **Response:** Subject to the Objections, and to the production of documents and information, and other evidence to be presented at the evidentiary hearing of the Trustee Motion, Drexler has alleged that the Debtor is "missing out on valuable sales" because, among other reasons (believed to include pricing), several companies have ceased to do business with it, and continuing customers are doing less business with it. Drexler respectfully refers the Debtorf to his response to Interrogatory No. 3. In addition, based upon Instagram messages sent by Eric Hillman, Drexler believes that the Debtor is deliberately not pursuing sales or marketing opportunities.

**INTERROGATORY NO. 5:** State each factual basis for Your allegation in the Trustee Motion that protein component market prices are "plummeting," including the date on which You have assessed protein component market prices and the sources on which you relied. *See* Trustee Motion, pg. 17 of 34.

> **Response:** Subject to the Objections, and to the production of documents and information, and other evidence to be presented at the evidentiary hearing of the Trustee Motion, Drexler monitors protein prices from time-to-time in order to gauge and assess developments in the market. To do this, Drexler relies upon, among other things, public information on the internet. Drexler also relied upon the Debtor's budgets and other financial information supplied to the

Court. Based on that information, Drexler understands that in early 2023 protein prices dropped to approximately $1.80 per pound, which represented a greater than 50% decline in price over the previous six months. Drexler has also had conversations with Jason Keenan and Will Hovi during which they reported that JWN was purchasing protein powder at the same cost at which the Debtor could buy it directly, and then marking it up as part of the price it charges the Debtor for manufacturing the Debtor's products. In contrast, prior to the bankruptcy, JWN passed on to the Debtor the costs of protein without marking it up. This likely forced the Debtor to raise its prices with consequent negative impacts to sales.

**INTERROGATORY NO. 6:** State each factual basis for Your allegation in the Trustee Motion that "[f]unds that were to be used to build inventory appear to have been diverted to professional fees[,]" including the identity of the intended recipient of the funds, the amount of the funds You contend were diverted, and the date of the alleged diversion. *See* Trustee Motion, pg. 17 of 34.

**Response:** Subject to the Objections, this interrogatory calls for legal argument, which will necessarily follow complete production of documents and information, and a trial on the Trustee Motion. However, the factual basis includes that on March 8, 2023, the Court entered its final order approving post-petition financing, which included an annual budget that delayed inventory build until July 2023. On March 27, 2023, the Debtor filed a final budget which similarly did not reflect any inventory build through June 11, 2023. The Debtor's monthly operating reports also do not report any expenses incurred for inventory build. Indeed, the Debtor's May operating report indicates only $95,302 in inventory, which was unchanged from the previous two months. Finally, the Debtor's monthly operating reports appear to show DIP loan advances of approximately $2.5 million, and the Court has approved professional fee applications that total to $1.45 million (and Drexler believes that the professionals have been paid substantially more through the monthly fee application process). In the circumstances there does not appear to be any material amount of DIP financing that has been used by the Debtor for its business operations, contrary to the representations made by the Debtor and other parties in seeking Court approval for such financing.

**INTERROGATORY NO. 7:** State each factual basis for Your allegation in the Trustee Motion that "Debtor has misled the Court and parties by failing to purchase materials or otherwise expand the business, and appear not to have spent any money building their inventory since the case began." *See* Trustee Motion, pg. 18 of 34.

**Response:** Subject to the Objections, and to the production of documents and information, and other evidence to be presented at the evidentiary hearing of the Trustee Motion, the final order approving post-petition financing authorized a $1 million inventory acquisition line of credit "to fund Debtor's acquisition of inventory in accordance with the Budget on an as needed basis." But the Debtor's budget and monthly operating reports suggest that the Debtor has not acquired any inventory so that it can expand its business and fulfill purchase orders.

**INTERROGATORY NO. 8:** State each factual basis for Your allegation in the Trustee Motion that there are "alternative sources of cheaper protein . . . ," including the name of each alternative source. *See* Trustee Motion, pg. 17 of 34.

**Response:** Subject to the Objections, and to the production of documents and information, and other evidence to be presented at the evidentiary hearing of the Trustee Motion, Drexler monitors protein prices from time-to-time in order to gauge and assess the market. He believes that BESTWHEY, LLC, Bulk Buy USA, Bongards, Osage, JLS/Marquez, and Atlantic Grain & Trade are examples of alternative sources of cheaper protein.

**INTERROGATORY NO. 9:** Identify the discovery obtained through Rule 2004 examinations sought by White Winston, Empery, and You that "has already started expensive litigation among the parties and will soon raise further disputes with the Debtor over the claims and causes of action to which, respectively, the Debtor should object or otherwise prosecute" as alleged in Your Trustee Motion. *See* Trustee Motion, pg. 16-17 of 34.

**Response:** On February 17, 2023, Empery sought and obtained an order authorizing a Rule 2004 examination of Drexler and White Winston Select Asset Funds, LLC. On February 17, 2023, White Winston Select Asset Funds, LLC sought and obtained an order authorizing a Rule 2004 examination of Empery. On March 29, 2023, while that discovery was pending, White Winston Select Asset Funds, LLC commenced an adversary proceeding against Empery and other affiliated noteholders. In addition, in part while that discovery was pending, Empery and White Winston Select Asset Funds, LLC engaged in various litigation and contested matters regarding the Debtor's post-petition financing. All those matters were pending and ongoing at

the time the Trustee Motion was filed. In addition, since the Trustee Motion was filed, Empery filed its Emergency Motion to Enforce the Intercreditor and Subordination Agreement and filed an adversary proceeding against Drexler.

**INTERROGATORY NO. 10:** Describe the processes, controls, and procedures, including internal control over financial reporting and disclosure controls and procedures, that the Debtor had in place from the first quarter of 2021 through the Petition Date to provide investors with assurance that the Debtor's accounting and public reports were accurate.

**Response:** As set forth in the Objections, Drexler objects to the entirety of this interrogatory and will not respond.

**INTERROGATORY NO. 11:** Identify the "information received from other sources" that You refer to in Your *Objection to Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 506], including the name of the source and the nature and form of the information.

**Response:** Subject to the Objections, the "other sources" were telephone conversations with Will Hovi and Jason Keenan.

**INTERROGATORY NO. 12:** Describe the information that You allege indicates that a regular course of communications between and among Empery, JW Nutritional LLC, the Debtor's chief executive officer, and the Debtor's Independent Director will show a deliberate restraint of sales of Debtor's products in order to artificially depress the value of the Debtor's business and reduce the proceeds that might be received in an auction sale, as alleged in Your *Objection to Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 506].

**Response:** Subject to the Objections, and to the production of documents and information, and other evidence to be presented at the evidentiary hearing of the Trustee Motion, Drexler respectfully refers the Debtor to his response to Interrogatory No. 11.

**INTERROGATORY NO. 13:** Describe the factual circumstance Concerning the turnover of principal accounting officers of MusclePharm in the third quarter of 2017.

**Response:** As set forth in the Objections, Drexler objects to the entirety of this interrogatory and will not respond.

**INTERROGATORY NO. 14:** Describe MusclePharm's process for recognizing revenue on inventory which has been temporarily stored off-site in trailers rather than being shipped to MusclePharm's customers prior to year-end.

**Response:** As set forth in the Objections, Drexler objects to the entirety of this interrogatory and will not respond.

**INTERROGATORY NO. 15:** State each factual basis for the statement in MusclePharm's Form 10-Q filed on May 16, 2022, that:

> The Company has deficiencies in the design and operation of its internal controls in the financial processes related to the accounting for cash, accounts receivable, accounts payable, inventory, accrued liabilities, income taxes, debt, equity, revenue, costs of sales, stock-based compensation, and expenses classification. In addition, the Company has insufficient controls over the financial close and reporting process, including account reconciliations and preparation and review of financial statements and related disclosures.

**Response:** As set forth in the Objections, Drexler objects to the entirety of this interrogatory and will not respond.

**INTERROGATORY NO. 16:** Identify each person or entity You believe has discoverable information Concerning Your allegations in the Trustee Motion.

**Response:** Subject to the Objections, the following individuals have discoverable information concerning the allegations in the Trustee Motion: Ryan Drexler, Nicholas Rubin, Will Hovi, Eric Hillman, Jason Keenan, Brian Slater, Jesse Windrix, Peter Jungsberger, Ryan Lane, Timothy Silver, Andreas Padvaiskas, JWN, Empery, SK Nutrition, and the Debtor. Because discovery is ongoing, Drexler specifically reserves his right to supplement this interrogatory.

### Responses to Requests for Production

**REQUEST NO. 1:** Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "at least one supplier of protein powder who is a member of the Committee has been charging the Debtor above-market prices, requiring the Debtor to raise prices to its customers in a manner that renders the Debtor's products uncompetitive with similar products." *See* Trustee Motion, pg. 4 of 34.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 2:** Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "at least one member of the Committee [is complicit] in Empery's objectives, and . . . the member is serving those objectives by charging the Debtor above-market prices for its protein inputs . . . ." *See* Trustee Motion, pg. 16 of 34.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his

possession, custody, or control.

**REQUEST NO. 3:** Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that the "Debtor's management has been allowing at least one Committee member to overcharge the Debtor for the component protein it needs to manufacture and sell its products . . . ." *See* Trustee Motion, pg. 17 of 34

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his

possession, custody, or control.

**REQUEST NO. 4:** Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "the Debtor has allowed at least one Committee member, along with Empery, to depress the Debtor's value and create the environment for a low-value 363 sale of the Debtor's assets." *See* Trustee Motion, pg. 17 of 34.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his

possession, custody, or control.

**REQUEST NO. 5:** Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "this kind of price gouging from a member of the Committee is an effort to recoup prepetition claims and losses by charging higher post-petition prices [and] has Empery's support and encouragement . . . ." *See* Trustee Motion, pg. 5 of 34.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his

possession, custody, or control.

**REQUEST NO. 6:** Produce all Documents and Communications Concerning Your allegation that "the Debtor has lost profitable accounts . . . ." *See* Trustee Motion, pg. 17 of 34.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his

possession, custody, or control.

**REQUEST NO. 7:** Produce all Documents and Communications Concerning Your allegation that "the Debtor is missing out on valuable sales . . . ." *See* Trustee Motion, pg. 17 of 34.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his

possession, custody, or control.

**REQUEST NO. 8:** Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that protein component market prices are "plummeting," including the sources on which you relied for protein component market prices. *See* Trustee Motion, pg. 17 of 34.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 9:** Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that the Debtor has not taken advantage of "alternative sources of cheaper protein to support more profitable sales" including Documents and Communications reflecting the identity of the supplier, pricing, and terms of sale for each alleged alternative source. *See* Trustee Motion, pg. 17 of 34.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 10:** Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "[f]unds that were to be used to build inventory appear to have been diverted to professional fees." *See* Trustee Motion, pg. 17 of 34.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control other than documents that have been filed with the Court.

**REQUEST NO. 11:** Produce all Documents and Communications Concerning Your allegation in the Trustee Motion that "Debtor has misled the Court and parties by failing to purchase materials or otherwise expand the business, and appear not to have spent any money building their inventory since the case began." *See* Trustee Motion, pg. 18 of 34.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control other than documents that have been filed with the Court.

**REQUEST NO. 12:** Produce the discovery obtained through Rule 2004 examinations sought by White Winston, Empery, and You that "has already started expensive litigation among the parties and will soon raise further disputes with the Debtor over the claims and causes of action to which, respectively, the Debtor should object or otherwise prosecute" as alleged in Your Trustee Motion. *See* Trustee Motion, pg. 16-17 of 34.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control other than documents that have been filed with the Court.

**REQUEST NO. 13:** Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and Will Hovi.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 14:** Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and Jason Keenan.

> **Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 15:** Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and Eric Hillman.

> **Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 16:** Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and any officer, director, or employee of the Debtor that has not been produced in response to a preceding Request.

> **Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 17:** Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and JW Nutritional LLC or any owner, member, principal, officer, director, representative, or employee thereof, including Jesse Windrix and Peter Jungsberger.

> **Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 18:**  Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and MHF Opco, LLC or any owner, member, principal, officer, director, representative, or employee thereof, including Brian Slater.

> **Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 19:** Produce all Communications from January 1, 2023 to the present between You or any person acting on Your behalf and Empery or any owner, member, principal, officer, director, representative, or employee thereof, including Tim Silver and Ryan Lane.

> **Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 20:** Produce all Communications from January 1, 2023 and the present between You or any person acting on Your behalf and any vendor or supplier to the Debtor or any owner, member, principal, officer, director, representative, or employee thereof.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 21:** Produce all Communications from January 1, 2023 and the present between You or any person acting on Your behalf and any competitor of the Debtor or any owner, member, principal, officer, director, representative, or employee thereof.

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 22:** Produce all Documents and Communications sent by, or received from, the "other sources" You refer to in Your *Objection to Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 506].

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 23:** Produce all Documents and Communications between and among Empery, JW Nutritional LLC, the Debtor's chief executive officer, and the Debtor's Independent Director that "will show a deliberate restraint of sales of Debtor's products in order to artificially depress the value of the Debtor's business and reduce the proceeds that might be received in an auction sale," as alleged in Your *Objection to Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 506].

**Response:** Subject to the Objections, Drexler will produce any responsive documents in his possession, custody, or control.

**REQUEST NO. 24:** Produce all Documents and Communications which contain, describe, or discuss any part of the processes, controls, and procedures, including internal control over financial reporting and disclosure controls and procedures, that the Debtor had in place from the first quarter of 2021 through the Petition Date to provide investors with assurance that the Debtor's accounting and public reports were accurate.

**Response:** As set forth in the Objections, Drexler objects to the entirety of this request for production and will not respond.

**REQUEST NO. 25:** Produce all Documents and Communications Concerning the design of, implementation of, or compliance with the processes, controls, and procedures referenced in the preceding Request.

**Response:** As set forth in the Objections, Drexler objects to the entirety of this request for production and will not respond.

**REQUEST NO. 26:** Produce all Documents and Communications discussed or relied upon in connection with the following statement in MusclePharm's Form 10-Q filed on May 16, 2022:

> The Company has deficiencies in the design and operation of its internal controls in the financial processes related to the accounting for cash, accounts receivable, accounts payable, inventory, accrued liabilities, income taxes, debt, equity, revenue, costs of sales, stock-based compensation, and expenses classification. In addition, the Company has insufficient controls over the financial close and reporting process, including account reconciliations and preparation and review of financial statements and related disclosures.

**Response:** As set forth in the Objections, Drexler objects to the entirety of this request for production and will not respond.

**REQUEST NO. 27:** Produce all Documents and Communications Concerning the turnover of principal accounting officers of MusclePharm in the third quarter of 2017 and MusclePharm's disclosure thereof.

**Response:** As set forth in the Objections, Drexler objects to the entirety of this request for production and will not respond.

**REQUEST NO. 28:** Produce all Documents and Communications Concerning MusclePharm's process for recognizing revenue on inventory which has been temporarily stored off-site in trailers rather than being shipped to MusclePharm's customers prior to year-end.

**Response:** As set forth in the Objections, Drexler objects to the entirety of this request for production and will not respond.

**REQUEST NO. 29:** Produce all Documents and Communications You may use to support Your allegations in the Trustee Motion.

**Response:** Subject to and without waiving the General Objections, Drexler anticipates responding to this request for production, except for documents and communications received from other parties in discovery on the Trustee Motion.

[signature page follows]

Dated: July 19, 2023.

*/s/ Ryan Drexler*
Ryan Drexler

As to objections:

**STEINHILBER SWANSON LLP**

*/s/ Michael P. Richman, Esq.*
MICHAEL P. RICHMAN
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:    (608) 630-8990
Facsimile:      (608) 630-8991
mrichman@steinhilberswanson.com

*Counsel for Ryan Drexler*

# EXHIBIT F

# EXHIBIT F

**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:    (608) 630-8990
Facsimile:    (608) 630-8991
mrichman@steinhilberswanson.com

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:    (702) 386-8600
Facsimile:    (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re | |
| MUSCLEPHARM CORPORATION, | Case No.  BK-22-14422-NMC |
| Debtor. | Chapter 11 |

### RYAN DREXLER'S SUPPLEMENTAL RESPONSE TO MUSCLEPHARM CORPORATON'S INTERROGATORY NO. 11

Ryan Drexler ("Drexler"), by and through his undersigned counsel, hereby submits this supplemental response to MusclePharm Corporation's (the "Debtor") Interrogatory No. 11, set forth in the Debtor's First Set of Interrogatories to Ryan Drexler. Drexler's supplemental response to this interrogatory is subject to *Ryan Drexler's Objections to MusclePharm Corporation's First Set of Interrogatories and Requests for Production* (the "Objections").

**[next page]**

**INTERROGATORY NO. 11:** Identify the "information received from other sources" that You refer to in Your *Objection to Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 506], including the name of the source and the nature and form of the information.

**Response:** Subject to the Objections, the "other sources" referenced in Drexler's *Objection to Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* were Jason Keenan and Will Hovi. To the best of his recollection, between January 2023 to April 2023, Drexler had approximately six or seven telephone conversations with each of Mr. Keenan and Mr. Hovi. Drexler remembers from his conversations that Mr. Keenan stated that the Debtor was paying one all-inclusive unit price for product; that JW Nutritional ("JWN") was not delivering product on time; that Mr. Keenan could not determine the Debtor's gross margin, but he believed that the Debtor's pricing was high on the websites on which the Debtor sold its products; and that Ryan Lane had regular communications with Eric Hillman. Drexler remembers from his conversations with Mr. Hovi that JWN was not delivering product on time. Drexler further remembers that either Mr. Keenan or Mr. Hovi suggested that Mr. Hilman was too focused on creatine, 200-pound protein, and shaker cups than he was in ensuring that the Debtor's products were delivered on time to its accounts and that the Debtor's gross margin was sufficient to support the Debtor's operations. Based on this information, together with other public sources of information described in Drexler's responses to the Debtor's other interrogatories, Drexler determined that the Debtor was being charged above-market prices for protein.

**[signature page follows]**

Dated: July 24, 2023.

/s/ Ryan Drexler
Ryan Drexler

As to objections:

**STEINHILBER SWANSON LLP**

/s/ Michael P. Richman, Esq.
MICHAEL P. RICHMAN
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:     (608) 630-8990
Facsimile:      (608) 630-8991
mrichman@steinhilberswanson.com

*Counsel for Ryan Drexler*

# EXHIBIT G

# EXHIBIT G

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Monday, July 24, 2023 2:36 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>
**Cc:** Olivier H. Reiher <oreiher@staffordlaw.com>; Shara Larson <shara@ghandilaw.com>; Teresa Pilatowicz <tpilatowicz@gtg.legal>; William Noall <wnoall@gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@gtg.legal>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman <Ggarman@gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Laura Schnetzer <lks@ghandilaw.com>; Joseph Went (jgwent@hollandhart.com) <jgwent@hollandhart.com>; David Hollander <DHollander@staffordlaw.com>; Douglas Poland <dpoland@staffordlaw.com>; Erin Deeley <EDeeley@staffordlaw.com>; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; Nicole K. Bailey <nbailey@staffordlaw.com>; Chris A. Barrow <ChrisBarrow@barrowgrimm.com>
**Subject:** Re: [EXTERNAL] RE: Meet and Confer Communication

You did interpret it correctly - trying to create a bit of time for us to prep here.

