GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6665
E-mail: ggarman@gtg.legal
WILLIAM M. NOALL
Nevada Bar No. 3549
E-mail: wnoall@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
DYLAN T. CICILIANO
Nevada Bar No. 12348
E-mail: dciciliano@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Empery Tax Efficient, LP*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Date: July 31, 2023<br>Time: 10:00 a.m. |

## MOTION FOR PROTECTIVE ORDER

Empery Tax Efficient, LP ("Empery"), by its counsel of record, Garman Turner Gordon LLP, hereby moves (the "Motion") for entry of a protective order in connection with the deposition of Empery and/or Ryan Lane.

This Motion is made and based upon the following Memorandum of Points and Authorities, the Declaration of Teresa Pilatowicz, the papers and pleadings on file, judicial notice of which is respectfully requested pursuant to Federal Rule of Evidence 201, and such further evidence and argument that may be presented and considered by this Court at any hearing on the Motion.

/ / /

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### INTRODUCTION

This dispute revolves around the location of Empery's or its managing-partner, Ryan Lane's, deposition in connection with Ryan Drexler's ("Drexler") *Motion for the Appointment of a Chapter 11 Trustee*. Drexler insists that Empery (or Mr. Lane) travel to Las Vegas for a deposition on a date which Empery and Mr. Lane, or counsel, are unavailable—upon the false premise that Drexler is entitled to set a Rule 30(b)(6) deposition for whenever and wherever he sees fit, and that it is Drexler who is entitled to name Empery's designee. When this issue was raised, Drexler took the position that Empery (or Lane) had to move for a protective order, which it seeks herein.

Empery is not the debtor or movant. Nevada as a forum was chosen by Musclepharm Corporation (the "Debtor"), at Drexler's direction. Empery is merely a creditor that has been identified as a witness by Drexler. Empery's principal place of business is New York City. All transaction documents between Debtor and Empery identify New York City as the forum for any dispute or litigation. Additionally, Drexler has similarly requested that Mr. Lane (presumptively in lieu of a FRCP 30(b)(6) deposition) appear in Las Vegas for the deposition. Mr. Lane lives in Connecticut and works in New York. Drexler has no ability to compel Empery or Mr. Lane to travel more than 100 miles to Nevada. FRCP 45(c). Accordingly, a protective order must issue.

Even if Empery is a party, the deposition still must occur where it maintains its principal place of business, in New York. There are no extenuating circumstances that warrant forcing Empery and Mr. Lane to travel for the deposition. And to the extent that Drexler cannot travel to New York, the deposition can occur by alternative means, i.e. a Zoom or telephonic deposition. Thus, even if Empery is deemed a party, a protective order should still issue.

### II.
### JURISDICTION AND VENUE

The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding

Garman Turner Gordon
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

2 of 7

within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9014.2, Empery consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

### III.
### BACKGROUND

On July 5, 2023, Drexler sent a "Notice of Deposition of FRCP 30(b)(6) Designee of Empery Tax Efficient, LP to Empery's counsel. (Exhibit 1-A). The notice contains the following:

> DATE: At a date as may be agreed to by the parties or otherwise ordered by the Court.
> TIME: At a time as may be agreed to by the parties or otherwise ordered by the Court.
> PLACE/MEANS: At a location as may be agreed to by the parties or otherwise ordered by the Court.
> TOPICS: All matters at issue in Ryan Drexler's *Motion for the Appointment of a Chapter 11 Trustee*.

(*Id*. at p. 11). Drexler coincidingly noticed the depositions of Empery agents Ryan Lane and Timothy Silver, with identical language with respect to the Date, Time, Place/Means and Topics. (*Id.*).

On July 10, 2023, the Court ruled that Drexler could take a single FRCP 30(b)(6) Deposition of Empery, which was reduced to a written order on July 24, 2023 (the "Scheduling Order"). [ECF No. 690 at p. 4, ¶14(b). The Court's order is clear that the depositions "will be conducted between **July 24 and August 8, 2023**, which depositions may be done remotely." [*Id*. at p.5, ¶16].

