**STEINHILBER SWANSON LLP**
MICHAEL P. RICHMAN, ESQ.
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:    (608) 630-8990
Facsimile:    (608) 630-8991
mrichman@steinhilberswanson.com

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:    (702) 386-8600
Facsimile:    (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-22-14422-NMC |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | Hearing: August 23, 2023 |

**SUPPLEMENTAL OBJECTION TO DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 TO APPROVE SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH: (I) THE OFFICIAL COMMMITTEE OF UNSECURED CREDTIORS; (II) EMPERY TAX EFFICIENT, LP, IN ITS CAPACITY AS COLLATERAL AGENT AND ADMINISTRATIVE AGENT FOR MP COLLATERAL, LLC; AND (III) WHITE WINSTON SELECT ASSET FUNDS, LLC**

Creditor, equity holder, and interested party, Ryan Drexler ("Drexler"), by his undersigned counsel, hereby submits this supplemental objection to the *Debtor's Motion Pursuant to 11 U.S.C. §§ 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 to Approve Settlement and Plan Support Agreement with: (I) the Official Committee of Unsecured Creditors; (II) Empery Tax Efficient, LP, in its Capacity as Collateral Agent and Administrative Agent for MP Collateral, LLC; and (III) White Winston Select Asset Funds, LLC* (the "PSA Motion") [ECF No. 524]. This objection is based on the pleadings, papers, and records on file in this case, of which judicial notice is respectfully requested

pursuant to Fed. R. Evid. 201, and any additional evidence and argument entertained by the Court at the time of the hearing on the PSA Motion.

In short, the PSA Motion is moot and should be denied as such. Substantially all of MusclePharm Corporation's (the "Debtor") "obligations" contemplated in the Plan Support Agreement (the "PSA") have already been performed. The Debtor has already proposed its plan. The PSA's approval would not benefit the Debtor but instead simply create a basis for the non-debtor parties to the PSA to seek damages (as administrative expenses) in the event the Debtor were to take any different course of action in furtherance of its fiduciary duties to the estate.

If the Court were to nevertheless approve the PSA Motion, such approval should be strictly limited to the Debtor entering into the PSA, and contain the proviso the Debtor itself suggests, namely: "None of the terms of the PSA supplant the requirements of Section 1129 or bind anyone other than the parties thereto." *Omnibus Reply to the Objections to Motion to Approve Bidding Procedures and Motion to Approve Settlement and Plan Support Agreement*, filed May 24, 2023. ECF No. 550, at 4.

Nothing about the Court's approval of the PSA, if it were to do so, should in any way condone the Debtor's attempt to gain pre-approval of any provisions of its proposed chapter 11 plan.

## MEMORANDUM OF POINTS AND AUTHORITIES

The PSA Motion requests the Court's approval for the Debtor to enter into the PSA, which then obligates the parties thereto—the Debtor, the Official Committee of Unsecured Creditors (the "Committee"), Empery Tax Efficient, LP ("Empery") and White Winston Select Asset Funds LP ("White Winston")—to seek confirmation of a plan containing its terms, including certain provisions based on unapproved settlement agreements among the Debtor, the Committee, Empery and White Winston (the "Intra-plan Settlements") which arise principally from their so-far-unapproved settlement of the adversary proceeding commenced by White Winston against Empery (in which the Committee intervened). *See White Winston Select Asset Funds, LLC v. Empery Tax Efficient LP*, Case No. 23-1014-nmc (Bankr. D. Nev.) (the "Empery Adv. Proc.").

Drexler objected to the PSA Motion on May 23, 2023, ECF No. 541, which objection is incorporated by this reference and not repeated in the interest of judicial economy. Among other things,

that objection discusses the fatal inadequacy of the evidentiary record proffered in support of the PSA Motion. There is no evidentiary record or detailed analysis under Bankruptcy Rule 9019 to support the request for approval of the Intra-plan Settlements which stem from the settlement of the Empery Adversary Proceeding in a manner that would be binding for chapter 11 plan purposes.

Moreover, the PSA is moot as to the Debtor. The Debtor has already proposed a plan which does everything that the PSA would obligate it to do, except to continue to prosecute confirmation of its plan, which it is proceeding to do without being bound by the PSA. *See* ECF No. 602-1. As for any settlement that would not bind the Debtor's estate, no Court order is required therefor. The PSA Motion should be denied on the merits because its approval would not benefit the estate, and would potentially damage the estate by creating administrative expense liability if the Debtor were to depart from any of the PSA's terms, in the unfettered exercise of its fiduciary duties.

Should the Court nevertheless determine to approve the PSA Motion, any approval should be limited to the Debtor's entry into the PSA, without more. There is no 9019 motion pending, and the PSA's substantive plan terms are subject to the plan process under Section 1129. Any order approving the PSA Motion, if entered, should therefore make clear it is not approving any specific plan treatment under any plan has not been confirmed, or any agreement regarding any vesting of assets or distribution of proceeds under any plan that has not been confirmed, or the allowance of any clam under any plan that has not been confirmed, or any allocation of the equity of the Debtor, or any compromise of claims, under any plan that has not been confirmed. *See* Debtor's summary of the PSA in ECF No. 524, <u>Exhibit A</u>," at ¶¶ 10, 12, 13, 14, 15, and 24.

Pre-approval of any substantive plan terms in response to the instant motion would improperly predetermine critical plan confirmation issues and circumvent the integrity of the chapter 11 solicitation and approval process without affording Drexler or other parties their full substantive plan confirmation and objection rights.

For these reasons, and the reasons stated in his objection to the Plan Settlement Motion, ECF No. 541, Drexler respectfully requests that that the Court deny the Plan Settlement Motion as moot, or if it is to be granted, limit any order thereon to merely approving the Debtor's entry into it, without more, and grant such other relief in favor of Drexler as the Court deems just and appropriate.

Dated: August 10, 2023.

**STEINHILBER SWANSON LLP**

*/s/ Michael P. Richman, Esq.*
MICHAEL P. RICHMAN
*Admitted Pro Hac Vice*
122 W. Washington Ave., Suite 850
Madison, WI 53703
Telephone:     (608) 630-8990
Facsimile:       (608) 630-8991
mrichman@steinhilberswanson.com

*Counsel for Ryan Drexler*

### CERTIFICATE OF SERVICE

Contemporaneously with the filing of this pleading, this document was served upon all registered users in this case by the Bankruptcy Court's CM/ECF Noticing System.

Dated  08-10-2023                                          */s Brian D. Shapiro, Esq.*

                                                                           Brian D. Shapiro, Esq.