Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MUSCLEPHARM CORPORATION,<br><br>            Debtor. | Case No.: 22-14422-nmc<br><br>Chapter 11<br><br>Hearing Date: August 23, 2023<br>Hearing Time: 9:30 a.m. |

**SUPPLEMENT TO DEBTOR'S MOTION PURSUANT TO 11 U.S.C. §§ 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 TO APPROVE SETTLEMENT AND PLAN SUPPORT AGREEMENT WITH: (I) THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS; (II) EMPERY TAX EFFICIENT, LP, IN ITS CAPACITY AS COLLATERAL AGENT AND FINANCING AGENT FOR MP COLLATERAL, LLC; AND (III) WHITE WINSTON SELECT ASSET FUNDS, LLC**

MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "**Debtor**"), by and through its counsel, Schwartz Law, PLLC, hereby submits the this supplement (the "**Supplement**") to the *Debtor's Motion Pursuant to 11 U.S.C. §§ 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 to Approve Settlement and Plan Support Agreement with: (I) the Official Committee of Unsecured Creditors; (II) Empery Tax Efficient, LP, in Its Capacity as Collateral Agent and Financing Agent for MP Collateral, LLC; and (III) White Winston Select Asset Funds, LLC* [ECF No. 524] (the "**Plan Support Agreement Motion**")[1] to

---

[1] Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Plan Support Agreement Motion.

inform the Court and parties in interest of the *First Amendment to Plan Support Agreement Dated May 18, 2023* (the "**First Amendment**").

The First Amendment modifies certain dates and deadlines in the *Plan Support Agreement* to conform to this Court's July 24, 2023 scheduling order [ECF No. 690] and the *Order Approving Bidding Procedures for the Sale of Assets Pursuant to 11 U.S.C. §§ 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004* [ECF No. 756], entered on August 17, 2023. A copy of the First Amendment attached hereto as **Exhibit 1**.

Dated: August 17, 2023.

Respectfully Submitted,

SCHWARTZ LAW, PLLC

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Gabrielle A. Hamm, Esq.
601 East Bridger Avenue
Las Vegas, NV  89101

*Attorneys for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically via the Court's CM/ECF system on August 17, 2023, to the following:

RYAN A. ANDERSEN on behalf of Interested Party ThermoLife International
ryan@aandblaw.com; tatiana@aandblaw.com; melissa@aandblaw.com; ecf-df8b00a4597e@ecf.pacerpro.com; valerie@aandblaw.com; andersen.ryana.b117998@notify.bestcase.com

OGONNA M. BROWN on behalf of Creditor Prestige Capital Finance, LLC
obrown@lewisroca.com; ogonna-brown-4984@ecf.pacerpro.com; dberhanu@lewisroca.com; ombcalendar@lewisroca.com; jhess@lewisroca.com; klopez@lewisroca.com; rcreswell@lewisroca.com

CANDACE C CARLYON on behalf of Interested Party Ryan Drexler
ccarlyon@carlyoncica.com; CRobertson@carlyoncica.com; nrodriguez@carlyoncica.com; 9232006420@filings.docketbird.com; Dcica@carlyoncica.com

SHAWN CHRISTIANSON on behalf of Creditor ORACLE AMERICA, INC.
schristianson@buchalter.com; cmcintire@buchalter.com

JOHN D. FIERO for Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jfiero@pszjlaw.com

NEDDA GHANDI on behalf of Interested Party JW NUTRITIONAL LLC
nedda@ghandilaw.com; lks@ghandilaw.com; nedda@ecf.inforuptcy.com; r41525@notify.bestcase.com; shara@ghandilaw.com

ALLYSON JOHNSON on behalf of Creditor Excelsior Nutrition, Inc.
allyson@sylvesterpolednak.com; kellye@sylvesterpolednak.com

BART K. LARSEN on behalf of Creditor White Winston Select Asset Funds, LLC
BLARSEN@SHEA.LAW; 3542839420@filings.docketbird.com

WILLIAM M. NOALL on behalf of Creditor EMPERY ASSET MANAGEMENT, LP
wnoall@gtg.legal; bknotices@gtg.legal

