Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV  89101
Telephone:  702.385.5544
Facsimile:  702.385.2741
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | ) Case No.: 22-14422-nmc |
| | ) |
| MUSCLEPHARM CORPORATION, | ) Chapter 11 |
| | ) |
| | ) |
| Debtor. | ) Hearing Date:  September 21, 2023 |
| | ) Hearing Time: 9:30 a.m. |
| | ) |

**NOTICE OF FILING SUPPLEMENT TO DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

MusclePharm Corporation, the debtor and debtor-in-possession in the above-referenced Chapter 11 case (the "**Debtor**"), by and through its counsel of record, Schwartz Law, PLLC, hereby provides this notice of its plan supplement (the "**Plan Supplement**"), to the Debtor's First Amended Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [ECF No. 770] (including all exhibits, schedules, supplements, and ancillary documents, and as may be amended from time to time, the "**Plan**").

The Plan Supplement is filed in support of the Plan and the documents contained in the Plan Supplement are incorporated into and are a part of the Plan as though fully set forth therein.

DATED this 7th day of September 2023.

Respectfully Submitted,

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV  89101
*Attorneys for the Debtor*

1

**SUPPLEMENT TO DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

**EXHIBIT 1:**  Proposed Litigation Trust Agreement

**EXHIBIT 2:**  Notice Regarding (a) Assumption and Assignment of Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code, (b) Amounts Required to Cure Defaults Under Such Executory Contracts and Leases, and (c) Related Procedures (previously filed with the Bankruptcy Court on August 24, 2023 – ECF No. 765)

**EXHIBIT 3:**  Second Notice Regarding (a) Assumption and Assignment of Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code, (b) Amounts Required to Cure Defaults Under Such Executory Contracts and Leases, and (c) Related Procedures (previously filed with the Bankruptcy Court on September 1, 2023 – ECF No. 793)

# EXHIBIT 1

# EXHIBIT 1

SUBJECT TO COMMON INTEREST | PRIVILEGED
MP Comments

## LITIGATION TRUST AGREEMENT

### PREAMBLE

This Litigation Trust Agreement, dated as of [●], 2023 (the "**Agreement**"), which pertains to the administration of this MusclePharm Litigation Trust (the "**Litigation Trust**"), is made effective as of the Effective Date[1] of the Plan, by and among MusclePharm Corporation (the "**Debtor**") and [●], not individually, but solely in its capacity as trustee (the "**Litigation Trustee**" and together with the Debtor, the "**Parties**") in accordance with the *Second Amended Plan of Reorganization for MusclePharm Corporation Under Chapter 11 of the Bankruptcy Code Dated August 28, 2023* (including all exhibits thereto, as the same may be further amended, modified, or supplemented from time to time, the "**Plan**") jointly filed by the Debtor and the Official Committee of Unsecured Creditors (the "**Committee**"), and such Plan having been confirmed pursuant to the entry of the Confirmation Order.

### RECITALS

A.      On December 15, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**"), thereby commencing its chapter 11 case (the "**Chapter 11 Case**").

B.      On August 28, 2023, the Debtor filed the Plan.

C.      Among other things, the Plan provides for the creation of a post-confirmation Litigation Trust to hold and administer certain assets to be assigned and transferred to the Litigation Trust as detailed in the Plan (the "**Litigation Trust Assets**"), and distribute the proceeds therefrom to the Holders of certain Allowed Claims, in accordance with the terms of this Agreement and the Plan.  This Agreement is executed to establish the Litigation Trust and to facilitate the implementation of the Plan.

D.      The Litigation Trust is created on behalf of, and for the benefit of, the Litigation Trust Beneficiaries.

E.      The respective powers, authority, responsibilities, and duties of the Litigation Trustee shall be governed by this Agreement, the Plan, the Confirmation Order, other applicable orders issued by the Bankruptcy Court and, with respect to the Litigation Trustee only, any obligations under Nevada law.

F.      This Agreement is intended to supplement, complement, and implement the Plan and Confirmation Order.  If any of the terms and/or provisions of this Agreement, on the one hand, are inconsistent with the terms and/or provisions of the Plan and Confirmation Order, on the other hand, then the Plan and Confirmation Order shall govern except for inconsistencies or

---

[1]     A capitalized term used but not defined herein shall have the meaning ascribed to it in the Plan.

clarifications in furtherance of the Litigation Trust as a liquidating trust for federal income tax purposes, in which case the terms and/or provisions of this Litigation Trust shall govern.

G.     The Litigation Trust is intended to qualify as a "liquidating trust" under the United States Internal Revenue Code of 1986 and the Treasury Regulations promulgated thereunder, specifically Treasury Regulation section 301.7701-4(d), and as such is a "grantor trust" for federal income tax purposes with the Litigation Trust Beneficiaries treated as the grantors and owners of the Litigation Trust.  In particular, as specified in Revenue Procedure 94-95, 1994-2 C.B. 684 (July 11, 1994):

(a)     The Litigation Trust is organized for the primary purpose of liquidating the Litigation Trust Assets, with no objective to conduct a trade or business except to the extent reasonably necessary to, and consistent with, the purpose of the Litigation Trust.  The Litigation Trust shall not be deemed a successor of the Debtor or its Estate;

(b)     This Agreement provides that the Litigation Trust Beneficiaries will be treated as the grantors of the Litigation Trust and deemed owners of the Litigation Trust Assets, and further, requires the Litigation Trustee to file returns for the Litigation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a);

(c)     This Agreement provides for consistent valuations of the transferred property by the Litigation Trustee and the Litigation Trust Beneficiaries, and those valuations shall be used for all federal income tax purposes;

(d)     All of the Litigation Trust's income is to be and will be treated as subject to tax on a current basis to the Litigation Trust Beneficiaries who will be responsible for payment of any tax due;

(e)     This Litigation Trust contains a fixed or determinable termination date in that it will terminate as soon as practicable at such time as (i) all Disputed Claims have been resolved, (ii) all of the Litigation Trust Assets have been liquidated, (iii) all duties and obligations of the Litigation Trustee under the Litigation Trust Agreement have been fulfilled, (iv) all Distributions required to be made by the Litigation Trust under the Plan and the Litigation Trust Agreement have been made, and (v) the Chapter 11 Case has been closed; *provided*, *however*, that, notwithstanding the foregoing, the Litigation Trust shall be dissolved no later than five (5) years from the Effective Date unless the Bankruptcy Court, upon a motion filed prior to the second anniversary of the Effective Date or the end of any extension period approved by the Bankruptcy Court (the filing of which shall automatically extend the term of the Litigation Trust pending the entry of an order by the Bankruptcy Court granting or denying the motion), determines that a fixed period extension (not to exceed one (1) year, together with any prior extensions, without a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the Litigation

2

Trust as a liquidation trust for federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Litigation Trust Assets;

(f)     The investment powers of the Litigation Trustee, other than those reasonably necessary to maintain the value of the Litigation Trust Assets and to further the liquidating purpose of the Litigation Trust, are limited to powers to invest in Permissible Investments (as defined herein); and

(g)     The Litigation Trustee is required to distribute, within thirty (30) days after the end of each calendar quarter following the Effective Date, or upon such other interval as the Bankruptcy Court may order, but in no event less frequently than annually, to the Litigation Trust Beneficiaries the Litigation Trust's net income plus all net proceeds from the sale, realization, settlement or liquidation of the Litigation Trust Assets, except that the Litigation Trustee may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Litigation Trust Assets, to satisfy current and projected expenses of the Litigation Trust, and to satisfy Claims and contingent liabilities (including Disputed Claims).

NOW, THEREFORE, in consideration of the promises and the mutual covenants and agreements contained herein and in the Plan, the Parties agree as follows:

## ARTICLE 1
## NAME OF TRUST AND LIQUIDATION TRUSTEE

The name of the Litigation Trust is the "MusclePharm Litigation Trust."

[●] is hereby appointed to serve as the initial Litigation Trustee under the Plan, and hereby accepts this appointment and agrees to serve in such capacity effective upon the Effective Date of the Plan and pursuant to the terms of the Plan and this Agreement.  A successor Litigation Trustee shall be appointed as set forth in Article 10.1 in the event the Litigation Trustee is removed or resigns pursuant to this Agreement, or if the Litigation Trustee otherwise vacates the position.

## ARTICLE 2
## DUTIES AND POWERS OF THE LIQUIDATION TRUSTEE

2.1     Generally

The Litigation Trustee shall be responsible for liquidating and administering (or abandoning, as the case may be) the Litigation Trust Assets, including the Causes of Action, and taking actions on behalf of, and representing, the Litigation Trust.  The Litigation Trustee shall have the authority to bind the Litigation Trust within the limitations set forth herein, but shall for all purposes hereunder be acting in the capacity of Litigation Trustee and not individually.

2.2     Scope of Authority of Litigation Trustee

3

Within the limitations set forth herein, and subject to the oversight provisions of the Oversight Committee set forth in this Agreement, the responsibilities and authority of the Litigation Trustee shall include, without limitation: (i) holding and administering the Litigation Trust Assets, (ii) evaluating and determining strategy with respect to the Causes of Action and litigating Causes of Action, or settling, transferring, releasing, or abandoning any and all Causes of Action on behalf of the Litigation Trust, (iii) facilitating the prosecution or settlement of objections to, or estimations of, Claims asserted against the Litigation Trust or the Litigation Trust Assets, (iv) calculating and implementing distributions to the Litigation Trust Beneficiaries in accordance with the Plan, Confirmation Order, and this Agreement, (v) filing all required tax returns for the Litigation Trust as a grantor trust pursuant to Treasury Regulation section 1.671-4(a), (vi) retaining Litigation Trustee Professionals and Litigation Trustee Non-Professionals as provided in the Plan, Confirmation Order, or this Agreement, (vii) receiving reasonable compensation for performing services as Litigation Trustee in accordance with this Agreement and paying the reasonable fees, costs, and expenses of any Litigation Trustee Professionals and Litigation Trustee Non-Professionals in accordance with the applicable provisions of this Agreement, (viii) filing all required reports with the Bankruptcy Court regarding the status of the administration of the Litigation Trust Assets and the assets, liabilities, and transfers of the Litigation Trust, and (ix) carrying out such other responsibilities not specifically set forth herein as may be vested in the Litigation Trustee pursuant to the Plan, this Agreement, Confirmation Order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

2.3    <u>Obligations to Litigation Trust and Beneficiaries</u>

The Litigation Trustee's actions as Litigation Trustee will be held to standards required under Nevada law.

