Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: 22-14422-nmc |
| MP REORGANIZATION, | Chapter 11 |
| Debtor. | |

**STIPULATION TO ALLOW LIMITED USE OF CASH COLLATERAL**

MusclePharm Corporation, the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "**Debtor**"), Empery Tax Efficient, LP ("**Empery**"), and the Official Committee of Unsecured Creditors (the "**Committee**"), each by and through its undersigned counsel, hereby file this Stipulation to Allow Limited Use of Cash Collateral (the "**Stipulation**") in the above captioned Chapter 11 case.

WHEREAS, on December 15, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "**Bankruptcy Code**"), thereby commencing the above-referenced Chapter 11 case;

WHEREAS, on March 8, 2023, the Court entered a *Final Order Regarding Emergency Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 364 and Fed. R. Bankr. P. 4001(b) and 4001(d): (I) Authorizing the Debtor to Obtain Postpetition*

1

*Financing, (II) Granting Senior Secured Liens and Administrative Expense Claims, (III) Determining Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* [ECF No. 296] (the "**Final DIP/CashCollateral Order**"), which Final DIP/CashCollateral Order allowed, among other things, the Debtor to obtain post-petition financing (the "**DIP Facility**") from Empery, its first priority senior secured lender;

WHEREAS, on August 28, 2023, the Debtor and the Committee filed their *Second Amended Plan of Reorganization for MusclePharm Corporation Under Chapter 11 of the Bankruptcy Code Dated August 28, 2023*, as further amended, modified, and supplemented (the "**Plan**") [ECF No. 770];

WHEREAS, the Plan sought, among other things, to approve the sale of substantially all of the Debtor's assets to the highest and best bidder, and use the proceeds from such sale to repay the DIP Facility and thereafter to pay creditors pursuant to the terms of the Plan;

WHEREAS, in September and October 2023, the Court held multiple hearings (generally, the "**Confirmation Hearings**") regarding the sale of the Debtor's assets, confirmation of the Plan and related matters and motions;

WHEREAS, at the Confirmation Hearings, the Court approved the sale of the Debtor's assets, and took the confirmation of the Plan and the approval of the related Plan Support Agreement ("**PSA**") [ECF No. 524] under submission, which Plan and PSA currently remain under submission with the Court;

WHEREAS, on October 3, 2023, the Court entered an *Order Approving the Sale of the Debtor's Assets Free and Clear of Liens, Claims, Interests, and Encumbrances and Assumption and Assignment of Designated Executory Contracts* [ECF No. 895] (the "**Sale Order**"), which Sale Order, among other things, approved the sale of substantially all of the Debtor's assets to FitLife Brands, Inc. (the "**Sale**");

WHEREAS, on October 10, 2023, the Debtor closed on the Sale and received sale proceeds in the amount of $18,500,000.00;

WHEREAS, on October 11, 2023, the Debtor filed its *Notice of Closing of Sale of the Debtor's Assets* [ECF No. 903] with the Court;

WHEREAS, on October 13, 2023, the Debtor, pursuant to the Final DIP/CashCollateral Order and the Sale Order, applied $7,000,000.00 of the Sale proceeds to the DIP Facility (the, "**DIP Paydown**"), which application shall constitute repayment of the DIP Facility in full only if both the PSA is approved and the Plan is confirmed by entry of a final, non-appealable Court order (and provided the Plan goes effective);

WHEREAS, after the DIP Paydown, the remaining Sale proceeds totaled $11,500,000.00 (the "**Remaining Sale Proceeds**");

WHEREAS, in January 2024, the Remaining Sale Proceeds were placed in an interest-bearing account, which interest (the "**Interest**") currently being earned on the Remaining Sale Proceeds is expected to approximate $33,000 per month;

WHEREAS, after the closing of the Sale, the Debtor began winding down its business operations to a bare minimum pending confirmation of the Plan;

WHEREAS, the Debtor has an immediate need to pay certain costs related to its reduced operations, including, but not limited to, software, accounting, document storage, director's and officer's insurance, payroll, and other related expenses; and

WHEREAS, the parties hereto desire to enter into this Stipulation to allow the Debtor to use the Interest earned on the Remaining Sale Proceeds for the Term specified hereinbelow to pay certain expenses as detailed hereinbelow.

