1
2
3
4
5
6

**LAW OFFICE OF BRIAN D. SHAPIRO, LLC**
BRIAN D. SHAPIRO, ESQ.
Nevada Bar No. 5772
510 S. 8th Street
Las Vegas, NV 89101
Telephone:    (702) 386-8600
Facsimile:    (702) 383-0994
brian@brianshapirolaw.com

*Counsel for Ryan Drexler*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-22-14422-NMC |
| MP REORGANIZATION | Chapter 11 |
| Debtor. | Hearing Date:  March 19, 2024 |
| | Hearing Time: 9:30 a.m. |

### MOTION TO WITHDRAW AS COUNSEL FOR RYAN DREXLER

The Law Office of Brian D. Shapiro, LLC and Brian D. Shapiro, Esq., (collectively, "**Shapiro**") respectfully submits its motion to withdraw as counsel for Ryan Drexler ("**Drexler**") in this bankruptcy case  (the "**Motion**").  This Motion is based upon the attached points and authorities, the declaration in support and any oral argument that this Court may permit.

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.**    <u>Facts</u>

Shapiro was retained by Drexler to act as local counsel for Michael Richman ("**<u>Richman</u>**"). Shapiro assisted Richman in such capacity until Richman withdrew as counsel in the bankruptcy case. (ECF No. 946).  After Richman's withdrawal, BG Law LLP ("**<u>BG</u>**") appeared in the bankruptcy case and represented Drexler as his counsel in the bankruptcy case and in a related adversary proceeding. Shapiro's role in the bankruptcy case was limited and he did not actively participate in any further proceedings once BG Law became involved. <u>See generally</u>, Declaration in Support.  Drexler has not retained Shapiro to actively participate in the bankruptcy case nor adversary proceeding.  <u>Id</u>.     As Drexler has not retained Shapiro for any further representation, and if requested, Shapiro would decline, Shapiro is requesting this Court for authority to withdraw.  <u>Id</u>. Shapiro held off on filing a motion to withdraw as he had a concern that his withdrawal could have a material adverse effect on Drexler.  <u>Id</u>.  Now that the confirmation evidentiary hearing has been held and that BG has filed a motion to withdraw as well, there is no material adverse effect by Shapiro filing such a request.  <u>Id.</u>

Shapiro has been advised that the Court has several matters under submission which were argued by BG, in which Shapiro did not participate and there is also an ongoing Adversary Case of which Shapiro has not made any appearance.  Based upon information and belief, there is a hearing set for February 27, 2024 in the adversary proceed to continue the trial date and extend all discovery deadlines.  <u>Id</u>.

## II.    **Legal Argument**

Attorney withdrawal from representation is governed by Local Rule 2014, LR IA 11-6, and

Nevada Rules of Professional Conduct Rule 1.16.  Local Rule 2014(a) provides:  An attorney who

appears in a bankruptcy case on behalf of a party is the attorney of record for the party for any and all

purposes, except adversary proceedings, until an order is entered permitting the withdrawal of the

attorney or the case is closed or dismissed.  Moreover, under the Nevada Rules of Professional

Conduct Rule, permissive withdrawal is allowed if: (1) Withdrawal can be accomplished without

material adverse effect on the interests of the client; . . .(5) The client fails substantially to fulfill an

obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that

the lawyer will withdraw unless the obligation is fulfilled;( 6) The representation will result in an

unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;

or (7) Other good cause for withdrawal exists.

Here, Shapiro was retained by Drexler for a very limited role in acting as local counsel for

Richman and to assist him in his work as counsel for Drexler.  Richman has now withdrawn, and

Shapiro has not been retained by Drexler for any further purposes.  BG has filed a motion to withdraw

and has advised Drexler of his need to retain new counsel.  Drexler has not requested Shapiro to be

actively involved in this case, and if so requested, Shapiro would decline.  Shapiro's withdrawal from

this bankruptcy case will not have a material adverse effect on Drexler's interest because he has not

been retained to assist in any further capacity.

### III.    <u>Conclusion</u>

Based upon the foregoing, Shapiro respectfully requests this Court enter an order granting the Motion and authorizing the withdrawal of Shapiro as counsel in the Bankruptcy Case.

Dated  February 20, 2024          <u>*/s/ Brian D. Shapiro, Esq.*</u>

Brian D. Shapiro, Esq.