

_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
December 31, 2025
_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

*******

| | | |
|---|---|---|
| In re: | ) | Case No. 22-14422-nmc |
| MP REORGANIZATION, | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Order on Schwartz Law's Fee Application |
| _____ | ) | |

**ORDER**

This case is before the Court on Schwartz Law (SL)'s Final Application for Compensation.  ECF 1325-6.  The Chapter 11 Trustee ("Trustee") and the United States Trustee ("UST") have objected to the amount of fees that SL requests.

As a threshold matter, the Court observes that two weeks before the hearing on SL's fee request, the Trustee filed an untimely supplement to its original response.  ECF 1652. In turn, SL requested the Court strike the supplement as late filed.  ECF 1656.

1

Trustee filed a response to SL's motion to strike which attempts to explain why he needed to supplement his original objection.[1] ECF 1663. Trustee argues that when he filed his initial objection, he was too busy with other MP matters. Also, he notes the supplement was filed 14 days before the relevant hearing.

Although the Court agrees with SL that the supplement was untimely, the Court finds the Trustee has shown cause for the untimely filing and therefore denies the Motion to Strike, ECF 1656.

SL did not file a response to the supplement. Accordingly, the Court will afford SL an opportunity to respond at this time.

Specifically, in the supplement, the Trustee asserts the claimed expenses need further explanation:

> Schwartz Law's Second Fee Application includes substantial expenses that it describes as relating to certain "Forensic Services" under a category of E-Discovery and Data Storage. See Exhibit 3 to Schwartz Law Second Fee Application [ECF No. 351 of 356]. The expense incurred is described as follows:
>
> 6/26/2023 Forensic Service re Data Storage, Image Processing, and $14,946.00

---

[1] Unfortunately, the Court did not have an opportunity to rule on the request because SL filed its reply to the motion to strike late in the afternoon the day prior to that hearing. ECF 1670. While the filing complied with the Order Shortening Time that was entered, ECF 1659, parties are discouraged from submitting pleadings the day before a hearing absent exigent circumstances.

Project Management

7/28/2023 Forensic Services re Data Storage and License $2,371.60

8/11/2023 Reprographics Order re Hillman Deposition $593.98

8/29/2023 Forensic Services $30,526.68

9/25/2023 Forensic Services $5,629.78

These expenses total $54,068.04 and make up a significant portion of the expenses for which Schwartz Law seeks compensation. Neither the Second Fee Application nor the Third and Final Fee Application of the Firm include any other description or explanation of these services.

The Court agrees that further explanation would be helpful.

Further, based upon a thorough review of the objections, the Court is uncertain of the exact dollar reduction that the trustees request. This is due to the differing terminology contained in the Trustee's supplement.

Specifically, page 2 of the Trustee's Supplemental Objection, ECF 1652, discusses the UST's objection. The Trustee asserts, "[t]he UST concludes that a Court-imposed reduction of the *total* **legal fees sought** by Schwartz Law of **20% to 25%** and no reduction in expenses would be appropriate. The Trustee wholeheartedly adopts the position of the UST and concludes that a reduction of **legal fees of 25%** would be appropriate for the reasons cited by the UST and the additional reasons described herein."(Emphasis added).

3

But at the end of this pleading, the Trustee asks for **20-25%** of "**total fees *billed*** by the firm." ECF 1652, pages 9-10.  Further, the Court observes footnote 2 on page 8 of the pleading:

> Schwartz Law will undoubtedly respond that its Third and Final Fee Application already includes a voluntary reduction of $286,000 and together with previous reductions represents over $400,000 in total reductions in fees. However, the Firm's all hands billing practices and excessive billing affects everything that they did in this case. Its role in the failures identified by the Court in its Findings was a substantial contributing factor to the extraordinary expense of this case. The Trustee therefore believes that the discounts already taken are simply not enough, and agrees with the UST that a further discount of **20** to **25%** of its **total fees** is appropriate.

Due to the differing terminology, and the fact that SL has voluntarily reduced the amount of fees that it requests, the Trustee and the UST need to clarify whether they seek a 20 or a 25 percent reduction and whether the reduction relates to the Total Fees *Requested* vs. Total Fees *Billed*.  Both trustees should also clarify the exact dollar amount of the requested reduction at both 20% and 25%. The Court will then rule on the request.

Accordingly, **IT IS HEREBY ORDERED** that:

1. SL is directed to respond to the Trustee's request for further explanation regarding the expenses listed in this Order on or before **January 15, 2026**.   If the Trustee chooses to file a reply to the brief, the deadline is **January 22, 2026**.

4

2. SL's Motion to Strike, ECF **1656**, is **DENIED**.

3. The Trustee and the UST are directed to clarify their fee reduction request, as specified in this Order, on or before **January 7, 2026**.

**IT IS SO ORDERED**.

Copies sent via CM/ECF ELECTRONIC FILING