Todd C. Ringstad (CA State Bar No. 97345)
todd@ringstadlaw.com
Nanette D. Sanders (CA State Bar No. 120169)
nanette@ringstadlaw.com
RINGSTAD & SANDERS LLP
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
Telephone: 949-851-7450
Facsimile:  949-851-6926

Counsel for Nathan F. Smith,
Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MP REORGANIZATION,<br><br>                 Debtor. | Case No. 22-14422-NMC<br><br>Chapter 11 Proceeding<br><br>Hearing Date: April 15, 2025<br>Hearing Time: 9:30 a.m. |

### REPLY OF NATHAN F. SMITH, LIQUIDATING TRUSTEE, TO THE RESPONSE OF SCHWARTZ LAW TO THE COURT'S ORDER REGARDING THIRD AND FINAL APPLICATION FOR COMPENSATION OF SCHWARTZ LAW

Nathan F. Smith, formerly the Chapter 11 Trustee and currently serving as the Liquidating Trustee ("Trustee"), hereby respectfully submits this Reply to Schwartz, PLLC's Response to the Court's Order Regarding Third and Final Application for Compensation of Schwartz Law, PLLC ("Schwartz Law Response").

### The Schwartz Law Response Adequately Explains the Expenses in Question

The Court on December 31, 2025 entered its Order on Schwartz Law's Fee Application (ECF No. 1714, referred to herein for convenience as the "Interim Fee Order.")  The Interim Fee Order refers to the Supplemental Response of Nathan F. Smith, Liquidating Trustee, to the Third and Final Fee Application of Schwartz Law (ECF No. 1652, referred to herein as the

"Supplemental Objection"), and orders Schwartz Law to provide further explanation of certain expenses sought by Schwartz Law totaling $54,068.04.

On January 15, 2026, Schwartz Law filed the Schwartz Law Response (ECF No. 1731), which includes copies of invoices for the questioned expenses, and an explanation for those items. The Trustee is satisfied with this evidence and explanation and has no further objection to the requested items of expense.

## **Schwartz Law Overstaffed and Overbilled the Case and a 25% Reduction in the Fees Requested is Appropriate**

The balance of the Schwartz Law Response relates to Objections of both the Trustee and the United States Trustee regarding, among other things, overstaffing, overbilling, and inefficiency.[1] These problems led to extraordinary legal fees of Schwartz Law as was discussed in detail in the Supplemental Objection.

The Supplemental Objection provides examples of the overstaffing and overbilling practices of Schwartz Law in this case. To be clear, those are *examples* intended to be illustrative, and not the entirety of the overbilling that occurred.

Schwartz Law contends in the Schwartz Law Response that no reduction is warranted because the Firm was disinterested and did not represent or hold an adverse interest. The Firm ignores Section 330(a) which allow a court to award compensation to a professional person

---

[1] The Trustee reads the Court's Interim Order to allow Schwartz Law to file a Response as to the expense issue and nothing more. Schwartz Law has instead utilized its Response to provide substantial argument as to the objections of the Trustee and United States Trustee concerning inefficiency and overbilling. Respectfully, the Trustee notes that Schwartz Law already had the opportunity to respond to these issues when it filed its Motion to Strike the Trustee's Supplemental Objection. Indeed, Schwartz Law's Motion to Strike included Schwartz Law's reply to the Supplemental Objection in paragraphs 9 and 10 of the Motion to Strike, which argues that reliance on this Court's Findings of Fact and Conclusions of Law re (A) Second Amended Plan of Reorganization [ECF No. 1025] is "misplaced" as Schwartz Law "was not found to have any undisclosed connections or conflicts in this matter" (which the Trustee believes misses the point of the Court's Findings and Conclusions), and further that the Trustee's Supplemental Objection "fails to take into account" the voluntary reduction of fees of Schwartz Law. The Trustee has taken that "voluntary reduction" into account in recommending a further 25% reduction in the fees sought.

Ringstad & Sanders
LLP

employed under section 327 for "actual, necessary services" rendered by the professional. Section 330(a)(2) provides that a court may, on its own motion or the motion of any party in interest "award compensation that is less than the amount of compensation that is requested." In determining the amount of reasonable compensation to be awarded, the court may take into account "all relevant factors" including "time spent," "rates charged," whether the services were "necessary to the administration of [a case], or beneficial at the time at which the services was rendered," and "whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem issue, or task addressed."

