GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TERESA M. PILATOWICZ
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
DYLAN T. CICILIANO
Nevada Bar No. 12348
E-mail: dciciliano@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*Attorneys for Empery Tax Efficient, LP*
*on behalf of itself and as agent for MP Collateral, LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MP REORGANIZATION<br><br>Debtor. | Case No.: 22-14422-NMC<br><br>Chapter 11<br><br>**Hearing**<br>Date: September 1, 2026<br>Time: 10:30 a.m. |

**EMPERY TAX EFFICIENT, LP'S JOINDER TO OBJECTION OF NATHAN F. SMITH, LIQUIDATING TRUSTEE, TO REQUEST FOR PAYMENT OF DEFENSE COSTS BY RAINES FELDMAN LITTRELL LLP AND NOTICE OF FILING OBJECTION TO PAYMENT OF DEFENSE COSTS UNDER AGREED ORDER**

Empery Tax Efficient, LP, on behalf of itself and as agent for MP Collateral, LLC (collectively, "Empery"), by and through undersigned counsel, respectfully submits this joinder to the *Objection of Nathan F. Smith, Liquidating Trustee, to Request for Payment of Defense Costs by Raines Feldman Littrell LLP* [ECF No. 1769], and further provides notice that, pursuant to the *Agreed Order Modifying the Automatic Stay and Authorizing Use of Estate Property, to the Extent Applicable, to Allow Payment, Reimbursement, and Advancement of Defense Costs Under Insurance Policies* (the "Order") [ECF No. 357], Empery also delivered an objection to the payment, reimbursement, or advancement of defense costs incurred by Raines

Feldman Littrell LLP, counsel for Michael Heller and Paul Karr.   A copy of the objection delivered under the Order is attached hereto as **Exhibit "A."**

DATED this 27th day of July, 2026.

GARMAN TURNER GORDON LLP


/s/     *Teresa Pilatowicz*
GREGORY GARMAN, ESQ.
TERESA M. PILATOWICZ, ESQ.
DYLAN T. CICILIANO, ESQ.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Attorneys for Empery Tax Efficient,*
*LP on behalf of itself and as agent for*
*MP Collateral, LLC*

Exhibit "A"

GARMAN TURNER GORDON

7251 AMIGO STREET
SUITE 210
LAS VEGAS, NV 89119
WWW.GTG.LEGAL

PHONE: 725 777 3000
FAX: 725 777 3112

July 27, 2026

Teresa M. Pilatowicz, Esq.
tpilatowicz@gtg.legal

**SENT VIA E-MAIL**
Scott Michael Hare, Esq.
Raines Feldman Littrell LLP
11 Stanwix Street, Suite 1500
Pittsburgh, Pennsylvania 15222
share@raineslaw.com

Re: *Objection to Description of Defense Costs Letter Dated July 13, 2026*

Dear Mr. Hare:

We write on behalf of Empery Tax Efficient, LP ("Empery") regarding Raines Feldman Littrell LLP's July 13, 2026 Description of Defense Costs seeking reimbursement of $165,201.22 for legal services and expenses incurred from August 2024 through June 30, 2026 on behalf of Michael Heller and Paul Karr. The submission states that it is the firm's "initial Description" under the Court's March 30, 2023 *Agreed Order Modifying the Automatic Stay and Authorizing Use of Estate Property, to the Extent Applicable, to Allow Payment, Reimbursement, and/or Advancement of Defense Costs Under Insurance Polic*ies (the "Order").[1]

Empery objects to the requested payment. The Order, which has been in effect for over three years and remains in effect, requires each law firm representing an Insured Person to provide Empery and the other designated parties with a description of defense costs **_on a monthly basis_**, including the hours worked, fees incurred, general nature of the work performed, and expenses paid during the preceding calendar month. That requirement has not been satisfied. The July 13 submission is the first such statement Empery has received from any law firm representing an Insured Person and aggregates nearly two years of fees and expenses rather than providing the monthly reporting required by the Order. Given the delay in providing the required information, it is improper to require Empery to review nearly two years of purported work within the 14-day period provided by the Order, especially where the description references work for which no corresponding entries appear on the relevant court dockets.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Order.

GARMAN TURNER GORDON

Page 2

The information provided also is insufficient to allow Empery to determine the total amount of defense costs that have been paid, reimbursed, or advanced under the applicable insurance policies. Although the submission states that no amounts were previously paid to Raines Feldman Littrell LLP, it does not disclose the aggregate amounts paid to or on behalf of all Insured Persons and their counsel under the policies.  As you know, the Order provides that the Insurers may not pay, reimburse, or advance defense costs in an aggregate amount  exceeding $600,000 without a further order of the Bankruptcy Court. Based on the information supplied, Empery cannot determine how much of the $600,000 cap has already been used, whether the proposed payment would cause the cap to be exceeded, or what amount, if any, remains available.

Accordingly, Empery objects to payment of the defense costs identified in the July 13 submission and reserves all rights, claims, defenses, and objections under the Order, the applicable insurance policies, and applicable law. Empery will maintain its objection unless and until it receives the required monthly statements and sufficient information regarding all prior payments, reimbursements, and advancements under the policies to evaluate compliance with the $600,000 aggregate cap.

Sincerely,

GARMAN TURNER GORDON

/s/ *Teresa Pilatowicz*

TERESA M. PILATOWICZ, Esq.

cc:    Todd Ringstad, Esq.
       Nathan Smith, Liquidating Trustee
       Samuel Schwartz, Esq.
       John Fiero, Esq.
       Jason Rosell, Esq.
       Matthew Zirzow, Esq.
       Mark Ferrario, Esq.
       Starstone Specialty Insurance Company
       XL Specialty Insurance Company