**Samuel A. Schwartz, Esq.**
Schwartz Law, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
702.802.2207 tel
SASchwartz@nvfirm.com


**\*\*CONFIDENTIALITY NOTICE\*\***
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

On Jul 24, 2023, at 12:33 PM, Michael Richman <mrichman@steinhilberswanson.com> wrote:


Not sure yet. Sam just wrote to request a 9:30 central (7:30 pacific) start time for Slater on Thursday.  Shara, can we start Windrix later on Thursday to avoid a potential conflict, or move it to Friday (morning or afternoon)?  (Sam, if I did not interpret your email correctly please let me know).

1

**From:** Olivier H. Reiher <oreiher@staffordlaw.com>
**Sent:** Monday, July 24, 2023 2:21 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; Samuel A. Schwartz <saschwartz@nvfirm.com>
**Cc:** Shara Larson <shara@ghandilaw.com>; Teresa Pilatowicz <tpilatowicz@gtg.legal>; William Noall <wnoall@gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@gtg.legal>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman <Ggarman@gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Laura Schnetzer <lks@ghandilaw.com>; Joseph Went (jgwent@hollandhart.com) <jgwent@hollandhart.com>; David Hollander <DHollander@staffordlaw.com>; Douglas Poland <dpoland@staffordlaw.com>; Erin Deeley <EDeeley@staffordlaw.com>; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; Nicole K. Bailey <nbailey@staffordlaw.com>; Chris A. Barrow <ChrisBarrow@barrowgrimm.com>; Olivier H. Reiher <oreiher@staffordlaw.com>
**Subject:** RE: [EXTERNAL] RE: Meet and Confer Communication

Michael,

That would be acceptable to us, assuming that you would have enough time for your deposition of Mr. Slater prior to your 1 pm deposition of JW.

Olivier

STAFFORD
ROSENBAUM
LLP

Celebrating
140
Years
of
Excellence

Olivier H. Reiher
oreiher@staffordlaw.com | 414.982.2888 (direct) | 608.698.4741 (cell) | Fax. 414.982.2889 |
1200 North Mayfair Road, Suite 430
Milwaukee, Wisconsin 53226-3282

www.staffordlaw.com | Stafford Blogs | LinkedIn

*Wisconsin member firm of ALFA International,*
*the premiere global network of independent law firms.*

This is a transmission from the law firm of Stafford Rosenbaum LLP and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify me immediately at the telephone number included above.

**From:** Michael Richman <mrichman@Steinhilberswanson.com>
**Sent:** Monday, July 24, 2023 2:19 PM
**To:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Olivier H. Reiher <oreiher@staffordlaw.com>
**Cc:** Shara Larson <shara@ghandilaw.com>; Teresa Pilatowicz <tpilatowicz@gtg.legal>; William Noall <wnoall@gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@gtg.legal>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman <Ggarman@gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Laura Schnetzer <lks@ghandilaw.com>; Joseph Went (jgwent@hollandhart.com) <jgwent@hollandhart.com>; David Hollander <DHollander@staffordlaw.com>; Douglas Poland <dpoland@staffordlaw.com>; Erin Deeley <EDeeley@staffordlaw.com>; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; Nicole K. Bailey <nbailey@staffordlaw.com>; Chris A. Barrow <ChrisBarrow@barrowgrimm.com>
**Subject:** [External] - RE: [EXTERNAL] RE: Meet and Confer Communication

I think these proposals re Windrix/Slater were actually meant to be central time. Is that a problem? Incidentally, Teresa and I have a call with counsel to Meta on Thursday at 9 a.m. pacific time, which may last a half hour or so. We'll have to work around that.

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Monday, July 24, 2023 2:15 PM
**To:** Olivier H. Reiher <oreiher@staffordlaw.com>
**Cc:** Michael Richman <mrichman@Steinhilberswanson.com>; Shara Larson <shara@ghandilaw.com>; Teresa Pilatowicz <tpilatowicz@gtg.legal>; William Noall <wnoall@gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@gtg.legal>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman <Ggarman@gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Laura Schnetzer <lks@ghandilaw.com>; Joseph Went (jgwent@hollandhart.com) <jgwent@hollandhart.com>; David Hollander <DHollander@staffordlaw.com>; Douglas Poland <dpoland@staffordlaw.com>; Erin Deeley <EDeeley@staffordlaw.com>; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; Nicole K. Bailey <nbailey@staffordlaw.com>; Chris A. Barrow <ChrisBarrow@barrowgrimm.com>
**Subject:** Re: [EXTERNAL] RE: Meet and Confer Communication

All times are pacific, correct?

**Samuel A. Schwartz, Esq**.
Schwartz Law, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Tel:
702-385-5544
Direct:
702-802-2207
saschwartz@nvfirm.com

On Jul 24, 2023, at 11:48 AM, Olivier H. Reiher <oreiher@staffordlaw.com> wrote:

Michael,

Brian Slater would be available Thursday morning.  Would 9 am work for you?

Olivier

**STAFFORD**          Olivier H. Reiher
**ROSENBAUM**     oreiher@staffordlaw.com | 414.982.2888 (direct) | 608.698.4741 (cell) | Fax. 414.982.2889 |
**LLP**                    1200 North Mayfair Road, Suite 430
                             Milwaukee, Wisconsin 53226-3282

Celebrating         www.staffordlaw.com | Stafford Blogs | LinkedIn
**140**
Years              Wisconsin member firm of ALFA International,
of                 the premiere global network of independent law firms.
Excellence

This is a transmission from the law firm of Stafford Rosenbaum LLP and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify me immediately at the telephone number included above.

**From:** Michael Richman <mrichman@Steinhilberswanson.com>
**Sent:** Monday, July 24, 2023 11:33 AM
**To:** Olivier H. Reiher <oreiher@staffordlaw.com>; Shara Larson <shara@ghandilaw.com>; Teresa

Pilatowicz <tpilatowicz@gtg.legal>
**Cc:** William Noall <wnoall@gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; Samuel A. Schwartz
<saschwartz@nvfirm.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill
<cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@gtg.legal>;
Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman
<Ggarman@gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak
<PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Laura Schnetzer
<lks@ghandilaw.com>; Joseph Went (jgwent@hollandhart.com) <jgwent@hollandhart.com>; David
Hollander <DHollander@staffordlaw.com>; Douglas Poland <dpoland@staffordlaw.com>; Erin Deeley
<EDeeley@staffordlaw.com>; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; Nicole K. Bailey
<nbailey@staffordlaw.com>; Chris A. Barrow <ChrisBarrow@barrowgrimm.com>
**Subject:** [External] - RE: [EXTERNAL] RE: Meet and Confer Communication

Olivier:  As it stands right now, Jungsberger appears to have defaulted in his subpoena compliance, and
so his deposition will necessarily be delayed until the Court decides the motion to compel we will bring.
So assuming others are agreeable, I think it would make sense to have Windrix and Slater on Thursday
and/or Friday this week.  If you and counsel for JWN are able to check and provide witness availability
on those days (via Zoom), it should be easy to schedule them.  Michael

**Michael P. Richman**
**Steinhilber Swanson LLP**
122 W. Washington Avenue, Suite 850
Madison, WI  53703-2732
Direct: (608) 709-5998
Main: (608) 630-8990
mrichman@steinhilberswanson.com
www.steinhilberswanson.com

<image001.jpg>

**From:** Olivier H. Reiher <oreiher@staffordlaw.com>
**Sent:** Monday, July 24, 2023 11:03 AM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; Shara Larson <shara@ghandilaw.com>;
Teresa Pilatowicz <tpilatowicz@gtg.legal>
**Cc:** William Noall <wnoall@gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; Samuel A. Schwartz
<saschwartz@nvfirm.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill
<cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@gtg.legal>;
Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman
<Ggarman@gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak
<PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Laura Schnetzer
<lks@ghandilaw.com>; Joseph Went (jgwent@hollandhart.com) <jgwent@hollandhart.com>; David
Hollander <DHollander@staffordlaw.com>; Douglas Poland <dpoland@staffordlaw.com>; Erin Deeley
<EDeeley@staffordlaw.com>; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; Nicole K. Bailey
<nbailey@staffordlaw.com>; Chris A. Barrow <ChrisBarrow@barrowgrimm.com>; Olivier H. Reiher
<oreiher@staffordlaw.com>
**Subject:** RE: [EXTERNAL] RE: Meet and Confer Communication

Michael,

That would work for us as well, although we would prefer to get an idea of when you would want to
take Mr. Slater's deposition.  If we will have our meet and confer tomorrow, we would request that Mr.

Slater's deposition not be taken until later in the week.  If that is acceptable to you, then we can hold our meet and confer as Ms. Larson suggested.

Olivier

**STAFFORD**
**ROSENBAUM**
**LLP**

**Olivier H. Reiher**
oreiher@staffordlaw.com | 414.982.2888 (direct) | 608.698.4741 (cell) | Fax. 414.982.2889 |
1200 North Mayfair Road, Suite 430
Milwaukee, Wisconsin 53226-3282

Celebrating
**140**
Years
of
Excellence

www.staffordlaw.com | Stafford Blogs | LinkedIn

*Wisconsin member firm of* ALFA International,
*the premiere global network of independent law firms.*

This is a transmission from the law firm of Stafford Rosenbaum LLP and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify me immediately at the telephone number included above.

---

**From:** Michael Richman <mrichman@Steinhilberswanson.com>
**Sent:** Monday, July 24, 2023 10:56 AM
**To:** Shara Larson <shara@ghandilaw.com>; Teresa Pilatowicz <tpilatowicz@gtg.legal>
**Cc:** Olivier H. Reiher <oreiher@staffordlaw.com>; William Noall <wnoall@gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; Samuel A. Schwartz <saschwartz@nvfirm.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@gtg.legal>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman <Ggarman@gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Laura Schnetzer <lks@ghandilaw.com>; Joseph Went (jgwent@hollandhart.com) <jgwent@hollandhart.com>; David Hollander <DHollander@staffordlaw.com>; Douglas Poland <dpoland@staffordlaw.com>; Erin Deeley <EDeeley@staffordlaw.com>; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; Nicole K. Bailey <nbailey@staffordlaw.com>; Chris A. Barrow <ChrisBarrow@barrowgrimm.com>
**Subject:** [External] - RE: [EXTERNAL] RE: Meet and Confer Communication

That's a good idea, and acceptable to us.

**Michael P. Richman**
**Steinhilber Swanson LLP**
122 W. Washington Avenue, Suite 850
Madison, WI  53703-2732
Direct: (608) 709-5998
Main: (608) 630-8990
mrichman@steinhilberswanson.com
www.steinhilberswanson.com

<image001.jpg>

---

**From:** Shara Larson <shara@ghandilaw.com>
**Sent:** Monday, July 24, 2023 10:53 AM
**To:** Teresa Pilatowicz <tpilatowicz@gtg.legal>
**Cc:** Olivier H. Reiher <oreiher@staffordlaw.com>; Michael Richman <mrichman@Steinhilberswanson.com>; William Noall <wnoall@gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; Samuel A. Schwartz <saschwartz@nvfirm.com>; Gabrielle Hamm

<GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@gtg.legal>; Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman <Ggarman@gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Laura Schnetzer <lks@ghandilaw.com>; Joseph Went (jgwent@hollandhart.com) <jgwent@hollandhart.com>; David Hollander <DHollander@staffordlaw.com>; Douglas Poland <dpoland@staffordlaw.com>; Erin Deeley <EDeeley@staffordlaw.com>; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; Nicole K. Bailey <nbailey@staffordlaw.com>; Chris A. Barrow <ChrisBarrow@barrowgrimm.com>
**Subject:** Re: [EXTERNAL] RE: Meet and Confer Communication

All:

JWN has tentatively already scheduled a meet and confer with Mr. Richman on Tuesday at 2:00 p.m. CT/ 12:00 p.m. PT.  It seems that the discovery issues with Mill Haven (Slater) and JWN, as non-parties, will be more limited.  As such, if Olivier is available on Tuesday at 2:00 p.m. CT/ 12:00 p.m. PT, I would suggest that Mr. Richman have a call with the non-parties' counsel at that time.   A separate call can be made between the parties to the contested matter (Debtor, Empery, etc.).  This will minimize fees incurred by JWN and Mill Haven in listening into the more substantial discovery disputes that exist between the parties.

Olivier and Michael, please advise if this is agreeable to you.

Thank you,
Shara


On Mon, Jul 24, 2023, 1:57 AM Teresa Pilatowicz <tpilatowicz@gtg.legal> wrote:

Does 11 am PST tomorrow work for all parties for a meet and confer?

Thanks,

Teresa


On Jul 23, 2023, at 10:14 PM, Olivier H. Reiher <oreiher@staffordlaw.com> wrote:

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.


I have the ability to meet and confer tomorrow.  To clarify, I would like to point out that MHF Opco LLC never received a 30(b)(6) subpoena; rather, Brian Slater was served personally under FRCP 45 in the latest subpoena.


Olivier

**STAFFORD
ROSENBAUM
LLP**

Olivier H. Reiher

oreiher@staffordlaw.com | 414.982.2888 (direct) | 608.698.4741 (cell) | Fax. 414.982.2889 |

1200 North Mayfair Road, Suite 430

Milwaukee, Wisconsin 53226-3282

Celebrating

**140**

Years

of

Excellence

www.staffordlaw.com | Stafford Blogs | LinkedIn

*Wisconsin member firm of ALFA International,*

*the premiere global network of independent law firms.*

This is a transmission from the law firm of Stafford Rosenbaum LLP and may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify me immediately at the telephone number included above.

**From:** Michael Richman <mrichman@Steinhilberswanson.com>
**Sent:** Sunday, July 23, 2023 2:40 PM
**To:** William Noall <wnoall@Gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; Samuel A. Schwartz <saschwartz@nvfirm.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>
**Cc:** Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman <Ggarman@Gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Shara Larson <shara@ghandilaw.com>; lks@ghandilaw.com; jgwent@hollandhart.com; Olivier H. Reiher <oreiher@staffordlaw.com>; David Hollander <DHollander@staffordlaw.com>; Douglas Poland <dpoland@staffordlaw.com>; Erin Deeley <EDeeley@staffordlaw.com>; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; Nicole K. Bailey <nbailey@staffordlaw.com>
**Subject:** [External] - RE: [EXTERNAL] RE: Meet and Confer Communication

Bill:  JWN has identified Jesse Windrix as their 30(b)(6) witness and MHF Opco has identified Brian Slater.  The Debtor has told us they may (but have not yet definitively) identified Nick Rubin and Eric Hillman.  The Debtor must give us reasonable notice of their 30(b)(6) witness(es) because we have the right to name another (which we cannot do without knowing who they designate). Whether or not Rule 30(b)(6) requires that the witness be identified in advance or not, no one but Empery has suggested a right to surprise other parties by showing up at a deposition with a witness who is not disclosed until they get sworn in, and I have never seen that kind of position taken in my long career.  That said, and leaving aside the other reasons why reasonable notice of the designee should be provided, if you are proposing that we may depose

Ryan Lane in exchange for our dropping our request for a 30(b)(6) witness from Empery, we are willing to do that.

No deposition schedule has been set. What I said yesterday was that we had floated out the outline of dates and witnesses (mostly via yesterday's email) to get feedback from counsel after they could confer with their clients.  To be clear, we are inviting feedback from counsel to JWN and MHF Opco, to the extent we have not already done so, and reiterating that request as to Debtor and Empery, in reference to the email yesterday.

We are agnostic as to the order of depositions of Windrix, Slater and Jungsberger via Zoom (if he responds to the subpoena) in their proposed bracket of time on July 26 – 28, and we are open to conducting more than one in a day depending on schedules (so that it need not occur on all three days).  We believe that Debtor's witnesses (depending on how many are designated under 30(b)(6) should be conducted in person in Las Vegas on August 3 and 4, and that Drexler and Lane should be in person in Las Vegas on August 7 and 8.  The order of these within each bracket of time is open to discussion.  Your note below indicates that Lane is available in New York on August 4.  Please let us know if he can be available in Las Vegas on August 7 or 8.  Given the number of lawyers involved (and where they are based), and the venue of the case, Las Vegas would be much more convenient for his in person deposition to more people.  Moreover, since Lane will be in Las Vegas for the trial as your designated trial witness, there should be no objection to his appearing there for deposition.

You have not identified a witness from among those who signed consent settlements, nor proposed how and where that would be scheduled.  No one has identified a witness identified by Drexler as a "source" of information, nor proposed how and where that would be scheduled.  I suggest that this information be provided immediately so that we can move forward to finalize the schedule. If you or others plan on dropping such witnesses, then please disclose that immediately.

Every party providing discovery provided discovery after the initial July 19 deadline, including Empery, which made a supplemental production yesterday.  Your statement that Drexler's production was "tardy" applies to everyone, including your client, if that is how you read the scheduling order. In fact, the scheduling order required everyone's best efforts to finish by July 19, and that is what I believe everyone did.  Additionally, every party, including Empery, asserted objections and "refused" to produce certain documents and information. We are studying those and expect to take these up in meet and confer meetings, once we can determine what has and has not been produced notwithstanding the objections. Your assertions therefore that Drexler's right to assert objections constitute a "refusal to respond" is false and disingenuous, because your client and all the other parties are guilty of the same transgressions of the rules of which you accuse Drexler.

I did not see anything further from you on your proposal for a deadline to make expert witness disclosures. I propose that we set August 10 as the deadline for both expert witness disclosures and the identification of trial witnesses (including experts), and that any identified trial witness who has not been previously deposed will, at the option of any parties, sit for a deposition before trial. I assume there will be very few of those, perhaps none, and that there is more than enough time to do that before the August 21 start of trial, without affecting the trial schedule.