Between July 16 and July 24, 2023, Drexler's counsel indicated that if Empery did not designate Mr. Lane as its FRCP 30(b)(6) designee, Drexler would take a second Empery deposition of Mr. Lane. See Pilatowicz Decl. ¶ 4. Empery noted that a second deposition was not allowed under the scheduling order but stated that it would be willing to consider a deposition of Mr. Lane in lieu of a FRCP 30(b)(6) deposition. See Pilatowicz Decl. ¶ 5. Empery stated that its FRCP 30(b)(6) designee(s) would be available by Zoom or in New York on August 4, 2023.[1] Drexler

---

[1] While additional availability existed, that availability coincided with other depositions scheduled by Drexler.

1  insisted that any deposition occur in Las Vegas, Nevada on August 7 or 8, 2023. See Pilatowicz
2  Decl. ¶ 6.
3  On July 24, 2023, Empery met and conferred with Drexler on scheduling of the deposition
4  of Empery's FRCP 30(b)(6) deposition and potentially scheduling the deposition of Ryan Lane in
5  lieu of the FRCP 30(b)(6) deposition. Drexler indicated that it was his right to set a deposition for
6  whenever and wherever he chose and that it was Empery's obligation to seek a protective order.
7  Drexler stated that the deposition should occur in Nevada out of the convenience for the parties
8  and must be in person. See Pilatowicz Decl. ¶ 7.
9  On July 24, 2023, Drexler sent a subpoena to Empery for Ryan Lane. The deposition is
10 scheduled for August 7, 2023, at 9:00 a.m. in Las Vegas, Nevada, at Debtor's counsel's office. See
11 Pilatowicz Decl. ¶ 8, Ex. 2.

## IV.

## LEGAL ARGUMENT

**A.    The Deposition of Empery or Ryan Lane should occur in New York or by Zoom.**

1. Empery and Mr. Lane are not "parties" and cannot be compelled to Nevada.

Neither Empery nor Ryan Lane is the debtor or movant bringing the *Motion for Appointment of a Chapter 11 Trustee* (ECF No. 447). While Empery opposes the appointment of a Chapter 11 Trustee, it is a creditor and witness, not the debtor or movant.

FRCP 45(c) provides that "a subpoena may command a person to attend a trial, hearing or deposition ***only*** as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

FRCP 45. Nonparty, nonresident witnesses . . . cannot be compelled to travel out of state more than 100 miles from their residence . . . . *In re Kaplan*, 2013 WL 2897766, at *1 (Bankr. C.D. Cal. June 12, 2013). Mr. Lane lives in Westport, Connecticut. [ECF No. 585, at 36, ¶3]. He is a founder

and managing partner of Empery. [*Id*. at ¶2]. Empery's principal place of business is in New York. *See* Pilatowicz Decl ¶ 8, Ex. "2." [Silver Decl. ¶ 4]. Accordingly, the deposition of Empery or Mr. Lane must occur in New York, or by alternative means.

      2. <u>Even if Empery and Mr. Lane were parties, the presumption is that their depositions should occur in New York.</u>

Even if the Court determines that Empery is a "party," "there is a general presumption that "a defendant's deposition will be held in the district of his residence." *Six W. Retail Acquisition v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 107 (S.D.N.Y. 2001). And "when it comes to depositions of corporate defendants and officers, however, there is a presumption that depositions will take place "in the district where the deponent resides or has a principal place of business." *Sabhnani v. Mirage Brands, LLC*, 22CV00936JSJMW, 2022 WL 16965009, at *2 (E.D.N.Y. Nov. 16, 2022); Wright, Miller, Kane, Marcus & Steinman, Federal Practice and Procedure: Civil 2d, § 2112 (2015 rev.). This is especially the case when the entity "is the defendant [and] [t]his presumption is based on the concept that *it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum.*" *Harrier Techs., Inc. v. CPA Glob. Ltd.*, 3:12CV167 WWE, 2014 WL 4537458, at *2 (D. Conn. Sept. 11, 2014)(internal citations omitted).