WILLIAM M. NOALL for Defendants ALTIUM GROWTH FUND, LP; BIGGER CAPITAL FUND, LP; CVI INVESTMENT, INC; DISTRICT 2 CAPITAL FUND, LP; EMPERY DEBT OPPORTUNITY FUND, LP; EMPERY MASTER ONSHORE, LLC; EMPERY TAX EFFICIENT III; EMPERY TAX EFFICIENT, LP; INTRACOASTAL CAPITAL LLC; IONIC VENTURES, LLC; L1 CAPITAL GLOBAL OPPORTUNITIES; MAASTER FUND; ROTH CAPITAL PARTNERS, LLC; and WALLEYE OPPORTUNITY MASTER FUND LTD
wnoall@gtg.legal; bknotices@gtg.legal

WILLIAM M. NOALL on behalf of Interested Party EMPERY TAX EFFICIENT, LP
wnoall@gtg.legal; bknotices@gtg.legal

TRACY M. O'STEEN on behalf of Interested Party Ryan Drexler
tosteen@carlyoncica.com; crobertson@carlyoncica.com; nrodriguez@carlyoncica.com; ccarlyon@carlyoncica.com

TERESA M. PILATOWICZ on behalf of Interested Party EMPERY TAX EFFICIENT, LP
tpilatowicz@gtg.legal; bknotices@gtg.legal

JASON H. ROSELL for Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS
jrosell@pszjlaw.com

BRIAN D. SHAPIRO on behalf of Interested Party Ryan Drexler
brian@brianshapirolaw.com; kshapiro@brianshapirolaw.com; 6855036420@filings.docketbird.com

JAMES PATRICK SHEA on behalf of Creditor White Winston Select Asset Funds, LLC
jshea@shea.law; blarsen@shea.law; support@shea.law

ROBERT T. STEWART on behalf of Creditor NutraBlend Foods
rtstewart@foley.com; rgledhill@foley.com; robert-stewart-3880@ecf.pacerpro.com; docketflow@foley.com

STRETTO
ecf@cases-cr.stretto-services.com; aw01@ecfcbis.com; pacerpleadings@stretto.com

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

MARK M. WEISENMILLER on behalf of Interested Party EMPERY TAX EFFICIENT, LP
mark@aandblaw.com; ecf-df8b00a4597e@ecf.pacerpro.com

JOSEPH G. WENT on behalf of Interested Parties MHF Opco, LLC and BRIAN SLATER
jgwent@hollandhart.com; blschroeder@hollandhart.com; IntakeTeam@hollandhart.com

MATTHEW C. ZIRZOW for OFFICIAL COMMITTEE OF UNSECURED CREDITORS
mzirzow@lzlawnv.com; carey@lzlawnv.com; trish@lzlawnv.com; jennifer@lzlawnv.com; valentina@lzlawnv.com; zirzow.matthewc.r99681@notify.bestcase.com

/s/ *Brian J. Braud*
Brian J. Braud, an employee of
SCHWARTZ LAW, PLLC

# EXHIBIT 1

# EXHIBIT 1

# FIRST AMENDMENT TO PLAN SUPPORT AGREEMENT DATED MAY 18, 2023

## August 17, 2023

This FIRST AMENDMENT TO PLAN SUPPORT AGREEMENT DATED MAY 18, 2023 (as may be amended, modified, or supplemented from time to time in accordance with the terms hereof, this "**Amendment**") is made and entered into as of [August 17, 2023] by and among (i) MusclePharm Corporation, as debtor and debtor in possession (the "**Debtor**"); (ii) the Official Committee of Unsecured Creditors of Debtor (the "**Committee**"); (iii) MP Collateral LLC ("**MP Collateral**"), and Empery Tax Efficient, LP, in its capacity as MP Collateral's Financing Agent and as Collateral Agent ("**Empery**" and collectively with MP Collateral, the "**Empery Parties**"); and (iv) White Winston Select Asset Funds, LLC ("**White Winston**") and White Winston Select Asset Fund Series Fund MP-18, LLC ("**WW Select MP-18**") (each a "**White Winston Party**" and collectively, the "**White Winston Parties**"). The Debtor, the Committee, each of the Empery Parties, and each of the White Winston Parties shall each be referred to as a "**Party**" and collectively as the "**Parties**."