2.4    <u>Additional Powers of Litigation Trustee</u>

In connection with the administration of the Litigation Trust, subject to and except as otherwise set forth in this Agreement or the Plan, the Litigation Trustee is hereby authorized to perform those acts necessary to accomplish the purposes of the Litigation Trust, subject to the advice of the Oversight Committee. Without limiting, but subject to, the foregoing, the Litigation Trustee shall, unless otherwise provided in this Agreement and subject to the limitations contained herein and in the Plan:

(a)    be expressly authorized and required to hold legal title (on behalf of the Litigation Trust as Litigation Trustee, but not individually) to the Litigation Trust Assets, including, but not limited to, the Causes of Action, and be expressly authorized to vote any Claim held by the Litigation Trust in any case or proceeding under the Bankruptcy Code or otherwise and to receive any distribution therein;

(b)    be expressly authorized and required to protect and enforce the rights to the Litigation Trust Assets vested in the Litigation Trust by the Plan and Confirmation Order by any method deemed appropriate in its discretion, including, without limitation, by judicial proceedings or pursuant to any applicable bankruptcy, insolvency, moratorium or similar law and general principles of equity;

4

(c)      be expressly authorized to invest funds (in the manner set forth in Article 2.8), make distributions, and pay any other obligations owed by the Litigation Trust from the Litigation Trust Assets as provided herein and in the Plan and/or Confirmation Order;

(d)      be expressly authorized and required to prosecute, defend, compromise, adjust, analyze, arbitrate, abandon, estimate, or otherwise deal with and settle, in accordance with the terms set forth in Article 5 hereof, Claims against the Litigation Trust or the Litigation Trust Assets;

(e)      be expressly authorized and required to pay expenses and make disbursements necessary to preserve and liquidate the Litigation Trust Assets;

(f)      be expressly authorized and required to make the Distributions as contemplated in the Plan and this Agreement;

(g)      be expressly authorized and required to file appropriate tax returns with respect to the Litigation Trust and the Debtor, and pay taxes properly payable by the Litigation Trust, if any, in the exercise of its fiduciary obligations;

(h)      be expressly authorized and required to take such actions as are necessary and reasonable to carry out the purposes of the Litigation Trust;

(i)      be expressly authorized to purchase insurance coverage as the Litigation Trustee, in its sole discretion, deems necessary and appropriate with respect to the assets, liabilities, and obligations of the Litigation Trust;

(j)      be expressly authorized to consult with the Oversight Committee on a regular basis and keep the Oversight Committee fully advised as to the status of the Litigation Trust and the Litigation Trustee's activities;

(k)      be expressly authorized to retain and pay, as applicable, the Litigation Trustee Professionals and Litigation Trustee Non-Professionals as provided in, and subject to the terms of, this Agreement;

(l)      be expressly authorized to incur any reasonable and necessary expenses in liquidating and converting the Litigation Trust Assets to Cash, or otherwise administering the Litigation Trust, as set forth in the Plan or this Agreement;

(m)      be expressly authorized to terminate the Litigation Trust and seek to close the Chapter 11 Case pursuant to section 350(a) of the Bankruptcy Code; and

(n)      be expressly authorized and required to assume such other powers as may be vested in or assumed by the Litigation Trust pursuant to the Plan, Confirmation Order, or other Bankruptcy Court order, or as may be necessary and proper to carry out the provisions of the Plan or this Agreement.

2.5      <u>General Authority of the Litigation Trustee</u>

Unless specifically stated otherwise herein, the Litigation Trustee shall not be required to obtain Bankruptcy Court approval with respect to any proposed action or inaction: (a) authorized in this Agreement, or (b) specifically contemplated in the Plan.

2.6    Limitation of Litigation Trustee's Authority; No On-Going Business

(a)    The Litigation Trustee shall have no power or authority except as set forth in this Agreement or in the Plan.

(b)    For federal income tax purposes, the Litigation Trustee shall not be authorized to engage in any trade or business with respect to the Litigation Trust Assets or any proceeds therefrom except to the extent reasonably necessary to, and consistent with, the liquidation purpose of the Litigation Trust. The Litigation Trustee shall take such actions consistent with the prompt orderly liquidation of the Litigation Trust Assets as required by applicable law and consistent with the treatment of the Litigation Trust as a liquidation trust under Treasury Regulation section 301.7701-4(d), to the extent such actions are permitted by this Agreement.

2.7    Other Activities

The Litigation Trustee shall be entitled to retain Litigation Trustee Professionals and Litigation Trustee Non-Professionals in accordance with the terms of this Agreement and to assist with the administration of the Litigation Trust. The Litigation Trustee, the Litigation Trustee Professionals, and the Litigation Trustee Non-Professionals may be retained in matters that are unrelated to the Litigation Trust by banks, bank groups, or other institutional lenders or debt holders who are, or whose Affiliates are, Beneficiaries of the Litigation Trust or its Affiliates, so long as such other retention does not involve holding or representing any interest adverse to the interests of the Litigation Trust, or otherwise preclude or impair the Litigation Trustee from performing its duties under this Agreement.

2.8    Investment and Safekeeping of Litigation Trust Assets

All monies and other assets received by the Litigation Trustee shall, until distributed or paid over as herein provided, be segregated from all other monies and assets of the Litigation Trustee, and further, shall be held in trust for the benefit of the Litigation Trust Beneficiaries, but need not be segregated from other Litigation Trust Assets, unless and to the extent required by the Plan and this Agreement. The Litigation Trustee shall promptly invest any such monies in the manner set forth in this Article 2.8, but shall otherwise be under no liability for interest or income on any monies received by the Litigation Trust hereunder and held for distribution or payment to the Litigation Trust Beneficiaries, except as such interest shall actually be received. Investment of any monies held by the Litigation Trust shall be administered in accordance with the general duties and obligations hereunder. The right and power of the Litigation Trustee to invest the Litigation Trust Assets, the proceeds thereof, or any income earned by the Litigation Trust, shall be limited to the right and power to (i) invest such Litigation Trust Assets (pending distributions in accordance with the Plan or this Agreement) in (a) short-term direct obligations of, or obligations guaranteed by, the United States of America or (b) short-term obligations of any agency or corporation which is or may hereafter be created by or pursuant to an act of the Congress of the

6

United States as an agency or instrumentality thereof; or (ii) deposit such assets in demand deposits at any bank or trust company, which has, at the time of the deposit, a capital stock and surplus aggregating at least $1,000,000,000.00 (collectively, the "**Permissible Investments**"); *provided*, *however*, that the scope of any such Permissible Investments shall be limited to include only those investments that a liquidating trust, within the meaning of Treasury Regulation section 301.7701-4(d), may be permitted to hold, pursuant to the Treasury Regulations, or any modification in the IRS guidelines, whether set forth in IRS rulings, other IRS pronouncements or otherwise.

2.9     Establishment of Reserves

On the Effective Date, the Litigation Trustee shall establish and maintain a Reserve of Cash from the Litigation Trust Assets as the Litigation Trustee deems reasonably necessary to satisfy Disputed Administrative Claims, Disputed Priority Tax Claims, Disputed Priority Non-Tax Claims, and Disputed Secured Claims, and for the Litigation Trust Expense Reserve. Further, upon the Professional Fee Bar Date, the Litigation Trustee shall establish a Reserve of Cash from the Litigation Trust Assets in an amount that the Litigation Trustee deems reasonably necessary to satisfy all Professional Fee Claims.

2.10     Oversight Committee

(a)     Formation. On the Effective Date, the Committee will be dissolved and the Oversight Committee, which shall consist of three (3) members, will be formed to serve as an advisory board to the Litigation Trustee. The Oversight Committee will assume the rights and obligations set forth in this Agreement. The initial members of the Oversight Committee shall be (i) [●], (ii) [●], and (iii) [●]. Each member of the Oversight Committee must hold, at all times throughout their service on the Oversight Committee, a General Unsecured Claim against the Estate (or be the legal nominee or designee of a holder of a General Unsecured Claim against the Estate). Any member of the Oversight Committee that no longer holds a General Unsecured Claim against the Estate shall be immediately removed from the Oversight Committee. The purchaser of a General Unsecured Claim from a member of the Oversight Committee shall not automatically succeed to the member's position on the Oversight Committee by reason of the purchase of such General Unsecured Claim but may be appointed upon unanimous vote of all members of the Oversight Committee, without approval of the Bankruptcy Court. A member's rights of membership on the Oversight Committee may not be transferred to or otherwise be assigned or delegated to another person or entity without the express written consent of the Oversight Committee.

(b)     Procedures for Oversight. The Litigation Trustee may obtain the Oversight Committee's advice for any action by email, without a meeting, and advice shall be deemed to have been provided pursuant to majority vote of the Oversight Committee upon the Litigation Trustee's receipt of return emails from at least a majority of the Oversight Committee after a period of time reasonable under the circumstances. If the Litigation Trustee determines, in its sole discretion, that a meeting of the Oversight Committee should be held or advice should be obtained on an emergency basis, the Litigation Trustee shall be entitled to convene a meeting of the Oversight Committee upon 24-hours' advance written notice, and the Litigation Trustee shall be entitled to obtain advice by email upon 24-hours' advance written notice.