NOW, THEREFORE, the parties hereby stipulate and agree as follows, and by the order attached hereto as **Exhibit 1** and concurrently submitted herewith (the "**Order**"), seek Court approval of the same:

1. <u>Limited Supplemental Authorization for the Use of Cash Collateral</u>. The parties agree that the Interest earned on the Remaining Sale Proceeds constitutes Empery's cash collateral as defined in Section 363(a) of the Bankruptcy Code.  Subject to the terms of this Stipulation, and entry of the Order on a final and non-appealable basis, the Debtor is authorized to use the Interest earned from Remaining Sale Proceeds from the time of deposit until the earlier to occur of (i) April 30, 2024, (ii) both the confirmation of the Plan and approval of the PSA by final, non-appealable court orders or (iii) denial of confirmation or denial of approval of the PSA, appointment of a

bankruptcy trustee or conversion of the Debtor's bankruptcy case to a Chapter 7 case (such period of time, the "**Term**"), for the payment of its ordinary course administrative expenses (excluding professional fees and costs) and payroll in an aggregate amount not to exceed $80,000.00, and specific authority is granted to pay for the following costs and expenses (collectively, the "**Authorized Expenses**") with the Interest:

    a.    Software, document storage and other related expenses in an amount not to exceed $6,200.00;

    b.    Director's and officer's insurance in an amount not to exceed $12,500.00; and

    c.    Payroll in February in an amount not to exceed $27,673.16.

The consent and authorization provided herein is separate and distinct from the authorizations and consent provided in the Final DIP/CashCollateral Order. Nothing in this Stipulation or the order is intended and shall not be deemed or construed to replace, amend or affect in any way the rights and remedies of Empery under the Final DIP/CashCollateral Order, at law or in equity. Empery's consent to use the Interest shall terminate at the end of the Term, without notice.

    2.    <u>Supplemental Adequate Protection</u>.  Empery is entitled, under Section 363(e) of the Bankruptcy Code, to adequate protection of its interest in the collateral securing the Debtor's obligations under its pre-petition loan documents (the "**Prepetition Obligations**"), including the Cash Collateral and proceeds of its collateral and cash collateral (the "**Prepetition Collateral**"), including adequate protection in the amount of Cash Collateral used for the Authorized Expenses and any losses caused by such use, which in view of the Sale, the parties agree will result in not less than a dollar for dollar diminution of Empery's Prepetition Collateral (the, "**Supplemental Adequate Protection Obligations**").

    3.    <u>Supplemental Replacement Liens</u>. As adequate protection for the Supplemental Adequate Protection Obligations, notwithstanding the provisions of Section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by Section 552(b) of the Bankruptcy Code and any exceptions thereto, the Debtor grants, in favor of Empery and as security for the Supplemental Adequate Protection Obligations, a first priority supplemental post-petition

4

security interest and lien in, to and against all of the Debtor's assets, to the same priority, validity and extent that Empery held a properly perfected pre-petition security interest in such assets, which are or have been acquired, generated or received by the Debtor subsequent to the Petition Date, as well as in all presently owned and hereafter acquired property which is not subject to a prior perfected and enforceable pre-petition lien or security interest, *including* on any claims or recoveries (the "**Avoidance Recoveries**") by or on behalf of the Debtor, its estate or any trustee appointed herein arising under Sections 544 through 550, inclusive, of the Bankruptcy Code (collectively, the "**Supplemental Postpetition Collateral**", the Prepetition Collateral and the Postpetition Collateral are collectively referred to as the "**Collateral**").