There is well-established case law establishing that the Court has the authority to reduce fees for overbilling, overstaffing, and inefficiency. The Ninth Circuit BAP has stated, "a bankruptcy court has broad discretion to determine the number of hours reasonably expended" and may reduce fees even when evidence supports that particular hours were worked if "the time claimed is 'excessive, redundant, or otherwise unnecessary'" *In re Macke Intern. Trade, Inc.,* 370 B. R. 236, 254 (9th Cir. BAP 2007).

In *In re Maruko,* 160 B.R. 633 (Bankr. S.D.CA 1993), the Court reduced a firm's first, second, and third interim fee applications by 25% across the board for a variety of concerns including examples of inefficiency, poor billing judgment, improperly billed clerical time, and duplication of efforts. For at least two of the attorneys, the across-the-board reduction was increased to 30%.

Courts may impose across-the-board percentage reductions when specific billing deficiencies pervade a fee application. In *In re Auto Parts Club, Inc*., 224 B.R. 445 (Bankr. S.D.CA 1998), the bankruptcy court imposed a 75% reduction for time spent on financing issues after the decision to sell assets had been made, characterizing such work as "quixotic activity" akin to "arguing about the number of angels dancing on the head of a pin." *Id.* at 452. Similar concerns were expressed regarding the efficacy of the Debtor's *Second Amended Plan of Reorganization* (ECF No. 770) in this Court's *Findings of Fact and Conclusions of Law*

Ringstad & Sanders
L.L.P.

*Regarding (A) Second Amended Plan of Reorganization* in which this Court also expressed considerable concern about the attorney's fees generated in the case.[2]

In other contexts (non-bankruptcy), the Ninth Circuit has affirmed that "reasonable compensation does not include compensation for 'padding' in the form of inefficient or duplicative efforts," and "a reduced award might be fully justified by a general observation that an attorney overlitigated a case or submitted a padded bill" *Morris v. Hyundai Motor America,* 41 Cal.App.5th 24 (2019).

The Court in *Maruko* also endorsed the use of examples that can be extrapolated to reach an overall reduction of fees given the extraordinary time and effort required to effectively review each entry in a fee application:

> Having spent at least 24 "honest hours" reviewing in detail daily time sheets and pleadings and corroborating each of the concerns expressed by the Fee Examiner or the United States Trustee about the first interim period billings, the Court considers a sufficient sampling has been made from which to extrapolate an applicable percentage to the fees requested by the Second and Third Interim Fee Applications, as the same problems are presented by each. In my view, the Court need not identify every insufficient or offending entry and each item disallowed with particularity. There are simply insufficient resources—even with the assistance of the Fee Examiner and the United States Trustee—for the Court to do so.

160 B.R. at 645.

In this case, by any measure, the Schwartz Law fees billed and requested for payment are extraordinary.  In a liquidating Chapter 11 case in which the Debtor was nonoperational at the outset of the case, and which was sold via a 363 sale approximately 10 months after the case commenced, Schwartz Law managed to generate nearly $792,232.50 in fees in the first two and one-half months of the case (see First Interim Fee Application of Schwartz Law, ECF No. 400) and another $1,705,213 in fees during the next eight months (April through November 2023) for total fees of $2,497,445 in less than one full year.

---

[2] See, in particular, *Findings of Fact and Conclusions of Law (ECF No. 1025)* at ftn. 74, 84.

The Trustee has provided examples of Schwartz Law's "all hands" approach to billing that appears to have contributed to the excessive fees.  Neither the Trustee nor the Court should be required to examine each and every task to determine whether the billing is appropriate.  Neither the Court nor the Trustee have the resources to do so.  Rather, the method the court in *In re Maruko* adopted of extrapolating from specific examples to reach an across-the-board adjustment is appropriate here.