In response to your request for a meet and confer telephone call tomorrow, I can be available for a call at 11 a.m. pacific time or later, provided you agree that the discussion will encompass deficiencies that we see in Empery's production, as well as the deficiencies you claim from Drexler's production. Michael

**Michael P. Richman**

**Steinhilber Swanson LLP**

122 W. Washington Avenue, Suite 850

Madison, WI  53703-2732

Direct: (608) 709-5998

Main: (608) 630-8990

mrichman@steinhilberswanson.com

www.steinhilberswanson.com

<image001.jpg>

**From:** William Noall <wnoall@Gtg.legal>
**Sent:** Saturday, July 22, 2023 3:52 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; Jason Rosell <jrosell@pszjlaw.com>; Samuel A. Schwartz <saschwartz@nvfirm.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>
**Cc:** Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman <Ggarman@Gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro

<brian@brianshapirolaw.com>; Shara Larson <shara@ghandilaw.com>; lks@ghandilaw.com; jgwent@hollandhart.com; Olivier H. Reiher <oreiher@staffordlaw.com>; dhollander@staffordlaw.com; Douglas Poland <dpoland@staffordlaw.com>; edeeley@staffordlaw.com; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; nbailey@staffordlaw.com
**Subject:** RE: [EXTERNAL] RE: Meet and Confer Communication

Michael,

Thank you for responding to my email. Please advise the dates of currently scheduled depositions or outline of JWN, MHF, and perhaps Peter Jungsberger depositions between July 26-28 so that we may arrange to attend.

It is you who are trying to impose a requirement on all the non-movants to identify their 30(b)(6) witnesses prior to deposition. I cannot fathom how the designee impacts the date of deposition. Whether the witness is Ryan Lane or other witness or witnesses, the topics of inquiry are the same.  Empery has no legal obligation to identify its designated witness or witnesses prior to the deposition, and designee(s) may change based on availability. Empery's 30(6) designee(s) and counsel are available for deposition on August 4, 2023 via Zoom, or you are able to attend live in New York.

It is irrelevant whether you "expect Empery to produce Mr. Lane for deposition." I'll remind you again, you sought the deposition of a 30(b)(6) witness, Ryan Lane and Tim Silver in your discovery plan. Based upon all of the circumstances, the court gave you a 30(b)(6) deposition of Empery.  Now you say you want to depose Ryan Lane. If you'd prefer to depose Ryan Lane and not a 30(b)(6) designee, something you have not yet requested, please let me know and we will consider that request. The only thing that is clear is that you are entitled to a 30(b)(6) deposition, no other depositions.

Mr. Drexler filed the motion to appoint trustee. Empery does not know what evidence you intend to present to support your motion.  You said to me you had the right to take discovery to try to find evidence supporting your case. However, you are limited by court determinations and applicable rules. It is impossible to identify all possible witnesses for trial. Michael, as to expert witnesses, you are correct. Let's just follow the applicable bankruptcy rules in this district.

You accuse me of gamesmanship, but we are following the rules. Indeed, Empery agreed to produce documents to each of Mr. Drexler's discovery request, despite the fact that the vast majority were overbroad and sought irrelevant information. We timely produced 6,585 documents consisting of 49,919 pages in response to the

discovery Mr. Drexler propounded, as well as a timely and substantial privilege log. By comparison, Mr. Drexler refused to respond, whatsoever, to more than a dozen discovery requests (some of which were analogues of your own request). In addition to expressly refusing to produce documents relevant to Empery's defense, Mr. Drexler tardily produced a total of 73 documents consisting of 744 pages (537 of which consisted of a single spreadsheet), almost none of which are responsive to the discovery requests. Please advise of your availability for a meet and confer Monday morning regarding your incomplete discovery requests.

Finally, despite our multiple requests to date, you still have not provided potential dates that Mr. Drexler (the movant) is available to sit for his deposition? What dates is he available?

Bill

---

**From:** Michael Richman <mrichman@Steinhilberswanson.com>
**Sent:** Saturday, July 22, 2023 8:40 AM
**To:** William Noall <wnoall@Gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; Samuel A. Schwartz <saschwartz@nvfirm.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@Gtg.legal>
**Cc:** Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman <Ggarman@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Shara Larson <shara@ghandilaw.com>; lks@ghandilaw.com; jgwent@hollandhart.com; Olivier H. Reiher <oreiher@staffordlaw.com>; dhollander@staffordlaw.com; Douglas Poland <dpoland@staffordlaw.com>; edeeley@staffordlaw.com; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; nbailey@staffordlaw.com
**Subject:** RE: [EXTERNAL] RE: Meet and Confer Communication

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Bill: I initiated this meet and confer email chain yesterday in order to facilitate the proposal of a consensual deposition schedule for the period July 24 – August 8, as we have all agreed. We have a general outline that would, counsel and witness schedules permitting, schedule witnesses for JWN, MHF, and perhaps Peter Jungsberger over the period July 26-28 by Zoom. Depositions of Debtor and Empery witnesses (likely Rubin, Hillman and Lane, if we are able to resolve the dispute being aired in these emails), and

of Mr. Drexler, will be proposed to be scheduled in person from August 3 – 8 in Las Vegas (and excluding the intervening weekend).

There are other witnesses provided for in the scheduling order, but who have not yet been identified to us by Debtor or Empery, including nearly all the 30(b)(6) witnesses, who may also be placed in the July 26-28 period.  In order to finalize an agreed schedule, we obviously need all the witness names.  (It is not clear to me why you made what sounds like a pejorative reference to what you believe John Fiero asked me two weeks ago about the schedule for Mr. Drexler's deposition. John and I discussed it, and I believe that he had no issue with my suggestion that we defer the scheduling until it can be made part of the overall deposition schedule referred to herein.)

We appreciate that prior to the July 14 status conference, parties were unable to designate their 30(b)(6) witnesses without our identifying the issues for such depositions as provided by the rule.  Counsel to Debtor and Empery made that argument at the July 14 status conference, and in response the Court directed that we provide specifications of the issues by July 19. Our rule 30(b)(6) identifications of issues for depositions were served last Tuesday, July 18 (a day earlier than required by the Court).  We have since requested more than once that counsel for such entities now identify their witnesses. Yet as of today, July 22, with the exception of JWN, no party who received a 30(b)(6) notice has identified their 30(b)(6) witnesses. Empery's failure to name its 30(b)(6) witness is especially telling in the context of your email, and the issues raised herein.

You write correctly that the Court did not hold that anyone had a right to depose any "potential" witness. But that is not what we requested in any of our meet and confer emails. We are seeking to depose ACTUAL trial witnesses who might not be on the limited witness list that the Court adopted in weighing the competing discovery plans. That is why we served interrogatory requests for trial witnesses.  In response, Empery has in fact identified Ryan Lane as a **_definite_**, not potential, trial witness. As you know, and as I informed Mr. Garman on July 17 and 18, we expect Empery to produce Mr. Lane for deposition. Lane's conduct (including text messages) was a major precipitating cause for the investigation which led to the filing of the Trustee Motion, and his subsequent conduct continues to be material to cause for the appointment of a trustee.  It is inconceivable to us that the Court intended to permit Empery to shield him from pretrial deposition in whole, or in part.

You argue that the Court's determination of the discovery schedule from the competing discovery plans is final and unalterable, and therefore we parties cannot by a meet and confer process agree to pretrial depositions of trial witnesses who are not otherwise scheduled to be deposed.  Yet in the same email you propose to change the assertedly unalterable scheduling order to add a deadline for expert witness disclosures, which is also not addressed in any discovery plan or in the Court's scheduling order.  There should be no issue among us that fair trials are the result of

pretrial discovery of trial witnesses and expert witnesses, and agreement should be reached on both items without a need to seek judicial intervention. We have no objection to setting a deadline for expert witness disclosures, provided that the Debtor and Empery make trial witnesses available for pretrial depositions, if they are not otherwise already in the schedule.

Your comments about our motives in serving our 30(b)(6) issues on Empery are incorrect and irrelevant.  It is obvious from your response, however, that you believe that if you name Lane as your 30(b)(6) witness, you will object to our questioning him about anything pertaining to his trial testimony that might be outside the 30(b)(6) issues, and that you will require another deposition. You then assert that this will delay the schedule.  It is of course ridiculous to depose Lane twice.  You cannot accuse us of seeking to delay if you make a  tactical decision to require a second deposition of Ryan Lane. There is more than enough time to depose Lane as part of the overall schedule. We have not proposed to and do not seek to delay the trial.

The Court has requested pleadings on discovery disputes be filed on Monday, July 24. If we cannot reach agreement, then the Court can tell us whether it intended to preclude pretrial depositions of the limited number of persons who could conceivably be identified as trial witnesses, but who might not be 30(b)(6) witnesses or otherwise in the discovery schedule. It is possible that this issue is limited to Mr. Lane. Your continued refusal to name Lane as a 30(b)(6) witness or agree to produce him for pretrial deposition, either of which would mitigate or obviate a significant part of the dispute here, smacks of litigation gamesmanship.  I urge you to reconsider. Michael

**Michael P. Richman**

**Steinhilber Swanson LLP**

122 W. Washington Avenue, Suite 850

Madison, WI  53703-2732

Direct: (608) 709-5998

Main: (608) 630-8990

mrichman@steinhilberswanson.com

www.steinhilberswanson.com

**From:** William Noall <wnoall@Gtg.legal>
**Sent:** Friday, July 21, 2023 6:45 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; Jason Rosell <jrosell@pszjlaw.com>; Samuel A. Schwartz <saschwartz@nvfirm.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@Gtg.legal>
**Cc:** Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; Gregory Garman <Ggarman@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Shara Larson <shara@ghandilaw.com>; lks@ghandilaw.com; jgwent@hollandhart.com; Olivier H. Reiher <oreiher@staffordlaw.com>; dhollander@staffordlaw.com; Douglas Poland <dpoland@staffordlaw.com>; edeeley@staffordlaw.com; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; nbailey@staffordlaw.com
**Subject:** RE: [EXTERNAL] RE: Meet and Confer Communication

Michael,

We submitted competing discovery plans to the judge.  The judge ruled on what party discovery was allowed. She never ruled, let alone suggested, that parties were permitted to depose any potential witness. In fact, a 30(b)(6) deposition is intended to capture the knowledge know to the entity and therefore carefully crafted 30(b)(6) notices efficiently gather necessary information without the need for multiple depositions.  Empery will present a witness or witnesses that can testify to the topics.

It is now obvious that you crafted topics not within the spirit of Rule 30(b)(6), but instead in the hopes that Mr. Lane will be the designee so that you could ask for additional depositions. It should be noted that if you wanted testimony on additional topics, you should have crafted the notice differently. Whatever displeasure you are expressing is the result of your tactical decision and cannot be used as a delay tactic and an attempt to  jockey for additional depositions after the judge made up her mind and ruled by adopting, for the most part, the discovery plan submitted by the non-moving parties.

As Debtor commented, Empery does not know the exact witnesses or evidence it will offer until after Drexler puts up his case/disclosures the actual basis of his case. On behalf of Empery, we will agree to a disclosure date for expert witnesses.

14

Please confirm that Mr. Drexler has completed his production of documents, and when he is available for his deposition and where? John Fiero asked you this last week. What is the answer?

Bill

---

**From:** Michael Richman <mrichman@Steinhilberswanson.com>
**Sent:** Friday, July 21, 2023 2:57 PM
**To:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; Dylan Ciciliano <dciciliano@Gtg.legal>
**Cc:** Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; William Noall <wnoall@Gtg.legal>; Gregory Garman <Ggarman@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Shara Larson <shara@ghandilaw.com>; lks@ghandilaw.com; jgwent@hollandhart.com; Olivier H. Reiher <oreiher@staffordlaw.com>; dhollander@staffordlaw.com; Douglas Poland <dpoland@staffordlaw.com>; edeeley@staffordlaw.com; Jeffrey Sternklar <jeffrey@sternklarlaw.com>; nbailey@staffordlaw.com
**Subject:** RE: [EXTERNAL] RE: Meet and Confer Communication

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Sam, your asserted need to understand more of the case is irrelevant to your ability to agree that all trial witnesses should be subject to pretrial discovery. There is time and opportunity to work that into the existing schedule without moving the trial dates.

---

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Friday, July 21, 2023 4:48 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm <MSturm@nvfirm.com>; to: Dylan Ciciliano <dciciliano@gtg.legal>
**Cc:** Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>; William Noall <wnoall@gtg.legal>; cc: Gregory Garman <Ggarman@gtg.legal>; Teresa Pilatowicz <tpilatowicz@gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; John Fiero <jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian Shapiro <brian@brianshapirolaw.com>; Shara Larson <shara@ghandilaw.com>;

lks@ghandilaw.com; jgwent@hollandhart.com; Olivier H. Reiher
<oreiher@staffordlaw.com>; dhollander@staffordlaw.com; Douglas Poland
<dpoland@staffordlaw.com>; edeeley@staffordlaw.com; Jeffrey Sternklar
<jeffrey@sternklarlaw.com>; nbailey@staffordlaw.com
**Subject:** Re: [EXTERNAL] RE: Meet and Confer Communication

Michael, this is your motion, and we do not yet understand the facts of your case.  This isn't the Debtor's case to prosecute, and until we know the universe of what Drexler intends to present, I cannot answer your question.

**Samuel A. Schwartz, Esq.**

Schwartz Law, PLLC

601 East Bridger Avenue

Las Vegas, NV 89101

702.802.2207 tel

SASchwartz@nvfirm.com

**\*\*CONFIDENTIALITY NOTICE\*\***

This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Michael Richman <mrichman@Steinhilberswanson.com>
**Date:** Friday, July 21, 2023 at 1:42 PM
**To:** "Samuel A. Schwartz" <saschwartz@nvfirm.com>, Gabrielle Hamm
<GHamm@nvfirm.com>, Christina Grill <cgrill@nvfirm.com>, Michael Sturm
<MSturm@nvfirm.com>, "to: Dylan Ciciliano" <dciciliano@gtg.legal>
**Cc:** Emily Anderson <eanderson@nvfirm.com>, Susan Roman
<sroman@nvfirm.com>, Williami Noall <wnoall@gtg.legal>, Greg Garman
<Ggarman@gtg.legal>, Teresa Pilatowicz <tpilatowicz@gtg.legal>, Jason Rosell
<jrosell@pszjlaw.com>, John Fiero <jfiero@pszjlaw.com>, Peter Nowak

<PNowak@Steinhilberswanson.com>, Brian Shapiro
<brian@brianshapirolaw.com>, Shara Larson <shara@ghandilaw.com>,
"lks@ghandilaw.com" <lks@ghandilaw.com>, Joseph Went
<jgwent@hollandhart.com>, "Olivier H. Reiher" <oreiher@staffordlaw.com>,
"dhollander@staffordlaw.com" <dhollander@staffordlaw.com>, Douglas
Poland <dpoland@staffordlaw.com>, "edeeley@staffordlaw.com"
<edeeley@staffordlaw.com>, Jeffrey Sternklar <jeffrey@sternklarlaw.com>,
"nbailey@staffordlaw.com" <nbailey@staffordlaw.com>
**Subject:** RE: [EXTERNAL] RE: Meet and Confer Communication

Sam: I understand your response, but the question you did not answer is whether you
agree to pretrial deposition discovery of trial witnesses or not. You did not accept our
proposal or propose an alternative. If we need to seek relief from the Court on
Monday, I want to be clear about where this stands. Michael

**From:** Samuel A. Schwartz <saschwartz@nvfirm.com>
**Sent:** Friday, July 21, 2023 3:34 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; Gabrielle Hamm
<GHamm@nvfirm.com>; Christina Grill <cgrill@nvfirm.com>; Michael L. Sturm
<MSturm@nvfirm.com>; to: Dylan Ciciliano <dciciliano@gtg.legal>
**Cc:** Emily Anderson <eanderson@nvfirm.com>; Susan Roman <sroman@nvfirm.com>;
William Noall <wnoall@gtg.legal>; cc: Gregory Garman <Ggarman@gtg.legal>; Teresa
Pilatowicz <tpilatowicz@gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; John Fiero
<jfiero@pszjlaw.com>; Peter Nowak <PNowak@Steinhilberswanson.com>; Brian
Shapiro <brian@brianshapirolaw.com>; Shara Larson <shara@ghandilaw.com>;
lks@ghandilaw.com; jgwent@hollandhart.com; Olivier H. Reiher
<oreiher@staffordlaw.com>; dhollander@staffordlaw.com; Douglas Poland
<dpoland@staffordlaw.com>; edeeley@staffordlaw.com; Jeffrey Sternklar
<jeffrey@sternklarlaw.com>; nbailey@staffordlaw.com
**Subject:** Re: [EXTERNAL] RE: Meet and Confer Communication

Michael, thank you for your email.  I believe there is an interrogatory directed at the
question you raise below.  The debtor will respond accordingly, as today it cannot
predict all of its witnesses until the debtor better understands Mr. Drexler's case and
his evidence.

**Samuel A. Schwartz, Esq.**

Schwartz Law, PLLC

601 East Bridger Avenue

Las Vegas, NV 89101

702.802.2207 tel

SASchwartz@nvfirm.com

**CONFIDENTIALITY NOTICE**

This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Michael Richman <mrichman@Steinhilberswanson.com>
**Date:** Friday, July 21, 2023 at 11:56 AM
**To:** Gabrielle Hamm <GHamm@nvfirm.com>, Christina Grill <cgrill@nvfirm.com>, Michael Sturm <MSturm@nvfirm.com>, "to: Dylan Ciciliano" <dciciliano@gtg.legal>
**Cc:** "Samuel A. Schwartz" <saschwartz@nvfirm.com>, Emily Anderson <eanderson@nvfirm.com>, Susan Roman <sroman@nvfirm.com>, Williami Noall <wnoall@gtg.legal>, Greg Garman <Ggarman@gtg.legal>, Teresa Pilatowicz <tpilatowicz@gtg.legal>, Jason Rosell <jrosell@pszjlaw.com>, John Fiero <jfiero@pszjlaw.com>, Peter Nowak <PNowak@Steinhilberswanson.com>, Brian Shapiro <brian@brianshapirolaw.com>, Shara Larson <shara@ghandilaw.com>, "lks@ghandilaw.com" <lks@ghandilaw.com>, Joseph Went <jgwent@hollandhart.com>, "Olivier H. Reiher" <oreiher@staffordlaw.com>, "dhollander@staffordlaw.com" <dhollander@staffordlaw.com>, Douglas Poland <dpoland@staffordlaw.com>, "edeeley@staffordlaw.com" <edeeley@staffordlaw.com>, Jeffrey Sternklar <jeffrey@sternklarlaw.com>, "nbailey@staffordlaw.com" <nbailey@staffordlaw.com>
**Subject:** [EXTERNAL] RE: Meet and Confer Communication

Counsel: I am addressing this primarily to counsel to Debtor and Empery, who appear to be the only parties actively contesting the Trustee Motion, but I welcome comments from counsel to other parties (including indicating you intend to oppose the motion, if you do).