"Generally, where the plaintiff seeks to depose the defendant at a location other than the defendant's place of business, and defendant objects, the plaintiff has the affirmative burden of demonstrating particular circumstances which compel the court to order the depositions to be held in an alternative location." *Bank of Am., N.A. v. SFR Investments Pool 1 LLC*, 2016 WL 2843802, at *4 (D. Nev. May 12, 2016). Courts look to the following factors when determining if the presumption is overcome:

> (1) "location of counsel for the parties in the forum district"; (2) "the number of corporate representatives a party is seeking to depose"; (3) "the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court"; (4) "whether the persons sought to be deposed often engage in travel for business purposes"; (5) "the equities with regard to the nature of the claim and the parties' relationship"; (6) "the convenience of all parties"; (7) "the general interests of judicial economy"; and (8) "the financial position of the deponent and that of the corporate party for which he works."

*Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005). Importantly, to overcome the presumption, many of the factors must weigh in favor of taking the deposition in the forum state. See *Bella+Canvas, LLC v. Fountain Set Ltd.*, 2022 WL 3697358, at *12 (C.D. Cal. June 29, 2022). Here, Drexler cannot overcome the presumption. Debtor's and Empery's counsel is in Nevada. However, Drexler's counsel, the party taking the deposition, is located in Wisconsin, which is objectively closer to New York. Thus, this factor is neutral. Likewise, there is no dispute that cannot be resolved by the Court telephonically, which would occur even if the deposition took place in Nevada. As to the remaining factors, each are at best neutral or lean toward having the deposition in New York.

      3.  <u>The deposition should alternatively be conducted by remote means.</u>

Alternatively, the deposition can occur by remote means, i.e. teleconference (Zoom) under FRCP 30(b)(4). Indeed, the Court ordered in the Scheduling Order that depositions "may be done remotely." For more than three years, the entire legal system has adapted to a more nimble and cost-effective approach: remote trials, hearings, proceedings and depositions. Even though the world is in some ways reverting to old practices, remote depositions and hearing remain mainstays.

While "[i]n-person depositions have been standard operating practice, [] the rules also provide courts with the authority to order a deposition to take place by telephone or other remote means if the circumstances so warrant." *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 209 (D. Nev. 2020), objections overruled, 219CV01639JCMNJK, 2020 WL 8871311 (D. Nev. Aug. 26, 2020); Fed. R. Civ. P. 30(b)(4). "Generally, leave to take depositions by remote means should be granted liberally." *Id*. First, the "proponent must advance a legitimate reason for seeking a remote deposition," and "second, if that foundational showing is made, then the burden shifts to the opposing party to make a "particularized showing" that conducting the deposition by remote means would be prejudicial." *Id*. Here, Empery and Mr. Lane are unavailable to be in Las Vegas on August 7, 2023. Given the other depositions to be held, their only availability is August 4, 2023. However, with travel, that date works if the deposition occurs in New York City. While Empery does not oppose the deposition being in person, if Drexler's counsel cannot attend in person, the deposition should occur by remote means.

B. <u>Drexler should not be allowed to take two (2) depositions and must take the deposition when Empery is available.</u>

Drexler's recent notice of deposition to Mr. Lane is in lieu of or in addition to the already noticed FRCP 30(b)(6) deposition. It was apparently issued in anticipation that the parties would reach an agreement as to producing Mr. Lane *instead of* a FRCP 30(b)(6) deponent. Empery does not object if an agreement is actually reached. However, Drexler was already advised that Mr. Lane and counsel was unavailable on August 7, 2023. Accordingly, a protective order should issue that requires Drexler to notice the deposition for a date in which Empery and/or Mr. Lane is actually available.

## V.

## CONCLUSION

For the reasons stated above, Empery requests that the Court enter a protective order and require that the deposition of Empery/Mr. Lane occur in New York or by remote means, and on a date in which Empery/Mr. Lane is available to be deposed. Empery further requests that the Court grant such other and further relief that is just and proper under the circumstances.

DATED this 24th day of July, 2023.

GARMAN TURNER GORDON LLP

 /s/ Teresa Pilatowicz
GREGORY E. GARMAN, ESQ.
WILLIAM M. NOALL, ESQ.
TERESA M. PILATOWICZ, ESQ.
DYLAN T. CICILIANO, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Empery Tax Efficient, LP*