The Plan Support Agreement Dated May 18, 2023 ("**Agreement**") is hereby amended as follows:

Paragraphs 3(a)(i) through 3(a)(v) of the Agreement are replaced in their entirety with the following:

(i) <u>Investment Banker</u>. The Debtor shall take all reasonable and necessary steps to engage an investment banker selected by the Independent Director, in consultation with the Committee and Empery, and solely to the extent the Independent Director (Nicholas Rubin) determines that an investment banker is necessary to maximize the value of the Assets. The Independent Director shall have the sole authority to select the investment banker on or before **June 23, 2023**, and may in his discretion seek the further approval of MusclePharm's other board members.

(ii) <u>Stalking Horse Bids and Bid Deadline</u>. The Debtor may, in consultation with the Committee and Empery (solely to the extent Empery is not the Stalking Horse Bidder) select a stalking horse bidder, if any ("**Stalking Horse Bidder**"), on or before September 8, 2023. For the avoidance of doubt, the Debtor, with the consent of the Committee, may select Empery as the Stalking Horse Bidder, which bid may include a credit bid in accordance with the terms of this Agreement. The Deadline to submit a qualified bid for the acquisition of the Assets (the "**Bid Deadline**") shall be September 15, 2023 at 5:00 p.m. (prevailing Pacific time).

(iii) <u>Auction</u>. If two or more Qualified Bids are received by the Bid Deadline, an auction (the "**Auction**"), shall occur on September 21, 2023. The Auction shall be held before the Bankruptcy Court or such other mutual location as the Debtor, the Committee, and Empery may agree.

(iv) <u>Sale Hearing</u>. A hearing to approve the Sale shall commence before the Bankruptcy Court ("**Sale Hearing**") on September 21, 2023 at 9:30 a.m. (prevailing Pacific time) and, if necessary, continuing on September 22, 2023, at 9:30 a.m. (prevailing Pacific time).

(v)     Closing Date.  The closing of the Sale shall occur on or before October 9, 2023 or immediately upon the order approving the Sale becoming final and non-appealable, or as otherwise mutually agreed to by the Debtor, the Committee, Empery, and the successful bidder at the Auction (the "**Purchaser**"), whichever is earliest, or as otherwise ordered by the Bankruptcy Court.

Paragraph 4(b) of the Agreement is replaced in its entirety with the following:

(b)     Plan Effective Date.  Unless the Bankruptcy Court orders otherwise, the Plan Effective Date shall occur on or before October 16, 2023 ("**Outside Effective Date**"), unless otherwise mutually agreed to by the Parties.  For the avoidance of doubt, the Plan Proponents shall make commercially reasonable efforts to achieve the occurrence of the Plan Effective Date on or before October 16, 2023, and shall use commercially reasonable best efforts to minimize the time between the Closing Date and the Plan Effective Date, which efforts shall include implementing a Plan timeline that coincides as reasonably as possible with the Sale timeline. The Parties agree that the consummation of the Sale consistent with the Sale timeline is the paramount objective of the Debtor, Committee, and Empery, which objective is acknowledged by White Winston.

Paragraph 4(g)(v) of the Agreement is replaced in its entirety with the following:

(v)     Funding:  On the Plan Effective Date, the Liquidation Trust shall receive all cash held by the estate, including the Net Sale Proceeds *less* the Empery Payoff Amount *less* amounts due to Class 4 pursuant to **Exhibit A** hereto (the "**Liquidation Trust Cash Balance**"). For the avoidance of doubt, any remaining funds in the Wind-down Budget shall vest in the Liquidation Trust. To the extent the Liquidation Trust Cash Balance is *less than* $500,000 on a net basis after deducting anticipated accrued and unpaid administrative and priority claims (including professional fees), Empery shall fund the difference to the Liquidation Trust (the "**Empery Liquidation Trust Loan**"). The Empery Liquidation Trust Loan shall be repaid from the proceeds of the Liquidation Trust Assets ahead of any distributions to holders of Allowed Class 5 Claims. For the avoidance of doubt, Empery's obligation to fund the Empery Liquidation Trust Loan shall be a binding obligation upon the Closing Date (*i.e.*, the closing of the Sale) and such amounts shall be paid to the Liquidation Trust on the Plan Effective Date, even if such Effective Date Deadline is extended beyond October 16, 2023 as provided herein.