# ARTICLE 3
## TERM AND COMPENSATION FOR LIQUIDATION TRUSTEE

3.1    <u>Compensation</u>

(a)    The Litigation Trustee shall be entitled to receive compensation for services rendered on behalf of the Litigation Trust according to the following hourly fee schedule, plus reimbursement of all reasonable, out-of-pocket expenses, until the date the Liquidation Trust is dissolved and terminated pursuant to Article 14.1, or by an order of the Bankruptcy Court.

[Insert Rates]

(b)    All compensation and other amounts payable to the Litigation Trustee shall be paid out of the Litigation Trust Expense Reserve.

3.2    <u>Termination</u>

The duties, responsibilities, and powers of the Litigation Trustee will terminate on the date the Litigation Trust is dissolved and terminated pursuant to Article 14.1, or by an order of the Bankruptcy Court.

3.3    <u>Bond</u>

The Litigation Trustee shall post an appropriate bond with respect to the performance of the obligations and liabilities of the Litigation Trustee under the Plan and this Agreement (the "<u>Litigation Trust Bond</u>").  The cost of the Litigation Trust Bond shall be an expense of the Litigation Trust and paid from the Litigation Trust Assets.

3.4    <u>Removal</u>

The Litigation Trustee may be removed only for (i) cause by a Final Order of the Bankruptcy Court, after notice and a hearing; *provided*, *however*, that the Litigation Trustee may not be removed until a successor Litigation Trustee has been named or is capable of being named immediately upon such removal, or (ii) the Oversight Committee may remove the Litigation Trustee at its discretion upon unanimous vote of all members without approval of the Bankruptcy Court; *provided*, *however*, that the Oversight Committee shall provide the Litigation Trustee with thirty (30) days written notice of its intent to remove the Litigation Trustee.  For purposes of removing the Litigation Trustee, "cause" shall mean gross negligence, breach of fiduciary duty, breach of trust, and reckless or willful mishandling of the Litigation Trust Assets.  Any fees and unreimbursed expenses that have been properly incurred by the Litigation Trustee or the Oversight Committee in accordance with the terms of this Agreement that are owing to the Litigation Trustee or Oversight Committee as of the date of the Litigation Trustee's removal shall be paid to the Litigation Trustee or Oversight Committee, as applicable, within seven (7) calendar days of the removal date.

8

3.5     <u>Resignation</u>

The Litigation Trustee may resign by giving not less than sixty (60) calendar days' prior written notice thereof to the Bankruptcy Court and the Litigation Trust Beneficiaries.

## ARTICLE 4
## PROVISIONS REGARDING DISTRIBUTIONS

4.1     <u>Priority and Method of Distributions</u>

(a)     <u>Generally</u>. The Litigation Trustee, on behalf of the Litigation Trust, or such other Person as may be designated in accordance with this Agreement, will make distributions to the Litigation Trust Beneficiaries in accordance with this Agreement and in accordance with the priorities set forth in, and the other provisions of, the Plan. Whenever any distribution to be made under the Plan or this Agreement is due on a day other than a Business Day, such distribution shall be made, without interest, on the immediately succeeding Business Day, but any such distribution will have been deemed to have been made on the date due.

(b)     <u>Distribution of Litigation Trust Assets and Proceeds Thereof</u>. All Litigation Trust Assets and all Litigation Trust Asset Proceeds shall be distributed in accordance with the terms of this Agreement, the Plan, and Confirmation Order.

(c)     <u>Timing of Distributions</u>. Except as specifically set forth in the Plan, the Litigation Trustee may determine, in its discretion, the appropriate timing, amount, and cadence for distributions.

(d)     <u>Periodic Distribution Requirement</u>. Subject to the provisions of this Article 4 and to the extent required to maintain grantor trust tax status, the Litigation Trustee is required to distribute within thirty (30) days after the end of each calendar quarter following the Effective Date, or upon such other interval as the Bankruptcy Court may order, but in no event less frequently than annually, to the Litigation Trust Beneficiaries the Litigation Trust's net income plus all net proceeds from the sale, realization, settlement, or liquidation of the Litigation Trust Assets, except that the Litigation Trustee may retain an amount of net proceeds or net income reasonably necessary to maintain the value of the Litigation Trust Assets, to satisfy current and projected expenses of the Litigation Trust, and to satisfy Claims and contingent liabilities (including Disputed Claims).

(e)     <u>Withholding</u>. When making a Distribution, the Litigation Trustee may retain an amount of Litigation Trustee Assets reasonably necessary to satisfy current and projected expenses of the Litigation Trust (the "**Litigation Trust Expense Reserve**"), and to satisfy Claims and contingent liabilities (including Disputed Claims). The Litigation Trustee may also withhold from amounts distributable to any Person any and all amounts, to be determined in the Litigation Trustee's reasonable sole discretion, required by any law, regulation, rule, ruling, directive or other government equivalent of the United States or of any political subdivision thereof. To the extent that amounts are so withheld and paid over to the appropriate governmental entity, such amounts shall be treated for all purposes of this Agreement as having been paid to the Person in respect of whom such deduction and withholding was made.

9

(f)    <u>Tax Identification Numbers</u>.  The Litigation Trustee is authorized to request and obtain from the Litigation Trust Beneficiaries or any other Person Forms W-8 and/or W-9 or such other forms or information relating to the Litigation Trustee's obligations to withhold as the Litigation Trustee may reasonably request, and the Litigation Trustee may condition any distribution to any Litigation Trust Beneficiary or other distributee upon receipt of such forms or information.

4.2    <u>Delivery of Distributions.</u>

Subject to the provisions of Federal Rule of Bankruptcy Procedure 2002(g), and except as otherwise provided herein, Distributions to the Litigation Trust Beneficiaries shall be made: (i) at the addresses set forth on the respective proofs of claim filed by such Holders; (ii) at the addresses set forth in any written notices of address changes delivered to the Litigation Trustee after the date of any related proof of claim; or (iii) at the address reflected in the Schedules if no proof of claim is filed and the Litigation Trustee has not received a written notice of a change of address.

4.3    <u>Undeliverable Distributions.</u>

If the Distribution to a Litigation Trust Beneficiary is returned to the Litigation Trustee as undeliverable (the "**Undeliverable Distributions**"), no further Distribution shall be made to such Litigation Trust Beneficiary unless and until the Litigation Trustee is notified in writing of such Litigation Trust Beneficiary's then current address.  Undeliverable Distributions shall remain in the possession of the Litigation Trustee until the earlier of (i) such time as a Distribution becomes deliverable or (ii) such Undeliverable Distribution becomes an Unclaimed Distribution under this Agreement and the Plan.

The Litigation Trustee shall make reasonable efforts to update or correct contact information for recipients of undeliverable Distributions; *provided*, *however*, nothing contained in the Plan or this Agreement shall require the Litigation Trustee to locate any Litigation Trust Beneficiary.

4.4    <u>Unclaimed Distributions</u>

Any entity which fails to claim any Cash within 90 days, from the date upon which a distribution is first made to such entity, shall forfeit all rights to any distribution under the Plan, and the Litigation Trustee shall be authorized to cancel any distribution that is not timely claimed. Pursuant to section 347(b) of the Bankruptcy Code, upon forfeiture, such Cash (including interest thereon, if any) shall revert to the source of such distribution (*i.e.,* the Litigation Trustee or the Distribution Reserve) free of any restrictions under the Plan, the Bankruptcy Code, or the Bankruptcy Rules.  Upon forfeiture, the claim of any Creditor or Interest Holder with respect to such funds shall be irrevocably waived and forever barred against the all of the Debtors, the Estates, and the Litigation Trustee, notwithstanding any federal or state escheat laws to the contrary, and such Creditor or Interest Holder shall have no claim whatsoever against the any of the foregoing or to any Holder of a Claim to whom distributions are made.

10

4.5     Remainder Amounts After Final Distribution

After final Distributions have been made in accordance with the terms of the Plan, if the aggregate amount of Unclaimed Distributions and Undeliverable Distributions is less than $5,000, the Litigation Trustee may donate such amount to a charitable organization as determined by the Litigation Trustee in its sole discretion.

4.6     De Minimis Distributions

If any interim distribution under the Plan to the Holder of an Allowed Claim would be less than $100.00, the Litigation Trustee may withhold such distribution until a final distribution is made to such Holder. If any final distribution under the Plan to the Holder of an Allowed Claim would be less than $100.00, the Litigation Trustee may cancel such distribution. Any potential distributions pursuant to this Section shall be treated as an Unclaimed Distribution under Section 9.02(i) of the Plan.

## ARTICLE 5
## PROCEDURES FOR RESOLUTION OF DISPUTED,
## CONTINGENT, AND UNLIQUIDATED CLAIMS OR EQUITY INTERESTS

5.1     Objections to Claims; Prosecution of Disputed Claims

Except insofar as a Claim is Allowed under the Plan on and after the Effective Date, the Litigation Trustee will have the authority, but not the obligation, to do any of the following with respect to any Claims or Interests: (1) file, withdraw, or litigate to judgment objections to and requests for estimation of Claims; (2) settle or compromise any Disputed Claim without any further notice to or action, order, or approval by the Bankruptcy Court; and (3) administer and adjust the Claims register to reflect any such settlements or compromises without any further notice to or action, order, or approval by, the Bankruptcy Court. The Litigation Trustee shall succeed to any pending objections to Claims filed by the Debtors prior to the Effective Date, and shall have and retain any and all rights and defenses the Debtors had immediately prior to the Effective Date with respect to any Disputed Claim. The Litigation Trustee shall not be obligated to object to any Claim, but may consult with the Oversight Committee in deciding whether to object to any particular Claim.