4. <u>Perfection</u>. The liens and security interests granted in this Stipulation (the "**Supplemental Adequate Protection Liens**") are deemed perfected without the necessity for filing or execution of documents which might otherwise be required under non-bankruptcy law for the perfection of said security interests.  Notwithstanding, Empery is hereby authorized, but not required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction, or take any other action in order to validate and perfect the liens granted to it hereunder.  The Debtor shall execute and deliver to Empery all such agreements, financing statements, instruments, and other documents as Empery may reasonably request to evidence, confirm, validate, or perfect the liens granted pursuant hereto (other than mortgages) and all such financing statements, control agreements, notices of liens, or other similar instruments and documents shall be deemed to have been executed, filed and/or recorded at the time and on the date of the Petition Date.  A certified copy of the Order approving this Stipulation may, in the discretion of Empery, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments.  Each and every federal, state, and local government agency or department may accept the entry by this Court of the Order approving this Stipulation as evidence of the validity, enforceability, and perfection on the Petition Date of the Supplemental Adequate Protection Liens granted herein to or for the benefit of Empery.  The Debtor shall not sell, transfer, lease, encumber, or otherwise dispose of any portion of the Collateral without the prior written consent of Empery

(and no such consent shall be implied from any other action, inaction, or acquiescence by the Secured Creditor) or an order of the Court.

5. <u>Superpriority Claim</u>. Empery is hereby granted an allowed, superpriority administrative expense claim (the "**Supplemental Superpriority Claim**") under Section 507(b) of the Bankruptcy Code with respect to the Supplemental Adequate Protection Obligations to the extent of any Supplemental Adequate Protection Obligations. The Superpriority Claim shall have priority over all administrative expenses of the kind specified in, or ordered pursuant to, any provision of the Bankruptcy Code, including, without limitation, those specified in, or ordered pursuant to, Sections 326, 328, 330, 503(b), 506(c), 507(a), 507(b), 546(c), 726, and 1114 of the Bankruptcy Code, or otherwise (whether incurred in the Chapter 11 Case or any conversion thereof to a case under Chapter 7 of the Bankruptcy Code or any other proceeding related hereto or thereto), except statutory fees prescribed by 28 U.S.C. Section 1930, clerk of the Court fees and postpetition ad valorem taxes which are to be paid in the ordinary course, which Superpriority Claim shall be payable from and have recourse to all prepetition and postpetition property of the Debtor and all proceeds thereof, (including the Avoidance Recoveries).

6. <u>No Discharge of Obligations</u>. Neither this Stipulation nor the Order approving the same shall be deemed or construed as a discharge of obligations due to Empery or its pre-petition or post-petition loan documents or rights under the Final DIP/CashCollateral Order based upon a novation, an accord and satisfaction, or any other theory.

7. <u>Creditor Not Deemed Owner or Operator</u>. Solely by agreeing to the use of cash collateral by the Debtor for the Authorized Expenses, Empery shall not be deemed to have assumed any liability to any third person and shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor or of its assets.

8. <u>Non-Waiver of Rights and Remedies</u>.

    a. This Stipulation is not intended to and shall not prejudice, alter, affect or waive any rights and/or remedies of the Debtor or Empery (with respect to liens, claims, value

determinations, and all other matters) under the Bankruptcy Code or applicable non-bankruptcy law (including, but not limited to, all matters pertaining to cash and other collateral).

        b.     This Stipulation after the Order approving this Stipulation shall have been entered, shall be binding upon and inure to the benefit of each of Empery, the Debtor and their respective successors and assigns (including any estate representative, bankruptcy trustee, or other trustee or fiduciary hereafter appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor), the Committee, and all creditors and other parties-in-interest.

        c.     The failure or delay by Empery to exercise its rights and remedies under this Stipulation shall not constitute a waiver of any of the rights of Empery hereunder or otherwise, and any single or partial exercise of such rights and remedies against any of the Debtor or the Collateral shall not be construed to limit any further exercise of such rights and remedies against any or all of the other Debtor and/or Collateral.