The Trustee believes that a 25% reduction in the total fees requested by Schwartz Law in its Third and Final Application (ECF No. 1325) is appropriate for the reasons stated in the Response of Nathan F. Smith, Chapter 11 Trustee, to Third and Final Fee Application of Schwartz Law (ECF No. 1388), and the Supplemental Response of Nathan F. Smith, Liquidating Trustee to Third and Final Fee Application of Schwartz Law (ECF No. 1652).

The Third and Final Fee Application of Schwartz Law requests approval of fees totaling $2,537,597.56 and costs totaling $98,303.60.  The Application discloses that Schwartz Law has already received payments totaling $2,033,286.67.

A 25% reduction of the total fees requested would result in allowance of fees totaling $1,930,198.17, which, if the requested expenses are allowed in total would result in final fees and costs totaling $2,028,501.77, approximately what the firm has received in payments to date.  The Trustee believes that Schwartz Law has already received more than adequate consideration for the services it has provided in this case.

Respectfully submitted,

DATED: January 22, 2026                    RINGSTAD & SANDERS LLP


                                           By: */s/ Todd C. Ringstad*
                                               Todd C. Ringstad
                                               Counsel for Nathan F. Smith,
                                               Liquidating Trustee

Todd C. Ringstad (CA State Bar No. 97345)
todd@ringstadlaw.com
Nanette D. Sanders (CA State Bar No. 120169)
nanette@ringstadlaw.com
23101 Lake Center Drive, Suite 355
Lake Forest, Ca 92630
Telephone: 949-851-7450
Facsimile: 949-851-6926

Counsel for Nathan F. Smith,
Chapter 11 Trustee

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| In re:<br><br>MP REORGANIZATION,<br><br>               Debtor. | Case No. 22-14422-NMC<br><br>Chapter 11 Proceeding<br><br>Hearing Date:   April 15, 2025<br>Hearing Time:  9:30 a.m. |

## CERTIFICATE OF SERVICE

    1.    On January 22, 2026, I served the following documents:

- Reply of Nathan F. Smith, Liquidating Trustee, To The Response of Schwartz Law to the Court's Order Regarding Third and Final Application for Compensation of Schwartz Law.

    2.    I served the above-named document(s) by the following means to the persons as listed below:

    *(Check all that apply)*

☒  **ECF System** *(You must attach the "Notice of Electronic Filing", or list all persons and addresses and attach additional paper if necessary)*

- **RYAN A. ANDERSEN   ryan@aandblaw.com,
melissa@aandblaw.com;ecf-df8b00a4597e@ecf.pacerpro.com**

- **BRETT A. AXELROD**    baxelrod@foxrothschild.com, pchlum@foxrothschild.com;ahosey@foxrothschild.com;sglasco@foxrothschild.com;nv.dkt@foxrothschild.com

- **JERROLD L. BREGMAN**    jbregman@bg.law, ecf@bg.law

- **OGONNA M. BROWN**    Ogonna.Brown@wbd-us.com, ogonna-brown-4984@ecf.pacerpro.com,dberhanu@lewisroca.com,ombcalendar@lewisroca.com;klopez@lewisroca.com,Renee.Creswell@wbd-us.com

- **CANDACE C CARLYON**    ccarlyon@carlyoncica.com, CRobertson@carlyoncica.com;narceneaux@carlyoncica.com;9232006420@filings.docketbird.com;Dcica@carlyoncica.com;pfalkensammer@carlyoncica.com

- **DAVID ERNESTO CHAVEZ**    chavezd@ballardspahr.com, LitDocket_West@ballardspahr.com

- **SHAWN CHRISTIANSON**    schristianson@buchalter.com, cmcintire@buchalter.com

- **DYLAN T CICILIANO**    dciciliano@gtg.legal, bknotices@gtg.legal

- **MARK E. FERRARIO**    ferrariom@gtlaw.com

- **JOHN D. FIERO**    jfiero@pszjlaw.com

- **SYDNEY R GAMBEE**    srgambee@hollandhart.com, pmostlie@hollandhart.com,krcole@hollandhart.com

- **GREGORY E GARMAN**    ggarman@gtg.legal, bknotices@gtg.legal

- **NEDDA GHANDI**    nedda@ghandilaw.com, lks@ghandilaw.com,nedda@ecf.inforuptcy.com;r41525@notify.bestcase.com,shara@ghandilaw.com