It is axiomatic that trial witnesses be made available for pretrial discovery. The competing discovery plans filed by parties prior to the status conference of July 10 did not address discovery with respect to trial witnesses, and that issue was not discussed at the status conference or addressed by the Court. We requested in interrogatories that the Debtor and Empery identify their trial witnesses. Empery identified Ryan Lane, and the Debtor provided a general reservation of rights pending the completion of discovery.

While we assumed that parties' trial witnesses would be co-extensive with the witnesses subject to discovery, the email exchanges among us earlier this week pertaining to the designation of Rule 30(b)(6) witnesses suggests that that is not the case. For example, were Empery to designate Tim Silver as their Rule 30(b)(6) witness, they could nevertheless (apparently) call Ryan Lane as a trial witness without presenting him for a pretrial deposition. If Empery does designate Lane, they could argue that the deposition be limited to the 30(b)(6) issues, rather than generally to any matters on which he might testify at trial (including those identified in Empery's interrogatory responses). Each of Empery and Debtor could also designate witnesses for trial who were not otherwise provided for pretrial depositions. Drexler could do so as well.

We think that the best way to do address this flaw (especially as we now need to turn our attention to setting a deposition schedule) is for us to agree today on a deadline early next week to identify witnesses for trial. Any witnesses identified who are not already among the Rule 30(b)(6) witnesses or other identified deponents shall be subject to deposition and worked into the deposition schedule. Any persons not identified by the deadline shall be barred from testimony at trial, absent the Court's determination of an exception for cause. Given the rollout of document production, and the likely need for parties to review documents before making final decisions on witnesses, we suggest the deadline be the close of business Tuesday, July 25.

Thank you for your consideration. Michael Richman

**Michael P. Richman**

**Steinhilber Swanson LLP**

122 W. Washington Avenue, Suite 850

Madison, WI  53703-2732

Direct: (608) 709-5998

Main: (608) 630-8990

mrichman@steinhilberswanson.com

www.steinhilberswanson.com

# EXHIBIT H

# EXHIBIT H

| From: | Michael Richman |
|---|---|
| Sent: | Tuesday, July 18, 2023 6:00 PM |
| To: | Gabrielle Hamm; Dylan Ciciliano; Jason Rosell; John Fiero; Gregory Garman; William Noall; Teresa Pilatowicz; Peter Nowak; Michael Jurkash; Day, Jared A. (USTP); Brian Shapiro |
| Cc: | Samuel A. Schwartz; Bryan Lindsey; Nicholas Rubin; Susan Roman |
| Subject: | RE: [EXTERNAL] RE: Revised Scheduling Order - MusclePharm |

Counsel: The matters for examination as to each 30(b)(6) witness are set forth below:

Empery Tax Efficient, LP

In accordance with Fed. R. Civ. P. 30(b)(6), made applicable to contested matters by Fed. R. Bankr. P. 9014(c) and 7030, Ryan Drexler designates the following matters for the examination of Empery Tax Efficient, LP ("Empery"):

A. Ryan Lane's communications with other persons or entities regarding MusclePharm Corporation's (the "Debtor") management of post-petition business transactions and relationships with vendors, suppliers, and customers.

B. The use of debtor-in-possession financing for the payment of administrative expenses and other post-petition liabilities, and for business operations, including the Debtor's efforts to build inventory.

C. The value of the Debtor's business as a going concern, or the value of the Debtor's assets, in a sale transaction under 11 U.S.C. § 363.

D. Ryan Lane's communications with Debtor's directors, officers and employees, including Nicholas Rubin.

E. Ryan Lane's sworn declaration that Drexler was involved in contacting Amy Lane, the Westport Board of Education, or any of Mr. Lane's neighbors, or maintained an email and Facebook account for Wendy Bloom.

If Drexler is required to produce any information or testify about the United States Securities and Exchange Commission ("SEC") investigation in the Debtor and certain of its officers and directors, including Case No. 23-cv-5102 (C.D. Cal.), Drexler reserves his right to examine Empery's designee about all communications between Empery and the SEC.

MusclePharm Corporation

In accordance with Fed. R. Civ. P. 30(b)(6), made applicable to contested matters by Fed. R. Bankr. P. 9014(c) and 7030, Ryan Drexler designates the following matters for the examination of MusclePharm Corporation (the "Debtor"):

A. The Debtor's business transactions and relationships with vendors, suppliers, and customers, including the price the Debtor pays for protein components and the price at which the Debtor sells its products.

B. The use of debtor-in-possession financing for the payment of administrative expenses and other post-petition liabilities, and for business operations, including the Debtor's efforts to build inventory.

C. The value of the Debtor's business as a going concern, or the value of the Debtor's assets, in a sale transaction under 11 U.S.C. § 363.

D. The relationship and communications between or among any of the Debtor, Ryan Lane, and Nicholas Rubin.

If Drexler is required to produce any information or testify about the United States Securities and Exchange Commission ("SEC") investigation in the Debtor and certain of its officers and directors, including Case No. 23-cv-5102 (C.D. Cal.), Drexler reserves his right to examine the Debtor's designee about all communications between the Debtor and the SEC.

JW Nutritional, LLC

In accordance with Fed. R. Civ. P. 30(b)(6), made applicable to contested matters by Fed. R. Bankr. P. 9014(c) and 7030, Ryan Drexler designates the following matters for the examination of JW Nutritional, LLC (the "JW"):

A. JW's communications with other persons or entities regarding MusclePharm Corporation's (the "Debtor") management of post-petition business transactions and relationships with vendors, suppliers, and customers.

B. The Debtor's business transactions and relationships with JW, and other vendors, suppliers, and customers, including the price the Debtor pays for protein components and the price at which the Debtor sells its products.

C. The value of the Debtor's business as a going concern, or the value of the Debtor's assets, in a sale transaction under 11 U.S.C. § 363.

MHF Opco, LLC

In accordance with Fed. R. Civ. P. 30(b)(6), made applicable to contested matters by Fed. R. Bankr. P. 9014(c) and 7030, Ryan Drexler designates the following matters for the examination of MHF Opco, LLC (the "Opco"):

D. Opco's communications with other persons or entities regarding MusclePharm Corporation's (the "Debtor") management of post-petition business transactions and relationships with vendors, suppliers, and customers.

E. The Debtor's business transactions and relationships with Opco, and other vendors, suppliers, and customers, including the price the Debtor pays for protein components and the price at which the Debtor sells its products.

F. The value of the Debtor's business as a going concern, or the value of the Debtor's assets, in a sale transaction under 11 U.S.C. § 363.

Please let us know if you have any questions. Otherwise, we suggest that each party name their 30(b)(6) witness and that that information be included in the scheduling order.  Thank you. Michael

**Michael P. Richman**
**Steinhilber Swanson LLP**
122 W. Washington Avenue, Suite 850
Madison, WI  53703-2732
Direct: (608) 709-5998
Main: (608) 630-8990
mrichman@steinhilberswanson.com
www.steinhilberswanson.com



---

**From:** Gabrielle Hamm <GHamm@nvfirm.com>
**Sent:** Monday, July 17, 2023 8:48 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; Dylan Ciciliano <dciciliano@Gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; John Fiero <jfiero@pszjlaw.com>; Gregory Garman <Ggarman@Gtg.legal>; William Noall <wnoall@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; Peter Nowak <PNowak@Steinhilberswanson.com>; Michael Jurkash <mjurkash@steinhilberswanson.com>; Day, Jared A. (USTP) <Jared.A.Day@usdoj.gov>; Brian Shapiro <brian@brianshapirolaw.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Bryan Lindsey <BLindsey@nvfirm.com>; Nicholas Rubin <nrubin@force10partners.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** RE: [EXTERNAL] RE: Revised Scheduling Order - MusclePharm

I don't disagree that you can name your individual witness, but you do not get to demand identification of the Debtor's 30(b)(6) witness(es) to assist you in doing so when you haven't described the matters for examination as required by the

rule. When you describe the deposition topics, the Debtor will select the witness best suited for each topic. I don't understand where the disagreement lies because the law on 30(b)(6) depositions is well-established. The sooner you describe the matters for examination, the sooner we can identify witnesses and get the deposition schedule in place.

Gabrielle A Hamm
702-754-1963

 **Please consider the environment before printing this email**

**\*\*CONFIDENTIALITY NOTICE\*\***

This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Michael Richman <mrichman@Steinhilberswanson.com>
**Sent:** Monday, July 17, 2023 5:08 PM
**To:** Gabrielle Hamm <GHamm@nvfirm.com>; Dylan Ciciliano <dciciliano@Gtg.legal>; Jason Rosell <jrosell@pszjlaw.com>; John Fiero <jfiero@pszjlaw.com>; Gregory Garman <Ggarman@Gtg.legal>; William Noall <wnoall@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; Peter Nowak <PNowak@Steinhilberswanson.com>; Michael Jurkash <mjurkash@steinhilberswanson.com>; Day, Jared A. (USTP) <Jared.A.Day@usdoj.gov>; Brian Shapiro <brian@brianshapirolaw.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Bryan Lindsey <BLindsey@nvfirm.com>; Nicholas Rubin <nrubin@force10partners.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** RE: [EXTERNAL] RE: Revised Scheduling Order - MusclePharm

The Debtor gets to name its 30b6 witness and we get to name the second witness of the debtor.  I don't understand your statement that there was no condition that the named witness be a different person.  Please clarify that whether it is one or two people, it up to us and not to the Debtor.

**From:** Gabrielle Hamm <GHamm@nvfirm.com>
**Sent:** Monday, July 17, 2023 6:57 PM
**To:** Dylan Ciciliano <dciciliano@Gtg.legal>; Michael Richman <mrichman@Steinhilberswanson.com>; Jason Rosell <jrosell@pszjlaw.com>; John Fiero <jfiero@pszjlaw.com>; Gregory Garman <Ggarman@Gtg.legal>; William Noall <wnoall@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; Peter Nowak <PNowak@Steinhilberswanson.com>; Michael Jurkash <mjurkash@steinhilberswanson.com>; Day, Jared A. (USTP) <Jared.A.Day@usdoj.gov>; Brian Shapiro <brian@brianshapirolaw.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Bryan Lindsey <BLindsey@nvfirm.com>; Nicholas Rubin <nrubin@force10partners.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** RE: [EXTERNAL] RE: Revised Scheduling Order - MusclePharm

With respect to the Debtor, the Court authorized depositions of a 30(b)(6) witness and one other person at page 23:1-6. There was no condition that the named witness be a different person than the 30(b)(6) witness.
We also reject your position that the Debtor should identify a witness based on a blanket reference to prior communications and pleadings. The Debtor's obligation to select one or more representatives does not arise until the matters for examination are described with specificity.

Thank you,

**Gabrielle A Hamm, Esq.**

Of Counsel
Schwartz Law, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Direct: 702-754-1963
ghamm@nvfirm.com

 **Please consider the environment before printing this email**

**CONFIDENTIALITY NOTICE**

This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Dylan Ciciliano <dciciliano@Gtg.legal>
**Sent:** Monday, July 17, 2023 4:28 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; Gabrielle Hamm <GHamm@nvfirm.com>; Jason Rosell <jrosell@pszjlaw.com>; John Fiero <jfiero@pszjlaw.com>; Gregory Garman <Ggarman@Gtg.legal>; William Noall <wnoall@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; Peter Nowak <PNowak@Steinhilberswanson.com>; Michael Jurkash <mjurkash@steinhilberswanson.com>; Day, Jared A. (USTP) <Jared.A.Day@usdoj.gov>; Brian Shapiro <brian@brianshapirolaw.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Bryan Lindsey <BLindsey@nvfirm.com>; Nicholas Rubin <nrubin@force10partners.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** RE: [EXTERNAL] RE: Revised Scheduling Order - MusclePharm

With respect to Empery, the July 10, 2023, transcript is clear. The Court adopted the non-movants proposal and found that Mr. Drexler can take one FRCP 30(b)(6) witness of Empery, nothing else. Page 23:11-18. Mr. Schwartz confirmed that point again at page 28:15-25.

Dylan

Dylan T. Ciciliano, Esq.

Office: 725 777 3000 | Cellphone: 702 371 3256
Email: dciciliano@gtg.legal

---

**From:** Michael Richman <mrichman@Steinhilberswanson.com>
**Sent:** Monday, July 17, 2023 4:09 PM
**To:** Gabrielle Hamm <GHamm@nvfirm.com>; Jason Rosell <jrosell@pszjlaw.com>; John Fiero <jfiero@pszjlaw.com>; Gregory Garman <Ggarman@Gtg.legal>; William Noall <wnoall@Gtg.legal>; Teresa Pilatowicz <tpilatowicz@Gtg.legal>; Dylan Ciciliano <dciciliano@Gtg.legal>; Peter Nowak <PNowak@Steinhilberswanson.com>; Michael Jurkash <mjurkash@steinhilberswanson.com>; Day, Jared A. (USTP) <Jared.A.Day@usdoj.gov>; Brian Shapiro <brian@brianshapirolaw.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Bryan Lindsey <BLindsey@nvfirm.com>; Nicholas Rubin <nrubin@force10partners.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** RE: [EXTERNAL] RE: Revised Scheduling Order - MusclePharm

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Prior communications and pleadings covered our requests for 30b6 witnesses and other named witnesses. We had understood the Court to limit this to a 30b6 and one named witness (unless the named witness is in fact the 30b6 witness). This is the reason I have requested that parties identify their 30b6 witnesses. That should be easy enough to do and will avoid having to go back to the court on this issue.

**Michael P. Richman**
**Steinhilber Swanson LLP**
122 W. Washington Avenue, Suite 850
Madison, WI 53703-2732
Direct: (608) 709-5998
Main: (608) 630-8990
mrichman@steinhilberswanson.com
www.steinhilberswanson.com



---

**From:** Gabrielle Hamm <GHamm@nvfirm.com>
**Sent:** Monday, July 17, 2023 5:18 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; Jason Rosell <jrosell@pszjlaw.com>; John Fiero <jfiero@pszjlaw.com>; Greg Garman <ggarman@gtg.legal>; William Noall <wnoall@gtg.legal>; Teresa Pilatowicz <tpilatowicz@gtg.legal>; Dylan Ciciliano <dciciliano@gtg.legal>; Peter Nowak <PNowak@Steinhilberswanson.com>; Michael Jurkash <mjurkash@steinhilberswanson.com>; Day, Jared A. (USTP) <Jared.A.Day@usdoj.gov>; Brian Shapiro <brian@brianshapirolaw.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Bryan Lindsey <BLindsey@nvfirm.com>; Nicholas Rubin <nrubin@force10partners.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** RE: [EXTERNAL] RE: Revised Scheduling Order - MusclePharm

Please explain what disconnects you mean. The only difference in the revised order and the one you signed off on last week is the requirement to identify the 30(b)(6) topics by 7/19, which comports with the judge's ruling and FRCP 30(b)(6). Under the rule, the initial burden is on the noticing party to describe the matters for examination with reasonable particularity so that the noticed party can identify the appropriate representative(s) and prepare them to give binding testimony on behalf of the company. Describing the matters for examination is a precondition to identifying witnesses.

Thank you,

**Gabrielle A Hamm, Esq.**
Of Counsel
Schwartz Law, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Direct: 702-754-1963
ghamm@nvfirm.com


Please consider the environment before printing this email

**CONFIDENTIALITY NOTICE**
This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Michael Richman <mrichman@Steinhilberswanson.com>
**Sent:** Monday, July 17, 2023 2:15 PM
**To:** Gabrielle Hamm <GHamm@nvfirm.com>; Jason Rosell <jrosell@pszjlaw.com>; John Fiero <jfiero@pszjlaw.com>; Greg Garman <ggarman@gtg.legal>; William Noall <wnoall@gtg.legal>; Teresa Pilatowicz <tpilatowicz@gtg.legal>; Dylan Ciciliano <dciciliano@gtg.legal>; Peter Nowak <PNowak@Steinhilberswanson.com>; Michael Jurkash <mjurkash@steinhilberswanson.com>; Day, Jared A. (USTP) <Jared.A.Day@usdoj.gov>; Brian Shapiro <brian@brianshapirolaw.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Bryan Lindsey <BLindsey@nvfirm.com>; Nicholas Rubin <nrubin@force10partners.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** [EXTERNAL] RE: Revised Scheduling Order - MusclePharm

Counsel: There seems to be some disconnects between prior discussions and colloquy and the phrasing in the order as to deponents. This can be cleared up potentially without controversy if counsel identify by return email who their 30b6 deponents will be.  Thank you.  Michael Richman

**Michael P. Richman**
**Steinhilber Swanson LLP**
122 W. Washington Avenue, Suite 850
Madison, WI  53703-2732
Direct: (608) 709-5998
Main: (608) 630-8990
mrichman@steinhilberswanson.com
www.steinhilberswanson.com



**From:** Gabrielle Hamm <GHamm@nvfirm.com>
**Sent:** Monday, July 17, 2023 3:29 PM
**To:** Michael Richman <mrichman@Steinhilberswanson.com>; Jason Rosell <jrosell@pszjlaw.com>; John Fiero <jfiero@pszjlaw.com>; Greg Garman <ggarman@gtg.legal>; William Noall <wnoall@gtg.legal>; Teresa Pilatowicz <tpilatowicz@gtg.legal>; Dylan Ciciliano <dciciliano@gtg.legal>; Peter Nowak <PNowak@Steinhilberswanson.com>; Michael Jurkash <mjurkash@steinhilberswanson.com>; Day, Jared A. (USTP) <Jared.A.Day@usdoj.gov>; Brian Shapiro <brian@brianshapirolaw.com>
**Cc:** Samuel A. Schwartz <saschwartz@nvfirm.com>; Bryan Lindsey <BLindsey@nvfirm.com>; Nicholas Rubin <nrubin@force10partners.com>; Susan Roman <sroman@nvfirm.com>
**Subject:** Revised Scheduling Order - MusclePharm

All,
Good afternoon. Attached is a revised scheduling order updated to reflect the instructions from Friday's status conference and the August 21-22 dates for the trustee motion/PSA/disclosure statement hearing per the earlier emails, along with a redline to the version approved prior to the status conference. Comments invited.