Row 4 of **Exhibit "A"** to the Agreement is replaced in its entirety with the following:

| *Class 3: Empery Prepetition Secured Claim* | Empery shall compromise and settle with the Estate and have an allowed secured claim in the amount of $18 million (the "**Allowed Empery Secured Claim**"), which represents principal and accrued interest and fees through the Petition Date and excludes the Roll-Up.<br><br>On or as soon as practicable following the Plan Effective Date, holders of the Allowed Empery Secured Claim shall receive their *pro rata share* of the Net Sale Proceeds, not to exceed $12.0 |
|---|---|

| | |
|---|---|
| | million *less* the Roll-Up and *less* the amount of Empery's credit bid (the "**Empery Payoff Amount**"). |
| | Empery shall assign to the Liquidation Trust, for the benefit of holders of Allowed Class 5 Claims, the economic interest in the difference between the Allowed Empery Secured Claim and the Empery Payoff Amount (the "**Empery Assigned Claim**"), including, for the avoidance of doubt, any monetary recovery on such Empery Assigned Claim. |
| | To the extent the Net Sale Proceeds (including the amount, if any, of Empery's credit bid) are insufficient to satisfy the Empery Payoff Amount in full, holders of Allowed Empery Secured Claims shall forego any further recovery. |
| | To the extent the Plan does not go effective by Effective Date Deadline, the Debtor and the Committee may extend the Effective Date Deadline by up to thirty (30) calendar days, without the consent of Empery on the condition precedent that the Empery Payoff Amount is paid in full from the Net Sale Proceeds on or before October 13, 2023; *provided*, *however*, to the extent Empery is the successful Purchaser pursuant to a credit bid and the Closing Date has occurred, the Effective Date Deadline may be extended, if necessary, to a date mutually agreed to by the Parties. |
| | *Impaired and entitled to vote.* |

Row 7 of **Exhibit "A"** of the Agreement is replaced in its entirety with the following:

| | |
|---|---|
| *Class 6: White Winston Claim* | Class 6 shall consist of all claims of White Winston (if any), including all claims arising from that certain *Settlement Agreement and Release* dated as of December 5, 2022 (the "**Settlement Agreement**"), by and between White Winston, the Debtor, and Drexler (collectively, the "**White Winston Claims**"). |
| | Subject to the earlier of (a) the occurrence of the Plan Effective Date, and (b) if the Plan Effective Date has not occurred when the Empery Payoff Amount is paid in full from the Net Sale Proceeds, then upon entry of the Confirmation Order, the Settlement Agreement shall be deemed an executory contract that the Debtor shall reject under the Plan pursuant to section 365 of the Bankruptcy Code.  White Winston shall have an allowed |

3

|  | unsecured claim of $8,630,261.00. The allowed unsecured claim shall be treated as follows:<br><br>a. 100% (or such other amount as White Winston in its sole discretion determines) of the new equity interests or, at White Winston's election, the prepetition equity interests (collectively, the "**New Equity**"), in the Reorganized Debtor shall be issued to White Winston in full and final satisfaction of the claim in the amount of $4,630,261.00. The rights and powers of holders of New Equity shall be as set forth in the Plan or in related documents by White Winston. It is the intention of the parties that the rights and powers of holders of New Equity be determined by White Winston in connection with the "change of ownership" rules of § 382 of the IRS Tax Code, including the exceptions to the ordinary "change of ownership" rules found in sections 382(l)(v) and (vi) of the IRS Tax Code. All provisions of the Plan shall operate to effectuate this intention unless otherwise agreed to by White Winston.<br><br>b. The remaining $4,000,000 of the claim (the "**White Winston Retained Claim**") shall not be discharged and shall remain as a liability of the post-confirmation Reorganized Debtor. For the avoidance of doubt, White Winston shall not have a claim against the Liquidating Trust.<br><br>*Impaired and entitled to vote.* |

Conditions to Effectiveness of this Amendment. This Amendment shall become effective upon its execution by the Parties.