5.2     Estimation of Claims

The Litigation Trustee may at any time request that the Bankruptcy Court estimate any contingent or unliquidated Claim pursuant to section 502(c) of the Bankruptcy Code regardless of whether the Debtors or the Litigation Trustee previously have objected to such Claim or whether the Bankruptcy Court has ruled on any such objection.  The Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to any such objection.  Subject to the provisions of section 502(j) of the Bankruptcy Code, in the event that the Bankruptcy Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute the maximum allowed amount of such Claim.  If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Litigation Trustee may pursue

11

supplementary proceedings to object to the allowance of such Claim. All of the aforementioned objection, estimation and resolution procedures are intended to be cumulative and not necessarily exclusive of one another. Claims may be estimated and subsequently compromised, settled, withdrawn or resolved by any mechanism approved by the Bankruptcy Court.

5.3     Payments and Distributions on Disputed Claims

(a)     Notwithstanding anything herein to the contrary: (a) no distribution shall be made with respect to any Disputed Claim until such Claim becomes an Allowed Claim (as applicable), and (b) unless agreed otherwise by the Litigation Trustee no distribution shall be made to any Person that holds both an Allowed Claim and a Disputed Claim until such Person's Disputed Claims have been resolved by settlement or Final Order.

(b)     Except as otherwise provided in a Final Order or as agreed by the relevant parties, distributions on account of Disputed Claims, if any, that become Allowed, shall be made by the Litigation Trustee at such periodic intervals as the Litigation Trustee determines to be reasonably prudent. No interest will be paid on Disputed Claims that later become Allowed or with respect to any distribution in satisfaction thereof to a Holder.

## ARTICLE 6
## LIABILITY AND EXCULPATION PROVISIONS

6.1     Standard of Liability

In no event shall the Litigation Trustee or the Litigation Trustee Professionals, Litigation Trustee Non-Professionals, Oversight Committee, Affiliates, representatives, employees, directors, officers or principals be held personally liable for any claim, expense, liability or other obligation asserted against the Litigation Trust. The Oversight Committee, the Litigation Trustee, the Litigation Trustee Professionals, the Litigation Trustee Non-Professionals, and each of their Affiliates, representatives, employees, directors, officers or principals shall not be liable for any negligence or any error of judgment made in good faith with respect to any action taken or omitted to be taken in good faith, except to the extent that the action taken or omitted to be taken by each of the same or their respective Litigation Trustee Professionals, Litigation Trustee Non-Professionals, Affiliates, representatives, employees, directors, officers or principals is determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, fraud or, solely in the case of the Litigation Trustee or Oversight Committee, breach of fiduciary duty. Any act or omission taken with the approval of the Bankruptcy Court will be conclusively deemed not to constitute gross negligence or willful misconduct.

6.2     Reliance by Litigation Trustee

Except as otherwise provided herein:

(a)     the Litigation Trustee and Oversight Committee may rely, and shall be protected in acting upon, any resolution, certificate, statement, installment, opinion, report, notice, request, consent, order, or other paper or document reasonably believed to be genuine and to have been signed or presented by the proper party or parties;

(b)     the Litigation Trustee and Oversight Committee shall not be liable for any action reasonably taken or not taken in accordance with the advice of a Litigation Trustee Professional; and

(c)     persons dealing with the Litigation Trustee or Oversight Committee shall look only to the Litigation Trust Assets to satisfy any liability incurred by the Litigation Trustee to such person in carrying out the terms of this Agreement, and the Litigation Trustee shall not have any personal obligation to satisfy any such liability, except to the extent that actions taken or not taken after the Effective Date by the Litigation Trustee are determined by a Final Order to be solely due to the Litigation Trustee's own gross negligence, willful misconduct, fraud or breach of fiduciary duty.

6.3     Exculpation and Indemnification

(a)     Exculpation.  No Holder of a Claim or other party-in-interest will have or be permitted to pursue any claim or cause of action against the Oversight Committee, Litigation Trustee, the Litigation Trustee Professionals, the Litigation Trustee Non-Professionals, or any of their representatives, employees, directors, officers or principals for making payments in accordance with the Plan or this Agreement or for implementing the provisions of the Plan or this Agreement.  Any act taken or not taken, in the case of the Litigation Trustee and Oversight Committee, with the approval of the Bankruptcy Court, will be conclusively deemed not to constitute gross negligence, willful misconduct, or a breach of fiduciary duty.

(b)     Indemnification.  The Litigation Trust shall indemnify, defend and hold harmless the Oversight Committee, Litigation Trustee, the Litigation Trustee Professionals and Litigation Trustee Non-Professionals, solely from Litigation Trust Assets, from and against any and all claims, causes of action, liabilities, obligations, losses, damages or expenses (including attorneys' fees and expenses) occurring after the Effective Date, other than to the extent determined by a Final Order to be solely due to their own respective gross negligence, willful misconduct, or, solely in the case of the Litigation Trustee and Oversight Committee, breach of fiduciary duty, to the fullest extent permitted by applicable law.  Satisfaction of any obligation of the Litigation Trust arising pursuant to the terms of this Article shall be payable only from the Litigation Trust Assets, may be advanced (from insurance or Litigation Trust Assets) prior to the conclusion of such matter, and such right to payment shall be prior and superior to any other rights to receive a distribution of the Litigation Trust Assets.

**ARTICLE 7**
**ESTABLISHMENT OF THE LIQUIDATION TRUST**

7.1     Transfer of Assets to Litigation Trust; Assumption of Liabilities

Pursuant to the Plan and Confirmation Order, the Debtor and the Litigation Trustee hereby establish the Litigation Trust on behalf of the Litigation Trust Beneficiaries, to be treated as the grantors and deemed owners of the Litigation Trust Assets and the Debtor hereby transfers, assigns, and deliver to the Litigation Trust, on behalf of the Litigation Trust Beneficiaries, all of its right, title, and interest in the Litigation Trust Assets, including the related claims and Causes of Action of the Debtor, other than Released Causes of Action in accordance with the provisions

of the Plan, notwithstanding any prohibition of assignability under applicable non-bankruptcy law. Such transfer includes, but is not limited to, all rights to assert, waive or otherwise exercise any attorney-client privilege, work product protection or other privilege, immunity, or confidentiality provision vested in, or controlled by, the Debtor. The Litigation Trustee agrees to accept and hold the Litigation Trust Assets in the Litigation Trust for the benefit of the Litigation Trust Beneficiaries, subject to the terms of the Plan, the Confirmation Order, and this Agreement.

7.2     Title to Assets

(a)     On the Effective Date, the Debtor shall transfer the Litigation Trust Assets to the Litigation Trust for the benefit of the Litigation Trust Beneficiaries. Notwithstanding any prohibition of assignability under applicable non-bankruptcy law, all Litigation Trust Assets encompassed by the Plan shall vest in the Litigation Trust in accordance with section 1141 of the Bankruptcy Code. Upon the transfer of the Litigation Trust Assets to the Litigation Trust, the Debtor shall have no interest in or with respect to such Litigation Trust Assets or the Litigation Trust.

(b)     For all federal income tax purposes, all Parties and Litigation Trust Beneficiaries shall treat the transfer of the Litigation Trust Assets by the Debtor to the Litigation Trust, as set forth in this Article 7 and in the Plan, as a transfer of such assets by the Debtor to the Litigation Trust Beneficiaries entitled to distributions under this Agreement followed by a transfer by such Litigation Trust Beneficiaries to the Litigation Trust. Thus, the Litigation Trust Beneficiaries shall be treated as the grantors and owners of a grantor trust for federal income tax purposes.

7.3     Valuation of Assets

As soon as practicable after the Effective Date, the Litigation Trustee (to the extent that the Litigation Trustee deems it necessary or appropriate in its discretion), shall value the Litigation Trust Assets based on the good faith determination of the Litigation Trustee. The valuation shall be used consistently by all Parties and the Litigation Trust Beneficiaries for all federal income tax purposes. The Bankruptcy Court shall resolve any dispute regarding the valuation of the Litigation Trust Assets.

**ARTICLE 8**
**LIQUIDATION TRUST BENEFICIARIES**

8.1     Identification of Litigation Trust Beneficiaries

In order to determine the actual names and addresses of the Litigation Trust Beneficiaries, the Litigation Trustee shall be entitled to conclusively rely on the names and addresses set forth in the Debtor's Schedules or filed proofs of claim, unless the Litigation Trustee receives timely notice of a Litigation Trust Beneficiary's change of address. Each Litigation Trust Beneficiary's right to distribution from the Litigation Trust, which is dependent upon such Litigation Trust Beneficiary's classification under the Plan, shall be that accorded to such Litigation Trust Beneficiary under the Plan.

14

## ARTICLE 9
## ADMINISTRATION

### 9.1  Purpose of the Litigation Trust

The Litigation Trust shall be established for the primary purpose of liquidating its assets, in accordance with Treasury Regulation section 301.7701-4(d), with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidation purpose of the Litigation Trust.  Accordingly, the Litigation Trustee shall, in an expeditious but orderly manner, liquidate and convert to Cash the Litigation Trust Assets, make timely distributions to the Litigation Trust Beneficiaries and not unduly prolong its duration, and shall take or refrain from taking such other actions as may be necessary, in the Litigation Trustee's reasonable judgment, to preserve and maintain the status of the Litigation Trust as a "liquidation trust" and as a "grantor trust" within the meaning of Treasury Regulation sections 301.7701-4(d) and 1.671-4(a).  The Litigation Trust shall not be deemed a successor-in-interest of the Debtors for any purpose other than as specifically set forth in the Plan or this Agreement.