        9.     <u>Notice and Right to Cure</u>.  Empery shall provide written notice to the Debtor and the Committee or their counsel of any default hereunder by electronic mail, which notice shall be deemed received when sent.  The Debtor shall then have three (3) business days to cure any default hereunder or seek emergency relief from the Bankruptcy Court to the extent any alleged default hereunder cannot be resolved by the parties.  Empery consents to an expedited hearing before this Court with respect to any disputes relating to the implementation or interpretation of this Stipulation, including any cure proposed by the Debtor.

Dated: February 14, 2024.

[*Signature Page to Follow*]

| | |
|---|---|
| Prepared and Submitted: | Agreed and Accepted: |
| SCHWARTZ LAW, PLLC | GARMAN TURNER GORDON |
| By: /s/ *Samuel A. Schwartz* <br> Samuel A. Schwartz, Esq. <br> Gabrielle A. Hamm, Esq. <br> 601 East Bridger Avenue <br> Las Vegas, NV 89101 | By: /s/ *William M. Noall* <br> Gregory E. Garman, Esq. <br> William M. Noall, Esq. <br> 7251 Amigo St., Suite 210 <br> Las Vegas, NV 89119 |
| *Attorneys for the Debtor* | *Attorneys for Empery Tax Efficient, LP* |
| | PACHULSKI STANG ZIEHL & JONES, LLC |
| | By: /s/ *John D. Fiero* <br> John D. Fiero, Esq. <br> Jason H. Rosell, Esq. <br> One Sansome Street, 34th Floor, Suite 3430 <br> San Francisco, CA 94104 |
| | *Attorneys for the Official Committee of Unsecured Creditors* |

# EXHIBIT 1

# EXHIBIT 1

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, NV 89101
Telephone: 702.385.5544
Facsimile: 702.442.9887

*Attorneys for the Debtor*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 22-14422-nmc |
| MP REORGANIZATION, | Chapter 11 |
| Debtor. | |

### ORDER APPROVING STIPULATION TO
### ALLOW LIMITED USE OF CASH COLLATERAL

This matter having come before the Court upon the *Stipulation to Allow Limited Use of Cash Collateral* (the "**Stipulation**")[1] filed by MusclePharm Corporation, the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "**Debtor**"), Empery Tax Efficient, LP ("**Empery**"), and the Official Committee of Unsecured Creditors (the "**Committee**"), seeking authority for the Debtor's limited use of Cash Collateral as set forth in the Stipulation; and it

---

[1] All capitalized terms used herein and not otherwise defined shall have the meaning given to them in the Stipulation.

1

appearing that the relief requested is in the best interest of Debtor's estate, its creditors, and other parties in interest; and this Court having found that venue of this proceeding and the Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. 157(b); and this Court having reviewed the Stipulation on an ex parte basis; and this Court having determined that the legal and factual bases set forth in the Stipulation establish just cause for the relief requested therein; and after due deliberation and sufficient cause appearing;

**IT IS HEREBY ORDERED THAT:**

1. <u>Limited Supplemental Authorization for the Use of Cash Collateral</u>. The parties agree that the Interest earned on the Remaining Sale Proceeds constitutes Empery's cash collateral as defined in Section 363(a) of the Bankruptcy Code. Subject to the terms of this Stipulation, and entry of the Order on a final and non-appealable basis, the Debtor is authorized to use the Interest earned from Remaining Sale Proceeds from the time of deposit until the earlier to occur of (i) April 30, 2024, (ii) both the confirmation of the Plan and approval of the PSA by final, non-appealable court orders or (iii) denial of confirmation or denial of approval of the PSA, appointment of a bankruptcy trustee or conversion of the Debtor's bankruptcy case to a Chapter 7 case (such period of time, the ("**Term**"), for the payment of its ordinary course administrative expenses (excluding professional fees and costs) and payroll in an aggregate amount not to exceed $80,000.00, and specific authority is granted to pay for the following costs and expenses (collectively, the "**Authorized Expenses**") with the Interest:

   a. Software, document storage and other related expenses in an amount not to exceed $6,200.00;

   b. Director's and officer's insurance in an amount not to exceed $12,500.00; and

   c. Payroll in February in an amount not to exceed $27,673.16.