- **ANDREW GLADSTEIN**    andrew.gladstein@freshfields.com, autodocket@freshfields.com;filing_notice@freshfields.com;7040903420@filings.docketbird.com;6188914420@filings.docketbird.com

- **STEVEN T GUBNER**    sgubner@bg.law, ecf@bg.law

- **GABRIELLE A. HAMM**    ghamm@nvfirm.com, ecf@nvfirm.com

- **RICHARD F. HOLLEY**    rholley@spencerfane.com, oswibies@spencerfane.com;richard-holley-0715@ecf.pacerpro.com

- **ALLYSON JOHNSON**    allyson@sylvesterpolednak.com, kellye@sylvesterpolednak.com

- **ROBERT R. KINAS**    rkinas@swlaw.com, mfull@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;jfung@swlaw.com

- **BART K. LARSEN**    BLARSEN@SHEA.LAW, 3542839420@filings.docketbird.com

- **SHARA L. LARSON**    shara@ghandilaw.com, lks@ghandilaw.com,nedda@ecf.courtdrive.com

- **BRYAN A. LINDSEY**    blindsey@nvfirm.com

- **DAVID MINCIN**    dmincin@mincinlaw.com, cburke@mincinlaw.com

- **WILLIAM M. NOALL**    wnoall@gtg.legal, bknotices@gtg.legal

- **TRACY M. O'STEEN**    tosteen@championlawvegas.com, jlinton@championlawvegas.com;ljanuskevicius@championlawvegas.com;canderson@championlawvegas.com;nforsyth@championlawvegas.com

- **SHAWN R PEREZ**    shawn711@msn.com

- **TERESA M. PILATOWICZ**    tpilatowicz@gtg.legal, bknotices@gtg.legal

- **MICHAEL P. RICHMAN**    mrichman@randr.law, 9030248420@filings.docketbird.com

- **TODD C RINGSTAD**    todd@ringstadlaw.com, becky@ringstadlaw.com

- **JASON H. ROSELL**    jrosell@pszjlaw.com

- **SAMUEL A. SCHWARTZ**    saschwartz@nvfirm.com, ecf@nvfirm.com;schwartzsr45599@notify.bestcase.com;eanderson@nvfirm.com;samid@nvfirm.com

- **SUSAN K. SEFLIN**    sseflin@bg.law

- **NATHAN F. SMITH**    nathan@mclaw.org, C201@ecfcbis.com

- 3 -

- **ROBERT T. STEWART    rtstewart@foley.com,** **rgledhill@foley.com;robert-stewart-3880@ecf.pacerpro.com;docketflow@foley.com**

- **STRETTO    ecf@cases-cr.stretto-services.com,** **aw01@ecfcbis.com,pacerpleadings@stretto.com**

- **U.S. TRUSTEE - LV - 11    USTPRegion17.lv.ecf@usdoj.gov**

- **MARK M. WEISENMILLER    mark@abwfirm.com, mark-weisenmiller-1991@ecf.pacerpro.com;weisenmiller.markm.b117998@notify.bestcase.com;melissa@abwfirm.com**

- **JOSEPH G. WENT    jgwent@hollandhart.com,** **vlarsen@hollandhart.com;IntakeTeam@hollandhart.com;tlpond@hollandhart.com**

- **STUART FREEMAN WILSON-PATTON    stuart.wilson-patton@ag.tn.gov**

- **RYAN J. WORKS    rworks@mcdonaldcarano.com,** **kkirn@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com**

- **MATTHEW C. ZIRZOW    mzirzow@lzlawnv.com,** **hannah@lzlawnv.com;carey@lzlawnv.com;trish@lzlawnv.com;jennifer@lzlawnv.com;bchambliss@lzlawnv.com**

☐ **United States mail**, postage fully prepaid

☐ **Personal Service** (List Persons and addresses):

☐ **By Direct Email** (as opposed to through the ECF system):

☐ **By Fax Transmission** (List Persons and fax numbers):

☐ **By Messenger** (List Persons and addresses):

I declare under penalty of perjury that the foregoing is true and correct.

Date: January 22, 2026

/s/ Becky Metzner
Becky Metzner

- 4 -