Thank you,

**Gabrielle A Hamm, Esq.**
Of Counsel
Schwartz Law, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Direct: 702-754-1963
ghamm@nvfirm.com

 **Please consider the environment before printing this email**

**\*\*CONFIDENTIALITY NOTICE\*\***

This email message is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 and is legally privileged.  It is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

# EXHIBIT I

# EXHIBIT I

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6665
E-mail: ggarman@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
TERESA M. PILATOWICZ
Nevada Bar No 9605
E-mail: tpilatowicz@gtg.legal
DYLAN T. CICILIANO
Nevada Bar No. 12348
E-mail: dciciliano@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Empery Tax Efficient, LP as
Agent and Collateral Agent for certain
Secured Noteholders*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | |

### EMPERY TAX EFFICIENT, LP'S RESPONSES AND OBJECTIONS TO RYAN DREXLER'S OMNIBUS INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND NOTICES OF DEPOSITION TO EMPERY TAX EFFICIENT, LP, <u>RYAN LANE, AND TIMOTHY SILVER</u>

Empery Tax Efficient, LP ("<u>Empery</u>"), by and through its counsel, the law firm of Garman Turner Gordon, hereby provides its responses and objections to the discovery requests made by Ryan Drexler (the "<u>Drexler</u>") as follows:

### PRELIMINARY STATEMENT

These responses are based solely on information presently known to Empery. Further discovery may lead to additions to, changes in, or modifications of these responses. Accordingly, these responses are being given without prejudice to Empery's right to produce subsequent

discovery evidence and to introduce the same at any future hearing.  Empery hereby expressly reserves the right to amend and/or supplement these responses to the Requests.

Each response is subject to all appropriate objections, including competency, relevancy, propriety, and admissibility, which would require the exclusion of any response set forth herein if the question of materiality were asked of, or any response were made by a witness present and testifying in Court.  All such objections are expressly reserved.  Further, the fact that any demand herein has been answered shall not be taken as an admission of relevancy, admissibility, or any fact set forth in the Requests.

## GENERAL OBJECTIONS

### A.    Request to log all communications with counsel.

Drexler's discovery requests include requests that substantially seek the production of all communications Empery has had with its counsel that are regarding Drexler, and all documents and communications Empery's counsel had regarding Drexler.  For instance, Drexler's Request for Production Number 5 seeks all documents and communications "regarding Ryan Drexler." Read literally, the request seeks every document or communication that mentions Drexler. As Empery is defined to include its counsel, that necessarily includes all of counsel's documents, communications, memos and notes that reference Drexler. This request also includes counsel's communications with Empery, as well as internal Empery communications discussing counsel's advice. Drexler has not asserted that privilege does not apply to those communications.

Instead, Drexler maintains that if Empery withholds these unambiguously privileged communications, they must be logged on a privilege log. Drexler has also requested or suggested that the Court conduct an *in camera* review of the entries on a privilege log.

Privilege logs are necessary "to inform other parties of the existence of documents that may be relevant to a case but will not be turned over." *Mayorga v. Ronaldo*, 606 F. Supp. 3d 1003, 1018 (D. Nev. 2022). Foremost, documents between Empery and its counsel are not relevant to the case, but are only the subject of a privilege log because they have been requested by Drexler. Furthermore, "the reason behind the requirement that parties specifically identify documents through a privilege log is to allow them to describe the documents "in a manner that, without

1  revealing information itself privileged or protected, will enable other parties to assess the claim."

2  *Mayorga v. Ronaldo*, 606 F. Supp. 3d 1003, 1017 (D. Nev. 2022). Moreover, the failure to log a

3  communication can result in a waiver, which one Nevada Court has found creates "a perverse

4  incentive." *Id*. Accordingly, privilege log requirements should be flexible and serve the purpose

5  of placing counsel on notice that documents are being withheld for privilege. *Id*.

6        Preliminarily, more than 6,000 collected emails and documents have thus far been

7  identified as being privileged—and primarily consist of communications between Empery and

8  litigation/bankruptcy counsel regarding ongoing litigation against Debtor/Drexler. There is no

9  mystery that Empery was communicating with counsel and there is no dispute that these

10  communications are privileged. It is anticipated that a privilege log would be hundreds of pages

11  and take dozens of hours to complete. The vast majority of these communications have nothing to

12  do with the trustee motion. But of course, even if they did, they would be privileged and therefore

13  not subject to discovery. The fact that Empery was speaking with counsel and the identity of that

14  counsel may also reveal attorney work product. Finally, the mere existence of communications is

15  neither material nor relevant.

16        Nearly all communications and documents exchanged between Empery and its counsel in

17  this bankruptcy are responsive to Drexler's requests, as most involve or relate to Drexler in one

18  fashion or another. There is simply no reason why these documents should be logged. Drexler

19  presumptively knows that Empery is communicating with counsel during the bankruptcy.

20        In addition, during the bankruptcy, Drexler has brought three complaints (or counterclaims)

21  against Empery or its agents. Additionally, there is a pending state court action in New York

22  between Empery and Drexler. Each and every communication and document exchanged with

23  counsel related to those actions are expressly in regard to Drexler. Thus, literally every

24  communication with counsel is responsive to Drexler's request. Again, there is no mystery about

25  the fact Empery had privileged communications with counsel.

26        Likewise, there was a series of transactions between Drexler, Debtor, and Empery in 2021

27  and 2022. Each of those transactions resulted in hundreds of privileged communications containing

28  documents and comments that are in regard to Ryan Drexler that were exchanged between Empery

and its counsel. The communications are undoubtedly privileged and irrelevant to the trustee motion.

Simply, there is no purpose behind requiring Empery to log each and every communication it has with its counsel that pertains to the bankruptcy or the litigations, especially when they are clearly privileged. To the extent that Empery claims a communication between it and third-parties (including other parties to this action) is privileged, Empery does not object to providing a privilege log. However, all other communications between it and its counsel should be exempt from being on a privilege log.

**B.** **The FRCP 30(b)(6) deposition notice fails to set forth categories of deposition with reasonable particularity.**

The FRCP 30(b)(6) deposition notice of Empery states that the topics for examination "all matters at issue in Ryan Drexler's *Motion for the Appointment of a Chapter 11 Trustee*." The topic fails to meet the reasonable particularity the matters for deposition. <u>See</u> FRCP 30(b)(6) ("(6) Notice or Subpoena Directed to an Organization. ***In its notice or subpoena, a party*** may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity ***and <u>must</u> describe with reasonable particularity the matters for examination***."); *Carlson v. Sam's W., Inc.*, 217CV02882MMDGWF, 2018 WL 4094856, at *2 (D. Nev. Aug. 28, 2018) ("Rule 30(b)(6) requires the noticing party to 'describe with reasonable particularity the matters for examination.'"). "'Reasonable particularity' requires the topics listed to be specific as to subject area and to have discernible boundaries." *Nichols v. Credit Union*, 2018 WL 11404371, at *2 (D. Nev. Dec. 26, 2018)(emphasis added). "Further, if topics concern 'discovery on discovery' or complex data, 'even greater specificity is required to ensure that the witness can prepare for the deposition, that the deposition is productive, and that the parties' time is not wasted on topics that do not relate to core claims or defenses.'" *Id*. On its face, the notice is defective, as it "must describe with reasonable particularity the matters for examination." It is not sufficient to merely state that every issue in the *Motion for the Appointment of a Chapter 11 Trustee.*

Courts have recognized the requirement to designate and prepare one or more corporate witnesses for a 30(b)(6) deposition is a taxing burden that is dependent upon the noticing party

1    providing topics with reasonable particularity.  *See City of Baton Rouge/Par. of E. Baton Rouge*
2    *Dep't of Fin. v. Centroplex Ctr. Convention Hotel, LLC*, CV 22-94-SDD-SDJ, 2022 WL 17682645,
3    at *2 (M.D. La. Dec. 14, 2022) ("Compounding this failure, Catfish Queen not only had to produce
4    documents in that short amount of time, but also designate and prepare one or more corporate
5    witnesses for a Rule 30(b)(6) deposition—a burden that is often 'taxing.'"); *Great Am. Ins. Co. of*
6    *New York v. Vegas Const. Co.*, 251 F.R.D. 534, 540 (D. Nev. 2008). Failing to provide topics
7    pursuant to FRCP 30(b)(6) prevents the party being deposed from being prepared. *Matthys v.*
8    *Barrick Gold of N. Am., Inc.*, 2021 WL 3604834, at *2 (D. Nev. Aug. 13, 2021).

9        The deposition notice lacks any particularity, as "all matters at issue in Ryan Drexler's
10   *Motion for the Appointment of a Chapter 11 Trustee*" has no discernable boundaries and would
11   require a deponent to be knowledgeable on every aspect of the case. Accordingly, the notice of
12   deposition fails to satisfy FRCP 30(b)(6).

13   **C.    Deposition Notices of Tim Silver and Ryan Lane.**

14       The Court permitted a single FRCP 30(b)(6) deposition of Empery. Accordingly, the
15   notices to Tim Silver and Ryan Lane are not permitted.

16   **D.    Disputed admissibility.**

17       Empery does not concede that any of the information and/or documents produced herein
18   are, or will be, admissible into evidence.  Empery does not intend to waive, but rather intends to
19   preserve, each and every available objection to the use and admissibility of the information and
20   documents that may be disclosed in Objection to the Requests.

21   **E.    Documents outside Empery's control.**

22       Empery objects to the Requests to the extent that they seek information outside the
23   possession, custody, or control of Empery, especially to the extent that the subpoena seeks
24   responses or information that is in the possession of Debtor.

25                    **ANSWERS AND OBJECTIONS TO INTERROGATORIES**

26   **Interrogatory No. 1:**    Identify each person providing information for the responses to these
27   Interrogatories, the specific Interrogatory for which the person provided information, and the title
28   and business address of each such person.

**Objection and Response to Interrogatory No. 1:**

The request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the objection, Timothy Silver.

**Interrogatory No. 2:**  Identify all persons whom You know, or have reason to believe, have knowledge of any facts relevant to the issues described in the *Motion for the Appointment of a Chapter 11 Trustee* [ECF No. 447] ("Trustee Motion").

**Objection and Response to Interrogatory No. 2:**

The interrogatory is vague and ambiguous as to "relevant issues" described in the Trustee Motion. This is especially the case since the Trustee Motion lacks any evidence in support thereof. Accordingly, Empery is unaware of what, if any, of the facts are that are "relevant to the issues" in the Trustee Motion. Subject to the objection, Ryan Drexler, Eric Hillman, Nick Rubin, Timothy Silver, and Ryan Lane would have knowledge of the facts that Empery believes are at issue.

**Interrogatory No. 3:** State the name, occupation, address, and telephone number of each witness (fact or expert) that You expect to call or rely upon at a hearing on the Trustee Motion together with a summary of the matters to be testified about within the knowledge of each such witness.

**Objection and Response to Interrogatory No. 3:**

This interrogatory is vague and ambiguous as to "call" or "rely" upon. Moreover, the request is premature as discovery is underway and Drexler has yet to reveal the basis of his allegations. Subject to the aforementioned objection and subject to supplementation based on discovery, Empery intends on calling movant Ryan Drexler, occupation unknown, c/o Michael Richman. It is anticipated that Mr. Drexler will testify that he has no evidence supporting the appointment of a trustee. Empery also intends on calling Mr. Lane to testify at the time of the hearing to describe the facts and circumstances behind "Text Messages" included in the Trustee Motion. He will likewise testify that the Trustee Motion, to the extent it includes allegations against Empery, is baseless. Empery reserves the right to call any witness identified by any other party.

**Interrogatory No. 4:** Provide an accounting of funds provided by the Lender (as described in the Final DIP Order) to the Debtor and all prepetition indebtedness "rolled-up" into the DIP Notes (as

described in the Final DIP Order) pursuant to any debtor-in-possession financing agreements between You and the Debtor, including Exhibits A and B to the *Final Order Regarding Emergency Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 and Fed. R. Bankr. P. 4001(b) and 4001(d): (I) Authorizing the Debtor to Obtain Postpetition Financing, (II) Granting Senior Secured Liens and Administrative Expense Claims, (III) Determining Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [ECF No. 296] ("Final DIP Order").

**Objection and Response to Interrogatory No. 4:**

The request is vague, ambiguous, and nonsensical with respect to its reference to Exhibit A to the Final DIP Order and the term "accounting". Subject to the objection, and pursuant to FRCP 33(d), see bates Empery-TT_0049900, Empery-TT_0049918.

**Interrogatory No. 5:**

Provide an accounting of all payments made to Prestige Capital Finance, LLC's Claim No. 14, including payments made to You in respect to Claim No. 14 as held by MP Collateral LLC as evidenced by the *Transfer of Claim Other than for Security* [ECF No. 360].

**Objection and Response to Interrogatory No. 5:**

The request is vague and ambiguous with respect to accounting. Moreover, the request seeks information that is not relevant to any claims or defenses to the Trustee Motion. Subject to the objection, $751,158.06, and pursuant to FRCP 33(d), see bates Empery-TT_0049913Empery-TT_0049917, Empery-TT_0049906-Empery-TT_0049907.

**RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION**

**Request No. 1:** Produce all documents and communications that You relied upon to respond to the above Interrogatories.

**Objection to Request No. 1:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." It is likewise vague as to "relied" upon.

1       Subject to the objection, after a reasonable search, Empery has produced responsive and

2   relevant documents and communications.

3   **Request No. 2:** Produce all documents and communications that refer or relate to any sale, auction,

4   appraisal, or valuation of any of the Debtor's assets, in whole or in part, either before or after the

5   Petition Date.

6   **Objection to Request No. 2:**

7       The request is overbroad and unduly burdensome in that it seeks "all documents and

8   communications." Subject to the objection, after a reasonable search, Empery has produced

9   responsive and relevant documents and communications.

10  **Request No. 3:** Produce all documents and communications that refer or relate to the desirability

11  of continuing the Debtor's business as a going concern.

12  **Objection to Request No. 3:**

13      The request is overbroad and unduly burdensome in that it seeks "all documents and

14  communications." The request is also vague as to the terms "desirability." Subject to the objection,

15  after a reasonable search, Empery has produced responsive and relevant documents and

16  communications.

17  **Request No. 4:** Produce all documents and communications that refer or relate to the retention of

18  Nicholas Rubin as the Debtor's independent director.

19  **Objection to Request No. 4:**

20      The request is overbroad and unduly burdensome in that it seeks "all documents and

21  communications." Moreover, the request seeks documents that are not in Empery's possession and

22  control. Subject to the objection, after a reasonable search, Empery has produced responsive and

23  relevant documents and communications in its possession, if any.

24  **Request No. 5:** Produce all documents and communications with Empery regarding Ryan Drexler.

25  **Objection to Request No. 5:**

26      The request is overbroad and unduly burdensome in that it seeks "all documents and

27  communications." The request as written extends to each and every communication related to

28  Drexler and expressly includes attorney client communications and work product. Therefore (1)

the burden of production outweighs any likely benefit and (2) the request seeks documents and communications that are not relevant to any parties' claims or defenses and is therefore beyond the scope of discovery. Subject to the objection, after a reasonable search, Empery has produced responsive and relevant documents and communications.

**Request No. 6:** Produce all documents and communications that refer or relate to any new customers to which the Debtor has sold products since the Petition Date.

**Objection to Request No. 6:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." Moreover, the request seeks documents that are not in Empery's possession and control. Subject to the objection, after a reasonable search, Empery has produced responsive and relevant documents and communications.

**Request No. 7:** Produce all documents and communications that refer or relate to interest expressed by any customers to which the Debtor had the opportunity to sell products, but did not sell products, since the Petition Date.

**Objection to Request No. 7:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." Moreover, the request seeks documents that are not in Empery's possession and control. Subject to the objection, after a reasonable search, Empery is unaware of any responsive and relevant documents and communications in its custody and control.

**Request No. 8:** Produce all documents and communications that refer or relate to marketing of the Debtor's products.

**Objection to Request No. 8:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." Moreover, the request seeks documents that are not in Empery's possession and control. Subject to the objection, after a reasonable search, Empery has produced responsive and relevant documents and communications.

**Request No. 9:** Produce all documents and communications that refer or relate to any sellers to, or purchasers from, the Debtor that have ceased doing business with the Debtor.

**Objection to Request No. 9:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." Moreover, the request seeks documents that are not in Empery's possession and control. Empery is further unaware of which sellers or purchasers that the Debtor has ceased doing business with. Subject to the objection, after a reasonable search, Empery is unaware of any responsive and relevant documents and communications in its custody and control.

**Request No. 10:** Produce all documents and communications that refer or relate to increases or decreases in product inventory held by the Debtor or by JWN on the Debtor's behalf.

**Objection to Request No. 10:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." Moreover, the request seeks documents that are not in Empery's possession and control. Subject to the objection, after a reasonable search, Empery has produced responsive and relevant documents and communications.

**Request No. 11:** Produce all documents and communications that refer or relate to the Debtor's engagement or termination of product manufacturers or contract manufacturers.

**Objection to Request No. 11:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." Moreover, the request seeks documents that are not in Empery's possession and control. Subject to the objection, after a reasonable search, Empery is unaware of any responsive and relevant documents and communications in its custody and control.

**Request No. 12:** Produce all documents and communications supporting your sworn statement that "On February 8, 2023, I am informed and believe that an unknown individual contacted the Westport Board of Education, where I reside, and asked numerous school board members about my wife. This individual called the members' mobile numbers from a blocked number and purported to be a New York Times Reporter. Given other events that occurred at the same time, I believe that Drexler was involved in the placing of these calls." found at paragraph 5 of the *Declaration of Ryan Lane* [ECF No. 15-1], filed in *Drexler v. Silver*, Case No. 23-cv-00128 (D. Nev. March 24, 2023).

**Objection to Request No. 12:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." Subject to the objection, after a reasonable search, Empery has produced responsive and relevant documents and communications.

**Request No. 13:** Produce all documents and communications supporting your sworn statement that "On February 17, 2023, my wife received an anonymous letter addressed to her that alleged I had been unfaithful. I believe the letter was contrived or caused to be sent by Drexler." found at paragraph 6 of the *Declaration of Ryan Lane* [ECF No. 15-1], filed in *Drexler v. Silver*, Case No. 23-cv-00128 (D. Nev. March 24, 2023).

**Objection to Request No. 13:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." Subject to the objection, after a reasonable search, Empery has produced responsive and relevant documents and communications.

**Request No. 14:** Produce all documents and communications supporting your sworn statement that "On April 1, 2023, I am informed and believe that my neighbors received anonymous letters alleging that I had engaged in criminal behavior. Given the contentious nature of the various litigation with Drexler, as well as other facts, I believe that Drexler sent the letter to my neighbors." found at paragraph 7 of the *Declaration of Ryan Lane* [ECF No. 15-1], filed in *Drexler v. Silver*, Case No. 23-cv-00128 (D. Nev. March 24, 2023).

**Objection to Request No. 14:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." Subject to the objection, after a reasonable search, Empery has produced responsive and relevant documents and communications.