Representations and Warranties. Each Party hereby represents and warrants to the other Parties as follows:

(a) Authorization; No Contravention. The Party has all requisite power and authority to execute, deliver and perform its obligations under this Amendment. The execution, delivery and performance by the Party of this Amendment, and the consummation of the transactions contemplated hereby, are within its corporate or other powers, have been duly authorized by all necessary corporate or other organizational action, and do not and will not (a) contravene the terms of its charter or bylaws, (b) conflict with or result in any breach or contravention of, any material order, injunction, writ or decree of any governmental authority or any arbitral award to which it or its property is subject; or (c) violate any law in any material respect.

4

(b) Binding Effect. This Amendment has been duly executed and delivered by the Party and this Amendment constitutes, a legal, valid and binding obligation of the Party, enforceable against the Party in accordance with its terms, except as such enforceability may be limited by debtor relief laws and by general principles of equity. The Agreement, as amended by this Amendment constitutes, a legal, valid and binding obligation of the Party, enforceable against the Party in accordance with its terms, except as such enforceability may be limited by debtor relief laws and by general principles of equity.

Governing Law. This Amendment shall be governed by, and construed in accordance with, the laws of the State of Nevada, except as governed by the Bankruptcy Code. By its execution and delivery of this Amendment each of the Parties hereby irrevocably and unconditionally agrees that the Bankruptcy Court shall have exclusive jurisdiction of all matters arising out of or in connection with this Amendment.

Execution in Counterparts. This Amendment may be executed in any number of separate counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Delivery by telecopier or electronic PDF of an executed counterpart of a signature page to this Amendment shall be effective as delivery of an original executed counterpart of this Amendment.

Severability. If any provision of this Amendment is held to be illegal, invalid or unenforceable, the legality, validity and enforceability of the remaining provisions of this Amendment shall not be affected or impaired thereby.

Integration. This Amendment and the Agreement as amended constitute the entire contract among the parties relating to the subject matter hereof and supersede any and all previous agreements and understandings, oral or written, relating to the subject matter hereof.

Headings. Section and subsection headings in this Amendment are included herein for convenience of reference only and shall not constitute a part of this Amendment for any other purpose or be given any substantive effect.

Successors and Assigns. This Amendment shall be binding upon and inure to the benefit of each Party and their respective successors and assigns.

[Signatures on following pages.]

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed and delivered by their respective duly authorized officers or other agents, solely in their respective capacity as officers or other agents of the undersigned and not in any other capacity, as of the date first set forth above.

**DEBTOR:**

MUSCLEPHARM CORPORATION

By: *Nicholas D Rubin*
Name: Nicholas Rubin
Title: Independent Director

**COMMITTEE:**

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: _____
Name: Brian Slater
Title: Chair of the Committee

**EMPERY PARTIES:**

EMPERY TAX EFFICIENT, LP

By: _____
Name: _____
Title: _____

MP COLLATERAL LLC

By: _____
Name: _____
Title: _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed and delivered by their respective duly authorized officers or other agents, solely in their respective capacity as officers or other agents of the undersigned and not in any other capacity, as of the date first set forth above.

**DEBTOR:**

MUSCLEPHARM CORPORATION

By: _____
Name:
Title:

**COMMITTEE:**

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: /s/ Jason Rosell_____
Name:  Jason Rosell
Title:   Counsel to the Committee

**EMPERY PARTIES:**

EMPERY TAX EFFICIENT, LP

By: _____
Name: _____
Title: _____

MP COLLATERAL LLC

By: _____
Name: _____
Title: _____

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed and delivered by their respective duly authorized officers or other agents, solely in their respective capacity as officers or other agents of the undersigned and not in any other capacity, as of the date first set forth above.

**DEBTOR:**

MUSCLEPHARM CORPORATION

By: _____
Name:
Title:

**COMMITTEE:**

OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: _____
Name:  Brian Slater
Title:   Chair of the Committee

**EMPERY PARTIES:**

EMPERY TAX EFFICIENT, LP
By: Empery Asset Management, LP, its Authorized Agent
By: Empery AM GP, LLC

By: _____
Name: Ryan Lane
Title: Managing Member

MP COLLATERAL LLC

By: _____
Name: Ryan Lane
Title: Authorized Signatory

**WHITE WINSTON PARTIES**

WHITE WINSTON SELECT ASSET FUNDS, LLC

By: _____
Name: _____
Title: _____

WHITE WINSTON SELECT ASSET FUND SERIES FUND MP-18, LLC

By: _____
Name: _____
Title: _____