### 9.2  Books and Records

The Litigation Trustee shall maintain books and records relating to the administration of the Litigation Trust Assets and the distribution by the Litigation Trustee of the proceeds therefrom in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law.  The Litigation Trustee shall also maintain books and records relating to the administration of the Litigation Trust Assets (including the Causes of Action), the income and expenses of the Litigation Trust, and the payment of expenses of and liabilities of, claims against or assumed by, the Litigation Trust in such detail and for such period of time as may be necessary to make full and proper accounting in respect thereof and to comply with applicable provisions of law.  Except as otherwise provided herein or in the Plan, nothing in this Agreement requires the Litigation Trustee to file any accounting or seek approval of any court with respect to the administration of the Litigation Trust, or as a condition for making any payment or distribution out of the Litigation Trust Assets. The Oversight Committee may obtain information relating to the management of the Litigation Trust Assets upon reasonable written notice to the Litigation Trustee, subject to applicable privileges, confidentiality requirements and applicable law.

### 9.3  Compliance with Laws

Any and all distributions of Litigation Trust Assets shall comply with all applicable laws and regulations, including, but not limited to, applicable federal and state tax and securities laws.

## ARTICLE 10
## SUCCESSOR LIQUIDATION TRUSTEE

### 10.1  Successor Litigation Trustee

In the event the Litigation Trustee is removed pursuant to this Agreement, resigns pursuant to this Agreement, or otherwise vacates its position, the Oversight Committee shall appoint a

successor Litigation Trustee by unanimous vote of all members.  If a successor Litigation Trustee is not so appointed, then the Bankruptcy Court shall appoint a successor in accordance with the best interests of the Litigation Trust Beneficiaries.  Any successor Litigation Trustee appointed hereunder shall execute an instrument accepting such appointment.  Thereupon, such successor Litigation Trustee shall, without any further act, become vested with all the estates, properties, rights, powers, trusts and duties of its predecessor in the Litigation Trust with like effect as if originally named herein; *provided*, *however*, that a removed or resigning Litigation Trustee shall, nevertheless, when requested in writing by the successor Litigation Trustee, execute and deliver any reasonable instrument or instruments conveying and transferring to such successor Litigation Trustee all the estates, properties, rights, powers, and trusts of such removed or resigning Litigation Trustee.

## ARTICLE 11
## REPORTING

### 11.1    Quarterly and Final Reports

As soon as practicable but in no event later than thirty (30) calendar days after the end of the first full quarter following the Effective Date and on a quarterly basis thereafter until all Cash in the Litigation Trust has been distributed or otherwise paid out in accordance with the Plan and this Agreement, the Litigation Trustee shall File a report with the Bankruptcy Court setting forth the amounts, recipients, and dates of all Distributions made by the Litigation Trustee through each applicable reporting period.

### 11.2    Federal Income Tax

(a)    Grantor Trust Status.  Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Litigation Trustee of a private letter ruling if the Litigation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Litigation Trustee), the Litigation Trustee shall file tax returns for the Litigation Trustee as a grantor trust pursuant to Treasury Regulation section 1.671-4(a).

(b)    Allocations of Litigation Trust Taxable Income.  Subject to the provisions of Article 11.2(a) hereof, allocations of Litigation Trust taxable income shall be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (without regard to any restriction on distributions described herein) if, immediately prior to such deemed distribution, the Litigation Trust had distributed all of its other assets (valued for this purpose at their tax book value) to the Litigation Trust Beneficiaries (treating any Holder of a Disputed Claim, for this purpose, as a current Litigation Trust Beneficiary entitled to distributions), taking into account all prior and concurrent distributions from the Litigation Trust (including any distributions held in reserve pending the resolution of Disputed Claims).  Similarly, taxable losses of the Litigation Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a liquidating distribution of the remaining Litigation Trust Assets.  The tax book value of the Litigation Trust Assets for this purpose shall equal their fair market value on the Effective Date or, if later, the date such assets were acquired by the Litigation Trust, adjusted in either case in accordance with tax accounting principles

16

prescribed by the United States Internal Revenue Code, the Treasury Regulations and any other applicable administrative and judicial authorities and pronouncements.

(c)     Tax Reporting Duties of Litigation Trustee.  Within sixty (60) calendar days following the end of each calendar year, the Litigation Trustee shall prepare and distribute a statement setting forth the information necessary for each Litigation Trust Beneficiary to determine its share of items of income, gain, loss, deduction or credit for United States federal income tax purposes.

11.3    Other

The Litigation Trustee shall file (or cause to be filed) any other statement, returns or disclosures relating to the Litigation Trust or the Litigation Trust Assets, that are required by the IRS or any other Governmental Unit.

## ARTICLE 12
## TRANSFERABILITY OF LIQUIDATION TRUST BENEFICIARIES' INTERESTS

12.1    Transferability of Litigation Trust Beneficiaries' Interests

The beneficial interests that are owned by the Litigation Trust Beneficiaries, which shall be reflected only on the records of the Litigation Trust maintained by the Litigation Trustee, shall be uncertificated, are not negotiable, and shall not be assignable or transferable voluntarily.  In the case of a deceased individual Litigation Trust Beneficiary, its executor or administrator shall succeed to such decedent's beneficial interest upon notice to the Litigation Trustee.

## ARTICLE 13
## LIQUIDATION TRUSTEE PROFESSIONALS AND NON-PROFESSIONALS

13.1    Retention of Litigation Trustee Professionals and Non-Professionals

(a)     The Litigation Trustee shall have the right to retain its own professionals including, without limitation, claims, disbursing and transfer agents, legal counsel, accountants, experts and other agents or advisors, as the Litigation Trustee deems appropriate (the "**Litigation Trustee Professionals**") and on such terms as the Litigation Trustee deems appropriate.  The Litigation Trustee Professionals shall be compensated in accordance with Article 13.2 hereof.  The Litigation Trustee Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, counsel and financial advisors of the Committee.

(b)     The Litigation Trustee shall have the right to retain non-professionals including, without limitation, employees, independent contractors or other agents as the Litigation Trustee deems appropriate (the "**Litigation Trustee Non-Professionals**") and on such terms as the Litigation Trustee deems appropriate.  Such Litigation Trustee Non-Professionals shall be compensated in accordance with Article 13.2 hereof.  The Litigation Trustee Non-Professionals so retained need not be "disinterested" as that term is defined in the Bankruptcy Code and may include, without limitation, employees, independent contractors or agents of the Committee.

17

13.2     Payment to Litigation Trustee Professionals and Non-Professionals

(a)     After the Effective Date, Litigation Trustee Professionals shall be required to submit reasonably detailed invoices on a monthly basis to the Litigation Trustee, including in such invoices a description of the work performed, who performed such work, and if billing on an hourly basis, the hourly rate of each such person, plus an itemized statement of expenses. The Litigation Trustee shall pay those invoices fourteen (14) calendar days after a copy of such invoices is provided to the Litigation Trustee, without Bankruptcy Court approval, unless the Litigation Trustee objects. If there is a dispute as to a part of an invoice, the Litigation Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount.

(b)     After the Effective Date, Litigation Trustee Non-Professionals shall be required to submit to the Litigation Trustee periodic invoices containing information with sufficient detail to assess the reasonableness of the fees and charges. The Litigation Trustee shall pay those invoices fourteen (14) calendar days after a copy of such invoices is provided to the Litigation Trustee, without Bankruptcy Court approval, unless the Litigation Trustee objects. If there is a dispute as to a part of an invoice, the Litigation Trustee shall pay the undisputed portion and the Bankruptcy Court shall resolve any disputed amount.

(c)     All payments to Litigation Trustee Professionals and Litigation Trustee Non-Professionals shall be paid out of the Litigation Trust Assets.

## ARTICLE 14
## TERMINATION OF LIQUIDATION TRUST

14.1     Duration and Extension

Notwithstanding any provision of the Plan to the contrary, the Litigation Trust shall be dissolved no later than five (5) years from the Effective Date unless the Bankruptcy Court, upon a motion filed prior to the second anniversary of the Effective Date or the end of any extension period approved by the Bankruptcy Court (the filing of which shall automatically extend the term of the Litigation Trust pending the entry of an order by the Bankruptcy Court granting or denying the motion), determines that a fixed period extension (not to exceed one (1) year, together with any prior extensions, without a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the Litigation Trust as a Litigation trust for federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Litigation Trust Assets; *provided*, *however*, that adequate funding exists for such extension period as determined by the Bankruptcy Court; provided, further, that each request for an extension shall be approved by the Bankruptcy Court within six months prior to the conclusion of the extended term. After (a) the final Distribution of the balance of the assets or proceeds of the Litigation Trust pursuant to the Plan, (b) the filing by or on behalf of the Litigation Trust of a certification of dissolution with the Bankruptcy Court in accordance with the Plan, and (c) any other action deemed appropriate by the Litigation Trustee, the Litigation Trust shall be deemed dissolved for all purposes without the necessity for any other or further actions.

18

14.2    Diligent Administration

The Litigation Trustee shall, as applicable, (i) not unduly prolong the duration of the Litigation Trust; (ii) at all times endeavor to resolve, settle or otherwise dispose of all claims that constitute Litigation Trust Assets; (iii) effect the liquidation and distribution of the Litigation Trust Assets to the Litigation Trust Beneficiaries in accordance with the terms hereof; (iv) consult and confer with the Oversight Committee and keep it fully advised of its activities, and; (v) endeavor to terminate the Litigation Trust as soon as reasonably practicable.

## ARTICLE 15
## AMENDMENT AND WAIVER

15.1    Amendment and Waiver

Any substantive provision of this Agreement may be materially amended or waived only with the written consent of the Litigation Trustee or by order of the Bankruptcy Court if necessary to implement the Plan; *provided*, *however*, that no change may be made to this Agreement that would adversely affect the federal income tax status of the Litigation Trust as a "grantor trust." Technical or non-material amendments to or waivers of portions of this Agreement may be made as necessary, to clarify this Agreement or to enable the Litigation Trust to effectuate the terms of this Agreement, with the consent of the Litigation Trustee.