The consent and authorization provided herein is separate and distinct from the authorizations and consent provided in the Final DIP/CashCollateral Order. Nothing in this Stipulation or the order is intended and shall not be deemed or construed to replace, amend or affect in any way the rights and

remedies of Empery under the Final DIP/CashCollateral Order, at law or in equity. Empery's consent to use the Interest shall terminate at the end of the Term, without notice.

2. <u>Supplemental Adequate Protection</u>. Empery is entitled, under Section 363(e) of the Bankruptcy Code, to adequate protection of its interest in the collateral securing the Debtor's obligations under its pre-petition loan documents (the "**Prepetition Obligations**"), including the Cash Collateral and proceeds of its collateral and cash collateral (the "**Prepetition Collateral**"), including adequate protection in the amount of Cash Collateral used for the Authorized Expenses and any losses caused by such use, which in view of the Sale, the parties agree will result in not less than a dollar for dollar diminution of Empery's Prepetition Collateral (the, "**Supplemental Adequate Protection Obligations**").

3. <u>Supplemental Replacement Liens</u>. As adequate protection for the Supplemental Adequate Protection Obligations, notwithstanding the provisions of Section 552(a) of the Bankruptcy Code, and in addition to the security interests preserved by Section 552(b) of the Bankruptcy Code and any exceptions thereto, the Debtor grants, in favor of Empery and as security for the Supplemental Adequate Protection Obligations, a first priority supplemental post-petition security interest and lien in, to and against all of the Debtor's assets, to the same priority, validity and extent that Empery held a properly perfected pre-petition security interest in such assets, which are or have been acquired, generated or received by the Debtor subsequent to the Petition Date, as well as in all presently owned and hereafter acquired property which is not subject to a prior perfected and enforceable pre-petition lien or security interest, *including* on any claims or recoveries (the "**Avoidance Recoveries**") by or on behalf of the Debtor, its estate or any trustee appointed herein arising under Sections 544 through 550, inclusive, of the Bankruptcy Code (collectively, the "**Supplemental Postpetition Collateral**", the Prepetition Collateral and the Postpetition Collateral are collectively referred to as the "**Collateral**").

4. <u>Perfection</u>. The liens and security interests granted in this Stipulation (the "**Supplemental Adequate Protection Liens**") are deemed perfected without the necessity for filing or execution of documents which might otherwise be required under non-bankruptcy law for the perfection of said security interests. Notwithstanding, Empery is hereby authorized, but not

required, to file or record financing statements, trademark filings, copyright filings, mortgages, notices of lien or similar instruments in any jurisdiction, or take any other action in order to validate and perfect the liens granted to it hereunder.  The Debtor shall execute and deliver to Empery all such agreements, financing statements, instruments, and other documents as Empery may reasonably request to evidence, confirm, validate, or perfect the liens granted pursuant hereto (other than mortgages) and all such financing statements, control agreements, notices of liens, or other similar instruments and documents shall be deemed to have been executed, filed and/or recorded at the time and on the date of the Petition Date.  A certified copy of the Order approving this Stipulation may, in the discretion of Empery, be filed with or recorded in filing or recording offices in addition to or in lieu of such financing statements, mortgages, notices of lien or similar instruments.  Each and every federal, state, and local government agency or department may accept the entry by this Court of the Order approving this Stipulation as evidence of the validity, enforceability, and perfection on the Petition Date of the Supplemental Adequate Protection Liens granted herein to or for the benefit of Empery.  The Debtor shall not sell, transfer, lease, encumber, or otherwise dispose of any portion of the Collateral without the prior written consent of Empery (and no such consent shall be implied from any other action, inaction, or acquiescence by the Secured Creditor) or an order of the Court.