**Request No. 15:** Produce all documents and communications supporting your sworn statement that "On April 5, 2023, a Facebook account using the name and picture of a 30-year Chicago Kirkland & Ellis LLP ("K&E") law partner Wendy Bloom began posting about me in Westport community message boards. The fake Facebook Profile posts suggested that I was a danger to children in the community. After contacting Facebook, they confirmed that the account was

created from a Northern Nevada Internet Protocol ("IP") address, but would not provide me the exact IP address. I have since received confirmation that K&E partner Wendy Bloom did not create the Facebooker. Wendy Bloom confirmed she still resides in the Chicago area. Likewise, I have not seen or heard of any individual named Wendy Bloom in my neighborhood, nor has anyone moved to my small neighborhood recently, as alleged in the posts. On April 14, 2023, I am informed and believed that the email address bloomwendy452@gmail.com emailed the Westport School District school board members. The email suggests that I am violent criminal and may be a danger to children and wanted to inform the school board 'in the event that something happens involving Mr. Lane in the future . . . in case Mr Lane acts violent or erratic in the future.' . . . Given the timing of the allegations, as well as other actions and information I have seen, I believe them to have been orchestrated by Drexler. . . ." found at paragraphs 9 through 15 of the *Declaration of Ryan Lane* [ECF No. 15-1], filed in *Drexler v. Silver*, Case No. 23-cv-00128 (D. Nev. March 24, 2023).

**Objection to Request No. 15:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." Subject to the objection, after a reasonable search, Empery has produced responsive and relevant documents and communications.

**Request No. 16:** Produce all documents and communications supporting your sworn statement that "Drexler launched a clandestine campaign to intimidate me through anonymous communications to my spouse, my children's school board, my neighbors, and members of the town in which I reside through posts on social media groups." found at paragraph 14 of the *Declaration of Ryan Lane in Support of Emergency Motion to Enforce Intercreditor and Subordination Agreement Under Section 510(a) of the Bankruptcy Code* [ECF No. 508], filed in the Bankruptcy Case.

**Objection to Request No. 16:**

The request is overbroad and unduly burdensome in that it seeks "all documents and communications." Subject to the objection, after a reasonable search, Empery has produced responsive and relevant documents and communications.

1   **Request No. 17:** To the extent text messages responsive to the above requests directed to You

2   were deleted from Your mobile phone and are unrecoverable from cloudbased or hard drive

3   backups, please immediately request from your service provider and produce a log of such text

4   messages containing the date, time, to, from, direction, and message type (i.e., text, picture/video,

5   etc.) for each message. Such logs may also be available to be generated directly by You through

6   Your online account, without requesting them from Your provider.

7   **Objection to Request No. 17:**

8       The request seeks the creation or generation of documents by third-parties and is therefore

9   objectionable. The request further has a condition precedent that has not occurred. Empery has

10   produced responsive and relevant documents and communications.

11       DATED this 19th day of July, 2023.

12                           GARMAN TURNER GORDON LLP

13

14                           */s/ Dylan T. Ciciliano*

                            GREGORY E. GARMAN

15                           WILLIAM M. NOALL

                            TERESA M. PILATOWICZ

16                           DYLAN T. CICILIANO

                            7251 Amigo Street, Suite 210

17                           Las Vegas, Nevada 89119

                            *Attorneys for Empery Tax Efficient, LP as*

18                           *Agent and Collateral Agent for certain*

                            *Secured Noteholders*

19

20

21

22

23

24

25

26

27

28

**VERIFICATION OF EMPERY TAX EFFICIENT, LP'S RESPONSES AND OBJECTIONS TO RYAN DREXLER'S OMNIBUS INTERROGATORIES TO EMPERY TAX EFFICIENT, LP**

In my capacity as a Portfolio Manager with Empery Asset Management, LP, the investment advisor to EMPERY TAX EFFICIENT, LP, Creditor in the above-entitled matter; that I have read the foregoing responses to *Verification of Empery Tax Efficient, LP's Responses and Objections to Ryan Drexler's Omnibus Interrogatories to Empery Tax Efficient, LP*, and know the contents thereof; that the same is true of my own knowledge, except as to those matters stated on information and belief, and as to those matters, and believe them to be true.

Dated this 19 day of July 2023.

_____

TIMOTHY SILVER, Portfolio Manager of Empery Asset Management, LP, the investment advisor to EMPERY TAX EFFICIENT, LP

# EXHIBIT J

# EXHIBIT J

**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:    (608) 630-8990
Facsimile:    (608) 630-8991
mrichman@steinhilberswanson.com

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:    (702) 386-8600
Facsimile:    (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

In re

MUSCLEPHARM CORPORATION,

　　　　　Debtor.

Case No.  BK-22-14422-NMC

Chapter 11

## NOTICE OF DEPOSITION OF RYAN LANE

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30, made applicable to contested matters by Fed. R. Bankr. P. 7030 and 9014(c), Ryan Drexler, by and through his undersigned counsel, will take the deposition upon oral examination of Ryan Lane, relating to the *Motion for Appointment of a Chapter 11 Trustee* (ECF No. 447).

PLEASE TAKE NOTICE that the deposition shall commence on **Monday, August 7, 2023, at 9:00 a.m.** at the office of Schwartz Law, PLLC, located at 601 East Bridger Avenue, Las Vegas, Nevada 89101, or such other time and place as may be agreed to by the parties. The deposition will take place before a court reporter, notary public, or other person authorized by law to administer oaths, and will be recorded by stenograph, audio, and/or visual means.

Dated: July 24, 2023.

**STEINHILBER SWANSON LLP**

*/s/ Michael P. Richman, Esq.*
MICHAEL P. RICHMAN
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:     (608) 630-8990
Facsimile:     (608) 630-8991
mrichman@steinhilberswanson.com

*Counsel for Ryan Drexler*

# EXHIBIT K

# EXHIBIT K

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | |

**DEBTOR'S OBJECTIONS AND RESPONSES TO RYAN DREXLER'S OMNIBUS INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND NOTICES OF DEPOSITION TO MUSCLEPHARM, ERIC HILLMAN, JASON KEENAN, WILL HOVI, AND NICHOLAS RUBIN**

MusclePharm Corporation (the "**Debtor**"), debtor and debtor-in-possession in the above-captioned Chapter 11 case, submits these responses and objections to the interrogatories, requests for production of documents, and notices of deposition to the Debtor, Eric Hillman, Jason Keenan, Will Hovi, and Nicholas Rubin (collectively with Hillman, Keenan, Hovi, and Rubin, the "**Non-Party Witnesses**") by Ryan Drexler ("**Drexler**") on July 5, 2023.

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

These responses are made and based upon information and documents that are presently available or specifically known to the Debtor and are subject to further discovery, independent investigation, legal research, and analysis. Further discovery may lead to additions to, changes in, or modifications of these responses. These responses are being given without prejudice to the Debtor's right to produce subsequent discovery and to introduce the same at any future hearing. The Debtor expressly reserves the right to amend and/or supplement these responses and objections.

1

Each response shall be subject to appropriate objections (including, but not limited to, objections concerning competency, relevancy, materiality, propriety, and admissibility) which would require the exclusion of any document or testimony if made by a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of any hearing or trial.

## OBJECTION TO NOTICES OF DEPOSITION

The Debtor makes the following general objections to the notices of deposition to the Debtor, Hillman, Keenan, Hovi, and Rubin:

1.      The Debtor objects to the deposition notices because five (5) deposition notices exceeds the number of depositions permitted by the Court pursuant to the ruling on July 10, 2023.

2.      The Debtor objects to the deposition notices as they fail to state the date and time of the deposition and therefore fail to provide reasonable written notice to every other party as required by Rule 30(b)(1).

3.      The Debtor objects to the deposition notice directed to the Debtor (as modified by the Matters for Examination provided on July 18, 2023, the "**30(b)(6) Notice**"), because the Matters for Examination set forth therein are overbroad and unduly burdensome and the 30(b)(6) Notice fails to describe "with reasonable particularity the matters on which examination is requested" as required by Rule[1] 30(b)(6). A Rule 30(b)(6) notice must describe the matters for examination with "painstaking specificity." *Kalis v. Colgate-Palmolive Co.*, 241 F.3d 1049, 1057, n.5 (7th Cir. 2000) (demanding "painstaking specificity") (quoting *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 638 (D. Minn. 2000); *see also E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 426 (D. Kan. 2007) ("the side taking the deposition has an obligation to "designate with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute."). "An overbroad Rule 30(b)(6) notice subjects the noticed party to an impossible task. To avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed

---

[1] Unless otherwise indicated, all references to the "**Rules**" or a "**Rule**" are to the Federal Rules of Civil Procedure and all references to the "**Bankruptcy Rules**" or a "**Bankruptcy Rule**" are to the Federal Rules of Bankruptcy Procedure.

1    in the notice." *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000). Where the deponent "cannot

2    identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Id.*

3         4.    The Debtor objects to each Matter for Examination as follows:

**A.  The Debtor's business transactions and relationships with vendors,
     suppliers, and customers, including the price the Debtor pays for protein
     components and the price at which the Debtor sells its products.**

6    **OBJECTION**: The Debtor objects to this Matter for Examination because the terms

7    "business transactions" and "relationships" are vague. The Debtor further objects because the Matter

8    for Examination is overbroad and unduly burdensome in that it subjects the Debtor to the impossible

9    task of educating a witness regarding all aspects of the Debtor's relationship with each of its

10   customers, vendors, and suppliers and all aspects of purchasing and sales, including, without

11   limitation, the terms of every agreement and every purchase order or sale order, over an

12   indeterminate amount of time. The Debtor cannot adequately prepare a witness to testify regarding

13   information known or reasonably available to the Debtor because it cannot identify the outer limits

14   of the areas of inquiry noticed. Further, the Matter for Examination does not identify specific

15   transactions, specific vendors, suppliers, or customers, or a definite time period, and it encompasses

16   information that is not relevant to the issues in the Trustee Motion. Because the Matter for

17   Examination does not describe the matters on which examination is requested with reasonable

18   particularity and is overbroad, the 30(b)(6) Notice fails to provide the Debtor with sufficient time to

19   adequately prepare a witness to testify fully regarding the subject matter.

**B.  The use of debtor-in-possession financing for the payment of
     administrative expenses and other post-petition liabilities, and for business
     operations, including the Debtor's efforts to build inventory.**

22   **OBJECTION**: The Debtor objects to this Matter for Examination because the phrase

23   "efforts to build inventory" is vague and overbroad. The Debtor further objects because the Matter

24   for Examination appears to require the Debtor to educate a witness regarding every payment made

25   by the Debtor over the course of over six months, which is overbroad, unduly burdensome, and not

26   relevant to the issues in the Trustee Motion. Because the Matter for Examination fails to describe

27   the matters on which examination is requested with reasonable particularity and is overbroad in

28

3

scope, the 30(b)(6) Notice does not provide the Debtor with sufficient time to adequately prepare a witness to testify fully regarding the subject matter.

### C. The value of the Debtor's business as a going concern, or the value of the Debtor's assets, in a sale transaction under 11 U.S.C. § 363.

**OBJECTION**: The Debtor objects to the Matter for Examination because the scope is unclear. The Debtor further objects because the Matter for Examination is overbroad and unduly burdensome in that it subjects the Debtor to the impossible task of educating a witness regarding all aspects of the Debtor's business, assets, and financial affairs. The Debtor cannot adequately prepare a witness to testify regarding information known or reasonably available to the Debtor when it cannot identify the outer limits of the area of inquiry. Because the Matter for Examination fails to describe the matters on which examination is requested with reasonable particularity and is overbroad in scope, the 30(b)(6) Notice does not provide the Debtor with sufficient time to adequately prepare a witness to testify fully regarding the subject matter.

### D. The relationship and communications between or among any of the Debtor, Ryan Lane, and Nicholas Rubin.

**OBJECTION**: The Debtor objects to the Matter for Examination because the term "relationship" is vague. The Debtor further objects because the Matter for Examination encompasses communications protected by the attorney-client privilege, work-product doctrine, common interest privilege, other privilege, exemption, or immunity. Further, the Matter for Examination is overbroad and unduly burdensome as it fails to describe the subject matter of the communications on which examination is requested with reasonable specificity and sweeps within its scope communications that are not relevant to the matters at issue in the Trustee Motion, including, but not limited to, prepetition communications related to the Empery financing. The Matter for Examination subjects the Debtor to the impossible task of educating a witness regarding thousands of communications, most of which are not relevant to any matter at issue in the Trustee Motion. The Debtor cannot adequately prepare a witness to testify regarding information known or reasonably available to the Debtor on such a broad topic. Because the Matter for Examination fails to describe the matters on which examination is requested with reasonable particularity and is overbroad in scope, the 30(b)(6)

1     Notice does not provide the Debtor with sufficient time to adequately prepare a witness to testify

2     fully regarding the subject matter.

           **E.  If Drexler is required to produce any information or testify about the**
3                 **United States Securities and Exchange Commission ("SEC") investigation**
4                 **in the Debtor and certain of its officers and directors, including Case No.**
                **23-cv-5102 (C.D. Cal.), Drexler reserves his right to examine the Debtor's**
5                 **designee about all communications between the Debtor and the SEC.**

6       **OBJECTION**: The Debtor objects to the Matter for Examination because it is overbroad,

7     fails to describe the subject matter of the communications on which examination is requested with

8     reasonable specificity, and fails to identify how such communications are relevant to the matters at

9     issue in the Trustee Motion.

10     <u>**GENERAL OBJECTIONS TO INTERROGATORIES AND DOCUMENT REQUESTS**</u>

11       The Debtor makes the following general objections to each of the interrogatories (the

12     "**Interrogatories**" and each, an "**Interrogatory**") and requests for the production of documents (the

13     "**Requests**" and each, a "**Request**"), whether or not set forth in the specific objections below or the

14     subsequent responses:

15       1.      The Debtor objects to the Interrogatories and Requests to the extent they seek to

16     impose duties or obligations beyond those required by the Rules or Bankruptcy Rules, including the

17     duty to answer Interrogatories and produce documents on behalf of the Non-Party Witnesses.

18       2.      The Debtor objects to Interrogatories 1-3 and 8 as directed to Hillman, Keenan, Hovi,

19     and Rubin because Rule 33, made applicable by Bankruptcy Rule 7033, permits propounding

20     interrogatories only to parties. FED. R. CIV. P. 33(a)(1) ("a party may serve on any other party no

21     more than 25 written interrogatories…"); *Holland v. Minneapolis-Honeywell Regulator Co.*, 28

22     F.R.D. 595, 595 (D. Colo. 1961). The propounding party has no right to select the particular officer

23     or agent to respond to interrogatories directed to a corporate party. *See Rhodes v. Elec. Data Sys.*

24     *Corp.*, No. CIV S-06-1715 MCE EFB PS, 2007 U.S. Dist. LEXIS 19187, at *2-3 (E.D. Cal. Mar.

25     19, 2007).

26       3.      The Debtor objects to the Interrogatories and Requests to the extent they are not

27     proportional to the needs of the case, considering the importance of the issues at stake in the action,

28     the amount in controversy, the parties' relative access to relevant information, the parties' resources,

the importance of the discovery in resolving the issues, and whether the burden or expense compliance with the Documents Requests outweighs the likely benefit.

4.      The Debtor objects to the Interrogatories and Requests to the extent they are overly broad and/or unduly burdensome. Among other things, Requests seeking "all documents and communications that refer or relate to" or "evidencing" broad subject matters are facially overbroad, unduly burdensome, and not proportionate to the needs of this case. Rule 34, incorporated by Bankruptcy Rules 9014 and 7034, requires a party seeking discovery to "describe with reasonable particularity each item or category of items to be inspected." FED. R. CIV. P. 34(b)(1)(A). A discovery request that uses omnibus terms to modify a general category of documents or information fails to describe the category of documents requested with reasonable particularity. *See, e.g.*, *Krause v. Nev. Mut. Ins. Co.*, No. 2:12-cv-00342-JCM-CWH, 2014 U.S. Dist. LEXIS 14872, at *16-17 (D. Nev. Feb. 6, 2014) (quoting *Dauska v. Green Bay Packaging Inc.*, 291 F.R.D. 251, 261 (E.D. Wisc. 2013)). Such requests are impermissibly broad and burdensome because the production of responsive documents would require compilation and review of a vast array of documents and communications to determine whether they relate or refer to the subject matter of the request.

5.      The Debtor objects to the Interrogatories and Requests to the extent they seek information or documents that are not within the Debtor's possession, custody, or control or they require the Debtor to search for and produce information or documents not centrally maintained or which are in the possession of persons not believed to have significant involvement in the matters set forth in the Interrogatories or Requests. Such requests subject the Debtor to undue burden or expense that outweighs the likely benefit of the discovery.

6.      The Debtor objects to Interrogatories and Requests seeking information or documents which are not reasonably accessible to the Debtor or to which Drexler has greater access by virtue of his longstanding control of the Debtor until January of 2023. Such requests are not proportional to the needs of the case, particularly considering the parties' relative access and whether the burden or expense of the proposed discovery outweighs its likely benefit.

7.      The Debtor objects to the Interrogatories and Requests to the extent they seek information or documents regarding transactions and relationships between non-debtor entities

and/or individuals. Such requests are not proportional to the needs of the case, particularly considering the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.      The Debtor objects to the Interrogatories and Requests to the extent they seek information or documents protected by the attorney-client privilege, the work-product doctrine, the consulting or non-testifying expert privilege, or any other applicable privilege, exemption, or immunity. Among other things, the Interrogatories and Requests do not exclude communications between the Debtor and its bankruptcy counsel, and therefore require the collection and review of hundreds, if not thousands, of email communications that are protected by the attorney-client privilege and work-product doctrine. Such collection and review, along with the preparation of a privilege log, is not proportional to the needs of the case, particularly considering the importance of the discovery in resolving the issues and the burden or expense of the proposed discovery, which substantially outweighs its likely benefit. Any inadvertent production of any document shall not constitute a waiver of any of the rights or privileges of the Debtor or of other parties to a communication subject to a common interest privilege, and the Debtor reserves its right to demand and obtain the prompt return of any such document and all copies thereof.

9.      The Debtor objects to the Requests to the extent that they seek to compel the Debtor or Non-Party Witnesses to request and produce logs of deleted text messages, as such requests are overbroad, unduly burdensome, and oppressive.

10.     The Debtor objects to the "Instructions" in the Interrogatories and Requests to the extent that they seek to require the Debtor to create a document or prepare a written response where the answer may be determined by examining, auditing, compiling, abstracting, or summarizing the Debtor's business records (including electronically stored information) and the burden of deriving or ascertaining the answer will be substantially the same for either party.

11.     The Debtor objects to the definition of "You" and "Your" to the extent it includes individuals or entities other than the Debtor or unidentified affiliates or insiders of any individual or entity other than the Debtor. For purposes of these Objections and the Debtor's responses to the

Interrogatories and Requests, "You," "Your," "Debtor," and "MusclePharm" shall refer to MusclePharm Corporation and its officers, employees, and agents acting in such capacities.