## ARTICLE 16
## MISCELLANEOUS PROVISIONS

16.1    Intention of Parties to Establish Grantor Trust

This Agreement is intended to create a grantor trust for United States federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as a grantor trust.

16.2    Preservation of Privilege

In connection with the vesting and transfer of the Litigation Trust Assets, including rights and Causes of Action, any attorney-client privilege, work-product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held by the Debtors shall be transferred to the Litigation Trust and shall vest in the Litigation Trust.  Accordingly, in connection with the prosecution and/or investigation of the Causes of Action by the Litigation Trustee, any and all directors, officers, employees, counsel, agents, or attorneys-in-fact, of the Debtors, cannot assert any attorney-client privilege, work product protection, or other privilege or immunity attaching or relating to any documents or communications (of any kind, whether written or oral, electronic or otherwise) held by the Debtors or otherwise prevent, hinder, delay, or impede production or discussion of documents or communications requested by the Litigation Trustee in discovery (whether formal or informal, and including without limitation, depositions, written discovery, and interviews).  The Debtors and the Litigation Trustee shall take all necessary actions to protect the transfer of such privileges, protections and immunities.

19

16.3    Prevailing Party

Subject to Article 6.3(b) hereof, if the Litigation Trustee or the Litigation Trust, as the case may be, is the prevailing party in a dispute regarding the provisions of this Agreement or the enforcement thereof, then such prevailing party shall be entitled to collect any and all costs, expenses and fees, including attorneys' fees, from the non-prevailing party incurred in connection with such dispute or enforcement action.

16.4    Confidentiality

The Litigation Trustee, and each of its employees, members, agents, professionals and advisors, including the Litigation Trustee Professionals and Litigation Trustee Non-Professionals, (each a "**Confidential Party**" and collectively the "**Confidential Parties**") shall hold strictly confidential and not use for personal gain any material, non-public information of which they have become aware in their capacity as a Confidential Party, of or pertaining to any Entity to which any of the Litigation Trust Assets relates; *provided*, *however*, that such information may be disclosed if (a) it is now or in the future becomes generally available to the public other than as a result of a disclosure by the Confidential Parties, or (b) such disclosure is required of the Confidential Parties pursuant to legal process including but not limited to subpoena or other court order or other applicable laws or regulations.  In the event that any Confidential Party is requested to divulge confidential information pursuant to this subparagraph (b), such Confidential Party shall promptly, in advance of making such disclosure, provide reasonable notice of such required disclosure to the Litigation Trustee to allow him sufficient time to object to or prevent such disclosure through judicial or other means and shall cooperate reasonably with the Litigation Trustee in making any such objection, including but not limited to appearing in any judicial or administrative proceeding in support of any objection to such disclosure.

16.5    Laws as to Construction

This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada, without giving effect to rules governing the conflict of law.

16.6    Severability

Except with respect to provisions herein that are contained in the Plan, if any provision of this Agreement or the application thereof to any person or circumstance shall be finally determined by a court of competent jurisdiction to be invalid or unenforceable to any extent, the remainder of this Agreement, or the application of such provision to Persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected thereby, and shall be valid and enforceable to the fullest extent permitted by law.

16.7    Notices

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if delivered by facsimile (at the numbers set forth below) and deposited, postage prepaid, in a post office or letter box addressed to the person (or their successors or replacements) for whom such notice is intended at such address as set forth below, or such other addresses as may be filed with the Bankruptcy Court:

20

Litigation Trustee:

[●]

With a copy to:

[●]

### 16.8   Notices if to a Litigation Trust Beneficiary

Any notice or other communication hereunder shall be in writing and shall be deemed to have been sufficiently given, for all purposes, if deposited, postage prepaid, in a post office or letter box addressed to the person for whom such notice is intended to the name and address set forth on such Litigation Trust Beneficiary's proof of claim or such other notice filed with the Bankruptcy Court, or if none of the above has been filed, to the address set forth in the Debtors' Schedules or provided to the Litigation Trustee pursuant to Article 8.1.

### 16.9   Survivability

Notwithstanding any provision of the Plan to the contrary, the terms and provisions of this Agreement shall remain fully binding and enforceable notwithstanding any vacancy in the position of the Litigation Trustee.

### 16.10   Headings

The section headings contained in this Agreement are solely for the convenience of reference and shall not affect the meaning or interpretation of this Agreement or of any term or provision hereof.

### 16.11   Conflicts with Plan Provisions

Except as otherwise expressly stated herein, if any of the terms and/or provisions of this Agreement conflict with the terms and/or provisions of the Plan or the Confirmation Order, then the terms of the Plan and/or Confirmation Order shall govern.

     IN WITNESS WHEREOF, the Parties hereto have either executed and acknowledged this Agreement, or caused it to be executed and acknowledged on their behalf by their duly authorized officers all as of the date first above written.

> [●], not individually, but solely as Litigation Trustee
>
> By: _____
> Name:  [●]
>
> MusclePharm Corporation
>
> By: _____
> Name: Nicholas Rubin
> Title:   Authorized Representative

22

## ANNEX 1

## **DEFINITIONS**

1.  "<u>Affiliates</u>" means parents, subsidiaries, members, managers, limited partners, and general partners.

2.  "<u>Agreement</u>" has the meaning specified in the Preamble to this Agreement.

3.  "<u>Bankruptcy Court</u>" has the meaning specified in the Preamble to this Agreement.

4.  "<u>Causes of Action</u>" means all Causes of Action (as defined in the Plan) that are Litigation Trust Assets.

5.  "<u>Confidential Party</u>" has the meaning specified in Article 16.4.

6.  "<u>Debtor</u>" has the meaning specified in the Preamble to this Agreement.

7.  "<u>IRS</u>" means the Internal Revenue Service of the United States of America.

8.  "<u>Litigation Trust</u>" has the meaning specified in the Preamble to this Agreement.

9.  "<u>Litigation Trust Asset Proceeds</u>" means any and all proceeds from the Litigation Trust Assets, including, without limitation, any cash or other property received from or in connection with the Litigation Trust Assets or the prosecution, settlement, or adjudication of any related Causes of Action that are Litigation Trust Assets.

10. "<u>Litigation Trust Beneficiaries</u>" means the Holders of Allowed General Unsecured Claims.

11. "<u>Litigation Trustee</u>" has the meaning specified in the Preamble to this Agreement and includes any successor Litigation Trustee appointed pursuant to Article 10.1.

12. "<u>Litigation Trustee Non-Professionals</u>" has the meaning specified in Article 13.1(b).

13. "<u>Litigation Trustee Professionals</u>" has the meaning specified in Article 13.1(a).

14. "<u>Oversight Committee</u>" means the entity formed as of the Effective Date, pursuant to Article 2.1.

15. "<u>Parties</u>" has the meaning specified in the Preamble to this Agreement.

16. "<u>Person</u>" means any individual, corporation, partnership, joint venture, association, trust, unincorporated organization, or other legal entity, or any governmental authority, entity, or political subdivision thereof.

17. "<u>Petition Date</u>" has the meaning specified in the Preamble to this Agreement.

18.    "Plan" has the meaning specified in the Preamble to this Agreement.

19.    "Undeliverable Distributions" has the meaning specified in Article 4.3.

# EXHIBIT 2

# EXHIBIT 2

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887
*Attorneys for Debtor*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-nmc |
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | **Sale Hearing**:<br>**September 21, 2023, at 9:30 a.m. PDT**, and<br>**September 22, 2023, at 9:30 a.m. PDT** |

**NOTICE REGARDING (A) ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE, (B) AMOUNTS REQUIRED TO CURE DEFAULTS UNDER SUCH EXECUTORY CONTRACTS AND LEASES, AND (C) RELATED PROCEDURES**

PLEASE TAKE NOTICE OF THE FOLLOWING:

NOTICE IS HEREBY GIVEN by MusclePharm Corporation ("**MusclePharm**"), debtor and debtor-in-possession in the above-referenced Chapter 11 case that on August 17, 2023, the United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**") entered the *Order Approving Bidding Procedures for the Sale of Assets Pursuant to 11 U.S.C. §§ 105, 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004* [ECF No. 756] (the "**Bidding Procedures Order**").[1]

NOTICE IS FURTHER GIVEN that the Debtor is a party to various executory contracts and unexpired leases (collectively, the "**Contracts**") which the Debtor may seek to  assume and

---

[1]    All initially capitalized terms not defined herein shall have the meanings ascribed to them in the Bidding Procedures Order.

1

assign to the Winning Bidder in connection with a sale of the Debtor's Assets (the "**Designated Contracts**") in accordance with the Bidding Procedures Order. You are receiving this notice because your Contract may be a Designated Contract.

NOTICE IS FURTHER GIVEN that pursuant to Section 365(b)(1)(A) of the Bankruptcy Code, the Debtor is required to cure or provide adequate assurance that it will promptly cure default under any Designated Contract at the time of assumption. The Debtor has determined the amount, if any, required to cure any default (the "**Cure Amount**") under each Contract that may be a Designated Contract. The proposed Cure Amount with respect to each Contract  is listed on **Exhibit 1**, attached hereto.