5. *Superpriority Claim*. Empery is hereby granted an allowed, superpriority administrative expense claim (the "**Supplemental Superpriority Claim**") under Section 507(b) of the Bankruptcy Code with respect to the Supplemental Adequate Protection Obligations to the extent of any Supplemental Adequate Protection Obligations.  The Superpriority Claim shall have priority over all administrative expenses of the kind specified in, or ordered pursuant to, any provision of the Bankruptcy Code, including, without limitation, those specified in, or ordered pursuant to, Sections 326, 328, 330, 503(b), 506(c), 507(a), 507(b), 546(c), 726, and 1114 of the Bankruptcy Code, or otherwise (whether incurred in any of the Chapter 11 Cases or any conversion thereof to a case under Chapter 7 of the Bankruptcy Code or any other proceeding related hereto or thereto), except statutory fees prescribed by 28 U.S.C. Section 1930, clerk of the Court fees and postpetition ad valorem taxes which are to be paid in the ordinary course, which Superpriority

Claim shall be payable from and have recourse to all prepetition and postpetition property of the Debtor and all proceeds thereof, (including the Avoidance Recoveries).

6. <u>No Discharge of Obligations</u>.  Neither this Stipulation nor the Order approving the same shall be deemed or construed as a discharge of obligations due to Empery or its pre-petition or post-petition loan documents or rights under the Final DIP/CashCollateral Order based upon a novation, an accord and satisfaction, or any other theory.

7. <u>Creditor Not Deemed Owner or Operator</u>.  Solely by agreeing to the use of cash collateral by the Debtor for the Authorized Expenses, Empery shall not be deemed to have assumed any liability to any third person and shall not be deemed to be in control of the operations of the Debtor or to be acting as a "responsible person" or "owner or operator" with respect to the operation or management of the Debtor or of its assets.

8. <u>Non-Waiver of Rights and Remedies</u>.

    a. This Stipulation is not intended to and shall not prejudice, alter, affect or waive any rights and/or remedies of the Debtor or Empery (with respect to liens, claims, value determinations, and all other matters) under the Bankruptcy Code or applicable non-bankruptcy law (including, but not limited to, all matters pertaining to cash and other collateral).

    b. This Stipulation after the Order approving this Stipulation shall have been entered, shall be binding upon and inure to the benefit of each of Empery, the Debtor and their respective successors and assigns (including any estate representative, bankruptcy trustee, or other trustee or fiduciary hereafter appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor), the Committee, and all creditors and other parties-in-interest.

    c. The failure or delay by Empery to exercise its rights and remedies under this Stipulation shall not constitute a waiver of any of the rights of Empery hereunder or otherwise, and any single or partial exercise of such rights and remedies against any of the Debtor or the Collateral shall not be construed to limit any further exercise of such rights and remedies against any or all of the other Debtor and/or Collateral.

9. <u>Notice and Right to Cure</u>.  Empery shall provide written notice to the Debtor and the Committee or their counsel of any default hereunder by electronic mail, which notice shall be

1  deemed received when sent.  The Debtor shall then have three (3) business days to cure any default
2  hereunder or seek emergency relief from the Bankruptcy Court to the extent any alleged default
3  hereunder cannot be resolved by the parties.  Empery consents to an expedited hearing before this
4  Court with respect to any disputes relating to the implementation or interpretation of this
5  Stipulation, including any cure proposed by the Debtor.

**IT IS SO ORDERED.**

Respectfully submitted:

SCHWARTZ LAW, PLLC

By: /s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Gabrielle A. Hamm, Esq.
601 East Bridger Avenue
Las Vegas, NV 89101

*Attorneys for the Debtor*

GARMAN TURNER GORDON

By: /s/ *William M. Noall*
Gregory E. Garman, Esq.
William M. Noall, Esq.
7251 Amigo St., Suite 210
Las Vegas, NV 89119

*Attorneys for Empery Tax Efficient, LP*

PACHULSKI STANG ZIEHL & JONES, LLC

By: /s/ *John D. Fiero*
John D. Fiero, Esq.
Jason H. Rosell, Esq.
One Sansome Street, 34th Floor, Suite 3430
San Francisco, CA 94104

*Attorneys for the Official Committee of Unsecured Creditors*

###