12.      The Debtor objects to the definitions of "Empery," "JWN," and "MHF" to the extent they include individuals or entities other than Empery Tax Efficient, LP, JW Nutritional LLC, MHF Opco, LLC and disclosed officers, employees, or agents thereof.

13.      The Debtor objects to the "Definitions" in the Interrogatories and Requests to the extent that they (a) seek to expand the Debtor's obligations beyond those required by the Rules, Bankruptcy Rules, or other applicable law or rule, (b) are inconsistent with the definitions of terms set forth in 11 U.S.C. § 101 or the customary meaning of any term, (c) assume incomplete or inaccurate facts, are based on factual premises that are inaccurate or incomplete, or (d) require a legal conclusion to determine the scope of a response.

## SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

Interrogatory Nos. 1–3 to MusclePharm Corporation, Eric Hillman, Jason Keenan, Will Hovi, and Nicholas Rubin.

**INTERROGATORY NO 1. Identify each person providing information for the responses to these Interrogatories, the specific Interrogatory for which the person provided information, and the title and business address of each such person.**

**RESPONSE TO INTERROGATORY NO. 1**: In addition to and without waiving the General Objections, the Debtor objects to the Interrogatory as it is compound, overly broad, and unduly burdensome. Information relied upon in the preparation of answers to the Interrogatories may be obtained from innumerable people, including directors, officers, and employees of the Debtor and third parties. Accordingly, answering the Interrogatory is unduly burdensome for a corporate party. The Debtor further objects to the Interrogatory as directed to the Non-Party Witnesses, as Rule 33 does not authorize interrogatories to non-parties and answers of the Non-Party Witnesses in their individual capacities would not bind the Debtor.

Subject to and without waiving its objections, information for the responses to the Interrogatories was obtained from myriad sources, including documents containing information provided by numerous custodians. Individuals who provided information or documents on which the Debtor's answers are based include, but are not limited to, the following:

1  Eric H. Hillman
   Chairman and Chief Executive Officer
2  MusclePharm Corporation
   c/o Samuel A. Schwartz, Esq.
3  Schwartz Law, PLLC
   601 East Bridger Avenue
4  Las Vegas, Nevada 89101
   Tel: 702-385-5544
5
6  Nicholas Rubin
   Independent Director
7  MusclePharm Corporation
   c/o Samuel A. Schwartz Esq.
8
   Interrogatories 4-7:
9
10 Jason Keenan
   Director of Sales
11 MusclePharm Corporation
   c/o Samuel A. Schwartz, Esq.
12
   Will Hovi
13 Operations Manager
   MusclePharm Corporation
14 c/o Samuel A. Schwartz, Esq.

15 **INTERROGATORY NO 2. Identify all persons whom You know, or have reason to believe,**
16 **have knowledge of any facts relevant to the issues described in the** *Motion for the Appointment*
   ***of a Chapter 11 Trustee* [ECF No. 447] ("Trustee Motion").**

17     **RESPONSE TO INTERROGATORY NO. 2**: In addition to and without waiving the

18 General Objections, the Debtor objects to the Interrogatory as compound, vague, overly broad,

19 unduly burdensome. The phrase "issues described in the *Motion for the Appointment of a Chapter*

20 *11 Trustee*" is vague, overbroad, and unduly burdensome in that it requires the Debtor to determine

21 Drexler's understanding of what "issues" are described in the Trustee Motion and what facts may

22 be relevant to such issues. The phrase "have reason to believe" renders the Interrogatory unduly

23 burdensome as it expressly imposes upon the Debtor the obligation to disclose information that it

24 does not know. The Debtor further objects to the Interrogatory as the Debtor's response would reveal

25 its counsel's impressions, conclusions, opinions, or legal research or theories regarding the issues

26 described in the Trustee Motion and facts relevant thereto. The Debtor further objects to the

27 Interrogatory as directed to the Non-Party Witnesses, as Rule 33 does not authorize interrogatories

28

9

to non-parties. Further, answers of the Non-Party Witnesses in their individual capacities would not bind the Debtor.

Subject to and without waiving its objections, the Debtor anticipates that numerous directors, officers, employees, representatives and/or agents of the Debtor, Empery, JWN, MHF, White Winston Select Asset Funds, LLC, the Committee, and Drexler, along with their respective counsel and advisors, have knowledge of facts that may be relevant to matters at issue in the Trustee Motion, including but not limited to the following:

Eric H. Hillman
Chairman and Chief Executive Officer
MusclePharm Corporation
c/o Samuel A. Schwartz, Esq.

Nicholas Rubin
Independent Director
MusclePharm Corporation
c/o Samuel A. Schwartz, Esq.

Paul W. Karr
Chair, Audit Committee
MusclePharm Corporation
c/o Samuel A. Schwartz, Esq.

Rita Mikel
Executive Assistant to Eric H. Hillman/Human Resources
MusclePharm Corporation
c/o Samuel A. Schwartz, Esq.

Jason Keenan
Director of Sales
MusclePharm Corporation
c/o Samuel A. Schwartz, Esq.

Will Hovi
Operations Manager
MusclePharm Corporation
c/o Samuel A. Schwartz, Esq.

Ryan Williams
Portage Point Partners
300 North LaSalle, Suite 1420
Chicago, IL 60654
Tel: (312) 781-7531

1
　　　　　Jeff Gasbarra
　　　　　Portage Point Partners
2
　　　　　300 North LaSalle, Suite 1420
　　　　　Chicago, IL 60654
3
　　　　　Tel: 708-975-0755

4
　　　　　Ryan Lane
5
　　　　　Empery Tax Efficient, LP
　　　　　c/o William M. Noall, Esq.
6
　　　　　Garman Turner Gordon
　　　　　7251 Amigo Street, Suite 210
7
　　　　　Las Vegas, Nevada 89119
　　　　　Tel: 725-777-3000
8

9
　　　　　Timothy Silver
　　　　　Empery Tax Efficient, LP
　　　　　c/o William M. Noall, Esq.
10

11
　　　　　Brett Director
　　　　　Empery Tax Efficient, LP
12
　　　　　c/o William M. Noall, Esq.

13
　　　　　Jesse Windrix
　　　　　JW Nutritional, LLC
14
　　　　　c/o Shara L. Larson, Esq.
　　　　　Ghandi Deeter Blackham
15
　　　　　725 S. 8th Street, Suite 100
　　　　　Las Vegas, Nevada 89101
16
　　　　　Tel: 702-878-1115

17
　　　　　Todd Enright
18
　　　　　White Winston Select Asset Funds, LLC
　　　　　c/o Jeffrey D. Sternklar
19
　　　　　101 Federal Street, Suite 1900
　　　　　Boston, MA 02110-1861
20
　　　　　Tel: 617-207-7800

21
　　　　　Ryan Drexler
　　　　　c/o Michael P. Richman
22
　　　　　Steinhilber Swanson LLP
　　　　　122 W. Washington Avenue, Suite 850
23
　　　　　Madison, WI  53703-2732
　　　　　Tel: 608-630-8990
24

25
**INTERROGATORY NO 3. State the name, occupation, address, and telephone number of each witness (fact or expert) that You expect to call or rely upon at a hearing on the Trustee Motion together with a summary of the matters to be testified about within the knowledge of each such witness.**
26

27

28

11

**RESPONSE TO INTERROGATORY NO. 3**: In addition to and without waiving the General Objections, the Debtor objects to the Interrogatory as compound and premature. Discovery is incomplete, the Debtor has not completed its trial preparation, and further discovery, legal research, and analysis may supply additional information. The Debtor further objects to the Interrogatory to the extent directed to the Non-Party Witnesses, as Rule 33 does not authorize interrogatories to non-parties. Further, answers of the Non-Party Witnesses in their individual capacities would not bind the Debtor, and the Non-Party Witnesses, who are not parties to the Trustee Motion, will not be calling or relying upon any witnesses at the hearing on the Trustee Motion.

Subject to and without waiving its objections, the Debtor has not identified witnesses it expects to call at the hearing on the Trustee Motion as Drexler has not disclosed the factual basis of his allegations and discovery is incomplete. The Debtor will supplement its answer to this Interrogatory.

Interrogatory Nos. 4–7 to MusclePharm Corporation.

**INTERROGATORY NO 4. Identify each purchase order for Debtor's products given to the Debtor, the date so given, the products ordered therein, the prices, and the date or dates the orders were fulfilled.**

**RESPONSE TO INTERROGATORY NO. 4**: In addition to and without waiving the General Objections, the Debtor objects to the Interrogatory to the extent it seeks information that is not relevant to the claim or defense of any party or is not proportional to the needs of the case. The Debtor further objects to the Interrogatory to the extent it requires the preparation of a compilation, abstract, audit or summary from documents in the Debtor's possession, which would be similarly burdensome and/or expensive to both Drexler and the Debtor. To the extent documents produced by the Debtor contain the requested information, the Debtor reserves the right to specify the documents that must be reviewed so as to enable Drexler to locate and identify them.

Subject to and without waiving its objections, the Debtor will produce documents containing the requested information.

**INTERROGATORY NO 5. State the amount of product inventory on a product-by-product basis held by (a) the Debtor and (b) any contract manufacturer (such as JWN) on Debtor's behalf, as of the end of each month during the Applicable Period.**

**RESPONSE TO INTERROGATORY NO. 5**: In addition to and without waiving the General Objections, the Debtor objects to the Interrogatory as compound. The Debtor further objects to the Interrogatory as it seeks information that is not relevant to the claim or defense of any party or is not proportional to the needs of the case. The Debtor further objects to the Interrogatory to the extent it requires the preparation of a compilation, abstract, audit or summary from documents in the Debtor's possession, which would be similarly burdensome and/or expensive to both Drexler and the Debtor. To the extent documents produced by the Debtor contain the requested information, the Debtor reserves the right to specify the documents that must be reviewed so as to enable Drexler to locate and identify them.

Subject to and without waiving its objections, the Debtor will produce documents containing the requested information.

**INTERROGATORY NO 6. Identify each purchase order given by the Debtor to any other product or contract manufacturers who (a) expressed a willingness to manufacture MSLP products, or (b) did manufacture MSLP products. As to any manufacturers identified in (b), provide the date of orders so given, the products and services ordered therein, the prices, and the date or dates the orders were fulfilled.**

**RESPONSE TO INTERROGATORY NO. 6**: In addition to and without waiving the General Objections, the Debtor objects to the Interrogatory as compound. The Debtor further objects to the Interrogatory as it seeks information that is not relevant to the claim or defense of any party or is not proportional to the needs of the case. The Debtor further objects to the Interrogatory to the extent it requires the preparation of a compilation, abstract, audit or summary from documents in the Debtor's possession, which would be similarly burdensome and/or expensive to both Drexler and the Debtor. To the extent documents produced by the Debtor contain the requested information, the Debtor reserves the right to specify the documents that must be reviewed so as to enable Drexler to locate and identify them.

Subject to and without waiving its objections, the Debtor will produce documents containing the requested information.

1
2
**INTERROGATORY NO. 7. Identify each order given by the Debtor to JWN to fulfill, the date so given, the products and services ordered therein, the prices, and the date or dates the orders were fulfilled.**

3
**RESPONSE TO INTERROGATORY NO. 7**: In addition to and without waiving the

4
General Objections, the Debtor objects to the Interrogatory as compound. The Debtor further objects

5
to the Interrogatory as it seeks information that is not relevant to the claim or defense of any party,

6
nor proportional to the needs of the case. The Debtor further objects to the Interrogatory to the extent

7
it requires the preparation of a compilation, abstract, audit or summary from documents in the

8
Debtor's possession, which would be similarly burdensome and/or expensive to both Drexler and

9
the Debtor. To the extent documents produced by the Debtor contain the requested information, the

10
Debtor reserves the right to specify the documents that must be reviewed so as to enable Drexler to

11
locate and identify them. The Debtor further objects to this Interrogatory as it is duplicative of

12
Interrogatory No. 6.

13
Subject to and without waiving its objections, the Debtor will produce documents containing

14
the requested information.

15

16
Interrogatory No 8 to Eric Hillman

17
18
19
**INTERROGATORY NO. 8. Identify all of Your prior and current business relationships with Peter Jungsberger, the dates such relationships began, the nature of such relationships, and any contracts, agreements, or other written instruments entered into between You and Peter Jungsberger evidencing such relationships**.

20
**RESPONSE TO INTERROGATORY NO. 8**: In addition to and without waiving the

21
General Objections, the Debtor objects to the Interrogatory as Rule 33 does not authorize

22
interrogatories to non-parties. The Debtor further objects to the extent the Interrogatory seeks

23
personal financial information and private information of a Non-Party Witness that is not relevant

24
to the claim or defense of any party and subjects the Non-Party Witness to unwarranted annoyance,

25
embarrassment, oppression, or undue burden and expense. The Debtor further objects as the

26
Interrogatory is vague and ambiguous with respect to the term "current business relationships" and

27
is compound. The Debtor does not intend to respond to this Interrogatory.

28

1

### Verification

I, Eric Hillman, have read the foregoing answers to the Interrogatories and declare under penalty of perjury that the information set forth therein is true and correct to the best of my knowledge.

Dated this 20th day of July, 2023.

_____/s/ Eric H. Hillman_____
Eric H. Hillman
Chief Executive Officer

### SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

Requests for Production Nos. 1–11 to MusclePharm Corporation, Eric Hillman, Jason Keenan, Will Hovi, and Nicholas Rubin.

**REQUEST FOR PRODUCTION NO. 1. Produce all documents and communications that You relied upon to respond to the above Interrogatories.**

**RESPONSE TO REQUEST NO. 1**: In addition to and without waiving the General Objections, the Debtor objects to the Request as overly broad, unduly burdensome, and oppressive as it fails to describe with reasonable particularity each item or category of items to be produced and requires the Debtor to identify every document or communication that contributed in some way to the Debtor's knowledge of significant elements of its business operations, which is impracticable and unduly burdensome.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 2. Produce all documents and communications that refer or relate to any sale, auction, appraisal, or valuation of any of the Debtor's assets, in whole or in part, either before or after the Petition Date.**

**RESPONSE TO REQUEST NO. 2**: In addition to and without waiving the General Objections, the Debtor objects to the Request as vague, ambiguous, overly broad, unduly burdensome, and/or not relevant to the claims or defenses of any party because: (1) the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter; (2) it is not clear whether the phrase "before or after the Petition Date" modifies the

"Applicable Period" in the and, if so, the period of the Request; and (3) the request for "documents and communications referring or relating to any sale … of any of the Debtor's assets, in whole or in part" may be construed to encompass every document and communication referring or relating to the Debtor's sale of products in the ordinary course of its business. The Debtor further objects to the Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine, or other privilege, exemption, or immunity.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 3. Produce all documents and communications that refer or relate to the desirability of continuing the Debtor's business as a going concern.**

**RESPONSE TO REQUEST NO. 3**: In addition to and without waiving the General Objections, the Debtor objects to the Request as vague, overly broad, and/or unduly burdensome because: (1) the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter; and (2) the phrase "the desirability of continuing the Debtor's business as a going concern" is overbroad, vague, and does not indicate who is expected to have expressed an opinion on "the desirability of continuing the Debtor's business as a going concern." The Debtor further objects to the Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine, or other privilege, exemption, or immunity.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 4. Produce all documents and communications that refer or relate to the retention of Nicholas Rubin as the Debtor's independent director.**

**RESPONSE TO REQUEST NO. 4**: In addition to and without waiving the General Objections, the Debtor objects to the Request as overly broad and/or unduly burdensome because the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter. The Debtor further objects to the Request to the extent that it seeks documents

16

protected by the attorney-client privilege, work-product doctrine, or other privilege, exemption, or immunity. The Debtor further objects to the Request as duplicative or cumulative of requests contained in the May 11, 2023 Subpoena to Rubin.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5. Produce all documents and communications with Empery regarding Ryan Drexler.**

RESPONSE TO REQUEST NO. 5: In addition to and without waiving the General Objections, the Debtor objects to the Request as vague and ambiguous with respect to the request for "documents … with Empery regarding Ryan Drexler." The Debtor will construe this Request as seeking communications between the Debtor and Empery that refer to Drexler. The Debtor further objects to the Request to the extent that it seeks documents which are not relevant to the claims or defenses of any party and documents protected by the attorney-client privilege, work-product doctrine, or other privilege, exemption, or immunity.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 6. Produce all documents and communications that refer or relate to any new customers to which the Debtor has sold products since the Petition Date.**

RESPONSE TO REQUEST NO. 6: In addition to and without waiving the General Objections, the Debtor objects to the Request as overly broad and/or unduly burdensome because the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter. The Debtor further objects to the Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine, or other privilege, exemption, or immunity.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 7. Produce all documents and communications that refer or relate to interest expressed by any customers to which the Debtor had the opportunity to sell products, but did not sell products, since the Petition Date.**

**RESPONSE TO REQUEST NO. 7**: In addition to and without waiving the General Objections, the Debtor objects to the Request as vague, ambiguous, overly broad and/or unduly burdensome because: (1) the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter; and (2) the phrase "opportunity to sell products" is unclear and will be difficult to ascertain without additional context. The Debtor further objects to the Request to the extent that it seeks documents which are not relevant to the claims or defenses of any party and documents protected by the attorney-client privilege, work-product doctrine, or other privilege, exemption, or immunity.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8. Produce all documents and communications that refer or relate to marketing of the Debtor's products.**

**RESPONSE TO REQUEST NO. 8**: In addition to and without waiving the General Objections, the Debtor objects to the Request as vague, overly broad and/or unduly burdensome, including because the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter. The Debtor further objects to the Request to the extent that it seeks documents which are not relevant to the claims or defenses of any party or is not proportional to the needs of the case.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 9. Produce all documents and communications that refer or relate to any sellers to, or purchasers from, the Debtor that have ceased doing business with the Debtor.**

**RESPONSE TO REQUEST NO. 9**: In addition to and without waiving the General Objections, the Debtor objects to the Request as vague, overly broad and/or unduly burdensome

because: (1) the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter; and (2) it is not clear if the phrase "ceased doing business" encompasses sellers or customers who have not made sales to the Debtor or purchased product from the Debtor for a period of time and, if so, the length of time since the last sale or purchase deemed to mean that the seller or purchaser has ceased doing business with the Debtor. The Debtor further objects to the Request to the extent that it seeks documents which are not relevant to the claims or defenses of any party or seeks documents protected by the attorney-client privilege, work-product doctrine, or other privilege, exemption, or immunity.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 10. Produce all documents and communications that refer or relate to increases or decreases in product inventory held by the Debtor or by JWN on the Debtor's behalf.**