NOTICE IS FURTHER GIVEN that if you object to the Cure Amount set forth in this notice or the possible assumption and assignment of your Contract to a Winning Bidder (other than an objection with respect to adequate assurance of future performance), you <u>must</u> file and serve an objection (a "**Contract Objection**"), which must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) set forth all relevant facts and legal authority in support of your objection and be supported by affidavits or declarations that conform to Local Rule 9014(c); and (d) be filed with the Bankruptcy Court and served so that it is actually received on or before **September 7, 2023** by the following parties:

Counsel to the Debtor:          SCHWARTZ LAW, PLLC
                                Attention: Samuel A. Schwartz
                                601 East Bridger Ave., Suite 200
                                Las Vegas, Nevada 89101
                                E-mail:  saschwartz@nvfirm.com

Counsel to the Committee:       PACHULSKI STANG ZIEHL & JONES LLP
                                Attention: Jason H. Rosell
                                One Sansome Street, 34th Floor, Suite 3430
                                San Francisco, CA  94104
                                E-mail:  jrosell@pszjlaw.com

Counsel to Empery:              GARMAN TURNER GORDON LLP
                                Attention: William M. Noall
                                7251 Amigo Street, Suite 210
                                Las Vegas, NV 89119
                                E-mail: bknotices@gtg.legal and
                                        notices@emperyam.com

2

| | | |
|---|---|---|
| 1 | Office of the United States | Office of the United States Trustee |
| 2 | Trustee: | Foley Federal Building and U.S. Courthouse |
| | | 300 S. Las Vegas Blvd., # 4300 |
| 3 | | Las Vegas, NV 89101 |

4       NOTICE IS FURTHER GIVEN that if you do not timely file and serve a Contract

5 Objection, you will be forever barred from objecting to (a) the Debtor's proposed Cure Amount, or

6 (b) the assumption and assignment of your Contract.

7       NOTICE IS FURTHER GIVEN that if you file a timely Contract Objection asserting a

8 higher Cure Amount than the amount listed on Exhibit 1 or object to the possible assumption and

9 assignment of your Contract, and the parties are unable to consensually resolve the dispute, the

10 amount to be paid under Section 365 of the Bankruptcy code (if any) or, as the case may be, the

11 Debtor's ability to assume and assign the Contract to the Winning Bidder, will be determined at the

12 hearing to approve the sale of the Debtor's Assets (the "**Sale Hearing**").

13       NOTICE IS FURTHER GIVEN that the Court has fixed **September 21, 2023, at 9:30 a.m.**

14 Pacific Time, and if necessary, **September 22, 2023, at 9:30 a.m.** Pacific Time, as the dates and

15 times for the Sale Hearing. The Sale Hearing will be held before the Honorable Natalie M. Cox,

16 United States Bankruptcy Judge, in the United States Bankruptcy Court, Foley Federal Building,

17 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101. The Sale Hearing may be adjourned

18 from time to time without further notice other than any announcement made at the Sale Hearing or

19 any adjourned hearing.

20       Dated: August 24, 2023.

21 Respectfully Submitted,

22 SCHWARTZ LAW, PLLC

23

24 By: /s/ *Samuel A. Schwartz*
    Samuel A. Schwartz, Esq.

25 Gabrielle A. Hamm, Esq.
    601 East Bridger Avenue

26 Las Vegas, NV  89101

27 *Attorneys for the Debtor*

28

# EXHIBIT 1

# EXHIBIT 1

### Executory Contracts and Unexpired Leases

| Counterparty | Description of Contract | Cure Amount |
|---|---|---|
| Amazon Web Services | Product sales agreement | $ 462,566.99 |
| Avalara | License agreement for tax compliance software | $0.00 |
| BJ's Wholesale Club, Inc. | Promotional contract | $0.00 |
| Box, Inc. | Terms of service and license agreement for document storage and collaboration software | $0.00 |
| Ergos Technology Partners, Inc. | License agreement for Microsoft 365 Business Premium software | $4,146.30 |
| GoTo Technologies | License agreement for LogMeIn endpoint protection and remote access software | $0.00 |
| Nevo Solutions | e-Commerce and Digital Marketing services and Statement of Work for Shopify Management, Email Marketing Management & eCommerce Consulting | $0.00 |
| Proofpoint, Inc. | Service agreement and license agreement for email security software | $0.00 |
| Shopify, Inc. | Terms of Service for eCommerce platform | $4,252.27 |
| VitaDepot.com dba reCommerce | Agreement dated 10/14/2022 for the exclusive marketing, promotion, and sale of MusclePharm Products | $0.00 |

1

**CERTIFICATE OF SERVICE**

2

    I HEREBY CERTIFY that a true and correct copy of the foregoing was sent electronically

3

via the Court's CM/ECF System on August 24, 2023, to the following:

4

RYAN A. ANDERSEN on behalf of Interested Party ThermoLife International

5

ryan@aandblaw.com, tatiana@aandblaw.com;melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com;valerie@aandblaw.com

6

OGONNA M. BROWN on behalf of Creditor Prestige Capital Corporation

7

obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

8

9

OGONNA M. BROWN on behalf of Creditor Prestige Capital Finance, LLC

obrown@lewisroca.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;jhess@lewisroca.com,klopez@lewisroca.com,rcreswell@lewisroca.com

10

11

CANDACE C CARLYON on behalf of Attorney CARLYON CICA CHTD

ccarlyon@carlyoncica.com, CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com

12

13

CANDACE C CARLYON on behalf of Interested Party Ryan Drexler

14

ccarlyon@carlyoncica.com, CRobertson@carlyoncica.com;nrodriguez@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com

15

16

CHAPTER 11 - LV

USTPRegion17.lv.ecf@usdoj.gov

17

18

SHAWN CHRISTIANSON on behalf of Creditor ORACLE AMERICA, INC.

schristianson@buchalter.com, cmcintire@buchalter.com

19

DAWN M. CICA on behalf of Interested Party Ryan Drexler

20

dcica@carlyoncica.com, nrodriguez@carlyoncica.com;crobertson@carlyoncica.com;dmcica@gmail.com;dcica@carlyonci ca.com;tosteen@carlyoncica.com;3342887420@filings.docketbird.com

21

22

JOHN D. FIERO on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS

jfiero@pszjlaw.com

23

24

NEDDA GHANDI on behalf of Interested Party JW NUTRITIONAL LLC

nedda@ghandilaw.com,lks@ghandilaw.com,nedda@ecf.inforuptcy.com;r41525@notify.bestcase.com,shara@ghandilaw.com

25

26

GABRIELLE A. HAMM on behalf of Debtor MUSCLEPHARM CORPORATION

ghamm@nvfirm.com, ecf@nvfirm.com

27

ALLYSON JOHNSON on behalf of Creditor Excelsior Nutrition, Inc.

28

allyson@sylvesterpolednak.com, kellye@sylvesterpolednak.com

4

1    BART K. LARSEN on behalf of Creditor White Winston Select Asset Funds, LLC
     BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

2
     BART K. LARSEN on behalf of Plaintiff WHITE WINSTON SELECT ASSET FUNDS, LLC
3    BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

4    BRYAN A. LINDSEY on behalf of Debtor MUSCLEPHARM CORPORATION
     blindsey@nvfirm.com
5
     WILLIAM M. NOALL on behalf of Creditor EMPERY ASSET MANAGEMENT, LP
6    wnoall@gtg.legal, bknotices@gtg.legal

7    WILLIAM M. NOALL on behalf of Defendant ALTIUM GROWTH FUND, LP
     wnoall@gtg.legal, bknotices@gtg.legal
8
     WILLIAM M. NOALL on behalf of Defendant BIGGER CAPITAL FUND, LP
9    wnoall@gtg.legal, bknotices@gtg.legal

10   WILLIAM M. NOALL on behalf of Defendant CVI INVESTMENT, INC.
     wnoall@gtg.legal, bknotices@gtg.legal
11
     WILLIAM M. NOALL on behalf of Defendant DISTRICT 2 CAPITAL FUND, LP
12   wnoall@gtg.legal, bknotices@gtg.legal

13   WILLIAM M. NOALL on behalf of Defendant EMPERY DEBT OPPORTUNITY FUND, LP
     wnoall@gtg.legal, bknotices@gtg.legal
14
     WILLIAM M. NOALL on behalf of Defendant EMPERY MASTER ONSHORE, LLC
15   wnoall@gtg.legal, bknotices@gtg.legal

16   WILLIAM M. NOALL on behalf of Defendant EMPERY TAX EFFICIENT III
     wnoall@gtg.legal, bknotices@gtg.legal
17
     WILLIAM M. NOALL on behalf of Defendant EMPERY TAX EFFICIENT, LP
18   wnoall@gtg.legal, bknotices@gtg.legal

19   WILLIAM M. NOALL on behalf of Defendant INTRACOASTAL CAPITAL LLC
     wnoall@gtg.legal, bknotices@gtg.legal
20

21   WILLIAM M. NOALL on behalf of Defendant IONIC VENTURES, LLC
     wnoall@gtg.legal, bknotices@gtg.legal
22
     WILLIAM M. NOALL on behalf of Defendant L1 CAPITAL GLOBAL OPPORTUNITIES
23   MAASTER FUND
     wnoall@gtg.legal, bknotices@gtg.legal
24
     WILLIAM M. NOALL on behalf of Defendant ROTH CAPITAL PARTNERS, LLC
25   wnoall@gtg.legal, bknotices@gtg.legal

26   WILLIAM M. NOALL on behalf of Defendant WALLEYE OPPORTUNITY MASTER FUND
     LTD.
27   wnoall@gtg.legal, bknotices@gtg.legal

28

5

1

WILLIAM M. NOALL on behalf of Interested Party EMPERY TAX EFFICIENT, LP
wnoall@gtg.legal, bknotices@gtg.legal

2

3

TRACY M. O'STEEN on behalf of Attorney CARLYON CICA CHTD
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

4

5

TRACY M. O'STEEN on behalf of Interested Party Ryan Drexler
tosteen@carlyoncica.com,
crobertson@carlyoncica.com;nrodriguez@carlyoncica.com;ccarlyon@carlyoncica.com

6

7

TERESA M. PILATOWICZ on behalf of Interested Party EMPERY TAX EFFICIENT, LP
tpilatowicz@gtg.legal, bknotices@gtg.legal