**RESPONSE TO REQUEST NO. 10**: In addition to and without waiving the General Objections, the Debtor objects to the Request as vague, overly broad and/or unduly burdensome because: (1) the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter; and (2) it is not clear if the phrase "increases or decreases in product inventory" is seeking or refers to documents regarding inventory levels after every production or shipment or if some threshold applies. If the Request is seeking documents regarding every change in inventory, the Request is overly broad and unduly burdensome, seeks documents that are not relevant to the claim or defense of any party and is not proportional to the needs of the case.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11. Produce all documents and communications that refer or relate to the Debtor's engagement or termination of product manufacturers or contract manufacturers.**

**RESPONSE TO REQUEST NO. 11**: In addition to and without waiving the General Objections, the Debtor objects to the Request as vague, overly broad and/or unduly burdensome because (1) the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter; and (2) the meaning of the term "termination" is unclear in this context. The Debtor further objects to the Request to the extent that it seeks documents which are not relevant to the claims or defenses of any party or seeks documents protected by the attorney-client privilege, work-product doctrine, or other privilege, exemption, or immunity.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

Requests for Production Nos. 12–15 to MusclePharm Corporation

**REQUEST FOR PRODUCTION NO. 12. Produce all variance reports submitted by the Debtor since May 19 pursuant to the terms of the Final DIP Order [ECF No. 296] and final debtor-in-possession financing agreement between the Debtor and Empery.**

**RESPONSE TO REQUEST NO. 12**: Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 13. Produce all documents and communications that refer or relate to the Commentary section within the Cash Flow Variance Summary in the variance reports.**

**RESPONSE TO REQUEST NO. 13**: In addition to and without waiving the General Objections, the Debtor objects to the Request as vague, overly broad and/or unduly burdensome because (1) the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter; and (2) documents and communications referring or relating to the Commentary section within the Cash Flow Variance Summary could be construed to encompass nearly all documents and communications regarding the Debtor's finances and business operations.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 14. Produce all documents and communications that refer or relate to contracts or agreements between the Debtor and JWN.**

**RESPONSE TO REQUEST NO. 14**: In addition to and without waiving the General Objections, the Debtor objects to the Request as vague, overly broad and/or unduly burdensome because the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter. The Debtor will construe this Request to seek documents and communications which discuss or set forth the terms of the contracts or agreements between the Debtor and JWN. The Debtor further objects to the Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine, or other privilege, exemption, or immunity.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15. Produce all documents and communications that refer or relate to sales of JWN's products or services to the Debtor.**

**RESPONSE TO REQUEST NO. 15**: In addition to and without waiving the General Objections, the Debtor objects to the Request as vague, overly broad and/or unduly burdensome because (1) the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter. The Debtor further objects to the Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine, or other privilege, exemption, or immunity.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

Requests for Production Nos. 16–17 to Eric Hillman

**REQUEST FOR PRODUCTION NO. 16. Produce all documents and communications evidencing Your prior and current business relationships with Peter Jungsberger, including, but not limited to, those documents identified in Interrogatory No. 8.**

RESPONSE TO REQUEST NO. 16: In addition to and without waiving the General Objections, the Debtor objects to the Request as it seeks personal financial information and private information from a Non-Party Witness that is not relevant to the claim or defense of any party and subjects the Non-Party Witness to unwarranted annoyance, embarrassment, oppression, or undue burden and expense. The Debtor further objects as the Request is vague and ambiguous with respect to the term "current business relationships." The Debtor will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 17. Produce all documents and communications that refer or relate to your investment in, or extension of credit to, any entity in which Peter Jungsberger is an officer, director, principal shareholder, or principal creditor.**

RESPONSE TO REQUEST NO. 17:  In addition to and without waiving the General Objections, the Debtor objects to the Request as overly broad and/or unduly burdensome because the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter. The Debtor further objects to the Request as it seeks personal financial information and private information from a Non-Party Witness that is not relevant to the claim or defense of any party and subjects the Non-Party Witness to unwarranted annoyance, embarrassment, oppression, or undue burden and expense. The Debtor will not produce documents in response to this Request.

Requests for Production Nos. 18–19 to Nicholas Rubin

**REQUEST FOR PRODUCTION NO. 18. Produce all documents and communications that refer or relate to your retention as the Debtor's independent director.**

RESPONSE TO REQUEST NO. 18: In addition to and without waiving the General Objections, the Debtor objects to the Request as overly broad and/or unduly burdensome because the

phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter. The Debtor further objects to the Request to the extent that it seeks documents protected by the attorney-client privilege, work-product doctrine, or other privilege, exemption, or immunity. The Debtor further objects to the Request as duplicative or cumulative of requests contained in the May 11, 2023, Subpoena to Rubin.

Subject and without waiving its Objections, the Debtor will produce responsive, discoverable documents in its possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 19. Produce all documents and communications that refer or relate to your investment in Lawclerk.Legal or any other entity in which Gregory Garman is an officer, director or principal shareholder.**

**RESPONSE TO REQUEST NO. 19**:  In addition to and without waiving the General Objections, the Debtor objects to the Request as overly broad and/or unduly burdensome because the phrase "all documents and communications that refer or relate to" requires the Debtor to compile and review voluminous documents to determine for each whether it may arguably refer or relate to the subject matter. The Debtor further objects to the Request as it seeks personal financial information and private information from a Non-Party Witness that is not relevant to the claim or defense of any party and subjects the Non-Party Witness to unwarranted annoyance, embarrassment, oppression, or undue burden and expense.

Subject and without waiving its Objections, the Debtor will produce documents sufficient to show Mr. Rubin's investment in Lawclerk.

Request for Production No. 20 to MusclePharm Corporation, Eric Hillman, Jason Keenan, Will Hovi, and Nicholas Rubin

**REQUEST FOR PRODUCTION NO. 20. To the extent text messages responsive to the above requests directed to You were deleted from Your mobile phone and are unrecoverable from cloudbased or hard drive backups, please immediately request from your service provider and produce a log of such text messages containing the date, time, to, from, direction, and message type (i.e., text, picture/video, etc.) for each message. Such logs may also be available to be generated directly by You through Your online account, without requesting them from Your provider.**

1   **RESPONSE TO REQUEST NO. 20**:  In addition to and without waiving the General

2   Objections, the Debtor objects to the Request as overly broad, unduly burdensome, and oppressive,

3   seeks information that is not relevant to the claim or defense of any party or is not proportional to

4   the needs of the case. The Debtor further objects to the Request as directed to Non-Party Witnesses

5   because it subjects the Non-Party Witness to unwarranted annoyance, embarrassment, oppression,

6   or undue burden and expense. The Debtor will not produce documents in response to this Request.

7   Dated: July 20, 2023.

8                                                SCHWARTZ LAW, PLLC

9                                                By: */s/ Gabrielle A. Hamm*
10                                               Samuel A. Schwartz, Esq.
                                                 Gabrielle A. Hamm, Esq.
11                                               601 East Bridger Avenue
                                                 Las Vegas, NV 89101
12
13                                               *Attorneys for the Debtor*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24

1

## CERTIFICATE OF SERVICE

2

3

    I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via email on July 20, 2023, to the following:

4

5

6

    Michael P. Richman, Esq., mrichman@steinhilberswanson.com
    Michael Jurkash, Esq., mjurkash@steinhilberswanson.com
    Brian D. Shapiro, Esq., brian@brianshapirolaw.com
    for Ryan Drexler

7

8

    Jason H. Rosell, Esq., jrosell@pszjlaw.com
    John D. Fiero, Esq., jfiero@pszjlaw.com
    for Official Committee of Unsecured Creditors

9

10

11

    William M. Noall, Esq., wnoall@gtg.legal
    Gregory E. Garman, Esq., ggarman@gtg.legal
    Dylan T. Ciciliano, Esq., dciciliano@gtg.legal
    Teresa M. Pilatowicz, Esq., tpilatowicz@gtg.legal
    for Empery Tax Efficient, LP

12

13

    Jeffrey D. Sternklar, Esq., jeffrey@sternklarlaw.com
    for White Winston Select Asset Funds, LLC

14

15

    Shara L. Larson, Esq., shara@ghandilaw.com
    for JW Nutritional LLC

16

    Joseph G. Went, Esq., JGWent@hollandhart.com
    for MHF Opco, LLC

17

18

                By: */s/ Gabrielle A. Hamm*

19

                Gabrielle A. Hamm
                SCHWARTZ LAW, PLLC

20

21

22

23

24

25

26

27

28

# EXHIBIT L

# EXHIBIT L

Olivier H. Reiher (*pro hac vice* admission pending)
David P. Hollander (*pro hac vice* admission pending)
STAFFORD ROSENBAUM LLP
222 W. Washington Ave, Ste 900
Madison, WI 53701
Tel: (414) 982-2888
E-mail:  oreiher@staffordlaw.com
            dhollander@staffordlaw.com


*Counsel to MHF Opco, LLC and Brian Slater*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | |

**BRIAN SLATER'S RESPONSES AND OBJECTIONS TO RYAN DREXLER'S
SUBPOENA FOR DOCUMENT PRODUCTION AND TESTIMONY**

Brian Slater ("Slater"), by and through his undersigned counsel, hereby responds to the Subpoena for Document Production of Brian Slater issued by Ryan Drexler ("Drexler"), including the individually numbered Requests for Production ("Requests") set forth in Exhibit A to the Subpoena.

**GENERAL OBJECTIONS**

Each numbered response to Drexler's Requests set forth below is subject to the following General Objections. These General Objections form a part of each of Slater's individually numbered responses below, even with respect to any numbered response that does not specifically reference these General Objections. Failure to incorporate any of the General Objections into any specific response does not waive any General Objection with respect to that specific response, nor should it be construed as a waiver of same.

1.  Slater objects to the Requests to the extent that any one or more of the Requests place obligations on Slater that exceed the requirements of the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or other applicable law.

2.      Slater objects to the Requests to the extent that any one or more of the Requests seeks the production of documents or information that are subject to the attorney-client privilege, work product doctrine, joint or community interest doctrine, protections for experts employed only for trial preparation, or any other applicable privilege, protection, or immunity from discovery.

3.      Slater objects to the Requests to the extent that any one or more of the Requests seeks information that is not relevant to the claims or defenses asserted in this proceeding, or that is unlikely to lead to the discovery of admissible evidence.

4.      Slater objects to the Requests to the extent that any one or more of the Requests seeks the production or disclosure of Slater's or MHF Opco, LLC's ("Mill Haven") personal information, confidential information, trade secret information, or information that is sensitive or protected by state or federal law.

5.      Slater objects to the Requests to the extent that any one or more of the Requests is overbroad, unduly burdensome, vague, ambiguous, or confusing. The Federal Rules of Civil Procedure do not predicate the ability to seek vindication of important rights upon the ability of such parties to devote enormous amounts of time to finding and reviewing, for the purpose of responding to such Requests, materials that are "not reasonably accessible due to undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Slater further objects to the Requests to the extent that any one or more of the Requests requires speculation to determine its meaning or imprecisely describes the information sought.

6.      Slater objects to the Requests as unduly burdensome to the extent that any one or more of the Requests seeks information that is a matter of public record, is not in Slater's possession, custody, or control, is already in Drexler's possession, custody, or control, or is otherwise readily available to Drexler from a source other than Slater.

7.      Slater objects to the Requests to the extent they seek information regarding transactions, sales, contracts, or other interactions between the Debtor and other third-party entities

that may or may not have done business with the Debtor at any given point, as seeking information that is not in Slater's possession, custody, or control, that is neither relevant nor proportional to the needs of the case, that is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive. Fed. R. Civ. P. 26(b)(2)(C)(i).

8.    Slater objects to the Requests to the extent that any one or more of the Requests is not proportional to the needs of the case.

9.    Slater objects to the Requests to the extent that any one or more of the Requests is duplicative.

10.    Slater reserves the right to object to the admissibility of any information contained in his responses to the Requests.

11.    Slater reserves the right to supplement his answers or responses to all Requests.

12.    Slater objects to Drexler's definition as "Your" or "You" and Instruction No. 4 as overbroad and unduly burdensome, and as imposing production obligation on Slater to produce documents not in his possession, custody, or control. Slater further objects to the definition of "You" and "Your" as overbroad and nonsensical in that the words are defined to include any affiliated person or entity. For purposes of responding to these Requests, Slater defines "You" and "Your" to mean Slater and Mill Haven.

13.    Slater objects to the Drexler's "Definitions" to the extent that they (a) seek to impose on Slater conditions or obligations beyond those required by or authorize by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, or any other applicable law or rule, (b) misdefine terms or depart from the customary meaning of any term, (c) are based on factual premises that are inaccurate or incomplete, (d) are overly broad or expansive to the inclusion of third parties that are outside of Slater's control, or (e) require Slater to reach legal conclusions in order to respond or determine the scope of a response.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce all documents and communications that refer or relate to any sale, auction, appraisal, or valuation of any of the Debtor's assets, in whole or in part, either before or after the Petition Date.

**RESPONSE**: Slater objects to this request as vague, overbroad, duplicative, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, or seeks the production of documents that are subject to attorney-client privilege, the work product doctrine, or the common interest doctrine.   Slater objects to this request on the basis that it calls for the production of privileged communications between Slater and his counsel or between Slater and the Unsecured Creditors Committee's counsel. Slater further objects on the basis that the request seeks information that is confidential, constitutes a trade secret, or is otherwise protected by law.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents and communications that refer or relate to the desirability of continuing the Debtor's business as a going concern.

**RESPONSE**: *See* Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 3:** Produce all documents and communications that refer or relate to the retention of Nicholas Rubin as the Debtor's independent director.

**RESPONSE**: *See* Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 4:** Produce all documents and communications with Empery regarding Ryan Drexler.

**RESPONSE**: *See* Response to Request No. 1.  Subject to and without waiving his objections, Slater will produce documents to the extent those documents have not already been provided to Drexler or made available to Drexler or his counsel.

**REQUEST FOR PRODUCTION NO. 5:** Produce all documents and communications that refer or relate to any new customers to which the Debtor has sold products since the Petition Date.

**RESPONSE**: Slater objects to this request as vague, overbroad, duplicative, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, or seeks the

production of documents that are subject to attorney-client privilege, the work product doctrine, or the

common interest doctrine.   Slater objects to this request on the basis that it calls for the production of

privileged communications between Slater and his counsel or between Slater and the Unsecured

Creditors Committee's counsel. Slater further objects on the basis that the request seeks information

that is confidential, constitutes a trade secret, or is otherwise protected by law.  Finally, Slater objects

to this request on the basis that it seeks information that is not within his control given Slater's lack of

involvement in the business affairs of the Debtor.

**REQUEST FOR PRODUCTION NO. 6:** Produce all documents and communications that refer or relate to interest expressed by any customers to which the Debtor had the opportunity to sell products, but did not sell products, since the Petition Date.

**RESPONSE**: *See* Response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 7:** Produce all documents and communications that refer or relate to marketing of the Debtor's products.

**RESPONSE**: *See* Response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 8:** Produce all documents and communications that refer or relate to any sellers to, or purchasers from, the Debtor that have ceased doing business with the Debtor.

**RESPONSE**: *See* Response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 9:** Produce all documents and communications that refer or relate to the Debtor's engagement or termination of product manufacturers or contract manufacturers.

**RESPONSE**: *See* Response to Request No. 5.

**REQUEST FOR PRODUCTION NO. 10:** Produce all documents and communications that refer or relate to contracts or agreements between JWN and MHFs.

**RESPONSE**: Slater objects to this request as overbroad, unduly burdensome, and not

reasonably calculated to lead to the discovery of admissible evidence, as the request seeks wholesale

production of broad swaths of documents related to Mill Haven's operations and business dealings

with JWN, many of which have nothing to do with the Debtor. Slater also objects to this request as it seeks the production of documents that are subject to attorney-client privilege, the work product doctrine, or the common interest doctrine.   Slater objects to this request on the basis that it calls for the production of privileged communications between Slater and his counsel or between Slater and the Unsecured Creditors Committee's counsel. Slater further objects on the basis that the request seeks information that is confidential, constitutes a trade secret, or is otherwise protected by law.

Subject to and without waiving his objections, Slater will produce documents to the extent those documents have not already been provided to Drexler or made available to Drexler or his counsel.

**REQUEST FOR PRODUCTION NO. 11:** Produce all documents and communications that refer or relate to sales of MHF's products or services to JWN, including, but not limited to, an accounting of sales of protein and protein products to JWN on a monthly basis beginning with December 2022 (as of December 31, 2022), and monthly thereafter as of the end of each month. The accounting should reflect the quantities of products sold and the prices at which they were sold to JWN for each month.

**RESPONSE**: *See* Response to Request No. 10.  Subject to and without waiving his objections, Slater will produce documents, including any pre-existing summaries or accountings of Mill Haven's sales to the JWN, to the extent those documents have not already been provided to Drexler or made available to Drexler or his counsel.

**REQUEST FOR PRODUCTION NO. 12:** Produce all documents and communications that refer or relate to MHF's willingness to work with Empery to re-start the supply of products to the Debtor as described in your letter to Ryan Lane and Tim Silver dated December 21, 2022.

**RESPONSE**: *See* Response to Request No. 1.  Subject to and without waiving his objections, Slater will produce documents to the extent those documents have not already been provided to Drexler or made available to Drexler or his counsel.

**REQUEST FOR PRODUCTION NO. 13:** To the extent text messages responsive to the above requests directed to You were deleted from Your mobile phone and are unrecoverable from cloudbased or hard drive backups, please immediately request from your service provider and produce a log of such text messages containing the date, time, to, from, direction, and message type (i.e., text,

picture/video, etc.) for each message. Such logs may also be available to be generated directly by You through Your online account, without requesting them from Your provider.

**RESPONSE**: Slater objects to this request as vague, overbroad, duplicative, unduly burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, or seeks the production of documents that are subject to attorney-client privilege, the work product doctrine, or the common interest doctrine.  Slater objects to this request on the basis that it calls for the production of privileged communications between Slater and his counsel or between Slater and the Unsecured Creditors Committee's counsel. Slater further objects on the basis that the request seeks information that is confidential, constitutes a trade secret, or is otherwise protected by law.  Finally, Slater objects to this request to the extent that it seeks to expand the duties in responding to a subpoena under Rule 45(e).

Dated:  July 17, 2023                               STAFFORD ROSENBAUM LLC


                                                    /s/ Olivier H. Reiher
                                                    Olivier H. Reiher (WI Bar No. 1064817)
                                                    David P. Hollander (WI Bar No. 1107233)
                                                    222 W. Washington Ave., Ste. 900
                                                    Madison, WI 53701
                                                    Tel:  (414) 982-2888
                                                    Email:  oreiher@staffordlaw.com
                                                                dhollander@staffordlaw.com