8

TERESA M. PILATOWICZ on behalf of Plaintiff EMPERY TAX EFFICIENT, LP
tpilatowicz@gtg.legal, bknotices@gtg.legal

9

10

JASON H. ROSELL on behalf of Creditor Committee OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
jrosell@pszjlaw.com

11

12

SAMUEL A. SCHWARTZ on behalf of Debtor MUSCLEPHARM CORPORATION
saschwartz@nvfirm.com,
ecf@nvfirm.com;schwartzsr45599@notify.bestcase.com;eanderson@nvfirm.com;samid@nvfirm.com

13

14

JAMES PATRICK SHEA on behalf of Creditor White Winston Select Asset Funds, LLC
jshea@shea.law, blarsen@shea.law;support@shea.law

15

16

ROBERT T. STEWART on behalf of Creditor NutraBlend Foods
rtstewart@foley.com, rgledhill@foley.com;robert-stewart-
3880@ecf.pacerpro.com;docketflow@foley.com

17

18

STRETTO
ecf@cases-cr.stretto-services.com, aw01@ecfcbis.com,pacerpleadings@stretto.com

19

U.S. TRUSTEE - LV - 11
USTPRegion17.lv.ecf@usdoj.gov

20

21

MARK M. WEISENMILLER on behalf of Interested Party EMPERY TAX EFFICIENT, LP
mark@aandblaw.com, ecf-df8b00a4597e@ecf.pacerpro.com

22

JOSEPH G. WENT on behalf of Interested Party MHF Opco, LLC
jgwent@hollandhart.com, blschroeder@hollandhart.com;IntakeTeam@hollandhart.com

23

24

JOSEPH G. WENT on behalf of Interested Party Brian Slater
jgwent@hollandhart.com, blschroeder@hollandhart.com;IntakeTeam@hollandhart.com

25

MATTHEW C. ZIRZOW on behalf of Attorney JASON H. ROSELL
mzirzow@lzlawnv.com,
carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;valentina@lzlawnv.com;zirzow.
matthewc.r99681@notify.bestcase.com

26

27

28

6

1

MATTHEW C. ZIRZOW on behalf of Attorney JOHN D. FIERO
mzirzow@lzlawnv.com,

2

carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;valentina@lzlawnv.com;zirzow.
matthewc.r99681@notify.bestcase.com

3

4

MATTHEW C. ZIRZOW on behalf of Creditor Committee OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
mzirzow@lzlawnv.com,

5

carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;valentina@lzlawnv.com;zirzow.
matthewc.r99681@notify.bestcase.com

6

7

MATTHEW C. ZIRZOW on behalf of Creditor Committee OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
mzirzow@lzlawnv.com,

8

carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;valentina@lzlawnv.com;zirzow.
matthewc.r99681@notify.bestcase.com

9

10

MATTHEW C. ZIRZOW on behalf of Intervenor OFFICIAL COMMITTEE OF UNSECURED
CREDITORS
mzirzow@lzlawnv.com,

11

carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;valentina@lzlawnv.com;zirzow.
matthewc.r99681@notify.bestcase.com

12

13

14

/s/ *Christina M. Grill*
Christina M. Grill, an employee of

15

SCHWARTZ LAW, PLLC

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 3

# EXHIBIT 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887
*Attorneys for Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| In re: | Case No.: 22-14422-nmc |
|---|---|
| MUSCLEPHARM CORPORATION, | Chapter 11 |
| Debtor. | **Sale Hearing**: <br> **September 21, 2023, at 9:30 a.m. PDT**, and <br> **September 22, 2023, at 9:30 a.m. PDT** |

**SECOND NOTICE REGARDING (A) ASSUMPTION AND**
**ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED**
**LEASES PURSUANT TO SECTION 365 OF THE BANKRUPTCY**
**CODE, (B) AMOUNTS REQUIRED TO CURE DEFAULTS UNDER SUCH**
**EXECUTORY CONTRACTS AND LEASES, AND (C) RELATED PROCEDURES**

PLEASE TAKE NOTICE OF THE FOLLOWING:

NOTICE IS HEREBY GIVEN by MusclePharm Corporation ("**MusclePharm**"), debtor

and debtor-in-possession in the above-referenced Chapter 11 case that on August 17, 2023, the

United States Bankruptcy Court for the District of Nevada (the "**Bankruptcy Court**") entered the

*Order Approving Bidding Procedures for the Sale of Assets Pursuant to 11 U.S.C. §§ 105, 363,*

*and 365 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004* [ECF No. 756] (the

"**Bidding Procedures Order**").[1]

NOTICE IS FURTHER GIVEN that the Debtor is a party to various executory contracts

and unexpired leases (collectively, the "**Contracts**") which the Debtor may seek to assume and

---

[1]    All initially capitalized terms not defined herein shall have the meanings ascribed to them in the Bidding
Procedures Order.

assign to the Winning Bidder in connection with a sale of the Debtor's Assets (the "**Designated Contracts**") in accordance with the Bidding Procedures Order. You are receiving this notice because your Contract may be a Designated Contract.

NOTICE IS FURTHER GIVEN that pursuant to Section 365(b)(1)(A) of the Bankruptcy Code, the Debtor is required to cure or provide adequate assurance that it will promptly cure default under any Designated Contract at the time of assumption. The Debtor has determined the amount, if any, required to cure any default (the "**Cure Amount**") under each Contract that may be a Designated Contract. The proposed Cure Amount with respect to each Contract is listed on **Exhibit 1**, attached hereto.

NOTICE IS FURTHER GIVEN that if you object to the Cure Amount set forth in this notice or the possible assumption and assignment of your Contract to a Winning Bidder (other than an objection with respect to adequate assurance of future performance), you <u>must</u> file and serve an objection (a "**Contract Objection**"), which must: (a) be in writing; (b) conform to the applicable provisions of the Bankruptcy Rules and the Local Rules; (c) set forth all relevant facts and legal authority in support of your objection and be supported by affidavits or declarations that conform to Local Rule 9014(c); and (d) be filed with the Bankruptcy Court and served so that it is actually received on or before **September 7, 2023,** by the following parties:

| | |
|---|---|
| Counsel to the Debtor: | SCHWARTZ LAW, PLLC<br>Attention: Samuel A. Schwartz<br>601 East Bridger Ave., Suite 200<br>Las Vegas, Nevada 89101<br>E-mail: saschwartz@nvfirm.com |
| Counsel to the Committee: | PACHULSKI STANG ZIEHL & JONES LLP<br>Attention: Jason H. Rosell<br>One Sansome Street, 34th Floor, Suite 3430<br>San Francisco, CA 94104<br>E-mail: jrosell@pszjlaw.com |
| Counsel to Empery: | GARMAN TURNER GORDON LLP<br>Attention: William M. Noall<br>7251 Amigo Street, Suite 210<br>Las Vegas, NV 89119<br>E-mail: bknotices@gtg.legal and<br>        notices@emperyam.com |

2

| | |
|---|---|
| Office of the United States Trustee: | Office of the United States Trustee<br>Foley Federal Building and U.S. Courthouse<br>300 S. Las Vegas Blvd., # 4300<br>Las Vegas, NV 89101 |

NOTICE IS FURTHER GIVEN that if you do not timely file and serve a Contract Objection, you will be forever barred from objecting to (a) the Debtor's proposed Cure Amount, or (b) the assumption and assignment of your Contract.

NOTICE IS FURTHER GIVEN that if you file a timely Contract Objection asserting a higher Cure Amount than the amount listed on Exhibit 1 or object to the possible assumption and assignment of your Contract, and the parties are unable to consensually resolve the dispute, the amount to be paid under Section 365 of the Bankruptcy code (if any) or, as the case may be, the Debtor's ability to assume and assign the Contract to the Winning Bidder, will be determined at the hearing to approve the sale of the Debtor's Assets (the "**Sale Hearing**").

NOTICE IS FURTHER GIVEN that the Court has fixed **September 21, 2023, at 9:30 a.m.** Pacific Time, and if necessary, **September 22, 2023, at 9:30 a.m.** Pacific Time, as the dates and times for the Sale Hearing. The Sale Hearing will be held before the Honorable Natalie M. Cox, United States Bankruptcy Judge, in the United States Bankruptcy Court, Foley Federal Building, 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101. The Sale Hearing may be adjourned from time to time without further notice other than any announcement made at the Sale Hearing or any adjourned hearing.

Dated: September 1, 2023.

Respectfully Submitted,

SCHWARTZ LAW, PLLC

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Gabrielle A. Hamm, Esq.
601 East Bridger Avenue
Las Vegas, NV  89101

*Attorneys for the Debtor*

3

# EXHIBIT 1

# EXHIBIT 1

### Executory Contracts and Unexpired Leases -Second Cure Notice

| Counterparty | Description of Contract | Cure Amount |
|---|---|---|
| Adobe Inc. | Adobe Pro enterprise licenses (3/15/2023 - 10/14/2023), SKU 65271309BA02A12 | $0.00 |
| Adobe Inc. | Adobe Creative Cloud enterprise licenses (3/15/2023 - 10/14/2023), SKU 65310110BA02B12 | $0.00 |
| Backblaze | Terms of Service and Service Level Agreement for B2 Cloud Storage | $0.00 |
| GoDaddy.com, LLC | Universal Terms of Service Agreement and related agreements and licenses for domain registration, renewal, and protection, website security | $0.00 |
| GS1 US Inc. | GS1 Company Prefix Licenses | $0.00 |
| Hike Orders | Monthly subscription for 30,000 page views | $0.00 |
| Hubmatrix, LLC | Distribution Services Fulfillment Agreement | $0.00 |
| Ziff Davis, Inc., fka J2 Web Services, Inc. | Terms of Service for eVoice on-demand voice-communication services | $0.00 |